IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00041-DCLC-CRW |
| ) | |
| U.S. DEPARTMENT OF AGRICULTURE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**RULE 26(f) DISCOVERY PLAN**

The parties, by and through counsel, conducted their discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure on May 21, 2020 by telephone and discussed the topics required by Rule 26(f)(2). Michael Rosman, Michelle Scott, and Dale Conder, counsel for plaintiff, and Andrew Braniff, Juliet E. Gray, and Taryn Wilgus Null, counsel for defendants, attended the conference. Pursuant to Rule 26(f)(3), the parties hereby submit the following Discovery Plan:

1. **What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures will be made.** Defendants' response to the Complaint is not due until July 11, 2020. The Court has not yet issued a scheduling order or held an initial scheduling conference with the parties. Nevertheless, plaintiff believes that initial disclosures should be made as soon as possible, and it has already served defendants with discovery requests. Defendants' position is that proceeding with discovery before defendants have even responded to the

1

Case 2:20-cv-00041-DCLC-CRW    Document 17    Filed 06/04/20    Page 1 of 10
PageID #: 47

Complaint is premature. While Rule 26(a) provides that, in general, parties should make their initial disclosures within 14 days of the Rule 26(f) conference, the Rule also explicitly provides that parties should discuss the timing of the initial disclosures and present their positions on any changes to such timing to the Court. Additionally, while defendants are still investigating the allegations in the complaint and considering their potential defenses, defendants anticipate filing a motion to dismiss that could result in dismissal of the entire Complaint. Defendants anticipate arguing, based on well-established Sixth Circuit precedent, that the Court lacks jurisdiction to hear plaintiff's claims and that the Complaint fails to state a claim upon which relief can be granted. Because resolution of defendants' anticipated motion to dismiss could eliminate the entire case, or, at minimum, determine the proper scope of discovery, defendants' position is that Rule 26(a)(1) disclosures should be made within 14 days of a ruling on any such motion to dismiss. If necessary, defendants anticipate filing a motion to stay discovery pending a ruling on its anticipated motion to dismiss. A motion to stay discovery in these circumstances would be well supported, as courts in this district routinely grant motions to stay discovery when a motion to dismiss could eliminate the entire complaint and further discovery would not alter the determination on the motion to dismiss. *See, e.g., Styles v. Dep't of Veterans Affairs*, No. 2:26-CV-00001-JRG, 2017 WL 3000669, at *1 (E.D. Tenn. Mar. 6, 2017) (granting motion to stay discovery pending motion to dismiss based on lack of subject matter jurisdiction and noting that "[s]tays are favored where a case can be resolved based on legal determinations that could not be altered by

any further discovery") (citation and internal quotations omitted). Moreover, while plaintiff contends that defendants agreed that the Federal Rules of Civil Procedure would govern the relevant deadlines in this matter, defendant agreed that the Federal Rules would govern relevant deadlines "subject to any orders issued by the Court." Defendants did not agree they would never seek such an order for an extension or stay of relevant deadlines during this litigation. Because determination of a motion to stay discovery pending a ruling on a motion to dismiss is informed by the precise bases for the motion to dismiss, defendants intend to file their motion to stay discovery after responding to the Complaint. In the meantime, because plaintiff has already served discovery, defendants intend to file a motion for protective order to stay initial disclosures and responses to plaintiff's discovery requests until at least 30 days after defendants' deadline to respond to the Complaint.

Plaintiff objects to waiting until after a ruling on a potential motion to dismiss to serve Rule 26(a)(1) disclosures and believes such disclosures should be made as soon as possible. This case commenced on March 4, 2020 with the filing of the complaint, and defendants were served shortly thereafter. Plaintiff's agreement to granting defendants' request for additional time to respond to the complaint was conditioned on defendants' agreement that other relevant deadlines would be governed by the Federal Rules of Civil Procedure, and defendants so agreed. In relevant part, Rule 26(a)(1)(C) provides that initial disclosures should be made within 14 days after the parties' Rule 26(f) conference – which, here, would be June 4, 2020 – "unless a party objects during the

3

conference that initial disclosures are not appropriate in this action and states the objection in the discovery plan." Moreover, the rules plainly contemplate that initial disclosures be made in the usual course *before* a scheduling conference or order. Fed. R. Civ. P. 26(f)(1) (parties' conference should be held at least 21 days before a scheduling conference or scheduling order); Fed. R. Civ. P. 26(a)(1) (initial disclosures should be made within 14 days of the parties' Rule 26(f) conference). For several reasons, defendants' objection to initial disclosures should be rejected.

First, it is hardly clear that defendants have met the requirements of the rule, which discards the default date upon an objection that initial disclosures are not appropriate "in this action." Defendants do not claim that initial disclosures are not appropriate at all, but simply should not take place at this time because of a possible motion to dismiss that they may or may not make.

