IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW ) |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) ) ) ) |
| Defendants. | ) ) |

## DEFENDANTS' MOTION TO STAY DISCOVERY

Defendants United States Department of Agriculture ("USDA"), United States Small Business Administration, Secretary of Agriculture, and Administrator of the Small Business Administration move the Court to issue an order staying all discovery deadlines and initial disclosures until after the Court has ruled on defendants' Motion to Dismiss, filed concurrently herewith. Defendants have moved to dismiss the entire Complaint for lack of subject-matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and for failure to state a claim pursuant to Rule 12(b)(6). It would be burdensome, wasteful, and inefficient to require the defendants to respond to discovery before the Court has ruled on the Motion to Dismiss, given that the entire case may be dismissed.

## FACTUAL BACKGROUND

On May 21, 2020, the parties, by and through counsel, conducted their discovery conference pursuant to Rule 26(f) of the Federal Rules of Civil Procedure by telephone and discussed the topics required by Rule 26(f)(2). On that call, counsel for defendants informed counsel for plaintiff that they may file a motion to dismiss that could result in

dismissal of the entire Complaint, and in that case would take the position that all discovery should be stayed until after a ruling on the motion to dismiss. Counsel for plaintiff expressed that they would object to this and informed counsel for defendants that they planned to serve discovery requests on defendants in the near future. On May 28, 2020, plaintiff served Interrogatories, Requests for Production, and Requests for Admission on defendants, the responses to which were originally due on June 29, 2020. On June 4, 2020, the parties filed their Rule 26(f) Discovery Plan, which set forth the parties' dispute concerning the timing of discovery.

After the Rule 26(f) Discovery Plan was filed, the Court set a telephone conference on June 17, 2020 to resolve the parties' discovery dispute. Doc. 18. At that telephone conference, the Court granted defendants' request for an extension of time to respond to the pending discovery requests and to make initial disclosures, noting that it would set a deadline after considering defendants' motion to dismiss. Doc. 19. The Court asked defendants to file the instant motion to stay discovery on the same day defendants filed their motion to dismiss.

## ARGUMENT

Allowing discovery to move forward at this point, when the Court's decision on the Motion to Dismiss may result in the dismissal of the entire case, would be unnecessary and burdensome to defendants and potentially the Court; delaying discovery until the Court decides the Motion to Dismiss would prejudice no one. "A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-CV-138, 2012 WL 3263941, at *1 (E.D. Tenn. Aug. 9, 2012) (*citing Chrysler Corp. v. Fedders Corp.*, 643

2

F.2d 1229 (6th Cir. 1981)). "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In fact, this Court has held that "[s]tays are favored where a case can be resolved 'based on legal determinations that could not be altered by any further discovery.'" *Styles v. Dep't of Veterans Affairs*, No. 2:26-CV-00001-JRG, 2017 WL 3000669, at *1 (E.D. Tenn. Mar. 6, 2017) (citations omitted). In such circumstances, courts in this district routinely grant motions to stay discovery. *See, e.g., id.* (granting motion to stay discovery pending motion to dismiss based on lack of subject-matter jurisdiction); *Sentell v. Tenn.*, No. 3:12-CV-593, 2013 WL 3297124 (E.D. Tenn. June 28, 2013) (granting motion to stay discovery pending ruling on motion to dismiss entire complaint for failure to state a claim upon which relief can be granted); *Hoops Enter., LLC v. Software & Info. Indus. Assoc.*, No. 1:11-cv-318, 2012 WL 12884468, at *3 (E.D. Tenn. Sept. 27, 2012) (granting motion to stay pending resolution of motion to dismiss for failure to state a claim and lack of personal jurisdiction); *Bolletino*, 2012 WL 3263941, at *2 (granting motion to stay pending determination of motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim).

Delaying discovery in such cases preserves judicial economy by ensuring that the parties do not expend time and resources on discovery for claims that may be dismissed and that the Court is not burdened with resolving unnecessary discovery disputes. As the court noted in *Lewis v. Loftin*, No. 16-2726, 2017 WL 5505337, at *2 (W.D. Tenn. Mar. 1, 2017), "it makes no sense for this court to adjudicate discovery disputes like the

3

issues raised in the instant motion for protective order without first determining if this court has the power to bind the parties."

The same rationale applies in this case. Defendants have moved to dismiss the case on several grounds, including that the entire Complaint should be dismissed because plaintiff does not have standing and the Court therefore lacks subject-matter jurisdiction. Defendants' motion is supported by substantial Sixth Circuit precedent, as well as cases in which other circuits have found a plaintiff lacks standing to challenge the race-conscious presumption in the 8(a) program for the same reasons that defendants argue plaintiff lacks standing here. As noted in the Motion to Dismiss, defendants are making a facial attack on the allegations in the complaint and therefore, there is no need for discovery to resolve the issues raised in defendants' Motion to Dismiss. There is no benefit to moving forward with discovery at this point, and plaintiff has not identified any reason to move forward with discovery other than wanting to avoid delay.

