IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW |
| | ) |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) |
| | ) |
| Defendants. | ) |

**REPLY IN SUPPORT OF**
**DEFENDANTS' MOTION TO STAY DISCOVERY**

Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Stay All Discovery Deadlines and Initial Disclosures ("Plaintiff's Response") fails to establish that discovery should proceed pending the Court's ruling on the Motion to Dismiss. Plaintiff's Response 1, Doc. No. 23. Plaintiff does not dispute that a ruling in defendants' favor on the Motion to Dismiss could resolve the case without discovery, and cannot establish that the burden of a stay on discovery for plaintiffs outweighs the burden on defendants of responding to the discovery requests. Finally, plaintiff's assertion that defendants failed to certify that they attempted to confer with plaintiff prior to filing this motion is misplaced because this Court has ordered briefing on the timing of discovery.

**I.    The Balance of the Equities in this Case Demonstrates Good Cause for a Stay.**

A stay of discovery pending the outcome of a motion to dismiss is appropriate where, as here, the case can be resolved based on legal determinations that will not be altered by discovery, the burden on the moving party of responding to discovery outweighs any burden to the other party of staying discovery, and a stay would promote

judicial economy. *See, e.g., Tri-Cities Holdings, LLC v. Tenn. Health Servs. & Dev. Agency*, No. 2:13-CV-305, 2013 U.S. Dist. LEXIS 199695, at *9 (E.D. Tenn. Dec. 10, 2013); *Sentell v. Tenn.*, No. 3:12-CV-593, 2013 WL 3297124 (E.D. Tenn. June 28, 2013); *Hoops Enter., LLC v. Software & Info. Indus. Assoc.*, No. 1:11-cv-318, 2012 WL 12884468, at *3 (E.D. Tenn. Sept. 27, 2012); *Mitchell v. Ohio State Univ.*, No. 2:19-cv-4162, 2020 U.S. Dist. LEXIS 19090, at *5 (S.D. Ohio Feb. 3, 2020).

Plaintiff admits that defendants' Motion to Dismiss is a facial challenge to the complaint. Plaintiff's Response 4, Doc. No. 23. Consequently, if this court rules in defendants' favor, the case will not proceed. Even without a ruling in defendants' favor, there is still good cause to stay discovery pending a ruling on the Motion to Dismiss based on the balance of equities; Plaintiff's Response fails to adequately address these issues. *See Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-CV-138, 2012 WL 3263941, at *1 (E.D. Tenn. Aug. 9, 2012). Instead, plaintiff rests its argument on the maxim that "[a] pending motion to dismiss is not usually sufficient to show good cause." *See* Doc. No. 23 at 4. Defendants agree with plaintiff that the mere existence of a pending motion to dismiss alone is not sufficient to establish that discovery should be stayed. Defendants also agree with plaintiff that in cases where the complaint will be dismissed, stays are proper. *See, e.g., Styles v. Dep't of Veterans Affairs*, No. 2:26-CV-00001-JRG, 2017 U.S. Dist. LEXIS 164157, at *2 (E.D. Tenn. March 6, 2017) ("Stays of discovery may also be appropriate if it appears that the complaint will almost certainly be dismissed."). Plaintiff cites to the *Styles* case, and others, to support its allegation that "a pending motion to dismiss might weigh in favor of a motion for a stay when it appears all but certain that the case will not continue." Plaintiff's Response 4, Doc. No.

2

23 (citing *Styles,* 2017 U.S. Dist. LEXIS 164157, at \*2). Of course, the Court in *Styles* did not rule that stays of discovery are appropriate *only if* it appears that the complaint will almost certainly be dismissed; the cited language is clear that this is one of numerous situations in which a stay of discovery is warranted.

Here, in addition to the Motion to Dismiss, the burdens placed on the public entity defendants are consequential. Plaintiff's Requests for Production seek voluminous materials involving entire categories of government contracts and contracting programs, including requests that defendants produce "[a]ny documents concerning a decision to award a contract for administrative or technical support services for NRCS programs or activities to a participant in the Section 8(a) Program and any resulting contracts" and "[a]ny documents used to support or justify any presumption defendants make that members of particular groups are socially disadvantaged for purposes of the Section 8(a) Program."

