# EXHIBIT 1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
JAN 3 1 2014
Clerk, U S  District & Bankruptcy
Courts for the District of Columbia

DYNALANTIC CORP.,

    Plaintiff,

v.

UNITED STATES DEPARTMENT OF
   DEFENSE, *et al.*,

    Defendants.

Civil Action No. 95-2301-EGS

## STIPULATION AND AGREEMENT OF SETTLEMENT

WHEREAS, by Order entered on August 15, 2012, the Court denied in part and granted in part the parties' respective motions for summary judgment, and ordered "that the Small Business Administration and the Department of Defense are hereby enjoined from awarding procurements for military simulators under the Section 8(a) program without first articulating a strong basis in evidence for doing so" [ECF Document 247]; and

WHEREAS, Plaintiff's appeal from the Court's August 15, 2012 Order is currently pending before the United States Court of Appeals for the District of Columbia Circuit in Case No. 12-5330; and

WHEREAS, the parties have agreed to settle this case on the terms and conditions set forth herein.

1

NOW, THEREFORE, Plaintiff and Defendants stipulate and agree as follows:

1. Subject to the Court's approval, the injunction entered by the Court in its August 15, 2012 Order shall be modified to read as follows: "Defendants shall not award prime contracts under the Section 8(a) program (competitive and sole source) for the purchase of military simulation and military simulation training contracts without first articulating a strong basis in evidence for doing so. 'Military simulation' and 'military simulation training' contracts are contracts for (i) the provision or sale of devices where the primary purpose of the device or devices is instruction for the use, operation and/or maintenance of military equipment of any nature or kind (including, but not limited to, aircraft, ships, tanks, etc.), and (ii) the training in the use, operation or maintenance with all military simulator equipment." The injunction, as so modified, shall not apply to contracts already in effect as of the date this Stipulation and Agreement of Settlement is signed by Plaintiff and Defendants.

2. The provisions contained in this Paragraph are contingent upon the Court's approval of the modifications to its injunction set forth in Paragraph 1 above, and shall become effective only upon the Court's entry of this Stipulation and Agreement as a Court order:

   A. Defendants shall pay Plaintiff the sum of One Million and 00/100 Dollars ($1,000,000.00) in full and final satisfaction of Plaintiff's claims for attorney's fees, costs, and other litigation expenses on account of (i) this action from its inception up to the date this Stipulation and Agreement of

2

      Settlement is signed by Plaintiff and Defendants, (ii) Plaintiff's pending appeal in D.C. Circuit Case No. 12-5330, (iii) Defendants' appeal in D.C. Circuit Case 12-5329, (iv) Plaintiff's appeal in D.C. Circuit Case No. 96-5260, and (v) Plaintiff's petition for writ of mandamus in D.C. Circuit Case No. 12-5220, and Defendants shall have no further liability for any such fees, costs, or expenses. Payment shall be made as promptly as practicable, consistent with the normal processing procedures followed by Defendants, the Department of Justice, and the Department of the Treasury, by electronic transfer of funds as specified in instructions provided to Defendants' counsel by Plaintiff's counsel in writing.

B.   Plaintiff shall promptly dismiss its pending appeal in D.C. Circuit Case No. 12-5330.

C.   Defendants shall refrain from seeking to vacate the injunction entered by the Court in this case for a period of at least two years after the date on which this Stipulation and Agreement of Settlement is signed by Plaintiff and Defendants. At any time after the expiration of that two-year period, Defendants may give notice to the Court and to Plaintiff of Defendants' intent to begin re-using the Section 8(a) program for military simulation and military simulation training contracts. Such notice (i) shall be in writing, (ii) shall be given at least thirty days prior to the date on which Defendants propose to begin such contracting activities, and (iii) shall be

3

filed and served through the Court's electronic case filing system or as otherwise permitted by the Federal Rules of Civil Procedure and the local civil rules. The injunction shall remain in effect until further action is taken by the Court modifying or dissolving it.

3. Except as expressly set forth herein, Plaintiff reserves all of its rights (i) with respect to the injunction entered by the Court in this case, and (ii) to oppose any request to vacate the injunction.

4. If Plaintiff at any time believes that any contracting action or proposed contracting action by Defendants has violated or would violate the Court's injunction, Plaintiff shall notify Defendants of the alleged violation and Defendants shall then have ten days to cure the violation or otherwise respond to the claim. The parties shall make a good faith effort to resolve any dispute arising from or regarding the injunction's scope or applicability before bringing the dispute to the Court's attention.

5. The Court shall retain jurisdiction over this case.

6. Each signatory hereto represents and warrants that he is fully authorized to enter into this Stipulation.

IN WITNESS WHEREOF, Plaintiff and Defendants, intending to be legally bound, have executed this Stipulation on this 28th day of January 2014.

/s/ *Michael E. Rosman*
MICHAEL E. ROSMAN
D.C. Bar #454002
Center for Individual Rights
1233 20th St. N.W., Suite 300
Washington, D.C. 20036
(202) 833-8400

*Counsel for Plaintiff*

JOCELYN SAMUELS
Acting Assistant Attorney General
Civil Rights Division
United States Department of Justice

RONALD C. MACHEN Jr.
United States Attorney
District of Columbia

/s/ *Daniel F. Van Horn*
DANIEL F. VAN HORN
D.C. Bar #924092
Chief, Civil Division
United States Attorney's Office
555 Fourth St., N.W. – Room E4226
Washington, D.C. 20530
(202) 252-2506

*Counsel for Defendants*

APPROVED and SO ORDERED on this 30th day of JAN., 2014.

_____
UNITED STATES DISTRICT JUDGE

5