IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ULTIMA SERVICES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00041-DCLC-CRW |
| | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
SUPPLEMENTAL MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS**

Pursuant to this Court's August 19, 2020 Order (Doc. No. 28), defendants submit this response to Plaintiff's Supplemental Memorandum of Law in Opposition to Defendants' Motion to Dismiss. Plaintiff's supplemental brief fails to alter the conclusion that the Complaint should be dismissed in its entirety.

*First*, plaintiff improperly continues its attempts to expand the Complaint beyond an allegation of race discrimination due to the regulatory rebuttable presumption of social disadvantage included in the 8(a) program. Plaintiff points to the conclusory assertion in paragraph 35 of the Complaint that defendants have a racial motive in using the 8(a) program. Pl. Supp. Mem. at 2. But paragraph 35 of the complaint alleges that the racial makeup of the participants in the 8(a) program is specifically "[b]ecause of the presumption of social disadvantage . . . ." See Compl. ¶ 35. Plaintiff also reiterates its assertion that the economic criteria are not narrowly tailored. Plaintiff's complaints about the correct threshold for the economic criteria, which apply to all applicants regardless of race, are immaterial to a decision on jurisdiction in this race

1

discrimination case. *See* Def. Reply at 7. Even if the Complaint could be read as challenging race discrimination in the 8(a) program as a whole, plaintiff still lacks standing for the reasons set forth in defendants' reply. *See* Def. Reply at 9-10. Plaintiff does not address these arguments.

*Second*, plaintiff repeats its assertion that this case is analogous to *Regents of University of California v. Bakke*, 438 U.S. 265 (1978), and *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, 227 (1995), despite significant distinctions between those cases and plaintiff's circumstances in terms of standing. In *Bakke*, Justice Powell noted that the fact that the plaintiff was not disadvantaged was not fatal to his standing because "[d]espite the program's purported emphasis on disadvantage, it was a minority enrollment program with a secondary disadvantage element." *Bakke*, 438 U.S. at 280 n.14 (Opinion of Powell, J.).[1] By contrast, the 8(a) program is not like the one at issue in *Bakke*. Rather, program participants must be both socially *and* economically disadvantaged. *See* Def. Reply at 14-15. There is no rebuttable presumption of economic disadvantage, and all applicants regardless of race must meet the economic disadvantage requirements. Finally, unlike the program at issue in *Bakke*, no one is precluded from the 8(a) program based solely on race. *See id.*

As for *Adarand*, plaintiff claims that defendants argue that *Adarand* is distinguishable "because it involved one of the federal transportation programs." Pl. Supp. Mem. at 2. This is incorrect. Defendants distinguished *Adarand* because, as the Seventh Circuit recognized, in determining the disadvantage the plaintiff faced in

---

[1] Significantly, standing was not even at issue in *Bakke* as the petitioner did not challenge the plaintiff's standing. *Bakke*, 438 U.S. at 280 n.14. Rather, because several *amici* raised the issue of standing, the Court briefly addressed it in a footnote. *Id.*

government contracting, "the race of the plaintiff in . . . *Adarand* was the deciding factor." *See Dunnet Bay Constr. Co v. Borggren*, 799 F.3d 676, 694 (7th Cir. 2015). Plaintiff fails to distinguish between programs where race is the deciding factor and the 8(a) program, where it is not.

Plaintiff asserts that "it cannot be the case" that there is a distinction for standing purposes between a business that competes directly against other businesses at a race-based disadvantage, as in *Adarand*, and businesses, like Ultima, that are precluded from competing at all. Pl. Supp. Mem. at 2-3. Yet Sixth Circuit case law instructs that this is indeed the case where, as here, the inability to compete is based on the plaintiff's failure to satisfy independent, nondiscriminatory requirements. *See* Def. Reply at 2 (citing cases). This stands to reason because businesses like Ultima cannot trace their alleged injury to the allegedly discriminatory racial classification, and their injury would not be redressed by elimination of such racial classification. By contrast, the plaintiff in *Adarand* was not unable to satisfy an independent, nondiscriminatory requirement for competing, like Ultima. To the contrary, Adarand would have been awarded the contract *but for* the allegedly discriminatory policy it challenged because it was the low bidder, and the general contractor stated that it would have accepted Adarand's bid if it were not for the subcontracting clause, which provided it additional payment for selecting a disadvantaged business. *Adarand*, 515 U.S. at 205. Thus, removal of the challenged subcontracting clause would have directly redressed Adarand's injury. Here, even if the rebuttable presumption were removed, plaintiff still would be unable to compete because it would still need to show that it is both socially and economically disadvantaged, and plaintiff has not alleged that it could make such showing.

