UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | 2:20-CV-00041-DCLC |
| ) | |
| vs. ) | |
| ) | |
| U.S. DEPARTMENT OF AGRICULTURE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Defendants filed a Motion to Stay Discovery [Doc. 22]. Plaintiff responded in opposition [Doc. 23], to which Defendants replied [Doc. 24]. This motion is now ripe for resolution.

Plaintiff filed this suit on March 4, 2020 [Doc. 1]. In accordance with Section 8(a) of the Small Business Act, the U.S. Small Business Administration is authorized "to enter into agreements for goods and services with other government departments and agencies, and to subcontract the performance of those agreements to 'socially and economically disadvantaged small business concerns.'" [Doc. 1, ¶ 12] (quoting 15 U.S.C. § 637(a)(1)(A), (B)). Plaintiff alleges that Defendants discriminate based on race in application of the Section 8(a) Program, in violation of the Fifth Amendment and 42 U.S.C. § 1981. *See* [Doc. 1].

After receiving the parties' Rule 26(f) report, the Court held a telephone conference. On the call, counsel for Defendants indicated that they intended to file a motion challenging the Court's jurisdiction. As Plaintiff had already served multiple discovery requests on Defendants, Defendants request an extension of time to respond to those requests and to make initial disclosures under Rule 26(a). Defendants also indicated that they intended to file a motion to stay all discovery

1

in this case. The Court granted the oral motion to allow Defendants more time to respond to the pending discovery requests and directed Defendants to file a motion to stay discovery with its dispositive motion. *See* [Doc. 19]. Further, the Court declined to set this case for trial at that point.

Defendants subsequently filed a Motion to Dismiss [Doc. 20] and the Motion to Stay Discovery at issue here [Doc. 22]. Defendants move to dismiss all claims "pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction because plaintiff lacks standing to assert its claims." [Doc. 20, pg.1]. Defendants also move to dismiss the case pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim. In the Motion to Stay, Defendants seek a stay of discovery pending the ruling on the Motion to Dismiss. They argue that "[i]t would be burdensome, wasteful, and inefficient to require the defendants to respond to discovery before the Court has ruled on the Motion to Dismiss, given that the entire case may be dismissed." [Doc. 22, pg. 1].

Plaintiff first argues that Defendants fail to comply with Federal Rule of Civil Procedure 26(c). This Rule states that for any motion for a protective order which would forbid discovery, "[t]he motion must include a certification that the movant has in good faith conferred or attempted to confer with the other affected parties in an effort to resolve the dispute without court action." Fed.R.Civ.P. 26(c)(1), 26(c)(1)(A). Defendants' motion did not contain such certification. However, as Defendants point out, the goal of the certification requirement was met through the phone call with the Court. During that call, Defendants objected to *any* discovery until the conclusion of their Motion to Dismiss. This was clearly at odds with Plaintiff's pending discovery requests and request for initial disclosures. On the call, "[c]ounsel for plaintiff expressed that they would object to [a motion to stay] and informed counsel for defendants that they planned to serve discovery requests on defendants in the near future." [Doc. 22, pg. 2]. In response, Defendants

2

filed the motion to stay at issue here. Therefore, their failure to again meet and confer is not dispositive of this motion.

A stay of discovery is within the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). "In ruling upon a motion to stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bolletino v. Cellular Sales of Knoxville, Inc.*, No. 3:12-CV-138, 2012 WL 3263941, at *1 (E.D. Tenn. Aug. 9, 2012). "In determining whether to grant a stay, [courts should] consider[ ] (1) the likelihood that the party seeking the stay will prevail on the merits, (2) the likelihood that the moving party will be irreparably harmed absent a stay, (3) the prospect that others will be harmed if the court grants the stay, and (4) the public interest in granting the stay." *In re Lott*, 139 F. App'x 658, 660 (6th Cir. 2005).

"Stays are favored where a case can be resolved "based on legal determinations that could not be altered by any further discovery," *Lubinski v. Hub Group Trucking, Inc.*, No. 2:14-cv-02841-JPM-dkv, 2015 WL 4603878, at *1 (W.D. Tenn. July 30, 2015) (quoting *Muzquiz v. W.A. Foot Mem'l Hosp., Inc.*, 70 F.3d 422, 430 (6th Cir. 1995)) (internal quotation marks omitted). However, "the burden is on the party seeking the stay to show that there is pressing need for delay, and that neither the other party nor the public will suffer harm from entry of the order." *Ohio Envtl. Council v. U.S. Dist. Court, S. Dist. Of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977).

Defendants argue that their Motion to Dismiss for lack of subject-matter jurisdiction is "supported by substantial Sixth Circuit precedent, as well as cases in which other circuits have found a plaintiff lacks standing to challenge the race-conscious presumption in the 8(a) program for the same reasons that defendants argue plaintiff lacks standing here." [Doc. 22, pg. 4]. Further,

3

they allege that discovery will be costly and time-consuming, as evidenced by Plaintiff's pending discovery requests, which "involve twenty-one Requests for Production, eleven Interrogatories, and seven Requests for Admission" at just this initial state of litigation [Doc. 22, pgs. 4-5]. Defendants aver that there is no prejudice to Plaintiff by delaying discovery, as Plaintiff cannot "identify any contracts for which the USDA has actually issued a bid solicitation…." [Doc. 22, pg. 5].

In response, Plaintiff admits that Defendants' motion to dismiss is a facial challenge to the complaint that does not require any additional discovery. In fact, it timely responded to Defendants' motion. *See* [Doc. 25]. However, in response to the motion to stay, for various reasons, they argue Defendants' motion to dismiss is not likely to be granted [Doc. 23, pgs. 5-9]. As to the argument that Plaintiff is not prejudiced by the delay in discovery, it argues that without discovery, Plaintiffs are not able to identify contracts that are being withheld from open or small business competition because that information is not made public until it is too late. [Doc. 23, pg. 9]. However, Plaintiff admits that while it has been experiencing the harm of being discriminated against as early as the beginning of 2018, *see* [Doc. 1, ¶ 10], it did not bring suit until March 4, 2020, because "it is not an easy decision for a small business to sue the agency that provides it with nearly all of its work." [Doc. 23, pg. 9].

Generally, this Court disfavors issuing stays in cases while a motion to dismiss is pending. However, upon a balance of the burdens placed on both parties, the Court finds that a short stay pending the resolution of the Motion to Dismiss to be appropriate. "It appears that this case may be resolved based on legal determinations that will not be altered by any further discovery." *Styles v. Dept. of Veterans Affairs*, No. 2:16-CV-00001-JRG, 2017 WL 3000669, at *1 (E.D. Tenn. Mar.

4

6, 2017) (citing *Lubinski*, 2015 WL 4603878, at *1). Defendants' Motion to Stay Discovery shall be **GRANTED,** and discovery shall be stayed until the resolution of the Motion to Dismiss.

SO ORDERED:

s/ Clifton L. Corker
United States District Judge