IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| ULTIMA SERVICES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00041-DCLC-CRW |
| | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

## **DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants the United States Department of Agriculture ("USDA"), the Secretary of Agriculture, Tom Vilsack, the United States Small Business Administration ("SBA"), and its Administrator, Isabella Casillas Guzman, (collectively "defendants"), through their undersigned attorneys, hereby answer the Complaint of plaintiff Ultima Services Corporation and assert their affirmative defenses as follows. Defendants deny each and every allegation not expressly admitted below.

1.      Defendants admit that plaintiff purports to assert a claim under the United States Constitution, but deny that the Complaint states such a claim and deny that they have violated the United States Constitution. Defendants deny that 28 U.S.C. § 1343(3) provides this Court with jurisdiction over this action, deny that the remaining cited statutes are sufficient to vest this Court with jurisdiction over this action, deny that the Court has subject-matter jurisdiction over the Complaint, and deny any remaining allegations in paragraph 1 of the Complaint.

2.      Defendants deny that they have taken discriminatory actions against plaintiff in this or any other district. Defendants are without knowledge or information

1

sufficient to form a belief as to the truth of the remaining allegations in paragraph 2 of the Complaint.

3.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4.     Defendants admit that the USDA is a cabinet-level agency of the United States of America and that the Secretary of Agriculture is the head of the USDA. Defendants deny the remaining allegations in paragraph 4 of the Complaint.

5.     Defendants admit that the SBA is a cabinet-level agency of the United States of America and that the Administrator of the SBA is its head. Defendants deny the remaining allegations in paragraph 5 of the Complaint.

6.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7.     Defendants admit that plaintiff has competed for federal contracts reserved for small businesses with the USDA, including contracts to provide administrative and/or technical support to USDA offices that implement Natural Resources Conservation Service ("NRCS") programs, but denies that the SBA reserves these contracts. Defendants admit that plaintiff has contracted to provide services to the NRCS, an agency within the USDA that provides resources to farmers and landowners to aid them with conservation. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 7 of the Complaint.

8.     Defendants admit that plaintiff has won contracts with NRCS, including four Indefinite Delivery Indefinite Quantity ("IDIQ") contracts awarded in 2017 to provide administrative and/or technical support services for NRCS programs covering

2

up to all fifty states and several territories of the United States.  Defendants deny the remaining allegations in paragraph 8 of the Complaint.

9.      Defendants admit that NRCS has the authority to issue IDIQ and individual contracts for state-specific administrative and/or technical support services with a base time period and with the ability to add option time periods not exceeding four option periods nor exceeding the maximum capacity for the total contract, including all option periods.  Defendants deny the remaining allegations in paragraph 9 of the Complaint.

10.     Defendants admit that after in or around March 2018, no additional funds were added to the four existing IDIQ orders referred to in the Complaint, and no additional options were exercised on these contracts.  Defendants also admit that the USDA has placed certain contracts for administrative and/or technical support services into the 8(a) Business Development Program ("8(a) program").  Defendants deny the remaining allegations in paragraph 10 of the Complaint.

11.     Defendants admit that plaintiff purports to use the term "Section 8(a) Program" to refer to the program administered by the SBA pursuant to the cited statutes and regulations, but denies that this is the correct title of the program established in the cited statutes and regulations.

12.     Defendants admit that plaintiff purports to paraphrase and quote from 15 U.S.C. § 637(a)(1)(A), (B) and 13 C.F.R. § 124.501(b).  Defendants deny that the excerpts plead in paragraph 12 of the Complaint are a complete and accurate statement of the statutory and regulatory provisions pertaining to the 8(a) program and further deny that these provisions violate the United States Constitution.

13.     Defendants admit the allegations in paragraph 13 of the Complaint.

3

14.     Defendants admit that plaintiff purports to paraphrase and quote from 15 U.S.C. § 637(a)(4) and 13 C.F.R. § 124.102.  Defendants deny that the excerpts plead in paragraph 14 of the Complaint are a complete and accurate statement of the statutory and regulatory provisions cited and further deny that these provisions violate the United States Constitution.

