```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
-----------------------------------------------------------------------------x
ULTIMA SERVICES CORPORATION,                             :

     Plaintiff,                                          :

          -against-                                      :    No. 2:20-cv-00041-
                                                              DCLC-CRW
U.S. DEPARTMENT OF AGRICULTURE,                          :
U.S. SMALL BUSINESS ADMINISTRATION,
SECRETARY OF AGRICULTURE, and ADMINISTRATOR              :
OF THE SMALL BUSINESS ADMINISTRATION,
                                                         :
     Defendants.
                                                         :
-----------------------------------------------------------------------------x
```

## PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a)(2) and Local Rule 15.1, Plaintiff Ultima Services Corporation ("Ultima") moves to amend its complaint. A proposed amended complaint accompanies this motion as Exhibit 1.

In its initial complaint, Plaintiff sought damages pursuant to Section 1981 against defendant Small Business Administration. In its decision and order dated March 31, 2021, this Court dismissed Plaintiff's Section 1981 claim and thus, its only claim for damages. Dkt. No. 32 at 10-11. Accordingly, Plaintiff proposes to amend the second claim for relief (for damages) to add a claim for damages under the Constitution. Thus, the only difference between the initial complaint and the proposed amended complaint is the addition of the words "and the Fifth Amendment" at the end of paragraph 48.

Rule 15(a)(2) permits a party to amend a pleading with leave of the Court. It further provides that the "court should freely give leave when justice so requires." Here, Plaintiff is moving promptly after this Court has dismissed its Section 1981 claim and at the very outset of discovery. The factual gravaman of the case remains the same, and the Fifth Amendment of the Constitution is already the basic legal theory under which Plaintiff claims that its rights were violated and which entitles it to

relief. The proposed amendment simply adds damages as a form of relief under the Constitution. Defendant would not be prejudiced by an amendment at this time.

However, a motion for leave to amend a complaint may be denied if the proposed amendment would be futile, *i.e.*, if it would be subject to an immediate motion to dismiss. And that is the case here. Under the Supreme Court's decision in *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 485 (1994), a direct claim for damages for violation of the Constitution is not viable. And, of course, this Court must follow *Meyer*. Accordingly, Plaintiff's proposed amended pleading would be subject to an immediate motion to dismiss and is futile.

Plaintiff is making this motion in the event it one day seeks to ask the Supreme Court to overturn *Meyer* and to preclude any argument, under those circumstances, that it failed to preserve an argument that it is entitled to damages under the Constitution. Plaintiff was hopeful that it could reach a stipulation with the defendants concerning preservation of its argument, but the parties could not reach an agreement on that point.

Respectfully submitted,

*/s/ Michael E. Rosman*
Michael E. Rosman
Michelle A. Scott
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

M. Dale Conder, Jr.
RAINEY KIZER REVIERE & BELL PLC
209 E. Main St.
Jackson, TN 38301
(731) 426-8130

Certificate of Service

I certify that I served the foregoing motion by filing it on May 20, 2021 with the Court's CM/ECF system which will serve counsel for defendants.

                                                             */s/ Michael E. Rosman*
                                                              Michael E. Rosman