IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW |
| | ) |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S
MOTION TO AMEND ITS COMPLAINT**

Defendants submit this response to Plaintiff's Motion to Amend its Complaint to add a claim for monetary damages against defendant United States Small Business Administration ("SBA") under the Fifth Amendment. [Docs. 37, 37-1]. Plaintiff concedes that its Motion should be denied because "Plaintiff's proposed amended pleading would be subject to an immediate motion to dismiss and is futile." [Doc. 37-2]. While plaintiff briefly acknowledges that it is foreclosed from bringing this damage claim against a federal agency under *F.D.I.C. v. Meyer*, 510 U.S. 471 (1994), it fails to fully present all of the reasons why plaintiff's Motion should be denied. In addition to *Meyer*, sovereign immunity prohibits plaintiff's proposed damages claim. Further, plaintiff's proposed Amended Complaint reasserts claims for violations of 42 U.S.C. § 1981—the same claims that the Court dismissed on March 31, 2021. [Doc. 32 at 10-11]. For the reasons explained in full below, plaintiff's Motion should be denied.

## Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995). "A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dept. of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382-83 (6th Cir. 1993)). As plaintiff concedes, [Doc. 37 at 2], and as explained below, the Motion to Amend should be denied because the proposed amendment is futile.

## Argument

1. **Plaintiff's Motion to Amend Should be Denied for Adding a Futile Claim for Damages.**

Plaintiff's Motion to Amend its Complaint seeks to add a claim for damages against the SBA for violation of the Fifth Amendment. However, such an amendment would be futile because the damages claim is barred by sovereign immunity and, even if it were not, there is no cause of action for monetary damages against a federal agency under the Fifth Amendment.

It is well established that "[a]bsent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Dep't of Army v. Blue Fox, Inc.*, 525 U.S. 255, 259 (1999) (quoting *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994)). Thus, the question of whether sovereign immunity exists is jurisdictional in nature and a plaintiff bringing suit against the United States for money damages bears the burden of proving

2

that the government has unequivocally waived its immunity. *Reed v. Reno*, 146 F.3d 392, 398 (6th Cir. 1998). As the Supreme Court has observed, waiver of sovereign immunity must be unequivocally expressed in the statutory text, *Blue Fox, Inc.*, 525 U.S. at 261, and "the language of any waiver of sovereign immunity is strictly construed in favor of the United States." *Reed*, 146 F.3d at 398. If a plaintiff cannot establish that there is a waiver of sovereign immunity that is applicable to its claims, those claims must be dismissed for lack of jurisdiction. *See id*.

Here, plaintiff cannot identify any waiver of sovereign immunity permitting constitutional tort claims for money damages against the SBA. "Although the Small Business Act provides that the SBA Administrator may 'sue and be sued in any court of record[,]' 15 U.S.C. § 634(b)(1), this provision 'does not establish a waiver of immunity so as to permit entertainment of [a] damages claim.'" *Sutton v. U.S. Small Bus. Admin.*, 92 F. App'x 112, 123 n.15 (6th Cir. 2003) (quoting *Ascot Dinner Theatre, Ltd. v. U.S. Small Bus. Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989)); *accord DV Diamond Club of Flint, LLC v. U.S. Small Bus. Admin.*, No. 2020 WL 2315880, at *16 (E.D. Mich. May 11, 2020) (holding that plaintiffs "would have no monetary remedy for [alleged violations of the First and Fifth Amendments] . . . because [federal government] Defendants have sovereign immunity from any claim for monetary damages"). Therefore, plaintiff cannot seek monetary damages for its Fifth Amendment claim as Congress has not waived the SBA's sovereign immunity as to monetary damages for such claims. *See* Def.'s Reply in Support of Mot. to Dismiss, Doc. 26 at 24-25.

Even if 15 U.S.C. § 634(b)(1) does waive sovereign immunity for damages under the Fifth Amendment, and plaintiff has made no argument that it does, that is only the first of a two-step inquiry. *See Meyer*, 510 U.S. at 484. The second question is "whether

