UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
--------------------------------------------------------------------------------x

ULTIMA SERVICES CORPORATION,                          :

    Plaintiff,                                            :

       -against-                                 :    No. 2:20-cv-00041-
                                              DCLC-CRW
U.S. DEPARTMENT OF AGRICULTURE,                       :
U.S. SMALL BUSINESS ADMINISTRATION,
SECRETARY OF AGRICULTURE, and ADMINISTRATOR           :
OF THE SMALL BUSINESS ADMINISTRATION,
                                                      :

    Defendants.                                           :

--------------------------------------------------------------------------------x


### PLAINTIFF'S REPLY MEMORANDUM OF LAW ON ITS MOTION
### TO AMEND THE COMPLAINT

In an apparent effort to demonstrate that there is no molehill out of which the federal government cannot try to make a mountain, defendants in this case submit a response (D.E. 39, "Defs. Opp.") to a motion that Plaintiff already has conceded should be denied. The opposition states that there are other reasons (other than the binding Supreme Court authority that Plaintiff itself cited in its motion) to deny the motion to amend. Specifically, it states that the motion to amend *also* should be denied because (1) defendants have sovereign immunity and (2) the proposed amended complaint still retains a claim under Section 1981 that this Court has dismissed.

1.      On the first point, it is useful to review the bidding on the very same sovereign immunity argument presented in defendants' motion to dismiss. The allegation in the first paragraph of the complaint (D.E. 1) in this action alleged that 15 U.S.C. § 634(b)(1) (which states that the SBA can "sue and be sued in any court") was one of the bases for this Court's jurisdiction. Defendants moved to dismiss. One of its arguments asserted sovereign immunity but never mentioned Section 634(b)(1). D.E. 20. When Plaintiff pointed this out, and pointed out that Section 634(b)(1) waived sovereign immunity for the SBA (D.E. 25 at 25), defendants submitted a reply that claimed to the contrary. D.E. 26 at 25. Defendants now virtually duplicate the first two-thirds of that passage in

their current response. *Compare* D.E. 26 at 25 *with* D.E. 39 at 3.

In its supplemental memorandum on defendants' motion to dismiss, Plaintiff noted that defendants' authorities all addressed a different issue (exclusivity of the Federal Torts Claim Act), and were easily distinguished by a Sixth Circuit opinion covering a near-identical "sue and be sued" clause for the Post Office. D.E. 29 at 4. Here was the start of defendants' response on this point:

> Finally, the Court need not reach the question of whether 15 U.S.C. § 634(b)(1) waives the SBA's sovereign immunity from monetary damages in this matter since plaintiff only seeks monetary damages in connection with its section 1981 claim, which, for reasons previously discussed, should be dismissed pursuant to the overwhelming weight of authority.

D.E. 30 at 4. It ended its brief discussion of sovereign immunity in the same fashion:

> Even if plaintiff's claim did fall within section 634(b)(1)'s limited waiver, that is only the first part of the inquiry. The Court also must determine "whether the source of substantive law upon which the claimant relies provides an avenue for relief." *FDIC v. Meyer*, 510 U.S. 471, 484 (1994). For the reasons set forth in defendants' prior briefs, section 1981 does not create a cause of action against federal defendants and thus, plaintiff has no claim for monetary damages. *Id.* at 484-86.

D.E. 30 at 5. This Court took defendants' advice. It resolved Plaintiff's Section 1981 claim on the question of whether a claim against federal defendants could be asserted under that statute, and did not address (or even mention) Section 634(b)(1). D.E. 32 at 10-11.

Now, for some strange reason, defendants urge this Court to do what it told the Court it need not do on the original motion to dismiss: determine the scope of Section 634(b)(1)'s waiver of sovereign immunity. This despite the fact that (unlike the claim under Section 1981), Plaintiff concedes that the substantive claim for relief is barred by *FDIC v. Meyer*. Why should this Court dive in now when it chose not to do so before? Alas, defendants do not say.

Plaintiff believes there is no particular reason to wade into this issue at this point. If the Court wishes to do so, Plaintiff relies on its discussion in its supplemental memo on the motion to

2

dismiss.  D.E. 29 at 4.[1]

2.     As to the second concern raised in defendants' response (that the proposed amended complaint retains a Section 1981 claim despite this Court having dismissed it), it is well settled law that an amended pleading supercedes the original pleading and renders it a nullity, and that a claim asserted in the original pleading that is omitted in the subsequent pleading may be deemed waived. Most courts recognize an exception to this rule for claims dismissed by the Court, but Plaintiff is unaware of any Sixth Circuit precedent so stating.  *Spizizen v. Nat'l City Corp.*, 2010 U.S. Dist. LEXIS 7862, *6 (E.D. Mich. Feb. 1, 2010) ("it appears that the Sixth Circuit has not expressly ruled on this issue").  So, as cautious lawyers do, Plaintiff's attorneys have retained the Section 1981 reference in its proposed amended pleading.  If defendants wish to stipulate that Plaintiff will not waive its right to appeal the dismissal of its Section 1981 claim by omitting it from an amended pleading, Plaintiff is confident that a reasonable resolution on this important question can be reached.

Respectfully submitted,

*/s/ Michael E. Rosman*
Michael E. Rosman
Michelle A. Scott
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

M. Dale Conder, Jr.
RAINEY KIZER REVIERE & BELL PLC
209 E. Main St.
Jackson, TN 38301
(731) 426-8130

---

[1]     As Plaintiff noted in its supplemental memorandum, the Sixth Circuit addressed defendants' arguments in *Federal Express Corp. v. United States Postal Service*, 151 F.3d 536 (6th Cir. 1998).  Defendants claimed that case was distinguishable because it involved the Post Office and not the SBA (D.E. 30 at 5), but never bothered to explain what difference exists between the two agencies' "sue and be sued" clauses that would make a difference in outcome appropriate.

3

Certificate of Service

I certify that I served the foregoing reply memorandum filing it on June 8, 2021 with the

Court's CM/ECF system which will serve counsel for defendants.

                                        */s/ Michael E. Rosman*
                                        Michael E. Rosman