IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW |
| | ) |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) |
| | ) |
| Defendants. | ) |

## **STIPULATED CONFIDENTIALITY AND PROTECTIVE ORDER**

The parties maintain information that they claim to be confidential due to its commercially sensitive and proprietary natures, personal financial nature, or for other reasons. To balance the interest in maintaining the confidentiality of such information with the rights of the parties to obtain relevant information through discovery in accordance with the Federal Rules of Civil Procedure, the parties, by and through the undersigned attorneys, have agreed to the terms of this Stipulation to Confidentiality and Protective Order ("Order"); accordingly, it is ORDERED:

**1.** **Scope.** All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. **Definitions.**

   a. <u>Confidential Information</u>. The term "Confidential Information" as used in this Order means information designated as "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial, financial, or proprietary information that the party has maintained as confidential; (d) medical information concerning any individual; (e) income tax returns (including attached schedules and forms), W-2 forms, and 1099 forms; or (f) personally identifiable information (commonly referred to as "PII") of Plaintiff or other current or former employees, contractors, or subcontractors with the United States Department of Agriculture or the United States Small Business Administration. All copies, abstracts, excerpts, analysis or other writings that contain, reflect, or disclose the substance of documents or deposition testimony designated Confidential Information shall also be deemed Confidential Information. Information or documents that are available to the public may not be designated as Confidential Information.

   b. "Party" or "Parties". The parties to this Order include Plaintiff Ultima Services Corporation and Defendants United States Department of Agriculture, the Secretary of Agriculture, the United States Small Business Administration, and the Administrator of the United States Small Business Administration.

3. **Designation.** A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document. As used in

this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. The marking "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall be applied prior to or at the time that the documents are produced or disclosed.  Applying the marking to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

    **4.**    **Notice/Marking.** To invoke protection under this Order, the designating party shall provide appropriate notice that documents or deposition testimony have been designated Confidential Information.  The designating party shall only designate those documents or testimony that are deemed in good faith and for good cause to be truly confidential. It shall be the duty of the party seeking confidentiality to provide such notice of the documents and testimony to be considered as Confidential Information. It shall be the duty of the parties to comply with this Order from the time of such notice.

    **5.**    **Depositions.**  All testimony taken by way of deposition in this case, whether by subpoena or notice of taking depositions, will be subject to the terms of this Order. Testimony given at any deposition may be designated as Confidential Information by indicating on the record that the testimony is Confidential Information and subject to the provisions of this Order.  Additionally, specific information in a

deposition transcript may be identified by written description, specifying the page and line number that are to be designated as Confidential Information and sent to the opposing party within twenty (20) days after receipt of the transcript.

    **6.    Protection of Confidential Material.**

        (a)    General Protections. Confidential Information shall not be used or disclosed by the parties, counsel for the parties, or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this litigation, including any appeal thereof, unless ordered by a Court of competent jurisdiction.

        (b)    Limited Third-Party Disclosures. The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

    (1)    Counsel. Counsel for the parties and employees of the parties and U.S. Department of Justice who have responsibility for the action;

    (2)    Parties. Individual parties and employees of a party but only to the extent counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

    (3)    The Court and its personnel;

    (4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

    (5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6) Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7) Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8) Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9) Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

(c) Control of Documents. Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information. Counsel shall maintain the forms signed by persons acknowledging their obligations under this Order for a period of three (3) years after the termination of the case.

7. **Inadvertent Failure to Designate.** An inadvertent failure to designate a document as Confidential Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a

document as Confidential Information after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

8. **Documents Produced for Inspection.** All documents shall be presumed to be Confidential Information at the time of inspection. Should the inspecting party request copies of any documents, the copies will be specifically designated, if applicable, as Confidential Information by the producing party. Within a reasonable time after receipt of the copies, the inspecting party shall designate any documents it wants to be reclassified. The producing party shall then either agree to the redesignation or provide justification for the higher level of classification. In the event the parties cannot agree on the appropriate level of protection, the producing party may submit the matter to the Court for resolution as outlined in paragraph 11 below.

9. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential Information in connection with a motion, brief, or other submission to the Court must comply with Local Rule 26.2.

10. **Proprietary Contracting Information and Trade Secrets.** Pursuant to 48 C.F.R. § 27.402, the federal government is obligated to maintain the secrecy of proprietary information provided to it by prospective and current contractors. Accordingly, information that may be considered trade secrets or commercial or

financial information obtained by the government from a company on a privileged or confidential basis that, if released, would result in competitive harm to the company, impair the government's ability to obtain like information in the future, or protect the government's interest in compliance with program effectiveness may be redacted from all disclosures.

11. **Challenges by a Party to Designation as Confidential Information.** The designation of any material or document as Confidential Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a) Meet and Confer. A party challenging the designation of Confidential Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within fourteen (14) business days.

(b) Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules

on the challenge, all parties shall continue to treat the materials as Confidential Information under the terms of this Order.

12. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

13. **Use of Confidential Documents or Information at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information. The Court shall make such rulings and enter such orders as it deems proper to govern the use of such documents or information at trial.

14. **Confidential Information Subpoenaed or Ordered Produced in Other Litigation.**

    (a) If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three (3) court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b)     The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)     The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information in the court from which the subpoena or order issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody, or control Confidential Information by the other party to this case.

15.    **Challenges by Members of the Public to Sealing Orders.**  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

16.    **Obligations on Conclusion of Litigation.**

(a)    Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b)    Obligations at Conclusion of Litigation.  Within sixty days (60) after dismissal or entry of final judgment not subject to further appeal, all Confidential

Information and documents marked "CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER" under this Order, including copies as defined in ¶ 2(a), shall be destroyed by the receiving party and it shall certify the fact of destruction to the producing party. The receiving party shall not be required to locate, isolate, and return e-mails (including attachments to e-mails) that may include Confidential Information, or Confidential Information contained in deposition transcripts or drafts or final expert reports.

(c) Retention of Work Product and one set of Filed Documents. Notwithstanding the above requirements to destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information so long as that work product does not duplicate verbatim substantial portions of Confidential Information, and (2) one complete set of all documents filed with the Court including those filed under seal. Any retained Confidential Information shall continue to be protected under this Order. An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information.

(d) Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System. Filings under seal shall be deleted from the ECF system only upon order of the Court.

17. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

18. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating

discovery.  Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

    **19.**    **Persons Bound.** This Order shall take effect when signed by the last signing party and shall be binding upon all counsel of record and their organizations, the parties, and persons made subject to this Order by its terms.

    SO ORDERED.

                                               s/Cynthia Richardson Wyrick
                                               United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00041-DCLC-CRW |
| ) | |
| U.S. DEPARTMENT OF AGRICULTURE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulation to Confidentiality and Protective Order ("Order") dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of Tennessee in matters relating to the Order and understands that the terms of the Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm, or concern.

The undersigned acknowledges that violation of the Order may result in penalties for contempt of court.

Name:_____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____ Signature: _____