UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| ULTIMA SERVICES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CV-41 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| AGRICULTURE et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff has moved the Court for permission to amend Complaint. [Doc. 37]. Defendants filed a Response [Doc. 39]. in opposition to the request and Plaintiff later submitted a Reply [Doc. 42]. Plaintiff's motion is before this Court pursuant to 28 U.S.C. § 636 and the standing orders of the District Court and is now ripe for disposition. For the reasons stated herein, Plaintiff's Motion [Doc. 37] is **DENIED**.

## BACKGROUND

Plaintiff filed its original Complaint [Doc. 1] on March 4, 2020. Following an extension of the time to file responsive pleading, Defendants filed a Motion to Dismiss. [Doc. 20]. Therein, Defendants sought dismissal of claims including Plaintiff's claim for monetary damages pursuant to 42 U.S.C. § 1981 which they argued was proper pursuant to "Rule 12(b)(1) because the federal government has not waived sovereign immunity from such claims for monetary damages." [Doc. 20, p. 2]. The District Court later granted Defendants' motion to dismiss as to Plaintiff's § 1981 claim. [Doc. 32, p. 10-11].

Plaintiff now comes before the Court with a Motion to Amend Complaint [Doc. 37] requesting leave to add a claim for damages under the Fifth Amendment. Therein, Plaintiff notes the dismissal of its § 1981 claim meant Plaintiff has no remaining claims for damages. Plaintiff argues adding a claim for damages under the Fifth Amendment would not cause Defendants undue prejudice as it merely adds a new type of requested relief. Plaintiff admits this claim would be futile, however, and directs the Court's attention to *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 485 (1994). Plaintiff nevertheless maintains its request and notes that it is being made in case Plaintiff one day asks the Supreme Court to reconsider *Meyer*. Defendants' Response [Doc. 39] argues that sovereign immunity prevents Plaintiff from pursuing its suit against them as government agencies. Defendants alternatively submit that even if Plaintiff can maintain a suit pursuant to a statutory exception to sovereign immunity found at 15 U.S.C. § 634(b)(1), Plaintiff cannot demonstrate that an avenue for monetary relief exists under the Fifth Amendment. A Reply [Doc. 42] filed by Plaintiff reiterates the basis for amendment set forth in the original motion and questions why Defendants have raised § 634 when Plaintiff admits the requested claim for relief is futile under *Meyer*.

## LEGAL ANALYSIS

Pleadings may be amended more than 21 days after service of a responsive pleading or upon motion filed under Federal Rule of Civil Procedure 12(b), (e), or (f) only with written consent of the opposing party or leave of the court. Fed. R. Civ. P. 15(a). While contested motions to amend do require leave, "[t]he court should freely give leave [to amend] when justice so requires." *Id.* Motions for leave to amend are routinely granted based on the principle that cases should be tried on the merits rather than procedural technicalities. *Inge v. Rock Fin. Corp.*, 338

F.3d 930, 936 (6th Cir. 2004). A trial court has broad discretion to determine whether leave to amend a pleading should be granted. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

> In undertaking a review of a party's motion to amend, *Foman* directs the Court that
>
> [i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. -- the leave sought should, as the rules require, be 'freely given.'

*Id.* As a preliminary matter, the Court must consider whether the proposed pleading would be futile. The Court undertakes this analysis because "[a]lthough such motions are commonly granted, a motion to amend a complaint should nevertheless 'be denied if the amendment ... would be futile.'" *Courie v. Alcoa Wheel & Forged Prod.*, 577 F.3d 625, 633 (6th Cir. 2009) (quoting *Crawford v. Roane,* 53 F.3d 750, 753 (6th Cir.1995)). "'A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss.'" *Skipper v. Clark*, 150 F. Supp. 3d 820, 829 (W.D. Ky. 2015) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir.2000)).

Here, Plaintiff admits its request to amend its Complaint to assert a claim for damages under the Constitution would be futile and subject to immediate dismissal. [Doc. 37]. Plaintiff argues that it properly filed the request for amendment in case Plaintiff later decides to challenge the constitutionality of *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 485 (1994), a case prohibiting a direct claim for damages against the government. In deciding *Meyer*, the Supreme Court reasoned that if it "were to recognize a direct action for damages against federal agencies, [the Supreme Court] would be creating a potentially enormous financial burden for the Federal Government." *Id.* Plaintiff is attempting to assert a claim for damages that is barred by *Meyer*. Assessing the proposed amended Complaint, this Court notes that Plaintiff is not arguing that

*Meyer* is inapplicable. In fact, Plaintiff's motion acknowledges that "this Court must follow *Meyer*." Because Plaintiff concedes its claim is meritless under applicable and binding caselaw, the Court concludes permitting the requested amendment would be futile. As such, Plaintiff's Motion [Doc. 37] is **DENIED**[1].

SO ORDERED:

/s Cynthia Richardson Wyrick
United States Magistrate Judge

---

[1] Plaintiff is cautioned against the future filing of motions which are admittedly futile at the time of filing. While Plaintiff asserts that it filed the instant motion because it might ultimately ask the United States Supreme Court to revisit longstanding applicable precedent, Plaintiff failed to set forth any grounds or theory in its motion for potentially making such a request of that Court. Given that its motion was admittedly futile, Plaintiff's Reply to the Government's Response was unjustified in its dismissive tone. The Court expects pleadings filed to reflect appropriate decorum and professionalism.