IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

_____

ULTIMA SERVICES CORPORATION,     )
           )
        Plaintiff,     )
           )
v.           )     No. 2:20-cv-00041-DCLC-CRW
           )
U.S. DEPARTMENT OF AGRICULTURE,     )
et al.,           )
        Defendants.     )
_____ _____)

## [PROPOSED] PROTECTIVE ORDER REGARDING DATA UNDERLYING DEFENDANTS' EXPERT REPORT

Pursuant to federal Rule of Civil Procedure 26(c), the Court finds:

     1.    Defendants the United States Department of Agriculture, the Secretary of Agriculture, Tom Vilsack, the United States Small Business Administration, and its Administrator, Isabella Casillas Guzman (collectively, "defendants") have submitted an expert report by Jon Wainwright, Ph.D.; and

     2.    That the data relied upon by Dr. Wainwright in drafting his expert report contains commercially sensitive proprietary information of NERA Economic Consulting ("NERA"), a private third party, as well as databases created by and containing the intellectual property of Dr. Wainwright; and

     3.    Balancing an interest in maintaining the confidentiality of such information with the rights of the parties to obtain relevant information through discovery in accordance with the Federal Rules of Civil Procedure, the Court finds good cause for entry of this Protective Order ("Order"),

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. <u>Confidential Information Defined</u>. The term "Confidential" as used in this Order means the databases Dr. Wainwright prepared and the non-publicly available data relied upon by Jon Wainwright, Ph.D., for his expert report for Defendants, and deposition testimony or other discovery that Defendants designate as Confidential because it includes the non-publicly available data relied upon by Dr. Wainwright.

    a) *"Documents"* shall include electronically stored information.

    b) *"Party" or "Parties."* The parties to this agreement are the parties listed in the caption and their attorneys.

    c) *"Staff."* This term includes both present and past employees, and independent contractors who provide support services to the parties.

    d) *"Deposition witnesses."* This term includes any individual whose deposition has been noticed.

2. <u>Limitations on Use of Confidential Information.</u> Documents and deposition testimony designated Confidential pursuant to this Order shall be used by the Plaintiff and its attorneys only for purposes related to this action, specifically. Disclosure of information extracted from documents or deposition testimony designated Confidential is authorized only in accordance with the terms of this Order. Unauthorized disclosure of information extracted from portions of documents or deposition testimony designated Confidential is prohibited.

3. <u>Disclosure Scope/Confidential Material</u>. Those portions of documents and deposition testimony designated Confidential shall be disclosed by the parties only to the following persons:

2

a) the attorneys and other staff employed by the Department of Justice; the Department of Agriculture, its staff and attorneys; the Small Business Administration, its staff and attorneys; and counsel representing Plaintiff and their staff; or future designated attorneys who are admitted to practice before the courts for purposes of this action (hereinafter the "Attorneys"), provided that such Attorneys have first read this Order and have agreed to abide by its terms by signing an undertaking in the form attached hereto as Exhibit A;

b) owners and shareholders of Plaintiff, provided that such owners and shareholders have first read this Order and have agreed to abide by its terms by signing the form attached hereto as Exhibit A;

c) employees of the parties to this action having reasonable need of access to the information to assist the Attorneys in representation of the parties, provided that such employees have first read this Order and have agreed to abide by its terms by signing the form attached hereto as Exhibit A;

d) independent experts or consultants retained by any of the parties or their counsel for purposes of this litigation (hereinafter the "Independent Experts"), including the staff of such Independent Experts, provided that such Independent Experts have first read this Order and have agreed to abide by its terms by signing the form attached hereto as Exhibit A. It shall be the obligation of each Independent Expert to ensure that his/her staff are made fully aware of this Order and abide by its terms;

3

e)    the Court, court personnel, special masters, mediators, other persons appointed by the Court (hereinafter collectively, "the Court");

f)    stenographic and other deposition reporters who will be required to read this Order and sign an affidavit substantially in the form of Exhibit A;

g)    commercial copying services and litigation support services employed by the parties for the purpose of making copies of documents and deposition testimony for use in connection with this case. It shall be the responsibility of the party utilizing the service to ensure that it complies with the terms of this Order; and

h)    such persons as counsel shall mutually agree to in writing or on the record prior to the proposed disclosure.

4.    <u>Notice/Marking</u>.  To invoke protection under this Order, the designating Attorney shall provide appropriate notice that documents or deposition testimony have been designated Confidential.  The designating Attorney shall only designate those documents or testimony, or portions thereof, which are truly confidential, made in good faith and for good cause.  It shall be the duty of the party seeking confidentiality to provide such notice of the documents and testimony to be considered as Confidential.  It shall be the duty of the parties to comply with this Order from the time of such notice.

5.    <u>Additional Relief</u>.  Nothing herein shall prevent any party or non-party from seeking additional relief from the Court.

6.    <u>Depositions</u>.  Testimony given at any deposition may be designated as Confidential subject to this Order by indicating on the record that the testimony is

4

Confidential and subject to the provisions of this Order. Additionally, specific information in a deposition transcript may be identified by written description, specifying the page(s) and line number(s) that are to be designated as Confidential and sent to the opposing party within twenty (20) days after receipt of the transcript.

7. <u>Challenges to Confidential Designation.</u> A party may challenge, by motion to the Court, another party's designation of information or documents as Confidential Information. Such a challenge must be made within ten (10) business days of the date on which the moving party became aware of the designation, and a challenge motion may be made only after the challenging party has conferred, or attempted in good faith to confer, with the designating party to seek a mutually acceptable resolution of the issue. If such resolution occurs, the non-designating party may move the Court to remove the Confidential designation. If such a motion is filed, the party seeking confidentiality has the burden of establishing the confidential nature of the information or documents so designated.

8. <u>Filing with Court</u>. This Order does not, by itself, preclude the filing of a document not under seal or authorize the filing of any document under seal. Any party wishing to file a document designated as Confidential in connection with a motion, brief, or other submission to the Court must comply with Local Rule 26.2.

9. <u>Final Determination</u>. Upon final determination of this action (including all appeals), Plaintiff and its attorneys shall within sixty (60) days of such determination, either return to the Department of Justice or destroy (and promptly certify to the Department of Justice that this destruction has occurred) all documents and deposition transcripts designated Confidential that are in its possession, except such material as may be contained in the pretrial and trial records and attorneys' work

product, which may be retained in conformity with this Order. Further, at the request of any party, and again upon final determination of this action (including all appeals), the Clerk of the Court shall return any item filed under seal to the filing party.

**IT IS SO ORDERED.**

Dated this _____ day of _____, 2022.

**BY THE COURT:**

_____
The Honorable Clifton L. Corker
Judge of the U.S. District Court for the Eastern District of Tennessee

**EXHIBIT A**

**NON-DISCLOSURE AGREEMENT**

The undersigned, hereby states the following:

1. Your full name and current address is: _____

_____.

2. Prior to receiving any documents and information designated by _____

_____ as confidential in the above-captioned case, I

was provided with a copy of this Confidentiality Order, which I have read and fully

understand.

3. I agree to be bound by the terms of the Confidentiality Stipulation and Order,

and to submit to the jurisdiction of the United States District Court for the Eastern

District of Tennessee concerning the enforcement of the Order entered on it.

4. I understand and agree not to discuss, disclose or otherwise reveal the

information subject to the Confidentiality Order to anyone, except individuals who also

are permitted to view, inspect, examine or discuss the materials protected herein.

5. I received confidential information in my capacity as _____.

6. I received access to this confidential information from: _____.


Dated:_____          _____

                                   Signature