# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00041-DCLC-CRW |
| ) | |
| U.S. DEPARTMENT OF AGRICULTURE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants the United States Department of Agriculture ("USDA"), the Secretary of Agriculture, Tom Vilsack, the United States Small Business Administration ("SBA"), and its Administrator, Isabella Casillas Guzman (collectively, "defendants") respond to Plaintiff's First Set of Interrogatories as follows:

GENERAL OBJECTIONS

1. Defendants object to plaintiff's interrogatories to the extent they call for the disclosure of any information protected from disclosure by any privilege, statute, or doctrine, including without limitation the attorney-client privilege and attorney work product doctrine. The inadvertent disclosure of such information shall not constitute a waiver of any right of non-disclosure, or the waiver of any other grounds for objecting to the production of such information.

2. Defendants object to plaintiff's interrogatories to the extent they (a) fail to describe the information requested with reasonable particularity; (b) are unreasonably

1

cumulative or duplicative; (c) seek information obtainable from some other source that is more convenient, less burdensome, or less expensive; (d) seek information that is publicly available; or (e) otherwise exceed the requirements of the Federal Rules of Civil Procedure and/or the local rules of this Court.

3. Some or all of the documents sought in plaintiff's interrogatories contain proprietary, confidential, and/or sensitive business information, information that would violate the privacy rights of defendants or individuals who are not parties to this litigation, or other confidential information and will necessitate the entry of an appropriate protective order prior to their production.

4. Defendants object to plaintiff's interrogatories to the extent they are overly broad, unduly burdensome, and are neither relevant to any claim or defense of any party nor proportional to the needs of the case.

5. Defendants object to plaintiff's interrogatories to the extent they are argumentative, prejudicial, improper, vague, and/or ambiguous.

6. Defendants object to plaintiff's interrogatories to the extent they seek legal conclusions and/or would require defendants to reach a legal conclusion in order to prepare a response.

7. Defendants object to plaintiff's definition of the terms "termination" and "terminate" as including a "decision not to renew an available option period or seek additional funding for available option periods" as such decisions do not constitute termination of a contract.

8. Defendants object to plaintiff's definition of "administrative or technical support" as being limited to the areas of work falling under NAICS codes 561110 or 541611. For purposes of responding to these interrogatories, defendants will interpret

2

Case 2:20-cv-00041-DCLC-CRW   Document 60-6   Filed 06/21/22   Page 3 of 20
PageID #: 866

interrogatories related to "administrative or technical support" as requesting information related to those two NAICS codes; however, defendants reserve the right to take the position that the industry or industries relevant to this litigation are not limited to NAICS codes 561110 and 541611.

9. Defendants object to plaintiff's instruction that the relevant time period is January 1, 2010 to the present as overbroad and unduly burdensome and on the grounds that it seeks information that is not proportional to the needs of the case.

10. Defendants object to any other definition or instruction in Plaintiff's First Set of Interrogatories that seeks to impose requirements on defendants beyond those contained in the Federal Rules of Civil Procedure or the Local Rules of this Court.

11. Defendants reserve the right to amend and supplement their responses as additional information may become available or is discovered.

12. Each of the answers set forth below is subject to these general objections. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request.

SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:** Identify any contracts for administrative or technical support for an NRCS program or activity awarded to a participant in the Section 8(a) Program and, for each such contract, (a) identify the company awarded the contract, (b) state whether it was awarded as a sole source contract, and (c) state whether any owner(s) of the successful Section 8(a) Program participant were presumed to be socially disadvantaged under the Section 8(a) Program pursuant to 13 CFR § 124.103(b), and, if so, of which group(s) those owner(s) were deemed to be members.

**Response to Interrogatory No. 1:** Defendants object to Interrogatory No. 1 as overbroad and unduly burdensome on the grounds that it seeks information for an over 10-year period. Defendants further object to Interrogatory No. 1 to the extent it

seeks information that is as accessible to plaintiff as it is to defendants, including publicly available information. Defendants also object to Interrogatory No. 1 to the extent it seeks information protected by the government deliberative process privilege, the attorney-client privilege, or the work product doctrine.

Subject to and without waiving the foregoing objections, defendants will produce a spreadsheet entitled "Awards by Contractor Type" which includes the information requested in subparts (a), (b), and (d) of this interrogatory. Defendants represent that they do not track the information requested in subpart (c).

**Interrogatory No. 2:** Identify any persons significantly responsible for making the decision to award any contract identified in your response to the previous interrogatory.

