# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW |
| | ) |
| U.S. DEPARTMENT OF AGRICULTURE, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSES TO
PLAINTIFF'S FIRST SET OF REQUESTS TO ADMIT**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants the United States Department of Agriculture ("USDA"), the Secretary of Agriculture, Tom Vilsack, the United States Small Business Administration ("SBA"), and its Administrator, Isabella Casillas Guzman (collectively, "defendants") respond to Plaintiff's First Set of Requests to Admit as follows:

GENERAL OBJECTIONS

1. Defendants object to plaintiff's requests to admit to the extent they call for the disclosure of any information protected from disclosure by any privilege, statute, or doctrine, including without limitation the attorney-client privilege and the attorney work product doctrine. The inadvertent disclosure of such information shall not constitute a waiver of any right of non-disclosure, or the waiver of any other grounds for objecting to the production of such information.

2. Defendants object to plaintiff's requests to admit to the extent they (a) fail to describe the information requested with reasonable particularity; (b) are

1

unreasonably cumulative or duplicative; (c) seek information obtainable from some other source that is more convenient, less burdensome, or less expensive; (d) seek information that is publicly available; or (e) otherwise exceed the requirements of the Federal Rules of Civil Procedure and/or the local rules of this Court.

3. Defendants object to plaintiff's requests to admit to the extent they are overly broad, unduly burdensome, and are neither relevant to any claim or defense of any party nor reasonably calculated to lead to discovery of admissible evidence, nor proportional to the needs of the case.

4. Defendants object to plaintiff's requests to admit to the extent they are argumentative, prejudicial, improper, vague, and/or ambiguous.

5. Defendants object to plaintiff's requests to admit to the extent they seek legal conclusions and/or would require defendants to reach a legal conclusion in order to prepare a response.

6. Defendants object to plaintiff's definition of "administrative or technical support" as being limited to the areas of work falling under NAICS codes 561110 or 541611. For purposes of responding to these requests, defendants will interpret requests for information related to "administrative or technical support" as requesting information related to those two NAICS codes; however, defendants reserve the right to take the position that the industry or industries relevant to this litigation are not limited to NAICS codes 561110 and 541611.

7. Defendants reserve the right to amend and supplement their responses as additional information may become available or is discovered.

8. Each of the answers set forth below is subject to these general objections. A specific response may repeat a general objection for emphasis or some other reason.

The failure to include any general objection in any specific response does not waive any general objection to that request.

SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:** Plaintiff has previously been a contractor with USDA to provide administrative and/or technical support for NRCS programs and activities.

**Response to Request No. 1:** Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 2:** Prior to 2017, USDA always exercised any options for renewal on any multi-term contract with Plaintiff pursuant to which Plaintiff was providing administrative and/or technical support for NRCS programs and activities.

**Response to Request No. 2:** Defendants object to Request No. 2 as overbroad and unduly burdensome as it is not limited in time and insofar as defendants do not electronically track decisions not to exercise options on a contract. Accordingly, Request No. 2 would require defendants to conduct burdensome and expensive searches through each contract file for plaintiff's contracts with NRCS for an over 13-year period. The burden of such a search outweighs any likely benefit.

Subject to and without waiving the foregoing objections, defendants respond as follows: having made a reasonable inquiry, defendants lack information sufficient to enable them to truthfully admit or deny this request insofar as defendants do not track the information requested and it is only ascertainable by conducting a burdensome search through over 13 years' worth of contract files.

**Request No. 3:** Having $3.99 million in assets, plus additional sums in a retirement account, would not, by itself, disqualify a person whose controlled firm was applying for inclusion in the Section 8(a) Program, from being deemed "economically disadvantaged" for purposes of the Program.

**Response to Request No. 3:** Defendants object to Request No. 3 as vague and ambiguous as it purports to paraphrase portions of 13 C.F.R. § 124.104(4), but does

3

not include pertinent information from that provision, such as that assets include an individual's primary residence and the value of the 8(a) applicant/participant firm. Defendants further object to Request No. 3 to the extent it seeks information that is as accessible to plaintiff as it is to defendants, including publicly available documents and information.

Subject to and without waiving the foregoing objections, defendants admit subject to the qualification that 13 C.F.R. § 124.104(4) defines "assets" as including an individual's primary residence and the value of the 8(a) applicant/participant firm.

**Request No. 4:** Having $5.99 million in assets, plus additional sums in a retirement account, would not, by itself, disqualify a person whose controlled firm was already participating in the Section 8(a) Program, from being deemed "economically disadvantaged" for purposes of the Program.

**Response to Request No. 4:** Defendants object to Request No. 3 as vague and ambiguous as it purports to paraphrase portions of 13 C.F.R. § 124.104(4), but does not include pertinent information from that provision, such as that assets include an individual's primary residence and the value of the 8(a) applicant/participant firm. Defendants further object to Request No. 4 to the extent it seeks information that is as accessible to plaintiff as it is to defendants, including publicly available documents and information.

Subject to and without waiving the foregoing objections, defendants admit subject to the qualification that 13 C.F.R. § 124.104(4) defines "assets" as including an individual's primary residence and the value of the 8(a) applicant/participant firm.

