# EXHIBIT 3

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:20-cv-00041-DCLC-CRW |
| ) | |
| U.S. DEPARTMENT OF AGRICULTURE, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

## SBA DEFENDANTS' RESPONSES TO
## PLAINTIFF'S SECOND SET OF INTERROGATORIES

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants the U.S. Small Business Administration and Administrator of the Small Business Administration ("Defendants") respond to Plaintiff's Second Set of Interrogatories as follows:

### GENERAL OBJECTIONS

1. Defendants object to plaintiff's interrogatories to the extent they call for the disclosure of any information protected from disclosure by any privilege, statute, or doctrine, including without limitation the attorney-client privilege and attorney work product doctrine. The inadvertent disclosure of such information shall not constitute a waiver of any right of non-disclosure, or the waiver of any other grounds for objecting to the production of such information.

2. Defendants object to plaintiff's interrogatories to the extent they (a) fail to describe the information requested with reasonable particularity; (b) are unreasonably cumulative or duplicative; (c) seek information obtainable from some other source that is more convenient, less burdensome, or less expensive; (d) seek

information that is publicly available; or (e) otherwise exceed the requirements of the Federal Rules of Civil Procedure and/or the local rules of this Court.

3. Defendants object to plaintiff's interrogatories to the extent they are overly broad, unduly burdensome, and are neither relevant to any claim or defense of any party nor proportional to the needs of the case.

4. Defendants object to plaintiff's interrogatories to the extent they are argumentative, prejudicial, improper, vague, and/or ambiguous.

5. Defendants object to plaintiff's interrogatories to the extent they seek legal conclusions and/or would require defendants to reach a legal conclusion in order to prepare a response.

6. Defendants object to any definition or instruction in Plaintiff's Second Set of Interrogatories that seeks to impose requirements on defendants beyond those contained in the Federal Rules of Civil Procedure or the Local Rules of this Court.

7. Defendants reserve the right to amend and supplement their responses as additional information may become available or is discovered.

8. Each of the answers set forth below is subject to these general objections. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request.

SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:** Identify each group that has applied under 13 C.F.R. § 124.103(d) to be included as a presumptively socially disadvantaged group under paragraph 13 C.F.R. § 124.103(b)(1), and state whether each application was granted or denied.

**Response to Interrogatory No. 1:** Defendants object to Interrogatory No. 1 to the extent that it seeks documents or information that are as accessible to plaintiff as they are to defendants, including publicly available documents and information. Defendants also object to Interrogatory No. 1 to the extent that it seeks documents protected by the government deliberative process privilege, the attorney-client privilege, or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, defendants identify the following groups that have applied for inclusion as a presumptively socially disadvantaged group and the status of each application:

| Group | Date of Application | Decision |
|---|---|---|
| Asian Pacific Americans | May 22, 1979 | Granted |
| Hasidic Jewish Americans | December 27, 1979 | Denied |
| Asian Indian Americans | June 29, 1981 | Denied |
| Women | December 24, 1981 | Denied |
| Asian Indian Americans | January 7, 1982 | Granted |
| Tongan Americans | November 3, 1986 | Denied |
| Iranian Americans | August 17, 1987 | Denied |
| Disabled Veterans | Late 1987 | Denied |
| Indonesian Americans | April 27, 1989 | Superseded by regulation |
| Disabled Americans | March 30, 1992 | Denied |
| Americans with Severe Disabilities | Early 1993 | Denied |
| Disabled Americans | March 1999 | Denied |
| Women | September 22, 1999 | Denied |

**Interrogatory No. 2:** Identify any person who, as an employee or contractor of the federal government, has (a) reviewed any of the underlying data supporting the disparity studies produced by defendants in this lawsuit and/or (b) provided analysis used by defendants, for the purpose of supporting or justifying the presumption of social disadvantage in 13 C.F.R. § 124.103(b), of the disparity studies produced by defendants in this lawsuit.

