# EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW |
| | ) |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' AMENDED RESPONSES TO
PLAINTIFF'S SECOND SET OF REQUESTS TO ADMIT**

Pursuant to Rule 36 of the Federal Rules of Civil Procedure, defendants the United States Department of Agriculture ("USDA"), the Secretary of Agriculture, Tom Vilsack, the United States Small Business Administration ("SBA"), and its Administrator, Isabella Casillas Guzman (collectively, "defendants") amend their responses to Plaintiff's Second Set of Requests to Admit as follows:

GENERAL OBJECTIONS

1. Defendants object to plaintiff's requests to admit to the extent they call for the disclosure of any information protected from disclosure by any privilege, statute, or doctrine, including without limitation the attorney-client privilege and the attorney work product doctrine. The inadvertent disclosure of such information shall not constitute a waiver of any right of non-disclosure, or the waiver of any other grounds for objecting to the production of such information.

2. Defendants object to plaintiff's requests to admit to the extent they (a) fail to describe the information requested with reasonable particularity; (b) are

1

unreasonably cumulative or duplicative; (c) seek information obtainable from some other source that is more convenient, less burdensome, or less expensive; (d) seek information that is publicly available; or (e) otherwise exceed the requirements of the Federal Rules of Civil Procedure and/or the local rules of this Court.

3. Defendants object to plaintiff's requests to admit to the extent they are overly broad, unduly burdensome, and are neither relevant to any claim or defense of any party nor reasonably calculated to lead to discovery of admissible evidence, nor proportional to the needs of the case.

4. Defendants object to plaintiff's requests to admit to the extent they are argumentative, prejudicial, improper, vague, and/or ambiguous.

5. Defendants object to plaintiff's requests to admit to the extent they seek legal conclusions and/or would require defendants to reach a legal conclusion in order to prepare a response.

6. Defendants object to plaintiff's definition of "administrative or technical support" as work falling under NAICS codes 561110 or 541611. For purposes of responding to these requests, defendants will interpret requests for information related to "administrative or technical support" as requesting information related to those two NAICS codes; however, defendants reserve the right to take the position that the industry or industries relevant to this litigation are not coextensive with NAICS codes 561110 and 541611.

7. Defendants object to plaintiff's definition of the "Wainwright Report" to the extent it refers to the uncorrected version of the report. Defendants' responses will refer to the corrected version of the report dated April 22, 2022, which corrects typographical errors.

2

8. Defendants reserve the right to amend and supplement their responses as additional information may become available or is discovered.

9. Each of the answers set forth below is subject to these general objections. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request.

## SPECIFIC OBJECTIONS AND RESPONSES

**Request No. 1:** Of the disparity studies included in Table 2.1 of the Wainwright Report, twenty- one (21) were published by NERA.

**Response to Request No. 1:** Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 2:** The twenty-one (21) disparity studies published by NERA were the only ones used to calculate the figures in Table 2.8.

**Response to Request No. 2:** Subject to and without waiving the foregoing objections, defendants admit, but aver that some of the figures in Table 2.8 were derived from data from those studies but not published in those studies.

**Request No. 3:** The twenty-one studies used in Table 2.8 involved studies of the following states (or subdivisions thereof): Florida, Hawaii, Maryland, Massachusetts, Minnesota, Mississippi, Missouri, Ohio, New York, Tennessee, and Texas.

**Response to Request No. 3:** Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 4:** Of the eleven (11) states covered by the twenty-one (21) studies used to calculate the figures in Table 2.8, there were studies of only three (3) states where the LYUS was later than 2011.

**Response to Request No. 4:** Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 5:**  The three states for which there were studies used to calculate the figures in Table 2.8 that had a LYUS later than 2011 were Texas, Maryland, and Massachusetts.

**Response to Request No. 5:**  Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 6:**  There were only two studies listed in Table 2.1 covering Oklahoma. One had a LYUS of 2008, the other had a LYUS of 2009.

**Response to Request No. 6:**  Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 7:**  There are nine (9) references in the Wainwright Report to Table 3.

**Response to Request No. 7:**  Subject to and without waiving the foregoing objections, defendants deny.  *See* Report of Defendant's Expert (Corrected April 22, 2022).

**Request No. 8:**  There is no Table 3 in the Wainwright Report.

**Response to Request No. 8:**  Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 9**  There is a reference (on page 51) in the Wainwright Report to Table 6.

