# EXHIBIT 8

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
-----------------------------------------------------------------------x
ULTIMA SERVICES CORPORATION,                    :
         Plaintiff,                             :
              -against-                         :    No. 2:20-cv-00041-
                                                     DCLC-CRW
U.S. DEPARTMENT OF AGRICULTURE,                 :
U.S. SMALL BUSINESS ADMINISTRATION,
SECRETARY OF AGRICULTURE, and ADMINISTRATOR     :
OF THE SMALL BUSINESS ADMINISTRATION,
                                                :
         Defendants.
                                                :
-----------------------------------------------------------------------x
```

**PLAINTIFF'S RESPONSE TO DEFENDANTS' THIRD SET OF REQUESTS FOR ADMISSION**

Pursuant to Fed. R. Civ. P. 36, Plaintiff Ultima Services Corporation responds to Defendants' Third Set of Requests for Admission as follows:

Responses to Requests for Admission

1. Admit that Ultima has not bid on any contracts to perform work for USDA since January 1, 2018.

Response: Plaintiff objects on the ground that the word "bid" is vague and ambiguous. Without waiving that objection, deny.

2. Admit that Ultima has not bid on any contracts to perform work for NRCS since January 1, 2018.

Response: Plaintiff objects on the ground that the word "bid" is vague and ambiguous. Without waiving that objection, deny.

3. Admit that Ultima has not bid on any contracts to perform work for USDA since January 1, 2019.

Response: Plaintiff objects on the ground that the word "bid" is vague and ambiguous. Without waiving that objection, deny.

4. Admit that Ultima has not bid on any contracts to perform work for NRCS since January 1, 2019.

Response: Plaintiff objects on the ground that the word "bid" is vague and ambiguous. Without waiving that objection, deny.

5. Admit that Lusa has been awarded one or more federal government contracts set aside for "small business concern[s] owned and controlled by women" as defined in 15 U.S.C. § 632(n).

Response: Admit.

6. Admit that Ultima has been awarded one or more federal government contracts set aside for HUBZone small business concerns as defined in 15 U.S.C. § 657a.

Response: Deny.

7. Admit that Lusa has been awarded one or more federal government contracts set aside for HUBZone small business concerns as defined in 15 U.S.C. § 657a.

Response: Admit.

8. Admit that Ultima has not applied to participate in the GSA Schedules Program as defined by Federal Acquisition Regulations Subpart 8.4.

Response: Admit.

9. Admit that Lusa has not applied to participate in the GSA Schedules Program as defined by Federal Acquisition Regulations Subpart 8.4.

Response: Deny.

> /s/ Michael E. Rosman
> Michael E. Rosman
> Michelle A. Scott
> CENTER FOR INDIVIDUAL RIGHTS
> 1100 Connecticut Ave, NW, Ste. 625
> Washington, D.C. 20036
> (202) 833-8400

M. Dale Conder, Jr.
RAINEY KIZER REVIERE & BELL PLC
209 E. Main St.
Jackson, TN 38301
(731) 426-8130

3

Certificate of Service

      I certify that I served the foregoing response by email on May 6, 2022 to counsel for defendants.

                                              */s/ Michael E. Rosman*
                                               Michael E. Rosman