# EXHIBIT 16

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
------------------------------------------------------------------------------x

ULTIMA SERVICES CORPORATION, :

    Plaintiff, :

       -against- :   No. 2:20-cv-00041-
                                                                             DCLC-CRW
U.S. DEPARTMENT OF AGRICULTURE, :
U.S. SMALL BUSINESS ADMINISTRATION,
SECRETARY OF AGRICULTURE, and ADMINISTRATOR :
OF THE SMALL BUSINESS ADMINISTRATION,
                                                                             :

    Defendants.
                                                                             :
------------------------------------------------------------------------------x

PLAINTIFF'S FIRST REQUESTS FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff requests that defendants produce the requested documents.

## Definitions

"USDA" is the United States Department of Agriculture.

"NRCS" is the Natural Resources Conservation Service.

"Administrative or technical support" are the areas of work falling under NAICS (North American Industry Classification System) codes 561110 or 541611.

"The Section 8(a) Program" is any program utilized to award contracts pursuant to Section 8(a) of the Small Business Act (15 U.S.C. § 637(a)).

The "2017 Regional Contracts" are USDA contracts AG-SPEC-C-17-0013, AG-SPEC-C-17-0014, AG-SPEC-C-17-0015, and AG-SPEC-C-17-0016.

A "contract" includes any task orders, including those issued under the 2017 Regional

Contracts.

"Termination" of a contract, or to "terminate" a contract, includes a decision not to renew an available option period or seek additional funding for available option periods.

"Concerning" means relating to, referring to, describing, evidencing, or constituting.

"Communication" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise).

"Document" is synonymous in meaning and equal in scope to the term "documents or electronically stored information" in Fed. R. Civ. P. 34(a)(1)(A). A draft of non-identical copy is a separate document.

"Person" means any natural person or any legal entity including, without limitation, any business or governmental entity or association.

The terms "all," "any," and "each" shall each be construed as encompassing any and all.

The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

The use of the singular form of any word includes the plural and vice versa.

Unless otherwise stated, the requests call for documents created, distributed, reviewed, or relied upon on or after January 1, 2015.

Documents Requested

1. Any documents concerning a decision to award a contract for administrative or technical support services for NRCS programs or activities to a participant in the Section 8(a)

Program and any resulting contracts.

2. Any documents concerning a decision to terminate a contract for administrative or technical support services for NRCS programs or activities where Plaintiff was the contractor.

3. Any document concerning extending, exercising an option on, or adding funding to, a contract for administrative or technical support services for NRCS programs or activities where Plaintiff was the contractor.

4. Any documents used to support or justify any presumption defendants make that members of particular groups are socially disadvantaged for purposes of the Section 8(a) Program, including, but not limited to, the use of that presumption for government contracts in the area of administrative or technical support services for either USDA or NRCS programs or activities.

5. Any documents concerning the percentage participation of any groups defined by race or national origin in contracts with the USDA for (a) administrative or technical support services in NRCS programs or activities, (b) any industry defined by NAICS code(s), or (c) USDA activities or programs in general.

6. Any documents concerning whether the federal government, USDA, or NRCS has been an active or passive participant in discrimination in contracting in the past, including discrimination in contracting in the area of administrative or technical support services, and any documents concerning the continuing effects of that past discrimination in contracting.

7. Any documents concerning (a) any contracting goals that USDA or NRCS has for small businesses in general, Section 8(a) Program participants, or businesses owned by members of particular racial or national origin groups, either for USDA or NRCS programs in general or in any industry defined by NAICS code(s), (b) how those goals were determined, and (c) whether

3

those goals were met.

8. Any documents created, sent, or received on or after January 1, 2004 concerning an evaluation of Plaintiff's performance, or the quality of its work, under a contract for administrative or technical support services for NRCS programs or activities.

9. Any documents concerning any adverse impact analysis performed by any defendant concerning firms performing administrative or technical support services for USDA, including (but not limited to) any documents concerning Plaintiff's request for an adverse impact analysis in its letter dated September 17, 2018 to Uneeda Collins of the Small Business Administration.

10. Any documents created, sent, or received on or after January 1, 2004 concerning communications between USDA employees responsible for implementing NRCS programs or activities and a USDA contracting officer concerning Plaintiff.

11. Any documents concerning the propriety of using the Section 8(a) Program for USDA generally or with respect to contracts for administrative or technical support for NRCS programs or activities, and any documents concerning the procedures to be used in the USDA or NRCS for the award of contracts to Section 8(a) Program participants.

12. Any documents concerning any assessment of, or used by defendants to assess, the capital and credit opportunities of the owners of firms not in the Section 8(a) Program in various business areas, including the business area of administrative or technical support services.

13. Any documents concerning a comparison of the capital and credit opportunities of the owners of firms in the Section 8(a) Program to the owners of firms in the same line of business.

4

14. Any documents concerning the award of the 2017 Regional Contracts.

15. Any documents concerning the obligation of a qualifying small business that successfully obtains a contract reserved for small businesses to maintain that status throughout the term of the contract or for the exercise of any options under the contract.

16. Any documents created since January 1, 2010, concerning the number or percentage of participants in the Section 8(a) Program whose owners qualified as socially disadvantaged pursuant to the presumption in 13 CFR § 124.103(b)(1).

17. Any document created, sent, or reviewed since January 1, 2010 concerning any policy by which defendants reconsider the propriety of including any group listed in 13 CFR § 124.103(b)(1) or in which defendants reconsidered the propriety of such a group.

18. Any documents concerning the general procedures for awarding contracts for NRCS programs or activities, including any procedures for awarding contracts to small businesses or any subgroup of small businesses such as HUBZone-certified firms, women-owned small businesses, or Section 8(a) firms.

19. Any document concerning the percentage of USDA contracts that are terminated and the common reasons for such terminations. (This request does not seek the production of documents concerning specific terminations.)

20. Documents concerning any additional costs to the USDA from using the Section 8(a) Program to award contracts.

21. Documents concerning any decision since January 1, 2010 to use a USDA contract with a different contractor, outside of the Section 8(a) Program, to provide services that had, up until that time, been awarded to a Section 8(a) Program participant.

5

Dated: May 28, 2020

                                          *Michael E. Rosman*
                                          Michael E. Rosman
                                          Michelle A. Scott
                                          CENTER FOR INDIVIDUAL RIGHTS
                                          1100 Connecticut Ave, NW, Ste. 625
                                          Washington, D.C. 20036
                                          (202) 833-8400

                                          M. Dale Conder, Jr.
                                          RAINEY KIZER REVIERE & BELL PLC
                                          209 E. Main St.
                                          Jackson, TN 38301
                                          (731) 426-8130