# EXHIBIT 23

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| ULTIMA SERVICES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:20-cv-00041-DCLC-CRW |
| | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, | ) | |
| et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFF'S OBJECTIONS AND RESPONSES TO DEFENDANTS' FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

### OBJECTIONS TO INSTRUCTIONS

1. Plaintiff objects to instruction 4, requesting Plaintiff to "attest" to documents not in Plaintiff's "possession, custody, or control," and create a "list" identifying certain characteristics of these unknown documents. This request is not within Rule 34, which permits a party to request to "produce and permit the requesting party to . . . inspect, copy, test, or sample" certain items "*in the responding party's possession, custody, or control.*" F.R.C.P. 34(a)(1) (emphasis added).

2. Plaintiff objects to instruction 5, which requests Plaintiff to describe and speculate about "lost or destroyed" documents or things, which necessarily would not be within Plaintiff's current possession, custody, or control so as to be covered by Rule 34.

**RESPONSES:**

Plaintiff responds to Defendants' First Requests for Production of Documents as follows. Plaintiff respectfully reserves the right to supplement any or all of the discovery responses contained herein should additional, potentially responsive information or materials become available. In reserving this right, however, Plaintiff does not admit that any response herein is incomplete or will require supplementation.

Request No. 1: Produce all documents and ESI identified in any answer to defendants' interrogatories, that you reviewed in order to respond to any of defendants' interrogatories, and/or that contain or set forth information that supports, evidences, or relates to plaintiff's responses to defendants' interrogatories.

> **OBJECTION:** Plaintiff objects to this Request because it is overbroad, and further objects to this Request to the extent that it seeks documents which are possibly protected by the attorney work-product doctrine or the attorney client privilege.
>
> **RESPONSE:** Notwithstanding the foregoing objections, Plaintiff states that she did not identify any documents in her answers to interrogatories, or review any documents in the preparation of her responses to the First Set of Interrogatories other than the Interrogatories themselves and documents that are being produced in response to other requests.

Request No. 2: Produce all documents and ESI identified in plaintiff's Rule 26(a) Initial Disclosures.

> **OBJECTION:** Plaintiff objects to this Request to the extent that it seeks the production of documents "identified in Plaintiff's Rule 26(a)(1) Initial Disclosures" because Plaintiff did not identify specific documents in those disclosures, but rather (as Rule 26(a)(1) permits) categories of documents. Plaintiff further objects to the extent that this Request calls for the production of documents already in Defendants' possession and the request is, accordingly, gratuitously burdensome. Further, as noted in the initial

2

disclosures, documents that Plaintiff will use to support its claim will depend upon what is disputed; requiring Plaintiff to produce documents to support contentions (e.g., that defendants used the Section 8(a) program to award contracts for administrative and/or technical support for NRCS programs) is unnecessary and burdensome.

**RESPONSE:** Notwithstanding the foregoing objections, Plaintiff will produce responsive documents.

Request No. 3: For any of defendants' requests for admission that you deny, produce all documents and ESI that support or otherwise relate to your denial.

**OBJECTIONS:** Plaintiff objects to this Request because the phrase "all documents . . . that support or otherwise relate to" plaintiff's denials (which pertain to qualification for the small business size standard) is overbroad in that it includes potentially every document reflecting any financial transaction of plaintiff (most of which are not relevant to the small business size standard or any other issue in this litigation), and production of such documents would be unduly burdensome.

**RESPONSE:** Notwithstanding the foregoing objections, Plaintiff will produce tax returns and financial statements for periods 2016 to present.

Request No. 4: Produce all documents and ESI relating to or supporting any allegation contained in plaintiff's Complaint.

