# EXHIBIT 14



**U.S. SMALL BUSINESS ADMINISTRATION**
WASHINGTON, D.C. 20416

DEC 16 1987

Mr. John K. Lopez
Chairman
Service Disabled Veterans Institute
Box 2312
Stanford, CA 94305

Dear Mr. Lopez:

This is in response to your petition for inclusion of Disabled
American Veterans as a group whose members, absent evidence to
the contrary, may be considered to be socially disadvantaged
for participation in the Small Business Administration's
(SBA's) section 8(a) program.

In order to be eligible for participation in SBA's 8(a) program,
a concern must demonstrate, among other things, that it is
owned and controlled by one or more socially and economically
disadvantaged individuals. Social disadvantage may be presumed
for individuals of certain designated groups or may be
established on a case-by-case basis for individuals who are not
members of one of the designated groups. Economic disadvantage
must be shown by each individual upon whom eligibility for the
8(a) program is to be based, including those who are considered
socially disadvantaged by their identification with one of the
specified minority groups. SBA has established procedures by
which a group that is not currently considered socially
disadvantaged may petition SBA for minority group status.

Petitions for minority group inclusion are governed
procedurally by the provisions of 13 C.F.R. § 124.105(d).
Representatives of a group petitioning for minority group
status must adequately demonstrate that the group has suffered
chronic and longstanding racial or ethnic prejudice or cultural
bias in American society and that this prejudice or bias stems
from identification with the group. A petition will be deemed
deficient if it lacks documentation evidencing prejudice, bias
and/or discrimination toward the group or individuals of the
group.

After carefully examining the contents of your petition, it has
been determined that the petition fails to show the following
elements needed to establish a case for inclusion: (1) that

the group of Disabled American Veterans has suffered the effects of discriminatory practices or similar invidious circumstances over which they have no control; (2) that the group of Disabled American Veterans has generally suffered from prejudice or bias and that the "prejudice" complained of has been chronic and longstanding in American society; (3) that the "prejudice" is caused by the individuals' identity as a veteran rather than from their handicaps; and (4) that it was Congress' intent to include veterans in the 8(a) program.

You have provided to the SBA data describing the socio-economic hardships suffered by handicapped veterans. However, you do not demonstrate that these hardships are caused by anything other than the Veterans' own inabilities to perform certain basic tasks essential to business success. For example, you claim that the relatively high unemployment rate for Disabled American Veterans indicates the bias of American society toward them. You then admit, however, that the unemployment rate increases "with the severity of the disability," tending to show that the disability itself, and not prejudice against disabled veterans, is the main factor affecting the unemployment rate for Diasabled American Veterans. Thus, while certain business avenues may not be open to Disabled American Veterans, your petition does not present evidence demonstrating that bias and prejudice, rather than the disabilities themselves, are the cause of this.

In addition, your petition does not establish that the "prejudice" suffered by Disabled American Veterans has been "chronic and longstanding" in American society. At times, the petition links disabled veterans with Vietnam era veterans in describing the "prejudice" suffered by such individuals. There is no evidence, however, that the "prejudice" discussed in the petition predates the Vietnam era.

The petition also fails to make a distinction between disabled veterans and civilian handicapped individuals. The petition does not demonstrate that the hardships suffered by or the bias towards Diasabled American Veterans is a result of their status as "veterans" instead of "handicapped individuals." In our opinion, the prejudices complained of are no different from those of civilian handicapped individuals. If this is the case, Congress has already recognized these problems and has provided the Rehabilitation Act, 29 U.S.C. §§ 793-794, as a means of remedying these prejudices experienced by handicapped individuals who attempt small business ventures.

Legislative history does not support your claim that Congress wanted Veterans to receive special status in the 8(a) program. In 1973, Congress amended section 4(b)(1) of the Small Business Act (the Act), 15 U.S.C. § 633(b)(1), to read ". . . and the

Small Business Administration shall give special consideration to veterans of the Armed forces of the United States and their survivors or dependents. . ." See Pub. L. 93-237, 87 Stat. 1023. Section 4(b) of the Act relates to the overall organization of the SBA programs. It does not affect the eligibility requirements for any specific program. Thus, the use of the phrase "special consideration to veterans of the Armed forces of the United States and their survivors or dependents" in section 4(b) was not intended to grant mandatory eligibility for veterans into any and all SBA programs, but to provide added emphasis where eligibility already existed. To interpret this phrase as permitting eligibility for veterans for SBA programs where no such eligibility otherwise exists would be to override the explicit language and intent of the Act. For example, it cannot be said that a large business is eligible for SBA assistance merely because it is owned by a veteran. Similarly, this "special consideration" language does not operate to give 8(a) eligibility, or social disadvantage status, where that eligibility or status does not elsewhere exist in the Act.

The 8(a) program was instigated specifically to develop business concerns which are owned and controlled by socially and economically disadvantaged individuals. Prior to the passage of Pub. L. 95-507, the SBA had administratively included Vietnam era veterans as participants in what later became the 8(a) program. Public Law 95-507 specifically designated the members of certain groups to be socially disadvantaged for purposes of the 8(a) program in newly created section 2(e) of the Act. It is our opinion that if Congress had intended veterans or disabled veterans to be deemed to be socially disadvantaged for purposes of the 8(a) program, it would have specifically included them in section 2(e) of the Act with the passage of Pub. L. 95-507. Since Congress knew that Vietnam era veterans participated in the predecessor of the 8(a) program and did not include veterans as a socially disadvantaged group in Pub. L. 95-507, we can only conclude that Congress did not intend for veterans to be so designated. In this regard, "[t]he Congress intended, and it is our purpose, that the primary beneficiaries of this program will be minorities. The criteria should be so interpreted." 124 Cong. Rec. H11819 (daily ed. Oct. 6, 1978) (statement of Congressman Addabo).

The conference report to Pub. L. 95-507 gives the example of an Appalachian American who might be found to be socially disadvantaged for purposes of the 8(a) program because, due to his/her geographic location, he/she is unable to obtain a quality education or to expand his/her cultural horizons. H.R. Rep. No. 1714, 95th Cong., 2nd Sess. 22, reprinted in 1978 U.S. CODE CONG. & ADMIN. NEWS 3879, 3882. However, this

eligibility would be on a <u>case by case</u> basis rather than as a group designation of social disadvantage. Similarly, those disabled veterans who can establish their social and economic disadvantage on a case by case basis will be eligible to participate in the 8(a) program.

Further processing of this petition cannot be made unless and until additional evidence and documentation concerning the items mentioned above are provided to SBA. If you have any questions concerning your petition, please contact Mr. Francisco Marrero, Director of the Office of Eligibility in the Office of Minority Small Business and Capital Ownership Development, at (202) 653-6813 or Mr. David Kohler, Associate General Counsel for General Law, at (202) 653-6660.

Sincerely,

Wilfredo J. Gonzalez
Associate Administrator for
Minority Small Business and
   Capital Ownership Development