# EXHIBIT 17

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
---------------------------------------------------------------------------------x

| | | |
|---|---|---|
| ULTIMA SERVICES CORPORATION, | : | |
| Plaintiff, | : | |
| -against- | : | No. 2:20-cv-00041-DCLC-CRW |
| U.S. DEPARTMENT OF AGRICULTURE, U.S. SMALL BUSINESS ADMINISTRATION, SECRETARY OF AGRICULTURE, and ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION, | : : | |
| Defendants. | : : | |

---------------------------------------------------------------------------------x

PLEASE TAKE NOTICE that Plaintiff will take the deposition of defendant Small Business Administration ("SBA") on March 29, 2022 at 9:30 a.m., and continuing thereafter until completed, at the offices of the Center for Individual Rights, 1100 Connecticut Ave., Suite 625, Washington, DC 20036. Testimony will be recorded stenographically.

Plaintiff identifies the following matters for examination pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure:

1. The organization and divisions of the SBA.

2. The operation of the 8(a) BD program (as that term is used in 13 CFR Part 124) with other federal agencies, including the use of agreements with other federal agencies to facilitate the award of contracts pursuant to that program.

3. The process for setting goals for Small Disadvantaged Businesses (SDBs) with other federal agencies, and collecting and reviewing data to verify actual utilization of SDBs with those agencies.

4. SBA's e8a system and the information that is tracked on it and available from it, and any other databases or systems that SBA employs to track information about the 8(a) BD program or Small Disadvantaged Businesses, including the Dynamic Small Business Search database.

5. The procedures used in evaluating applications to the 8(a) BD program, including an assessment of whether an individual is socially disadvantaged, with or without the presumption in 13 CFR § 124.103(b)(1), and whether the Participant is owned by a qualifying entity.

6. The procedures and considerations used in evaluating whether a business qualifies as a small business.

7. Any database used by SBA of non-disadvantaged individuals or non-Participants, in the same or similar line of business as Participants and their owners, used for purposes of comparison under 13 CFR § 124.104(a) or 13 CFR § 124.302(b)(5), as well as any other information used to make such comparisons.

8. Any petitions pursuant to 13 CFR § 124.103(d) to have an identifiable group be included as a presumptively socially disadvantaged group under § 124.103(b)(1).

9. The procedures for challenging an individual's claim of social or economic disadvantage, the frequency with which such challenges have occurred, and the frequency such challenges have been successful.

10. The procedures for "early graduation" from the 8(a) BD program and the frequency that such "early graduation" has been attributable to (a) a disadvantaged owner no longer being economically disadvantaged (13 CFR § 124.302(a)(2)), (b) a participant exceeding the size standard corresponding to its primary NAICS code (13 CFR § 124.302(c)), (c) excessive withdrawals (13 CFR § 124.302(d)), or (d) a participant achieving the targets, objectives, and goals of its business plan prior to the expiration of its program term, either by its own assessment or the SBA's (13 CFR §§ 124.301, 124.302(a)(1), 124.302(b)).

11. Procedures for accepting contracts or requirements into the 8(a) BD program, including the factors that are considered or used to determine whether to accept a contract or requirement into the 8(a) BD program.

12. Procedures for determining whether follow-on contracts or requirements may be

made outside the 8(a) BD program or when contracts or requirements may be released from the 8(a) BD program and the considerations used to make those determinations.

13. Any decisions to accept contracts for the provision of administrative or technical services for the Natural Resources Conservation Service into the 8(a) BD program.

14. The process for assigning a NAICS code to each requirement or contract accepted into the 8(a) BD program.

15. Adverse impact analysis, including any adverse impact analysis for Plaintiff.

16. SBA Reports to Congress (408 Reports) and the information usually reported therein, including the number of 8(a) Participants (with a breakdown between those owned by individuals and those owned by entities), graduates, early graduates, those Participants terminated or withdrawn, and the distribution of Participants and/or requirements among industries, since 2015.

17. The data and analysis that the SBA relies upon to justify the presumption in 13 CFR 124.103(b)(1).

18. Any efforts by the SBA to consider possible race-neutral alternatives to the 8(a) BD Program, including any analysis of how the program would operate without the presumption in 13 CFR 124.103(b)(1).

19. The disparity studies produced by defendants in this lawsuit, and any review of those studies by a representative of the SBA or other agency or contractor of the federal government (other than defendants' experts in this lawsuit).

20. Other programs that SBA operates or oversees for the benefit of Small Disadvantaged Businesses or Minority Business Enterprises, including any plan or program developed or promulgated pursuant to Executive Order 12432 for promoting the development of minority-owned businesses or reports to the Secretary of Commerce pursuant to Section 3 of Executive Order 11625.

21. Contact information for any former employees of SBA familiar with the foregoing

topics.

Dated: March 3, 2022

                              *Michael E. Rosman*
Michael E. Rosman
Michelle A. Scott
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

M. Dale Conder, Jr.
RAINEY KIZER REVIERE & BELL PLC
209 E. Main St.
Jackson, TN 38301
(731) 426-8130

4