# EXHIBIT 18

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
-----------------------------------------------------------------------------x

| | | |
|---|---|---|
| ULTIMA SERVICES CORPORATION, | : | |
| Plaintiff, | : | |
| -against- | : | No. 2:20-cv-00041-DCLC-CRW |
| U.S. DEPARTMENT OF AGRICULTURE, U.S. SMALL BUSINESS ADMINISTRATION, SECRETARY OF AGRICULTURE, and ADMINISTRATOR OF THE SMALL BUSINESS ADMINISTRATION, | : : | |
| Defendants. | : | |

-----------------------------------------------------------------------------x

PLEASE TAKE NOTICE that Plaintiff will take the deposition of defendant U.S. Department of Agriculture ("USDA") on April 5, 2022 at 9:30 a.m., and continuing thereafter until completed, at the offices of the Center for Individual Rights, 1100 Connecticut Ave., Suite 625, Washington, DC 20036. Testimony will be recorded stenographically.

Plaintiff identifies the following matters for examination pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure:

1. The organization and divisions of the USDA.

2. The operation of the 8(a) BD program (as that term is used in 13 CFR Part 124) at the USDA, including the criteria used by USDA and/or its contracting officers to utilize the 8(a) BD program for a particular contract or requirement.

3. Plaintiff's performance as a contractor for the USDA, including any discussions of Plaintiff's performance by state and local offices of the Natural Resources Conservation Service (NRCS).

4. Decisions connected to the moves to and from regional IDIQ contracts for providing administrative and technical services to the NRCS.

5. Decisions to utilize the 8(a) BD program for providing administrative and technical services to NRCS offices.

6. The process for assigning a NAICS code to each requirement or contract accepted into the 8(a) BD program, including contracts or requirements for providing administrative and technical services to NRCS offices.

7. Factors or considerations relating to the renewal of contracts or requirements, or the exercise of options in contracts, including any contracts with Plaintiff.

8. Factors or considerations used to set goals for the USDA for Small Disadvantaged Businesses (SDBs), including 8(a) BD participants, and any efforts within USDA and the procedures used to track actual utilization of SDBs at USDA and its various agencies.

9. The proportion of USDA contracting dollars that, since 2015, have gone to prime contractors and subcontractors both within and without the 8(a) BD program.

10. Any plan or program developed or promulgated pursuant to Executive Order 12432 for promoting the development of minority-owned businesses or reports to the Secretary of Commerce pursuant to Section 3 of Executive Order 11625.

11. Documents concerning contracts produced by USDA in this lawsuit.

12. Contact information for any former employees of USDA familiar with the foregoing topics.

Dated: March 3, 2022

*Michael E. Rosman*
Michael E. Rosman
Michelle A. Scott
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

M. Dale Conder, Jr.
RAINEY KIZER REVIERE & BELL PLC
209 E. Main St.
Jackson, TN 38301
(731) 426-8130

2