# EXHIBIT 30

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> U.S. DEPARTMENT OF AGRICULTURE, ) <br> et al., ) <br> ) <br> Defendants. ) | No. 2:20-cv-00041-DCLC-CRW |

**DEFENDANTS' AMENDED RESPONSES TO
PLAINTIFF'S THIRD SET OF INTERROGATORIES**

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, defendants the United States Department of Agriculture ("USDA"), the Secretary of Agriculture, Tom Vilsack, the United States Small Business Administration ("SBA"), and its Administrator, Isabella Casillas Guzman (collectively, "defendants") amend their responses to Plaintiff's Third Set of Interrogatories as follows:

GENERAL OBJECTIONS

1. Defendants object to plaintiff's interrogatories to the extent they call for the disclosure of any information protected from disclosure by any privilege, statute, or doctrine, including without limitation the attorney-client privilege and attorney work product doctrine. The inadvertent disclosure of such information shall not constitute a waiver of any right of non-disclosure, or the waiver of any other grounds for objecting to the production of such information.

2. Defendants object to plaintiff's interrogatories to the extent they (a) fail to describe the information requested with reasonable particularity; (b) are unreasonably

cumulative or duplicative; (c) seek information obtainable from some other source that is more convenient, less burdensome, or less expensive; (d) seek information that is publicly available; or (e) otherwise exceed the requirements of the Federal Rules of Civil Procedure and/or the local rules of this Court.

3. Defendants object to plaintiff's interrogatories to the extent they are overly broad, unduly burdensome, and are neither relevant to any claim or defense of any party nor proportional to the needs of the case.

4. Defendants object to plaintiff's interrogatories to the extent they are argumentative, prejudicial, improper, vague, and/or ambiguous.

5. Defendants object to plaintiff's interrogatories to the extent they seek legal conclusions and/or would require defendants to reach a legal conclusion in order to prepare a response.

6. Defendants object to plaintiff's definition of "open to competition," which does not describe requirements open to competition under the ordinary meaning of the term, but instead describes requirements set aside for small businesses.

7. Defendants object to plaintiff's definition of "administrative or technical support" as work falling under NAICS codes 561110 or 541611. For purposes of responding to these requests, defendants will interpret requests for information related to "administrative or technical support" as requesting information related to those two NAICS codes; however, defendants reserve the right to take the position that the industry or industries relevant to this litigation are not coextensive with NAICS codes 561110 and 541611.

8. Defendants object to any other definition or instruction in Plaintiff's Third Set of Interrogatories that seeks to impose requirements on defendants beyond those

contained in the Federal Rules of Civil Procedure or the Local Rules of this Court.

9. Defendants reserve the right to amend and supplement their responses as additional information may become available or is discovered.

10. Each of the answers set forth below is subject to these general objections. A specific response may repeat a general objection for emphasis or some other reason. The failure to include any general objection in any specific response does not waive any general objection to that request.

SPECIFIC OBJECTIONS AND RESPONSES

**Interrogatory No. 1:** (USDA Defendants) Identify any contracts or requirements offered by the USDA since January 1, 2018 to provide administrative or technical services to the NRCS that were open to competition. For each such contract, identify the state in which the services were to be provided, the NAICS code, and the successful contractor.

**Response to Interrogatory No. 1**: Subject to and without waiving the foregoing objections, this information is included in the spreadsheet entitled "NRCSContractsR699.4.19.22" which was produced at Bates No. US0140269.

**Interrogatory No. 2:** Set forth the facts and evidence supporting your contention that the defendants have a compelling governmental interest for the presumption in 13 CFR § 124.103(b)(1).

**Response to Interrogatory No. 2:** Defendants object to this interrogatory insofar as it does not set forth any contention made to date by Defendants in this litigation. Defendants further object to this interrogatory on the grounds that identification of such facts and evidence as relevant would reveal the mental impressions of their counsel, which are protected by the attorney work product doctrine. Defendants also object to this interrogatory as overly burdensome and not proportional to the needs of the case insofar as it requests that Defendants provide a list or narrative account of all facts and evidence supporting the alleged contention in question.

Subject to and without waiving the foregoing objections, Defendants respond as follows: Material and principle facts that support the compelling governmental interest for the presumption in 13 C.F.R. § 124,103(b)(1) include, but are not limited to:

- Congress had substantial evidence of discriminatory barriers facing minority-owned businesses when it first enacted the 8(a) program and in subsequent reauthorizations.

- Defendants have produced or referenced hundreds of recent studies, reports, congressional hearings, and other evidence, which overwhelmingly establish the ongoing and persistent nationwide effects of past and present discrimination on minority business development, including, but not limited to, the following:

    - Significant disparities in business ownership by people of color;
    - Extreme wealth disparities for people of color;
    - Disparities in the access to capital between minority-owned and non-minority owned businesses;
    - Statistically significant disparities between the availability and utilization of business owned by individuals who are members of the groups entitled to the rebuttable presumption throughout the country and across a range of industries, including the industries in which plaintiff has operated; and
    - Qualitative evidence of discrimination that supports the overwhelming statistical disparities, including but not limited to evidence of discrimination by procurement agencies and prime contractors and exclusion from business networks.

