UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
-------------------------------------------------------------------------x
ULTIMA SERVICES CORPORATION,                                             :
                                                                         :
    Plaintiff,                                        :
                                                                         :
        -against-                 :
                                                                         :
                                                                         : No.2:20-cv-00041
                                                                         : DCLC-CRW
U.S. DEPARTMENT OF AGRICULTURE,                                          :
U.S. SMALL BUSINESS ADMINISTRATION,                                      :
SECRETARY OF AGRICULTURE, and                                            :
ADMINISTRATOR OF THE SMALL BUSINESS                                      :
ADMINISTRATION,                                                          :
                                                                         :
    Defendants.                                       :
                                                                         :
-------------------------------------------------------------------------x

PLAINTIFF'S REPLY IN SUPPORT OF ITS
MOTION TO EXCLUDE TESTIMOMY OF DEFENDANTS'
EXPERT MR. DANIEL CHOW

## I. Mr. Chow's Report, Testimony, and Later Declarations are Affirmatively Misleading.

Defendants misconstrue Plaintiff's motion and its complaints against Mr. Chow's report. It is not simply that Mr. Chow's report did not identify every piece of code or dataset that he relied upon in forming his opinions. Rather, the report and Mr. Chow's subsequent testimony were affirmatively misleading in omitting and misdescribing a key file that helped form the basis for his opinions.

Defendants not only fail to rebut this argument, they (inadvertently, no doubt) bolster it. On page 3 of their memorandum, they quote another excerpt from Mr. Chow's report. Doc. 68 at 3 (PageID # 2264). In the last sentence, Mr. Chow describes what he did with "the original raw datasets," and his reference to the FPDS (Federal Procurement Data Systems) would lead any reasonable reader to believe that his combination of the two FPDS datasets led to a file with 5.1 million observations and 55 variables.

This only bolsters the reasonable interpretation of the excerpt from Mr. Chow's report that Plaintiff included in its moving memorandum. Doc. 58-1 at 2-3 (PageID ## 361-62). The last sentence of Defendants' excerpt is the same as the first sentence of Plaintiff's, but Defendants' quote provides a bit more context. And it confirms that the last sentence in the excerpt in Plaintiff's memorandum–referring to a 5.6 million observation, 64 variable file--was and is reasonably understood to refer to a file that combined FPDS and SAM (System Award Management) data.

To make sure, Plaintiff asked Mr. Chow to confirm this interpretation during his deposition -- and he did -- more than once. Rosman Stmt. par. 1, Ex. 1, Chow Dep. Tr. 49-50, 60-61.

Finally, after realizing the misleading character of both the report and Mr. Chow's testimony, Defendants created an "errata" in the form of a declaration. As Plaintiff noted in its moving memorandum, this "errata" was itself false and misleading. Doc. 58-1 at 6 (PageID # 365). Mr. Chow stated that the combination of the two FPDS datasets into a 64-variable 5.6 million observation file was "[a]s I describe in my report." Doc. 58-5 (PageID # 405), ¶ 6. Whatever excuse Mr. Chow might have had for the misleading statements in his report and the false statements in his deposition, by *this* point in time – when he signed his "errata declaration" on May 17, 2022 -- he surely understood that his report did *not* describe the 64-variable, 5.6 million observation file as being the result of combining two FPDS datasets. Remarkably, defendants do not dispute that this assertion in the "errata declaration" was false, but double down on it by submitting it to this Court along with their motion papers. Doc. 68-3.

Defendants' argument in response seems to be (1) Dr. Guryan should have known that Mr. Chow's deposition testimony was false or (2) Plaintiff should have spent *more money* on a new expert report after Defendants finally corrected the errors. Doc. 68 at 6, 10-11 (PageID ## 2267, 2271-72). The former argument is meritless. Dr. Guryan was entitled to take Mr. Chow

2

at his word. Defendants cite no authority for the latter proposition, and Plaintiff is unaware of any.

