# EXHIBIT C



September 17, 2018

Ms. Uneeda Collins
Small Business Administration
233 Peachtree St NE
Ste 300
Atlanta, GA 30303

RE:   8(a) Adverse Impact Determination - # AG-2B46-D-17-0099, Farm Bill Assistant at the USDA Natural Resources Conservation Services Centers/Field Offices in the State of Mississippi

In reference to the possible 8(a) set aside of contract # AG-2B46-D-17-0099, Ultima Services is providing the following information to assist the SBA in its evaluation.

### CORPORATE STRUCTURE
- Ultima Services and LUSA Associates are affiliated companies. Ultima Services is 100% owned by LUSA Associates, Inc., a woman owned small business.
- Both companies are based in Greeneville, TN.
- Celeste Bennett is the President of both companies.
- Celeste Bennett owns 67% of LUSA Associates and her spouse, Jason Bennett, owns 33%.
- LUSA Associates and Ultima Services file a consolidated tax return with the IRS each year based on a calendar year period of January 1 – December 31.

1. **Financial statements covering the last three fiscal years for your company, its subsidiaries, and its affiliates.**
Please refer to the attached consolidated tax returns for LUSA Associates / Ultima Services for 2015-2017.

2. **A breakout of the revenues derived from the contract referred to above, on an annual and monthly basis.**
Please refer to the attached breakdown of revenue for the MS contract on an annual and monthly basis.

3. **A statement as to whether or not your firm plans to bid if this requirement continues to be left competitive.**
It is Ultima's intent to bid on this requirement in the future, if permitted to do so.

4. **Total number of employees for your company, its subsidiaries, and its affiliates.**
Please refer to the attached spreadsheet.

5. **SBA Form 355**
Please refer to the completed form 355.

Confidential – Not for Public Release –
1104 Tusculum Blvd Ste 306 Greeneville TN 37745
cwbennett@ultimaservices.com

Case 2:20-cv-00041-DCLC-CRW    Document 70-5    Filed 07/12/22    Page 2 of 6
PageID #: 2479



6. **Statement as to whether or not you are currently performing this contract.**
   Ultima Services currently performs this contract.

7. **Potential consequences to the company as a whole if it could not continue to perform the contract.**

   **Ultima's work on NRCS contracts represents the majority of our business. Our corporate identity is centered on providing support to our NRCS customers.**

   For the past 14 years, Ultima's business has been driven by its contracts to provide administrative services to support NRCS field operations. Over time, we have structured our company and knowledge base to provide the best support we can to our NRCS customers. The following examples provide some insight into the benefits of our NRCS experience to the contract we operate in Mississippi:

   - When Ultima initiated work on the Mississippi contract, we leveraged our experience and understanding of NRCS field operations and management structures to identify areas of concern and make adjustments to the contract to ensure compliance with DOL-SCA regulations.
   - Over the past 6 months or so, we have proactively engaged in an information-gathering exercise with our employees and NRCS counterparts. In recognition of the Agency's changing operational structure and an increase in federal staff vacancies, we developed recommendations for NRCS management to consider as they seek to improve contract offerings and efficiencies to best support the current needs of their operations.
   - We have identified and worked with our NRCS customers to implement innovative solutions to improve contract services to the Agency. This includes an experiment to create a new lead position in Mississippi, provided at no additional cost to the government, that will serve as an additional point of contact for contract staff and will actively identify recurring issues or questions across the state that may indicate procedural confusion or discrepancies between offices. We believe this approach will allow us to help NRCS leadership improve consistency of communication and policy interpretation across the state with the ultimate goal of reducing training time (and lost worked time) for NRCS federal staff.
   - We have developed an NRCS-focused monthly newsletter to help unify geographically fragmented employee units; educate staff on NRCS policy and procedural requirements; and inspire them to embrace the NRCS mission of conservation so as to better support the producers and the environment in their own communities.

   The work Ultima performs on the NRCS contract in Mississippi is essential to the continued viability of our business over time. We rely on the ability to compete for NRCS contracts to survive as a company. As contracts that were once available to us are removed from the competitive domain, our potential sphere of business is diminished and unlikely to be replaced due to the type of services we provide.

Confidential – Not for Public Release –
1104 Tusculum Blvd Ste 306 Greeneville TN 37745
cwbennett@ultimaservices.com

Case 2:20-cv-00041-DCLC-CRW    Document 70-5    Filed 07/12/22    Page 3 of 6
PageID #: 2480



**The decision to sole source the Mississippi contract represents a continued erosion of Ultima's business opportunities within the Agency.**

