UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
--------------------------------------------------------------------------------x

ULTIMA SERVICES CORPORATION,                              :

    Plaintiff,                                           :

       -against-                                       :    No. 2:20-cv-00041-
                                                                                                                                  DCLC-CRW

U.S. DEPARTMENT OF AGRICULTURE,                         :
U.S. SMALL BUSINESS ADMINISTRATION,
SECRETARY OF AGRICULTURE, and ADMINISTRATOR             :
OF THE SMALL BUSINESS ADMINISTRATION,
                                                                                                                               :

    Defendants.
                                                                                                                               :
--------------------------------------------------------------------------------x

## STATEMENT OF MICHAEL ROSMAN

    1.       I am the General Counsel for the Center for Individual Rights and an attorney for plaintiff in this action.  I submit this statement in opposition to defendants' motion for summary judgment.

    2.       The initial expert disclosure deadline in this case was January 7, 2022.  Doc. 34, pg. 1.  Pursuant to Paragraph 5(i) of the scheduling order, the parties agreed in writing that the initial expert reports would be due on February 7, 2022.  I received defendants' expert reports on that date.  Defendants' expert Dr. Jon Wainwright was deposed on March 7, 2022.  (*See* Ex. 33 hereto.)

    3.       On April 25, 2022, I received an email from defendants' counsel, providing me with a "corrected" version of Dr. Wainwright's report.  The email represented that only "typographical" errors were made and that there were no "substantive" changes.  The email also provided me with a redlined version of Dr. Wainwright's report.  Accompanying this statement

as Exhibit 31 is the email and a few pages from the redlined version of the report sent to me on that date.

4. During the course of discovery, we served a notice to take the deposition of the Department of Justice, pursuant to Rule 30(b)(6), seeking testimony regarding "the creation and development of *The Compelling Interest to Remedy the Effects of Discrimination in Federal Contracting: A Survey of Recent Evidence* (2022)." Defendants objected to producing a witness, primarily on the ground that such a witness would be precluded from testifying about much of the designated topic pursuant to the work product doctrine. Eventually, the parties agreed that the deposition would not go forward, and that defendants would agree to the stipulation that I attached to my previous statement as Exhibit 21. Doc. 65-5.

5. Accompanying this statement as Exhibit 32 are documents produced by defendants in this lawsuit, each of which relates to the fact that contracts reserved for the 8(a) program generally remain within the program even if a specific 8(a) contractor is no longer eligible to perform that contract.

6. Accompanying this statement as Exhibits are excerpts from the following deposition transcripts:

| | |
|---|---|
| Exhibit 33 | Jon Wainwright |
| Exhibit 34 | Daniel Chow |
| Exhibit 35 | Terri Denison (includes marked exhibit 5) |
| Exhibit 36 | Danny Mandell (includes marked exhibit 6) |
| Exhibit 37 | Amy Stonebraker |
| Exhibit 38 | John Klein (SBA 30(b)(6) witness) |
| Exhibit 39 | Howard Stover |

7. Accompanying this statement as Exhibit 40 is a chart my firm has created from documents produced by defendants in this lawsuit. The chart identifies contracts for the provision of administrative and technical services to National Resource Conservation Service offices from about mid-2018 (shortly after Ultima's IDIQ contracts were cancelled) reserved for the 8(a) Program. In most instances, the contracts themselves indicate that they are 8(a) contracts; in a few instances, we confirmed that they were 8(a) contracts through other information that defendants produced during discovery like offering and acceptance letters (*e.g.*, Docs 66-3, 66-4) or charts provided by defendants (*e.g.*, Doc. 60-6, PageID ## 879-81).

8. Accompanying this statement as Exhibit 41 are the contracts used to create the chart in Exhibit 40.

I state under penalty of perjury that the foregoing is true and correct. Executed on July 12, 2022.

                                                */s/ Michael E. Rosman*
                                                Michael E. Rosman