# EXHIBIT 35

1        UNITED STATES DISTRICT COURT
2         EASTERN DISTRICT OF TENNESSEE
3    ULTIMA SERVICES CORPORATION
4            Plaintiff
5    v.                              2:20-cv-00041-DCLC-CRW
6    U.S. DEPARTMENT OF AGRICULTURE,
7    U.S. SMALL BUSINESS ADMINISTRATION,
8    SECRETARY OF AGRICULTURE and
9    ADMINISTRATOR OF THE SMALL BUSINESS
10   ADMINISTRATION
11           Defendants
12   _____/
13
14           The deposition of TERRI DENISON was held via
15   Veritext Zoom on Wednesday, May 18, 2022, commencing at
16   1:27 p.m. before Esther Levi, Notary Public.
17
25   REPORTED BY:  Esther Levi

```
 1        APPEARANCES:

 2

 3            ON BEHALF OF THE PLAINTIFF:

 4            MICHELLE A. SCOTT, ESQUIRE (via Videoconference)

 5            MICHAEL E. ROSMAN, ESQUIRE (via Videoconference)

 6                Center for Individual Rights

 7                1100 Connecticut Avenue, NW, Suite 625

 8                Washington, D.C. 20036

 9                Telephone:  202-833-8400

10                E-mail:  Scott@cir-usa.org

11

12            ON BEHALF OF U.S. DEPARTMENT OF AGRICULTURE &

13            SECRETARY OF AGRICULTURE:

14            JULIET GRAY, ESQUIRE (via videoconference)

15                Department of Justice Civil Rights Division

16                150 M Street, NE

17                Washington, D.C. 20530

18                Telephone:  202-514-3831

19                E-mail:  Juliet.Gray@usdoj.gov

20

21

22

23

24

25
```

```
 1        APPEARANCES CONTINUED:
 2
 3            ON BEHALF OF SMALL BUSINESS ADMINISTRATION:
 4            DAVID FISHMAN, ESQUIRE (via Videoconference)
 5            KAREN HUNTER, ESQUIRE (via Videoconference)
 6               Small Business Administration
 7               409 3rd Street, Southwest
 8               Washington, DC 20416
 9               Telephone:  202-205-8800
10               E-mail:  David.Fishman@sba.gov
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1      So in general the contracting officer would
2  notify the small business if an adverse impact analysis
3  was -- had been made or the SBA would notify them?
4      A.   That part I -- cause we don't do a whole lot
5  of these.  I think I've seen it -- we've probably done
6  maybe -- in 20 years I've probably seen about 7 of
7  these.  So we don't get a whole lot of them.
8           And I think I have seen us do it both ways
9  where we either notify both the small business and the
10 contracting officer or just the contracting officer.
11 The key person of course in this transaction is the
12 contracting officer.
13     Q.   And why is that?
14     A.   Because that's the person that it affects
15 their ability to move forward or to know how to proceed
16 with that particular procurement.  So it's important
17 that the contracting officer knows what the outcome
18 was.
19     Q.   Okay.
20          So if the outcome is that there is an
21 adverse impact on the small business, what does that --
22 how does that affect the contracting officer?
23     A.   Well, if that determination is made, then
24 the SBA would not be accepting the requirement into the
25 8(a) program on behalf of that proposed 8(a) firm.

1  Q. Okay.
2  I'm going to show you another exhibit. Just
3  hang on just a second. Okay.
4  (Denison Deposition Exhibit 5 was marked for
5  purposes of identification.)
6  Q. And this should be Exhibit 5.
7  A. Okay. I see it.
8  Q. Okay.
9  Do you want to take a look to refresh your
10  memory?
11  A. Okay.
12  Q. Okay.
13  And is this Uneeda Collins telling you that
14  she's concluded that there's an adverse impact on
15  Ultima if the contract is made 8(a)?
16  A. Yeah.
17  Q. Okay.
18  I want to have you look at the very top. It
19  says from Uneeda Collins to you, and then thru Carlissa
20  Carson, district counsel and Robert Ware supervisory
21  BOS.
22  Can you explain what that means thru?
23  A. Well, basically before it got to me it was
24  reviewed by Carlissa Carson who was the district
25  counsel at the time and then also Robert Ware.

