# EXHIBIT 36

1              UNITED STATES DISTRICT COURT

2              EASTERN DISTRICT OF TENNESSEE

3    _____

4    ULTIMA SERVICES CORPORATION,

5              Plaintiff,

6         v.                          No.

7    U.S. DEPARTMENT OF AGRICULTURE,       2:20-cv-00041-

8    U.S. SMALL BUSINESS                   DCLC-CRW

9    ADMINISTRATION, SECRETARY OF

10   AGRICULTURE, and ADMINISTRATOR

11   OF THE SMALL BUSINESS

12   ADMINISTRATION,

13             Defendants.

14   _____

15             VIDEOCONFERENCE DEPOSITION OF

16                  DANNY MANDELL

17   DATE:          Monday, May 16, 2022

18   TIME:          9:26 a.m.

19   LOCATION:      Remote Proceeding

20                  Washington, D.C. 20005

21   REPORTED BY:   Richard Livengood, Notary Public

22   JOB NO.:       5230091

```
 1                    A P P E A R A N C E S

 2      ON BEHALF OF PLAINTIFF ULTIMA SERVICES CORPORATION:

 3            MICHAEL E. ROSMAN, ESQUIRE (by videoconference)

 4            MICHELLE SCOTT, ESQUIRE (by videoconference)

 5            Center for Individual Rights

 6            1100 Connecticut Avenue Northwest, Suite 625

 7            Washington, D.C. 20036

 8            rosman@cir-usa.org

 9            scott@cir-usa.org

10            (202) 833-8400

11

12      ON BEHALF OF DEFENDANTS U.S. DEPARTMENT OF

13      AGRICULTURE, U.S. SMALL BUSINESS ADMINISTRATION,

14      SECRETARY OF AGRICULTURE, and ADMINISTRATOR OF THE

15      SMALL BUSINESS ADMINISTRATION:

16            JULIET GRAY, ESQUIRE (by videoconference)

17            Department of Justice Civil Rights Division

18            Employment Litigation Section

19            150 M Street Northeast

20            Washington, D.C. 20530

21            juliet.gray@usdoj.gov

22
```

Case 2:20-cv-00041-DCLC-CRW Document 70-14 Filed 07/12/22 Page 3 of 13
PageID #: 2644

1    Q    Please -- oh.  You want me to -- okay.  And

2    then you had a conversation with Ms. Stonebraker.

3    A    Right.  With both of my supervisors.

4    Q    Both of your supervisors?  So that would be

5    Matt.  Now I've forgotten his last name.  But -- him

6    and Ms. Stonebraker.

7    A    I believe so.  I believe it's Matt.  I, I

8    just don't remember.  There's so many changes in

9    supervisors, I don't know, I don't remember which is

10   which.

11   Q    All right.  But you had a conversation with,

12   you thought, two supervisors; is that right?

13   A    Right.  I mean, if we come up with that type

14   of situation, we always let our supervisors know

15   what's going on.

16   Q    Okay.  And did they give you any -- well,

17   tell me what happened in that conversation.

18   A    I believe that conversation I told them that

19   we would have a, that we're going to probably get a

20   adverse impact after talking to Ms. Collins, meaning

21   that we're not going to be able to award an 8(a) award

22   under the SBA on that.  And the question was, why

1      would there be an adverse impact?  I explain -- I

2      asked Mr., Ms. Collins when the contract is ending

3      that we cannot do a task order against it anymore.

4      That was the same question my supervisor asked.

5          Q    Okay.  Did they -- did your supervisor say

6      anything else?

7          A    No.  Other than the fact that we did not

8      understand why there would be an adverse impact, if I

9      remember, that -- was the main thing that I remember

10     is that we, all three of us did not understand why

11     there would be an adverse impact on small businesses

12     that currently had a contract for the contract that

13     has ended.  No more viable.

14         Q    So is it your understanding that there, the

15     SBA cannot make or should not make a finding of

16     adverse impact on a small business if the contract

17     that the small business was fulfilling is ending?

18         A    That's what I thought.  That was my, my

19     understanding to myself.

20         Q    And was that your supervisor's understanding

21     as well?  Well, let me rephrase the question.

22         A    Yes.

1    Q    Did -- during the course of the conversation

2    that you had with your supervisors, did they say

3    anything that indicated that they had the same

4    understanding?

