IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW |
| | ) |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY TO PLAINTIFF'S RESPONSE TO**
**DEFENDANTS' STATEMENT OF UNDISPUTED MATERIAL FACTS**

Plaintiff's response to Defendants' Statement of Undisputed Material Facts includes two distinct sections: (1) a section containing responses to the 43 statements contained in Defendants' Statement of Undisputed Material Facts ("Plaintiff's Response to Defendants' Statement of Facts"); and (2) a section containing 19 new facts which Plaintiff contends are undisputed and material ("Plaintiff's Additional Disputed Facts"). Plaintiff has not raised a legitimate dispute in either section, as Plaintiff does not genuinely dispute any facts material to the constitutionality of the 8(a) program.

Plaintiff's Response to Defendants' Statement of Facts

Of the 43 statements in Defendants' Statement of Undisputed Material Facts ("Def. SOF"), Plaintiff states that 15 of them are undisputed: Def. SOF ¶¶ 1, 2, 4-6, 14, 15, 22-28, 35. *See* Pl.'s Resp. Def. SOF, Doc. 70-1 ("Pl. Resp. to SOF") at 1-14. As to the remaining facts, Plaintiff either does not create a *genuine* dispute by citing to record evidence (Def. SOF ¶¶ 7-9, 18-21, 29-34, 36-

43) or only purports to dispute facts that are not material to the merits of the constitutionality of the 8(a) regulation at issue (Def. SOF ¶¶ 3, 7, 10-13, 16, 17). *Id.*

Defendants' Response to Plaintiff's Additional Disputed Facts

Finally, while Plaintiff presents some new facts, *see* Pl. Resp. to SOF at ¶¶1-19,[1] Defendants generally do not dispute these facts as presented, but they do not reflect the full record, and are not material to determining whether the 8(a) program is unconstitutional as a matter of law. Defendants dispute only four facts, and that is based on the fact that they are not supported by the record citation provided and therefore there is no *genuine* dispute that would preclude summary judgment.

1. When Howard Stover, a contracting officer with the Department of Agriculture, called Natural Resource Conservation Service offices to inquire about Ultima's performance under the task orders issued pursuant to the IDIQ contract, the representatives in those offices described Ultima's work as outstanding or excellent, without exception. Rosman Opp. St. Ex. 39 (Stover Dep. Tr. 30-31).

Undisputed for purposes of summary judgment.

2. The IDIQ contracts were a "win-win" situation for the government, the contractor, and the customers. Rosman Opp. St. Ex. 39 (Stover Dep. Tr. 31).

Undisputed that this is an accurate reflection of Mr. Stover's testimony, but aver that Mr. Stover did not testify as a representative of the USDA, and he also testified that he had no role in the decision to stop exercising task orders against the IDIQs. Stover Dep. 112:11-19. The USDA's position as to the IDIQs is set forth in the Decision Memorandum attached to the Defendants'

---

[1] Plaintiff's additional facts are numbered beginning with 1, and begin on page 15 of Plaintiff's Response to Defendants' Statement of Undisputed Material Facts. *See* Pl. Resp. to SOF at 15-17.

Motion for Summary Judgment as Exhibit 4.

    3.    Individuals in the Colorado office of the NRCS were upset that the USDA was terminating Ultima's task orders because Ultima had been a really good contractor and they did not want to lose Ultima. Rosman Opp. St. Ex. 39 (Stover Dep. Tr. 66, 69-70).

Undisputed that Mr. Stover testified as to the opinions of two employees from the Colorado NRCS office, but aver that Mr. Stover did not testify as to the opinions of all individuals in the Colorado NRCS office, and further aver that Ultima's performance is not in dispute in this matter, nor is it a material fact.

    4.    Generally speaking, contracts reserved to the 8(a) Program cost the government more because there's no competition. Rosman Opp. St. Ex. 39 (Stover Dep. Tr. 75).

