# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
-------------------------------------------------------------------------------x

ULTIMA SERVICES CORPORATION,                          :

    Plaintiff,                                            :

      -against-                                     :      No. 2:20-cv-00041-
                                                    DCLC-CRW
U.S. DEPARTMENT OF AGRICULTURE,                        :
U.S. SMALL BUSINESS ADMINISTRATION,
SECRETARY OF AGRICULTURE, and ADMINISTRATOR           :
OF THE SMALL BUSINESS ADMINISTRATION,
                                                :

    Defendants.                                           :
-------------------------------------------------------------------------------x

**PLAINTIFF'S RESPONSE TO DEFENDANTS' SECOND SET OF REQUESTS FOR
ADMISSION**

Pursuant to Fed. R. Civ. P. 36, Plaintiff Ultima Services Corporation responds to Defendants'

First Set of Requests for Admission as follows:

Responses to Requests for Admission

1.      Admit that Celeste Bennet has not been "economically disadvantaged" as that term

is defined in 13 C.F.R. § 124.104 at any time since January 1, 2015.

Response: Plaintiff objects on the ground that, for several reasons, it is unclear what

"definition" the request is referring to.  First, it is unclear whether it seeks an admission that

Celeste Bennett did not meet the current definition ("is defined") of "economically

disadvantaged" during the relevant time period or an admission that she did not meet the

definition that may have been applicable "at any time since January 1, 2015."

Second, § 124.104 sets forth a definition in § 124.104(a), which (among other things)

requires a comparison between an entity's owner(s) and others to determine whether the entity's

owner has less access to credit or capital than others in the same or similar line of business as the

entity. The remainder of § 124.104 then describes a series of thresholds factors that defendant SBA employs to assess economic disadvantage, but that do not purport to "define" that term or to make any comparisons between an entity's owners and others. Further, for several factors, exceeding the thresholds appears only to create a presumption that an entity's owner does not have less credit and capital than others in the same or similar line of business.

Without waiving these objections, Plaintiff lacks knowledge or information sufficient to admit or deny because, having made a reasonable inquiry, the information it knows or can readily obtain does not reveal whether Celeste Bennett has had less access to credit or capital than others in the same or similar line of business during the time frame in question.

2. Admit that Celeste Bennett has not been "socially disadvantaged" as that term is defined in 13 C.F.R. § 124.103(a) at any time since January 1, 2015.

Response: Deny.

3. Admit that since at least January 1, 2015, Celeste Bennett's personal net worth as determined in 13 C.F.R. § 124.104(c)(2) has been at least $250,000.

Response: Plaintiff objects to this request on the ground that it does not seek relevant information. The section in question no longer uses $250,000 as a threshold to assess whether an individual has less access to credit or capital than others in the same or similar line of business, and what Celeste Bennett's personal net worth was seven years ago is irrelevant. Without waiving that objection, deny.

4. Admit that Celeste Bennett's current personal net worth as determined in 13 C.F.R. § 124.104(c)(2) is at least $750,000.

Response: Deny.

5. Admit that Celeste Bennett's adjusted gross income, as determined in 13 C.F.R.§ 124.104(c)(3) averaged over 2015 to 2018 exceeded $250,000.

Response: Plaintiff objects to this request on the ground that it does not seek relevant information because (1) the CFR section identified does not rely solely on adjusted gross income,

2

(2) the CFR section identified no longer uses $250,000 as a threshold to presume that someone

has less access to capital and credit than others in the same or similar line of business, and

(3) what Celeste Bennett's income was in the years identified is irrelevant.

Plaintiff further objects to this request because the CFR section in question does not

"determine" adjusted gross income and, accordingly, the request is confusing and ambiguous.

Without waiving these objections, and assuming "adjusted gross income" is referring to

the number identified as such on a typical federal income tax return, admit.

6.        Admit that Celeste Bennett's adjusted gross income, as determined in 13

C.F.R.§ 124.104(c)(3), averaged from 2018 to the present exceeds $350,000.

Response:  Plaintiff objects to this request on the ground that it does not seek relevant

information because the CFR section identified does not rely solely on adjusted gross income.

Plaintiff further objects to this request because the CFR section in question does not "determine"

adjusted gross income and, accordingly, the request is confusing and ambiguous.

Without waiving these objections, and assuming "adjusted gross income" is referring to

the number identified as such on a typical federal income tax return, deny.

7.        Admit that at any time during the relevant time period, the fair market value of

Celeste Bennett's assets as determined in 13 C.F.R. § 124.104(c)(4), including her primary

residence and the value of any businesses she owns, exceeded $4 million.

Response: Plaintiff objects to this request on the ground that it is unclear whether the

request seeks an admission that the fair market value of Celeste Bennett's assets exceeded $4

million at any one moment in time between January 1, 2015 and today or that it exceeded $4

million at all times between January 1, 2015 and today.  Plaintiff further objects on the ground

that the request seeks irrelevant information since the threshold in the identified regulation is not

$4 million.

Without waiving these objections, deny.

8.        Admit that the current fair market value of Celeste Bennett's assets as determined

3

in 13 C.F.R. § 124.104(c)(4), including her primary residence and the value of any businesses she owns, exceeds $6 million.

Response: Deny.

9.    Admit that Celeste Bennett is the sole owner of Lusa Associates, Inc.

Response: Admit.

10.    Admit that Lusa Associates, Inc. owns Ultima.

Response: Plaintiff objects to this request on the ground that the definition of Ultima in the requests (Definitions, ¶ 1) renders it confusing and ambiguous.  Under that definition, the request asks for an admission that Lusa Associates, Inc. "owns" the "officers, agents, trustees, representatives, attorneys, and other persons or entities acting on behalf of Ultima Services Corporation."  The request does not make clear how an entity like Lusa Associates, Inc. could "own" the identified individuals.

Without waiving this objection, Plaintiff admits that Lusa Associates, Inc. owns it but denies that Lusa Associates, Inc. owns any individuals or other entities.

Respectfully submitted,

*/s/ Michael E. Rosman*
Michael E. Rosman
Michelle A. Scott
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

M. Dale Conder, Jr.
RAINEY KIZER REVIERE & BELL PLC
209 E. Main St.
Jackson, TN 38301
(731) 426-8130

4

<u>Certificate of Service</u>

I certify that I served the foregoing response by email on December 20, 2021 to counsel for defendants.

*/s/ Michael E. Rosman*
Michael E. Rosman
