UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
--------------------------------------------------------------------------------x

ULTIMA SERVICES CORPORATION, :

    Plaintiff, :

      -against- : No. 2:20-cv-00041-DCLC-CRW

U.S. DEPARTMENT OF AGRICULTURE, :
U.S. SMALL BUSINESS ADMINISTRATION,
SECRETARY OF AGRICULTURE, and ADMINISTRATOR :
OF THE SMALL BUSINESS ADMINISTRATION,
                                                                      :

    Defendants.
                                                                      :
--------------------------------------------------------------------------------x

**PLAINTIFF'S SUPPLEMENTAL LETTER IN RESPONSE TO THE COURT'S
DECEMBER 8 ORDER**

Plaintiff Ultima Services Corporation ("Ultima") submits this supplemental letter in response to this Court's order dated December 8, 2022, which asked the parties to opine on "whether a potential decision by the Supreme Court overruling *Grutter* [*v. Bollinger*, 539 U.S. 306 (2003)] would impact the issues in this case, and, if so, whether this matter should remain stayed until the Supreme Court releases its decision" in several cases (the "*SFFA* cases") before that Court. One of the Questions Presented in the *SFFA* cases includes whether the Supreme Court should overrule its earlier decision in *Grutter*.

By "remain stayed," Ultima understands this Court to be referring to the stay ordered in the Court's August 3, 2022 order, which stayed this matter pending resolution of the parties' motions for summary judgment. For the reasons set forth below, Ultima prefers that the Court not further stay this matter past the resolution of the summary judgment motions (or delay that resolution).

The most likely Supreme Court decision overrruling *Grutter* would conclude that the defendants' professed compelling interest in the *SFFA* cases (educational diversity) was inadequate under the Fourteenth Amendment to meet strict scrutiny. Such a decision would not have substantial effect on the issues in this case.

For Ultima, time is an important consideration. Ultima's business has been, and continues to be, decimated by defendants' reservation of contracts for administrative and technical support to the 8(a) Program, where it is precluded from bidding on them. While Ultima can bid on contracts outside the 8(a) Program, there have been very few from the Natural Resources Conservation Service, the agency within Defendant U.S. Department of Agriculture upon which Ultima had built its business. Given this, Ultima prefers a resolution of this matter sooner rather than later.

Of course, it is difficult to predict the details of a Supreme Court opinion in such significant cases. There are *possible* -- albeit, in Ultima's view, not *likely* – decisions overruling *Grutter*, or simply reversing the judgments of the lower courts in the *SFFA* cases, that would affect the issues in this case. Pursuant to its obligation of candor to this Court, Ultima identifies the following such possibilities:

    1.    As Ultima understands it, one of the issues in the *SFFA* cases revolves around the

Supreme Court's statement in *Grutter* that it expected that there would be no need for the use of race in twenty-five years to further the interest defined therein. *Grutter*, 539 U.S. at 343. *See also id.* at 344 (Ginsburg, J. concurring) (noting that the Court's observation that race-conscious programs must have a logical end point "accords with the international understanding of the office of affirmative action"). If the Court overrules *Grutter*, it might do so by concluding that the Constitution requires a quicker termination date to any race-conscious program. If so, such a holding might be relevant here. The SBA has been using a racial presumption since 1986 when it changed from the individualized case-by-case analysis it had been using prior to that time to the racial presumption of social disadvantage that it continues to use today. Doc. 60-2 at 5-6 (PageID ## 811-12).

2. The Supreme Court might overrule *Grutter* by concluding that the *Grutter* Court failed to place a substantial enough burden on those defending race-conscious decision-making. The parties here dispute issues of burden. *Compare, e.g.,* Doc. 60-2 at 15-16 (PageID ## 821-22), Doc. 70 at 1-2 (PageID ## 2412-13), and Doc. 76 at 14 (PageID # 3127) *with* Doc. 62 at 6-7 (PageID ## 1600-01), Doc. 72 at 14-15 (PageID ## 2950-51), and Doc. 74 at 5-6 (PageID ## 3030-31). If the Supreme Court overruled *Grutter* by concluding that the *Grutter* Court gave too much deference to the defendants' findings of the need for race-conscious decision-making, that could be relevant to this litigation.

3. Some of the briefs in the *SFFA* Cases focus on the irrationality of the groups that are provided advantages. *See, e.g.*, Amicus Brief of David Bernstein; Petitioner's Reply Brief in Sup. Ct. No. 20-1199 at 11 (citing Bernstein Brief). A decision that the categorization involved in those cases is not narrowly-tailored to achieve a compelling governmental interest may have consequences for this case. Doc. 70 at 13-14 (PageID ## 2424-25).

4. The Supreme Court might overrule *Grutter* by concluding that it failed to impose a sufficient requirement of considering race-neutral alternatives, which is an issue in this case. Of course, given defendants' concession in this case that "[t]here is no basis to presume current [8(a)

2

Program] participants could not qualify as socially disadvantaged under the existing method for doing so," (Doc. 62 at 35 (PageID # 1629)), Ultima believes that defendants cannot demonstrate that they adequately considered race-neutral alternatives (or that a race-conscious presumption of social disadvantage was necessary) regardless of the level of that narrow-tailoring requirement. Nonetheless, it is at least possible that a Supreme Court decision overruling *Grutter* could change the standard on that issue.

To emphasize again, Ultima does not believe that these possibilities are likely to be crucial in any decision of the Supreme Court in the *SFFA* cases. In its view, they do not warrant a continuation of the stay in place or any additional stay.

## Conclusion

For the foregoing reasons, Ultima does not believe that this case should remain stayed until the Supreme Court releases its decisions in the *SFFA* cases.

Respectfully submitted,

*/s/ Michael E. Rosman*
Michael E. Rosman
Michelle A. Scott
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

M. Dale Conder, Jr.
RAINEY KIZER REVIERE & BELL PLC
209 E. Main St.
Jackson, TN 38301
(731) 426-8130
