IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW |
| | ) |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' NOTICE OF COMPLIANCE**

1. Defendants respectfully submit this Notice of Compliance to inform the Court of actions taken by Defendants to comply with this Court's July 19, 2023 Opinion and Order, ECF No. 86, granting in part Plaintiff's Motion for Summary Judgment, ECF No. 60.

2. The Court's July 19 Order enjoined Defendants from "using the rebuttable presumption of social disadvantage in administering Defendant SBA's 8(a) program." ECF No. 86 at 41. Without waiving the right to seek relief from the Court's Order or the scope of the injunction, either in this Court or on appeal, Defendants have taken immediate, good-faith steps to comply with the July 19 Order as expeditiously as possible given the size and complexity of the federal contracting activity implicated by the injunction.

3. Following the Court's July 19 Order, SBA suspended the acceptance and processing of new applications to the 8(a) program and also suspended the issuance of final decisions on pending applications that relied on the rebuttable presumption. *See* Declaration of John Klein ("Klein Decl.") at ¶¶ 2-3, attached hereto as Exhibit A.

1

Case 2:20-cv-00041-DCLC-CRW   Document 88   Filed 08/29/23   Page 1 of 6   PageID #: 3299

4. SBA is developing a revised process for establishing social disadvantage that will not rely on the rebuttable presumption of social disadvantage. *See* Klein Decl. at ¶ 4.

5. Until the revised process is in place, SBA will make all determinations of social disadvantage for individual-owned small business owners, whether for new applicants, current participants, or at the award stage, using the existing process that SBA has used to evaluate the social disadvantage of individual-owned firms that did not previously qualify for the rebuttable presumption. *See* Klein Decl. at ¶ 5.

6. SBA plans to use the existing or revised process, when it is ready, to review new applications and to approve awards of any new contract for any agency in the federal government to an individual-owned participant who has not affirmatively established social disadvantage without reliance on the presumption. Before approving such an award, or any contracting action that requires an eligibility determination by SBA, SBA will require the business owner of the awardee or winning bidder on the contract to complete the revised process to establish social disadvantage if the individual has not already done so through a previous award process, at the application stage, or through the process described in paragraph 7. If the business owner cannot establish social disadvantage, SBA will advise the requesting agency to award the requirement to a different 8(a) participant who can establish program eligibility, or to award the contract through alternate means. *See* Klein Decl. at ¶ 6.

7. SBA also will require all remaining 8(a) participants who were admitted to the program based on the rebuttable presumption but that have not had their eligibility determined by the process described in paragraph 6, to affirmatively establish social disadvantage without reliance on the rebuttable presumption, either under the existing or revised process. *See* Klein Decl. at ¶ 7.

8. SBA has not suspended the evaluation of applications submitted by or the approval of awards to small businesses eligible for the 8(a) program based on ownership by Indian tribes, Alaska Native Corporations ("ANCs"), Community Development Corporations ("CDCs"), and Native Hawaiian Organizations ("NHOs") because these businesses are not deemed eligible to participate in the 8(a) program through the rebuttable presumption of social disadvantage of the business owner. *See* Klein Decl. at ¶ 8. Defendants do, however, understand the Court's injunction to apply to small businesses that are individually-owned by Native Americans (including Alaska Natives, Native Hawaiians, or enrolled members of a federally or state recognized Indian tribe) to the extent that such businesses relied on the rebuttable presumption to establish social disadvantage.

9. SBA has not conducted new eligibility determinations on contracts where SBA approved the 8(a) award and the 8(a) awardee prior to the Court's July 19 Order. *See* Klein Decl. at ¶ 9. Under SBA's regulations, SBA conducts an eligibility determination when an 8(a) sole source procurement is accepted into the program or when an apparent successful offeror on a competitive 8(a) procurement is identified. *See* 13 C.F.R. § 124.501(g). After that point, no further eligibility determination is required unless there is a new contracting action.

10. Federal agencies can take various actions after SBA approves a new requirement for award through the 8(a) program or approves an 8(a) successful offeror that do not constitute new contracting actions and so do not require a new SBA eligibility determination. For example, agencies can finalize and sign contracts with the previously approved 8(a) awardees or exercise priced options and in-scope modifications. These agency actions do not require an SBA eligibility determination. Accordingly, they do not involve the use of the rebuttable presumption.

3

11. On August 18, 2023, SBA issued guidance to all government agencies reflecting the steps SBA has taken and providing instructions for agencies to comply with the Court's injunction. *See* Klein Decl. at ¶ 10.

12. On August 21-22, 2023, SBA issued a notice to all 8(a) participants who were admitted to the program based on the rebuttable presumption, notifying them that each such participant will be required to affirmatively establish social disadvantage without the use of the presumption. *See* Klein Decl. at ¶ 11.

13. Defendants believe that the actions described in this Notice are consistent with the Court's Order and are prepared to further discuss the implementation of the injunction at the hearing the Court has scheduled for August 31, 2023. In taking the actions described above to comply with the Court's Order, Defendants reserve their right to challenge the basis for and scope of the injunction, either in this Court and on appeal.

Dated: August 29, 2023

Respectfully submitted,

KAREN D. WOODARD
Chief
Employment Litigation Section
Civil Rights Division
United States Department of Justice

OF COUNSEL:

David A. Fishman
Assistant General Counsel for Litigation

ANDREW BRANIFF (IN Bar No. 23430-71)
Deputy Chief

Eric S. Benderson
Associate General Counsel for Litigation
U.S. Small Business Administration

By: */s/ Juliet E. Gray*
Juliet E. Gray (D.C. Bar No. 985608)
Christine T. Dinan (D.C. Bar 979762)

| | |
|---|---|
| Stephanie Moore<br>Senior Counsel<br><br>Angela Boyd Matthews<br>Associate Regional Attorney<br>U.S. Department Of Agriculture | Kacie S. Candela (N.Y. Bar No. 6013106)<br>Trial Attorneys<br>Employment Litigation Section<br>Civil Rights Division<br>United States Department of Justice<br>150 M Street, N.E.<br>Washington, D.C. 20002<br>(202) 598-1600<br>Juliet.Gray@usdoj.gov<br>Christine.Dinan@usdoj.gov<br>Kacie.Candela@usdoj.gov |

## CERTIFICATE OF SERVICE

  I hereby certify that on August 29, 2023, I electronically filed the above document and with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

                 */s/ Juliet E. Gray*
                 Juliet E. Gray
                 Senior Trial Attorney