# Exhibit A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW |
| | ) |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF JOHN W. KLEIN

I, John W. Klein, declare as follows under penalty of perjury:

1. I presently serve as Deputy General Counsel and Associate General Counsel for Procurement Law at the Small Business Administration ("SBA").

2. On July 19, 2023, SBA suspended the issuance of final decisions on applications to join the 8(a) program that were pending, where such applicants were relying on the rebuttable presumption of social disadvantage to establish their eligibility. SBA has continued to process pending applications from individual-owned firms that did not rely on the rebuttable presumption of social disadvantage.

3. On July 21, 2023, SBA suspended the acceptance and processing of all new applications to the 8(a) program.

4. SBA is developing a revised process for establishing social disadvantage that will not rely on the rebuttable presumption of social disadvantage.

5. Currently, and until the revised process is in place, determinations of eligibility for the 8(a) program, which include a determination that the small business is owned and controlled

by one or more socially disadvantaged individuals, will be made using the existing process that SBA has used to evaluate the social disadvantage of individual-owned firms that did not qualify for the rebuttable presumption.

6. SBA will use the existing or revised process, when it is ready, to evaluate the social disadvantage of new applicants and potential 8(a) awardees who were admitted to the program based on the rebuttable presumption. If the business owner cannot establish social disadvantage, SBA will advise the requesting agency to award the requirement to a different 8(a) participant that has established social disadvantage without reliance on the presumption or to an entity-owned 8(a) participant, or to award the contract through alternate means.

7. SBA also plans to require all 8(a) participants who were admitted to the program based on the rebuttable presumption to affirmatively establish social disadvantage under the existing or revised process, if those participants have not otherwise made such a showing as part of an application or award process as described in paragraph 6 above.

8. SBA has not suspended the evaluation of applications submitted by or the approval of awards to applicants eligible for the 8(a) program based on ownership by Indian tribes, Alaska Native Corporations ("ANCs"), Community Development Corporations ("CDCs"), and Native Hawaiian Organizations ("NHOs").

9. SBA has taken no action on contracts where SBA determined the awardee's eligibility for the 8(a) award prior to July 19 or to further actions taken on such contracts that do not require an eligibility determination, including but not limited to priced options and in-scope modifications.

10. On August 18, 2023, SBA issued guidance to all government agencies reflecting the above steps. The guidance is attached hereto as Exhibit 1.

11. On August 21-22, 2023, SBA issued a notice to all 8(a) participants who were admitted to the program based on the rebuttable presumption, notifying them that each such participant will be required to affirmatively establish social disadvantage without the use of the presumption. The notice is attached hereto as Exhibit 2.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 29, 2023

_____
John W. Klein

# Exhibit 1



**Memorandum**

**Date:** August 18, 2023

**To:** Federal Chief Acquisition Officers & Senior Procurement Executives
**From:** Dr. Donna Peebles
Associate Administrator, Office of Business Development
Small Business Administration

**Subject:** Impact of Recent Court Decision (*Ultima Servs. Corp. v. Dep't of Ag.* (E.D. Tenn.)) on the use of the 8(a) Program

### Background

On July 19, 2023, a district judge enjoined the Small Business Administration (SBA) "from using the rebuttable presumption of social disadvantage in administering" the 8(a) Business Development Program (8(a) Program). *Ultima Servs. Corp. v. Dep't of Ag., No. 20-cv-0041* (E.D. Tenn.). The rebuttable presumption assumes, unless there is evidence to the contrary, that members of certain racial and ethnic groups qualify as socially disadvantaged within the meaning of the 8(a) Program requirements. See 13 C.F.R. § 124.103(b). The Court held that the SBA's use of the rebuttable presumption violated the plaintiff's Fifth Amendment right to equal protection of the law.

On August 31, the Court will hold a hearing on its ruling and may provide additional direction to SBA. SBA, in conjunction with the Department of Justice (DOJ), has prepared the following interim guidance for agencies to follow. This guidance may be updated as necessary based on any further developments at or after the August 31 hearing.

### Guidance for Federal Agencies

This guidance is intended to address:

1. Which 8(a) Program participants are impacted by this decision;
2. How federal agencies may continue to issue 8(a) contract awards during this critical period of the end of the fiscal year; and
3. The impact on existing contracts with 8(a) Program participants.

We note that SBA and DOJ are not interpreting the injunction to limit contract awards to 8(a) participants executed outside the 8(a) Program authority; 8(a) participants remain eligible for

other types of prime contracts, including unrestricted, small business set-aside, and other socio-economic procurements.

