```
 1                    UNITED STATES DISTRICT COURT
                      EASTERN DISTRICT OF TENNESSEE
 2                            GREENEVILLE

 3
       ULTIMA SERVICES CORPORATION,.  DOCKET NO. CV-2-20-41
 4                                  .
             PLAINTIFF,              .
 5                                   .
                  VS.                .  GREENEVILLE, TN
 6                                   .  AUGUST 31, 2023
       U.S. DEPARTMENT OF            .  1:32 P.M.
 7     AGRICULTURE, ET AL,           .
                                     .  VIDEO CONFERENCE
 8           DEFENDANTS.             .
                                     .
 9     . . . . . . . . . .

10

11
                         TRANSCRIPT OF PROCEEDINGS
12               BEFORE THE HONORABLE CLIFTON L. CORKER
                      UNITED STATES DISTRICT JUDGE
13

14     APPEARANCES:

15     FOR THE PLAINTIFF:       CENTER FOR INDIVIDUAL RIGHTS
                                MICHAEL E. ROSMAN, ESQ.
16                              MICHELLE A. SCOTT, ESQ.
                                1100 CONNECTICUT AVE. NW
17                              SUITE 625
                                WASHINGTON, DC 20036
18
       FOR THE DEFENDANTS:      DOJ-CRT
19                              JULIET E. GRAY, AUSA
                                150 M STREET NE
20                              WASHINGTON, DC 20002

21

22     COURT REPORTER:          KAREN J. BRADLEY
                                RPR-RMR
23                              U.S. COURTHOUSE
                                220 WEST DEPOT STREET
24                              GREENEVILLE, TN 37743

25     PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY, TRANSCRIPT
       PRODUCED BY COMPUTER.
```

```
 1          (PROCEEDINGS BEGIN AT 1:32 P.M.)
 2              THE CLERK:  COURT IS IN SESSION.
 3              THE COURT:  ALL RIGHT.  MADAM CLERK, YOU WANT
 4   TO CALL OUR CASE.
 5              THE CLERK:  CASE NUMBER 2:20-CV-41, ULTIMA
 6   SERVICES CORPORATION VERSUS U.S. DEPARTMENT OF
 7   AGRICULTURE, ET AL.
 8              THE COURT:  ALL RIGHT.  GOOD AFTERNOON.  LET ME
 9   JUST FOR THE RECORD HAVE YOU IDENTIFY YOURSELF.
10          MR. ROSMAN, YOU'RE HERE REPRESENTING ULTIMA
11   SERVICES; IS THAT RIGHT?
12              MR. ROSMAN:  YES, YOUR HONOR.
13              THE COURT:  ALL RIGHT, AND MS. GRAY, IS IT?
14              MS. GRAY:  YES.
15              THE COURT:  YOU'RE REPRESENTING THE U.S.
16   DEPARTMENT OF AGRICULTURE?
17              MS. GRAY:  YES, AND THE SMALL BUSINESS
18   ADMINISTRATION.
19              THE COURT:  ALL RIGHT, AND WE HAVE ONE OTHER
20   PARTY.  DO WE HAVE ANYBODY ELSE?  YES, GO AHEAD.
21          YOU'RE MUTED.
22              MR. ROSMAN:  MS. SCOTT IS ALSO REPRESENTING THE
23   PLAINTIFF, YOUR HONOR.
24              THE COURT:  OKAY.  YEAH, I THINK SHE'S TRYING
25   TO IDENTIFY HERSELF, BUT I THINK HER MICROPHONE IS NOT
```

1  WORKING.

2  OKAY. YOU'VE IDENTIFIED HER FOR HER, SO WE
3  HAVE THREE ATTORNEYS ON THIS CALL.

4  WELL, WHAT I WANTED TO DO TODAY, BASICALLY, I
5  KIND OF FEEL LIKE MOST OF THE, THE HEAVY LIFTING IN THIS
6  CASE HAS BEEN -- HAS OCCURRED. I KNOW ULTIMA INITIATED A
7  LAWSUIT AGAINST THE UNITED STATES DEPARTMENT OF
8  AGRICULTURE AND THE SMALL BUSINESS ADMINISTRATION TO
9  CHALLENGE THE UNCONSTITUTIONAL MANNER IN WHICH THE SBA WAS
10 ADMINISTERING THE 8(A) BUSINESS DEVELOPMENT PROGRAM, AND,
11 I, OF COURSE, FOUND THAT THE USE OF THE REBUTTABLE
12 PRESUMPTION BASED ON RACE VIOLATED THE FIFTH AMENDMENT,
13 AND I WON'T GO INTO THE DETAILS OF THE ORDER SINCE YOU ALL
14 ARE VERY FAMILIAR WITH THAT; BUT I DIDN'T THINK THAT THE,
15 THE MOTIONS FOR SUMMARY JUDGMENT RESOLVED ALL THE ISSUES
16 THAT WERE -- AS FAR AS THE RELIEF REQUESTED IN THE
17 COMPLAINT, AND I WANTED TO, TO BASICALLY TOUCH BASE WITH
18 ULTIMA'S COUNSEL AND GET SOME FEEDBACK FROM YOU ALL AS TO
19 WHETHER OR NOT THERE REMAINS ANY, ANY MORE LITIGATION THAT
20 HAS TO OCCUR TO HAVE THIS CASE RESOLVED; AND, MR. ROSMAN,
21 I'LL SEEK YOUR, YOUR INPUT ON THAT ISSUE.

