IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW |
| | ) |
| U.S. DEPARTMENT OF AGRICULTURE, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## DECLARATION OF JOHN W. KLEIN

I, John W. Klein, declare as follows under penalty of perjury:

1. I presently serve as Deputy General Counsel and Associate General Counsel for Procurement Law at the Small Business Administration ("SBA").

2. Since the Court's July 19, 2023 Order, SBA is making all social disadvantage determinations pursuant to the standard for nonpresumptive applicants as directed in 13 C.F.R. § 124.103(c). This includes social disadvantage determinations for new and pending applications from individual business owners and for 8(a) participants that previously relied on the rebuttable presumption.

3. The social disadvantage determination involves reviewing a business owner's narrative of social disadvantage and ensuring that the information provided satisfies each of the elements in 13 C.F.R. § 124.103(c) by a preponderance of the evidence. If an individual fails to provide sufficient evidence for SBA to make a determination regarding social disadvantage, SBA may follow up with the individual to request additional evidence. This was the case for individual-owned applicants prior to the Court's injunction and will continue to be the case.

1

4. SBA is not approving contracts for award through the 8(a) program to an 8(a) participant that was admitted to the program based on the rebuttable presumption unless SBA has determined that the participant meets the standard for social disadvantage set forth under 13 C.F.R. § 124.103(c). SBA has required all such participants with pending 8(a) awards to submit the evidence of social disadvantage required by 13 C.F.R. § 124.103(c). The Office of Certification and Eligibility ("OCE") is reviewing the evidence submitted and making determinations as to whether each such participant has established social disadvantage by a preponderance of the evidence.

5. The fourth quarter of the fiscal year is the busiest time of the year for federal procurement. Typically, over 40 percent of contract dollar awards and contract actions under the 8(a) program occur during August and September of the federal fiscal year. Therefore, to meet the demand to process requests from federal agencies to award contracts through the 8(a) program to such participants, SBA has assigned four attorneys from SBA's Office of General Counsel to assist OCE with these determinations.

6. SBA is making the social disadvantage determinations described in paragraph 4 for any contract action that requires an SBA eligibility determination. While SBA has not been presented with requests for each of these types of contract actions since the Court's July 19 Order, the list of contract actions that require an SBA eligibility determination includes: new contract awards; follow-on or repetitive contracts; substitutions; unpriced options; out-of-scope modifications; novations; task or delivery orders issued under a Blanket Purchasing Agreement or Basic Ordering Agreement; multiple-award contracts and other types of task and delivery order contracts; task or delivery orders under multiple-award contracts not initially set-aside at least partially for competition among 8(a) firms; and sole-source awards.

7. Federal agencies may take various actions on contracts already approved for award through the 8(a) program that do not require an additional SBA eligibility determination. These actions include: the exercise of priced options; in-scope modifications; competed task or delivery orders issued under existing 8(a) multiple award contracts; and task and delivery orders issued under GSA Federal Supply Schedule contracts that were already accepted by SBA. Federal agencies do not submit these actions to SBA for approval; thus, SBA has not been making 8(a) eligibility determinations as to these actions.

8. SBA also has begun making social disadvantage determinations for 8(a) participants admitted to the program based on the presumption that have not already submitted evidence of social disadvantage in connection with a contract award, as described in paragraph 4. On September 6, 2023, SBA opened the online portal for 8(a) participants who previously relied on the rebuttable presumption to submit evidence of social disadvantage pursuant to 13 C.F.R. § 124.103(c). On September 12, 2023, SBA contacted all such participants to advise them that the portal was open. On September 15, 2023, SBA advised these participants that they were highly encouraged to submit evidence of social disadvantage by September 30, 2023.

9. Given the large number of social disadvantage determinations that SBA must make due to the Court's Order, SBA has assembled a task force comprised of personnel from OCE and approximately 30 attorneys from SBA's Office of General Counsel to conduct the determinations of social disadvantage of 8(a) participants admitted based on the presumption that are not connected with pending contract awards. The attorneys on the task force received three trainings on how to properly evaluate social disadvantage, and the task force is conducting the evaluations in the same manner as the OCE personnel conducting social disadvantage determinations associated with contract awards.

10. On September 29, 2023, SBA reopened its online portal for the submission of new applications to the 8(a) program. SBA also has resumed processing applications that had been pending at the time of the Court's July 19, 2023 Order. If a pending application relied on the presumption of social disadvantage, SBA will contact the applicant and require them to submit the evidence of social disadvantage required by 13 C.F.R. § 124.103(c). Each such submission will go through the same review process as an initial application.

11. The process for new applicants to submit evidence of social disadvantage has been revised slightly. Prior to the Court's injunction, SBA's application portal asked applicants to "attach a narrative statement providing specific claims, incidents of bias, or discriminatory conduct directed towards you." The portal provided guidance for the narrative, including the elements requirement by 13 C.F.R. § 124.103(c). Applicants also were instructed to provide the following details in the narrative: when and where each incident occurred; who committed the act; how the incident took place; and how the incident negatively impacted your entry into or advancement in the business world.

12. The revised portal now includes prompts for applicants to focus the social disadvantage responses. Thus, rather than simply provide guidance as to the information the narrative must include, the portal asks applicants to provide written responses to questions, such as: "What happened?"; "How did this situation affect opportunities in your education or professional career, or to create or expand your business?"; When did it happen?"; "Where did it happen?" Since all individual-owned applicants to the 8(a) program will now be required to submit evidence of social disadvantage, whereas previously only a relatively small percentage of applicants did, the goal is to ensure that applicants provide the required information the first time

and hopefully reduce the need for SBA to go back to the applicant and request additional information.

13. The online portal that 8(a) applicants and participants use to submit eligibility materials includes a notice that "SBA will protect the information you provide in accordance with the Privacy Act of 1974 and will only share information provided as required by law."

14. On August 17, 2023, I participated in a webinar sponsored by the National 8(a) Association. The purpose of the webinar was to provide updates on the operation of the 8(a) program in light of the Court's July 19 Order, including the requirement for all 8(a) participants who were admitted based on the presumption to submit evidence establishing social disadvantage pursuant to 13 C.F.R. § 124.103(c). When I stated that "we're going to make this as easy as possible for everyone," my intention was to assure federal agencies and small businesses in the 8(a) program that SBA would be doing its best to process requests from agencies for contract awards through the 8(a) program as efficiently as possible. I stated during the webinar that participants will have to meet the burden to establish social disadvantage and that the questionnaire to establish social disadvantage will be the same for all individuals, whether a member of a formerly presumed group or not. The webinar is available to view at https://www.youtube.com/watch?v=uWmH_Ol6dBM.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 29, 2023

John W. Klein