UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>Defendants. | Case No.: 2:20-cv-00041-DCLC-CRW |

MOTION FOR LEAVE TO FILE AMICUS CURIAE BRIEF
OF TRIBAL AMICI IN RESPONSE TO PLAINTIFF'S
MOTION FOR ADDITIONAL EQUITABLE RELIEF

The Tunica-Biloxi Tribe of Louisiana and the National Center for American Indian Enterprise Development (NCAIED), non-parties to this action, respectfully request leave to file the attached brief as amicus curiae in support of neither party. A proposed order granting this motion is also attached. Counsel for Plaintiff has indicated that Plaintiff will determine what position to take after reviewing this motion and the proposed brief. Defendants did not respond to Amici's outreach.

No Federal Rule of Civil Procedure or Local Rule governs amicus participation in this Court. Amicus participation therefore "is a privilege within 'the sound discretion of the courts,'" *Graham v. Potter*, No. 1:06-CV-166, 2006 WL 3740851, at *1 n.1 (E.D. Tenn. Dec. 15, 2006) (quoting *United States v. Michigan*, 940 F.2d 143, 165 (6th Cir. 1991)), and judges in this District have previously granted leave for the filing of amicus briefs where appropriate, *see, e.g.*, *Verble v. Morgan Stanley Smith Barney*, LLC, No. 3:15-cv-74-TAV-CCS, 2015 WL 12930320, at *1 (E.D. Tenn. Apr. 9,

2015); *Kucera v. Jefferson County Board of School Commissioners*, No. 3:03-cv-593-CLC-DCP, 2013 WL 654922, at *5 n.6 (E.D. Tenn. Feb. 21, 2013).

Leave is appropriate here because the proposed brief, informed by the proposed amici's unique insights, will assist the Court's decisionmaking process, underscoring the broader implications of the issues raised by this case and the relief Plaintiff seeks. Amicus the Tunica-Biloxi Tribe of Louisiana owns and operates businesses that participate in the Small Business Administration (SBA) 8(a) Business Development Program (the 8(a) Program) and/or plan to apply for the 8(a) Program in the future. The core services provided by those businesses are managed and technical support services. Tunica-Biloxi intends to provide administrative and technical services to agencies and reviews such 8(a) opportunities when posted by any agency—including the Natural Resources Conservation Service—to submit bids for such contracts. Amicus NCAIED is a non-profit organization with over 50 years of experience in assisting American Indian/Alaska Native-owned businesses and American Indian tribes and their enterprises with business and economic development. NCAIED actively assists American Indian and Alaska Native communities to develop economic self-sufficiency through business ownership, increased workforce participation, viable businesses, and positive impacts on reservation communities. Together, amici offer both first-hand and national perspectives on the critical importance of 8(a) contracts to tribal economies and the threat Plaintiff's requested relief poses to tribal 8(a) contracts.

2

As explained in the attached brief, Plaintiff's request that this Court enjoin Defendants from using the Section 8(a) Program *at all* in the administrative and technical support industry goes beyond what this Court can order and improperly infringes on the ability of tribes and Alaska Native Corporations ("ANCs") to access the contracting benefits of the 8(a) Program. The injury of which Plaintiff complains is premised on an alleged race-based classification and the use of the 8(a) Program's rebuttable presumption. But *tribal* classifications are political in nature and subject to a completely different analysis under equal protection. Moreover, tribes and ANCs do not use the rebuttable presumption challenged in this case—that presumption applies only to individual 8(a) applicants. Nevertheless, Plaintiff asks this Court to enjoin Defendants from using the 8(a) Program entirely in its industry, which would preclude even tribes and ANCs from obtaining relevant 8(a) contracts. The attached brief argues that the Court should not and cannot grant such overbroad relief.

Amici file this motion at the same time as Defendants' opposition, ensuring that Plaintiff will have adequate time to respond to amici's brief, which urges denial of Plaintiff's motion to the extent it seeks relief not directed at the 8(a) Program's rebuttable presumption. Amici therefore respectfully submits that allowing its brief to be filed would not burden or prejudice any party.

For these reasons, the Court should accept the attached amicus brief for filing.

Dated: September 29, 2023

Respectfully submitted,

/s/ Benjamin K. Raybin

Charlie W. Galbraith*
Michelle S. Kallen*
Leonard R. Powell*
JENNER & BLOCK LLP
1099 New York Ave NW, Suite 900
Washington, DC 20001
(202) 639-6000
cgalbraith@jenner.com
mkallen@jenner.com
leonardpowell@jenner.com
*Pro hac vice applications forthcoming

Benjamin K. Raybin (TN BPR #29350)
RAYBIN & WEISSMAN, P.C.
424 Church Street, Suite 2120
Nashville, Tennessee 37219
(615) 256-6666
BRaybin@NashvilleTNLaw.com

*Counsel for Amici Curiae*

## CORPORATE DISCLOSURE STATEMENT

The Tunica-Biloxi Tribe of Louisiana is a federally recognized Indian tribe. The National Center for American Indian Enterprise Development is a not-for-profit corporation. It does not issue stock.

Date: September 29, 2023

/s/ Benjamin K. Raybin
*Counsel for Amici Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2023 I electronically filed the foregoing using the court's CM/ECF system which will send notification of such filing to all that have appeared.

Date: September 29, 2023 /s/ Benjamin K. Raybin
*Counsel for Amici Curiae*