UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE

AT KNOXVILLE

ULTIMA SERVICES CORPORATION,

*Plaintiff,*

v.

UNITED STATES DEPARTMENT OF AGRICULTURE,

*Defendant.*

Case No.: 2:20-cv-00041

**COMBINED MOTION TO NOTIFY THE COURT OF NON-COMPLIANCE AND REQUEST FOR FULL INTERVENTION, EXPEDITED CONSIDERATION, AND IMMEDIATE RELIEF**

COME NOW, Lynette T. Stevenson, Founder of DALS Credit Solutions Co., and respectfully moves for full intervention in the case *Ultima Services Corp. v. U.S. Department of Agriculture*, Case No. 2:20-cv-00041, under Rule 24(a)(2) of the Federal Rules of Civil Procedure. Additionally, this motion serves to notify the Court of substantial non-compliance with its prior orders, seeks expedited consideration, and requests immediate relief to prevent ongoing harm to my and other Black-owned businesses.

   INTRODUCTION

This motion is submitted in conjunction with my Motion to Intervene, filed on September 27, 2024, in response to significant compliance failures by the USDA, SBA, and LUSA Associates, Inc. It seeks intervention to represent the interests of disadvantaged businesses impacted by systemic non-compliance and to ensure adherence to the Court's rulings on federal procurement practices.

Since October 2023, the USDA and SBA have failed to ensure compliance with this Court's ruling in the Ultima case. Furthermore, the Department of Treasury deviated from compliance measures in August 2023 by allocating funding to ANC-backed firms in a manner that contradicts the ruling and disadvantages Black-owned businesses, underscoring the need for comprehensive Court oversight.

**BACKGROUND AND NON-COMPLIANCE DETAILS**

**USA Associates, Inc. and 8(a) Eligibility**

Since **October 2023, neither Ultima Services Corporation nor its apparent successor, LUSA Associates, Inc., nor the USDA and SBA have informed the Court of LUSA's 8(a) status**. Without this confirmation, any federal contracts awarded to LUSA as a successor to Ultima should have required novation agreements under 41 U.S.C. § 6305, a standard protocol for any contract transfer.

**Absence of Novation Agreements and Lack of Court Notification**

Under FAR 42.1204, novation agreements are mandatory for transferring federal contracts when the successor entity's qualifications differ from the original contractor. Despite the transfer from Ultima to LUSA, no novation agreement has been filed, nor has the Court been notified, indicating non-compliance.

This failure compromises the transparency of the contracting process and directly undermines the Court's ruling.

### Non-Compliance with FAR 6.302 Requirements

If **LUSA is not certified under the 8(a) program**, all non-competitive contract awards it received should have been supported by Justification and Approval (J&A) documents per FAR 6.302. These documents are required from both the SBA Procurement Center Representative and USDA contracting officer to justify the contracts outside of competitive requirements. The absence of such documentation suggests a violation of FAR protocols and raises concerns about unequal access to federal contracting for Black-owned businesses. In addition, request signature certificates to authenticate location of signatures, identity of IP addresses and fingerprint for compliance.

### Department of Treasury's Deviation from the Court's Ruling (August 2023)

The Treasury Department's deviation from the ruling in August 2023 reflects a concerning lack of adherence to the Court's directives on compliance enforcement. Despite the Court's intent to establish equitable procurement standards, the Treasury continues to allocate funds through the SBIC leverage program, benefiting ANC-backed firms disproportionately and undermining equal access for Black-owned businesses.

This non-compliance also highlights potential conflicts of interest under FAR regulations, specifically FAR 6.302. By circumventing standard procurement practices without proper J&A documentation, the Treasury may be unfairly allowing ANC-backed firms to secure contracts. Court oversight of the Treasury's adherence to the Ultima ruling is essential to ensure equitable and merit-based funding allocations.

### Ongoing Harm to Disadvantaged Businesses

DALS Credit Solutions Co., as a Black-owned business, has been irreparably harmed due to preferential treatment afforded to ANC-backed firms and potentially to LUSA Associates, Inc. By failing to enforce compliance with the Court's ruling, the USDA, SBA, and now Treasury have created an unfair competitive landscape that disadvantages Black-owned businesses in federal contracting. The Treasury's deviation from compliance protocols in August 2023 only underscores the broader systemic issues impacting access to federal contracts for businesses like mine.

### LEGAL BASIS FOR FULL INTERVENTION UNDER RULE 24(a)(2)

Under Rule 24(a)(2) of the Federal Rules of Civil Procedure, I am entitled to intervene as of right because:

#### A Significant Interest in the Subject Matter

DALS Credit Solutions Co. is directly interested in enforcing federal procurement standards, as these significantly impact my business's ability to compete fairly in the federal contracting landscape. This interest is particularly relevant given the continued preferential treatment extended to ANC-backed firms and the apparent disregard for the Court's ruling by the USDA, SBA, and Treasury.

