IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW |
| | ) |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
<u>LYNETTE T. STEVENSON AND NICOLE STEWART'S MOTION TO INTERVENE</u>**

Defendants oppose Lynette T. Stevenson and Nicole Stewart's ("Movants") Motion to Intervene, Doc. No. 105, because Movants do not meet the standard for intervention as of right or permissive intervention under Fed. R. Civ. P. 24 and Sixth Circuit authority. Most significantly, the motion is untimely, and Movants lack a legally protectable interest related to this action.[1]

Nearly fifteen months ago, on July 19, 2023, this Court ruled on the merits of Plaintiff's claim and enjoined Defendants from using the rebuttable presumption of social disadvantage set forth in 13 C.F.R. § 124.103(b) in administering SBA's 8(a) program, finding that the presumption of social disadvantage for certain minority individual 8(a) applicants violated Ultima's right to equal protection under the law. Doc. No. 86 at 40-41. Movants interpret the opinion and injunction

---

[1] On October 11, 2024, Movants filed a "Combined Motion to Notify the Court of Non-Compliance and Request for Full Intervention, Expedited Consideration, and Immediate Relief." Doc. No. 107. The "Combined Motion" includes many of the same assertions as in the initial motion. To the extent a separate response is necessary to address Movants' claims in the "Combined Motion," Defendants will file a response by the appropriate deadline, unless ordered otherwise.

1

to include entity-owned firms: Alaska Native Corporations ("ANCs"), Community Development Corporations ("CDCs"), and Native Hawaiian Organizations ("NHOs"). Doc. No. 105 at 1. Contrary to Movants' interpretation, the injunction in this case does not cover these entity-owned firms, which are not—and have never been—entitled to the individual rebuttable presumption of social disadvantage for entry into the 8(a) program. Entity-owned firms' eligibility in the 8(a) program is not based on any racial classifications. *See* 15 U.S.C. §§ 637(a)(4)(A)(i)(II)-(III), (13); 42 U.S.C. §§ 9802, 9815(a)(2). Thus, Movants belatedly seek to assert a new claim challenging the basis for these firms' participation in the 8(a) program. Movants' untimely motion also alleges several statutory and regulatory violations unrelated to Plaintiff's claim, including (1) challenging the Small Business Investment Company ("SBIC") program; (2) challenging USDA's implementation of the Federal Acquisition Regulations ("FAR"); and (3) compelling responses to FOIA requests, including from agencies not party to this litigation. These new claims should not be added into this equal protection case. For these reasons, as discussed more fully below, the Court should deny the Motion to Intervene.

## BACKGROUND

On July 19, 2023, the Court issued an Opinion and Order enjoining Defendants from "using the rebuttable presumption of social disadvantage in administering Defendant SBA's 8(a) program." Doc. No. 86 at 41. On August 29, 2023, Defendants filed a Notice of Compliance, which informed the Court that, to comply with the injunction, SBA had stopped using the regulatory presumption of social disadvantage in all aspects of the administration of the 8(a) program government-wide, from the application, to admission, and finally to contract award. Doc. No. 88 ¶¶ 5-7. The Notice also informed the Court that SBA had not suspended the evaluation of

applications by or the approval of awards to businesses owned by Indian tribes,[2] ANCs, CDCs, or NHOs because these businesses are not deemed eligible to participate in the 8(a) program through the rebuttable presumption of social disadvantage enjoined by the Court. Doc. No. 88 ¶ 8. In the more than 13 months that have passed since then, neither Plaintiff nor the Court has challenged this interpretation. Movants only now seek to intervene.

