UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
-----------------------------------------------------------------------------x

ULTIMA SERVICES CORPORATION, :

    Plaintiff, :

       -against- : No. 2:20-cv-00041-DCLC-CRW

U.S. DEPARTMENT OF AGRICULTURE, :
U.S. SMALL BUSINESS ADMINISTRATION,
SECRETARY OF AGRICULTURE, and ADMINISTRATOR :
OF THE SMALL BUSINESS ADMINISTRATION,
                                               :

    Defendants. :
-----------------------------------------------------------------------------x

**PLAINTIFF'S MEMORANDUM OF LAW WITH RESPECT TO LYNNETTE STEVENSON'S MOTION TO INTERVENE**

Plaintiff Ultima Services Corporation ("Ultima") submits short this memorandum of law in response to the motion of Lynette T. Stevenson ("movant") for "full intervention, expedited consideration, and immediate relief." Doc. 107 at 1.[1]

At this time, Ultima believes that the Court should deny the motion. There are simply too many gaps in the factual and evidentiary basis for the motion to do otherwise. Ultima leaves the question of whether to allow movant an opportunity to remedy those omissions to the Court's discretion, but it notes that the parties briefed issues related to additional remedies about one year ago. Ultima strongly objects to an intervention (or any additional forbearance for movant) that would lead to any further delay in the ultimate resolution of this action. *Cf.* Doc. 108 at 4 (PageID #4036) ("final adjudication of this case is in sight"); *id.* at 10 (PageID #4042) ("Allowing Movants to intervene now would unduly delay the original parties from reaching final judgment.").

In support, Ultima asserts the following.

1.  To demonstrate that intervention as of right is warranted, a movant must show "an interest relating to the property or transaction that is the subject of the action." Fed. R. Civ. P. 24(a)(2). Movant identifies herself as the "[f]ounder" of DALS Credit Solutions Co. ("DALS") (Doc. No. 107), but the motion suggests that if anyone has an interest relating to the subject of this action, it is DALS, and not movant. Doc. 107 at 2 ("DALS Credit Solutions Co. is directly interested in enforcing federal procurement standards, as these significantly impact my business's ability to compete fairly in the federal contracting landscape."); *id.* at 3 ("Non-compliance with the Ultima ruling directly affects my business's ability to compete."); *id.* at 4 ("[Defendants'] and Treasury's . . . failure to enforce compliance with the Court's ruling has caused irreparable harm to Black-owned businesses, including DALS Credit Solutions Co."). Accordingly, movant has failed to meet

---

[1] Ms. Stevenson has submitted several sets of papers. On September 27, 2024, she submitted a motion to intervene, with several attachments, that appear to be on behalf of herself, DALS Credit Solutions Co., and another individual (Nicole Stewart). Doc. No. 105. On October 3, 2024, she filed a (roughly) 300-page supplement to that motion. Doc. No. 106. On October 11, 2024, she filed a motion for "full intervention" in this lawsuit, expedited consideration, and immediate relief. Doc. 107. Although this latter motion appears to be only on Ms. Stevenson's behalf, Ms. Stewart's name appears at the end as one who "submitted" this document. Doc. 107 at 4. On October 23, 2024, a supplement to this latter motion was filed by Ms. Stevenson and Neiko Stewart (who may or may not be the same person as Nicole Stewart). Doc. 109.

this requirement of intervention as of right.

2. Assuming *arguendo* that the motion had been made on behalf of DALS, it is improper because it would seem that Ms. Stevenson is not an attorney and therefore cannot represent a corporate entity, even one in which she was at one time the "founder." (So, too, to the extent that the motion purports to be on behalf of Nicole Stewart and/or Anue Strategies Group, Ms. Stevenson cannot represent them as a *pro se* litigant.)

3. In addition, none of the papers submitted to date comply with Fed. R. Civ. P. 11(a), which requires both a signature "by a party personally if the party is unrepresented" and a statement of "the signer's address, email address, and telephone number." Now that the failure to sign has been called to the movant's attention, this Court "must strike" the papers unless this "omission is promptly corrected." *Id.*

4. The motion says little about the kind of company DALS is or how it is affected by this Court's order dated July 19, 2023. Is DALS itself a Section 8(a) contractor? What business is it in? The motion appears to object to Section 8(a) contractors owned by Alaska Native Corporations, but it does not explain how the July 19, 2023 order affected those contractors or how awards to ANCs affects DALS (much less the movant).

5. The motion refers to "[t]he Treasury Department's deviation from the ruling in August 2023" through something called the "SBIC leverage program" that disproportionately benefits ANC-backed firms. Doc. 107 at 2. But no explanation is given for that program or how movant is affected by it, except in very vague terms ("undermining equal access").

6. The motion refers to Ultima Services Corporation and "its apparent successor" (Doc. 107 at 1) LUSA Associates, Inc. and complains that the parties have not "informed the Court of LUSA's 8(a) status" (*id.*). The motion submits no evidence that LUSA Associates is Ultima's "successor," that Ultima has transferred any contracts to LUSA Associates, that LUSA Associates has received "non-competitive contracts" (Doc. 17 at 2), or that LUSA Associates is a Section 8(a) contractor. (LUSA Associates is a separate company that is owned by Ultima's owner. Doc. No. 70-2

2

at 2 (PageID #2464) ¶ 6.) Nor does the motion explain how movant (or even DALS) has a protectable interest in any of the LUSA Associates contracts about which it hypothesizes. In any event, LUSA is not an 8(a) contractor and has not received any 8(a) contracts. Nor has Ultima transferred any contracts of its own to LUSA.[2]

Conclusion

For the foregoing reasons, this Court should deny the motion. Plaintiff also respectfully requests that, whatever additional opportunities might be afforded this movant, it should not interfere with the expeditious resolution of the remaining issues in this case.

Respectfully submitted,

*/s/ Michael E. Rosman*
Michael E. Rosman
Michelle A. Scott
CENTER FOR INDIVIDUAL RIGHTS
1100 Connecticut Ave, NW, Ste. 625
Washington, D.C. 20036
(202) 833-8400

M. Dale Conder, Jr.
RAINEY KIZER REVIERE & BELL PLC
209 E. Main St.
Jackson, TN 38301
(731) 426-8130

---

[2] Many of the reasons set forth in defendants' opposition (Doc. No. 108) to movants' first motion to intervene also support denial of the motion. Ultima notes, though, that defendants' assertion that "[e]ntity-owned firms' eligibility in the 8(a) program is not based on any racial classifications" (Doc. 108 at 2 (PageID #4034)) is incorrect. *See* Doc. 104 at 7 (PageID #3493) n.5.