IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | |
|---|---|
| ULTIMA SERVICES CORPORATION, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 2:20-cv-00041-DCLC-CRW ) |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) ) ) ) |
| Defendants. | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO
LYNETTE T. STEVENSON AND NICOLE STEWART'S COMBINED MOTION TO
NOTIFY THE COURT OF NON-COMPLIANCE AND REQUEST FOR FULL
INTERVENTION, EXPEDITED CONSIDERATION, AND IMMEDIATE RELIEF**

Defendants oppose Lynette T. Stevenson and Nicole Stewart's ("Movants") "Combined Motion to Notify the Court of Non-Compliance and Request for Full Intervention, Expedited Consideration, and Immediate Relief," ("Combined Motion"), Doc. Nos. 107 & 109, because Movants still do not meet the standard for intervention of right or permissive intervention under Federal Rule of Civil Procedure 24 and Sixth Circuit authority. The Combined Motion, Doc. No. 107, and Supplemental Filing, Doc. No. 109, assert many of the same claims and arguments as the initial Motion to Intervene, Doc. No. 105. Defendants thus incorporate by reference the arguments made in opposition to the Motion to Intervene. *See* Doc. No. 108.

Movants make two additional claims, about the Department of the Treasury's compliance with the Court's injunction and the scope of the injunction with regard to Alaska Native Corporations ("ANCs"). Neither supports intervention or the additional relief sought.

1

### A. The Department of the Treasury has Complied with the Court's Injunction

First, Movants assert that the Department of the Treasury, which is not a defendant here, is not complying with the Court's injunction and ask for "Court [o]versight" of Treasury's compliance. Doc. No. 107 at 2, 4. Movants attach a Memorandum for Treasury Acquisition Personnel, Doc. No. 105-2 at 65-78, which explains that Treasury is deviating from the Federal Acquisition Regulations ("FAR"). But these deviations were to *comply* with the Court's injunction. These deviations from the FAR allow Treasury to verify with SBA that 8(a) firms have affirmatively demonstrated social disadvantage before making contract awards. Doc. No. 105-2 at 66-67. Court oversight of Treasury's compliance with the injunction—or that of any other non-defendant agency—is neither necessary nor appropriate here, and even if it were, Movants' intervention is not necessary to ensure such compliance. *See* Doc. No. 108 at 7-8.

### B. The Court's Injunction Does Not Affect Businesses Owned by ANCs, NHOs, or CDCs

Second, Movants make additional requests for relief, including for a "temporary hold" on new contract awards to ANC-owned firms "until compliance with the Court's ruling is confirmed." Doc. Nos. 107 at 3, 109 at 2. But the injunction does not cover ANC-owned firms. *See* Doc. No. 108 at 7-9. As a result, Movants seem to be asking the Court to preliminarily enjoin 8(a) contract awards to ANC-owned firms while the Court considers Movants' claim challenging the independent statutory bases for ANC-owned firms to participate in the 8(a) program. *See* 15 U.S.C. §§ 637(a)(4)(A)(i)(II)-(III), (13). Movants have neither set forth nor satisfied the standard for a temporary restraining order or a preliminary injunction. *See* Fed. R. Civ. P. 65(b), 65(a) (requiring a hearing on a motion for a preliminary injunction); *McNeilly v. Land*, 684 F.3d 611, 615 (6th Cir. 2012). "In evaluating a request for a preliminary injunction, a district court should consider: (1) the movant's likelihood of success on the merits; (2) whether the movant will suffer irreparable

injury without a preliminary injunction; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction." *McNeilly,* 684 F.3d at 615. Movants have failed to demonstrate even a single element of the four-part test for a preliminary injunction. Moreover, allowing Movants to intervene now to move for a preliminary injunction and bring this claim would, for all the same reasons set forth previously in Doc. No. 108, prejudice the original parties' rights by greatly broadening the scope of this case and significantly delaying its completion.

### C. Conclusion

For these reasons, this Court should deny the Combined Motion.

Dated: October 25, 2024

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | KAREN D. WOODARD<br>Chief<br>Employment Litigation Section<br>Civil Rights Division<br>United States Department of Justice |
| OF COUNSEL: |  |
| David A. Fishman<br>Assistant General Counsel for Litigation | ANDREW BRANIFF (IN Bar No. 23430-71)<br>Deputy Chief |
| Eric S. Benderson<br>Associate General Counsel for Litigation<br>U.S. Small Business Administration | By: */s/ Kacie S. Candela*<br>Kacie S. Candela (N.Y. Bar No. 6013106)<br>Juliet E. Gray (D.C. Bar No. 985608) |
| Stephanie Moore<br>Senior Counsel | Christine T. Dinan (D.C. Bar No. 979762)<br>Trial Attorneys<br>Employment Litigation Section |
| Angela Boyd Matthews<br>Associate Regional Attorney<br>U.S. Department Of Agriculture | Civil Rights Division<br>United States Department of Justice<br>150 M Street, N.E.<br>Washington, D.C. 20002 |

(202) 598-1600  
Kacie.Candela@usdoj.gov  
Juliet.Gray@usdoj.gov  
Christine.Dinan@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2024, I electronically filed the above document and with the Clerk of the Court using the ECF System, which will send notification of such filing to all counsel of record.

>   */s/ Kacie S. Candela*
>   Kacie S. Candela
>   Trial Attorney