UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| ULTIMA SERVICES CORPORATION, | ) | |
| Plaintiff, | ) | 2:20-CV-41 |
| vs. | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) | |
| Defendants. | ) | |

**ORDER**

Lynette T. Stevenson ("Stevenson") and Nicole Stewart ("Stewart") have filed a Motion to Intervene [Doc. 105] and a Motion for Full Intervention [Doc. 107] in this matter on behalf of DALS Credit Solutions Co. ("DALS").[1] Responses in opposition to the Motions have been filed by Ultima Services Corporation ("Ultima") [Doc. 110] and the U.S. Small Business Administration and U.S. Department of Agriculture [Doc. 111], and a Reply [Doc. 112] was then filed to those responses.

In its response in opposition, Ultima notes that Stevenson and Stewart are not attorneys, but appear to be filing their Motions to Intervene on behalf of DALS, which they are not permitted to do.[2] The Reply filed by Stevenson and Stewart confirms that this assertion is correct because in it they specifically request that the court "[a]llow DALS Credit Solutions Co. to participate fully

---

[1] While Stewart lists herself as being associated with Anue Strategy Group, the court has not found a request for that entity to be permitted to intervene. However, even if Stewart had made the request it would not change the court's ruling on the motions at issue.

[2] The pleadings are not signed but below the space for a signature, Stevenson is listed with a notation beside her name of "Founder, DALS Credit Solutions Co." Stewart's name is also listed with the notation by her name of "Anue Strategy Group." They specifically note in their second motion, that they are proceeding pro se. [Doc. 107, p. 4].

in this case….." [Doc. 112, p. 13]. Defendants are correct in asserting that corporations, partnerships, and associations can only appear in federal court through a licensed attorney. *Rowland v. California Men's Colony,* 506 U.S. 194, 202 (1993) (citing to a line of cases dating back to 1824 in support of this legal principle). Even an officer or owner of a business may not represent the entity before the court. *Ginger v. Cohn,* 426 F.2d 1385, 1386 (6th Cir. 1970).

Given that the law does not allow Stevenson and Stewart to act on behalf of the entity they have asked the court to permit to intervene, their Motions [Docs. 105, 107] must be **DENIED**. Because the court is not considering the motions on the merits, the motions are denied without prejudice. Should DALS retain counsel, it may file a motion to intervene which the court would then be permitted to consider on the merits.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge