UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TENNESSEE
Case No.: 2:20-cv-00041-DCLC-CRW
Movants: Lynette T. Stevenson, Nicole Stewart, Pro Se
Defendant: U.S. Department of Agriculture & Small Business Administration

**Reply Memorandum in Response to Ultima Services Corporation's Opposition to Motion for Full Intervention and Immediate Relief**

To the Honorable Court:

We, Lynette T. Stevenson and Nicole Stewart, respectfully submit this reply addressing Ultima Services Corporation's opposition to our motion for intervention, immediate relief, and other equitable remedies. Our motion highlights significant procedural failures by the SBA, USDA, and related agencies that have systematically disadvantaged minority-owned businesses, including DALS Credit Solutions Co. and Aneu Strategies Group, Inc.

### I. Introduction

This motion underscores a vital need to uphold federal procurement regulations designed to foster equitable access within federal contracting. By ensuring adherence to regulations under FAR 19 and 41 U.S.C. § 6305, this intervention aims to address systemic barriers that have adversely impacted minority-owned businesses and prevented fair competition in government contracting. The non-compliance of SBA and USDA has far-reaching implications, undermining the federal government's commitment to fair and equitable access for all minority-owned enterprises..

As the founder of DALS Credit Solutions Co. and Aneu Strategies Group, Inc. our positioned uniquely to address how the SBA and Treasury's current practices create substantial barriers to fair access, especially for Black-owned businesses in the 8(a), 8(m) program. Ultima's opposition overlooks key compliance issues and the broader consequences of circumventing novation requirements, as explained in this response.

II. Argument
1. Personal Standing and Direct Harm to DALS Credit Solutions and Aneu Strategies Group
Ultima suggests that Lynette T. Stevenson lacks standing, as she is not directly impacted by the SBA's and USDA's practices. However, as the founder of DALS Credit Solutions Co., Lynette has a direct interest in federal contracting opportunities. This interest is shared by Nicole Stewart, former CEO of Aneu Strategies Group, Inc., whose business operations were financially harmed due to the exclusion from competitive contract awards. Both businesses were positioned to secure federal contracts through joint efforts, wherein Aneu Strategies would have provided IT solutions as a subcontractor to DALS. This combined venture was systematically obstructed by inequitable contracting practices.

In Trbovich v. United Mine Workers of America, 404 U.S. 528 (1972), the U.S. Supreme Court established that a party may intervene when they have a substantial and direct interest in the proceeding's outcome. Here, the SBA's procedural deviations directly restricted our businesses from fair contract competition. This harm is both immediate and enduring, depriving DALS and Aneu Strategies of federal contracting opportunities critical to their financial stability.

2. **Request for Exception to Representation Requirement or Alternative Amicus Curiae Status**

Ultima also notes that, as a non-attorney, I cannot represent DALS in court. I understand this limitation, yet obtaining counsel has been a challenge despite extensive efforts. Therefore, I respectfully request an exception based on these extraordinary circumstances. Courts, on occasion, have permitted exceptions where procedural obstacles would otherwise prevent a party's legitimate claims from being heard, as noted in **Navellier v. Sletten, 262 F.3d 923 (9th Cir. 2001).**

Alternatively, if the Court is unwilling to grant intervention, I request permission to participate as *amicus curiae* to offer insights and present evidence without full party status. This compromise would still allow the Court to consider critical evidence on compliance issues affecting federal procurement fairness.

3. **Rule 11(a) Compliance**

Ultima claims a lack of **Rule 11(a)** compliance in my submissions, specifically regarding signature and contact information. We have added my full signature, address, email address, and phone number on all relevant filings, as required under Rule 11(a), to ensure that procedural requirements are fully met. The Court should consider this promptly corrected, as the oversight was inadvertent.

4. Specific Competitive Harm to DALS Credit Solutions and Aneu Strategies Group

DALS Credit Solutions and Aneu Strategies were systematically excluded from fair competition in federal contracting due to SBA's preferential treatment of certain minority groups. DALS, a certified federal contractor, and Aneu Strategies, its intended IT subcontractor, encountered significant barriers within the federal marketplace. These barriers stem from the SBIC program's financial leverage, which operates at a 3:1 ratio, providing ANC-backed firms substantial capital advantages unavailable to Black-owned businesses. This inequity directly contravenes the principles of equal protection as outlined in Adarand Constructors, Inc. v. Peña, 515 U.S. 200 (1995), wherein the Supreme Court held that racial and ethnic preferences in federal programs must withstand strict scrutiny.

Our efforts to participate in federal contracting were consistently hindered by these structural inequities, which enabled ANC-backed firms to dominate contract opportunities. For instance, DALS and Aneu Strategies pursued USDA and other federal contracts from 2021 onward, securing CDFI certifications and attempting GSA onboarding, but were unable to compete fairly against firms benefiting from capital leverage exclusive to ANC-backed entities.

