Lynette T. Stevenson
Founder of DALS Credit Solutions Co.
5246 Simpson Ferry Road
Mechanicsburg, PA. 17050
Date: October 4th, 2024

Attention: **Jason C. Keeton**
Division Manager
United States District Court,
Eastern District of Tennessee
220 W. Depot Street, Suite 200
Greeneville, TN 37743

The **Honorable Clifton L. Corker**
United States District Judge
Eastern District of Tennessee, Greeneville Division
220 West Depot Street, Suite 416
Greeneville, TN 37743

Re: **Motion to Notify the Court of Non-Compliance and Request for Full Intervention – Case No. 2:20-cv-00041**

Dear Judge Corker,

I, Lynette T. Stevenson, Founder of DALS Credit Solutions Co., respectfully submit this motion to notify the Court of significant non-compliance with its prior orders and request appropriate enforcement actions. Additionally, I seek full intervention in this case, as my business has been directly impacted by the systemic failures of the S.B.A., USDA, and ANC-backed firms in enforcing federal procurement laws and complying with the Court's ruling. This motion pertains **to Ultima Services Corp. v. U.S. Department of Agriculture, Case No 2:20-cv-00041** and is submitted in conjunction with my Motion to Intervene, filed on September 27, 2024. Your honor, I also, sent a request for a FOIA with USDA and SBA.

### Background and Non-Compliance

Since **October 2023**, neither **Ultima Services Corporation, LUSA Associates, Inc.,** nor the involved federal agencies **(USDA, S.B.A.)** have updated the Court with compliance with the Court's rulings. It has come to my attention that Ultima Services Corporation is no longer operational, as evidenced by its non-functioning website: http://www.ultimaservices-us.com/.

Even more concerning is that **LUSA Associates, Inc.**, which appears to have assumed control of federal contracts previously awarded to Ultima, still needs to maintain an operational website: http://lusaassociates.com/. Despite these operational changes, neither **LUSA Associates, Inc., USDA, nor S.B.A. have informed the Court or submitted evidence of compliance with 41 U.S.C. § 6305, which mandates novation agreements when federal contracts are transferred.**

Additionally, the Treasury report submitted to this Court reveals critical deviations from Federal Acquisition Regulations (FAR), which allowed ANC-backed firms supported by Small Business Investment Companies (SBICs) to continue receiving contracts without meeting eligibility requirements or submitting the required social narratives. These actions violate the Equal Protection Clause and disregard the Court's ruling, perpetuating the preferential treatment of ANC-backed firms at the expense of Black-owned businesses.

**Treasury Report, SBIC Influence, and Legal Precedents**

The data submitted demonstrates how the **SBIC 3:1 leverage** structure, which provides three times the private investment capital in federal funds to SBIC-backed firms, has enabled ANC-backed firms to continue dominating federal contract awards post-ruling, despite their failure to comply with FAR regulations and 8(a) program requirements. This financial leverage has indirectly facilitated the distribution of controlled contracts throughout the federal government, creating an unequal playing field for Black-owned businesses.

The Treasury report highlights how **the S.B.A. failed to enforce compliance and USDA continued issuing contracts under non-compliant procurement strategies.** This directly violates the principles of equal protection, as established in **Adarand Constructors, Inc. v. Peña, 515 U.S. 200 (1995)**, where the U.S. Supreme Court ruled that racial classifications in federal contracting must meet strict scrutiny and be narrowly tailored to serve compelling governmental interests. In this case, the preferential treatment of **ANC-backed firms,** without sufficient **scrutiny or transparency,** violates these **constitutional principles.**

Similarly, **Rothe Development Corp. v. U.S. Department of Defense, 413 F.3d 1327 (Fed. Cir. 2005)** underscores the need for race-based preferences in federal contracting to withstand strict scrutiny. The Court held that federal preferences based on race must be justified by a compelling governmental interest and be narrowly applied. **The Treasury report** shows **that ANC and other tribals under FAR 19 (Small Business Program)** firms have been allowed to continue receiving federal contracts without this necessary scrutiny, despite the Court's ruling, to the detriment of Black-owned businesses like mine.