Second, even if defendants' objection were within the scope of the rule, it should nonetheless be rejected. While determinations of how to proceed with discovery are left to the discretion of the district court, as a general rule, the Federal Rules do not contemplate a stay of an action simply because a motion to dismiss has been filed. *Mitchell v. Ohio State University*, 2020 U.S. Dist. LEXIS 19090, *4-5 (S.D. Ohio Feb. 3, 2020). Here, defendants have not even committed to making such a motion and make no claim that the allegations of the complaint are so frivolous that a stay is warranted. *Id*.at *5 (stating that routinely granting stays based on a pending motion to dismiss is "'a notion . . . directly at odds with the need for expeditious resolution of litigation.'") (quoting *Williams v. New Day*

4

*Farms, LLC*, 2010 U.S. Dist. LEXIS 98934 (S.D. Ohio Sept. 7, 2010) (additional internal quotation omitted). *See also Tri-Cities Holdings, LLC v. Tennessee Health Services and Development Agency*, 2013 U.S. Dist. LEXIS 199695, *9 (E.D. Tenn. Dec. 10, 2013) (noting the court's general practice of denying such motions to stay pending the outcomes of motions to dismiss). The potential motion may not be made at all, and, if it is, may not address the entirety of the complaint.

Third, as noted in the complaint, Plaintiff has been unable to compete for contracts as Defendants have continued to use the Section 8(a) program to set aside contracts for work that Plaintiff has been doing successfully for years, making Plaintiff ineligible even to bid for such contracts. The Complaint alleges that they will continue to do so in the future, and Defendants have made no representation to the contrary. Accordingly, Plaintiff is suffering an ongoing harm. This, too, militates strongly against the leisurely pace for disclosures defendants propose.

2. **The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.** Plaintiff intends to seek discovery on the matters alleged in the complaint, including any decisions by the defendants to use the 8(a) program to contract for work for the United States Department of Agriculture's ("USDA") Natural Resources Conservation Service; any presumption under the 8(a) program that certain groups are disadvantaged and the justifications for those presumptions; other qualifications

5

for participation in the 8(a) program; and the consequences to Plaintiff of having lost contracts because of the Section 8(a) program. Defendants intend to seek discovery on any issues raised by the pleadings and defendants' affirmative defenses, including but not limited to, plaintiff's past and current contracts with the federal government, including the series of contracts referenced in the Complaint; the nature and activities of plaintiff Ultima Services Corporation ("Ultima") and its affiliate Lusa Associates, Inc. ("Lusa"); and financial information related to Ultima, Lusa, and their owner, Celeste Bennett. The parties agree that discovery can be completed in 12 months, with 8 months designated for fact discovery and 4 months for expert discovery.

Defendants' position is that discovery should begin 14 days after a ruling on defendants' anticipated motion to dismiss for the reasons discussed above. Defendants are considering filing a motion to stay discovery, if necessary. In the meantime, defendants intend to seek a protective order to stay their responses to plaintiff's discovery requests until at least 30 days after defendants' deadline to respond to the Complaint.

Plaintiff believes that any motion for a stay (if one is made) should be denied for the reasons identified above.

3. **Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced.** The parties understand and acknowledge their obligations to preserve electronically stored information ("ESI") and have undertaken steps necessary to preserve discoverable information and documents.

Upon appropriate discovery requests and where a stay of discovery or invocation of privilege or other protection does not otherwise limit or prohibit production, the parties will produce ESI in the form in which it is ordinarily maintained, in a reasonably usable form, or in another form agreed upon by the parties.

4. **Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502.** Issues regarding claims of privilege or of protection of trial-preparation materials shall be governed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence. The parties agree to exempt from inclusion in privilege logs the following communications and documents created after the filing of the Complaint that are indisputably privileged or protected by the work product doctrine: communications among DOJ attorneys, communications between DOJ attorneys and attorneys at USDA and SBA, work product of DOJ attorneys, communications between counsel for the plaintiff, communications between plaintiff and its counsel in this matter, and work product of plaintiff's counsel in this matter.

5. **What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.** At this time, the parties do not request any changes to the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules.

7

Case 2:20-cv-00041-DCLC-CRW Document 17 Filed 06/04/20 Page 7 of 10 PageID #: 53

6. **Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).** At the present time, there are no other orders that the Court should issue under Rule 26(c), Rule 16(b), and/or Rule 16(c) of the Federal Rules of Civil Procedure. However, the parties will request entry of a protective order prior to the production of any information or material that may be subject to the Privacy Act or that might be confidential, proprietary, sensitive, or would otherwise warrant protection under Rule 26(c).

Dated: June 4, 2020

Respectfully submitted,

DELORA L. KENNEBREW
Chief
Employment Litigation Section
Civil Rights Division
United States Department of Justice

ANDREW BRANIFF (IN Bar No. 23430-71)
Special Litigation Counsel

By: */s/ Juliet E. Gray*
Juliet E. Gray (D.C. Bar No. 985608)
Taryn Wilgus Null (D.C. Bar No. 985724)
Senior Trial Attorneys
Employment Litigation Section
Civil Rights Division
United States Department of Justice
150 M Street, N.E.
Washington, D.C. 20002
(202) 598-1600
Juliet.Gray@usdoj.gov
Taryn.Null@usdoj.gov

By: */s/ Michael E. Rosman*
Michael E. Rosman
Michelle Scott

8

Center for Individual Rights
1100 Connecticut Ave., Suite 625
Washington, D.C. 20036
(202) 833-8400
rosman@cir-usa.org
scott@cir-usa.org

M. Dale Conder, Jr.
RAINEY KIZER REVIERE & BELL, PLC
209 E. Main St.
Jackson, TN 38301
(731) 426-8130
dconder@raineykizer.com

9

## **CERTIFICATE OF SERVICE**

   I hereby certify that on June 4, 2020, I electronically filed the above document with the Clerk of Court using the ECF System, which will send notification of such filing to all counsel of record.

               */s/ Juliet E. Gray*
               Juliet E. Gray
               Senior Trial Attorney