In ruling on a motion for stay, the Court weighs "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bolletino*, 2012 WL 3263941, at *1 (citations omitted). There is no need to expedite discovery in this case and, given the burden on defendants of requiring them to respond to discovery before the Court rules on the Motion to Dismiss, the respective hardships weigh in defendants' favor.

Considering the constitutional issues involved in this matter, discovery in this case likely will be costly and time-consuming. Plaintiff's initial discovery requests involve twenty-one Requests for Production, eleven Interrogatories, and seven Requests

4

for Admission, and it is reasonable to expect plaintiff to serve additional requests. The Requests for Production are especially wide-ranging and seek voluminous materials, for example requesting that defendants produce "[a]ny documents concerning a decision to award a contract for administrative or technical support services for NRCS programs or activities to a participant in the Section 8(a) Program and any resulting contracts" and "[a]ny documents used to support or justify any presumption defendants make that members of particular groups are socially disadvantaged for purposes of the Section 8(a) Program." Responding to these discovery requests will be a tremendous burden for defendants.

On the other hand, there is no prejudice to plaintiff if there is a delay in starting discovery. In the parties' Rule 26(f) Discovery Plan, plaintiff claims that it is suffering an "ongoing harm" due to the very existence of the 8(a) program and its inability to compete for the contracts set aside for that program. Doc. 17 at 5. Plaintiff cannot, however, identify any contracts for which the USDA has actually issued a bid solicitation, so there is no imminent danger of plaintiff losing the opportunity to bid on a contract. If there was, the remedy would be a temporary restraining order or preliminary injunction rather than expedited discovery. Plaintiff alleges that the USDA stopped exercising options on its contracts as early as the beginning of 2018. *See* Compl. ¶ 10. Accepting this allegation as true, plaintiff waited more than two years to bring its Complaint. It cannot now claim it would be prejudiced by waiting a few additional months for the Court to determine whether it even has jurisdiction to hear plaintiff's claims. Finally, the Sixth Circuit has held that "[p]laintiffs cannot prove substantial prejudice if the further discovery they seek would not aid them in proving

5

their claim." *Cochran v. United Parcel Serv., Inc.*, 137 F. App'x 768, 773 (6th Cir. 2005). Defendants' Motion to Dismiss challenges the sufficiency of the Complaint on its face; therefore, plaintiff cannot claim it needs discovery to withstand the Motion to Dismiss. Accordingly, plaintiff cannot show it would be prejudiced by delaying discovery until a ruling on the pending Motion to Dismiss.

## CONCLUSION

For these reasons, defendants respectfully request that the Court grant their motion to stay discovery until after it rules on their pending Motion to Dismiss.

Dated: July 10, 2020

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | DELORA L. KENNEBREW<br>Chief<br>Employment Litigation Section<br>Civil Rights Division |
| OF COUNSEL: | United States Department of Justice |
| Karen Hunter<br>Senior Trial Attorney | ANDREW BRANIFF (IN Bar No. 23430-71)<br>Special Litigation Counsel |
| David A. Fishman<br>Assistant General Counsel for Litigation | By: /s/ *Juliet E. Gray*<br>Juliet E. Gray (D.C. Bar No. 985608) |
| Eric S. Benderson<br>Associate General Counsel for Litigation<br>U.S. Small Business Administration | Taryn Wilgus Null (D.C. Bar No. 985724)<br>Senior Trial Attorneys<br>Employment Litigation Section<br>Civil Rights Division |
| Amar Shakti Nair<br>Attorney Advisor | United States Department of Justice<br>150 M Street, N.E.<br>Washington, D.C. 20002 |
| Ashley Craig<br>Attorney Advisor<br>U.S. Department Of Agriculture | (202) 598-1600<br>Juliet.Gray@usdoj.gov<br>Taryn.Null@usdoj.gov |

**CERTIFICATION OF SERVICE**

I hereby certify that on July 10, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                                       /s/ *Juliet E. Gray*
                                                       Juliet E. Gray (D.C. Bar No. 985608)
                                                       Senior Trial Attorney
                                                       Employment Litigation Section
                                                       Civil Rights Division
                                                       United States Department of Justice
                                                       150 M Street, N.E.
                                                       Washington, D.C. 20002
                                                       (202) 598-1600
                                                       Juliet.Gray@usdoj.gov