Moreover, plaintiff has failed to address how a delay will substantially prejudice its claims. It has not identified contracts that are currently being denied to its client due to the 8(a) program nor how immediate access to this discovery will aid the court in determining its claims. *See Cochran v. United Parcel Serv., Inc.*, 137 F. App'x 768, 773 (6th Cir. 2005) ("[p]laintiffs cannot prove substantial prejudice if the further discovery they seek would not aid them in proving their claim.").

In addition, while Plaintiff's Response includes a section entitled "Defendants Ignore the Burden on Ultima And the Public Interest," it fails to articulate any burden on Ultima of staying discovery, other than its generalized assertion of ongoing harm due to its merits claim, and the averment that delay exacerbates that harm. Plaintiff's

3

Response 9, Doc. No. 23. As discussed in the opening motion, plaintiff does not allege irreparable harm, and its assertion of ongoing harm is not a reason to move forward with discovery now at the expense of judicial resources and the burdens on the public entity defendants. If the prospect that discovery *might* be postponed (as opposed to obviated or limited (*i.e.*, if the Motion to Dismiss is granted in whole or in part)) were justification to deny a motion to stay discovery, such motions would never be granted. As can be seen from the cases cited in Plaintiff's Response, these motions are granted with some frequency.[1] Plaintiff represents that it delayed the initiation of the lawsuit itself, purportedly because "it not an easy decision for a small business to sue the agency that provides it with nearly all of its work." *Id.* This helps demonstrate why a relatively brief delay in discovery—which itself may eliminate the need for discovery—while the Court determines if this suit should be dismissed, is not unwarranted.  Plaintiff finally argues that "the public interest favors disclosing how defendants use the Section 8(a) Program," *id.*, but it presents no argument that the public interest favors moving forward with discovery now.

**II.    The Motion to Dismiss Has A High Likelihood to Impact Discovery In The Case.**

Even if this Court weighs the likelihood of the success on the merits of defendants' Motion to Dismiss in ruling on this motion to stay, plaintiff errs in its

---

[1] *See Tri-Cities Holdings, LLC*, 2013 U.S. Dist. LEXIS 199695, at *10 (granting a motion to stay discovery pending the ruling on the motion to stay the entire case); *Mitchell*, 2020 U.S. Dist. LEXIS 19090, at *8-10 (staying discovery until the court ruled on the motion to dismiss pertaining only to the plaintiff's claims against the individual defendants in either their personal or official capacities).

4

assertion that defendants' motion is unlikely to succeed. Defendants will not take up a full rebuttal to the merits of the Motion to Dismiss in this discovery brief; however, several arguments raised by the plaintiff bear inspection. Contrary to plaintiff's contention, defendants have a high likelihood of success on their Motion to Dismiss. First, no circuit court of appeals has ever ruled that a 42 U.S.C. § 1981 claim can proceed against the federal government. *See, e.g., Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) ("[T]here is no basis for a § 1981 claim against individuals acting under color of federal law.").

Second, plaintiff has not successfully demonstrated why its allegations that the USDA has "refused to exercise options, add funding, and/or extend contracts on which Ultima was providing administrative and/or technical support services for the NRCS," are not better suited for the Court of Federal Claims. Compl. 3 ¶ 10, 10 ¶ B, Doc. No. 1. This Court lacks jurisdiction to hear those claims because they are covered by the Contract Disputes Act, 41 U.S.C. § 7102, *et seq.*, and thus inappropriate for discovery in this matter. Dismissing these claims will refocus plaintiff's discovery requests and this Court's ability to determine what type of discovery may lead to relevant information. Currently there are certain discovery requests that may cease to be relevant depending on the Court's ruling. For example, Interrogatory No. 1 asks defendants to "[i]dentify any contracts for administrative or technical support for an NRCS program or activity awarded to a participant in the Section 8(a) Program." This is clearly seeking USDA contracts and may not pertain to any existing claim if the contract claims are dismissed. Similarly, Interrogatory No. 6 is directed to USDA defendants only and asks them to "[d]escribe any standard procedure USDA has had since January 1, 2010 for awarding

5

contracts for administrative or technical support services for NRCS programs or activities." Consequently, the discovery should be stayed until a ruling on the Motion to Dismiss, which may potentially resolve the entire complaint, but also may well streamline the areas of dispute.