*Third*, plaintiff acknowledges that the weight of authority holds that 42 U.S.C. §

3

1981 does not reach conduct taken under color of federal law, but continues to assert that the Court should ignore this authority, including controlling Sixth Circuit precedent, because plaintiff believes all of these courts simply got it wrong. Pl. Supp. Mem. at 3. Defendants have fully addressed plaintiff's arguments in this regard and will not repeat them here. *See* Def. Reply at 21-24. As for plaintiff's claim that defendants "never even mention the *expressio unius* rule of statutory interpretation," defendants did address the maxim "*expressio unius est exclusio alterius*," which states that "the mention of one thing implies the exclusion of another." *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 630 (6th Cir. 2010) (citation omitted). Specifically, defendants explained that section 1981(c)'s reference to impairment by private actors or under color of state law, with no mention of federal actors, indicates the statute does not apply to the federal government, and discussed that a reading of the statute as a whole supports this conclusion. *See* Def. Reply at 23.

*Finally*, the Court need not reach the question of whether 15 U.S.C. § 634(b)(1) waives the SBA's sovereign immunity from monetary damages in this matter since plaintiff only seeks monetary damages in connection with its section 1981 claim, which, for reasons previously discussed, should be dismissed pursuant to the overwhelming weight of authority.[2] Even if the Court does reach this issue, plaintiff's arguments are

---

[2] In Plaintiff's Motion to File a Supplemental Brief (Doc. 27), plaintiff asserts that defendants' reply brief addresses 15 U.S.C. § 634(b)(1) for the first time. The reply addresses 15 U.S.C. § 634(b)(1) in direct response to plaintiff raising an argument about this statutory provision in its opposition brief. *See* Def. Reply at 24. This is the exact purpose of a reply brief—to "directly reply to the points and authorities contained in the answering brief." E.D. Tenn. L.R. 7.1(c). Defendants did not assert a new basis for dismissal in the reply, but merely responded to plaintiff's attempt to rebut the argument that the federal government has not waived sovereign immunity from monetary damages in this case—an argument that was included in defendants' opening brief.

4

Case 2:20-cv-00041-DCLC-CRW   Document 30   Filed 08/26/20   Page 4 of 7   PageID #: 199

unavailing. As defendants noted in their reply, section 634(b)(1) "does not constitute a blanket waiver of the SBA's sovereign immunity from monetary damages," citing to three cases in which courts found that section 634(b)(1) does not waive sovereign immunity as to various types of claims, including torts, certain contract claims, and constitutional claims. Def. Reply at 25 (citing *Sutton v. SBA*, 92 Fed. App'x 112, 123 n.15 (6th Cir. 2003) (finding section 634(b)(1) did not permit entertainment of the plaintiff's damages claim, which was cognizable only under the Federal Tort Claims Act ("FTCA"); *Ascot Dinner Theatre, Ltd. v. SBA*, 887 F.2d 1024, 1031-32 (10th Cir. 1989) (determining section 634(b)(1) did not waive sovereign immunity for the plaintiff's FTCA, contract, and First Amendment claims); *DV Diamond Club of Flint, LLC v. SBA*, ----F. Supp. 3d ---, 2020 WL 2315880, at *16 (E.D. Mich. May 11, 2020) (holding that section 634(b)(1) would not provide for monetary damages for the plaintiff's First and Fifth Amendment claims were a preliminary injunction denied)). Plaintiff cites to *Federal Express Corp. v. United States Postal Service*, 151 F.3d 536 (6th Cir. 1998), as "binding" precedent, but *Federal Express* does not involve section 634(b)(1), but rather a sue and be sued provision pertaining to the U.S. Postal Service and a federal tort claim under the Lanham Act. Plaintiff does not, and cannot, cite to a single case holding that section 634(b)(1) waives sovereign immunity from monetary damages for a section 1981 claim. Even if plaintiff's claim did fall within section 634(b)(1)'s limited waiver, that is only the first part of the inquiry. The Court also must determine "whether the source of substantive law upon which the claimant relies provides an avenue for relief." *FDIC v. Meyer*, 510 U.S. 471, 484 (1994). For the reasons set forth in defendants' prior briefs, section 1981 does not create a cause of action against federal defendants and thus, plaintiff has no claim for monetary damages. *Id.* at 484-86.

Dated: August 26, 2020

Respectfully submitted,

DELORA L. KENNEBREW
Chief
Employment Litigation Section
Civil Rights Division
OF COUNSEL:                                     United States Department of Justice

Karen Hunter                                    ANDREW BRANIFF (IN Bar No. 23430-71)
Senior Trial Attorney                           Special Litigation Counsel

David A. Fishman
Assistant General Counsel for Litigation        By: /s/ Juliet E. Gray
                                                Juliet E. Gray (D.C. Bar No. 985608)
Eric S. Benderson                               Taryn Wilgus Null (D.C. Bar No. 985724)
Associate General Counsel for Litigation        Senior Trial Attorneys
U.S. Small Business Administration              Employment Litigation Section
                                                Civil Rights Division
Amar Shakti Nair                                United States Department of Justice
Attorney Advisor                                150 M Street, N.E.
                                                Washington, D.C. 20002
Ashley Craig                                    (202) 598-1600
Attorney Advisor                                Juliet.Gray@usdoj.gov
U.S. Department Of Agriculture                  Taryn.Null@usdoj.gov

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2020, I electronically filed the above document with the Clerk of Court using the ECF System, which will send notification of such filing to all counsel of record.

/s/ Juliet E. Gray
Juliet E. Gray
Senior Trial Attorney