15.     Defendants admit that plaintiff purports to quote from 15 U.S.C. § 637(a)(5).  Defendants deny that the language quoted in paragraph 15 of the Complaint is a full or accurate quotation of the cited provision and further deny that this provision violates the United States Constitution.

16.     Defendants admit that plaintiff purports to quote a portion of 15 U.S.C. § 637(a)(6).  Defendants deny that the language quoted in paragraph 16 of the Complaint is a full and complete statement of the cited provision and further deny that this provision violates the United States Constitution.

17.     Defendants admit the allegations in paragraph 17 of the Complaint.

18.     Defendants admit that 13 C.F.R. § 124.103(b) contains a rebuttable presumption that certain individuals are socially disadvantaged, including Black Americans, Hispanic Americans, Native Americans, Asian Pacific Americans, and Subcontinent Asian Americans, and that an individual who is not a member of one of these groups must establish individual social disadvantage by a preponderance of the evidence.  Defendants deny the remaining allegations in paragraph 18 of the Complaint.

19.     Defendants deny the allegations in paragraph 19 of the Complaint.

20.     Defendants deny the allegations in paragraph 20 of the Complaint.

21.     Defendants deny the allegations in paragraph 21 of the Complaint.

22.     Defendants admit that plaintiff is not a participant in the 8(a) program.

4

Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22 of the Complaint.

23.    Defendants admit that the SBA does not keep a database of the capital and credit opportunities of those who are not socially disadvantaged.  Defendants deny any remaining allegations in paragraph 23 of the Complaint.

24.    Defendants admit that the SBA does not keep a database of the credit opportunities of the owners of any particular company in the 8(a) program or the capital and credit opportunities of those who are not socially disadvantaged, but deny any remaining allegations in paragraph 24 of the Complaint.

25.    Defendants admit that the SBA determines whether an individual is "economically disadvantaged" for purposes of the 8(a) program by examining the factors set forth in 13 C.F.R. § 124.104.  Defendants deny any remaining allegations in paragraph 25 of the Complaint and respectfully refer the Court to the text of the regulation for a full, complete, and accurate statement of its contents.

26.    Defendants admit that 13 C.F.R. § 124.104 provides that, among other considerations, an "individual will generally not be considered economically disadvantaged if the fair market value of all his or her assets (including his or her primary residence and the value of the applicant/Participant firm) exceeds $6 million. The only assets excluded from this determination are funds excluded under paragraph (c)(2)(ii) of this section as being invested in a qualified IRA account."  Defendants deny any remaining allegations in paragraph 26 of the Complaint and respectfully refer the Court to the text of the regulation for a full, complete, and accurate statement of its contents.

27.    Defendants admit that 13 C.F.R. § 124.104 provides that, among other

5

considerations, an "individual will generally not be considered economically disadvantaged if the fair market value of all his or her assets (including his or her primary residence and the value of the applicant/Participant firm) exceeds $6 million. The only assets excluded from this determination are funds excluded under paragraph (c)(2)(ii) of this section as being invested in a qualified IRA account." Defendants deny any remaining allegations in paragraph 27 of the Complaint and respectfully refer the Court to the text of the regulation for a full, complete, and accurate statement of its contents.

28. Defendants admit that in determining whether a particular USDA contract qualifies for the 8(a) program, neither the SBA nor the USDA has examined whether a particular racial group is underrepresented in the industry relevant to that particular contract. Defendants deny any remaining allegations in paragraph 28 of the Complaint.

29. Defendants deny the allegations in paragraph 29 of the Complaint.

30. Defendants deny the allegations in paragraph 30 of the Complaint.

31. Defendants deny the allegations in paragraph 31 of the Complaint.

32. Defendants deny the allegations in paragraph 32 of the Complaint.

33. Defendants deny the allegations in paragraph 33 of the Complaint.

34. Defendants deny the allegations in paragraph 34 of the Complaint.

35. Defendants admit that the majority of 8(a) program participants are owned and controlled, at least in part, by members of the racial or ethnic groups designated in 13 C.F.R. § 124.103. Defendants deny the remaining allegations in paragraph 35 of the Complaint.

36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37.     Defendants admit that there is no sunset or termination date tied to the existence of the 8(a) program, but denies that there is no termination date for participation in the program.