3

the source of substantive law upon which the claimant relies provides an avenue for relief." *Id.* Plaintiff has cited no authority for the proposition that the Fifth Amendment provides for monetary damages claims against a federal agency. Rather, "[f]ederal constitutional claims for damages are cognizable only under *Bivens*, which runs against individual governmental officials personally." *See Loumiet v. United States*, 828 F.3d 935, 945 (D.C. Cir. 2016) (citing *Meyer*, 510 U.S. at 482, 485–86). As an initial matter, plaintiff presents no authority holding that *Bivens* applies to constitutional claims of discrimination brought by disappointed federal contractors. The Supreme Court has applied *Bivens* only in three specific contexts and has repeatedly cautioned against extending *Bivens* into any new context. *See, e.g.*, *Hernandez v. Mesa*, 140 S.Ct. 735, 741, 743-750 (2020) (concluding that the context of an action involving the shooting of a Mexican child by a United States Border Patrol agent across the United States-Mexico border was a "new context," and that additional factors counseled hesitation in extending *Bivens*); *Ziglar v. Abbasi*, 137 S.Ct. 1843, 1855 (2017) (reasoning that Congress provided a specific damages remedy for plaintiffs whose constitutional rights were violated by state officials through 42 U.S.C. § 1983, but did not provide a corresponding remedy for constitutional violations by federal officials).

Even if *Bivens* did apply to the type of claim asserted by plaintiff, the Supreme Court in *Meyer* declined to extend the application of *Bivens* from claims against federal *agents* to claims against federal *agencies*. 510 U.S. at 484. Indeed, plaintiff acknowledges that the Supreme Court's holding in *Meyer* prohibits damages claims against a federal agency under the Fifth Amendment. [Doc. 37 at 2].

Because plaintiff's added claim for damages under the Fifth Amendment is barred by SBA's sovereign immunity and because there is no cause of action for

4

monetary damages against federal agencies under the Fifth Amendment, plaintiff's

Motion to Amend its Complaint should be denied as futile.

### 2. Plaintiff's Motion to Amend Should be Denied for Seeking to Reassert Deficient Claims.

Plaintiff's Motion to Amend its Complaint should also be denied because the proposed Amended Complaint attempts to reassert claims the Court has previously dismissed. This Court should "deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." *Stewart v. Specialized Loan Servicing, LLC*, No. 218CV02697MSNCGC, 2019 WL 11583430, at *8 (W.D. Tenn. Sept. 30, 2019) (quoting *Krantz v. Prudential Investments Fund Mgmt. LLC*, 305 F.3d 140, 144 (3d Cir. 2002)). Here, the ruling on defendants' Motion to Dismiss put plaintiff on notice of the deficiencies of plaintiff's § 1981 claims in its original Complaint. [Doc. 32 at 10-11]. However, plaintiff has done nothing to correct them in the proposed Amended Complaint. Rather, plaintiff has chosen to reassert its already dismissed § 1981 claims word-for-word from its initial Complaint. For the same reasons stated in this Court's March 31, 2021 Order [Doc. 32 at 10-11], plaintiff's proposed Amended Complaint fails to state a cognizable claim under § 1981, and is thus futile. Therefore, plaintiff's Motion for Leave to Amend should be denied.

### Conclusion

For the foregoing reasons, plaintiff's Motion to Amend its Complaint should be denied because both the proposed amendment adding a claim for damages under the Fifth Amendment against the SBA and the reasserted claims under § 1981 are futile.

Dated: June 3, 2021

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KAREN D. WOODARD<br>Acting Chief<br>Employment Litigation Section<br>Civil Rights Division |
| OF COUNSEL: | United States Department of Justice |
| Karen Hunter<br>Senior Trial Attorney | ANDREW BRANIFF (IN Bar No. 23430-71))<br>Special Litigation Counsel |
| David A. Fishman<br>Assistant General Counsel for Litigation | By: /s/ K'Shaani Smith<br>Juliet E. Gray (D.C. Bar No. 985608) |
| Eric S. Benderson<br>Associate General Counsel for Litigation<br>U.S. Small Business Administration | Taryn Wilgus Null (D.C. Bar No. 985724)<br>K'Shaani Smith (N.Y. Bar 5059217)<br>Senior Trial Attorneys<br>Employment Litigation Section |
| Amar Shakti Nair<br>Attorney Advisor | Civil Rights Division<br>United States Department of Justice<br>150 M Street, N.E. |
| Ashley Craig<br>Attorney Advisor<br>U.S. Department Of Agriculture | Washington, D.C. 20002<br>(202) 598-1600<br>Juliet.Gray@usdoj.gov<br>Taryn.Null@usdoj.gov<br>K'Shaani.Smith@usdoj.gov |

# CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2021, I electronically filed the above document with the Clerk of Court using the ECF System, which will send notification of such filing to all counsel of record.

*/s/ K'Shaani Smith*
K'Shaani Smith