**Response to Interrogatory No. 2:** Defendants object to Interrogatory No. 2 as vague and ambiguous, including but not limited to the phrase "significantly responsible." Defendants further object to Interrogatory No. 2 as overbroad and unduly burdensome on the grounds that it seeks information for an over 10-year period and because defendants do not have a way of tracking every person who was responsible for making a decision to award all such contracts; therefore, identifying this information would require defendants to undertake a burdensome search of every contract file associated with such contracts over 10-year period to determine who was responsible for making the decision to award such contracts. The burden of such a search greatly outweighs any likely benefit. To the extent Interrogatory No. 2 relies on Interrogatory No. 1, defendants incorporate the objections stated in response to Interrogatory No. 1.

Subject to and without waiving the foregoing objections, defendants state that decisions to award a contract, including to a participant in the 8(a) program,

4

are typically made by a contracting officer. USDA must then seek the acceptance of the proposed award into the 8(a) program from the relevant SBA district office. Pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants will produce documents and/or data from which the response to Interrogatory No. 2 may be ascertained or derived. Specifically, defendants refer plaintiff to the contract files produced in response to Plaintiff's First Request for Production No. 1, which include the identity of any person(s) "significantly responsible" for awarding the contracts defendants identified in response to Interrogatory No. 1. Defendants will also produce a spreadsheet entitled "Interrogatory No. 2," which identifies the most recent contracting officer assigned to each of the contracts identified in response to Interrogatory No. 1.

**Interrogatory No. 3:** Identify any persons who set any goals for small businesses at the USDA, including goals for any subgroup of all small businesses such as Section 8(a) Program participants, women-owned small businesses, and HUBZone-certified firms.

**Response to Interrogatory No. 3:** Defendants object to Interrogatory No. 3 as vague and ambiguous to the extent it purports to characterize "goals" as mandatory requirements that USDA must meet. Defendants further object to Interrogatory No. 3 as overbroad and unduly burdensome on the grounds that it seeks information for an over 10-year period. Defendants also object to Interrogatory No. 3 to the extent it seeks information protected by the government deliberative process privilege, the attorney-client privilege, or the work product doctrine.

Subject to and without waiving the foregoing objections, defendants state that federal government-wide goals for small businesses and categories of small businesses are set by Congress. The USDA's individual agency goals are negotiated between the SBA's Office of Government Contracting and Business Development

5

and the Director of the USDA's Office of Small and Disadvantaged Business Utilization ("OSDBU"). The current Acting Director of the USDA's OSDBU is Michelle Warren, who has held that position since December 2016. Prior to that, Henry Bennett was the Director of OSDBU for a period of 2016. Prior to Mr. Bennett's tenure, Carmen Jones was the Director of OSDBU for the remainder of the relevant time period. If the SBA and the USDA cannot agree on the goals, the Office of Federal Procurement Policy at the Office of Management and Budget will resolve the dispute. The USDA does not have goals specifically for utilization of the 8(a) program; instead the 8(a) program is included within the goal for small disadvantaged businesses.

**Interrogatory No. 4**: State whether any decision was made to terminate any contract for administrative or technical support for an NRCS program or activity in which Plaintiff was the contractor and, if so, identify any person with significant responsibility for making that decision and set forth the reason(s) for that decision.

**Response to Interrogatory No. 4:** Defendants object to Interrogatory No. 4 as overbroad and unduly burdensome based on plaintiff's definition of the term "terminate" and on the grounds that it seeks information for an over 10-year period. The request as written would require defendants to comb through every contract file for a contract awarded to plaintiff in a more than 10-year period to determine whether an available option period was not renewed or whether additional funding was not sought for available option periods. Defendants further object to Interrogatory No. 4 as vague and ambiguous, including but not limited to the phrase "significant responsibility." Defendants also object to Interrogatory No. 4 to the extent it seeks information protected by the government deliberative process privilege, the attorney-client privilege, or the work product doctrine.

6

Subject to and without waiving the foregoing objections, defendants state that the four regional Indefinite Quantity Indefinite Delivery ("IDIQ") contracts awarded to plaintiff in 2017 for Local and Programmatic Support Services ("LAPSS") were not terminated. NRCS decided to re-solicit the services that were the subject of those contracts in March 2018 as two of the four contracts were nearing their maximum order value. This decision was made due to challenges associated with the four regional awards, indicated by the early exercising of option years, which caused two of the contracts to prematurely expire monetarily. The challenges associated with the four regional awards indicated that pursuing a regional model for such services was not in the best business interests of NRCS. Specifically, NRCS determined, among other things, that awarding the contracts on a regional basis proved to be more expensive than a state-based model; the regional award model did not allow for the level of customization necessary to ensure that states were getting the services they needed; awarding contracts on a regional basis to one vendor prevented NRCS from utilizing multiple small businesses and thus impeded the agency from meeting its small business utilization goals; and awarding the contracts on a regional basis required a contracting officer to be assigned full time to manage the contracts, thus depleting resources from other critical contracting actions managed by the Contracting Services Branch. As a result of these factors, NRCS re-solicited the services on a state basis. NRCS determined that awarding the contracts on a state rather than a regional or national basis would yield the lowest overall cost to the government; would afford easier access to more localized small business vendors, thus assisting NRCS in meeting USDA's small business utilization goals; and would reduce the workload of the Contracting

7

Services Branch, among other things. The reasons for the decision are more fully set forth in the March 2018 Decision Memorandum produced in response to Request No. 2 of Plaintiff's First Requests for Production. Pursuant to Federal Rule 33(d), defendants respond by reference to that document.