**Request No. 5:** Since January 1, 2000, defendants have not engaged in intentional discrimination on the basis of race or national origin against members of any groups

4

listed in 13 CFR § 124.103(b)(1) in the award of federal contracts.

**Response to Request No. 5:** Defendants object to Request No. 5 as vague, ambiguous, argumentative, and prejudicial and because it seeks information that is not relevant to any party's claim or defense to the extent that it relies on the term "intentional discrimination." Defendants further object to Request No. 5 to the extent that it calls for defendants to draw a legal conclusion concerning whether any actions amounted to intentional discrimination. Defendants further object to request No. 5 as improper and unduly burdensome to the extent is would require defendants to have knowledge of the intent or motivations, whether conscious or unconscious, or every individual at two federal agencies who had a role in awarding over a trillion dollars in federal contracts during a more than 20-year period. Defendants further object to Request No. 5 to the extent it seeks information that is as accessible to plaintiff as it is to defendants, including publicly available documents and information.

Subject to and without waiving the foregoing objections, defendants have no way of determining whether or not the actions of every single person involved in awarding contracts at the USDA and the SBA over the past 21 years was motivated, in whole or in part, by discriminatory bias, and defendants therefore deny.

**Request No. 6:** Since January 1, 2000, defendants have not engaged in intentional discrimination on the basis of race or national origin against members of any groups listed in 13 CFR § 124.103(b)(1) in the award of federal contracts to provide administrative or technical services.

**Response to Request No. 6:** Defendants object to Request No. 6 as vague, ambiguous, argumentative, and prejudicial and because it seeks information that is not relevant to any party's claim or defense to the extent that it relies on the term

5

"intentional discrimination." Defendants further object to Request No. 6 to the extent that it calls for defendants to draw a legal conclusion concerning whether any actions amounted to intentional discrimination. Defendants further object to request No. 6 as improper and unduly burdensome to the extent is would require defendants to have knowledge of the intent or motivations, whether conscious or unconscious, or every individual at two federal agencies who had a role in awarding federal contracts to provide administrative or technical services during a more than 20-year period. Defendants further object to Request No. 6 to the extent it seeks information that is as accessible to plaintiff as it is to defendants, including publicly available documents and information.

Subject to and without waiving the foregoing objections, defendants have no way of determining whether or not the actions of every single person involved in awarding contracts to provide administrative or technical services at the USDA and the SBA over the past 21 years was motivated, in whole or in part, by discriminatory bias, and defendants therefore deny.

**Request No. 7:** No group defined by race or national origin ever has been removed from the list of groups in the Section 8(a) Program whose members are presumed to be socially disadvantaged on the ground that that group is no longer adversely affected by the present effects of past discrimination.

**Response to Request No. 7:** Defendants object to Request No. 7 as vague and ambiguous as to the term "presumption." 13 C.F.R. §§ 124.103(b)(1) and (3) provide that there is a rebuttable presumption that members of the specified racial or ethnic groups are socially disadvantaged, which can be overcome by credible evidence to the contrary. Defendants further object to Request No. 7 to the extent that it calls for defendants to draw a legal conclusion concerning whether any actions amounted to discrimination.

Subject to and without waiving the foregoing objections, defendants admit.

Dated: May 28, 2021

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KAREN D. WOODARD<br>Acting Chief<br>Employment Litigation Section<br>Civil Rights Division |
| OF COUNSEL: | United States Department of Justice |
| Karen Hunter<br>Senior Trial Attorney | ANDREW BRANIFF (IN Bar No. 23430-71)<br>Special Litigation Counsel |
| David A. Fishman<br>Assistant General Counsel for Litigation | By: */s/ Juliet E. Gray*<br>Juliet E. Gray (D.C. Bar No. 985608) |
| Eric S. Benderson<br>Associate General Counsel for Litigation<br>U.S. Small Business Administration | Taryn Wilgus Null (D.C. Bar No. 985724)<br>K'Shaani Smith (N.Y. Bar 5059217)<br>Senior Trial Attorneys<br>Employment Litigation Section |
| Amar Shakti Nair<br>Attorney Advisor | Civil Rights Division<br>United States Department of Justice<br>150 M Street, N.E. |
| Ashley Craig<br>Attorney Advisor<br>U.S. Department Of Agriculture | Washington, D.C. 20002<br>(202) 598-1600<br>Juliet.Gray@usdoj.gov<br>Taryn.Null@usdoj.gov<br>K'Shaani.Smith@usdoj.gov |

7

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 28, 2021, I served a true and correct copy of Defendants' Responses to Plaintiff's First Set of Requests to Admit via email to:

    Michael Rosman
    Michelle Scott
    Center for Individual Rights
    1100 Connecticut Ave., NW, Suite 625
    Washington, DC 20036
    rosman@cir-usa.org
    scott@cir-usa.org

    Dale Conder
    Rainey Kizer Reviere & Bell PLC
    209 E. Main Street
    Jackson, TN 38301
    dconder@raineykizer.com

                                            */s/ Juliet E. Gray*
                                            Juliet E. Gray
                                            Senior Trial Attorney

8

Case 2:20-cv-00041-DCLC-CRW   Document 60-7   Filed 06/21/22   Page 9 of 9
PageID #: 892