**Response to Interrogatory No. 2:** Defendants object to Interrogatory No. 2 as overbroad and unduly burdensome on the grounds that it seeks information for "any

person" employed by or contracted with any agency of the federal government who has reviewed data underlying any of the more than 200 disparity studies that have been produced in this lawsuit. To the extent that plaintiff is requesting information pertaining to individuals that defendants have retained as experts in this litigation, defendants object to this request as premature as expert discovery is not subject to disclosure at this time pursuant to the case management deadlines set by the district court in the April 9, 2021 Scheduling Order, as modified by the parties' November 29, 2021 agreement. Defendants further object to Interrogatory No. 2 to the extent it seeks information protected by the government deliberative process privilege, the attorney-client privilege, or the work product doctrine.

Subject to and without waiving the foregoing objections, defendants state that they are not aware of any non-privileged information responsive to Interrogatory No. 2 that is subject to disclosure at this time.

**Interrogatory No. 3:** Set forth the primary industry classification assigned to it, upon admission to the 8(a) BD program, for each of the 8(a) BD participants identified in your response to Interrogatory No. 1 of Plaintiff's First Set of Interrogatories or the response to Interrogatory No. 3 of Plaintiff's Second Set of Interrogatories to the USDA Defendants. If the primary industry classification changed after initial admission to the 8(a) BD program, identify the date of the change and the new classification.

**Response to Interrogatory No. 3:** Defendants object to Interrogatory No. 3 as unduly burdensome and not proportional to the needs of this case. Responding to this request would require defendants to review the business file of at least 112 program participants, which are maintained by the servicing SBA district office, to seek to identify each participant's initial primary industry classification and whether any changes have been made, with no guarantee that such information would be found. Defendants further object to Interrogatory No. 3 because it is not relevant to any

party's claim or defense in this case, as 8(a) BD participants are not required to have a particular NAICS code in their approved business plan before receiving contracts in that code. Defendants further object to Interrogatory No. 3 because it seeks information that is as accessible to plaintiff as it is to defendants, including publicly available information.

Subject to and without waiving the foregoing objections, defendants refer plaintiff to the Dynamic Small Business Search Database, a publicly available database in which small businesses' current primary industry classifications are listed.

Dated: January 25, 2022

OF COUNSEL:

Karen Hunter
Senior Trial Attorney

David A. Fishman
Assistant General Counsel for Litigation

Eric S. Benderson
Associate General Counsel for Litigation
U.S. Small Business Administration

Amar Shakti Nair
Attorney Advisor

Ashley Craig
Attorney Advisor
U.S. Department Of Agriculture

Respectfully submitted,

KAREN D. WOODARD
Chief
Employment Litigation Section
Civil Rights Division
United States Department of Justice

ANDREW BRANIFF (IN Bar No. 23430-71)
Deputy Chief

By: */s/ Christine T. Dinan*
Juliet E. Gray (D.C. Bar No. 985608)
K'Shaani Smith (N.Y. Bar 5059217)
Christine T. Dinan (N.Y. Bar 5632732)
Senior Trial Attorneys
Employment Litigation Section
Civil Rights Division
United States Department of Justice
150 M Street, N.E.
Washington, D.C. 20002
(202) 598-1600
Juliet.Gray@usdoj.gov
K'Shaani.Smith@usdoj.gov
Christine.Dinan@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2022, I served a true and correct copy of SBA Defendants' Responses to Plaintiff's Second Set of Interrogatories via email to:

Michael Rosman
Michelle Scott
Center for Individual Rights
1100 Connecticut Ave., NW, Suite 625
Washington, DC 20036
rosman@cir-usa.org
scott@cir-usa.org

Dale Conder
Rainey Kizer Reviere & Bell PLC
209 E. Main Street
Jackson, TN 38301
dconder@raineykizer.com

                                                 */s/ Christine T. Dinan*
                                                 Christine T. Dinan
                                                 Trial Attorney