**Response to Request No. 9:**  Subject to and without waiving the foregoing objections, defendants deny.  *See* Report of Defendant's Expert (Corrected April 22, 2022).

**Request No. 10:**  There is no Table 6 in the Wainwright Report.

**Response to Request No. 10:**  Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 11:**  In the Chow Report, Mr. Chow stated that he created a file of 5,659,740 registration observations and 64 variables.

**Response to Request No. 11:**  Subject to and without waiving the foregoing

4

Case 2:20-cv-00041-DCLC-CRW   Document 60-9   Filed 06/21/22   Page 5 of 11
PageID #: 905

objections, defendants admit.

**Request No. 12:** Among the 64 variables Mr. Chow created was one named "AWARD_OR_IDV."

**Response to Request No. 12:** Subject to and without waiving the foregoing objections, defendants deny. Mr. Chow did not create this variable. It is a variable that was included in the FDPS data.

**Request No. 13:** Each of the 5,659,740 registration observations has a value for the "AWARD_OR_IDV" variable of either AWARD or IDV.

**Response to Request No. 13:** Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 14:** "IDV" in the "AWARD_OR_IDV" variable stands for Indefinite Delivery Vehicle.

**Response to Request No. 14:** Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 15:** "AWARD" in the "AWARD_OR_IDV" variable reflects an award of a contract with an agency of the federal government.

**Response to Request No. 15:** Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 16:** Defendants do not have evidence that any contracting officer for the USDA has engaged, since 2011, in intentional racial or national origin discrimination in the award of federal contracts against any member of a group listed in 13 C.F.R. § 124.103(b)(1).

**Response to Request No. 16:** Defendants object to this request as argumentative and prejudicial and because it reflects a legal standard not applicable to this case. Defendants further object to this request on the grounds that it seeks the truth of a legal conclusion. Defendants further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires defendants to make an inquiry into the intent and motivations of countless current and

5

former USDA employees over a more than 10-year period, an inquiry which is not required by the legal standards applicable to this case.

Subject to and without waiving the foregoing objections, defendants respond as follows: to the extent plaintiff is referring to evidence about the actions or motivations of specific USDA employees over a 10-year span, the information Defendants know or can readily obtain is insufficient to enable defendants to admit or deny. It is not reasonable to expect Defendants to make such a burdensome inquiry when the legal standards applicable to this case do not require it. Defendants admit that they have not identified a specific contracting officer employed by the USDA who, since 2011, has engaged in intentional racial or national origin discrimination in the award of federal contracts against any member of a group listed in 13 C.F.R. § 124.103(b)(1) or against Plaintiff.

**Request No. 17:** Defendants do not have evidence that any contracting officer for the USDA has engaged, since 2011, in intentional racial or national origin discrimination in the award of federal contracts for administrative or technical services against any member of a group listed in 13 C.F.R. § 124.103(b)(1).

**Response to Request No. 17:** Defendants object to this request as argumentative and prejudicial and because it reflects a legal standard not applicable to this case. Defendants further object to this request on the grounds that it seeks the truth of a legal conclusion. Defendants further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires defendants to make an inquiry into the intent and motivations of countless current and former USDA employees over a more than 10-year period, an inquiry which is not required by the legal standards applicable to this case.

Subject to and without waiving the foregoing objections, defendants respond as follows: to the extent plaintiff is referring to evidence about the actions or motivations of

6

specific USDA employees over a 10-year span, the information Defendants know or can readily obtain is insufficient to enable defendants to admit or deny. It is not reasonable to expect Defendants to make such a burdensome inquiry when the legal standards applicable to this case do not require it. Defendants admit that they have not identified a specific contracting officer employed by the USDA who, since 2011, has engaged in intentional racial or national origin discrimination in the award of federal contracts for administrative or technical services against any member of a group listed in 13 C.F.R. § 124.103(b)(1) or against Plaintiff.

**Request No. 18:** Defendants do not have evidence that any contracting officer for the USDA has engaged, since 2011, in intentional racial or national origin discrimination in the award of federal contracts for administrative or technical services for NRCS against any member of a group listed in 13 C.F.R. § 124.103(b)(1).