**OBJECTIONS:** Plaintiff objects to this Request because it seeks "all documents" supporting "any" allegation in Plaintiff's complaint, and thus does not seek documents with "reasonable particularity." Fed. R. Civ. P. 34 (b)(1). *See also Puccio v. Sclafani*, 2013 WL 4068782, *3 (S.D. Fla. Aug. 12, 2013) ("a request for each and every document supporting your claim is objectionably broad in most cases."); *McGee Design Studio, Inc. v. Brinson*, 1994 WL 380613 *10 (N.D. Ill. July 18, 1994) (finding such a request a violation of Rule 34(b)'s reasonable particularity requirement). In addition, many responsive documents would possibly be protected by the attorney-client privilege and/or work-product doctrine. Many others would be documents already in Defendants' possession, thus making the request gratuitously burdensome.

3

Request No. 5: Produce all documents and ESI refuting or contradicting any allegation contained in plaintiff's Complaint.

> **OBJECTIONS: Plaintiff objects to this Request because it seeks "all documents" contradicting "any" allegation in Plaintiff's complaint, and thus does not seek documents with "reasonable particularity." Fed. R. Civ. P. 34 (b)(1).** *See also Puccio v. Sclafani*, **2013 WL 4068782, \*3 (S.D. Fla. Aug. 12, 2013) ("a request for each and every document supporting your claim is objectionably broad in most cases.");** *McGee Design Studio, Inc. v. Brinson*, **1994 WL 380613 \*10 (N.D. Ill. July 18, 1994) (finding such a request a violation of Rule 34(b)'s reasonable particularity requirement). In addition, many responsive documents would possibly be protected by the attorney-client privilege and/or work-product doctrine. Many others would be documents already be in Defendants' possession, thus making the request gratuitously burdensome.**
>
> **RESPONSE: Plaintiff is unaware of any documents contradicting the allegations of the complaint.**

Request No. 6: Produce all organizational charts for Ultima, Lusa Associates, Inc. ("Lusa"), and any other business owned in whole or in part by Celeste Bennett, which include the name and title of each person identified in the organizational chart.

> **OBJECTION: Plaintiff objects to this Request because it seeks documents which are not relevant to the claims or defenses of either party nor is it proportional to the needs of this case. Plaintiff objects to this Request to the extent that it seeks documents contained in bids that are as accessible to defendants as to Plaintiff.**
>
> **RESPONSE: Notwithstanding the foregoing Objection, Plaintiff will produce organizational charts that can be located through a reasonable search.**

Request No. 7: Produce all documents and ESI that refer or relate to any federal government contract on which plaintiff, or any business owned in whole or in part by Celeste Bennett, has bid, submitted a quotation, or otherwise sought to perform work, including but not limited to documents indicating:

4

Case 2:20-cv-00041-DCLC-CRW   Document 61-23   Filed 06/21/22   Page 5 of 11
PageID #: 1582

a. The project;

b. date bid or quotation submitted;

c. geographic location where the work was to be performed, including city and state;

d. item(s) of work on which bid or quotation submitted;

e. name of agency to which bid or quotation was submitted;

f. the amount of the bid or quotation by line item and subtotal;

g. whether the bid or quotation was accepted;

h. whether the solicitation was limited to a particular category of business (e.g., woman-owned businesses, businesses located in HUBZones);

i. the amount of the contract award to plaintiff or any business owned in whole or in part by Celeste Bennett; and

j. whether the work was begun or completed by plaintiff or any business owned in whole or in part by Celeste Bennett.

***THE RESPONSE TO THIS REQUEST AS WELL AS RESPONSIVE DOCUMENTS PRODUCED ARE HEREBY DESIGNATED CONFIDENTIAL PURSUANT TO THE COURT'S PROTECTIVE ORDER***

**OBJECTIONS: Plaintiff objects to this request because the phrase "all documents . . . that refer or relate to" any federal contract plaintiff bid upon is overbroad in that it covers potentially voluminous documents not relevant to the claims or defenses in this action and production of such documents would be unduly burdensome. Plaintiff objects to the extent it requests documents possibly protected by the attorney work-product doctrine or the attorney client privilege. Plaintiff objects to the extent that contracts with the USDA are already in the possession of Defendant USDA. Plaintiff objects to the extent that this request is overbroad in that the relevant time period as defined includes time periods not relevant to the claims and defenses in this litigation.**