- In an expert report submitted in this action, Dr. Jon Wainwright analyzed various sources of statistical evidence and concluded that there is strong evidence of large, adverse, and statistically significant disparities facing minority-owned businesses in the United States, and in the industries Plaintiff has worked in, and that these disparities are consistent with the presence of discrimination in the business market.

- In an expert report submitted in this action, Daniel Chow analyzed data on federal government contracts for small businesses and concluded that the odds of a small disadvantaged business not participating in the 8(a) program winning a contract are roughly 37 percent lower relative to the odds of winning contracts by firms not identified as small disadvantaged businesses, all else being equal.

- Congress has attempted and continues to attempt to use a variety of race-neutral measures to assist minority-owned businesses.

- No individual can qualify for admission to the 8(a) program solely based on race.

- Individuals of any race, including White, can and do qualify for the 8(a) program.

- All participants in the program must meet race-neutral economic requirements and other race-neutral requirements.

- The 8(a) program contains no quotas or goals, and the overall goal for small disadvantaged businesses is aspirational only.

- The 8(a) program imposes temporal limits on an individual's participation in the program.

- Program participants must establish continued eligibility each year.

- The program contains appropriate waiver provisions, including an adverse impact analysis.

- Since 2015, Ultima has been awarded contracts and received payments in excess of $15 million from the USDA and still has millions of dollars in open contracts with NRCS.

- Since 2015, Lusa has been awarded contracts and received payments in excess of $5 million from the USDA and still has over a million dollars of open contracts with NRCS.

Defendants reserve the right to supplement and/or amend the facts and evidence identified here should it set forth a contention related to the compelling interest for the 13 C.F.R. § 124.103(b)(1) in the future.

**Interrogatory No. 3:** To the extent that you contend that Plaintiff lacks standing in this action, set forth the facts and evidence supporting your contention.

**Response to Interrogatory No. 3:** Defendants object to this interrogatory insofar as it requests that Defendants provide a list or narrative account of all facts and evidence supporting the alleged contention in question. Defendants further object to this interrogatory on the grounds that identification of such facts and evidence as

relevant would reveal the mental impressions of their counsel, which are protected by the work product doctrine.

Subject to and without waiving the foregoing objections, Defendants respond as follows: defendants set forth their argument that plaintiff lacks standing in this action in Defendants' Memorandum of Law in Support of Motion to Dismiss, filed on July 10, 2020, and related briefing, and defendants refer plaintiff to those filings. In addition, defendants have learned additional facts in discovery that support their position that plaintiff lacks standing in this action, including but not necessarily limited to: (1) plaintiff did not qualify as a small business at the time this action was filed; (2) plaintiff did not qualify as a small business at the time that the contracts it complains about not receiving were awarded and therefore would not have been eligible to bid for them; (3) plaintiff was not owned by an individual at the time it filed this action; and (4) plaintiff has presented no evidence that its owner is or ever has been socially disadvantaged.

**Interrogatory No. 4:** To the extent that you have denied, in whole or in part, any of the requests in Plaintiff's Second Requests to Admit, set forth the basis for your denial.

**Response to Interrogatory No. 4:** Defendants refer plaintiff to Defendants' Responses to Plaintiff's Second Set of Requests to Admit.

Dated: May 20, 2022

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KAREN D. WOODARD<br>Chief<br>Employment Litigation Section<br>Civil Rights Division |
| OF COUNSEL: | United States Department of Justice |
| Karen Hunter<br>Senior Trial Attorney | ANDREW BRANIFF (IN Bar No. 23430-71)<br>Deputy Chief |
| David A. Fishman<br>Assistant General Counsel for Litigation | By: */s/ Juliet E. Gray*<br>Juliet E. Gray (D.C. Bar No. 985608) |
| Eric S. Benderson<br>Associate General Counsel for Litigation<br>U.S. Small Business Administration | K'Shaani Smith (N.Y. Bar 5059217)<br>Christine T. Dinan (N.Y. Bar 5632732)<br>Senior Trial Attorneys<br>Employment Litigation Section |
| Amar Shakti Nair<br>Attorney Advisor | Civil Rights Division<br>United States Department of Justice<br>150 M Street, N.E. |
| Ashley Craig<br>Attorney Advisor<br>U.S. Department Of Agriculture | Washington, D.C. 20002<br>(202) 598-1600<br>Juliet.Gray@usdoj.gov<br>K'Shaani.Smith@usdoj.gov<br>Christine.Dinan@usdoj.gov |

# CERTIFICATE OF SERVICE

I hereby certify that on May 20, 2022, I served a true and correct copy of Defendants' Responses to Plaintiff's Third Set of Interrogatories via email to:

>Michael Rosman
>Michelle Scott
>Center for Individual Rights
>1100 Connecticut Ave., NW, Suite 625
>Washington, DC 20036
>rosman@cir-usa.org
>scott@cir-usa.org
>
>Dale Conder
>Rainey Kizer Reviere & Bell PLC
>209 E. Main Street
>Jackson, TN 38301
>dconder@raineykizer.com

                                                    */s/ Juliet E. Gray*
                                                    Juliet E. Gray
                                                    Senior Trial Attorney