## II. Mr. Chow's Failure to Consider Bidding Data Renders his Conclusions Suspect and Unreliable.

With respect to the failure of Mr. Chow to include bidding data, Plaintiff does not dispute that the omission of less important variables would go only to the weight to be given Mr. Chow's opinions, rather than its admissibility. But the omission of a major variable would go to admissibility. The question is whether bidding data – that is, data which would show whether a particular firm was actually interested in obtaining federal contracts, or, at least, sufficiently interested to apply – is unimportant or major. Since the standard for determining the propriety of a comparator group is whether the group constitutes those "ready, willing, and able" to perform the work, Plaintiff maintains that those who have never even sought out such work should not be included. *E.g., E.E.O.C. v. Chicago Miniature Lamp Works*, 947 F.2d 292, 301 (7th Cir. 1991) (rejecting government's statistics purporting to show a pattern or practice of discrimination "because considerations of applicant preference were totally ignored"); *E.E.O.C. v. Consolidated Services Systems*, 777 F. Supp. 599, 605 (N.D. Ill. 1991) (rejecting the statistics presented in a disparate impact case where EEOC's expert "failed to properly consider a major variable potentially responsible for the statistical disparity -- namely whether members of the relevant labor pool

were actually *interested* in the positions available at [employer]. Because the lack of interest is admittedly a key, non-discriminatory reason which could explain any suggested statistical disparity which EEOC claims is evidence of discrimination, the court finds the EEOC's statistics unreliable") (emphasis in original), *aff'd*, 989 F.2d 233 (7th Cir. 1993). The fact that broadly-available statistics do not include such an important qualification does not render this inadequate statistical analysis acceptable. *Consolidated Services Systems*, 777 F. Supp. at 606.

Defendants seem to believe that it is Plaintiff's burden to show that bidding data differs by race, and that any variable for which such evidence is lacking can be omitted, but this is wrong. This turns regression analysis on its head. Under this theory, Mr. Chow could have omitted *any* variable – firm size, security clearance, ownership structure, age of firm – provided he was confident that Plaintiff did not have evidence showing that the variable might differ among the groups being studied. Variables are included in regression analysis because they *might* explain different group outcomes.

By failing to consider bidding data, Mr. Chow has made the assumption that bidding behavior does not vary by race. Contrary to Defendants' contention, Plaintiff's expert does not "speculate" that bidding behavior differs by race. Nor is it Plaintiff's burden to prove that it does. The burden to show that a given variable does not differ by race falls on Mr. Chow, and his failure to consider that variable renders his conclusions

4

suspect. Mr. Chow does not claim that he omitted bidding data because he was convinced that all racial and national origin groups have the same exact bidding behavior. Rather, he omitted it because the data available to him did not include it. Doc. 68-2 at 3 (¶ 8). He did not ask for such data. Rosman St. Ex. 1 (Chow Dep. Tr. 114).

### III. Mr. Chow's Opinions are Not Relevant to Establish a Strong Basis in Evidence.

Finally, the issue of Mr. Chow combining all minorities into one group is a question of relevance, not reliability. Defendants have the burden to show a strong basis in evidence to support the racially based remedy for each major racial / national origin group for which the presumption is available. *Rothe Dev. Corp. v. United States DOD*, 262 F.3d 1306, 1330 (Fed. Cir. 2001) (remanding case to determine "whether there was evidence of discrimination (or the lingering effects thereof) against each minority group included in the 1207 program"). *See also City of Richmond v. J. A. Croson Co.*, 488 U.S. 469, 506 (1989) (holding that a racial preference was "gross[ly] overinclusive" where the government only presented evidence of discrimination against African Americans).

Mr. Chow's report and opinions do not satisfy this burden. Defendants do not get a pass on their burden simply because the data they gathered does not permit them to make the necessary showing. Doc. 68 at 16 (PageID # 2277), Chow Decl. par. 9. Moreover, this admission is rather telling. Mr.

5

Chow admits he did not have sufficient data to reliably show disparities for individual race groups, and that to attempt to do so with the data he used would result in "a lot of unestimated, unstable, or distorted" outputs and would not result in "any meaningful conclusion." Chow Decl. par. 9. So as Mr. Chow admits, even if he had attempted to separate out individual races, his conclusions would not come close to satisfying the *Daubert* standard. Thus, he could only make them "reliable" by combining the data in a way that made them irrelevant. Accordingly, they should be excluded.

## IV. Conclusion

For the foregoing reasons, Ultima respectfully requests this court grant Plaintiff's motion to exclude the testimony and opinions of Mr. Daniel Chow.

Respectfully submitted,

*/s/ Michael E. Rosman*
Michael E. Rosman
Michelle A. Scott
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

M. Dale Conder, Jr.
RAINEY KIZER REVIERE & BELL PLC
209 E. Main St.
Jackson, TN 38301
(731) 426-8130

6
Case 2:20-cv-00041-DCLC-CRW    Document 69    Filed 07/12/22    Page 7 of 7    PageID #: 2402