- The effort by contracting to sole source Ultima's expiring contracts represents a further erosion of potential work within the Agency that, through no fault of its own, Ultima will never be able to pursue in the future. The approach by contracting staff to focus on the expediency of an 8(a) sole source award, (for their own stated convenience), forever penalizes the incumbent contractor from competing for future work.
- **This is not a one-contract only decision.** The removal of potential work from the competitive domain is occurring with all of our expiring contracts at this point to include the following NRCS contracts where Ultima was or is the incumbent:
    - Kansas - July, 2018 – follow on contract for NRCS Administrative Services set aside as an 8(a) sole source award. A competitive award was not contemplated.
    - Missouri – October, 2018 – follow on contract for NRCS Administrative Services set aside as an 8(a) sole source award. A competitive award was not contemplated.
    - Texas – July, 2018 – additional work that would fall under the current Ultima contract was set aside as an 8(a) sole source award due to contract funding limitations. A competitive award was not contemplated.
    - Mississippi – TBD - follow on contract for NRCS Administrative Services set aside as an 8(a) sole source award. A competitive award was not contemplated. Contracting confirmed to the incumbent contractor and the NRCS customer that the decision was based on their overwhelming workload and their desire to get the contract awarded quickly even though multiple administrative options are available to provide the time needed to issue a competitive award.
- The decision to make the Mississippi contract an 8(a) sole source award must be looked at in a comprehensive view: not as one contract, but as one part of an entire structure that is progressively deconstructed on a piecemeal basis for the benefit and convenience of a contracting activity; to the indifference of the stated interests of the Agency's end users; and to the detriment of our entire business. Ultima loses the ability to remain a viable business as we lose the ability to compete.

**The decision to remove Ultima from competition is discriminatory and removes work that lowers barriers to entry for women in the government contracting arena.**

- Ultima is ultimately owned and operated by women. Ultima's parent company is majority owned by Celeste Bennett. The entirety of our management team and the majority of our employee base are comprised of women.
- Ultima's parent company is a Woman Owned Small Business. At this point, our NRCS contracts have been competed as Total Small Business Set Asides. We are now faced with a perpetual exclusion from work we have built our business around, as 8(a) sole source awards are prioritized over the consideration of other set aside options such as Woman Owned Small Business or Total Small Business.

Confidential – Not for Public Release –
1104 Tusculum Blvd Ste 306 Greeneville TN 37745
cwbennett@ultimaservices.com



- It is indisputable that the government contracting arena is vastly underrepresented by female owned or operated companies. This is due in part to barriers to entry that disproportionately deter women's participation to include:
    - Lack of funding to support capital-intensive contracts
    - Lack of experience, education, and skill sets in many of the government procurement categories which further reflect industries that themselves lack female participation and leadership:
        - engineering
        - construction
        - janitorial
        - IT
        - defense
        - various other work that the government outsources
- The accessibility of low-capital intensive contracts, such as administrative support services contracts, are vital to women's involvement in the government contracting world. They are typically lower risk and fit well with many women's available resources, experiences, and skill sets. To proactively remove opportunities that present less barriers to entry for women-owned businesses is counter intuitive if the government truly seeks more female participation. It is therefore irresponsible for the government to ignore the well-documented fact that woman owned and operated companies such as Ultima Services, who are already underrepresented in the government contracting field, are unlikely to pivot to other typically male-dominated industries to make up for lost work. As many administrative services contracts have already been set aside for 8(a) companies in most other agencies, the continued elimination of opportunities from Ultima Services for NRCS contracts that we have successfully performed in the past is a further assault on opportunities for women to compete and a potential death knell to our company.

8. **The number of the total employees that perform this contract and their future if you did not continue to perform this contract.**

    Currently Ultima Services employs 32 people to support the NRCS contract in Mississippi. We will provide them with a notice of layoff if our work is discontinued.

9. **The amount and value of any equipment purchased in order to perform this contract and the effect on that value if you did not continue performing this contract.**
    NA

### Other Factors for SBA to Consider
The basis for the sole source set aside was made solely for the administrative convenience of an understaffed contracting office, and the more salient interests of other interested parties were never seriously considered.

Confidential – Not for Public Release –
1104 Tusculum Blvd Ste 306 Greeneville TN 37745
cwbennett@ultimaservices.com



- Specifically, on multiple occasions, it was expressed by the contracting office that the requirement will be set aside as an 8(a) sole source award because they just don't have the time to go through the more time-consuming, competitive process.

- Although contracting has multiple options available to allow them the necessary time to pursue a competitive award, NRCS never investigated these avenues due to the expediency of the 8a sole source process which removes the contract from their workflow immediately. There was never any serious consideration of other interested parties who desire a competitive process to include:

    - The interests of the Mississippi NRCS management staff who have expressed wishes to allow the incumbent contractor, Ultima Services, to compete for the follow on contract.
    - The interests of the taxpayer who ultimately benefit from higher quality services at a lower cost when contracts are competed openly.
    - The interests of the incumbent contractor who implemented and successfully operates this contract and will be harmed by the eternal removal of potential work.
    - The interests of hundreds of other small businesses, to include woman owned and operated firms, who have previously performed or pursued work for identical NRCS contracts and who will now be excluded from competition.

As the SBA determines whether or not to sole source an award and remove it from open competition forever, we strongly encourage a vigorous consideration of the interests of all parties and a thoughtful comparison of the importance of the supported Agency's needs as well as the long lasting detrimental effects on small businesses, to include the incumbent contractor, relative to the contracting office's desire for expediency.

Confidential – Not for Public Release –
1104 Tusculum Blvd Ste 306 Greeneville TN 37745
cwbennett@ultimaservices.com