```
 1              Q.   Okay.
 2                   So would that indicate that they agreed with
 3       her finding that there was an adverse impact?
 4              A.   Yes.
 5              Q.   Okay.
 6              A.   Because -- yeah.
 7              Q.   Okay.
 8                   What would happen if they didn't agree?
 9              A.   Well, if they didn't agree, then I would
10       have to look at both sides of, you know, the equation
11       in terms of why Uneeda proposed yes, why they proposed
12       no --
13              Q.   Okay.
14              A.   -- and make a decision accordingly.
15              Q.   Okay.
16                   So the decision would have eventually come
17       to you either way?
18              A.   Yeah.
19              Q.   Okay.  Okay.
20                   And did you agree with the conclusion that
21       this contract if made 8(a) would have an adverse impact
22       on Ultima?
23              A.   At that time I did.
24              Q.   Let me show you another.
25              A.   I'm also noting that this particular --
```

```
 1    State of Maryland
 2    City of Baltimore, to wit:
 3             I, Esther Levi, a Notary Public of the State
 4    of Maryland, do hereby certify that the within-named
 5    witness personally appeared before me at the time and
 6    place herein set out, and after having been duly sworn
 7    by me, according to law, was examined by counsel.
 8             I further certify that the examination was
 9    recorded stenographically by me and this transcript is
10    a true record of the proceedings.
11             I further certify that I am not of counsel to
12    any of the parties, nor in any way interested in the
13    outcome of this action.
14             As witness my hand this 31st day of May,
15    2022.
16
17                              Esther Levi
18                              Notary Public
19
20
21
22
23
24    My Commission Expires:
25    July 8, 2023
```



Date: September 19, 2018

From: Uneeda J. Collins, BOS

To: Terri L. Denison, District Director
Georgia District Office

Thru: Carlissa Carson, District Counsel
Robert E. Ware, Supervisory BOS

Subject: Impact Analysis for Contract #AG-2B46-D-17-0099, Farm Bill Administrative Support
USDA, NRCS Field Offices in the States of Mississippi  - Awardee – Ultima Services Corporation

In accordance with 13 CFR Part 124.504, SBA presumes adverse impact to exist when small business concern has performed a specific requirement for at least 24 months, it is currently performing the requirement or finished such performance within 30 days of the procuring agency's offer of the requirement to the 8(a) BD Program and the estimated dollar value of requirement that the small business is or was performing is 25% or more it its most recent annual gross sales.  For a multi-year requirement the dollar value of the last 12 months of the requirement will be used to determine whether a small business would be adversely affected by SBA's acceptance of the project into the Program.

The subject contract was offered to the 8(a) program on September 7, 2018.  USDA NRCS is looking to procure services to provide administrative assistance to four (4) field offices in the State of Mississippi.  The required timeline for contract performance is October 1, 2018 – September 30, 2020 (2 calendar years).  Based on search of the FPDS.gov database, the contract was awarded to the subject incumbent on 9/6/2017 with a completion date of 10/1/18.

Upon review of supporting documentation, the following has been determined:

1. Review of submitted contract revenues by month and year and FPDS.gov data, it appears that Ultima performed the contract for less than 24 months.

2. Ultima is currently performing the contact at the time it was offered to the 8(a) Program.

3. The dollar value of the contract that Ultima is performing is 25 percent or more of its most recent annual gross sales (including those of its affiliates):

    - Ultima 3 year avenue annual gross sales is $6,722,191, which illustrates that the firm continues to be small for the designated NAICS Code assigned to the contract.



Exhibit 0005
Denison

Case 2:20-cv-00041-DCLC-CRW   Document 70-13   Filed 07/12/22   Page 9 of 11
PageID #: 2639
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                               US0063673

- Ultima received $1,343,561 for its performance of the contract during their most recent annual gross sales. The firm's most recent annual gross sales total $5,247,295. The contract based on FPDS.gov data represents 25.6% of the firm's most recent annual gross sales.

Additional factors which were taken into consideration include the following:

- Ultima's work on NRCS contracts represents the majority of the business revenues. Review of FPDS.gov reflects that the majority of awards acquired by the firm were made by NRCS.

- The removal of potential work from the competitive domain is occurring with all of the firm's expiring contracts with NRCS. Three contacts have previously been set aside as 8(a) sole source awards between July 2018 and October 2018.

- Ultima currently employs 32 people to support the NRCS contract.

Based on the above analysis and the totality of the circumstances, it is determined that acceptance of the subject contract into the 8(a) Program will cause an adverse impact to the current incumbent.



2

Case 2:20-cv-00041-DCLC-CRW   Document 70-13   Filed 07/12/22   Page 10 of 11
PageID #: 2640
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                              US0063674

**District Counsel Comments:**

_____  _____
Carlissa Carson, District Counsel                Date

**Supervisory BOS Comments:**

_____  _____
Robert E. Ware, Supervisory BOS                  Date

**District Director Comments:**

I Concur [   ]     I DO Not Concur [   ]

_____  _____
Terri L. Denison, District Director              Date

CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER                         US0063675