5    A    I believe so.  They didn't understand why.

6    Q    Okay.  All right.

7    A    So.

8    Q    All right.  Why don't we go back to Exhibit

9    Share, and let's just take a look one brief moment

10   again at Exhibit 4.  Okay.  And this is a letter from

11   the district director, Terri Denison, to you,

12   basically saying that the SBA would not recommend

13   acceptance of the contract into the 8(a) program

14   because of adverse impact.

15   A    Yes.  That's what the letter's saying.

16   Q    Were you done with your answer?

17   A    Yes, sir.

18   Q    Okay.  Good.  All right.  So why don't we go

19   back to Exhibit Share.  And this is to -- I'm sorry.

20   One more question.  This is dated September 20; right?

21   A    Yes.  That's correct.

22   Q    Okay.  Let's go to Exhibit 5, please.

1    A    Okay.  I'm on Exhibit 6.

2    Q    Okay.  And if you could just identify this

3    document for us.

4    A    It's an acceptance letter.

5    Q    Okay.

6    A    By the SBA.  Allowing us to go ahead and

7    proceed and work with All -- All-Pro Placement

8    Services for that requirement.

9    Q    Okay.  And the acceptance letter says that

10   your letter indicated that it was a new 8(a)

11   requirement; right?

12   A    Yes.

13   Q    Okay.  And that therefore there was no

14   adverse impact analysis that needed to be done; right?

15   A    No.

16   Q    I'm sorry.  You're saying that's not right

17   or that there was no adverse impact analysis that

18   needed to be done?

19   A    Oh.  According to -- if I get an acceptance

20   letter that there was no adverse impact, that is

21   right.

22   Q    Okay.  All right.  So were you still working

1              CERTIFICATE OF DEPOSITION OFFICER

2              I, RICHARD LIVENGOOD, the officer before

3      whom the foregoing proceedings were taken, do hereby

4      certify that any witness(es) in the foregoing

5      proceedings, prior to testifying, were duly sworn;

6      that the proceedings were recorded by me and

7      thereafter reduced to typewriting by a qualified

8      transcriptionist; that said digital audio recording of

9      said proceedings are a true and accurate record to the

10     best of my knowledge, skills, and ability; that I am

11     neither counsel for, related to, nor employed by any

12     of the parties to the action in which this was taken;

13     and, further, that I am not a relative or employee of

14     any counsel or attorney employed by the parties

15     hereto, nor financially or otherwise interested in the

16     outcome of this action.

*Richard Livengood*

17                              RICHARD LIVENGOOD

18                              Notary Public in and for the

19                              State of Maryland

20

21     [X] Review of the transcript was requested.

22

1    Juliet Gray, Esquire

2    juliet.gray@usdoj.gov

3                      May 28, 2022

4    Ultima Services Corporation  v. US Department Of Agriculture Et Al

5        5/16/2022, Danny Mandell (#5230091)

6        The above-referenced transcript is available for

7    review.

8        Within the applicable timeframe, the witness should

9    read the testimony to verify its accuracy. If there are

10   any changes, the witness should note those with the

11   reason, on the attached Errata Sheet.

12       The witness should sign the Acknowledgment of

13   Deponent and Errata and return to the deposing attorney.

14   Copies should be sent to all counsel, and to Veritext at

15   erratas-cs@veritext.com.

16

17    Return completed errata within 30 days from

18   receipt of testimony.

19      If the witness fails to do so within the time

20   allotted, the transcript may be used as if signed.

21

22                  Yours,

23                  Veritext Legal Solutions

24

25

```
 1    Ultima Services Corporation  v. US Department Of Agriculture Et Al
 2    Danny Mandell (#5230091)
 3                    E R R A T A   S H E E T
 4    PAGE 9      LINE 16    CHANGE  change "Port" to Portland, Oregon
 5    _____
 6    REASON Name of city is Portland not "Port"
 7    PAGE 64     LINE 15    CHANGE "NSO" to "VOSB" Veteran Owned
 8    Small Business
 9    REASON  wrong acronym
10    PAGE 85     LINE 13    CHANGE "no more viable" should be "no longer
11    viable"
12    REASON  contract is not valid anymore
13    PAGE 131    LINE 5     CHANGE "water contract" should be "service contract"
14    _____
15    REASON no such thing as a "water" contract
16    PAGE 131    LINE 14    CHANGE "is an S" should be "is an SB"
17    _____
18    REASON  SB - Small Business
19    PAGE 145    LINE 14    CHANGE add "performance" after "correct period -"
20    _____
21    REASON  should say: "correct period of performance"
22
23         Danny Mandell                    June 15, 2022
24    Danny Mandell Date
25
```

```
 1   Ultima Services Corporation  v. US Department Of Agriculture Et Al

 2   Danny Mandell (#5230091)

 3                   ACKNOWLEDGEMENT OF DEPONENT

 4       I, Danny Mandell, do hereby declare that I

 5   have read the foregoing transcript, I have made any

 6   corrections, additions, or changes I deemed necessary as

 7   noted above to be appended hereto, and that the same is

 8   a true, correct and complete transcript of the testimony

 9   given by me.

10

11   _____Danny Mandell_____  _____

12   Danny Mandell Date

13   *If notary is required

14                       SUBSCRIBED AND SWORN TO BEFORE ME THIS

15                   _____ DAY OF _____, 20___.

16

17

18                       _____

19                       NOTARY PUBLIC

20

21

22

23

24

25
```