Disputed, but the cost of the 8(a) program as compared to other contracting methods is not a material fact. Mr. Stover's opinion does not support this fact because it is not true that such contracts never involve competition. Ex. 1, Stonebraker dep. at 111:13-112:4.

    5.    The SBA engages in adverse impact analysis very infrequently. Rosman Opp. St. Ex. 35 (Denison Dep. Tr. 24).

Disputed on the grounds it is not supported by the citation provided. Ms. Denison is the Director of the SBA's Georgia District Office and she testified that in the Georgia District Office "in 20 years I've probably seen about 7 of these." *Id.* There are approximately 80 SBA District Offices. *See* https://www.sba.gov/about-sba/sba-locations/sba-district-offices. Ms. Denison's testimony as to the activities of just one of those offices does not support the statement for the entire SBA.

    6.    In this case, the USDA sent an offering letter to the SBA on a proposed contract for inclusion in the 8(a) Program covering administrative and technical support for 37 National

Resource Conservation Service offices in the State of Mississippi. Doc. 66-3 (PageID ## 2102-04).

Disputed; the cited document shows that the proposed contract covered four NRCS offices in the State of Mississippi and 37 contract employee positions, not 37 NRCS offices. *Id.*

7. The proposed contract would be for about $3 million over two years. In the offering letter by the USDA contracting officer, Danny Mandell, Ultima was identified as the incumbent firm providing those services, and Ausdanbrook Properties was the recommended 8(a) contractor. Doc. 66-3 (PageID ## 2102-04).

Undisputed for purposes of summary judgment, but aver that the letter also states that Ultima's task order had "an ending date of October 1, 2018, which will be mostly [sic] likely be extended 2 calendar months." *See id.*

8. Mr. Mandell wanted to use an 8(a) sole source contract because the fiscal year was drawing to a close and he did not have time to compete the contract. Doc. 65-12 (PageID # 1926-27, Mandell Dep. Tr. 69-70).

Undisputed, for purposes of summary judgment, that this is an accurate reflection of Mr. Mandell's testimony.

9. The business office specialist in the SBA's Georgia office, Uneeda Collins, determined that an adverse impact analysis was necessary, and she asked for, and obtained, information from Ultima's President for that purpose. Statement of Celeste Bennett ("Bennett Opp. St.") ¶¶ 2-5 & Exs. A-C.

Undisputed for purposes of summary judgment.

10. After receiving that information, Ms. Collins concluded that the contract would have an adverse impact on Ultima in a memo to the director of the Georgia office, Terri Denison.

Rosman Opp. St. Ex. 35 (Denison Dep. Tr. 25-26 & Ex. 5 thereto).

Undisputed for purposes of summary judgment.

11. Ms. Denison agreed with that conclusion, as did others in the office, and apprised Mr. Mandell in a letter on September 20, 2018 that she did not recommend that the SBA accept the contract into the 8(a) Program. Rosman Opp. St. Ex. 35 (Denison Dep. Tr. 25-26 & Ex. 5 thereto); Doc. 61-19 (PageID # 1566).

Undisputed for purposes of summary judgment that Ms. Denison agreed with that conclusion at that time. However, Ms. Denison testified that based on additional information she now has, she does not believe an adverse impact determination was appropriate under the circumstances. *See* Denison dep., Doc. 61-20, at 38:9-39:16; 40:4-19.

12. On September 21, 2018, Mr. Mandell sent another offering letter to a different SBA office regarding the same requirement of providing administrative and technical support to 37 NRCS offices in Mississippi. Doc. 66-3 (PageID ## 2095-98).

Disputed, as the letter referenced in paragraph 6 states that it is for services to four NRCS offices in Mississippi, and the citation does not support that it was the "same requirement" as that referenced in paragraph 6. *Compare* Doc. 66-3 (PageID ## 2102-04) *with* Doc. 66-3 (PageID ## 2095-98).

13. Mr. Mandell made no mention of the denial by the Georgia office in this second letter. Doc. 66-3 (PageID ## 2095-98).