### Categories of 8(a) Participant Impacted by this Injunction

There are three categories of 8(a) Program participants:

1. Individual-owned small businesses which used the rebuttable presumption of social disadvantage to establish eligibility;
2. Individual-owned small businesses which did not use the rebuttable presumption of social disadvantage and therefore have already provided SBA with documentation to establish social disadvantage; and
3. Entity-owned small businesses which do not have to establish social disadvantage to participate in the program (these businesses must only establish economic disadvantage at the Entity level). These entity-owned businesses are owned by Indian tribes, Alaska Native Corporations, Native Hawaiian Organizations, or Community Development Corporations.

SBA and DOJ do not interpret the injunction to apply either to individual-owned small businesses that previously established social disadvantage without the use of the presumption (Group 2) or to small businesses that are entity-owned (Group 3). The processing of 8(a) awards made to these two groups of 8(a) participants will not be affected.

### Submission of New Requirements to the 8(a) Program

- Agencies can and should continue to submit new requirements for acceptance into the 8(a) Program. Before an award can be made to an individual-owned participant that previously relied on the presumption of social disadvantage to support its eligibility, SBA must make an affirmative determination that the individual upon whom eligibility is based has established personal social disadvantage without the presumption.
- Agencies can immediately continue to send offering letters to SBA. Until the new process outlined below is in place, SBA will process individual claims of social disadvantage under the existing (narrative) process. SBA has already done that in several instances and turned those cases around within only a few days.
- For sole source 8(a) awards, the procuring agency typically offers the procurement on behalf of a specific 8(a) nominee. SBA will verify the nominee's eligibility for award as part of its acceptance of the procurement into the 8(a) Program. SBA will verify that the nominee meets the social disadvantage requirement in connection with its acceptance.
- For competitive 8(a) awards, the procuring agency will request an eligibility determination of the identified apparent successful offeror or offerors. SBA will verify

- that the nominee(s) meets the social disadvantage requirement in connection with the contract eligibility determination.
- SBA anticipates that it should be able to complete this process and, if social disadvantage is established, to authorize the award in 5 business days.
- If the business owner cannot establish social disadvantage as part of this new process, SBA will not be able to reconsider the business owner's eligibility for this specific proposed award due to operational constraints. The requesting agency will be required to award the requirement to a different 8(a) firm that has established social disadvantage without reliance on the presumption or award the contract through an alternative means.
- We understand that some agencies have partnership agreements with SBA that authorize the agency to deem procurement requirements offered to the 8(a) Program as accepted based on SBA's inaction. As a result of the injunction, agencies may not rely on SBA inaction as approval. For individual-owned participants, agencies may not proceed to finalizing a contract with the participant until SBA has affirmatively indicated that the individual-owned participant has demonstrated its social disadvantage.
- As referenced above, awards to individual-owned participants which did not rely on the rebuttable presumption to establish social disadvantage and awards to entity-owned participants may proceed as usual.
- SBA will communicate directly to existing 8(a) participants the method and procedures for establishing social disadvantage. This communication will take place on Monday, August 21, 2023.
- Acquisition personnel should expect to see a letter from SBA which indicates the identified 8(a) participant meets the social disadvantage requirements. This letter will minimally contain the 8(a) participant business name, Unique Entity ID (UEI), Program entrance date, and anticipated Program exit date.
- Consistent with existing regulations, SBA's initial determination of social disadvantage will continue to form the basis of continued eligibility determinations. In other words, once a firm has demonstrated social disadvantage via the new process, SBA will not ask firms to complete the new process again with respect to a different contract award.
- If the business owner cannot establish social disadvantage as part of this new process, SBA will not be able to reconsider the business owner for this specific award due to operational constraints. The requesting agency will be required to award the requirement to a different 8(a) firm that has established social disadvantage without reliance on the presumption or award the contract through an alternative means.

**Existing Contracts and Options/Modifications with 8(a) Participants**

Contracts that were placed into the 8(a) Program prior to July 19, 2023, are not affected by the injunction. Performance on such contracts, as well as most future actions such as issuing priced options and in-scope modifications, may continue as usual.

As explained above, however, if an eligibility determination is required in connection with an 8(a) contract to an individual-owned participant, SBA must make an affirmative finding of social disadvantage. Agencies cannot deem SBA to have made that determination through inaction and instead should await affirmative confirmation from SBA.

Where a contracting action under a previously awarded 8(a) contract or agreement requires SBA acceptance, including an 8(a) sole source order awarded against an 8(a) Multiple Award Contract (MAC) or Governmentwide Acquisition Contract (e.g., STARS III), a discretionary 8(a) task order competed against a non-8(a) MAC, or call orders placed against Blanket Purchase Agreements or Basic Ordering Agreements, SBA will determine the qualifying individual's social disadvantage in accordance with the procedures above.