22 MR. ROSMAN: THANK YOU, YOUR HONOR.

23 SO, YOUR HONOR, I AGREE THAT WE, WE'D LIKE TO
24 HAVE -- FIRST OF ALL, DISCUSS OTHER TYPES OF RELIEF, THE
25 RELIEF THAT WE SOUGHT IN THE COMPLAINT AND THE MOTION,

1  WHICH WAS TO PRECLUDE THE DEFENDANTS FROM USING THE 8(A)
2  PROGRAM IN A SPECIFIC INDUSTRY, AND IN ADDITION AT SOME
3  POINT WE'D LIKE TO RESPOND TO DEFENDANTS' NOTICE OF
4  COMPLIANCE, WE HAVE SOME CONCERNS ABOUT THAT; BUT I THINK
5  MORE GENERALLY MAYBE BOTH SIDES WOULD, WOULD BENEFIT FROM
6  HAVING, PERHAPS, A LITTLE MORE DETAIL ON, ON THE
7  INJUNCTION THAT THE COURT HAS ALREADY ISSUED CONCERNING
8  USING THE REBUTTABLE PRESUMPTION.
9             SO, FOR EXAMPLE, WE DISAGREE WITH THE
10 DEFENDANTS THAT AN AGENCY ENTERING INTO A CONTRACT OR
11 EXERCISING AN OPTION WITH AN 8(A) CONTRACTOR THAT WAS
12 ADMITTED WITH THE REBUTTABLE PRESUMPTION IS NOT "USING"
13 THE REBUTTABLE PRESUMPTION.  WE THINK THAT AGENCY IS USING
14 THE REBUTTABLE PRESUMPTION.  SO WE THINK, FOR EXAMPLE, THE
15 INJUNCTION, EVEN THE INJUNCTION THAT YOUR HONOR HAS
16 ALREADY ISSUED, PRECLUDES THE DEPARTMENT OF AGRICULTURE
17 FROM EXERCISING AN OPTION WITH AN 8(A) FIRM LIKE THAT
18 BECAUSE WE THINK THAT WOULD BE USING IT.
19            WE'RE ALSO A LITTLE CONCERNED ABOUT SOME OF THE
20 THINGS IN THE NOTICE OF COMPLIANCE, AND SPECIFICALLY IT
21 SEEMS LIKE THEY'RE GOING TO EXPEDITE THE REVIEW OF THE
22 NARRATIVES OF SOCIAL DISADVANTAGE THAT, THAT THE 8(A)
23 CONTRACTORS ARE NOW GOING TO BE OBLIGATED TO SUBMIT.  IN
24 THE COURSE OF THE LITIGATION WE LEARNED THAT THE APPLI-
25 CATIONS IN GENERAL HAVE A VERY ELABORATE REVIEW PROCESS,