#### Impairment of Interests Without Intervention

If intervention is denied, my interests will remain unprotected as the USDA and SBA continue to allow contracts to be awarded under non-compliant conditions. With my involvement, Black-owned businesses can avoid being continually excluded from fair competition in federal procurement.

**Inadequate Representation by Existing Parties**

Neither the USDA, the SBA, nor LUSA Associates, Inc. represents the interests of Black-owned businesses in addressing non-compliance with the Ultima ruling. My perspective as a directly affected Black business owner is crucial to ensuring that federal procurement processes uphold the principles of equal access and fair competition principles. Existing parties have yet to demonstrate a commitment to equitable treatment within the 8(a) program, underscoring the need for my intervention.

## CASE LAW SUPPORT

### Case Law for Rule 24(a)(2) Intervention Rights

**Trbovich v. United Mine Workers, 404 U.S. 528 (1972):** This case established that intervention is warranted when existing parties may not adequately represent a party's interests. The USDA and SBA's failure to represent Black-owned businesses in this context justifies intervention.

**Cascade Natural Gas Corp. v. El Paso Natural Gas Co., 386 U.S. 129 (1967):** This case supports intervention if the judgment may impair the applicant's ability to protect their interest. Non-compliance with the Ultima ruling directly affects my business's ability to compete.

**NRDC v. U.S. Nuclear Regulatory Comm'n, 578 F.2d 1341 (10th Cir. 1978):** This case affirms the need for intervention when an agency fails to meet statutory obligations, as the USDA and SBA have by disregarding the Ultima ruling.

**Case Law on Equal Protection and Federal Contracting Compliance**

**Adarand Constructors, Inc. v. Peña, 515 U.S. 200 (1995):** Federal contracting involving racial classifications must meet strict scrutiny. The SBA's treatment of ANC-backed firms, exempting them from 8(a) standards, fails this scrutiny.

**Rothe Development Corp. v. U.S. Department of Defense, 413 F.3d 1327 (Fed. Cir. 2005):** This ruling emphasizes the need for narrowly tailored race-based preferences. By benefiting ANC-backed firms without adequate oversight, SBA and USDA actions warrant judicial oversight.

**Dynalantic Corp. v. U.S. Department of Defense, 885 F. Supp. 2d 237 (D.D.C. 2012):** The Court underscored the requirement for race-based contracting programs like the 8(a) program to avoid unconstitutional preferences. Ensuring that ANC-backed firms are held to the same standards is critical to maintaining program integrity.

**EXPANDED REQUEST FOR IMMEDIATE RELIEF**

Due to the ongoing non-compliance by USDA, SBA, and Treasury, I respectfully request immediate preliminary relief to:

**Hold on all Non-Competitive Contracts with ANC-Backed Firms:** Impose a temporary hold on any new non-competitive contracts awarded to ANC-backed firms until compliance with the Court's ruling is confirmed. This will include all with joint-venture, partners and partners, partners and subcontractors.

**Retract Contracts in Violation of Rulings:** Request a retraction of all contract awards to ANC-backed firms, LUSA Associates Inc., and any others that fail to meet the 8(a) program



requirements due to their non-compliance with the ruling. This action is critical to ensure that all contracts awarded post-ruling are compliant.

**Enforce Equal Standards for All 8(a) Participants**: Reinforce that all participants in the 8(a) program, including ANC-backed firms, must provide a social disadvantage narrative as required by the Ultima ruling. The continued exclusion of ANC-backed firms from this requirement directly violates equal protection principles.

Protection of DALS Credit Solutions Co. and Other Disadvantaged Businesses: Given the lack of responsiveness from USDA, SBA, and Treasury, DALS Credit Solutions Co. is unable to fully participate in federal contracting due to systemic failures and the absence of advocacy for Black-owned businesses, as reinforced by Executive Order 14091. The Court's action is essential to restore integrity and fairness in federal procurement processes for all disadvantaged enterprises.

**REQUEST FOR RELIEF**

1. Grant Full Intervention
2. Order Compliance Documentation and Novation Agreements
3. Compel Compliance with Federal Procurement Laws
4. Request for Court Oversight on Treasury Department's Compliance
5. Schedule for a Status Conference on Compliance Issues
6. Expedited Consideration of This Motion
7. CONCLUSION

**The USDA, SBA, and Treasury's** lack of transparency and failure to enforce compliance with the Court's ruling has caused irreparable harm to Black-owned businesses, including DALS Credit Solutions Co. Full intervention is necessary to ensure federal procurement standards are applied equitably, uphold the Equal Protection Clause, and maintain public trust in federal contracts. I respectfully request that the Court grant this motion, require compliance documentation, impose immediate relief, and expedite these proceedings.

Respectfully submitted,

Lynette T. Stevenson, Founder of DALS Credit Solutions Co.

Nicole Stewart-Anue Strategies Group

*Pro Se*