On August 31, 2023, the Court held a videoconference to discuss what, if any, further remedies Plaintiff sought. Doc. No. 92. At that hearing, the Court stated its desire to resolve outstanding issues and enter final judgment. Doc. No. 91 at 8:9-14. On September 15, 2023, Plaintiff filed a Motion for Additional Equitable Relief, Doc. No. 93, which questioned aspects of Defendants' implementation of the injunction and asked the Court to enjoin Defendants from using the 8(a) program entirely in Plaintiff's specific industry. Doc. No. 93-1 at 8-10. An amicus brief followed, which argued that the Court should not and cannot enjoin use of the 8(a) program in an entire industry because doing so would improperly preclude entity-owned firms from obtaining 8(a) contracts. Doc. No. 100. Plaintiff's Motion for Additional Equitable Relief has been fully briefed since October 6, 2023. Doc. No. 104.

## ARGUMENT

### A. Movants Do Not Meet the Standard for Intervention as of Right

Movants seek to intervene under Rule 24(a)(2), which provides: "On timely motion, the court must permit anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a). In the Sixth Circuit, a party seeking to

---

[2] The Motion to Intervene does not appear to challenge how businesses owned by Indian tribes participate in the 8(a) program.

intervene as a matter of right must show that: (1) the motion was timely; (2) they possess a substantial legal interest in the case; (3) their ability to protect that interest will be impaired without intervention; and (4) the existing parties inadequately represent their interests.[3] *See, e.g.*, *United States v. Michigan*, 68 F.4th 1021, 1024 (6th Cir. 2023). If a movant fails to meet any one of these criteria, the court must deny intervention as of right. *Id.* Movants do not qualify for intervention of right for multiple independent reasons.

1. **The Motion to Intervene Is Untimely**

In determining whether a motion to intervene is timely, courts consider all relevant circumstances, including: "(1) the stage of the proceedings; (2) the purpose for the intervention; (3) the length of time that the movant knew or should've known of its interest in the case; (4) the prejudice to the original parties; and (5) any unusual circumstances militating for or against intervention." *Id.* at 1024-25. If the Court finds that the Motion to Intervene was not timely, its inquiry ends there. *Id.* at 1029 ("Because a proposed intervenor can't succeed without establishing timeliness, we needn't address the other factors for intervention of right under Rule 24(a)(2)."). These factors weigh against intervention here.

*First*, the late stage of the proceedings weighs against intervention given the Court ruled on the merits of Plaintiff's claim over a year ago, entered an injunction that Defendants have implemented for over a year, and final adjudication of this case is in sight. Doc. Nos. 86, 88, 104. *See United States v. Tennessee*, 260 F.3d 587, 592-93 (6th Cir. 2001) (requesting party status during the final stages of litigation after substantive issues have been resolved weighs "strongly

---

[3] The fourth factor—whether the parties inadequately represent a movants' interests—is not implicated as to the Movants' claims concerning the entity-based firms because the injunction of the presumption of social disadvantage has nothing to do with those entities' eligibility to participate in the 8(a) program.

4

against" intervention). The "purpose of the timeliness inquiry is to prevent 'a tardy intervenor from derailing a lawsuit within sight of the terminal.'" *United States v. BASF–Inmont Corp.*, 52 F.3d 326, at *2 (6th Cir. 1995) (per curiam) (unpublished table decision) (quoting *United States v. South Bend Cmty. Sch. Corp.*, 710 F.2d 394, 396 (7th Cir. 1983)). The critical reference point is the Court's "previously identified 'finish line.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 475 (6th Cir. 2000) (affirming the district court's denial of motion to intervene made just before summary judgment briefing). This Court identified its "finish line" when it stated that the "only pending issues" are deciding whether Plaintiff is entitled to the additional equitable relief it seeks, Doc. No. 92, and briefing on that question has been complete for a year. Doc. No. 104.