1.5. Non-Compliance with FAR and Novation Requirements for Contract Transfers from Ultima to LUSA
Data from the Federal Procurement Data System (FPDS) shows contract transfers from Ultima to LUSA Associates without required novation, in violation of FAR 19 and 41 U.S.C. § 6305. These regulations mandate that novation agreements be in place for transferring contracts between entities to ensure compliance and fairness. Without novation, LUSA Associates has reaped the benefits of non-competitive 8(a) contracts, contravening the integrity of federal procurement and disadvantaging businesses like DALS, which adhere to regulatory standards.

| | | | |
|---|---|---|---|
| **Award ID (Mod#):** | AG4D90D170194 (8) (View) | **Award Type:** | DELIVERY ORDER |
| **Legal Business Name:** | ULTIMA SERVICES CORPORATION | **Contracting Agency:** | FARM PRODUCTION AND CONSERVATION BUSINESS CENTER |
| **Date Signed:** | March 19, 2024 | **Action Obligation:** | -$59,450.55 |
| **Referenced IDV:** | AGSPECC170016 | **Contracting Office:** | FPAC BUS CNTR-ACQ DIV-CENTRAL SEC |
| **NAICS (Code):** | OFFICE ADMINISTRATIVE SERVICES ( 561110 ) | **PSC (Code):** | SUPPORT-ADMINISTRATIVE: OTHER ( R699 ) |
| **Entity City:** | GREENEVILLE | **Unique Entity ID:** | C3BQS1VUTXQ3 |
| **Entity State:** | TN | **Ultimate Parent Unique Entity ID:** | TPCZJ93HK4B5 |
| **Entity ZIP:** | 377454091 | **Ultimate Parent Legal Business Name:** | LUSA ASSOCIATES INC. |
| **Cage Code:** | 1NES4 | | |

**Ultima to LUSA**

Case 2:20-cv-00041-DCLC-CRW Document 154 Filed 11/07/24 Page 2 of 8
PageID #: 4090
Evidence from FPDS.gov FPDS-NG ezSearch

| | | | |
|---|---|---|---|
| Award ID (Mod#): | AG4D90D170194 ( 7 )  (View) | Award Type: | DELIVERY ORDER |
| Legal Business Name: | ULTIMA SERVICES CORPORATION | Contracting Agency: | FARM PRODUCTION AND CONSERVATION BUSINESS CENTER |
| Date Signed: | May 22, 2023 | Action Obligation: | -$73,367.19 |
| Referenced IDV: | AGSPECC170016 | Contracting Office: | FPAC BUS CNTR-ACQ DIV-CENTRAL SEC |
| NAICS (Code): | OFFICE ADMINISTRATIVE SERVICES ( 561110 ) | PSC (Code): | SUPPORT-ADMINISTRATIVE: OTHER ( R699 ) |
| Entity City: | GREENEVILLE | Unique Entity ID: | C3BQS1VUTXQ3 |
| Entity State: | TN | Ultimate Parent Unique Entity ID: | TPCZJ93HK4B5 |
| Entity ZIP: | 377454091 | Ultimate Parent Legal Business Name: | LUSA ASSOCIATES INC. |
| Cage Code: | 1NES4 | | |

CONTRACT to LUSA ASSOCIATES INC | USAspending

**Delivery Order (DO)**

PIID

12FPC324F0085

**In Progress**

(3 years, 5 months remain)

---

**Awarding Agency**

Department of Agriculture (USDA)

**Recipient**

LUSA ASSOCIATES INC

831 ROYAL GORGE BLVD

STE 312

CANON CITY, CO 81212-6709

UNITED STATES

Congressional District: CO-07

**Related Awards**

**Parent Award Unique Key**

CONT_IDV_12FPC324D0015_12D0

**Dates**

Today

Start Date

May 01, 2024

Current End Date

Mar 31, 2028

Potential End Date

Mar 31, 2028

**$ Award Amounts**

---

**$1.7 Million**
Current Award Amount

**$1.7 Million**
Obligated Amount

**$1.7 Million**
Potential Award Amount

Outlayed Amount

$0.00

Obligated Amount

$1,690,578.00

Current Award Amount

$1,690,578.00

Potential Award Amount

$1,690,578.00

View Transaction History

**Description**

---

TASK ORDER: 4 FTES CONSERVATION PLANNERS FOR WA STATE. IDIQ CONTRACT # 12FPC324D0015 CHEHALIS NRCS FIELD OFFICE PERIOD OF SERVICE: 5/1/2024 TO 3/31/2028 (47 MONTHS) EPHRATA NRCS FIELD OFFICE PERIOD OF SER...read more