In **Dynalantic Corp. v. U.S. Department of Defense, 885 F. Supp. 2d 237 (D.D.C. 2012),** the Court found that the S.B.A. 8(a) program, while permissible, must be narrowly tailored to avoid unconstitutional race-based preferences in contracting. Yet, **LUSA Associates, Inc.** and other ANC-backed firms have continued benefiting from contracts without meeting the strict standards of the 8(a) program, demonstrating a failure to comply with constitutional and federal procurement laws.

**The Treasury report** also confirms that **the SBIC structure,** leveraged at **a 3:1 ratio,** has allowed for the unmonitored distribution of contracts, circumventing the FAR and further marginalizing Black-owned businesses. The S.B.A.'s failure to advocate for equal opportunity and USDA's non-compliance have perpetuated this discriminatory system, maintaining a monopoly over federal contracts for ANC-backed firms, which violates the Equal Protection Clause.

**Procurement Violations and USDA's Non-Compliance**

In addition to the FAR violations highlighted in the Treasury report, USDA's procurement strategies have remained non-compliant with federal law. Despite the Court's ruling, ANC-backed firms have continued receiving contracts from USDA without proper adherence to eligibility requirements or transparency in contract distributions. USDA's failure to update its internal procurement processes or to enforce FAR 19 has perpetuated the inequitable distribution of federal contracts, notably excluding Black-owned businesses.

As evidenced by the **Treasury report, LUSA Associates, Inc.,** has continued to operate under these non-compliant procurement strategies, receiving contracts despite needing to demonstrate compliance with 8(a) program requirements or the Court's ruling. This lack of compliance by **LUSA Associates, Inc., USDA, and S.B.A. creates an unequal playing field and directly undermines the Court's orders.**

**Request for Full Intervention**

As the Founder of DALS Credit Solutions Co., a Black-owned business, I respectfully request that this Court grant me full intervention **under Rule 24(a)(2)**. My company has been directly and significantly impacted by the S.B.A.'s failure to enforce compliance with federal procurement regulations, particularly with ANC-backed firms receiving preferential treatment, even post-ruling.

The **Treasury report** demonstrates **that ANC-backed firms**, supported by SBIC leverage structures, have continued to receive contracts under non-compliant procurement strategies without submitting the required social narratives. This has allowed them to avoid scrutiny, violating the FAR and the Court's ruling. The harm I am experiencing is ongoing and irreparable, and without full intervention, I will not be able to fully protect my company's ability to compete for federal contracts.

My participation is essential to protect my business interests and will assist this Court in addressing broader systemic issues within the S.B.A.'s administration of the 8(a) program. The preferential treatment of ANC-backed firms without requiring them to meet the same eligibility standards directly impairs Black-owned businesses like mine. This issue is central to the case and can only be adequately addressed through full intervention.

Furthermore, neither party in this case—**USDA or LUSA Associates, Inc.,** represents my interests or has demonstrated any willingness to address the systemic discrimination that continues to harm Black-owned businesses. I am uniquely positioned to bring forth the necessary perspective and evidence to ensure that this Court fully understands the disparate impact **of S.B.A.'s** actions on disadvantaged businesses.

Lastly, my full participation will not unduly delay or complicate the case. Still, it will instead complement the existing claims by providing crucial insights into S.B.A. compliance and the inequities within federal procurement processes.

**Relief Requested**

Considering these systemic failures, legal violations, and ongoing discriminatory treatment in federal contracting, I respectfully request the following:

Grant my motion for full intervention, as I have demonstrated a direct and significant interest in the outcome of this case. My intervention will ensure that systemic discrimination against Black-owned businesses is fully addressed. Order an **audit of the S.B.A. and USDA** regarding their handling of LUSA Associates Inc.'s contracts, including the influence of SBICs. In **Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court emphasized transparency in government actions**. An audit would provide a detailed understanding of whether these agencies have failed in their duties and would shed light on the preferential treatment of ANC-backed firms.

Order **LUSA Associates, Inc.** to provide evidence of its status, whether it is certified under the S.B.A. 8(a) program, and has complied with **41 U.S.C. § 6305** regarding novation agreements. Compel compliance with federal procurement laws by requiring **LUSA Associates, Inc., USDA, and S.B.A.** to submit documentation proving their adherence to **SAM.gov** registration requirements, and **MAX.GOV** standards. Schedule a status conference to address these ongoing compliance failures and ensure that all parties operate within the framework of federal law and the Court's rulings.