Third, with regard to plaintiff's equal protection claim, plaintiff does not (because it cannot) dispute the Sixth Circuit precedent that governs and is fatal to its standing here. *See* Defendants' Memorandum of Law in Support of its Motion to Dismiss 9, 14-15, Doc. No. 21. Defendants' reply in support of its Motion to Dismiss, due under the briefing schedule on July 31, 2020, will explain why plaintiffs' arguments to ignore or distinguish this binding precedent and persuasive precedent from other circuits is misplaced. Thus, to the extent to which this Court chooses to weigh the merits of the Motion to Dismiss in ruling on the motion to stay, plaintiff has offered no meaningful reason as to why these cases should be summarily ignored.

### III. Defendants Conferred with Plaintiff Before Filing Their Motion to Stay Discovery.

Plaintiff next argues that Defendants' Motion to Stay Discovery is deficient on the ground that defendants did not certify that they conferred or attempted to confer with plaintiff in an effort to resolve the dispute about staying discovery. Plaintiff's Response 3, Doc. No. 24. Respectfully, Defendants' Motion to Stay Discovery was filed pursuant to this Court's Minute Order on June 17, 2020, Doc. No. 17. In that Minute Order the Court stated that "Defendants requested an extension of time to respond to the pending discovery requests and in which to make initial disclosures under Rule 26(a). The Court granted such request and will set a deadline after consideration of Defendants' motion."

6

Case 2:20-cv-00041-DCLC-CRW Document 24 Filed 07/24/20 Page 6 of 9 PageID #: 112

Minute Order June 17, 2020, Doc. No. 19. During the conference, as noted by the Court, each party summarized their positions related to discovery, which had followed a Rule 26(f) conference and several subsequent email exchanges between the parties, and determined that it would not make a decision regarding discovery until after considering the parties' motions on dismissal and discovery. *Id.*

Accordingly, the parties had an in-depth discussion with each other and the Court about this dispute during the June 17, 2020 conference. The outcome of this discussion was that the Court granted defendants' request for an extension for time to respond to pending discovery requests and make initial disclosures, asked defendants to file a motion to stay discovery at the same time as a motion to dismiss, and ruled that it would set a deadline for defendants to respond to discovery after considering defendants' Motion to Stay. *See id.* Defendants did not understand this order to contemplate a meet and confer on the substance of the pending discovery, which may prove unnecessary, in whole or part, depending on the Court's resolution of the Motion to Dismiss. Defendants understood the Court's order for a Motion to Stay to obviate the need for a certification of conference; Rule 26(c) requirements have been satisfied. *Cf. Almanza v. Baird Tree Serv. Co.,* No. 3:10-CV-311, 2012 U.S. Dist. LEXIS 129949, at *4-5 (E.D. Tenn. Sept. 12, 2012) (holding that a certification of conference was unnecessary following a magistrate judge's order permitting a stay of discovery which did not include a certificate). If the Court intended the parties to substantively meet and confer on the individual discovery requests, which include twenty-one Requests for Production, eleven Interrogatories, and seven Requests for Admission to the Small Business

7

Administration and the United States Department of Agriculture, then defendants respectfully request the opportunity to do so without prejudice to its motion.

## CONCLUSION

For the foregoing reasons, and those stated in its Motion to Stay Discovery, Defendants respectfully request that its Motion to Stay Discovery be granted.

Dated: July 24, 2020

        Respectfully submitted,

        DELORA L. KENNEBREW
        Chief
        Employment Litigation Section
        Civil Rights Division
        United States Department of Justice

        ANDREW BRANIFF (IN Bar No. 23430-71)
        Special Litigation Counsel

        By: */s/ Taryn Wilgus Null*
        Juliet E. Gray (D.C. Bar No. 985608)
        Taryn Wilgus Null (D.C. Bar No. 985724)
        Senior Trial Attorneys
        Employment Litigation Section
        Civil Rights Division
        United States Department of Justice
        150 M Street, N.E.
        Washington, D.C. 20002
        (202) 598-1600
        Juliet.Gray@usdoj.gov
        Taryn.Null@usdoj.gov

**CERTIFICATION OF SERVICE**

I hereby certify that on July 24, 2020, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all counsel of record.

                                        */s/ Taryn Wilgus Null*
                                        Taryn Wilgus Null (D.C. Bar No. 985724)
                                        Senior Trial Attorney
                                        Employment Litigation Section
                                        Civil Rights Division
                                        United States Department of Justice
                                        150 M Street, N.E.
                                        Washington, D.C. 20002
                                        (202) 616-3874
                                        Taryn.Null@usdoj.gov