38.     Defendants admit that the statute and regulations establishing the 8(a) program do not include specific criteria for the SBA to determine that the rebuttable presumption of social disadvantage should no longer to apply to specific racial groups. Defendants deny any remaining allegation in paragraph 38 of the Complaint.

39.     Defendants admit that the statute and regulations establishing the 8(a) program do not include specific criteria for the SBA to determine that specific racial or ethnic groups are no longer suffering the present effects of past discrimination. Defendants deny any remaining allegation in paragraph 39 of the Complaint.

40.     Defendants admit the allegations in paragraph 40 of the Complaint.

<u>FIRST CLAIM FOR RELIEF</u>

41.     Defendants deny the allegations in paragraph 41 of the Complaint.

42.     Defendants deny the allegations in paragraph 42 of the Complaint.

43.      Defendants deny the allegations in paragraph 43 of the Complaint

44.     Defendants deny the allegations in paragraph 44 of the Complaint.

45.     Defendants deny the allegations in paragraph 45 of the Complaint.

46.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

47.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 47 of the Complaint.

<u>SECOND CLAIM FOR RELIEF</u>

48.     Defendants deny the allegations in paragraph 48 of the Complaint.

7

## DEMAND FOR JUDGMENT

Paragraphs (A)-(F) of the Complaint constitute plaintiff's demand for judgment and include no factual allegations requiring a response. Defendants deny that plaintiff is entitled to the relief sought or to any relief whatsoever.

## AFFIRMATIVE DEFENSES

1.     The Complaint fails to state a claim upon which relief can be granted.

2.     The Court lacks subject-matter jurisdiction over the Complaint.

3.     Plaintiff lacks standing to pursue this action.

4.     Plaintiff failed to exhaust administrative remedies as to certain claims asserted.

5.     Some or all of the claims for damages or relief asserted in the Complaint are barred because such damages or relief are not available under applicable law.

6.     The complaint fails to state a claim upon which attorneys' fees or costs can be awarded.

7.     The damages claimed by plaintiff are barred to the extent that they are speculative in nature.

8.     The Complaint, in whole or in part, fails to state an equal protection claim because even if plaintiff is able to demonstrate that race was an impermissible motivating factor in any alleged action, defendants would have taken the same action absent any impermissible consideration of race.

9.     Defendants reserve the right to assert additional affirmative defenses of which they become knowledgeable during the course of discovery.

WHEREFORE, defendants pray for judgment as follows:

1.      That plaintiff takes nothing by reason of the Complaint, and that the same be dismissed with prejudice on the merits;

2.      That judgment be entered for defendants;

3.      That defendants recover their costs of suit herein; and

4.      That defendants be granted such further relief as the Court deems just and proper.


Dated: April 28, 2021

                                        Respectfully submitted,

                                        DELORA L. KENNEBREW
                                        Chief
                                        Employment Litigation Section
                                        Civil Rights Division
OF COUNSEL:                             United States Department of Justice

Karen Hunter                           ANDREW BRANIFF (IN Bar No. 23430-71)
Senior Trial Attorney                  Special Litigation Counsel

David A. Fishman
Assistant General Counsel for Litigation    By: */s/ Juliet E. Gray*
                                        Juliet E. Gray (D.C. Bar No. 985608)
Eric S. Benderson                      Taryn Wilgus Null (D.C. Bar No. 985724)
Associate General Counsel for Litigation    Senior Trial Attorneys
U.S. Small Business Administration     Employment Litigation Section
                                        Civil Rights Division
Amar Shakti Nair                       United States Department of Justice
Attorney Advisor                       150 M Street, N.E.
                                        Washington, D.C. 20002
Ashley Craig                           (202) 598-1600
Attorney Advisor                       Juliet.Gray@usdoj.gov
U.S. Department Of Agriculture         Taryn.Null@usdoj.gov

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 28, 2021, I electronically filed the foregoing document, Defendants' Answer to Plaintiff's Complaint, with the Clerk of Court using the ECF System, which will send notification of such filing to all counsel of record.

*/s/ Juliet E. Gray*
Juliet E. Gray
Senior Trial Attorney