Individuals responsible for making this decision include Thomas W. Christensen, Stephen Schaefer, Leonard Jordan, and Heidi Atkinson.

Defendants further state that decisions not to renew an available option period or seek additional funding for available option periods, which plaintiff includes in its definition of terminate, do not actually constitute termination of a contract and are not tracked as such. Documents responsive to this request may be located in the contract files produced in response to Request No. 2 in Defendants' Responses to Plaintiff's First Requests for the Production of Documents. Pursuant to Federal Rule 33(d), defendants respond by reference to those documents.

**Interrogatory No. 5:** Describe any process by which defendants determine whether the ability of a socially disadvantaged individual (as defined in the Section 8(a) Program) to compete in the free enterprise system has been impaired due to diminished capital and credit opportunities as compared to others in the same business area who are not socially disadvantaged.

**Response to Interrogatory No. 5:** Defendants object to Interrogatory No. 5 as vague and ambiguous as to the phrase "process by which defendants determine." Defendants interpret this interrogatory as asking how defendants determine whether an applicant to or participant in the 8(a) program meets the definition of "economically disadvantaged" in 15 U.S.C. § 637(a)(6)(A). Defendants further object to Interrogatory No. 5 to the extent it seeks information that is as accessible to plaintiff as it is to defendants, including publicly available information. Defendants also object to Interrogatory No. 5 to the extent it seeks information protected by the

8

government deliberative process privilege, the attorney-client privilege, or the work product doctrine.

Subject to and without waiving the foregoing objections, defendants state that the SBA determines whether an applicant to or participant in the 8(a) program qualifies as "economically disadvantaged" pursuant to the Small Business Act by examining the factors set forth in 15 U.S.C. § 637(a)(6) and 13 C.F.R. § 124.104.

**Interrogatory No. 6:** [USDA defendants only] Describe any standard procedure USDA has had since January 1, 2010 for awarding contracts for administrative or technical support services for NRCS programs or activities.

**Response to Interrogatory No. 6:** Defendants object to Interrogatory No. 6 as overbroad and unduly burdensome in that it seeks information for an over 10-year period. Defendants further object to Interrogatory No. 6 to the extent it seeks information that is as accessible to plaintiff as it is to defendants, including publicly available documents and information.

Subject to and without waiving the foregoing objections, pursuant to Rule 33(d) of the Federal Rules of Civil Procedure, defendants respond by reference to the documents produced and referenced in response to Request No. 11 of Plaintiff's First Requests for Production, from which the response to Interrogatory No. 6 may be ascertained or derived. Defendants further represent that the USDA does not have specific procedures for awarding contracts for administrative or technical support services that differ from its general procedures for awarding contracts.

**Interrogatory No. 7:** State the number of firms since January 1, 1990 that have been excluded from the Section 8(a) Program – either by having an application denied or by disallowing continued participation -- pursuant to 13 CFR § 124.103(b)(3) despite having one or more owners that was actually a member of, and held himself or herself out as a member of, one of the groups identified in 13 CFR § 124.103(b)(1), met the requirements of ownership and citizenship requirements in 13 CFR § 124.101, and met the qualifications for economic disadvantage in 13 CFR § 124.104.

9

**Response to Interrogatory No. 7:** Defendants object to Interrogatory No. 7 because it is overbroad, unduly burdensome, and not proportional to the needs of the case, particularly insofar as it requests information since January 1, 1990—more than thirty years ago. Defendants also object to Interrogatory No. 7 to the extent it seeks information protected by the government deliberative process privilege, the attorney-client privilege, or the work product doctrine.

Subject to and without waiving the foregoing objections, defendants respond that no firm has been excluded from the 8(a) program based on the criteria set forth in plaintiff's request.

**Interrogatory No. 8:** Set forth the percentage of all participants in the Section 8(a) Program, and the percentage of participants in the Section 8(a) Program who are contractors providing technical and administrative support services, whose owners meeting the requirements of 13 CFR § 124.101 were deemed socially disadvantaged pursuant to the presumption in 13 CFR § 124.103(b)(1).

**Response to Interrogatory No. 8:** Defendants object to Interrogatory No. 8 as overbroad and unduly burdensome on the grounds that it seeks information for a nine-year period.

Subject to and without waiving the foregoing objections, defendants state that they do not track the information requested in Interrogatory No. 8, but that the documents produced in response to Plaintiff's Request for Production No. 16 may contain some information that is responsive to this request.