**Response to Request No. 18:** Defendants object to this request as argumentative and prejudicial and because it reflects a legal standard not applicable to this case. Defendants further object to this request on the grounds that it seeks the truth of a legal conclusion. Defendants further object to this request as overly broad, unduly burdensome, and not proportional to the needs of the case to the extent it requires defendants to make an inquiry into the intent and motivations of countless current and former USDA employees over a more than 10-year period, an inquiry which is not required by the legal standards applicable to this case.

Subject to and without waiving the foregoing objections, defendants respond as follows: to the extent plaintiff is referring to evidence about the actions or motivations of specific USDA employees over a 10-year span, the information Defendants know or can readily obtain is insufficient to enable defendants to admit or deny. It is not reasonable to expect Defendants to make such a burdensome inquiry when the legal standards

7

applicable to this case do not require it. Defendants admit that they have not identified a specific contracting officer employed by the USDA who, since 2011, has engaged in intentional racial or national origin discrimination in the award of federal contracts for administrative or technical services for NRCS against any member of a group listed in 13 C.F.R. § 124.103(b)(1) or against Plaintiff.

**Request No. 19:** In a speech in Tulsa on June 1, 2021, President Biden stated that he would "increase the share of the dollars the federal government spends to small disadvantaged businesses, including Black and Brown small businesses. Right now, it calls for 10%. I'm going to move that to 15% of every dollar spent . . .".

**Response to Request No. 19:** Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 20:** In an article first published in Black Enterprise magazine in December 2021, SBA Administrator Guzman stated that the goal President Biden set forth in the Tulsa speech was to increase the share of federal contracting "going to small, disadvantaged businesses by 50% by 2025."

**Response to Request No. 20:** Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 21:** In the same article, Administrator Guzman wrote: "In FY 2020, 1.9% of federal contracts went to Black-owned firms while 2.1% went to Latinx-owned firms and 3.2% went to AAPI-owned firms, even though they represent 9.9%, 12.8% and 8.1% of all small businesses, respectively."

**Response to Request No. 21:** Subject to and without waiving the foregoing objections, defendants admit.

**Request No. 22:** In an article by SBA Regional Administrator Mike Fong, first published in the Seattle Times in March 2022, he wrote: "The share of federal procurement spending going to Black, Hispanic, Asian Americans/Pacific Islanders, as well as women and rural-owned businesses, is substantially underrepresented relative to the total number of U.S. businesses owned. We must help them gain equitable access to these contracts and become certified and eligible for these dollars."

**Response to Request No. 22:** Subject to and without waiving the foregoing objections, defendants admit.

Dated: May 20, 2022

|  | Respectfully submitted, |
|---|---|
|  | KAREN D. WOODARD<br>Chief<br>Employment Litigation Section<br>Civil Rights Division |
| OF COUNSEL: | United States Department of Justice |
| Karen Hunter<br>Senior Trial Attorney | ANDREW BRANIFF (IN Bar No. 23430-71)<br>Deputy Chief |
| David A. Fishman<br>Assistant General Counsel for Litigation | By: */s/ Juliet E. Gray*<br>Juliet E. Gray (D.C. Bar No. 985608) |
| Eric S. Benderson<br>Associate General Counsel for Litigation<br>U.S. Small Business Administration | K'Shaani Smith (N.Y. Bar 5059217)<br>Christine T. Dinan (N.Y. Bar 5632732)<br>Senior Trial Attorneys<br>Employment Litigation Section |
| Amar Shakti Nair<br>Attorney Advisor | Civil Rights Division<br>United States Department of Justice<br>150 M Street, N.E. |
| Ashley Craig<br>Attorney Advisor<br>U.S. Department Of Agriculture | Washington, D.C. 20002<br>(202) 598-1600<br>Juliet.Gray@usdoj.gov<br>K'Shaani.Smith@usdoj.gov<br>Christine.Dinan@usdoj.gov |

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 20, 2022, I served a true and correct copy of Defendants' Responses to Plaintiff's Second Set of Requests to Admit via email to:

    Michael Rosman
    Michelle Scott
    Center for Individual Rights
    1100 Connecticut Ave., NW, Suite 625
    Washington, DC 20036
    rosman@cir-usa.org
    scott@cir-usa.org

    Dale Conder
    Rainey Kizer Reviere & Bell PLC
    209 E. Main Street
    Jackson, TN 38301
    dconder@raineykizer.com

                                          */s/ Juliet E. Gray*
                                          Juliet E. Gray
                                          Senior Trial Attorney