**RESPONSE: Notwithstanding the foregoing objections, Plaintiff will produce documents pertaining to all contracts bid or awarded from 2016 to**

5

Case 2:20-cv-00041-DCLC-CRW   Document 61-23   Filed 06/21/22   Page 6 of 11
PageID #: 1583

**the present, pursuant to the protective order. Plaintiff will not produce contracts entered into with USDA, as they are already in the possession of Defendant USDA.**

Request No. 8: Produce all documents and ESI that refer or relate to any federally funded subcontract on which plaintiff, or any business owned in whole or in part by Celeste Bennett, has bid, submitted a quotation, or otherwise sought to perform work, including but not limited to documents indicating:

a. The project;

b. date bid or quotation submitted;

c. geographic location where the work was to be performed, including city and state;

d. item(s) of work on which bid or quotation submitted;

e. name of prime contractor(s) to whom bid or quotation was submitted;

f. the amount of the bid or quotation by line item and subtotal;

g. whether the bid or quotation was accepted;

h. whether the solicitation was limited to a particular category of business (e.g., woman-owned businesses, businesses located in HUBZones);

i. the amount of the subcontract award to plaintiff or any business owned in whole or in part by Celeste Bennett; and

j. whether the work was begun or completed by plaintiff or any business owned in whole or in part by Celeste Bennett.

**\*\*\*THE RESPONSE TO THIS REQUEST AS WELL AS RESPONSIVE DOCUMENTS PRODUCED ARE HEREBY DESIGNATED CONFIDENTIAL PURSUANT TO THE COURT'S PROTECTIVE ORDER\*\*\***

6

**OBJECTIONS:** Plaintiff objects to this request because the phrase "all documents . . . that refer or relate to" any federal subcontract plaintiff bid upon is overbroad in that it includes potentially voluminous documents not relevant to the claims or defenses in this action and production of such documents would be unduly burdensome. Plaintiff objects to the extent it requests documents possibly protected by the attorney work-product doctrine or the attorney client privilege. Plaintiff objects to the extent that subcontracts with the USDA are already in the possession of Defendant USDA. Plaintiff objects to the extent that this request is overbroad in that the relevant time period as defined includes time periods not relevant to the claims and defenses in this litigation.

**RESPONSE:** Notwithstanding the foregoing objections, Plaintiff will produce documents pertaining to all subcontracts bid or awarded from 2016 to the present, pursuant to the protective order. Plaintiff will not produce subcontracts entered into on USDA projects, as they are already in the possession of Defendant USDA.

No. 9: Produce all documents and ESI relating to gross receipts, profits or losses, and net profits or losses from all sources for each year during the relevant time period, including but not limited to, any end-of-year balance sheets or income statements, for any business owned by Celeste Bennett, including but not limited to, Ultima and Lusa.

**\*\*\*THE RESPONSE TO THIS REQUEST AS WELL AS RESPONSIVE DOCUMENTS PRODUCED ARE HEREBY DESIGNATED CONFIDENTIAL PURSUANT TO THE COURT'S PROTECTIVE ORDER\*\*\***

**OBJECTIONS:** Plaintiff objects to this request because the phrase "all documents . . . relating to gross receipts, profits or losses . . . ." is overbroad in that it includes potentially voluminous documents not relevant to the claims or defenses in this action (for example, it would include every receipt for paper and toner for the printer, as well as other office supplies and numerous items not remotely related to the claims and defenses in this case) and production of such documents would be unduly burdensome. Plaintiff objects to the extent that this request is overbroad in that the relevant time period as defined includes time periods not relevant to the claims and defenses in this litigation. Plaintiff further objects to this request on the ground that it is vague and confusing. "Celeste Bennett" refers to the owner of Plaintiff, which is Lusa Associates, and Lusa Associates does not own itself.

7

Case 2:20-cv-00041-DCLC-CRW   Document 61-23   Filed 06/21/22   Page 8 of 11
PageID #: 1585

> **RESPONSE:** Notwithstanding the foregoing objections, Plaintiff will produce yearly profit and loss statements and tax returns for periods from 2016 forward pursuant to the protective order.