**SBA**

U.S. Small Business
Administration

shelia.berry@sba.gov | 410-244-3331 | www.sba.gov/md
Baltimore District Office | 100 S. Charles St., Ste. 1201 | Baltimore, MD 21201

September 25, 2018

Danny C. Mandell
Contracting Officer
Natural Resources Conservation Service (NRCS)
U.S. Department of Agriculture
101 South Main Street
Temple, TX 76501-7601

Dear Mr. Mandell,

This letter is to serve as acceptance of the offer submitted by your agency on September 21, 2018. In accordance with Section 8(a) of the Small Business Act (15 USC 637(a)(1)) and the Federal Acquisition Regulation (FAR) Part 19.8, and the executed Partnership Agreement between the U.S. Small Business Administration (SBA) and the U. S. Department of Agriculture (USDA), SBA hereby accepts your offer of the requirement for administrative services in various Field and Area Office(s) throughout Mississippi on behalf of:

All Pro Placement Services, Inc
116 Old Padonia Rd suite D
Cockeysville, MD 21030

The estimated dollar value of this procurement (including all options) will be $3,000,000.70. The assigned NAICS Code is 561110, with a corresponding size standard of 7.5 million. Our acceptance is certification of the named firm's eligibility to receive the above referenced requirement.

The offer letter indicates that this is a new 8(a) requirement. An analysis of this requirement in accordance with the provisions set forth in Title 13 of the Code of Federal Regulations (13 C.F.R. § 124.504(c)) was not conducted related to, Adverse Impact, based upon the procurement history revealed in the offer letter.

As stated, you have designated a North American Industry Classification System (NAICS) Code of 561110 for this requirement. This NAICS Code should not be changed without prior coordination with this office. The assigned SBA Requirement Number is 0373/18/806094/01. Please reference this number should you need to contact this office relative to this procurement. The SBA Requirement Number should also be referenced on any resultant contract award documents.

Pursuant to the executed Partnership Agreement the U. S. Department of Agriculture (USDA) is authorized to negotiate directly with the 8(a) BD Participant. SBA reserves the right to be present at an Agency's negotiations with the 8(a) BD Participant.

> **Exhibit
> 0006**
> Mandell

*All SBA programs and services are extended to the public on a nondiscriminatory basis.*

U. S. Department of Agriculture (USDA)

Under the terms and conditions of the Partnership Agreement, you are to execute and distribute one copy of the contract, including task orders, modifications, and purchase orders to our office within 15 business days of the award. The SBA must be consulted prior to any changes that affect the scope of the contract.

In addition, the U. S. Department of Agriculture (USDA) shall retain the responsibility for compliance with the limitations on subcontracting requirements and all applicable provisions of FAR Section 52.219-14. Upon detecting any violations of the Ostensible Subcontracting rule, procuring agencies should immediately notify the SBA's Headquarters office via an email to: BDManagement&TechnicalAssistance@sba.gov.

In the event that this requirement does not result in a contract award, please notify the SBA's Baltimore District Office.

If you have any questions regarding this acceptance letter, please contact Shelia Berry at: (410) 244-3331, or shelia.berry@sba.gov.

Thank you for your continued support of the 8(a) BD Program.

Sincerely,

*Shelia Berry*

Shelia Berry
Business Opportunity Specialist
8(a) Business Development Program

*All SBA programs and services are extended to the public on a nondiscriminatory basis.*

2

Case 2:20-cv-00041-DCLC-CRW   Document 70-14   Filed 07/12/22   Page 13 of 13
CONFIDENTIAL-SUBJECT TO PROTECTIVE ORDER
PageID #: 2654

US0142586