Undisputed for purposes of summary judgment that the letter to the SBA's Washington, D.C. District Office does not mention the denial by the Georgia District Office, but aver that Mr. Mandell testified that he spoke with someone at the SBA's Washington, D.C. office and informed them of the adverse impact determination. Ex. 2, Mandell Dep. at 89:9-90:18;

153:21-155:4.

14. A different 8(a) contractor, All Pro Placement Service, was the recommended contractor, and the letter stated that there was no other 8(a) participant interested in the requirement. That is, the letter made no mention of Ausdanbrook's interest in the contract.

Undisputed for purposes of summary judgment, and aver that All-Pro Placement Service, Inc. was not accepted into the 8(a) program based upon the presumption of social disadvantage, but because its owner established social disadvantage based on gender. *See* Klein Decl. ¶¶ 2-4 (attached as Ex. 7 to Defendants' Reply in Support of Its Motion for Summary Judgment).

15. The new offering letter asserted that the requirement was a "new requirement." Doc. 66-3 (PageID ## 2095-98).

Undisputed for purposes of summary judgment.

16. This letter was accepted by the SBA a few days later, and the contract went into the 8(a) Program. Rosman Opp. St. Ex. 36 (Mandell Dep. Tr. 100 & Ex. 6 thereto).

Undisputed for purposes of summary judgment.

17. Weeks later, Ms. Bennett, not having heard anything about the outcome of the adverse impact analysis, left a voicemail for Ms. Collins and sent an email on October 11, 2018 to Ms. Collins and Mr. Ware seeking information on the adverse impact analysis. She never received a response. Bennett Opp. St. ¶ 5.

Undisputed for purposes of summary judgment.

18. The regulations governing adverse impact analysis state that the SBA should consider all relevant factors. 13 C.F.R. § 124.504(c)(1), (c)(3).

Undisputed for purposes of summary judgment, but aver that 13 C.F.R. § 124.504(c)3) states: "SBA will consider all relevant factors, including but not limited to, the number and value

of contracts in the subject industry in the 8(a) BD program as compared with other small business program." Defendants also aver that the regulation states that "adverse impact does not apply to 'new' requirements. A new requirement is one which has not been previously procured by the relevant procuring activity." 13 C.F.R. § 124.504(c)(1)(ii).

19. The regulations do not provide that the SBA should presume that a small business is not adversely impacted by the reservation of a contract to the 8(a) Program if it has worked on the requirement for less than 24 months. 13 C.F.R. § 124.504(c)(1).

Undisputed for purposes of summary judgment, but aver that the regulation provides that "SBA presumes adverse impact to exist where . . . [t]he small business concern has performed the *specific* requirement for *at least* 24 months." 13 C.F.R. § 124.504(c)(1)(i)(A) (emphasis added).

Dated: July 19, 2022

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KAREN D. WOODARD<br>Chief<br>Employment Litigation Section<br>Civil Rights Division<br>United States Department of Justice |
| OF COUNSEL: |  |
| David A. Fishman<br>Assistant General Counsel for Litigation | ANDREW BRANIFF (IN Bar No. 23430-71)<br>Deputy Chief |
| Eric S. Benderson<br>Associate General Counsel for Litigation<br>U.S. Small Business Administration | By: */s/ Juliet E. Gray*<br>Juliet E. Gray (D.C. Bar No. 985608)<br>K'Shaani Smith (N.Y. Bar 5059217)<br>Christine T. Dinan (D.C. Bar 979762)<br>Senior Trial Attorneys<br>Employment Litigation Section<br>Civil Rights Division |
| Amar Shakti Nair<br>Attorney Advisor |  |
| Ashley Craig |  |

Attorney Advisor  United States Department of Justice
U.S. Department Of Agriculture  150 M Street, N.E.
Washington, D.C. 20002
(202) 598-1600
Juliet.Gray@usdoj.gov
K'Shaani.Smith@usdoj.gov
Christine.Dinan@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on July 19, 2022, I electronically filed the above document and with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

*/s/ Juliet E. Gray*
Juliet E. Gray
Senior Trial Attorney