Conversely, the injunction does not affect contracting actions under previously awarded 8(a) contracts or agreements which do not require SBA acceptance, including in-scope modifications and competitively awarded task orders under 8(a) MACs and GWACs. For these actions, SBA will not make an eligibility determination and agencies should continue to execute these as normal.

Replacing one 8(a) participant with another 8(a) participant (novating) on an 8(a) contract is considered a new contracting action to the firm receiving the award. As such, SBA will assess whether the receiving firm meets the social disadvantage requirement in connection with the novation.

**Further Information Regarding SBA Activities**

SBA has temporarily suspended the initiation of new applications into the 8(a) Program and suspended the final evaluation of all pending applications that sought to rely on the rebuttable presumption. SBA is currently updating its new applicant process and system to comply with the Court's order. SBA anticipates that the new application process and system changes will be completed soon. At that time, the agency will reopen the new application process and resume making final evaluation determinations.

**Questions**

Questions from the acquisition community regarding this guidance should be directed to 8aquestions@sba.gov. Please use "Memo on Recent Court Decision Question" as the subject to assist with routing.

# Exhibit 2

**From:** Small Business Administration <smallbusinessadministration@campaigncreator.sba.gov>
**Sent:** Tuesday, August 22, 2023 6:26 PM
**Subject:** NOTICE AND REQUEST FROM SBA: Impact of Recent Court Decision on use of the 8(a) Business Development (BD) Program

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.



Dear 8(a) Participant:

You are receiving this notice because SBA requires additional information to determine your firm's continuing eligibility for the 8(a) Business Development (BD) Program in accordance with 13 CFR 124.103(c).

As you may be aware, on July 19, 2023, the U.S. District Court for the Eastern District of Tennessee issued a ruling affecting the 8(a) BD Program. In this ruling, the Court decided that SBA could not presume individuals to be socially disadvantaged based on their membership in one of the identified groups, such as Asian Pacific Americans, Black Americans, Hispanic Americans, Subcontinent Asian Americans, and Native Americans.

To comply with the Court's order, **SBA is requiring all 8(a) Participants whose program eligibility is based upon one or more individuals who relied upon the presumption of social disadvantage to establish their individual social disadvantage by completing a social disadvantage narrative.**

Our records indicate that your firm's eligibility is based on an individual or individual(s) who relied upon the presumption of social disadvantage. Therefore, to maintain your firm's continuing eligibility for the 8(a) BD program, and receipt of contracts authorized under the 8(a) Program (15 U.S.C. 637), **a social disadvantage narrative from your firm's qualifying owner(s) is**

**required**. Each owner claiming disadvantaged status must submit a narrative. To assist you with writing the narrative please review the [resource guide](#) available from the [Certify Knowledge Base](#) .

Please be advised that your firm should **complete and submit the required narrative as soon as possible if you have a pending contract offer or award** authorized under the 8(a) BD Program (15 U.S.C. 637). When your District Office Servicing Business Opportunity Specialist receives the 8(a) offer letter from the Federal contracting agency, they will reach out to you to obtain your social disadvantage narrative and provide further guidance on how to submit it to SBA. An individual-owned 8(a) Participant that previously relied on the presumption of social disadvantage to support its eligibility **will be ineligible for new 8(a) contracts until SBA affirmatively determines that the individual(s) upon whom eligibility is based has established personal social disadvantage.**

If your firm **does not have a pending contract offer or award** under the 8(a) BD Program authority (15 U.S.C. 637) please continue to review the [resource guide](#) and stand by to receive notification regarding the process to submit your narrative through Certify.SBA.gov in the near future. Please wait for this notification and the instructions for submission.

Once an 8(a) participant has submitted a narrative to SBA, and if SBA determines that the firm's owner(s) has demonstrated personal social disadvantage, the Participant will receive an approval letter indicating it has established social disadvantage and may continue to receive 8(a) contracts and otherwise participate in the 8(a) BD Program. Consistent with existing regulations, 8(a) Participants will only need to establish social disadvantage once for their program term, unless there are ownership/control or other changes which affect eligibility.

SBA will be conducting an optional information session on Thursday, August 24, 2023, to review who should prepare a social disadvantage narrative and the elements required for a narrative. Click [here](#) to register for the information session. Registration is required. SBA intends to offer additional sessions in the future.
Thank you for your attention to this request.

If at any time you need assistance or have questions, please don't hesitate to contact SBA via email at 8aquestions@sba.gov .

**U.S. Small Business Administration**
409 3rd St, SW. Washington DC 20416
www.sba.gov

    

UNSUBSCRIBE

*All SBA programs and services are provided on a nondiscriminatory basis. Reasonable accommodations*