5

1  FOUR LAYERS OF REVIEW, AND WE THINK IF THE INDIVIDUALS WHO
2  OBTAINED ENTRY INTO THE 8(A) PROGRAM THROUGH A REBUTTABLE
3  PRESUMPTION HAVE A EXPEDITED REVIEW, THAT WOULD ALSO BE
4  USING THE REBUTTABLE PRESUMPTION IN A WAY.
5          UNDER THE PREVIOUS REGIME THOSE WHO ACTUALLY
6  HAD TO GIVE A NARRATIVE FOR SOCIAL DISADVANTAGE, AS YOUR
7  HONOR NOTED ON PAGE 35 OF YOUR OPINION, HALF OF THEM WERE
8  REJECTED, SO WE'RE A LITTLE CONCERNED THAT THE APPARENTLY
9  EXPEDITED PROCESS FOR REVIEWING ANY OF THESE NARRATIVES IS
10 NOT CONSISTENT WITH THE PROCESS THAT WENT BEFORE.
11         THEN THERE'S A REFERENCE IN THE NOTICE OF
12 COMPLIANCE TO A NEW PROCESS, WHICH I OBVIOUSLY DON'T KNOW
13 ANYTHING ABOUT THAT AGAIN, AND I ASSUME THAT THEY'RE GOING
14 TO CHANGE THE PROCEDURES THAT ARE IN 103(C) THAT WILL HAVE
15 TO GO THROUGH NOTICE AND COMMENT RULE MAKING, BUT THAT, I
16 GUESS, CAN BE RESERVED FOR A LATER DATE, SO --
17         THE COURT: SO YOUR CONCERN IS REALLY WITH SOME
18 COMPLIANCE ISSUES GOING FORWARD WITH RESPECT --
19         MR. ROSMAN: YES.
20         THE COURT: -- TO THE INJUNCTION, OKAY, THAT'S
21 WHAT I HEAR YOU SAYING; BUT WITH RESPECT TO THE REQUEST
22 FOR RELIEF THAT'S ENLISTED IN YOUR COMPLAINT, I KNOW YOU
23 ASKED FOR DECLARATORY RELIEF IN THE FORM OF A JUDGMENT
24 DECLARING THAT THE DEFENDANTS ARE VIOLATING THE FIFTH
25 AMENDMENT, I ADDRESSED THAT, OF COURSE, BY -- BECAUSE THAT

```
 1    IS WHAT THIS CASE HAS BEEN ABOUT IN THE MOTIONS FOR
 2    SUMMARY JUDGMENT; BUT YOU ALSO ASK FOR INJUNCTIVE RELIEF
 3    IN THE FORM OF AN INJUNCTION PRECLUDING THE USDA FROM
 4    RESERVING NATURAL RESOURCES CONSERVATION SERVICE CONTRACTS
 5    FOR THE 8(A) PROGRAM ITSELF, AND THAT WASN'T REALLY THE
 6    FOCUS OF ANY MOTION PRACTICE UP TO THIS POINT IN THIS
 7    CASE, AND I WANTED TO KNOW WHETHER OR NOT THAT WAS
 8    SOMETHING THAT YOU INTENDED TO CONTINUE TO SEEK RELIEF,
 9    AND IF SO WHY, I GUESS, WASN'T THAT INCLUDED IN THE MOTION
10    FOR SUMMARY JUDGMENT?
11              MR. ROSMAN:  I THINK WE HAD EVEN BROADER RELIEF
12    IN THE MOTION FOR SUMMARY JUDGMENT, YOUR HONOR.  I THINK
13    WE ASKED FOR PRECLUDING THEM FROM USING THE 8(A) PROGRAM
14    IN THE ADMINISTRATIVE AND TECHNICAL AND ADMINISTRATIVE
15    SUPPORT INDUSTRY; SO, YES, WE DO, WE DO SEEK THAT RELIEF.
16              THE COURT:  OKAY, BUT THAT WOULD REQUIRE, I
17    THINK, ADDITIONAL BRIEFING ON THAT PARTICULAR ISSUE, AT
18    LEAST THAT'S MY UNDERSTANDING, AND IT MIGHT -- LET ME ASK
19    MS. GRAY, WHAT'S YOUR TAKE ON THAT?
20              MS. GRAY:  WELL, IF I UNDERSTAND MR. ROSMAN TO
21    BE SAYING THAT, THAT PLAINTIFF WOULD BE SEEKING TO NOT USE
22    THE 8(A) PROGRAM AT ALL IN ULTIMA'S INDUSTRIES OR NOT TO
23    USE IT, THE REBUTTABLE PRESUMPTION, BECAUSE THE COURT'S
24    DECISION, AND THE COURT FOUND THE REBUTTABLE PRESUMPTION
25    TO VIOLATE ULTIMA'S CONSTITUTIONAL RIGHTS, NOT THE 8(A)
```

```
 1    PROGRAM --
 2              THE COURT:  RIGHT.
 3              MS. GRAY:  -- THE REBUTTABLE PRESUMPTION IS
 4    BEING PURGED FROM THE PROGRAM --
 5              THE COURT:  RIGHT.
 6              MS. GRAY:  -- SO I DON'T THINK ANYTHING IN THE
 7    COMPLAINT, IN THE RECORD BEFORE THE COURT OR IN THE
 8    COURT'S ORDER WOULD JUSTIFY PRECLUDING USE OF THE 8(A)
 9    PROGRAM PROVIDED THAT THE PRESUMPTION IS NO LONGER IN THE
10    PROGRAM.
11              THE COURT:  I THINK THAT'S, THAT'S MY
12    UNDERSTANDING AS WELL.  THAT'S, THAT'S -- BUT, MR. ROSMAN,
13    YOUR POSITION IS YOU WANT TO STOP THE USE OF THE 8(A)
14    PROGRAM IN TOTO?
15              MR. ROSMAN:  NO, NOT IN TOTAL, IN THE INDUSTRY
16    IN WHICH MY CLIENT PARTICIPATES, YOUR HONOR.
17              THE COURT:  OKAY.
18              MR. ROSMAN:  AND IN THE -- JUST WITH THE
19    DEPARTMENT OF AGRICULTURE.
20              THE COURT:  AND THAT FOR SURE HAS NOT BEEN
21    ADDRESSED BY THE COURT.
22              MR. ROSMAN:  THAT'S CORRECT.
23              THE COURT:  OR THE SUBJECT OF THE MOTION FOR
24    SUMMARY JUDGMENT IN MY ESTIMATION.
25              MR. ROSMAN:  I AGREE, YOUR HONOR.  WE -- IT WAS
```

```
 1   IN OUR MOTION, BUT IT'S DEFINITELY -- I AGREE WITH
 2   MS. GRAY THAT IT WAS NOT PART OF THE COURT'S ORDER UP
 3   UNTIL NOW, SO, YES.
 4           THE COURT:  WELL, LET ME ASK YOU THIS THEN, IS
 5   THERE ANY ADDITIONAL BRIEFING THAT NEEDS TO BE DONE ON
 6   THAT?
 7           MR. ROSMAN:  I DIDN'T -- WE CAN PUT IN
 8   SOMETHING SMALL, SURE.
 9           THE COURT:  OKAY.  BECAUSE, I MEAN, WHAT I WANT
10   TO DO, I WANT TO GET ALL THE ISSUES RESOLVED ONE WAY OR
11   THE OTHER SO WE CAN HAVE A FINAL JUDGMENT ON THIS CASE,
12   AND YOU CAN -- ANY PARTY WHO IS INTERESTED CAN TAKE IT UP
13   TO THE SIXTH CIRCUIT IF THEY WANT TO CAN, SO THAT'S WHY I
14   WANTED TO SEE WHETHER OR NOT THAT NEEDED TO BE ADDRESSED.
15           THE OTHER ISSUE IS THE RETROSPECTIVE RELIEF IN
16   THE FORM OF A REQUIREMENT THAT THE DEFENDANTS REINSTATE
17   THE CONTRACTS THAT THE DEFENDANT REFUSED TO RENEW, IS
18   THAT, IS THAT PENDING?
19           MR. ROSMAN:  I THINK THAT, I THINK THAT IS MOOT
20   AT THIS POINT.
21           THE COURT:  OKAY.  ALL RIGHT, SO THAT'S --
22           MR. ROSMAN:  OR I CANNOT NOW REMEMBER WHETHER
23   IT WAS DISMISSED IN YOUR HONOR'S EARLIER ORDER OR WHETHER
24   IT'S MOOT, BUT I DON'T THINK IT'S SOMETHING THAT WE CAN
25   REALLY SEEK AT THIS TIME.
```

```
 1              THE COURT:  OKAY, AND THEN WE HAVE DAMAGES
 2   PURSUANT TO SECTION 1981 AND ATTORNEY'S FEES AND COSTS,
 3   AND THOSE ARE STILL OUTSTANDING ISSUES, I BELIEVE.
 4              MR. ROSMAN:  WELL --
 5              MS. GRAY:  WELL, YOUR HONOR.
 6              THE COURT:  YES, GO AHEAD.
 7              MS. GRAY:  I'M SORRY.  YOUR HONOR DISMISSED
 8   PLAINTIFF'S SECTION 1981 CLAIM UPON DEFENDANTS' MOTION TO
 9   DISMISS --
10              THE COURT:  THAT'S RIGHT.
11              MS. GRAY:  -- AND THAT WAS THE ONLY BASIS FOR
12   MONETARY DAMAGES, SO THE PLAINTIFF DOESN'T HAVE A CLAIM
13   FOR MONETARY DAMAGES.
14              THE COURT:  THAT IS CORRECT, I HAVE A NOTE HERE
15   THAT I RESOLVED THAT ISSUE ALREADY.
16              OKAY, SO REALLY -- GO AHEAD, MR. ROSMAN.
17              MR. ROSMAN:  NO, I WAS GOING TO SAY THAT WAS
18   OUR, OUR BASIS FOR ATTORNEY'S FEES AS WELL, SO I THINK
19   THAT, THAT, THAT ISSUE IS NOT -- WE WEREN'T, WE'RE NOT,
20   WE'RE NOT PLANNING TO SEEK ATTORNEY'S FEES UNDER, I FORGET
21   WHICH SECTION OF EAJA IS THE MORE GENERAL ONE AND WHICH
22   INCORPORATES OTHER STATUTES, BUT THE PROVISION THAT IS
23   MORE GENERAL IS NOT WHAT WE HAD INTENDED TO RELY UPON.
24              THE COURT:  OKAY.  OKAY.  ALL RIGHT THEN.  HOW
25   MUCH TIME DO YOU NEED THEN, MR. ROSMAN, TO TEE UP YOUR,
```