*Second*, Movants' stated purposes weigh against intervention. Courts are more inclined to grant intervention when the purpose of intervention is limited in scope. *In re Auto. Parts Antitrust Litig., End-Payor Actions*, 33 F.4th 894, 902 (6th Cir. 2022). Movants' purposes appear to include "ensur[ing] that the *Ultima* ruling is adequately enforced and that all disadvantaged businesses receive fair access to federal contracting opportunities," and providing the Court with "[d]irect insights into how SBA's failure to enforce the *Ultima* ruling has impacted Black-owned businesses," not just in the 8(a) program, but across government procurement. Doc. No. 105 at 1-2. These purposes are neither limited in scope nor closely related to the claim at issue here, which was a challenge to the constitutionality of the rebuttable presumption of social disadvantage. Movants also raise several new claims, including: (1) alleging failures in the SBIC program; (2) challenging USDA's implementation of the FAR; and (3) compelling responses to FOIA requests, including from agencies not party to this litigation.[4] Doc. No. 105 at 2-3. Regardless of the merits of these claims, this litigation between Ultima and the USDA and SBA regarding the 8(a) program

---

[4] Movants also allege violations of several other statutes not at issue here. Doc. No. 105 at 4-5.

5

is not the appropriate vehicle for Movants to assert them. Both legally and practically, Movants' purposes far exceed the scope of this case. *See, e.g.*, *In re Auto. Parts*, 33 F.4th at 902 (denying intervention where "the ultimate end-goal . . . reaches far beyond mere clarification of a legal issue").

*Third*, the length of time Movants "took to move after [they] knew or should have known that [their] interests in the case were implicated" weighs against intervention here. *Id.* at 902 (citing *Stupak-Thrall*, 266 F.3d at 477). Courts evaluate "when the intervenor should have known that the parties in the case would not protect its interests." *Id.* (citing *Cameron v. EMW Women's Surgical Ctr., P.S.C.*, 595 U.S. 267, 279-80 (2022)). Movants have known based on the Notice of Compliance filed over a year ago that the injunction would not affect the participation of ANCs, CDCs, and NHOs in the 8(a) program. Doc. Nos. 86, 88. That is far too long to have waited. *See Stotts v. Memphis Fire Dep't*, 679 F.2d 579, 583-84 & n.3 (6th Cir. 1982) (finding intervention after preliminary approval of consent decree untimely when the risk that the action may affect the movants' interest was "inherent from the outset of the litigation"); *Michigan*, 68 F.4th at 1028 ("[I]f parties take a 'wait-and-see' approach to intervention, they lose on timeliness.") (quoting *Stotts*, 679 F.2d at 584 & n.3).

*Fourth*, allowing Movants to intervene at this late stage would prejudice the original parties. Courts are to consider "prejudice caused by the delay in intervention, rather than prejudice caused by the intervention itself." *In re Auto. Parts*, 33 F.4th at 905. "Where intervention would require . . . a delay in implementing [] remediation, the intervention would prejudice the parties' interests." *BASF-Inmont Corp.*, 52 F.3d 326 at *4 (declining to delay entry of consent decree to allow intervention). What remains to be decided here is whether Plaintiff is entitled to additional equitable relief. Doc. No. 92. Allowing Movants to intervene to assert a new challenge regarding

6

which businesses may properly participate in the 8(a) program, along with several unrelated claims, would greatly broaden the scope and significantly delay the completion of this nearly-complete case. *See Stupak-Thrall*, 226 F.3d at 478 (finding intervention would unduly delay and prejudice original parties because it would require reopening discovery and new expert reports).

For these reasons, the Motion to Intervene is untimely, and the Court should deny the motion for this reason alone. *See, e.g.*, *Michigan*, 68 F.4th at 1029-30.

### 2. Movants Lack a Legally Protectable Interest Related to this Action

Even if Movants' motion were timely, the motion should be denied because "[a]pplicants for intervention as a matter of right must have a significant legal interest in the subject matter of the litigation." *Jansen v. City of Cincinnati*, 904 F.2d 336, 341 (6th Cir. 1990). And the applicant's interest must be "substantial" and "significantly protectable." *Grainger v. Ottawa Cnty.*, 90 F.4th 507, 513-14 (6th Cir. 2024) (*internal citation omitted*).