**North American Industry Classification System (NAICS)Code**

54: Professional, Scientific, and Technical Services

5416: Management, Scientific, and Technical Consulting Services

**541690: Other Scientific and Technical Consulting Services**

**Product or Service Code (PSC)**

SERVICES

F: NATURAL RESOURCES MANAGEMENT

F0: NATURAL RESOURCE CONSERVERVAT SVCS

**F099: NATURAL RESOURCES/CONSERVATION- OTHER**

**Contract Activity**

---

$0$0.20 M$0.40 M$0.60 M$0.80 M$1.00 M$1.20 M$1.40 M$1.60 M$1.80 M$2.00 M$2.20 MAPR FY '24OCT FY '25APR FY '25OCT FY '26APR FY '26OCT FY '27APR FY '27OCT FY '28MAR FY '28StartTodayCurrent End Potential End

View transactions table

**Federal Accounts**

---

| Federal Account | Combined Obligated Amount | Percent of Total | Funding Agency |
|---|---|---|---|
| CONSERVATION OPERATIONS, NATURAL RES... | $1,690,578 | 100% | (USDA) DEPARTMENT OF AGRICULTURE |

**NOTE:** Result count may differ between treemap view and table view. Treemap view only displays accounts with a positive combined obligation amount, while table view displays all accounts.

**Summary of All Federal Accounts used by this Award**

Total Funding Obligated$1,690,578.00

Total Count of Funding Agencies1

Total Count of Awarding Agencies1

Total Count of Federal Accounts1

View federal funding submissions

**Award History**

---

**Transaction History**

1

Sub-Awards

0

Federal Account Funding

1

| Modification Number | Action Date | Amount | Action Type | Transaction Description |
|---|---|---|---|---|
| 0 | 04/30/2024 | $1,690,578 | -- | |

indicates that contracts initially awarded to Ultima Services have since benefited *LUSA Associates* without a novation agreement, contravening FAR 19 and 41 U.S.C. § 6305. According to these regulations, novation agreements are essential for legally transferring contracts from one entity to another, ensuring transparent contracting practices.

This transfer, absent novation, has enabled LUSA Associates to benefit from non-competitive 8(a) contracts, sidestepping compliance measures meant to protect the integrity of the federal

procurement process. The lack of novation disadvantages other businesses, including DALS, which adhere to these regulatory requirements and depend on the SBA and Treasury's fair enforcement of them.

**Request for Relief**

Considering the procedural and compliance issues highlighted, I respectfully request that the Court:

The SBIC program's structure, combined with SBA's role as a trustee for ANC-backed firms, skews access to capital in favor of these firms, perpetuating an imbalance contrary to the 8(a) program's objectives. In City of Richmond v. J.A. Croson Co., 488 U.S. 469 (1989), the Court underscored the importance of equal treatment in federal programs. By failing to monitor such preferential practices, SBA and Treasury have obstructed Black-owned businesses from fair competition, undermining the equity principles Congress intended to protect.

IV. Request for Relief

In light of these compliance issues, we respectfully request that the Court:

1. Enforce novation requirements **under FAR 19 and 41 U.S.C. § 6305,** ensuring that contracts purportedly transferred from Ultima to LUSA are appropriately regulated and compliant.

2. Direct the Treasury Department to review and reconsider its SBIC leverage structure to prevent further capital disparities between ANC-backed and other minority-owned firms.

3. Grant expedited consideration of these issues to avoid ongoing competitive harm to DALS and other minority-owned businesses.

4. Consider implementing a compliance monitoring mechanism to ensure future adherence by SBA and Treasury to contracting requirements under the 8(a) program. Such oversight would prevent ongoing harm to minority-owned businesses and encourage a fair contracting environment in federal programs.

**Conclusion**

The harm resulting from SBA and Treasury's practices has a continuing and compounding effect on my business' competitive standing. Every day these contract transfers occur without compliance with novation rules, and our businesses and similarly situated minority-owned firms face irreparable disadvantages. Without immediate intervention, these inequities will further entrench systemic barriers to fair competition within the federal marketplace.

Our motion is a necessary intervention to safeguard the integrity of federal contracting processes, not a delay tactic. We request that the Court consider our arguments to uphold equitable standards in federal procurement, addressing ongoing harm to minority-owned businesses deprived of fair competitive access.

Lynette T. Stevenson-*ProSe*

LS@dalscreditsolutions.com

717.421.1445

*Nicole Stewart* (signature)

**Nicole Stewart-*ProSe***
*Formerly, Aneu Strategis Group, Inc.*
Neiko@Neikostewart.com 414.366.2067
1418 N Cass St | Milwaukee, WI | 53202



. Lynette T. Stevenson 5246 Simpson Ferry Road #355
Home Address: 5767 Albany GRN Westerville Ohio 4308, LS@dalscreditsolutions.com

Disclaimer: This signature is for the purposes of the USDA/SBA (Luces/Ultima) Litigation Lawsuit along with Nicole (Neiko) Stewart, for The Motion to Intervene.