**Conclusion**

The **systemic failures** of **LUSA Associates, Inc., USDA,** and **S.B.A.** to comply with federal procurement laws and this Court's rulings continue to cause real and significant harm to my business and other disadvantaged businesses. Each day of non-compliance compounds the damage, and immediate intervention is necessary to prevent further harm. I respectfully ask the Court to take swift action to restore integrity and fairness to the federal procurement process and ensure that the systemic discrimination against Black-owned businesses is fully addressed.

Thank you for your attention to this critical matter.

Respectfully,

Lynette T. Stevenson

Founder, DALS Credit Solutions Co.

# SBA Profile

## Privacy Statement
(Back to Profile List, or use Back button)

## Identification, Location & Contacts

| | |
|---|---|
| This profile was last updated: | 05/24/2024 |
| Status: | Active |
| User ID: | P2641146 |
| Name of Firm: | LUSA ASSOCIATES INC |
| Capabilities Statement Link: | |
| Trade Name ("Doing Business As ..."): | |
| UEI: | UN14M7VQR9X9 |
| Address, line 1: | 831 ROYAL GORGE BLVD |
| Address, line 2: | |
| City: | CANON CITY |
| State: | CO |
| Zip: | 81212-3754 |
| Phone Number: | 240-498-8574 x |
| Fax Number: | |
| E-mail Address: | cwbennett@lusaassociates.com |
| WWW Page: | |
| E-Commerce Website: | |
| Contact Person: | CELESTE BENNETT |
| County Code (3 digit): | 043 |
| Congressional District: | 07 |
| Metropolitan Statistical Area: | |
| CAGE Code: | 944E2 |
| Year Established: | 2001 |
| Accepts Government Credit Card?: | [X] Yes [ ] No |
| GSA Advantage Contract(s): | |

(Note: Size information is now under "NAICS Codes with Size Determinations by NAICS", below.)

## Organization, Ownership & Certifications

| | |
|---|---|
| Legal Structure: | Subchapter S Corporation |
| Ownership and Self-Certifications: | Women-Owned Small Business, Woman Owned |

### Current Principals

(none given)

### "Business Development Servicing Office" (for certifications)

COLORADO DISTRICT OFFICE (SBA office code 0811)

## SBA Federal Certifications

### 8(a) Certification:

SBA 8(a) Case Number:
SBA 8(a) Entrance Date:
SBA 8(a) Exit Date:

### HUBZone Certification:

HUBZone Certified?:            [X] Yes [ ] No
HUBZone Certification Date:    10/01/2021

### 8(a) Joint Venture - SBA Certified:

NOTE: Notify your servicing SBA Business Opportunity Specialist to have your 8(a) joint venture approval date reflected in DSBS.

8(a) JV Entrance Date:
8(a) JV Exit Date:

### Women Owned - SBA Certified:

WOSB Certified?:            [X] Yes [ ] No
WOSB Certification Date:    05/07/2021
WOSB Pending?:              [ ] Yes [X] No

### Economically Disadvantaged Women Owned - SBA Certified:

EDWOSB Certified?:    [ ] Yes [X] No
EDWOSB Pending?:      [ ] Yes [X] No

### Veteran-Owned Small Business - SBA Certified:

VOSB Certified?:           [ ] Yes [X] No
VOSB Joint Venture?:       [ ] Yes [X] No
VOSB Certification Date:
VOSB Certification Expiration Date:

### Service-Disabled Veteran-Owned Small Business - SBA Certified:

SDVOSB Certified?:           [ ] Yes [X] No
SDVOSB Joint Venture?:       [ ] Yes [X] No
SDVOSB Certification Date:
SDVOSB Certification Expiration Date:

## Other Certifications

## Non-Federal-Government Certifications:

(none given)



## Capabilities Narrative:

(none given)

## Special Equipment/Materials:

(none given)

## Business Type Percentages:

(none given)

## Bonding Levels

Construction Bonding Level (per contract)    (none given)
Construction Bonding Level (aggregate)    (none given)
Service Bonding Level (per contract)    (none given)
Service Bonding Level (aggregate)    (none given)