**Interrogatory No. 9:** Set forth the percentage of (1) contracts with the USDA and (2) contracts for administrative and technical support services for NRCS programs and activities that are terminated.

**Response to Interrogatory No. 9:** Defendants object to Interrogatory No. 9 as overbroad and unduly burdensome and on the grounds that it seeks information not relevant to any party's claim or defense nor proportional to the needs of the case

10

Case 2:20-cv-00041-DCLC-CRW   Document 60-6   Filed 06/21/22   Page 11 of 20
PageID #: 874

based on plaintiff's definition of the term "terminated" and insofar as responding to this request would require defendants to examine documents in individual contract files for all contracts with the USDA over a 10-year period. The burden of such a search outweighs any likely benefit.

Subject to and without waiving the foregoing objections, defendants state that they do not maintain statistics concerning the percentage of USDA contracts that are terminated as that term is defined by plaintiff. Pursuant to Federal Rule 33(d), defendants refer plaintiff to the document produced in response to Plaintiff's Request for Production No. 19, which shows the number of contracts terminated for cause, default, or convenience.

**Interrogatory No. 10:** State whether there is any obligation of a qualifying small business that successfully obtains a contract reserved for small businesses to maintain that status (*i.e.*, of a qualifying small business) throughout the term of the contract or for the exercise of any options under the contract and, if so, identify the requirement.

**Response to Interrogatory No. 10:** Defendants object to Interrogatory No. 10 to the extent it seeks a legal conclusion. Defendants further object to Interrogatory No. 10 on the grounds that it seeks information that is not relevant to any party's claim or defense.

Subject to and without waiving the foregoing objections, defendants refer plaintiff to 13 C.F.R. § 121.404, which sets forth when the size status of a business concern is determined, including that in certain circumstances a contracting officer may request a size recertification.

**Interrogatory No. 11:** If any request to admit in Plaintiff's First Request To Admit has been denied in whole or part, explain the basis for such denial.

**Response to Interrogatory No. 11:** Defendants refer plaintiff to Defendants' Responses to Plaintiff's First Set of Requests to Admit.

Dated: May 28, 2021

|  |  |
|---|---|
| | Respectfully submitted, |
| | KAREN D. WOODARD<br>Acting Chief<br>Employment Litigation Section<br>Civil Rights Division<br>United States Department of Justice |
| OF COUNSEL: | |
| Karen Hunter<br>Senior Trial Attorney | ANDREW BRANIFF (IN Bar No. 23430-71)<br>Special Litigation Counsel |
| David A. Fishman<br>Assistant General Counsel for Litigation | By: */s/ Juliet E. Gray* |
| Eric S. Benderson<br>Associate General Counsel for Litigation<br>U.S. Small Business Administration | Juliet E. Gray (D.C. Bar No. 985608)<br>Taryn Wilgus Null (D.C. Bar No. 985724)<br>K'Shaani Smith (N.Y. Bar 5059217)<br>Senior Trial Attorneys |
| Amar Shakti Nair<br>Attorney Advisor | Employment Litigation Section<br>Civil Rights Division<br>United States Department of Justice |
| Ashley Craig<br>Attorney Advisor<br>U.S. Department Of Agriculture | 150 M Street, N.E.<br>Washington, D.C. 20002<br>(202) 598-1600<br>Juliet.Gray@usdoj.gov<br>Taryn.Null@usdoj.gov<br>K'Shaani.Smith@usdoj.gov |

# CERTIFICATE OF SERVICE

I hereby certify that on May 28, 2021, I served a true and correct copy of Defendants' Responses to Plaintiff's First Set of Interrogatories via email to:

>Michael Rosman
>Michelle Scott
>Center for Individual Rights
>1100 Connecticut Ave., NW, Suite 625
>Washington, DC 20036
>rosman@cir-usa.org
>scott@cir-usa.org
>
>Dale Conder
>Rainey Kizer Reviere & Bell PLC
>209 E. Main Street
>Jackson, TN 38301
>dconder@raineykizer.com

>>*/s/ Juliet E. Gray*
>>Juliet E. Gray
>>Senior Trial Attorney

13

# VERIFICATION FOR RESPONSES TO INTERROGATORIES

I certify under penalty of perjury under the laws of the United States of America that the foregoing response to interrogatory number 9 is true and correct.