Request No. 10: Produce all federal, state, and local tax returns, including supporting documentation, filed by or on behalf of Ultima, Lusa, and any other business owned in whole or part by Celeste Bennett for each of the years of the relevant time period.

> ***THE RESPONSE TO THIS REQUEST AS WELL AS RESPONSIVE DOCUMENTS PRODUCED ARE HEREBY DESIGNATED CONFIDENTIAL PURSUANT TO THE COURT'S PROTECTIVE ORDER***
>
> **OBJECTIONS:** Plaintiff objects to the extent that this request is overbroad in that the relevant time period as defined includes time periods not relevant to the claims and defenses in this litigation.
>
> **RESPONSE:** Notwithstanding the foregoing objections, Plaintiff will produce tax returns from 2016 forward pursuant to the protective order.

Request No. 11: Produce all documents and ESI that evidence or relate to the personal financial condition (including income, personal net worth, and the fair market value of all assets) of every person with an ownership stake in Ultima, including but not limited to all federal, state, and local tax returns filed by or on behalf of such person for each of the years of the relevant time period.

> ***THE RESPONSE TO THIS REQUEST AS WELL AS RESPONSIVE DOCUMENTS PRODUCED ARE HEREBY DESIGNATED CONFIDENTIAL PURSUANT TO THE COURT'S PROTECTIVE ORDER***
>
> **OBJECTIONS:** Plaintiff objects to this request because the phrase "all documents . . . that evidence or relate to the personal financial condition . . ." is overbroad in that it includes potentially voluminous documents not relevant to the claims or defenses in this action and production of such documents would be unduly burdensome. Plaintiff objects to this request as vague and ambiguous because the phrase "ownership stake" is undefined.

> **Plaintiff objects to the extent that this request is overbroad in that the relevant time period as defined includes time periods not relevant to the claims and defenses in this litigation.**
>
> **RESPONSE:  Notwithstanding the foregoing objections, Plaintiff will produce tax returns and financial statements from 2016 forward pursuant to the protective order.**

Request No. 12: Produce all documents and ESI plaintiff intends to rely upon for trial and/or summary judgment in this matter.

> **OBJECTIONS: Plaintiff objects to this Request to the extent that it seeks documents that Plaintiff intends to rely on at trial because it seeks documents which are possibly protected by the attorney work product doctrine and is premature.  Inquiring into an attorney's trial strategy, including which documents will be relied upon at trial, is outside the scope of discovery.** *McGee Design Studio, Inc. v. Brinson*, **1994 WL 380613 \*10 (N.D. Ill. July 18, 1994) (finding a similar request overbroad and outside the scope of discovery).**
>
> **RESPONSE:  Notwithstanding the foregoing objections, Plaintiff states that she will produce documents in accordance with the Court's scheduling order and the Federal Rules of Civil Procedure.**

Request No. 13: Produce all documents and ESI that support, refute, and/or relate to your contention in paragraph 19 of the Complaint that "[i]in the absence of SBA's presumption, far fewer firms would qualify as Section 8(a) Firms and far fewer contracts would be reserved for the Section 8(a) Program."

> **RESPONSE:  Plaintiff does not have such documents in its possession, custody, or control.**

Request No. 14: Produce all documents and ESI that support, refute, and/or relate to your contention in paragraph 20 of the Complaint that "[i]n the absence of SBA's presumption, Ultima would have far more opportunities to bid on  contracting opportunities with USDA."

9

Case 2:20-cv-00041-DCLC-CRW   Document 61-23   Filed 06/21/22   Page 10 of 11
PageID #: 1587

**RESPONSE:** Plaintiff does not have such documents in its possession, custody, or control.

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, I served a true and correct copy of Plaintiff's Objections and Responses to Defendants' First Requests for the Production of Documents via email to counsel for Defendants.

*/s/ Michelle A. Scott*
Michelle A. Scott