1  YOUR MOTION ON THIS USE OF THE 8(A) PROGRAM IN THIS
2  INDUSTRY?
3             MR. ROSMAN: YEAH, A WEEK, TWO WEEKS. TWO
4  WEEKS, I'D SAY.
5             THE COURT: OKAY. ALL RIGHT. AND, MS. GRAY,
6  IF WE -- IF I ORDER HIM TO FILE ANY OTHER MOTIONS WITHIN
7  14 DAYS, HOW MUCH TIME DO YOU WANT TO RESPOND?
8             MS. GRAY: YOUR HONOR, I THINK WE COULD
9  RESPOND -- WELL, I COULD SAY 14 DAYS, BUT I -- I THINK
10 THAT WOULD BE SUFFICIENT.
11            THE COURT: FOURTEEN DAYS TOO TO RESPOND, OKAY;
12 AND THEN ANY REPLY WILL BE 7 DAYS AFTER THAT.
13            OKAY. NOW, AT THIS POINT I, I'M GOING -- I'M
14 SAYING THIS BECAUSE I'D LIKE TO SEE IF THIS CASE WILL BE
15 READY TO BE RESOLVED AT THAT POINT, DO YOU AGREE WITH
16 THAT, MR. ROSMAN?
17            MR. ROSMAN: YES, YOUR HONOR. AGAIN, WE HAD
18 THOSE CONCERNS ABOUT COMPLIANCE THAT I ADDRESSED IN MY
19 INITIAL STATEMENT; BUT OTHER THAN THAT, YEAH, I MEAN, I
20 CAN INCLUDE THOSE IN THE MOTION THAT WE'RE, THAT WE'RE NOW
21 SCHEDULING, AND THEN, YES, I THINK IT WOULD BE READY FOR A
22 FINAL JUDGMENT AT THAT POINT.
23            THE COURT: OKAY. MS. GRAY, DO YOU AGREE WITH
24 THAT?
25            MS. GRAY: YES, I AGREE.