The subject matter of this litigation is whether the regulatory rebuttable presumption of disadvantage for individual 8(a) program applicants violated Plaintiff's equal protection rights, and this Court already ruled that it did and enjoined using that presumption. Movants' stated interest is "ensuring that the SBA enforces compliance with the *Ultima* ruling." Doc. No. 105 at 2. Even if Movants' intervention were necessary to help the Court ensure compliance with this Court's order, which it is not, Movants' motion is based on the premise that this Court's injunction covers ANCs, CDCs, or NHOs. Plaintiff's complaint did not challenge entity-owned firms' eligibility for the 8(a) program. Doc. No. 1 ¶¶ 41-44. The parties did not conduct discovery on that issue or brief that question at summary judgment, and the Court's order did not address it. Doc. No. 86 at 41. Thus, Movants lack a substantial and legally protectable interest in the subject matter of *this* case because they seek to assert a new claim challenging the independent statutory bases

7

for entity-owned firms to participate in the 8(a) program.[5]

Nor is Movants' economic interest significantly protectable in this case. Movants attempt to introduce this new claim hoping it will improve the ability of their companies and other Black-owned businesses to compete for federal contracts.[6] Doc. No. 105 at 2-3. In *Blount-Hill v. Board of Education of Ohio*, 195 Fed. App'x 482, 484-86 (6th Cir. 2006), the Sixth Circuit denied intervention because the movant's interest in preserving "the constitutionality of the community school's funding structure so that it might continue to contract with community schools" was "insufficient to comprise a substantial legal interest" because it was primarily economic and did not concern the constitutional and statutory violations alleged in that case. *Id.* at 486. So too here. While Movants may have a genuine interest in the success of their businesses, their economic interest is not significantly related to the constitutional challenge in this action. The Court should therefore deny their Motion to Intervene.

### 3. Disposing of this Action Would Not Impair or Impede Movants' Ability to Protect their Interest

Movants cannot show that their "interest may be impaired in the absence of intervention." *Coal. to Def. Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007). Courts have found that if intervenors can bring their claims in separate litigation, their interests would not be impaired absent intervention. *Grainger*, 90 F.4th at 515-17 (affirming denial of intervention of right because intervenor could have filed his own, separate, class action). Movants claim that their

---

[5] Entity-owned firms' eligibility for the 8(a) program does not derive from the individual rebuttable presumption of social disadvantage based on the race of the business owner that was challenged and enjoined here, 13 C.F.R. § 124.103(b), but from statute. *See* 15 U.S.C. §§ 637(a)(4)(A)(i)(II)-(III), (13) (Indian tribes, ANCs, and NHOs); 42 U.S.C. § 9815(a)(2) (CDCs).

[6] Movants do not explain how changing the requirements for entity-owned firms to participate in the 8(a) program would improve their ability to compete for contracts.

interest is in the proper enforcement of this Court's injunction, but, as explained, the injunction does not cover entity-owned firms.

If Movants wish to challenge the specific statutory grants of authority for entity-owned firms to participate in the 8(a) program, which are not at issue in this case, they may do so in separate litigation. *See* 15 U.S.C. §§ 637(a)(4)(A)(i)(II)-(III), (13); 42 U.S.C. § 9815(a)(2). Movants also have other, more appropriate avenues for challenging FOIA denials, compliance with the FAR, and the activities of SBICs. An individual who requests information through FOIA must administratively appeal any adverse determinations before filing a FOIA lawsuit in federal court. 5 U.S.C. § 552(a)(6)(A). Such a lawsuit must be filed in the district in which the requester resides or has a principal place of business, or in which the agency records are situated, or in the District of Columbia. 5 U.S.C. § 552(a)(4)(B). Movants do not assert that they satisfy any of these requirements.[7] Denying their Motion to Intervene here does not disadvantage their interest in bringing such challenges.