## NAICS Codes with Size Determinations by NAICS:

| # | Primary? | Code | NAICS Code's Description | "Buy Green"? (1) | Small? (2) |
|---|---|---|---|---|---|
| 1 | Yes | 541330 | Engineering Services<br>General $22.50m Small Business Size Standard: [Yes]<br>Special $41.50m Military and Aerospace Equipment and Military Weapons: [Yes]<br>Special $41.50m Contracts and Subcontracts for Engineering Services Awarded Under the National Energy Policy Act of 1992: [Yes]<br>Special $41.50m Marine Engineering and Naval Architecture: [Yes] (4) | | Yes |
| 2 | | 334514 | Totalizing Fluid Meter and Counting Device Manufacturing | | Yes |
| 3 | | 335999 | All Other Miscellaneous Electrical Equipment and Component Manufacturing | | Yes |
| 4 | | 339113 | Surgical Appliance and Supplies Manufacturing | | Yes |
| 5 | | 491110 | Postal Service | | No |
| 6 | | 493110 | General Warehousing and Storage | | Yes |
| 7 | | 541360 | Geophysical Surveying and Mapping Services | | Yes |

(1) By entering Yes for "Buy Green", the firm asserts that it obeys EPA guidelines for environmental friendliness for this NAICS code. Note, EPA guidelines do not exist for every NAICS code.
(2) If Yes, the firm's revenues/number of employees do not exceed the NAICS code's small business size standard.
(4) As seen above, the size standard can depend on subcategories within a NAICS code.

Case 2:20-cv-00041-DCLC-CRW    Document 115    Filed 11/07/24    Page 7 of 9
PageID #: 4104

| # | Primary? | Code | NAICS Code's Description | "Buy Green"? [1] | Small? [2] |
|---|---|---|---|---|---|
| 8 | | 541370 | Surveying and Mapping (except Geophysical) Services | | Yes |
| 9 | | 541430 | Graphic Design Services | | No |
| 10 | | 541511 | Custom Computer Programming Services | | Yes |
| 11 | | 541512 | Computer Systems Design Services | | Yes |
| 12 | | 541611 | Administrative Management and General Management Consulting Services | | Yes |
| 13 | | 541612 | Human Resources Consulting Services | | Yes |
| 14 | | 541618 | Other Management Consulting Services | | Yes |
| 15 | | 541620 | Environmental Consulting Services | | Yes |
| 16 | | 541690 | Other Scientific and Technical Consulting Services | | Yes |
| 17 | | 541720 | Research and Development in the Social Sciences and Humanities | | Yes |
| 18 | | 541990 | All Other Professional, Scientific and Technical Services | | Yes |
| 19 | | 561110 | Office Administrative Services | | Yes |
| 20 | | 561210 | Facilities Support Services | | Yes |
| 21 | | 561320 | Temporary Help Services | | Yes |
| 22 | | 561439 | Other Business Service Centers (including Copy Shops) | | Yes |
| 23 | | 561612 | Security Guards and Patrol Services | | Yes |
| 24 | | 561621 | Security Systems Services (except Locksmiths) | | Yes |
| 25 | | 561990 | All Other Support Services | | Yes |
| 26 | | 562920 | Materials Recovery Facilities | | Yes |
| 27 | | 611420 | Computer Training | | Yes |

(1) By entering Yes for "Buy Green", the firm asserts that it obeys EPA guidelines for environmental friendliness for this NAICS code. Note, EPA guidelines do not exist for every NAICS code.
(2) If Yes, the firm's revenues/number of employees do not exceed the NAICS code's small business size standard.
(4) As seen above, the size standard can depend on subcategories within a NAICS code.

## Keywords:

(none given)

## Miscellaneous:

Quality Assurance Standards:        (none given)
Electronic Data Interchange         [ ] Yes [ ] No
capable?:

### Export Profile (Trade Mission Online)

Exporter?:                          (firm hasn't answered this question yet)
Export Business Activities:         (none given)
Exporting to:                       (none given)
Desired Export Business             (none given)
Relationships:
Description of Export               (none given)
Objective(s):

## Performance History (References)

(none given)

The structure of this page was last updated 02/01/2013, as part of SBSS 8.1.1.

---