_____
Tiffany Taylor
Senior Procurement Executive
U.S. Department of Agriculture

5/28/2021
_____
Date

| PIID | Most Recent Contracting Officer | Period of Performance Start Date | Completion Date | Type of Set Aside | Vendor Name | Is Vendor Business Type - 8A Program Participant | Is Vendor Business Type - Minority Owned Business | Is Vendor Business Type - Subcontinent Asian (Asian-Indian) American Owned | Is Vendor Business Type - Asian-Pacific American Owned | Is Vendor Business Type - Black American Owned | Is Vendor Business Type - Hispanic American Owned | Is Vendor Business Type - Native American Owned | Is Vendor Business Type - Other Minority Owned |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 121A2318F0041 | Howard Stover | 01/17/2018 | 09/30/2018 | SUBJECT TO MULTIPLE AWARD FAIR OPPORTUNITY | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| 121A2318F0061 | Amy Smith | 02/06/2018 | 11/30/2018 | SUBJECT TO MULTIPLE AWARD FAIR OPPORTUNITY | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| 121A2318F0176 | Danny Mandell | 07/13/2018 | 09/30/2018 | SUBJECT TO MULTIPLE AWARD FAIR OPPORTUNITY | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| 121A2318P0184 | Julie Simpson | 09/27/2018 | 10/31/2019 | 8(A) SOLE SOURCE | ALL-PRO PLACEMENT SERVICE, INC. | YES | YES | NO | NO | NO | NO | NO | YES |
| 122B4618C0009 | Oriel Velez Olivieri | 09/10/2018 | 09/30/2019 | 8(A) SOLE SOURCE | ACCOUNTING LEGAL & LOGISTICS SOLUTIONS, INC. | YES | YES | NO | NO | YES | NO | NO | NO |
| 122B4618C0010 | Angie Comstock | 09/21/2018 | 09/30/2019 | NO SET ASIDE USED. | CHENEGA PROFESSIONAL & TECHNICAL SERVICES, LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 122B4618C0012 | Howard Stover | 09/24/2018 | 09/30/2020 | 8(A) SOLE SOURCE | CHENEGA PROFESSIONAL & TECHNICAL SERVICES, LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 123C7818C0008 | Julie Simpson | 06/25/2018 | 06/30/2019 | 8(A) SOLE SOURCE | PBP MANAGEMENT GROUP, INC. | YES | YES | NO | NO | YES | NO | NO | NO |
| 124D9018C0012 | Jeremiah Keenan | 06/04/2018 | 06/30/2019 | 8(A) SOLE SOURCE | POWTEC SOLUTIONS, LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 124D9018C0017 | Ryan Lorimer | 09/11/2018 | 09/30/2019 | NO SET ASIDE USED. | POWTEC SOLUTIONS, LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC119P0148 | Amy Stonebraker | 07/11/2019 | 07/29/2020 | 8(A) SOLE SOURCE | WINSAY, INC. | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC120A0001 | Amy Stonebraker | 02/28/2020 | 02/28/2020 | | HEARTLAND ENERGY PARTNERS LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC120A0002 | Amy Stonebraker | 03/06/2020 | 03/06/2020 | | GPI ENTERPRISES INC. | YES | YES | NO | NO | NO | YES | NO | NO |
| 12FPC120A0006 | Amy Stonebraker | 09/03/2020 | | ECONOMICALLY DISADVANTAGED WOMEN OWNED SMALL BUSINESS | CONNEXUS HUB INC. | YES | YES | NO | YES | NO | NO | NO | NO |
| 12FPC120A0008 | Amy Stonebraker | 09/24/2020 | | | CHENEGA SYSTEMS, LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC120A0010 | Kristina Baker | 09/27/2020 | | | FREEDOM INTERNATIONAL INC. | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC120A0013 | Amy Stonebraker | 09/29/2020 | | ECONOMICALLY DISADVANTAGED WOMEN OWNED SMALL BUSINESS | CLEAR GLOBAL SOLUTIONS LLC | YES | YES | NO | NO | NO | YES | NO | NO |
| 12FPC120C0010 | Amy Stonebraker | 09/23/2020 | 09/30/2021 | 8(A) SOLE SOURCE | HEARTLAND ENERGY PARTNERS LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC120F0158 | Amy Stonebraker | 03/16/2020 | 03/05/2021 | SMALL BUSINESS SET ASIDE - TOTAL | GPI ENTERPRISES INC. | YES | YES | NO | NO | NO | YES | NO | NO |
| 12FPC120F0162 | Amy Stonebraker | 03/19/2020 | 02/28/2021 | 8(A) SOLE SOURCE | HEARTLAND ENERGY PARTNERS LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC120F0348 | Amy Stonebraker | 06/25/2020 | 06/30/2022 | 8(A) SOLE SOURCE | HEARTLAND ENERGY PARTNERS LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC120F0467 | Amy Stonebraker | 09/03/2020 | 09/30/2021 | ECONOMICALLY DISADVANTAGED WOMEN OWNED SMALL BUSINESS | CONNEXUS HUB INC. | YES | YES | NO | YES | NO | NO | NO | NO |
| 12FPC120F0488 | Amy Stonebraker | 09/18/2020 | 10/01/2021 | SMALL BUSINESS SET ASIDE - TOTAL | HEARTLAND ENERGY PARTNERS LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC120F0490 | Amy Stonebraker | 09/23/2020 | 09/30/2021 | ECONOMICALLY DISADVANTAGED WOMEN OWNED SMALL BUSINESS | CONNEXUS HUB INC. | YES | YES | NO | YES | NO | NO | NO | NO |
| 12FPC120F0494 | Julie Simpson | 09/25/2020 | 09/23/2021 | NO SET ASIDE USED. | CHENEGA SYSTEMS, LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC120F0505 | Amy Stonebraker | 09/29/2020 | 09/26/2025 | NO SET ASIDE USED. | FREEDOM INTERNATIONAL INC. | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC120F0507 | Amy Stonebraker | 09/29/2020 | 09/30/2021 | ECONOMICALLY DISADVANTAGED WOMEN OWNED SMALL BUSINESS | CLEAR GLOBAL SOLUTIONS LLC | YES | YES | NO | NO | NO | YES | NO | NO |
| 12FPC120P0083 | Amy Stonebraker | 04/06/2020 | 04/12/2021 | 8(A) SOLE SOURCE | RIVIDIUM INC. | YES | YES | NO | NO | NO | YES | NO | NO |
| 12FPC120P0094 | Julie Simpson | 04/20/2020 | 04/30/2021 | 8(A) SOLE SOURCE | PRACTICAL SOLUTIONS, INC. | YES | YES | NO | NO | NO | NO | NO | YES |
| 12FPC120P0287 | Amy Stonebraker | 09/30/2020 | 11/04/2021 | 8A COMPETED | WITS SOLUTIONS INC. | YES | YES | YES | NO | NO | NO | NO | NO |
| 12FPC121F0009 | Philip Reimnitz | 11/16/2020 | 12/15/2020 | 8(A) SOLE SOURCE | ACCOUNTING LEGAL & LOGISTICS SOLUT | YES | NO | NO | YES | NO | NO | NO | NO |
| 12FPC121F0010 | Philip Reimnitz | 11/17/2020 | 12/04/2020 | NO SET ASIDE USED. | CHENEGA PROFESSIONAL & TECHNICAL S | YES | NO | NO | YES | NO | NO | NO | NO |
| 12FPC121F0098 | Kristina Baker | 06/01/2021 | 09/26/2022 | NO SET ASIDE USED.  BPA Call | FREEDOM INTERNATIONAL INC. | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC121F0130 | Julie Simpson | 06/30/2021 | 06/30/2022 | NO SET ASIDE USED.  BPA Call | MILLENNIUM GROUP INTERNATIONAL, L | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC219C0027 | Bumjoon Pak | 09/27/2019 | 09/28/2022 | 8(A) SOLE SOURCE | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC219P0090 | Laureen Eipp | 05/15/2019 | 05/15/2020 | 8(A) SOLE SOURCE | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC219P0189 | Bumjoon Pak | 09/09/2019 | 09/29/2020 | 8(A) SOLE SOURCE | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC219P0203 | Nnenna Njoku | 09/16/2019 | 10/01/2020 | 8(A) SOLE SOURCE | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |

US0136116

| Contract # | Specialist | Award Date | End Date | Set Aside Type | Vendor | C1 | C2 | C3 | C4 | C5 | C6 | C7 | C8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 12FPC219P0232 | Nnenna Njoku | 09/30/2019 | 09/29/2020 | NO SET ASIDE USED. | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC219P0252 | Laureen Eipp | 09/30/2019 | 09/29/2020 | 8(A) SOLE SOURCE | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC220F0102 | Ryan Lorimer | 09/28/2020 | 09/27/2021 | NO SET ASIDE USED. | ATTAINX INC. | YES | YES | YES | NO | NO | NO | NO | NO |
| 12FPC220P0081 | Nnenna Njoku | 09/30/2020 | 09/29/2021 | NO SET ASIDE USED. | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC319C0003 | Julie Simpson | 03/20/2019 | 04/30/2024 | 8(A) SOLE SOURCE | ACCOUNTING LEGAL & LOGISTICS SOLUTIONS, INC. | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC319C0004 | Julie Simpson | 06/26/2019 | 09/30/2020 | 8(A) SOLE SOURCE | ACCOUNTING LEGAL & LOGISTICS SOLUTIONS, INC. | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC319C0006 | Julie Simpson | 07/23/2019 | 07/31/2020 | 8(A) SOLE SOURCE | MEC ENERGY SERVICES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC319F0034 | Julie Simpson | 02/21/2019 | 02/28/2020 | NO SET ASIDE USED. | HEARTLAND ENERGY PARTNERS LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC319P0052 | Julie Simpson | 02/26/2019 | 02/29/2020 | 8(A) SOLE SOURCE | SINEW MANAGEMENT GROUP LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC320C0016 | Julie Simpson | 10/01/2020 | 09/30/2021 | 8(A) SOLE SOURCE | AVALON BUSINESS ENGINEERING SERVICES, LLC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC321F0154 | Ryan Lorimer | 06/17/2021 | 06/30/2022 | NO SET ASIDE USED. BPA Call | CLEAR GLOBAL SOLUTIONS LLC | YES | YES | NO | NO | NO | YES | NO | NO |
| 12FPC419C0002 | Ryan Lorimer | 04/25/2019 | 04/30/2020 | 8(A) SOLE SOURCE | TIME SYSTEMS LLC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC419C0003 | Chanda Sow | 04/23/2019 | 10/31/2019 | 8(A) SOLE SOURCE | TEYA ENTERPRISES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC419C0007 | Ryan Lorimer | 06/17/2019 | 12/31/2019 | 8(A) SOLE SOURCE | TEYA ENTERPRISES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC419C0008 | Ryan Lorimer | 09/01/2019 | 08/31/2020 | 8(A) SOLE SOURCE | TIME SYSTEMS LLC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC419C0010 | Ryan Lorimer | 08/22/2019 | 09/30/2022 | 8(A) SOLE SOURCE | MEC ENERGY SERVICES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC419C0012 | Andrew Fiske | 08/22/2019 | 09/30/2020 | 8(A) SOLE SOURCE | MEC ENERGY SERVICES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC419C0013 | Andrew Fiske | 08/23/2019 | 09/30/2020 | NO SET ASIDE USED. | MEC ENERGY SERVICES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC419C0014 | Vincent Palmer | 08/26/2019 | 09/09/2020 | 8(A) SOLE SOURCE | MEC ENERGY SERVICES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC419P0197 | Vincent Palmer | 09/12/2019 | 11/29/2019 | NO SET ASIDE USED. | BUSINESS DEVELOPMENT ASSOCIATES, LLC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC419P0203 | Oriel Velez Olivieri | 09/16/2019 | 09/29/2020 | NO SET ASIDE USED. | ENGLISH-EL ENTERPRISES LLC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC420C0001 | Ryan Lorimer | 12/16/2019 | 12/31/2020 | 8(A) SOLE SOURCE | TEYA ENTERPRISES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC420F0012 | Ryan Lorimer | 12/18/2019 | 12/17/2020 | SMALL BUSINESS SET ASIDE - TOTAL | GPI ENTERPRISES INC. | YES | YES | NO | NO | NO | YES | NO | NO |