1  THE COURT: OKAY. ALL RIGHT. WELL, THEN
2  THAT'S THE MAIN THING I WANTED TO DO. I WANT TO KEEP THE
3  CASE MOVING ALONG, IT'S GETTING A LITTLE BIT OF AGE ON IT;
4  AND THAT'S PARTLY MY FAULT, AND I TAKE RESPONSIBILITY FOR
5  THAT; BUT WE'LL HOPEFULLY GET THIS, THIS TEED UP IN THE
6  NEXT MONTH OR SO, AND WE'LL BE ABLE TO PREPARE TO RESOLVE
7  THE, ANY OTHER PENDING, PENDING MOTIONS.
8  OKAY. IS THERE ANYTHING ELSE WE NEED TO TAKE
9  UP?
10  MS. GRAY: NOT FOR DEFENDANTS, YOUR HONOR.
11  MR. ROSMAN: NOT FOR PLAINTIFF.
12  THE COURT: VERY GOOD. ALL RIGHT. THANK YOU
13  ALL VERY MUCH. I'VE ENJOYED WORKING ON THE CASE, IT'S A
14  REALLY FASCINATING ISSUE, AND I LOOK FORWARD TO READING
15  THE BRIEFS THAT ARE COMING UP, OKAY.
16  MS. GRAY: THANK YOU, YOUR HONOR.
17  THE COURT: ALL RIGHT.
18  MR. ROSMAN: THANK YOU, YOUR HONOR.
19  THE COURT: WE'LL BE IN ADJOURNMENT.
20  (PROCEEDINGS ARE CONCLUDED AT 1:46 P.M.)
21  I CERTIFY THAT THE FOREGOING IS A CORRECT TRANSCRIPT FROM
22  THE RECORD OF PROCEEDINGS IN THE ABOVE-ENTITLED MATTER.
23
24
   KAREN J. BRADLEY/S                          08/31/2023
25  SIGNATURE OF COURT REPORTER                 DATE