**B.** **<u>Movants Do Not Meet the Standard for Permissive Intervention</u>**

Movants also seek permissive intervention under Fed. R. Civ. P. 24(b)(1)(B). Under this rule, movants must (1) timely move, and (2) allege at least one claim or defense that shares a common question of law or fact with the main action. *Id.*; *see also United States v. Michigan*, 424 F.3d 443, 445 (6th Cir. 2005). If both are established, the Court must then balance undue delay and prejudice to the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3); *see also Grainger*, 90 F.4th at 518.

---

[7] According to Movants' own exhibits, Movant Lynette T. Stevenson has administratively appealed one FOIA request to USDA and received a response to a FOIA request to SBA indicating that Ms. Stevenson has until December 23, 2024, to administratively appeal. Doc. Nos. 105-3 at 94, 112-13; 106 at 3-10.

9

As discussed above, Movants' motion is untimely. *Supra* at 4-7. Movants also do not allege a common question of law or fact beyond claiming that they have one. Doc. No. 105 at 3. The question of law at issue in this case was whether the regulatory rebuttable presumption of social disadvantage given to certain racial groups when applying to the 8(a) program violated the Equal Protection Clause. Doc. No. 86 at 40. While Movants purport to intervene to enforce compliance with this Court's injunction of the use of the presumption of social disadvantage, 13 C.F.R. § 124.103(b), they raise an entirely new and unrelated question of law about the distinct statutory bases for entity-owned businesses to participate in the 8(a) program. *See* 15 U.S.C. §§ 637(a)(4)(A)(i)(II)-(III), (13); 42 U.S.C. § 9815(a)(2). The parties did not litigate this issue, and the Court did not address it. And Movants' new and unrelated claims about FOIA requests, SBIC activity, and many other alleged violations certainly do not share a common question of law or fact with Plaintiff's claim.

Finally, allowing Movants to intervene at the near conclusion of this case would unduly delay and prejudice the adjudication of the original parties' rights. Fed. R. Civ. P. 24(b)(3). Courts have found that intervention would prejudice the original parties when the intervention would require prolonged discovery to adjudicate fact-intensive issues beyond the narrow scope of the established discovery and trial schedule. *Michigan*, 424 F.3d at 445 (6th Cir. 2005). That is precisely the case here given that Movants ask the Court to expand the scope of this case to encompass several unrelated claims. *See generally* Doc. No. 105. All that stands between the original parties and final judgment is deciding whether Plaintiff should be denied the additional equitable relief it seeks, Doc. No. 93, an issue that has been fully briefed for a year. Doc. No. 104. Allowing Movants to intervene now would unduly delay the original parties from reaching final judgment.

# CONCLUSION

For these reasons, this Court should deny the Motion to Intervene.

Dated: October 11, 2024

OF COUNSEL:

David A. Fishman
Assistant General Counsel for Litigation

Eric S. Benderson
Associate General Counsel for Litigation
U.S. Small Business Administration

Stephanie Moore
Senior Counsel

Angela Boyd Matthews
Associate Regional Attorney
U.S. Department Of Agriculture

Respectfully submitted,

KAREN D. WOODARD
Chief
Employment Litigation Section
Civil Rights Division
United States Department of Justice

ANDREW BRANIFF (IN Bar No. 23430-71)
Deputy Chief

By: */s/ Kacie S. Candela*
Kacie S. Candela (N.Y. Bar No. 6013106)
Juliet E. Gray (D.C. Bar No. 985608)
Christine T. Dinan (D.C. Bar 979762)
Trial Attorneys
Employment Litigation Section
Civil Rights Division
United States Department of Justice
150 M Street, N.E.
Washington, D.C. 20002
(202) 598-1600
Kacie.Candela@usdoj.gov
Juliet.Gray@usdoj.gov
Christine.Dinan@usdoj.gov

11

## CERTIFICATE OF SERVICE

      I hereby certify that on October 11, 2024, I electronically filed the above document and with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

                                        */s/ Kacie S. Candela*
                                          Kacie S. Candela
                                          Trial Attorney