| 12FPC420P0118 | Ryan Lorimer | 09/01/2020 | 09/09/2021 | 8(A) SOLE SOURCE | MEC ENERGY SERVICES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC420P0128 | Chanda Sow | 08/31/2020 | 08/31/2021 | 8(A) SOLE SOURCE | AVALON BUSINESS ENGINEERING SERVICES, LLC | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC420P0129 | Ryan Lorimer | 09/04/2020 | 09/07/2021 | 8(A) SOLE SOURCE | TEYA ENTERPRISES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC421F0082 | Amy Stonebraker | 08/09/2021 | 09/14/2022 | NO SET ASIDE USED. BPA Call | CONNEXUS HUB INC. | YES | YES | NO | YES | NO | NO | NO | NO |
| 12FPC421F0088 | Amy Stonebraker | 08/10/2021 | 09/23/2022 | NO SET ASIDE USED. BPA Call | CHENEGA SYSTEMS, LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12FPC421P0023 | Amy Stonebraker | 04/08/2021 | 04/30/2022 | 8(A) SOLE SOURCE | FREEDOM INTERNATIONAL INC. | YES | YES | NO | NO | YES | NO | NO | NO |
| 12FPC421P0110 | Amy Stonebraker | 08/27/2021 | 09/30/2022 | 8(A) SOLE SOURCE | PCI GOVERNMENT SERVICES LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| 12SPEC18F0038 | Oriel Velez Olivieri | 09/07/2018 | 09/09/2019 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| AG1A23C170001 | Patricia Sanders | 12/21/2016 | 09/29/2017 | 8(A) SOLE SOURCE | ABACUS SERVICE CORPORATION | YES | YES | YES | NO | NO | NO | NO | NO |
| AG1A23C170002 | Philip Reimnitz | 12/30/2016 | 12/30/2017 | 8(A) SOLE SOURCE | CONZINITY GROUP, LLC | YES | YES | NO | NO | YES | NO | NO | NO |
| AG1A23D160010 | Aaron Ramsey | 12/23/2015 | 07/31/2016 | NO SET ASIDE USED. | J A M A ENTERPRISES | YES | YES | YES | NO | NO | NO | NO | NO |
| AG1A23D170159 | Gay Mullen-Brown | 10/24/2017 | 01/31/2018 | NO SET ASIDE USED. | BUSINESS DEVELOPMENT ASSOCIATES, LLC | YES | YES | NO | NO | YES | NO | NO | NO |
| AG1A23K161152 | Amy Stonebraker | 08/24/2016 | 10/31/2017 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| AG1A23K161200 | Chanda Sow | 09/09/2016 | 10/31/2017 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| AG1A23K170732 | Amy Stonebraker | 06/09/2017 | 10/31/2017 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| AG1A23K170812 | Chanda Sow | 07/21/2017 | 12/31/2017 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| AG1A23P160174 | Amy Stonebraker | 09/08/2016 | 03/14/2017 | 8(A) SOLE SOURCE | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |
| AG1A23P160176 | Amy Stonebraker | 09/28/2016 | 04/30/2017 | 8(A) SOLE SOURCE | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |
| AG1A23P170110 | Oriel Velez Olivieri | 05/15/2017 | 05/15/2018 | 8(A) SOLE SOURCE | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |
| AG2B46C170016 | Shaukat Syed | 03/27/2017 | 06/30/2017 | 8(A) SOLE SOURCE | CFO LEASING, INC. | YES | NO | NO | NO | YES | NO | NO | NO |
| AG2B46P170159 | Nancy Harris | 09/12/2017 | 09/30/2018 | 8(A) SOLE SOURCE | LEWIS-PRICE & ASSOCIATES INC | YES | YES | NO | NO | YES | NO | NO | NO |
| AG3A75B150001 | Linda Dyson | 04/01/2015 | 03/31/2020 | NO SET ASIDE USED. | HUMAN RESOURCES CONSULTING, INCORPORATED | YES | NO | NO | NO | YES | NO | NO | NO |
| AG3A75P150007 | Marian Jones-Millwood | 01/30/2015 | 12/31/2015 | 8(A) SOLE SOURCE | FOUR LLC | YES | YES | NO | NO | NO | NO | NO | YES |
| AG3C78D160188 | Ryan Lorimer | 09/06/2016 | 12/31/2016 | 8A COMPETED | TASK SOURCE INC. | YES | YES | NO | NO | NO | NO | YES | NO |
| AG3D47P150012 | Vicki Supler | 09/10/2015 | 09/09/2016 | 8(A) SOLE SOURCE | ARK TEMPORARY STAFFING LLC | YES | YES | NO | NO | YES | NO | NO | NO |

| Contract | Name | Date 1 | Date 2 | Set Aside | Vendor | C1 | C2 | C3 | C4 | C5 | C6 | C7 | C8 |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| AG4310K150007 | Amy Stonebraker | 09/29/2015 | 09/30/2016 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| AG4310P150016 | Denise Brooks | 08/20/2015 | 02/29/2016 | 8(A) SOLE SOURCE | CREATIVE BUSINESS SOLUTIONS, INC. | YES | YES | NO | NO | YES | NO | NO | NO |
| AG4D90C170027 | Philip Reimnitz | 09/26/2017 | 09/30/2022 | 8(A) SOLE SOURCE | AGILE TRANSFORMATION, INC. | YES | YES | NO | NO | YES | NO | PNO | NO |
| AG4D90K160031 | Howard Stover | 03/10/2016 | 03/31/2017 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| AG4D90K160032 | Howard Stover | 03/10/2016 | 03/31/2017 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| AG4D90P170084 | Howard Stover | 03/24/2017 | 12/31/2017 | NO SET ASIDE USED. | POWTEC SOLUTIONS, LLC | YES | YES | NO | NO | NO | NO | YES | NO |
| AG7103K150015 | Shaukat Syed | 09/11/2015 | 09/30/2016 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| AG9104K150007 | Dale Clark | 02/17/2015 | 08/14/2015 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |
| AG9104K150008 | Dale Clark | 04/17/2015 | 12/31/2015 | SMALL BUSINESS SET ASIDE - TOTAL | PANUM TELECOM LLC | YES | YES | YES | NO | NO | NO | NO | NO |

US0136118

# VERIFICATION FOR RESPONSES TO INTERROGATORIES

I certify under penalty of perjury under the laws of the United States of America that the foregoing responses to interrogatory numbers 1, 2, 3, 4, 6, and 10 are true and correct.

_____
Sheryl Welch
Contract Specialist
U.S. Department of Agriculture


_____06/18/2021_____
Date

Case 2:20-cv-00041-DCLC-CRW    Document 60-6    Filed 06/21/22    Page 19 of 20
PageID #: 882

# VERIFICATION FOR RESPONSES TO INTERROGATORIES

I certify under penalty of perjury under the laws of the United States of America that the foregoing responses to interrogatory numbers 5, 7, and 8 are true and correct.

*Donna L. Peebles*
Donna Peebles
Associate Administrator for 8(a) Business Development
U.S. Department of Agriculture

June 1, 2021
_____
Date