**Outlook**

**Request for Legal Representation Regarding Federal Contracting Discrimination**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Tue 17-Sep-24 2:12 PM
**To** csmith@wiley.law <csmith@wiley.law>
**Cc** Neiko Stewart <Neiko@neikostewart.com>; Neiko Stewart <Neiko@neikostewart.com>

📎 4 attachments (1 MB)
10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24 (1) (1).pdf; 10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24 (2).pdf; 24 -24 - Acknowledgement Letter - Lynette Stevenson (1).pdf; Letter to DOJ (1) (1).pdf;

**Dear Attorney Craig Smith,**
I hope this message finds you well. I am Lynette T. Stevenson, founder of DALS Credit Solutions Co and Thank you for speaking with me today; I appreciate it. We seek legal representation concerning a complex issue involving **discrimination by several federal agencies**, including the USDA, SBA, and the Department of the Interior (DOI). Please see the attached documents within the email..

We have gathered extensive data that underscores systemic issues, including **preferential treatment of Alaska Native Corporations (ANCs)** and **SBIC-backed companies** and the **failure of the SBA** to advocate for Black-owned businesses, as mandated by Congress effectively. My business and many others have suffered significant financial losses due to these practices. I have compiled a 26-page white paper that details how these systemic inequities have impacted Black-owned businesses, with projections showing how the 2025 presidential budget may further contribute to their decline.

**Key points related to my case include**:
- **FOIA Requests**: I have submitted multiple FOIA requests to the SBA, USDA FPAC, and DOI to obtain data on the allocation of contracts and the impact of federal procurement processes on Black-owned businesses. Unfortunately, these agencies have either delayed or inadequately responded, particularly regarding disaggregated 1099 vs. W-2 employee data, which is crucial to my case.
- **Discriminatory Practices**: My research shows that the **bloodline quantification for ANCs** was never fully addressed, resulting in a lack of accountability in how the DOI handles ANC membership. This has allowed certain entities to benefit from federal programs without proper oversight, leaving Black-owned businesses at a severe disadvantage.
- **Settlement Request**: I submitted a **settlement request to the SBA for $7 billion** to seek compensation for the damage caused to my businesses and to advocate for policy changes that prevent further harm to minority-owned companies. Due to personal safety concerns, I prefer not to go public and would like to resolve this matter privately through negotiation or legal channels. However, the SBA quickly denied my request, and I now seek legal counsel to explore litigation or renewed settlement discussions.

My case represents personal and business losses and highlights **broader systemic issues** within federal contracting processes that must be addressed. I want to discuss the possibility of working with you on this matter, including **pursuing legal action in federal court**, negotiating a settlement, or assisting with policy reforms that promote fairness for Black-owned businesses.

I have already submitted my white paper and supporting data to the DOJ. I am eager to find an attorney to help me navigate this complex situation and pursue a resolution that compensates my business and leads to meaningful change.

Please let me know if we can arrange a time to discuss this further. I am happy to provide additional details and documentation, including my white paper, to support the case.
Thank you for your time, and I look forward to hearing from you. **SBA & USDA FPAC.**

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9
Financial/ Government Business Strategist
(O): (717) 421-1445 |
(M): (717) 379-2504 |
5246 Simpson Ferry Road
Mechanicsburg, PA. 17050
LS@dalscreditsolutions.com |DALS Credit Solutions

Disclaimers: This information is for sole purposes for representation and not to be shared with anyone outside of the organization without written consent.

 Book time to meet with me


**Introduction and Alignment on Systemic Discrimination in Federal Contracting – Request for Discussion**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Tue 01-Oct-24 9:00 AM

**To** rosman@cir-usa.org <rosman@cir-usa.org>; scott@cir-usa.org <scott@cir-usa.org>; dconder@raineykizer.com <dconder@raineykizer.com>

**Cc** danish.adnan@janoons.com <danish.adnan@janoons.com>; Neiko Stewart <Neiko@neikostewart.com>

Dear Mr. Conder, Mr. Rosman, and Ms. Scott,

I hope this email finds you well. I am Lynette T. Stevenson, founder of DALS Credit Solutions Co., Nicole Stewart and Danish Janoon, Inc. , two-Black-owned businesses and Pakistani Small Businesses have severely impacted by systemic discrimination in federal contracting. I am writing to introduce myself and provide insights into my ongoing efforts to address the inequities facing Black-owned businesses within the Small Business Administration's (SBA) contracting programs, particularly in light of the Ultima Services Corp. v. USDA case, our company lost many contracts opportunities with the USDA, and all other Federal Departments. In contrast, ANC firms and other designated entities have continuously benefited from preferential treatment under the SBA's 8(a) program.

Despite the ruling in the Ultima case regarding the unconstitutional automatic presumption of social disadvantage for ANCs and other groups, Black-owned businesses continue to face systemic exclusion. This urgent and pervasive situation is not isolated, and it affects many similarly situated businesses. After conducting extensive research, submitting FOIA requests, and documenting the discriminatory practices across multiple federal agencies—including the USDA and the Department of the Interior—it has become clear that this is a widespread issue that requires immediate action. I have also encountered FOIA failures, where agencies have either refused or failed to provide critical information that would expose the extent of these practices.

Given your collective work on the Ultima case and your commitment to defending businesses like Ultima Services Corp., I wanted to reach out to align on strategy and explore the possibility of collaboration. I believe that your expertise, combined with my data, experience, and evidence of systemic exclusion, could significantly strengthen the broader case you are making against the SBA and the USDA. In particular, the evidence I've gathered on USDA contract losses, FOIA non-compliance, and missed opportunities would add substantial weight to the argument that the SBA's 8(a) program and its treatment of Black-owned businesses violate the Equal Protection Clause.

Our organization along with three others, like Ultima, has been subject to unfair and unequal treatment, and my goal is to ensure that these issues are fully addressed to secure fair compensation for my business and broader systemic reforms within the SBA and related federal programs.

If you would be open to a discussion, We would greatly appreciate the opportunity to explore how my case and the data I have collected could contribute to the ongoing efforts in the Ultima case. We are committed to pushing for the constitutional enforcement of federal contracting rules and holding the responsible agencies accountable for the harm caused to disadvantaged businesses like mine.

Thank you for your time and consideration. We are hopeful that our discussion will lead to a positive outcome. I look forward to hearing from you and discussing how we might collaborate or work together

to ensure that justice is served.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me



**Request for Legal Representation: USDA, SBA, and DOI Discrimination and Settlement Negotiations**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Mon 16-Sep-24 1:44 PM

**To** scrisanti@cooley.com <scrisanti@cooley.com>

■ 4 attachments (1 MB)

Letter to DOJ (1) (1).pdf; 10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24 (1) (1).pdf; 10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24 (2).pdf; 24 -24 - Acknowledgement Letter - Lynette Stevenson (1).pdf;

**Dear, Attorney, Samantha Luisa Crisanti**

I hope this email finds you well. My name is **Lynette T. Stevenson**, and I founded **DALS Credit Solutions Co.** I seek legal representation regarding a complex issue involving discrimination by several federal agencies, including the **USDA**, **SBA**, and the **Department of the Interior (DOI)**.
I have gathered extensive data that highlights systemic issues, including the preferential treatment of **ANCs** and **SBIC-backed companies** and the failure of the **SBA** to advocate for Black-owned businesses by congressional mandates.

My business and others like mine have suffered significant financial losses due to these practices, and I have compiled a **26-page white paper** detailing how these systemic inequities have impacted Black-owned businesses, including projections on how the **2025 presidential budget** will further contribute to the decline of these businesses.
Here are some key points related to my case:

- **FOIA Requests**: I have submitted multiple FOIA requests to the **SBA**, **USDA FPAC**, and **DOI** to uncover data related to the allocation of contracts and the impact of federal procurement processes on Black-owned businesses. Unfortunately, these agencies have either delayed or watered their responses, particularly regarding **disaggregated 1099 vs. W-2 employee data**, which is crucial to my case.
- **Discriminatory Practices**: My research reveals that the **bloodline quantification** for **ANCs** was never fully addressed, leading to a lack of accountability in how the DOI handled ANC membership. This has allowed certain entities to benefit from federal programs without sufficient oversight, leaving Black-owned businesses disadvantaged.
- **Settlement Request**: I submitted a settlement request to the SBA for **$7 billion**, seeking compensation for the damage caused to my three businesses and advocating for policy changes to prevent further harm to minority-owned companies. I intend not to go public, as I have safety concerns and prefer to resolve this matter privately through negotiation or legal channels. However, the SBA quickly denied my request, and I now seek legal counsel to move forward with litigation or continued settlement discussions.

My case represents not only personal and business-related losses but broader systemic issues within federal contracting processes that must be addressed. I want to discuss the possibility of working with you on this matter, including **pursuing legal action** in federal court, **negotiating a settlement**, or acting as a **liaison** to help implement policy reforms that support Black-owned businesses.

I have already submitted my white paper and data to the **DOJ**. I am eager to find an attorney to help me navigate this complex situation and push for a resolution that compensates my business and contributes to meaningful change.

Please let me know if we can arrange a time to discuss this further. I am happy to provide more details and documentation, including my white paper, to support the case. I attached rough drafts and responses to FOIA from SBA and USDA. Its three of us, If you can assist with this case, we will be grateful.

Thank you for your time, and I look forward to hearing from you.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road
Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me



**Request for Legal Representation: USDA, SBA, and DOI Discrimination and Settlement Negotiations**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Mon 16-Sep-24 1:44 PM

**To** scrisanti@cooley.com <scrisanti@cooley.com>

▌ 4 attachments (1 MB)

Letter to DOJ (1) (1).pdf; 10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24 (1) (1).pdf; 10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24 (2).pdf; 24 -24 - Acknowledgement Letter - Lynette Stevenson (1).pdf;

**Dear, Attorney, Samantha Luisa Crisanti**

I hope this email finds you well. My name is **Lynette T. Stevenson**, and I founded **DALS Credit Solutions Co.** I seek legal representation regarding a complex issue involving discrimination by several federal agencies, including the **USDA, SBA**, and the **Department of the Interior (DOI)**.
I have gathered extensive data that highlights systemic issues, including the preferential treatment of **ANCs** and **SBIC-backed companies** and the failure of the **SBA** to advocate for Black-owned businesses by congressional mandates.

My business and others like mine have suffered significant financial losses due to these practices, and I have compiled a **26-page white paper** detailing how these systemic inequities have impacted Black-owned businesses, including projections on how the **2025 presidential budget** will further contribute to the decline of these businesses.
Here are some key points related to my case:

- **FOIA Requests**: I have submitted multiple FOIA requests to the **SBA, USDA FPAC**, and **DOI** to uncover data related to the allocation of contracts and the impact of federal procurement processes on Black-owned businesses. Unfortunately, these agencies have either delayed or watered their responses, particularly regarding **disaggregated 1099 vs. W-2 employee data**, which is crucial to my case.
- **Discriminatory Practices**: My research reveals that the **bloodline quantification** for **ANCs** was never fully addressed, leading to a lack of accountability in how the DOI handled ANC membership. This has allowed certain entities to benefit from federal programs without sufficient oversight, leaving Black-owned businesses disadvantaged.
- **Settlement Request**: I submitted a settlement request to the SBA for **$7 billion**, seeking compensation for the damage caused to my three businesses and advocating for policy changes to prevent further harm to minority-owned companies. I intend not to go public, as I have safety concerns and prefer to resolve this matter privately through negotiation or legal channels. However, the SBA quickly denied my request, and I now seek legal counsel to move forward with litigation or continued settlement discussions.

My case represents not only personal and business-related losses but broader systemic issues within federal contracting processes that must be addressed. I want to discuss the possibility of working with you on this matter, including **pursuing legal action** in federal court, **negotiating a settlement**, or acting as a **liaison** to help implement policy reforms that support Black-owned businesses.

I have already submitted my white paper and data to the **DOJ**. I am eager to find an attorney to help me navigate this complex situation and push for a resolution that compensates my business and contributes to meaningful change.

Please let me know if we can arrange a time to discuss this further. I am happy to provide more details and documentation, including my white paper, to support the case. I attached rough drafts and responses to FOIA from SBA and USDA. Its three of us, If you can assist with this case, we will be grateful.

Thank you for your time, and I look forward to hearing from you.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road
Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

 **Outlook**

**Request for Legal Representation in SBA Systemic Discrimination Case**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Mon 30-Sep-24 5:33 PM
**To** afranco@pilieromazza.com <afranco@pilieromazza.com>
**Cc** prothwell@pilieromazza.com <prothwell@pilieromazza.com>; Neiko Stewart <Neiko@neikostewart.com>; danish.adnan@janoons.com <danish.adnan@janoons.com>

**Dear Mr. Franco and Mr. Rothwell.**

I hope this message finds you well. My name is **Lynette T. Stevenson**, Founder of **DALS Credit Solutions Co.**, and I am writing to discuss legal representation for a pivotal case involving the **systemic exclusion** of **Black-owned businesses** from federal contracting opportunities due to the **SBA's ongoing preferential treatment** of **Alaskan Native Corporations (ANCs)**.

Recently, I filed a **Motion to Intervene** in **Ultima Services Corp. v. U.S. Department of Agriculture**, a case where the Court ruled that the **SBA's automatic presumption of social disadvantage** for ANC firms violated the **Equal Protection Clause**. Despite this ruling, the SBA has yet to enforce it equally, allowing ANC-backed firms to continue dominating federal contracts while **Black-owned businesses** like mine are held to more stringent standards.

**Immediate Harm and Legal Standing**

The **harm to Black-owned businesses** is not speculative—it is happening right now. Over **40% of Black-owned businesses** have failed in recent years, and my business, like many others, has been denied access to opportunities due to the **SBA's ongoing non-compliance**. This isn't just about one lost contract; it's about challenging the **systemic barriers** that continue to shut us out of federal procurement opportunities. **The legal standing** here is clear, as our businesses are suffering **immediate injury** from these ongoing discriminatory practices.

**Specific Violations**

This case involves documented violations of **Federal Acquisition Regulations (FAR)** and **FOIA non-compliance**, including:

- **FAR 19.502-2(b) – Rule of Two**: SBA and contracting officers have bypassed small business set-aside rules in favor of awarding contracts to ANC-backed firms.
- **FAR 10.001 – Market Research Requirements**: Required market research to identify qualified **Black-owned businesses** has been ignored, further excluding us.
- **FAR 1.602-2 – Contracting Officer Responsibilities**: Contracting officers have failed in their duty to ensure fairness and impartiality in awarding federal contracts.

I have also requested transparency through **FOIA** inquiries, which have gone unanswered, preventing critical documentation from being disclosed. This lack of compliance underscores the systemic issues we face in accessing opportunities meant to uplift disadvantaged businesses.

**Beyond One Case—National Significance**

While this case directly impacts my business, it is about much more than one contract. The SBA's failure to properly implement the **Ultima ruling** affects thousands of minority-owned businesses across the country. Ensuring **equitable treatment** in federal contracting is critical, not just for me, but for the future of **Black and minority-owned businesses nationwide**. A victory here would create a **precedent** that restores fairness to the **federal procurement system**.

## My Commitment to Change

I am fully committed to this case and have gathered substantial **legal and factual evidence** to support it. I believe **PilieroMazza** is well-suited to handle its complexities, given your experience in federal procurement law and business litigation. This case presents an opportunity to make real and lasting change in the way federal contracting is handled.

I would appreciate the opportunity to discuss this matter further and explore how we can work together to achieve **fairness and accountability** within the SBA. Please let me know next steps.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

 **Outlook**

---

**RE: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041**

---

**From** Cohen, Joseph L. <jlcohen@foxrothschild.com>

**Date** Mon 30-Sep-24 4:27 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Lynette:  As we discussed, if your goal is to challenge preferential ANC treatment, I believe it would be to your strategic advantage to protest a (set aside) solicitation that you bid on but that was awarded to an ANC.  Doing so would help you overcome standing and ripeness objections that may be lodged against you, if you attempt to intervene in the Ultima case.  Please let me know if you have any questions.

Thank you,

Joe Cohen


[ ]Fox Logo

[ ]green bar

**Joseph L. Cohen**
Partner
321 N. Clark Street
Suite 1600
Chicago, IL 60654
[ ]Phone Icon  (312) 980-3876
[ ]Fax Icon  (312) 517-9201
[ ]Phone Icon  jlcohen@foxrothschild.com
[ ]green bar

**Learn about our new brand.**


**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Monday, September 30, 2024 1:51 PM
**To:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Subject:** [EXT] Re: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041
**Importance:** High

Subject: Request for Formal Representation – Urgent CM/ECF Filing Required

Dear Ms. Cohen

I hope this message finds you well.

I am writing to formally request your representation in the matter of Ultima Services Corp. v. U.S. Department of Agriculture. Recently, I sent the relevant documents regarding my Motion to Intervene via FedEx, and Jason Keeton received them. However, I understand that since I do not have legal representation, the documents cannot be officially filed through the CM/ECF system.

Given the importance and urgency of this case, I now realize that we require an attorney who can officially represent us, ensuring the documents are appropriately filed and that our motion is presented effectively. As a Black-owned business, we have suffered significant economic harm due to the SBA's failure to enforce the Ultima ruling, and timely filing is critical to ensure our case is heard.

I would greatly appreciate your consideration in representing us in this matter and assisting in properly filing and handling our Motion to Intervene. I highly value your expertise, and your involvement will be instrumental in helping us move forward.

Please let me know if we can schedule a time to discuss this further, as we must resolve this filing issue promptly.

Thank you for your time and consideration.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

Book time to meet with me

**From:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Sent:** Wednesday, September 25, 2024 8:45 AM

**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** RE: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041

Did the clerk respond?  I reviewed the docket and nothing has been filed in the case in over a year.  JLC

Fox Logo

green bar

**Joseph L. Cohen**
Partner
321 N. Clark Street
Suite 1600
Chicago, IL 60654
Phone Icon  (312) 980-3876
Fax Icon  (312) 517-9201
Phone Icon  jlcohen@foxrothschild.com
green bar

**Learn about our new brand.**

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Tuesday, September 24, 2024 7:21 PM
**To:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Subject:** [EXT] Fw: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041
**Importance:** High

Dear the Honorable Clifton L. Corker We, Lynette T. Stevenson, DALS Credit Solutions Co. Founder, and Nicole Stewart, respectfully submit this Motion to Intervene in Ultima Services Corp. v. US Department of Agriculture under Rule 24(a)(2) or permissive intervention under Rule 24(b)(1)(B) to ensure that the Ultima ruling is adequately enforced and that all disadvantaged businesses receive fair access to federal contracting opportunities. Your honor, we have made many attempts to have this resolved eternally and the Small Business Administration and USDA (FPAC) have failed to resolve this issue. We have sent information to the Department of Justice, Local, State and Federal Congressional Leaders, and we continue to receive the run around. The document God Favorite is the request to Intervene. Understanding the case opened in 2020; we are Timeliness and No Risk of Delay. Our Lord and Savior led us to you. We have suffered at the hands of these organizations.

The goal, grant entry to intervene, and inform the courts, the documents attached will support the claim how the Small Business Administration and the Department of Treasury deviated from the ruling review document Treasury Deviation, to ensure Small Business under Alaskan Native Corporations (ANC), National Hawaiian Organizations (NHO), and Community Development Corporations (CDC) violates the Equal Protection Clause. Despite this ruling, continue to receive contract awards to ensure Small Business Investment Companies (SBICs) ensure profit margins exceeded beyond law 200% or greater.

This is a Federal systematic problem. If the social narrative would have been completed, all those within the class would have been disqualified to remain in the program, even those who are granted per ANCS 1971 settlement- please see SBIC grids.

Those within this class, your honor failed to submit a "Social Narrative "due to their protected class. However, if the order of the ruling complied, all those within that class, would have been disqualified to remain in the 8(a) program.  The reasons, these organizations, receives large investments from Small Business Investment Companies Home - Small Business Investor Alliance (sbia.org), which the Small Business Administration are the trustees, SBIC directory | U.S. Small Business Administration (sba.gov).

I do not wish to include the Department of Defense; they're our front-line, and I understand the importance of Field operations. I will speak on October 29th , 2024, to decrease the expansion of China's BRI at the 2024 Security Cooperation Conference: Building Lasting Partnerships: What Have We Learned? | Defense Security Cooperation University (dscu.edu)

As a Black-owned business, my company has suffered significant economic harm due to the Small Business Administration's (SBA) failure to enforce this Court's ruling in Ultima, which held that the automatic presumption of social disadvantage for Alaskan Native Corporations (ANC), National Hawaiian Organizations (NHO), and Community Development Corporations (CDC) violates the Equal Protection Clause. Despite this ruling, the SBA continues to allow these entities to benefit from federal contracting preferences without requiring them to comply with the exact social disadvantage narrative requirements imposed on other 8(a) program participants.

This failure by the SBA has perpetuated systemic inequities in federal contracting, which have disproportionately impacted Black-owned businesses like mine. I respectfully request intervention as of right under Rule 24(a)(2) or permissive intervention under Rule 24(b)(1)(B) to ensure that the Ultima ruling is adequately enforced and that all disadvantaged businesses receive fair access to federal contracting opportunities. Due to the severe decline many Black-Owned Businesses faced, unable to obtain council due to backlash and alleged notifications from the Small Business Administration informed parties not to take the case.  Please review the attached, your honor. I have enough information to substantiate the claim and beyond.
 Documents are due to arrive at your Chambers on Monday, 23rd of September. We appreciate your willingness to ensure fairness and see beyond the conditioned.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

<u>LS@dalscreditsolutions.com</u> |DALS Credit Solutions

 <u>Book time to meet with me</u>

**From:** <u>postmaster@neikostewart.com</u> <<u>postmaster@neikostewart.com</u>>
**Sent:** Tuesday, September 24, 2024 9:20 AM
**To:** <u>Neiko@neikostewart.com</u> <<u>Neiko@neikostewart.com</u>>
**Subject:** Delivered: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041

**Your message has been delivered to the following recipients:**

<u>Neiko@neikostewart.com (Neiko@neikostewart.com)</u>

Subject: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.


This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

 Outlook

**Re: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Mon 30-Sep-24 5:12 PM
**To** Cohen, Joseph L. <jlcohen@foxrothschild.com>; Neiko Stewart <Neiko@neikostewart.com>; danish.adnan@janoons.com <danish.adnan@janoons.com>
**Bcc** tanya1223@aol.com <tanya1223@aol.com>

Subject: Systemic Failures, Congressional Inaction, and Immediate Injury – A Call for True Accountability

Dear Mr. Cohen,
Thank you for your advice, but I must speak candidly: the Ultima case represents an opportunity to finally address the systemic discrimination that has long plagued Black-owned businesses like mine. Do you suggest I pursue one solicitation to show an immediate injury? Let me be clear—the decline of Black-owned businesses is the injury, and it is immediate. Our businesses are being decimated, and I refuse to accept a narrow focus on one opportunity when the entire system has been rigged against us for years.

As a Black woman who leads a successful business, I've been selected to speak on the global stage about strategies to decrease the expansion of China's Belt and Road Initiative (BRI) and ensure the United States regains its international influence. I understand the importance of ensuring China continues to undermine the United States under no circumstances. In addition, I will not stand here to continue watching how this system has continuously excluded Black-owned businesses from the opportunities meant to lift us.
This is not about a one-time chance but about changing the rules that have kept us down for far too long.

Executive Order 14091, meant to advance racial equity, has been disregarded by the SBA. It was supposed to close the equity gaps that have kept Black businesses like mine from accessing federal resources. Instead, the SBA has turned its back on this mandate, allowing ANC-backed firms to dominate federal contracts, often by exploiting loopholes that we, as Black entrepreneurs, don't have access to. Eleven key SBA offices have contributed to this failure:
- SBA Office of Government Contracting and Business Development
- SBA Office of Field Operations
- SBA Office of Investment and Innovation
- SBA Office of Policy Planning and Liaison
- SBA Office of Advocacy
- SBA Office of Capital Access
- SBA Office of Entrepreneurial Development
- SBA Office of International Trade
- SBA Office of the Chief Information Officer
- SBA Office of Performance and Systems Management
- SBA Office of General Counsel

These offices, established to protect and support minority businesses, have instead failed us. They've allowed ANC-backed firms to sweep in and collect billions in federal contracts, backed by the SBIC program, while Black-owned businesses like mine have been systematically shut out. The preferential

treatment given to ANC firms—without them meeting the same standards we are held to—has led to our continued exclusion.

Congressional Inaction – Silence in the Face of Injustice
You ask me to focus on a single opportunity, but let's not forget that Congress has known about these violations for years and has done nothing. The false narrative that Black-owned businesses are being included in federal contracting is nothing more than a cover-up for the reality: 40% of Black enterprises have tanked. Meanwhile, ANC-backed firms continue to thrive under a system built to exclude us.
Do you expect me to go after one solicitation when Congress has remained silent, knowing the devastation happening to Black entrepreneurs? We're being told to be patient, while ANC firms grow wealthier through contracts that were meant for us. It's not just a missed opportunity—it's a deliberate erasure of Black business growth.

Immediate Injury – The Decline of Black-Owned Businesses
You suggested I show an immediate injury—our businesses failing IS the injury. How much more immediate can it get when 40% of Black-owned businesses have been dismantled? The decline of Black-owned businesses is a direct result of the SBA's failure to enforce the laws that were meant to protect us. We've been shut out of contracts, excluded from funding, and pushed out of competitive spaces, all while watching ANC-backed firms dominate.
The immediate harm is clear: Black-owned businesses are struggling to survive, not because we lack talent or drive, but because the system is stacked against us. We're not being allowed to compete fairly, and the SBA's refusal to act on Executive Order 14091 and other legal mandates is to blame.

Violations of Federal Laws and FAR Regulations
The SBA and its partner agencies have not only ignored Executive Orders, but they've also violated multiple Federal Acquisition Regulations (FAR) and congressional laws. These are not minor infractions—they are systemic violations that have resulted in the erosion of Black entrepreneurship:
Federal Acquisition Regulation (FAR) Violations:
- FAR 19.502-2(b) – Rule of Two: The SBA and FPAC have failed to enforce the Rule of Two, where contracts should have been set aside for small businesses, but instead have gone to ANC-backed firms.
- FAR 19.203 – Small Business Set-Aside Priority: The SBA has continually failed to prioritize small business set-asides for Black-owned businesses, despite having clear opportunities to do so.
- FAR 10.001 – Market Research: The requirement for market research has been ignored, as contracting officers failed to identify Black-owned businesses who could have performed the work, instead giving contracts to ANC firms.
- FAR 1.602-2 – Contracting Officer's Responsibility: The contracting officers' duty to ensure fair competition has been violated repeatedly, allowing ANC firms to bypass requirements that Black-owned businesses must adhere to.

Congressional Law Violations:
- Small Business Act (15 U.S.C. § 644): The SBA is in direct violation of the Small Business Act, which mandates that minority-owned businesses receive maximum participation in federal procurement. This has not been the case for Black-owned businesses.
- Civil Rights Act of 1866 (42 U.S.C. § 1981): By allowing racial discrimination in federal contracting, where Black-owned businesses are excluded in favor of ANC-backed firms, the SBA is violating § 1981.
- Equal Protection Clause (Fifth Amendment): The preferential treatment of ANC firms, which continue to secure federal contracts without meeting the same social disadvantage requirements, violates the Equal Protection Clause. These are not abstract legal concepts—they represent the real harm being done to Black-owned businesses every single day.

## I'm Not Here for One Opportunity – I'm Here for Systemic Change

You want me to chase after a single solicitation while ANC-backed firms continue to exploit the system that has excluded Black-owned businesses for years? I won't settle for one opportunity when what's at stake is far greater.

This isn't just about me—it's about all Black entrepreneurs who have been systematically denied the chance to grow, to compete, and to thrive. I'm not just fighting for my business—I'm fighting for the future of Black-owned businesses across the country. I don't care if the SBA's program tanks. They've already tanked 40% of Black-owned businesses. I will not allow another Black-owned business to be dismantled while the SBA and Congress continue to pretend that we are making progress.

## The Path Forward – Real Accountability

While you have the ability to make change and I appreciate your strategy; however, I trust no one. Many can feed their families and pay tuition; however, we cannot. I will push beyond a narrow focus and tackle the systemic issues that are destroying Black-owned businesses; I'm ready to move forward. But if your approach is limited to a tiny win while the system remains unchanged, I will find someone who is willing to take this fight to where it needs to go.

I'm not interested in superficial solutions—I'm here for real accountability and lasting change.
I will not sit idly by while the system continues to fail us.

If Congress doesn't act, if the SBA continues to look the other way, I will stand up and fight until Black-owned businesses receive the equity and access we deserve. No one will group us a "Minorites" to mask the problem.

Thank you for your time, and I Really appreciate you.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

Book time to meet with me

**From:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Sent:** Monday, September 30, 2024 4:27 PM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** RE: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041


Lynette:  As we discussed, if your goal is to challenge preferential ANC treatment, I believe it would be to your strategic advantage to protest a (set aside) solicitation that you bid on but that was awarded to an ANC.  Doing so would help you overcome standing and ripeness objections that may be lodged against you, if you attempt to intervene in the Ultima case.  Please let me know if you have any questions.

Thank you,

Joe Cohen



**Joseph L. Cohen**
Partner
321 N. Clark Street
Suite 1600
Chicago, IL 60654
📞 (312) 980-3876
🖨 (312) 517-9201
✉ jlcohen@foxrothschild.com

**Learn about our new brand.**


**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Monday, September 30, 2024 1:51 PM
**To:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Subject:** [EXT] Re: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041
**Importance:** High

Subject: Request for Formal Representation – Urgent CM/ECF Filing Required

Dear Mr. Cohen,
I hope this message finds you well.
I am writing to formally request your representation in the matter of Ultima Services Corp. v. U.S. Department of Agriculture. Recently, I sent the relevant documents regarding my Motion to Intervene via

FedEx, and Jason Keeton received them. However, I understand that since I do not have legal representation, the documents cannot be officially filed through the CM/ECF system.

Given the importance and urgency of this case, I now realize that we require an attorney who can officially represent us, ensuring the documents are appropriately filed and that our motion is presented effectively. As a Black-owned business, we have suffered significant economic harm due to the SBA's failure to enforce the Ultima ruling, and timely filing is critical to ensure our case is heard.

I would greatly appreciate your consideration in representing us in this matter and assisting in properly filing and handling our Motion to Intervene. I highly value your expertise, and your involvement will be instrumental in helping us move forward.
Please let me know if we can schedule a time to discuss this further, as we must resolve this filing issue promptly.

Thank you for your time and consideration.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

---

**From:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Sent:** Wednesday, September 25, 2024 8:45 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** RE: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041

Did the clerk respond? I reviewed the docket and nothing has been filed in the case in over a year. JLC



**Joseph L. Cohen**
Partner
321 N. Clark Street
Suite 1600
Chicago, IL 60654
📞 (312) 980-3876
🖨 (312) 517-9201
✉ jlcohen@foxrothschild.com

**Learn about our new brand.**

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Tuesday, September 24, 2024 7:21 PM
**To:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Subject:** [EXT] Fw: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041
**Importance:** High

Dear the Honorable Clifton L. Corker We, Lynette T. Stevenson, DALS Credit Solutions Co. Founder, and Nicole Stewart, respectfully submit this Motion to Intervene in Ultima Services Corp. v. US Department of Agriculture under Rule 24(a)(2) or permissive intervention under Rule 24(b)(1)(B) to ensure that the Ultima ruling is adequately enforced and that all disadvantaged businesses receive fair access to federal contracting opportunities. Your honor, we have made many attempts to have this resolved eternally and the Small Business Administration and USDA (FPAC) have failed to resolve this issue. We have sent information to the Department of Justice, Local, State and Federal Congressional Leaders, and we continue to receive the run around. The document God Favorite is the request to Intervene. Understanding the case opened in 2020; we are Timeliness and No Risk of Delay. Our Lord and Savior led us to you. We have suffered at the hands of these organizations.

The goal, grant entry to intervene, and inform the courts, the documents attached will support the claim how the Small Business Administration and the Department of Treasury deviated from the ruling review document Treasury Deviation, to ensure Small Business under Alaskan Native Corporations (ANC), National Hawaiian Organizations (NHO), and Community Development Corporations (CDC) violates the Equal Protection Clause. Despite this ruling, continue to receive contract awards to ensure Small Business Investment Companies (SBICs) ensure profit margins exceeded beyond law 200% or greater. This is a Federal systematic problem. If the social narrative would have been completed, all those within the class would have been disqualified to remain in the program, even those who are granted per ANCS 1971 settlement- please see SBIC grids.

Those within this class, your honor failed to submit a "Social Narrative "due to their protected class. However, if the order of the ruling complied, all those within that class would have been disqualified to

remain in the 8(a) program.  The reasons, these organizations, receives large investments from Small Business Investment Companies Home - Small Business Investor Alliance (sbia.org), which the Small Business Administration are the trustees, SBIC directory | U.S. Small Business Administration (sba.gov).

I do not wish to include the Department of Defense; they're our front-line, and I understand the importance of Field operations. I will speak on October 29th , 2024, to decrease the expansion of China's BRI at the 2024 Security Cooperation Conference: Building Lasting Partnerships: What Have We Learned? | Defense Security Cooperation University (dscu.edu)

As a Black-owned business, my company has suffered significant economic harm due to the Small Business Administration's (SBA) failure to enforce this Court's ruling in Ultima, which held that the automatic presumption of social disadvantage for Alaskan Native Corporations (ANC), National Hawaiian Organizations (NHO), and Community Development Corporations (CDC) violates the Equal Protection Clause. Despite this ruling, the SBA continues to allow these entities to benefit from federal contracting preferences without requiring them to comply with the exact social disadvantage narrative requirements imposed on other 8(a) program participants.

This failure by the SBA has perpetuated systemic inequities in federal contracting, which have disproportionately impacted Black-owned businesses like mine. I respectfully request intervention as of right under Rule 24(a)(2) or permissive intervention under Rule 24(b)(1)(B) to ensure that the Ultima ruling is adequately enforced and that all disadvantaged businesses receive fair access to federal contracting opportunities. Due to the severe decline many Black-Owned Businesses faced, unable to obtain council due to backlash and alleged notifications from the Small Business Administration informed parties not to take the case.  Please review the attached, your honor. I have enough information to substantiate the claim and beyond.
 Documents are due to arrive at your Chambers on Monday, 23rd of September. We appreciate your willingness to ensure fairness and see beyond the conditioned.

*Transform your mindset as you grow financially*
Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)
WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9
Financial/ Government Business Strategist
InfraGard Member ID: 10146447
(O): (717) 421-1445 |
(M): (717) 379-2504 |
5246 Simpson Ferry Road
Mechanicsburg, PA. 17050
LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

**From:** postmaster@neikostewart.com <postmaster@neikostewart.com>
**Sent:** Tuesday, September 24, 2024 9:20 AM
**To:** Neiko@neikostewart.com <Neiko@neikostewart.com>
**Subject:** Delivered: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041

**Your message has been delivered to the following recipients:**

Neiko@neikostewart.com (Neiko@neikostewart.com)
Subject: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.



RE: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041

**From** Cohen, Joseph L. <jlcohen@foxrothschild.com>

**Date** Mon 30-Sep-24 5:52 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>; Neiko Stewart <Neiko@neikostewart.com>; danish.adnan@janoons.com <danish.adnan@janoons.com>

Lynette: I respectfully disagree that the *Ultima* case represents your best foot forward for the reasons that we discussed over the phone, including the substantial hurdles that you would have to overcome as a non-party to a now *4 year old case*, seeking to intervene.  While I appreciate your passion on this issue, I believe the legal fees would be incredibly high just dealing with standing and ripeness issues and that you would likely be disappointed in the result in that forum.  Accordingly, my firm is unwilling to represent you in the *Ultima* case.

If you submit a proposal for a contract that is improperly awarded to an ANC, please let me know and we can discuss whether/how to proceed further.

Thank you,

Joe Cohen

Fox Logo
green bar

Joseph L. Cohen
Partner
321 N. Clark Street
Suite 1600
Chicago, IL 60654
Phone Icon (312) 980-3876
Fax Icon (312) 517-9201
Phone Icon jlcohen@foxrothschild.com
green bar

Learn about our **new brand**.

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Monday, September 30, 2024 4:13 PM
**To:** Cohen, Joseph L. <jlcohen@foxrothschild.com>; Neiko Stewart <Neiko@neikostewart.com>;
danish.adnan@janoons.com

Subject: Systemic Failures, Congressional Inaction, and Immediate Injury – A Call for True Accountability

Dear Mr. Cohen,
Thank you for your advice, but I must speak candidly: the Ultima case represents an opportunity to finally address the systemic discrimination that has long plagued Black-owned businesses like mine. Do you suggest I pursue one solicitation to show an immediate injury? Let me be clear—the decline of Black-owned businesses is the injury, and it is immediate. Our businesses are being decimated, and I refuse to accept a narrow focus on one opportunity when the entire system has been rigged against us for years.

As a Black woman who leads a successful business, I've been selected to speak on the global stage about strategies to decrease the expansion of China's Belt and Road Initiative (BRI) and ensure the United States regains its international influence. I understand the importance of ensuring China continues to undermine the United States under no circumstances. In addition, I will not stand here to continue watching how this system has continuously excluded Black-owned businesses from the opportunities meant to lift us.
This is not about a one-time chance but about changing the rules that have kept us down for far too long.

Executive Order 14091, meant to advance racial equity, has been disregarded by the SBA. It was supposed to close the equity gaps that have kept Black businesses like mine from accessing federal resources. Instead, the SBA has turned its back on this mandate, allowing ANC-backed firms to dominate federal contracts, often by exploiting loopholes that we, as Black entrepreneurs, don't have access to. Eleven key SBA offices have contributed to this failure:
- SBA Office of Government Contracting and Business Development
- SBA Office of Field Operations
- SBA Office of Investment and Innovation
- SBA Office of Policy Planning and Liaison
- SBA Office of Advocacy
- SBA Office of Capital Access
- SBA Office of Entrepreneurial Development
- SBA Office of International Trade
- SBA Office of the Chief Information Officer
- SBA Office of Performance and Systems Management
- SBA Office of General Counsel

These offices, established to protect and support minority businesses, have instead failed us. They've allowed ANC-backed firms to sweep in and collect billions in federal contracts, backed by the SBIC program, while Black-owned businesses like mine have been systematically shut out. The preferential treatment given to ANC firms—without them meeting the same standards we are held to—has led to our continued exclusion.

Congressional Inaction – Silence in the Face of Injustice
You ask me to focus on a single opportunity, but let's not forget that Congress has known about these violations for years and has done nothing. The false narrative that Black-owned businesses are being included in federal contracting is nothing more than a cover-up for the reality: 40% of Black enterprises have tanked. Meanwhile, ANC-backed firms continue to thrive under a system built to exclude us. Do you expect me to go after one solicitation when Congress has remained silent, knowing the devastation happening to Black entrepreneurs? We're being told to be patient, while ANC firms grow

wealthier through contracts that were meant for us. It's not just a missed opportunity—it's a deliberate erasure of Black business growth.

Immediate Injury – The Decline of Black-Owned Businesses
You suggested I show an immediate injury—our businesses failing IS the injury. How much more immediate can it get when 40% of Black-owned businesses have been dismantled? The decline of Black-owned businesses is a direct result of the SBA's failure to enforce the laws that were meant to protect us. We've been shut out of contracts, excluded from funding, and pushed out of competitive spaces, all while watching ANC-backed firms dominate.
The immediate harm is clear: Black-owned businesses are struggling to survive, not because we lack talent or drive, but because the system is stacked against us. We're not being allowed to compete fairly, and the SBA's refusal to act on Executive Order 14091 and other legal mandates is to blame.


Violations of Federal Laws and FAR Regulations
The SBA and its partner agencies have not only ignored Executive Orders, but they've also violated multiple Federal Acquisition Regulations (FAR) and congressional laws. These are not minor infractions —they are systemic violations that have resulted in the erosion of Black entrepreneurship:
Federal Acquisition Regulation (FAR) Violations:
- FAR 19.502-2(b) – Rule of Two: The SBA and FPAC have failed to enforce the Rule of Two, where contracts should have been set aside for small businesses, but instead have gone to ANC-backed firms.
- FAR 19.203 – Small Business Set-Aside Priority: The SBA has continually failed to prioritize small business set-asides for Black-owned businesses, despite having clear opportunities to do so.
- FAR 10.001 – Market Research: The requirement for market research has been ignored, as contracting officers failed to identify Black-owned businesses who could have performed the work, instead giving contracts to ANC firms.
- FAR 1.602-2 – Contracting Officer's Responsibility: The contracting officers' duty to ensure fair competition has been violated repeatedly, allowing ANC firms to bypass requirements that Black-owned businesses must adhere to.

Congressional Law Violations:
- Small Business Act (15 U.S.C. § 644): The SBA is in direct violation of the Small Business Act, which mandates that minority-owned businesses receive maximum participation in federal procurement. This has not been the case for Black-owned businesses.
- Civil Rights Act of 1866 (42 U.S.C. § 1981): By allowing racial discrimination in federal contracting, where Black-owned businesses are excluded in favor of ANC-backed firms, the SBA is violating § 1981.
- Equal Protection Clause (Fifth Amendment): The preferential treatment of ANC firms, which continue to secure federal contracts without meeting the same social disadvantage requirements, violates the Equal Protection Clause. These are not abstract legal concepts—they represent the real harm being done to Black-owned businesses every single day.


I'm Not Here for One Opportunity – I'm Here for Systemic Change
You want me to chase after a single solicitation while ANC-backed firms continue to exploit the system that has excluded Black-owned businesses for years? I won't settle for one opportunity when what's at stake is far greater.
This isn't just about me—it's about all Black entrepreneurs who have been systematically denied the chance to grow, to compete, and to thrive. I'm not just fighting for my business—I'm fighting for the future of Black-owned businesses across the country. I don't care if the SBA's program tanks. They've already tanked 40% of Black-owned businesses. I will not allow another Black-owned business to be dismantled while the SBA and Congress continue to pretend that we are making progress.

The Path Forward – Real Accountability
While you have the ability to make change and I appreciate your strategy; however, I trust no one. Many can feed their families and pay tuition; however, we cannot. I will push beyond a narrow focus and tackle the systemic issues that are destroying Black-owned businesses; I'm ready to move forward. But if your approach is limited to a tiny win while the system remains unchanged, I will find someone who is willing to take this fight to where it needs to go.

I'm not interested in superficial solutions—I'm here for real accountability and lasting change.
I will not sit idly by while the system continues to fail us.

If Congress doesn't act, if the SBA continues to look the other way, I will stand up and fight until Black-owned businesses receive the equity and access we deserve. No one will group us a "Minorites" to mask the problem.

Thank you for your time, and I Really appreciate you.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

---

**From:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Sent:** Monday, September 30, 2024 4:27 PM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>

Lynette:  As we discussed, if your goal is to challenge preferential ANC treatment, I believe it would be to your strategic advantage to protest a (set aside) solicitation that you bid on but that was awarded to an ANC.  Doing so would help you overcome standing and ripeness objections that may be lodged against you, if you attempt to intervene in the Ultima case.  Please let me know if you have any questions.

Thank you,

Joe Cohen


☐ Fox Logo

☐ green bar

**Joseph L. Cohen**
Partner

321 N. Clark Street
Suite 1600
Chicago, IL 60654
☐ Phone Icon  (312) 980-3876
☐ Fax Icon  (312) 517-9201
☐ Phone Icon  jlcohen@foxrothschild.com
☐ green bar

**Learn about our new brand.**



**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Monday, September 30, 2024 1:51 PM
**To:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Subject:** [EXT] Re: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041
**Importance:** High

Subject: Request for Formal Representation – Urgent CM/ECF Filing Required

Dear Mr. Cohen,
I hope this message finds you well.
I am writing to formally request your representation in the matter of Ultima Services Corp. v. U.S. Department of Agriculture. Recently, I sent the relevant documents regarding my Motion to Intervene via FedEx, and Jason Keeton received them. However, I understand that since I do not have legal representation, the documents cannot be officially filed through the CM/ECF system.

Given the importance and urgency of this case, I now realize that we require an attorney who can officially represent us, ensuring the documents are appropriately filed and that our motion is presented effectively. As a Black-owned business, we have suffered significant economic harm due to the SBA's failure to enforce the Ultima ruling, and timely filing is critical to ensure our case is heard.

I would greatly appreciate your consideration in representing us in this matter and assisting in properly filing and handling our Motion to Intervene. I highly value your expertise, and your involvement will be instrumental in helping us move forward.

Please let me know if we can schedule a time to discuss this further, as we must resolve this filing issue promptly.

Thank you for your time and consideration.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

---

**From:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Sent:** Wednesday, September 25, 2024 8:45 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** RE: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041

Did the clerk respond? I reviewed the docket and nothing has been filed in the case in over a year. JLC

Fox Logo

green bar

**Joseph L. Cohen**
Partner

321 N. Clark Street
Suite 1600
Chicago, IL 60654
Phone Icon (312) 980-3876
Fax Icon (312) 517-9201
Phone Icon jlcohen@foxrothschild.com

green bar

Learn about our **new brand**.

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Tuesday, September 24, 2024 7:21 PM
**To:** Cohen, Joseph L. <jlcohen@foxrothschild.com>
**Subject:** [EXT] Fw: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041
**Importance:** High

Dear the Honorable Clifton L. Corker We, Lynette T. Stevenson, DALS Credit Solutions Co. Founder, and Nicole Stewart, respectfully submit this Motion to Intervene in Ultima Services Corp. v. US Department of Agriculture under Rule 24(a)(2) or permissive intervention under Rule 24(b)(1)(B) to ensure that the Ultima ruling is adequately enforced and that all disadvantaged businesses receive fair access to federal contracting opportunities. Your honor, we have made many attempts to have this resolved eternally and the Small Business Administration and USDA (FPAC) have failed to resolve this issue. We have sent information to the Department of Justice, Local, State and Federal Congressional Leaders, and we continue to receive the run around. The document God Favorite is the request to Intervene. Understanding the case opened in 2020; we are Timeliness and No Risk of Delay. Our Lord and Savior led us to you. We have suffered at the hands of these organizations.

The goal, grant entry to intervene, and inform the courts, the documents attached will support the claim how the Small Business Administration and the Department of Treasury deviated from the ruling review document Treasury Deviation, to ensure Small Business under Alaskan Native Corporations (ANC), National Hawaiian Organizations (NHO), and Community Development Corporations (CDC) violates the Equal Protection Clause. Despite this ruling, continue to receive contract awards to ensure Small Business Investment Companies (SBICs) ensure profit margins exceeded beyond law 200% or greater. This is a Federal systematic problem. If the social narrative would have been completed, all those within the class would have been disqualified to remain in the program, even those who are granted per ANCS 1971 settlement- please see SBIC grids.

Those within this class, your honor failed to submit a "Social Narrative "due to their protected class. However, if the order of the ruling complied, all those within that class, would have been disqualified to remain in the 8(a) program.  The reasons, these organizations, receives large investments from Small

Business Investment Companies Home - Small Business Investor Alliance (sbia.org), which the Small Business Administration are the trustees, SBIC directory | U.S. Small Business Administration (sba.gov).

I do not wish to include the Department of Defense; they're our front-line, and I understand the importance of Field operations. I will speak on October 29th , 2024, to decrease the expansion of China's BRI at the 2024 Security Cooperation Conference: Building Lasting Partnerships: What Have We Learned? | Defense Security Cooperation University (dscu.edu)

As a Black-owned business, my company has suffered significant economic harm due to the Small Business Administration's (SBA) failure to enforce this Court's ruling in Ultima, which held that the automatic presumption of social disadvantage for Alaskan Native Corporations (ANC), National Hawaiian Organizations (NHO), and Community Development Corporations (CDC) violates the Equal Protection Clause. Despite this ruling, the SBA continues to allow these entities to benefit from federal contracting preferences without requiring them to comply with the exact social disadvantage narrative requirements imposed on other 8(a) program participants.

This failure by the SBA has perpetuated systemic inequities in federal contracting, which have disproportionately impacted Black-owned businesses like mine. I respectfully request intervention as of right under Rule 24(a)(2) or permissive intervention under Rule 24(b)(1)(B) to ensure that the Ultima ruling is adequately enforced and that all disadvantaged businesses receive fair access to federal contracting opportunities. Due to the severe decline many Black-Owned Businesses faced, unable to obtain council due to backlash and alleged notifications from the Small Business Administration informed parties not to take the case. Please review the attached, your honor. I have enough information to substantiate the claim and beyond.
 Documents are due to arrive at your Chambers on Monday, 23rd of September. We appreciate your willingness to ensure fairness and see beyond the conditioned.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

**From:** postmaster@neikostewart.com <postmaster@neikostewart.com>
**Sent:** Tuesday, September 24, 2024 9:20 AM
**To:** Neiko@neikostewart.com <Neiko@neikostewart.com>
**Subject:** Delivered: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041

**Your message has been delivered to the following recipients:**

Neiko@neikostewart.com (Neiko@neikostewart.com)

Subject: Re: Motion to Intervene in Ultima Services Corp. v. U.S. Department of Agriculture, Case No. 2:20-cv-00041

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

This email contains information that may be confidential and/or privileged. If you are not the intended recipient, or the employee or agent authorized to receive for the intended recipient, you may not copy, disclose or use any contents in this email. If you have received this email in error, please immediately notify the sender at Fox Rothschild LLP by replying to this email and delete the original and reply emails. Thank you.

 Outlook

**Request for Legal Representation in SBA Systemic Discrimination Case**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Mon 30-Sep-24 5:33 PM
**To** afranco@pilieromazza.com <afranco@pilieromazza.com>
**Cc** prothwell@pilieromazza.com <prothwell@pilieromazza.com>; Neiko Stewart <Neiko@neikostewart.com>; danish.adnan@janoons.com <danish.adnan@janoons.com>

**Dear Mr. Franco and Mr. Rothwell.**

I hope this message finds you well. My name is **Lynette T. Stevenson**, Founder of **DALS Credit Solutions Co.**, and I am writing to discuss legal representation for a pivotal case involving the **systemic exclusion** of **Black-owned businesses** from federal contracting opportunities due to the **SBA's ongoing preferential treatment** of **Alaskan Native Corporations (ANCs)**.

Recently, I filed a **Motion to Intervene** in **Ultima Services Corp. v. U.S. Department of Agriculture**, a case where the Court ruled that the **SBA's automatic presumption of social disadvantage** for ANC firms violated the **Equal Protection Clause**. Despite this ruling, the SBA has yet to enforce it equally, allowing ANC-backed firms to continue dominating federal contracts while **Black-owned businesses** like mine are held to more stringent standards.

**Immediate Harm and Legal Standing**

The **harm to Black-owned businesses** is not speculative—it is happening right now. Over **40% of Black-owned businesses** have failed in recent years, and my business, like many others, has been denied access to opportunities due to the **SBA's ongoing non-compliance**. This isn't just about one lost contract; it's about challenging the **systemic barriers** that continue to shut us out of federal procurement opportunities. **The legal standing** here is clear, as our businesses are suffering **immediate injury** from these ongoing discriminatory practices.

**Specific Violations**

This case involves documented violations of **Federal Acquisition Regulations (FAR)** and **FOIA non-compliance**, including:

- **FAR 19.502-2(b) – Rule of Two**: SBA and contracting officers have bypassed small business set-aside rules in favor of awarding contracts to ANC-backed firms.
- **FAR 10.001 – Market Research Requirements**: Required market research to identify qualified **Black-owned businesses** has been ignored, further excluding us.
- **FAR 1.602-2 – Contracting Officer Responsibilities**: Contracting officers have failed in their duty to ensure fairness and impartiality in awarding federal contracts.

I have also requested transparency through **FOIA** inquiries, which have gone unanswered, preventing critical documentation from being disclosed. This lack of compliance underscores the systemic issues we face in accessing opportunities meant to uplift disadvantaged businesses.

**Beyond One Case—National Significance**

While this case directly impacts my business, it is about much more than one contract. The SBA's failure to properly implement the **Ultima ruling** affects thousands of minority-owned businesses across the country. Ensuring **equitable treatment** in federal contracting is critical, not just for me, but for the future of **Black and minority-owned businesses nationwide**. A victory here would create a **precedent** that restores fairness to the **federal procurement system**.

**My Commitment to Change**

I am fully committed to this case and have gathered substantial **legal and factual evidence** to support it. I believe **PilieroMazza** is well-suited to handle its complexities, given your experience in federal procurement law and business litigation. This case presents an opportunity to make real and lasting change in the way federal contracting is handled.

I would appreciate the opportunity to discuss this matter further and explore how we can work together to achieve **fairness and accountability** within the SBA. Please let me know next steps.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

 **Outlook**

**Potential SBA and USDA FPAC Lawsuit**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Tue 03-Sep-24 7:57 PM
**To** duanelassiter@lassiterfirm.com <duanelassiter@lassiterfirm.com>
**Cc** leticiaalexander <leticiaalexander@zsoftechsolutions.com>

Greetings, Attorney Lassiter and I hope all is well. Lynette T. Stevenson, founder of DALS Credit Solutions Co. I want to speak with you regarding the Potential Lawsuit with SBA 8A WOSB and FPAC section of USDA. We have a very unique case which could bring full awareness to 8A/WOSB program. The program has set to relaunch 09/09/2024 and our issues, have not been resolved. Please give me a call to discuss further.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

📇 Book time to meet with me

 **Outlook**

## Seeking Legal Assistance

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Wed 04-Sep-24 12:18 PM

**To** MCRAIG@MFCRAIGLAW.COM <MCRAIG@MFCRAIGLAW.COM>

**Cc** leticiaalexander <leticiaalexander@zsoftechsolutions.com>

Dear Attorney M. Craig,

I hope this message finds you well. I seek your legal assistance regarding systemic failures and discriminatory practices by the Small Business Administration (SBA) and Farm Production and Conservation (FPAC) programs. These failures have severely impacted Black-owned businesses, including Women-Owned Small Businesses (WOSBs) and 8(a) contract holders, such as **Lynette T. Stevenson, owner of DALS Credit Solutions Co. (a previous SBA-certified WOSB)**, and **Leticia Alexander, owner of z Softech Solutions (8A StarsIII-Navy CPort NextGen & GSA Schedule Contract Holder)**.

**FOIA Requests and Lack of Transparency:**

To bring these issues to light, **FOIA (Freedom of Information Act) requests** were submitted to both the SBA and FPAC, seeking detailed records on loan distributions, SBIC investments, and federal contracting allocations, particularly regarding minority-owned businesses. However, these requests have been met with delays, obfuscation, and a failure to provide the necessary information promptly. The lack of transparency further indicates the unwillingness of these agencies to address the systemic inequities within their programs.

**Rule of Two Violations:**

**DALS Credit Solutions Co.,** under the leadership of Lynette Stevenson, has repeatedly submitted requests for the application of the **Rule of Two**—which mandates that specific federal contracts must be set aside for small businesses if at least two small business contractors are qualified to bid. Despite this, federal agencies, including the SBA and other government contracting bodies, ignored these requests on multiple occasions. This blatant disregard for established procurement rules further marginalized DALS Credit Solutions Co., preventing it from accessing critical federal contracting opportunities that could have helped the business thrive.

**Systemic Exclusion from Capital and SBA Loan Programs:**

- In 2023, Black-owned WOSBs like **DALS Credit Solutions Co.** received less than 1% of the capital from the Small Business Investment Company (SBIC) program, while ANC (Alaska Native Corporation) companies dominated the distribution of these funds. The **SBIC Agency Licensing Committee** still needs to ensure equitable access to capital, perpetuating the exclusion of Black-owned businesses.
- **SBA loan programs**, including 7(a) and 504 loans, have similarly marginalized Black-owned businesses. **Despite** being a previously SBA-certified WOSB, Lynette Stevenson's business was denied fair access to these loans, further exacerbating the financial challenges faced by her company.

**Exclusion from Federal Contracting Opportunities:**

- **Lynette T Stevenson, owner of DALS Credit Solutions Co & Leticia Alexander-z**, owner of **Softech Solutions**, was largely shut out of federal contracting opportunities despite being a GSA Schedule Contract Holder and an 8(a) StarsIII-Navy CPort NextGen participant. In 2023, Black-owned businesses received only 1.61% of total federal contracting dollars—roughly $10.5 billion

out of a $650 billion pool—while ANC companies secured over $15 billion. This ongoing bias in federal contracting further underscores the systemic failure of the SBA and FPAC to support Black-owned WOSBs and 8(a) businesses.

**Disaster Relief Failures and FPAC Exclusion**:

- During the COVID-19 pandemic, **Black-owned WOSBs**, including **DALS Credit Solutions Co.**, were almost entirely excluded from SBA disaster relief funds. Only 1.5% of Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) funds were allocated to Black-owned businesses, while ANC companies received a significant share, stabilizing their operations. This exclusion has devastated Black-owned businesses, with over 41% permanently closing during the pandemic.
- Similarly, **FPAC** must distribute funds equitably to Black-owned businesses in agriculture and related industries. **Despite** numerous attempts to secure support from FPAC's disaster relief and lending programs, DALS Credit Solutions Co. has been continuously overlooked.

**Lack of Oversight and Accountability**:

The **SBIC Agency Licensing Committee** and **FPAC leadership**, Adminstrator Guzman from the SBA Office of General Counsel (OGC) and key policy and strategy directors, have consistently failed to provide oversight and enforce equity in the distribution of funds. This failure has allowed ANC companies to dominate federal programs while Black-owned WOSBs and businesses like **DALS Credit Solutions Co.** and **Softech Solutions** have been systematically excluded.

**Legal Violations and Need for Action**:

The actions—or inactions—by the SBA and FPAC, especially regarding FOIA delays, Rule of Two violations, and exclusionary practices in loan and contracting opportunities, are not only policy failures but also possible violations of federal law, including:

- **The Small Business Act (15 USC § 631 et seq.)** mandates equitable support for small businesses, particularly those economically disadvantaged.
- **The Equal Credit Opportunity Act (ECOA) (15 USC § 1691)** prohibits discrimination in lending and access to capital.
- **The Civil Rights Act of 1964 (Title VI) (42 USC § 2000d)** bans racial discrimination in federally funded programs.

**Request for Legal Assistance:**

Given your expertise in federal litigation and addressing systemic discrimination, I seek your assistance in preparing a federal complaint against the SBA and FPAC for their ongoing discrimination and exclusionary practices. The Rule of Two violations, lack of transparency through FOIA, and the financial devastation caused by the SBA's and FPAC's neglect have harmed businesses like **DALS Credit Solutions Co.** and **Softech Solutions**.

I would greatly appreciate the opportunity to discuss this matter with you and explore the next steps for legal action. I can be reached at 717.421.1445 or via email at LS@dalscreditsolutions. Your prompt attention to this urgent matter would be highly appreciated.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter

Associate Dean of ETI

5246 Simpson Ferry Road

Mechanicsburg, PA. 17055

Phone: 717.421.1445

Fax: 800.721.9930

UEI W9MKGJS85B81

CAGE:8N9Y9

CMMC1 & NIST 800-171 Complaint

SPRS Scores 88

PIEE Registered Vendor

Iden-Trust Verified

Disclosure: <u>Website</u>

All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>

**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>

Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>

Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

Book time to meet with me

 Outlook

---

**RE: [EXTERNAL EMAIL] Request for Legal Representation in SBA Systemic Discrimination Case**

---

**From** Antonio R. Franco <afranco@pilieromazza.com>

**Date** Mon 30-Sep-24 6:19 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

**Cc** Patrick Rothwell <prothwell@pilieromazza.com>; Neiko Stewart <Neiko@neikostewart.com>; danish.adnan@janoons.com <danish.adnan@janoons.com>

Ms. Stevenson,

Thank you for your email but we would not be able to take on this representation. I suggest you seek other counsel. Thanks for thinking of us.

**Antonio R. Franco**
**Managing Partner**





**1001 G Street NW, Suite 1100**
**Washington, DC 20001**
**afranco@pilieromazza.com**
**D: 202.655.4154**
**O: 202.857.1000**
**F: 202.857.0200**

Practicing What Matters / Subscribe

---

Please be advised that this transmittal may be a confidential attorney-client communication or may otherwise be privileged or confidential. If you are not the intended recipient, please do not read, copy or retransmit this communication. If you have received this communication in error, please notify us by e-mail (pmpllc@pilieromazza.com) or by telephone (call us collect at 202-857-1000) and delete this message and any attachments. Thank you in advance for your cooperation and assistance.

---

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Monday, September 30, 2024 5:33 PM
**To:** Antonio R. Franco <afranco@pilieromazza.com>
**Cc:** Patrick Rothwell <prothwell@pilieromazza.com>; Neiko Stewart <Neiko@neikostewart.com>; danish.adnan@janoons.com
**Subject:** [EXTERNAL EMAIL] Request for Legal Representation in SBA Systemic Discrimination Case
**Importance:** High

Dear Mr. Franco and Mr. Rothwell,

I hope this message finds you well. My name is **Lynette T. Stevenson**, Founder of **DALS Credit Solutions Co.**, and I am writing to discuss legal representation for a pivotal case involving the **systemic exclusion** of **Black-owned businesses** from federal contracting opportunities due to the **SBA's ongoing preferential treatment** of Alaskan Native Corporations (ANCs).

Recently, I filed a **Motion to Intervene** in **Ultima Services Corp. v. U.S. Department of Agriculture**, a case where the Court ruled that the **SBA's automatic presumption of social disadvantage** for ANC firms violated the **Equal Protection Clause**. Despite this ruling, the SBA has yet to enforce it equally, allowing ANC-backed firms to continue dominating federal contracts while **Black-owned businesses** like mine are held to more stringent standards.

## Immediate Harm and Legal Standing

The **harm to Black-owned businesses** is not speculative—it is happening right now. Over **40% of Black-owned businesses** have failed in recent years, and my business, like many others, has been denied access to opportunities due to the **SBA's ongoing non-compliance**. This isn't just about one lost contract; it's about challenging the **systemic barriers** that continue to shut us out of federal procurement opportunities. **The legal standing** here is clear, as our businesses are suffering **immediate injury** from these ongoing discriminatory practices.

## Specific Violations

This case involves documented violations of **Federal Acquisition Regulations (FAR)** and **FOIA non-compliance**, including:

- **FAR 19.502-2(b) – Rule of Two**: SBA and contracting officers have bypassed small business set-aside rules in favor of awarding contracts to ANC-backed firms.
- **FAR 10.001 – Market Research Requirements**: Required market research to identify qualified **Black-owned businesses** has been ignored, further excluding us.
- **FAR 1.602-2 – Contracting Officer Responsibilities**: Contracting officers have failed in their duty to ensure fairness and impartiality in awarding federal contracts.

I have also requested transparency through **FOIA** inquiries, which have gone unanswered, preventing critical documentation from being disclosed. This lack of compliance underscores the systemic issues we face in accessing opportunities meant to uplift disadvantaged businesses.

## Beyond One Case—National Significance

While this case directly impacts my business, it is about much more than one contract. The SBA's failure to properly implement the **Ultima ruling** affects thousands of minority-owned businesses across the country. Ensuring **equitable treatment** in federal contracting is critical, not just for me, but for the future of **Black and minority-owned businesses nationwide**. A victory here would create a **precedent** that restores fairness to the **federal procurement system**.

## My Commitment to Change

I am fully committed to this case and have gathered substantial **legal and factual evidence** to support it. I believe **PilieroMazza** is well-suited to handle its complexities, given your experience in federal procurement law and business litigation. This case presents an opportunity to make real and lasting change in the way federal contracting is handled.

I would appreciate the opportunity to discuss this matter further and explore how we can work together to achieve **fairness and accountability** within the SBA. Please let me know next steps.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

Book time to meet with me

 Outlook

**Read: Re: [EXTERNAL EMAIL] Request for Legal Representation in SBA Systemic Discrimination Case**

**From** Patrick Rothwell <prothwell@pilieromazza.com>

**Date** Tue 01-Oct-24 9:32 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: Patrick Rothwell
  Subject: Re: [EXTERNAL EMAIL] Request for Legal Representation in SBA Systemic Discrimination Case
  Sent: Monday, September 30, 2024 10:21:49 PM (UTC) Coordinated Universal Time

was read on Tuesday, October 1, 2024 1:32:13 PM (UTC) Coordinated Universal Time.



## Re: Seeking Legal Assistance

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Tue 10-Sep-24 1:30 PM
**To** MCRAIG@MFCRAIGLAW.COM <MCRAIG@MFCRAIGLAW.COM>

Dear Attorney M. Craig,

I hope this message finds you well. I seek your legal assistance regarding systemic failures and discriminatory practices by the Small Business Administration (SBA) and Farm Production and Conservation (FPAC) programs. These failures have severely impacted Black-owned businesses, including Women-Owned Small Businesses (WOSBs) and 8(a) contract holders, such as Lynette T. Stevenson, owner of DALS Credit Solutions Co. (a previous SBA-certified WOSB), and Neiko Stewart-Anue Strategies

FOIA Requests and Lack of Transparency:

To bring these issues to light, FOIA (Freedom of Information Act) requests were submitted to both the SBA and FPAC, seeking detailed records on loan distributions, SBIC investments, and federal contracting allocations, particularly regarding minority-owned businesses. However, these requests have been met with delays, obfuscation, and a failure to provide the necessary information promptly. The lack of transparency further indicates the unwillingness of these agencies to address the systemic inequities within their programs.

Rule of Two Violations:

DALS Credit Solutions Co., under the leadership of Lynette Stevenson, has repeatedly submitted requests for the application of the Rule of Two—which mandates that specific federal contracts must be set aside for small businesses if at least two small business contractors are qualified to bid. Despite this, federal agencies, including the SBA and other government contracting bodies, ignored these requests on multiple occasions. This blatant disregard for established procurement rules further marginalized DALS Credit Solutions Co., preventing it from accessing critical federal contracting opportunities that could have helped the business thrive.

Systemic Exclusion from Capital and SBA Loan Programs:

- In 2023, Black-owned WOSBs like DALS Credit Solutions Co. received less than 1% of the capital from the Small Business Investment Company (SBIC) program, while ANC (Alaska Native Corporation) companies dominated the distribution of these funds. The SBIC Agency Licensing Committee still needs to ensure equitable access to capital, perpetuating the exclusion of Black-owned businesses.
- SBA loan programs, including 7(a) and 504 loans, have similarly marginalized Black-owned businesses. Despite being a previously SBA-certified WOSB, Lynette Stevenson's business was denied fair access to these loans, further exacerbating the financial challenges faced by her company.

Exclusion from Federal Contracting Opportunities:

- Lynette T Stevenson, owner of DALS Credit Solutions Co & Leticia Alexander-z, owner of Softech Solutions, was largely shut out of federal contracting opportunities despite being a GSA Schedule Contract Holder and an 8(a) StarsIII-Navy CPort NextGen participant. In 2023, Black-owned businesses received only 1.61% of total federal contracting dollars—roughly $10.5 billion out of a $650 billion pool—while ANC companies secured over $15 billion. This ongoing bias in federal

contracting further underscores the systemic failure of the SBA and FPAC to support Black-owned WOSBs and 8(a) businesses.

Disaster Relief Failures and FPAC Exclusion:

- During the COVID-19 pandemic, Black-owned WOSBs, including DALS Credit Solutions Co., were almost entirely excluded from SBA disaster relief funds. Only 1.5% of Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) funds were allocated to Black-owned businesses, while ANC companies received a significant share, stabilizing their operations. This exclusion has devastated Black-owned businesses, with over 41% permanently closing during the pandemic.
- Similarly, FPAC must distribute funds equitably to Black-owned businesses in agriculture and related industries. Despite numerous attempts to secure support from FPAC's disaster relief and lending programs, DALS Credit Solutions Co. has been continuously overlooked.

Lack of Oversight and Accountability:

The SBIC Agency Licensing Committee and FPAC leadership, Adminstrator Guzman from the SBA Office of General Counsel (OGC) and key policy and strategy directors, have consistently failed to provide oversight and enforce equity in the distribution of funds. This failure has allowed ANC companies to dominate federal programs while Black-owned WOSBs and businesses like DALS Credit Solutions Co. and Softech Solutions have been systematically excluded.

Legal Violations and Need for Action:

The actions—or inactions—by the SBA and FPAC, especially regarding FOIA delays, Rule of Two violations, and exclusionary practices in loan and contracting opportunities, are not only policy failures but also possible violations of federal law, including:

- The Small Business Act (15 USC § 631 et seq.) mandates equitable support for small businesses, particularly those economically disadvantaged.
- The Equal Credit Opportunity Act (ECOA) (15 USC § 1691) prohibits discrimination in lending and access to capital.
- The Civil Rights Act of 1964 (Title VI) (42 USC § 2000d) bans racial discrimination in federally funded programs.

Request for Legal Assistance:

Given your expertise in federal litigation and addressing systemic discrimination, I seek your assistance in preparing a federal complaint against the SBA and FPAC for their ongoing discrimination and exclusionary practices. The Rule of Two violations, lack of transparency through FOIA, and the financial devastation caused by the SBA's and FPAC's neglect have harmed businesses like DALS Credit Solutions Co. and Softech Solutions.

I would greatly appreciate the opportunity to discuss this matter with you and explore the next steps for legal action. I can be reached at 717.421.1445 or via email at LS@dalscreditsolutions. Your prompt attention to this urgent matter would be highly appreciated.

Warm Regards,

Lynette T. Stevenson-Owner she/her-NMLS #2327554

www.dalscredit.solutions

DALS Credit Solutions Co DBA DALS Economic & Strategic Co

DALS Notary Services

President of USMCA PA /Ohio Chapter

Associate Dean of ETI

5246 Simpson Ferry Road

Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any
third party without written authorization. DALS Credit Solutions Co does not participate in removing
items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that
adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**

 Book time to meet with me

---

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 4, 2024 12:18 PM
**To:** MCRAIG@MFCRAIGLAW.COM <MCRAIG@MFCRAIGLAW.COM>
**Cc:** leticiaalexander <leticiaalexander@zsoftechsolutions.com>
**Subject:** Seeking Legal Assistance

Dear Attorney M. Craig,
I hope this message finds you well. I seek your legal assistance regarding systemic failures and
discriminatory practices by the Small Business Administration (SBA) and Farm Production and
Conservation (FPAC) programs. These failures have severely impacted Black-owned businesses,
including Women-Owned Small Businesses (WOSBs) and 8(a) contract holders, such as **Lynette T.
Stevenson, owner of DALS Credit Solutions Co. (a previous SBA-certified WOSB), and Leticia
Alexander, owner of z Softech Solutions (8A StarsIII-Navy CPort NextGen & GSA Schedule
Contract Holder)**.

**FOIA Requests and Lack of Transparency**:
To bring these issues to light, **FOIA (Freedom of Information Act) requests** were submitted to both the
SBA and FPAC, seeking detailed records on loan distributions, SBIC investments, and federal contracting
allocations, particularly regarding minority-owned businesses. However, these requests have been met

with delays, obfuscation, and a failure to provide the necessary information promptly. The lack of transparency further indicates the unwillingness of these agencies to address the systemic inequities within their programs.

**Rule of Two Violations:**
**DALS Credit Solutions Co.**, under the leadership of Lynette Stevenson, has repeatedly submitted requests for the application of the **Rule of Two**—which mandates that specific federal contracts must be set aside for small businesses if at least two small business contractors are qualified to bid. Despite this, federal agencies, including the SBA and other government contracting bodies, ignored these requests on multiple occasions. This blatant disregard for established procurement rules further marginalized DALS Credit Solutions Co., preventing it from accessing critical federal contracting opportunities that could have helped the business thrive.

**Systemic Exclusion from Capital and SBA Loan Programs:**
- In 2023, Black-owned WOSBs and **DALS Credit Solutions Co.** received less than 1% of the capital from the Small Business Investment Company (SBIC) program, while ANC (Alaska Native Corporation) companies dominated the distribution of these funds. The **SBIC Agency Licensing Committee** still needs to ensure equitable access to capital, perpetuating the exclusion of Black-owned businesses.
- **SBA loan programs**, including 7(a) and 504 loans, have similarly marginalized Black-owned businesses. **Despite** being a previously SBA-certified WOSB, Lynette Stevenson's business was denied fair access to these loans, further exacerbating the financial challenges faced by her company.

**Exclusion from Federal Contracting Opportunities:**
- **Lynette T Stevenson, owner of DALS Credit Solutions Co & Leticia Alexander-z**, owner of **Softech Solutions**, was largely shut out of federal contracting opportunities despite being a GSA Schedule Contract Holder and an 8(a) StarsIII-Navy CPort NextGen participant. In 2023, Black-owned businesses received only 1.61% of total federal contracting dollars—roughly $10.5 billion out of a $650 billion pool—while ANC companies secured over $15 billion. This ongoing bias in federal contracting further underscores the systemic failure of the SBA and FPAC to support Black-owned WOSBs and 8(a) businesses.

**Disaster Relief Failures and FPAC Exclusion:**
- During the COVID-19 pandemic, **Black-owned WOSBs**, including **DALS Credit Solutions Co.**, were almost entirely excluded from SBA disaster relief funds. Only 1.5% of Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) funds were allocated to Black-owned businesses, while ANC companies received a significant share, stabilizing their operations. This exclusion has devastated Black-owned businesses, with over 41% permanently closing during the pandemic.
- Similarly, **FPAC** must distribute funds equitably to Black-owned businesses in agriculture and related industries. **Despite** numerous attempts to secure support from FPAC's disaster relief and lending programs, DALS Credit Solutions Co. has been continuously overlooked.

**Lack of Oversight and Accountability:**
The **SBIC Agency Licensing Committee** and **FPAC leadership**, Adminstrator Guzman from the SBA Office of General Counsel (OGC) and key policy and strategy directors, have consistently failed to provide oversight and enforce equity in the distribution of funds. This failure has allowed ANC companies to dominate federal programs while Black-owned WOSBs and businesses like **DALS Credit Solutions Co.** and Softech Solutions have been systematically excluded.

**Legal Violations and Need for Action:**
The actions—or inactions—by the SBA and FPAC, especially regarding FOIA delays, Rule of Two violations, and exclusionary practices in loan and contracting opportunities, are not only policy failures but also possible violations of federal law, including:

- **The Small Business Act (15 USC § 631 et seq.)** mandates equitable support for small businesses, particularly those economically disadvantaged.
- **The Equal Credit Opportunity Act (ECOA) (15 USC § 1691)** prohibits discrimination in lending and access to capital.
- **The Civil Rights Act of 1964 (Title VI) (42 USC § 2000d)** bans racial discrimination in federally funded programs.

**Request for Legal Assistance:**
Given your expertise in federal litigation and addressing systemic discrimination, I seek your assistance in preparing a federal complaint against the SBA and FPAC for their ongoing discrimination and exclusionary practices. The Rule of Two violations, lack of transparency through FOIA, and the financial devastation caused by the SBA's and FPAC's neglect have harmed businesses like **DALS Credit Solutions Co.** and **Softech Solutions**.
I would greatly appreciate the opportunity to discuss this matter with you and explore the next steps for legal action. I can be reached at 717.421.1445 or via email at LS@dalscreditsolutions. Your prompt attention to this urgent matter would be highly appreciated.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

Book time to meet with me

 Outlook

**Re: Legal Assistance for SBA & FPAC lawsuit**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Tue 10-Sep-24 12:21 PM
**To** jeff.wahl@jrwesquire.com <jeff.wahl@jrwesquire.com>

Dear Attorney J. Whal

I hope this message finds you well. We seek legal assistance regarding systemic failures and discriminatory practices by the Small Business Administration (SBA) and Farm Production and Conservation (FPAC) programs. These failures have severely impacted Black-owned businesses, including Women-Owned Small Businesses (WOSBs) and 8(a) contract holders, such as Lynette T. Stevenson, owner of DALS Credit Solutions Co. (a previous SBA-certified WOSB), and Neiko St
FOIA Requests and Lack of Transparency:
To bring these issues to light, FOIA (Freedom of Information Act) requests were submitted to both the SBA and FPAC, seeking detailed records on loan distributions, SBIC investments, and federal contracting allocations, particularly regarding minority-owned businesses. However, these requests have been met with delays, obfuscation, and a failure to provide the necessary information promptly. The lack of transparency further indicates the unwillingness of these agencies to address the systemic inequities within their programs.

Rule of Two Violations:
DALS Credit Solutions Co., under the leadership of Lynette Stevenson, has repeatedly submitted requests for the application of the Rule of Two—which mandates that specific federal contracts must be set aside for small businesses if at least two small business contractors are qualified to bid. Despite this, federal agencies, including the SBA and other government contracting bodies, ignored these requests on multiple occasions. This blatant disregard for established procurement rules further marginalized DALS Credit Solutions Co., preventing it from accessing critical federal contracting opportunities that could have helped the business thrive.

Systemic Exclusion from Capital and SBA Loan Programs:
- In 2023, Black-owned WOSBs like DALS Credit Solutions Co. received less than 1% of the capital from the Small Business Investment Company (SBIC) program, while ANC (Alaska Native Corporation) companies dominated the distribution of these funds. The SBIC Agency Licensing Committee still needs to ensure equitable access to capital, perpetuating the exclusion of Black-owned businesses.
- SBA loan programs, including 7(a) and 504 loans, have similarly marginalized Black-owned businesses. Despite being a previously SBA-certified WOSB, Lynette Stevenson's business was denied fair access to these loans, further exacerbating the financial challenges faced by her company.

Exclusion from Federal Contracting Opportunities:
- Lynette T Stevenson, owner of DALS Credit Solutions Co & Leticia Alexander-z, owner of Softech Solutions, was largely shut out of federal contracting opportunities despite being a GSA Schedule Contract Holder and an 8(a) StarsIII-Navy CPort NextGen participant. In 2023, Black-owned businesses received only 1.61% of total federal contracting dollars—roughly $10.5 billion out of a $650 billion pool—while ANC companies secured over $15 billion. This ongoing bias in federal contracting further underscores the systemic failure of the SBA and FPAC to support Black-owned WOSBs and 8(a) businesses.

Disaster Relief Failures and FPAC Exclusion:
- During the COVID-19 pandemic, Black-owned WOSBs, including DALS Credit Solutions Co., were almost entirely excluded from SBA disaster relief funds. Only 1.5% of Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) funds were allocated to Black-owned businesses, while ANC companies received a significant share, stabilizing their operations. This exclusion has devastated Black-owned businesses, with over 41% permanently closing during the pandemic.
- Similarly, FPAC must distribute funds equitably to Black-owned businesses in agriculture and related industries. Despite numerous attempts to secure support from FPAC's disaster relief and lending programs, DALS Credit Solutions Co. has been continuously overlooked.

Lack of Oversight and Accountability:
The SBIC Agency Licensing Committee and FPAC leadership, Adminstrator Guzman from the SBA Office of General Counsel (OGC) and key policy and strategy directors, have consistently failed to provide oversight and enforce equity in the distribution of funds. This failure has allowed ANC companies to dominate federal programs while Black-owned WOSBs and businesses like DALS Credit Solutions Co. and Softech Solutions have been systematically excluded.

Legal Violations and Need for Action:
The actions—or inactions—by the SBA and FPAC, especially regarding FOIA delays, Rule of Two violations, and exclusionary practices in loan and contracting opportunities, are not only policy failures but also possible violations of federal law, including:
- The Small Business Act (15 USC § 631 et seq.) mandates equitable support for small businesses, particularly those economically disadvantaged.
- The Equal Credit Opportunity Act (ECOA) (15 USC § 1691) prohibits discrimination in lending and access to capital.
- The Civil Rights Act of 1964 (Title VI) (42 USC § 2000d) bans racial discrimination in federally funded programs.

Request for Legal Assistance:
Given your expertise in federal litigation and addressing systemic discrimination, I seek your assistance in preparing a federal complaint against the SBA and FPAC for their ongoing discrimination and exclusionary practices. The Rule of Two violations, lack of transparency through FOIA, and the financial devastation caused by the SBA's and FPAC's neglect have harmed businesses like DALS Credit Solutions Co. and Softech Solutions.
I would greatly appreciate the opportunity to discuss this matter with you and explore the next steps for legal action. I can be reached at 717.421.1445 or via email at LS@dalscreditsolutions. Your prompt attention to this urgent matter would be highly appreciated.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445

Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

Book time to meet with me

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 4, 2024 12:24 PM
**To:** jeff.wahl@jrwesquire.com <jeff.wahl@jrwesquire.com>
**Subject:** Legal Assistance for SBA & FPAC lawsuit

Dear Attorney J. Whal

I hope this message finds you well. I seek your legal assistance regarding systemic failures and discriminatory practices by the Small Business Administration (SBA) and Farm Production and Conservation (FPAC) programs. These failures have severely impacted Black-owned businesses, including Women-Owned Small Businesses (WOSBs) and 8(a) contract holders, such as Lynette T. Stevenson, owner of DALS Credit Solutions Co. (a previous SBA-certified WOSB), and Leticia Alexander, owner of z Softech Solutions (8A Stars III-Navy CPort NextGen & GSA Schedule Contract Holder).

FOIA Requests and Lack of Transparency:
To bring these issues to light, FOIA (Freedom of Information Act) requests were submitted to both the SBA and FPAC, seeking detailed records on loan distributions, SBIC investments, and federal contracting allocations, particularly regarding minority-owned businesses. However, these requests have been met with delays, obfuscation, and a failure to provide the necessary information promptly. The lack of

transparency further indicates the unwillingness of these agencies to address the systemic inequities within their programs.

Rule of Two Violations:
DALS Credit Solutions Co., under the leadership of Lynette Stevenson, has repeatedly submitted requests for the application of the Rule of Two—which mandates that specific federal contracts must be set aside for small businesses if at least two small business contractors are qualified to bid. Despite this, federal agencies, including the SBA and other government contracting bodies, ignored these requests on multiple occasions. This blatant disregard for established procurement rules further marginalized DALS Credit Solutions Co., preventing it from accessing critical federal contracting opportunities that could have helped the business thrive.

Systemic Exclusion from Capital and SBA Loan Programs:
- In 2023, Black-owned WOSBs like DALS Credit Solutions Co. received less than 1% of the capital from the Small Business Investment Company (SBIC) program, while ANC (Alaska Native Corporation) companies dominated the distribution of these funds. The SBIC Agency Licensing Committee still needs to ensure equitable access to capital, perpetuating the exclusion of Black-owned businesses.
- SBA loan programs, including 7(a) and 504 loans, have similarly marginalized Black-owned businesses. Despite being a previously SBA-certified WOSB, Lynette Stevenson's business was denied fair access to these loans, further exacerbating the financial challenges faced by her company.

Exclusion from Federal Contracting Opportunities:
- Lynette T Stevenson, owner of DALS Credit Solutions Co & Leticia Alexander-z, owner of Softech Solutions, was largely shut out of federal contracting opportunities despite being a GSA Schedule Contract Holder and an 8(a) StarsIII-Navy CPort NextGen participant. In 2023, Black-owned businesses received only 1.61% of total federal contracting dollars—roughly $10.5 billion out of a $650 billion pool—while ANC companies secured over $15 billion. This ongoing bias in federal contracting further underscores the systemic failure of the SBA and FPAC to support Black-owned WOSBs and 8(a) businesses.

Disaster Relief Failures and FPAC Exclusion:
- During the COVID-19 pandemic, Black-owned WOSBs, including DALS Credit Solutions Co., were almost entirely excluded from SBA disaster relief funds. Only 1.5% of Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) funds were allocated to Black-owned businesses, while ANC companies received a significant share, stabilizing their operations. This exclusion has devastated Black-owned businesses, with over 41% permanently closing during the pandemic.
- Similarly, FPAC must distribute funds equitably to Black-owned businesses in agriculture and related industries. Despite numerous attempts to secure support from FPAC's disaster relief and lending programs, DALS Credit Solutions Co. has been continuously overlooked.

Lack of Oversight and Accountability:
The SBIC Agency Licensing Committee and FPAC leadership, Adminstrator Guzman from the SBA Office of General Counsel (OGC) and key policy and strategy directors, have consistently failed to provide oversight and enforce equity in the distribution of funds. This failure has allowed ANC companies to dominate federal programs while Black-owned WOSBs and businesses like DALS Credit Solutions Co. and Softech Solutions have been systematically excluded.

Legal Violations and Need for Action:
The actions—or inactions—by the SBA and FPAC, especially regarding FOIA delays, Rule of Two violations, and exclusionary practices in loan and contracting opportunities, are not only policy failures but also possible violations of federal law, including:
- The Small Business Act (15 USC § 631 et seq.) mandates equitable support for small businesses, particularly those economically disadvantaged.

- The Equal Credit Opportunity Act (ECOA) (15 USC § 1691) prohibits discrimination in lending and access to capital.
- The Civil Rights Act of 1964 (Title VI) (42 USC § 2000d) bans racial discrimination in federally funded programs.

Request for Legal Assistance:

Given your expertise in federal litigation and addressing systemic discrimination, I seek your assistance in preparing a federal complaint against the SBA and FPAC for their ongoing discrimination and exclusionary practices. The Rule of Two violations, lack of transparency through FOIA, and the financial devastation caused by the SBA's and FPAC's neglect have harmed businesses like DALS Credit Solutions Co. and Softech Solutions.

I would greatly appreciate the opportunity to discuss this matter with you and explore the next steps for legal action. I can be reached at 717.421.1445 or via email at LS@dalscreditsolutions. Your prompt attention to this urgent matter would be highly appreciated.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

Book time to meet with me

 **Outlook**

---

**Re: Legal Assistance for SBA & FPAC lawsuit**

---

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Tue 10-Sep-24 12:21 PM
**To** jeff.wahl@jrwesquire.com <jeff.wahl@jrwesquire.com>

Dear Attorney J. Whal

I hope this message finds you well. We seek legal assistance regarding systemic failures and discriminatory practices by the Small Business Administration (SBA) and Farm Production and Conservation (FPAC) programs. These failures have severely impacted Black-owned businesses, including Women-Owned Small Businesses (WOSBs) and 8(a) contract holders, such as Lynette T. Stevenson, owner of DALS Credit Solutions Co. (a previous SBA-certified WOSB), and Neiko St
FOIA Requests and Lack of Transparency:
To bring these issues to light, FOIA (Freedom of Information Act) requests were submitted to both the SBA and FPAC, seeking detailed records on loan distributions, SBIC investments, and federal contracting allocations, particularly regarding minority-owned businesses. However, these requests have been met with delays, obfuscation, and a failure to provide the necessary information promptly. The lack of transparency further indicates the unwillingness of these agencies to address the systemic inequities within their programs.

Rule of Two Violations:
DALS Credit Solutions Co., under the leadership of Lynette Stevenson, has repeatedly submitted requests for the application of the Rule of Two—which mandates that specific federal contracts must be set aside for small businesses if at least two small business contractors are qualified to bid. Despite this, federal agencies, including the SBA and other government contracting bodies, ignored these requests on multiple occasions. This blatant disregard for established procurement rules further marginalized DALS Credit Solutions Co., preventing it from accessing critical federal contracting opportunities that could have helped the business thrive.

Systemic Exclusion from Capital and SBA Loan Programs:
- In 2023, Black-owned WOSBs like DALS Credit Solutions Co. received less than 1% of the capital from the Small Business Investment Company (SBIC) program, while ANC (Alaska Native Corporation) companies dominated the distribution of these funds. The SBIC Agency Licensing Committee still needs to ensure equitable access to capital, perpetuating the exclusion of Black-owned businesses.
- SBA loan programs, including 7(a) and 504 loans, have similarly marginalized Black-owned businesses. Despite being a previously SBA-certified WOSB, Lynette Stevenson's business was denied fair access to these loans, further exacerbating the financial challenges faced by her company.

Exclusion from Federal Contracting Opportunities:
- Lynette T Stevenson, owner of DALS Credit Solutions Co & Leticia Alexander-z, owner of Softech Solutions, was largely shut out of federal contracting opportunities despite being a GSA Schedule Contract Holder and an 8(a) StarsIII-Navy CPort NextGen participant. In 2023, Black-owned businesses received only 1.61% of total federal contracting dollars—roughly $10.5 billion out of a $650 billion pool—while ANC companies secured over $15 billion. This ongoing bias in federal contracting further underscores the systemic failure of the SBA and FPAC to support Black-owned WOSBs and 8(a) businesses.

Disaster Relief Failures and FPAC Exclusion:
- During the COVID-19 pandemic, Black-owned WOSBs, including DALS Credit Solutions Co., were almost entirely excluded from SBA disaster relief funds. Only 1.5% of Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) funds were allocated to Black-owned businesses, while ANC companies received a significant share, stabilizing their operations. This exclusion has devastated Black-owned businesses, with over 41% permanently closing during the pandemic.
- Similarly, FPAC must distribute funds equitably to Black-owned businesses in agriculture and related industries. Despite numerous attempts to secure support from FPAC's disaster relief and lending programs, DALS Credit Solutions Co. has been continuously overlooked.

Lack of Oversight and Accountability:
The SBIC Agency Licensing Committee and FPAC leadership, Adminstrator Guzman from the SBA Office of General Counsel (OGC) and key policy and strategy directors, have consistently failed to provide oversight and enforce equity in the distribution of funds. This failure has allowed ANC companies to dominate federal programs while Black-owned WOSBs and businesses like DALS Credit Solutions Co. and Softech Solutions have been systematically excluded.

Legal Violations and Need for Action:
The actions—or inactions—by the SBA and FPAC, especially regarding FOIA delays, Rule of Two violations, and exclusionary practices in loan and contracting opportunities, are not only policy failures but also possible violations of federal law, including:
- The Small Business Act (15 USC § 631 et seq.) mandates equitable support for small businesses, particularly those economically disadvantaged.
- The Equal Credit Opportunity Act (ECOA) (15 USC § 1691) prohibits discrimination in lending and access to capital.
- The Civil Rights Act of 1964 (Title VI) (42 USC § 2000d) bans racial discrimination in federally funded programs.

Request for Legal Assistance:
Given your expertise in federal litigation and addressing systemic discrimination, I seek your assistance in preparing a federal complaint against the SBA and FPAC for their ongoing discrimination and exclusionary practices. The Rule of Two violations, lack of transparency through FOIA, and the financial devastation caused by the SBA's and FPAC's neglect have harmed businesses like DALS Credit Solutions Co. and Softech Solutions.
I would greatly appreciate the opportunity to discuss this matter with you and explore the next steps for legal action. I can be reached at 717.421.1445 or via email at LS@dalscreditsolutions. Your prompt attention to this urgent matter would be highly appreciated.




Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445

Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified


Disclosure: <u>Website</u>
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any
third party without written authorization. DALS Credit Solutions Co does not participate in removing
items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that
adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**

📇 Book time to meet with me

---

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 4, 2024 12:24 PM
**To:** jeff.wahl@jrwesquire.com <jeff.wahl@jrwesquire.com>
**Subject:** Legal Assistance for SBA & FPAC lawsuit

Dear Attorney J. Whal

I hope this message finds you well. I seek your legal assistance regarding systemic failures and
discriminatory practices by the Small Business Administration (SBA) and Farm Production and
Conservation (FPAC) programs. These failures have severely impacted Black-owned businesses,
including Women-Owned Small Businesses (WOSBs) and 8(a) contract holders, such as Lynette T.
Stevenson, owner of DALS Credit Solutions Co. (a previous SBA-certified WOSB), and Leticia
Alexander, owner of z Softech Solutions (8A Stars III-Navy CPort NextGen & GSA Schedule Contract
Holder).

FOIA Requests and Lack of Transparency:
To bring these issues to light, FOIA (Freedom of Information Act) requests were submitted to both the
SBA and FPAC, seeking detailed records on loan distributions, SBIC investments, and federal contracting
allocations, particularly regarding minority-owned businesses. However, these requests have been met
with delays, obfuscation, and a failure to provide the necessary information promptly. The lack of

transparency further indicates the unwillingness of these agencies to address the systemic inequities within their programs.

Rule of Two Violations:
DALS Credit Solutions Co., under the leadership of Lynette Stevenson, has repeatedly submitted requests for the application of the Rule of Two—which mandates that specific federal contracts must be set aside for small businesses if at least two small business contractors are qualified to bid. Despite this, federal agencies, including the SBA and other government contracting bodies, ignored these requests on multiple occasions. This blatant disregard for established procurement rules further marginalized DALS Credit Solutions Co., preventing it from accessing critical federal contracting opportunities that could have helped the business thrive.

Systemic Exclusion from Capital and SBA Loan Programs:
- In 2023, Black-owned WOSBs like DALS Credit Solutions Co. received less than 1% of the capital from the Small Business Investment Company (SBIC) program, while ANC (Alaska Native Corporation) companies dominated the distribution of these funds. The SBIC Agency Licensing Committee still needs to ensure equitable access to capital, perpetuating the exclusion of Black-owned businesses.
- SBA loan programs, including 7(a) and 504 loans, have similarly marginalized Black-owned businesses. Despite being a previously SBA-certified WOSB, Lynette Stevenson's business was denied fair access to these loans, further exacerbating the financial challenges faced by her company.

Exclusion from Federal Contracting Opportunities:
- Lynette T Stevenson, owner of DALS Credit Solutions Co & Leticia Alexander-z, owner of Softech Solutions, was largely shut out of federal contracting opportunities despite being a GSA Schedule Contract Holder and an 8(a) StarsIII-Navy CPort NextGen participant. In 2023, Black-owned businesses received only 1.61% of total federal contracting dollars—roughly $10.5 billion out of a $650 billion pool—while ANC companies secured over $15 billion. This ongoing bias in federal contracting further underscores the systemic failure of the SBA and FPAC to support Black-owned WOSBs and 8(a) businesses.

Disaster Relief Failures and FPAC Exclusion:
- During the COVID-19 pandemic, Black-owned WOSBs, including DALS Credit Solutions Co., were almost entirely excluded from SBA disaster relief funds. Only 1.5% of Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) funds were allocated to Black-owned businesses, while ANC companies received a significant share, stabilizing their operations. This exclusion has devastated Black-owned businesses, with over 41% permanently closing during the pandemic.
- Similarly, FPAC must distribute funds equitably to Black-owned businesses in agriculture and related industries. Despite numerous attempts to secure support from FPAC's disaster relief and lending programs, DALS Credit Solutions Co. has been continuously overlooked.

Lack of Oversight and Accountability:
The SBIC Agency Licensing Committee and FPAC leadership, Adminstrator Guzman from the SBA Office of General Counsel (OGC) and key policy and strategy directors, have consistently failed to provide oversight and enforce equity in the distribution of funds. This failure has allowed ANC companies to dominate federal programs while Black-owned WOSBs and businesses like DALS Credit Solutions Co. and Softech Solutions have been systematically excluded.

Legal Violations and Need for Action:
The actions—or inactions—by the SBA and FPAC, especially regarding FOIA delays, Rule of Two violations, and exclusionary practices in loan and contracting opportunities, are not only policy failures but also possible violations of federal law, including:
- The Small Business Act (15 USC § 631 et seq.) mandates equitable support for small businesses, particularly those economically disadvantaged.

- The Equal Credit Opportunity Act (ECOA) (15 USC § 1691) prohibits discrimination in lending and access to capital.
- The Civil Rights Act of 1964 (Title VI) (42 USC § 2000d) bans racial discrimination in federally funded programs.

Request for Legal Assistance:
Given your expertise in federal litigation and addressing systemic discrimination, I seek your assistance in preparing a federal complaint against the SBA and FPAC for their ongoing discrimination and exclusionary practices. The Rule of Two violations, lack of transparency through FOIA, and the financial devastation caused by the SBA's and FPAC's neglect have harmed businesses like DALS Credit Solutions Co. and Softech Solutions.
I would greatly appreciate the opportunity to discuss this matter with you and explore the next steps for legal action. I can be reached at 717.421.1445 or via email at LS@dalscreditsolutions. Your prompt attention to this urgent matter would be highly appreciated.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

Book time to meet with me



**Seek legal assistance based on data below**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Tue 10-Sep-24 12:19 PM
**To** emk@crklaw.com <emk@crklaw.com>

Dear Attorney EMK

I hope this message finds you well. we seek your legal assistance regarding systemic failures and discriminatory practices by the Small Business Administration (SBA) and Farm Production and Conservation (FPAC) programs. These failures have severely impacted Black-owned businesses, including Women-Owned Small Businesses (WOSBs) and 8(a) contract holders, such as Lynette T. Stevenson, owner of DALS Credit Solutions Co. (a previous SBA-certified WOSB), and Neiko Stewart.

FOIA Requests and Lack of Transparency:
To bring these issues to light, FOIA (Freedom of Information Act) requests were submitted to both the SBA and FPAC, seeking detailed records on loan distributions, SBIC investments, and federal contracting allocations, particularly regarding minority-owned businesses. However, these requests have been met with delays, obfuscation, and a failure to provide the necessary information promptly. The lack of transparency further indicates the unwillingness of these agencies to address the systemic inequities within their programs.

Rule of Two Violations:
DALS Credit Solutions Co., under the leadership of Lynette Stevenson, has repeatedly submitted requests for the application of the Rule of Two—which mandates that specific federal contracts must be set aside for small businesses if at least two small business contractors are qualified to bid. Despite this, federal agencies, including the SBA and other government contracting bodies, ignored these requests on multiple occasions. This blatant disregard for established procurement rules further marginalized DALS Credit Solutions Co., preventing it from accessing critical federal contracting opportunities that could have helped the business thrive.

Systemic Exclusion from Capital and SBA Loan Programs:
- In 2023, Black-owned WOSBs like DALS Credit Solutions Co. received less than 1% of the capital from the Small Business Investment Company (SBIC) program, while ANC (Alaska Native Corporation) companies dominated the distribution of these funds. The SBIC Agency Licensing Committee still needs to ensure equitable access to capital, perpetuating the exclusion of Black-owned businesses.
- SBA loan programs, including 7(a) and 504 loans, have similarly marginalized Black-owned businesses. Despite being a previously SBA-certified WOSB, Lynette Stevenson's business was denied fair access to these loans, further exacerbating the financial challenges faced by her company.

Exclusion from Federal Contracting Opportunities:
- Lynette T Stevenson, owner of DALS Credit Solutions Co & Leticia Alexander-z, owner of Softech Solutions, was largely shut out of federal contracting opportunities despite being a GSA Schedule Contract Holder and an 8(a) StarsIII-Navy CPort NextGen participant. In 2023, Black-owned businesses received only 1.61% of total federal contracting dollars—roughly $10.5 billion out of a $650 billion pool—while ANC companies secured over $15 billion. This ongoing bias in federal

contracting further underscores the systemic failure of the SBA and FPAC to support Black-owned WOSBs and 8(a) businesses.

Disaster Relief Failures and FPAC Exclusion:
- During the COVID-19 pandemic, Black-owned WOSBs, including DALS Credit Solutions Co., were almost entirely excluded from SBA disaster relief funds. Only 1.5% of Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) funds were allocated to Black-owned businesses, while ANC companies received a significant share, stabilizing their operations. This exclusion has devastated Black-owned businesses, with over 41% permanently closing during the pandemic.
- Similarly, FPAC must distribute funds equitably to Black-owned businesses in agriculture and related industries. Despite numerous attempts to secure support from FPAC's disaster relief and lending programs, DALS Credit Solutions Co. has been continuously overlooked.

Lack of Oversight and Accountability:
The SBIC Agency Licensing Committee and FPAC leadership, Adminstrator Guzman from the SBA Office of General Counsel (OGC) and key policy and strategy directors, have consistently failed to provide oversight and enforce equity in the distribution of funds. This failure has allowed ANC companies to dominate federal programs while Black-owned WOSBs and businesses like DALS Credit Solutions Co. and Softech Solutions have been systematically excluded.

Legal Violations and Need for Action:
The actions—or inactions—by the SBA and FPAC, especially regarding FOIA delays, Rule of Two violations, and exclusionary practices in loan and contracting opportunities, are not only policy failures but also possible violations of federal law, including:
- The Small Business Act (15 USC § 631 et seq.) mandates equitable support for small businesses, particularly those economically disadvantaged.
- The Equal Credit Opportunity Act (ECOA) (15 USC § 1691) prohibits discrimination in lending and access to capital.
- The Civil Rights Act of 1964 (Title VI) (42 USC § 2000d) bans racial discrimination in federally funded programs.

Request for Legal Assistance:
Given your expertise in federal litigation and addressing systemic discrimination, I seek your assistance in preparing a federal complaint against the SBA and FPAC for their ongoing discrimination and exclusionary practices. The Rule of Two violations, lack of transparency through FOIA, and the financial devastation caused by the SBA's and FPAC's neglect have harmed businesses like DALS Credit Solutions Co. and Softech Solutions.

I would greatly appreciate the opportunity to discuss this matter with you and explore the next steps for legal action. I can be reached at 717.421.1445 or via email at LS@dalscreditsolutions. Your prompt attention to this urgent matter would be highly appreciated.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of FTI

5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: <u>Website</u>
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any
third party without written authorization. DALS Credit Solutions Co does not participate in removing
items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that
adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

Book time to meet with me

 **Outlook**

## Request for Legal Representation: USDA, SBA, and DOI Discrimination and Settlement Negotiations

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Mon 16-Sep-24 1:44 PM

**To** scrisanti@cooley.com <scrisanti@cooley.com>

▌ 4 attachments (1 MB)

Letter to DOJ (1) (1).pdf; 10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24 (1) (1).pdf; 10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24 (2).pdf; 24 -24 - Acknowledgement Letter - Lynette Stevenson (1).pdf;

**Dear, Attorney, Samantha Luisa Crisanti**

I hope this email finds you well. My name is **Lynette T. Stevenson**, and I founded **DALS Credit Solutions Co.** I seek legal representation regarding a complex issue involving discrimination by several federal agencies, including the **USDA, SBA**, and the **Department of the Interior (DOI)**.
I have gathered extensive data that highlights systemic issues, including the preferential treatment of **ANCs** and **SBIC-backed companies** and the failure of the **SBA** to advocate for Black-owned businesses by congressional mandates.

My business and others like mine have suffered significant financial losses due to these practices, and I have compiled a **26-page white paper** detailing how these systemic inequities have impacted Black-owned businesses, including projections on how the **2025 presidential budget** will further contribute to the decline of these businesses.
Here are some key points related to my case:

- **FOIA Requests**: I have submitted multiple FOIA requests to the **SBA, USDA FPAC**, and **DOI** to uncover data related to the allocation of contracts and the impact of federal procurement processes on Black-owned businesses. Unfortunately, these agencies have either delayed or watered their responses, particularly regarding **disaggregated 1099 vs. W-2 employee data**, which is crucial to my case.
- **Discriminatory Practices**: My research reveals that the **bloodline quantification for ANCs** was never fully addressed, leading to a lack of accountability in how the DOI handled ANC membership. This has allowed certain entities to benefit from federal programs without sufficient oversight, leaving Black-owned businesses disadvantaged.
- **Settlement Request**: I submitted a settlement request to the SBA for **$7 billion**, seeking compensation for the damage caused to my three businesses and advocating for policy changes to prevent further harm to minority-owned companies. I intend not to go public, as I have safety concerns and prefer to resolve this matter privately through negotiation or legal channels. However, the SBA quickly denied my request, and I now seek legal counsel to move forward with litigation or continued settlement discussions.

My case represents not only personal and business-related losses but broader systemic issues within federal contracting processes that must be addressed. I want to discuss the possibility of working with you on this matter, including **pursuing legal action** in federal court, **negotiating a settlement**, or acting as a **liaison** to help implement policy reforms that support Black-owned businesses.

I have already submitted my white paper and data to the **DOJ**. I am eager to find an attorney to help me navigate this complex situation and push for a resolution that compensates my business and contributes to meaningful change.

Please let me know if we can arrange a time to discuss this further. I am happy to provide more details and documentation, including my white paper, to support the case. I attached rough drafts and responses to FOIA from SBA and USDA. Its three of us, If you can assist with this case, we will be grateful.

Thank you for your time, and I look forward to hearing from you.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road
Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me



**Request for Assistance Regarding Federal Contracting Discrimination Case**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Tue 01-Oct-24 9:26 AM

**To** pamela.daiker-middaugh@law.csuohio.edu <pamela.daiker-middaugh@law.csuohio.edu>

**Cc** d.kalir@csuohio.edu <d.kalir@csuohio.edu>; Neiko Stewart <Neiko@neikostewart.com>; danish.adnan@janoons.com <danish.adnan@janoons.com>

Dear Professor, Kalir and Ms. Daiker-Middaugh,

I hope this message finds you well. My name is Lynette T. Stevenson, and I founded DALS Credit Solutions Co., Danish Adnan, Founder of Janoon, Inc., and Nicole Stewart, founder of Anue Strategies Group. This Black-owned business has been deeply affected by systemic discrimination in federal contracting. I am contacting you both to explore the possibility of receiving assistance or guidance from the Appellate Practice Clinic at Cleveland State University College of Law. The issues my business is facing align with the type of essential cases your clinic addresses.

Despite being fully qualified, my company has been excluded from over 30 federal contract opportunities with the USDA. At the same time, Alaskan Native Corporations (ANCs) and other entities have received preferential treatment under the SBA's 8(a) program. This exclusion has been a direct result of the SBA's failure to fully comply with the Ultima Services Corp. v. USDA ruling, which held that the automatic presumption of social disadvantage for ANCs and other groups violates the Equal Protection Clause. Despite this ruling, Black-owned businesses like mine have been systematically excluded from fair access to federal contracting.

In addition to my exclusion from these opportunities, I have encountered repeated failures from multiple federal agencies—including the USDA and the Department of the Interior—to respond to my FOIA requests. These requests seek crucial information on ANC compliance with federal contracting rules, but the lack of transparency only highlights the systemic nature of the issue. I believe these failures demonstrate a widespread and ongoing pattern of discrimination that has affected many similarly situated businesses, particularly minority-owned companies.

I recently filed a motion to intervene in the Ultima Services Corp. case under Rule 24 to address the broader systemic harm caused by the SBA's discriminatory practices. This intervention would allow me to present evidence and represent the interests of other Black-owned businesses that have been similarly harmed. While I understand this is a complex legal matter, I remain committed to ensuring that these issues are fully addressed and that the systemic inequities in federal contracting are corrected.

Given your esteemed expertise and the mission of the Appellate Practice Clinic, I would greatly appreciate your insight into this case and whether it aligns with the work you do. Any assistance or guidance you could provide—whether in the form of legal representation, strategic advice, or collaboration—would be invaluable as I move forward with this case.

Thank you for your time and consideration. I am hopeful for a positive outcome and would be grateful for the opportunity to discuss this matter further and explore any potential avenues for assistance.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

Book time to meet with me

 Outlook

**Re: Legal Assistance for SBA & FPAC lawsuit**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Tue 10-Sep-24 12:21 PM
**To** jeff.wahl@jrwesquire.com <jeff.wahl@jrwesquire.com>

Dear Attorney J. Whal

I hope this message finds you well. We seek legal assistance regarding systemic failures and discriminatory practices by the Small Business Administration (SBA) and Farm Production and Conservation (FPAC) programs. These failures have severely impacted Black-owned businesses, including Women-Owned Small Businesses (WOSBs) and 8(a) contract holders, such as Lynette T. Stevenson, owner of DALS Credit Solutions Co. (a previous SBA-certified WOSB), and Neiko St FOIA Requests and Lack of Transparency:
To bring these issues to light, FOIA (Freedom of Information Act) requests were submitted to both the SBA and FPAC, seeking detailed records on loan distributions, SBIC investments, and federal contracting allocations, particularly regarding minority-owned businesses. However, these requests have been met with delays, obfuscation, and a failure to provide the necessary information promptly. The lack of transparency further indicates the unwillingness of these agencies to address the systemic inequities within their programs.

Rule of Two Violations:
DALS Credit Solutions Co., under the leadership of Lynette Stevenson, has repeatedly submitted requests for the application of the Rule of Two—which mandates that specific federal contracts must be set aside for small businesses if at least two small business contractors are qualified to bid. Despite this, federal agencies, including the SBA and other government contracting bodies, ignored these requests on multiple occasions. This blatant disregard for established procurement rules further marginalized DALS Credit Solutions Co., preventing it from accessing critical federal contracting opportunities that could have helped the business thrive.

Systemic Exclusion from Capital and SBA Loan Programs:
- In 2023, Black-owned WOSBs like DALS Credit Solutions Co. received less than 1% of the capital from the Small Business Investment Company (SBIC) program, while ANC (Alaska Native Corporation) companies dominated the distribution of these funds. The SBIC Agency Licensing Committee still needs to ensure equitable access to capital, perpetuating the exclusion of Black-owned businesses.
- SBA loan programs, including 7(a) and 504 loans, have similarly marginalized Black-owned businesses. Despite being a previously SBA-certified WOSB, Lynette Stevenson's business was denied fair access to these loans, further exacerbating the financial challenges faced by her company.

Exclusion from Federal Contracting Opportunities:
- Lynette T Stevenson, owner of DALS Credit Solutions Co & Leticia Alexander-z, owner of Softech Solutions, was largely shut out of federal contracting opportunities despite being a GSA Schedule Contract Holder and an 8(a) StarsIII-Navy CPort NextGen participant. In 2023, Black-owned businesses received only 1.61% of total federal contracting dollars—roughly $10.5 billion out of a $650 billion pool—while ANC companies secured over $15 billion. This ongoing bias in federal contracting further underscores the systemic failure of the SBA and FPAC to support Black-owned WOSBs and 8(a) businesses.

Disaster Relief Failures and FPAC Exclusion:

- During the COVID-19 pandemic, Black-owned WOSBs, including DALS Credit Solutions Co., were almost entirely excluded from SBA disaster relief funds. Only 1.5% of Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) funds were allocated to Black-owned businesses, while ANC companies received a significant share, stabilizing their operations. This exclusion has devastated Black-owned businesses, with over 41% permanently closing during the pandemic.
- Similarly, FPAC must distribute funds equitably to Black-owned businesses in agriculture and related industries. Despite numerous attempts to secure support from FPAC's disaster relief and lending programs, DALS Credit Solutions Co. has been continuously overlooked.

Lack of Oversight and Accountability:
The SBIC Agency Licensing Committee and FPAC leadership, Adminstrator Guzman from the SBA Office of General Counsel (OGC) and key policy and strategy directors, have consistently failed to provide oversight and enforce equity in the distribution of funds. This failure has allowed ANC companies to dominate federal programs while Black-owned WOSBs and businesses like DALS Credit Solutions Co. and Softech Solutions have been systematically excluded.

Legal Violations and Need for Action:
The actions—or inactions—by the SBA and FPAC, especially regarding FOIA delays, Rule of Two violations, and exclusionary practices in loan and contracting opportunities, are not only policy failures but also possible violations of federal law, including:

- The Small Business Act (15 USC § 631 et seq.) mandates equitable support for small businesses, particularly those economically disadvantaged.
- The Equal Credit Opportunity Act (ECOA) (15 USC § 1691) prohibits discrimination in lending and access to capital.
- The Civil Rights Act of 1964 (Title VI) (42 USC § 2000d) bans racial discrimination in federally funded programs.

Request for Legal Assistance:
Given your expertise in federal litigation and addressing systemic discrimination, I seek your assistance in preparing a federal complaint against the SBA and FPAC for their ongoing discrimination and exclusionary practices. The Rule of Two violations, lack of transparency through FOIA, and the financial devastation caused by the SBA's and FPAC's neglect have harmed businesses like DALS Credit Solutions Co. and Softech Solutions.
I would greatly appreciate the opportunity to discuss this matter with you and explore the next steps for legal action. I can be reached at 717.421.1445 or via email at LS@dalscreditsolutions. Your prompt attention to this urgent matter would be highly appreciated.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445

Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified


Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any
third party without written authorization. DALS Credit Solutions Co does not participate in removing
items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that
adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**

Book time to meet with me

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 4, 2024 12:24 PM
**To:** jeff.wahl@jrwesquire.com <jeff.wahl@jrwesquire.com>
**Subject:** Legal Assistance for SBA & FPAC lawsuit

Dear Attorney J. Whal

I hope this message finds you well. I seek your legal assistance regarding systemic failures and
discriminatory practices by the Small Business Administration (SBA) and Farm Production and
Conservation (FPAC) programs. These failures have severely impacted Black-owned businesses,
including Women-Owned Small Businesses (WOSBs) and 8(a) contract holders, such as Lynette T.
Stevenson, owner of DALS Credit Solutions Co. (a previous SBA-certified WOSB), and Leticia
Alexander, owner of z Softech Solutions (8A Stars III-Navy CPort NextGen & GSA Schedule Contract
Holder).

FOIA Requests and Lack of Transparency:
To bring these issues to light, FOIA (Freedom of Information Act) requests were submitted to both the
SBA and FPAC, seeking detailed records on loan distributions, SBIC investments, and federal contracting
allocations, particularly regarding minority-owned businesses. However, these requests have been met
with delays, obfuscation, and a failure to provide the necessary information promptly. The lack of

transparency further indicates the unwillingness of these agencies to address the systemic inequities within their programs.

Rule of Two Violations:
DALS Credit Solutions Co., under the leadership of Lynette Stevenson, has repeatedly submitted requests for the application of the Rule of Two—which mandates that specific federal contracts must be set aside for small businesses if at least two small business contractors are qualified to bid. Despite this, federal agencies, including the SBA and other government contracting bodies, ignored these requests on multiple occasions. This blatant disregard for established procurement rules further marginalized DALS Credit Solutions Co., preventing it from accessing critical federal contracting opportunities that could have helped the business thrive.

Systemic Exclusion from Capital and SBA Loan Programs:
- In 2023, Black-owned WOSBs like DALS Credit Solutions Co. received less than 1% of the capital from the Small Business Investment Company (SBIC) program, while ANC (Alaska Native Corporation) companies dominated the distribution of these funds. The SBIC Agency Licensing Committee still needs to ensure equitable access to capital, perpetuating the exclusion of Black-owned businesses.
- SBA loan programs, including 7(a) and 504 loans, have similarly marginalized Black-owned businesses. Despite being a previously SBA-certified WOSB, Lynette Stevenson's business was denied fair access to these loans, further exacerbating the financial challenges faced by her company.

Exclusion from Federal Contracting Opportunities:
- Lynette T Stevenson, owner of DALS Credit Solutions Co & Leticia Alexander-z, owner of Softech Solutions, was largely shut out of federal contracting opportunities despite being a GSA Schedule Contract Holder and an 8(a) StarsIII-Navy CPort NextGen participant. In 2023, Black-owned businesses received only 1.61% of total federal contracting dollars—roughly $10.5 billion out of a $650 billion pool—while ANC companies secured over $15 billion. This ongoing bias in federal contracting further underscores the systemic failure of the SBA and FPAC to support Black-owned WOSBs and 8(a) businesses.

Disaster Relief Failures and FPAC Exclusion:
- During the COVID-19 pandemic, Black-owned WOSBs, including DALS Credit Solutions Co., were almost entirely excluded from SBA disaster relief funds. Only 1.5% of Economic Injury Disaster Loan (EIDL) and Paycheck Protection Program (PPP) funds were allocated to Black-owned businesses, while ANC companies received a significant share, stabilizing their operations. This exclusion has devastated Black-owned businesses, with over 41% permanently closing during the pandemic.
- Similarly, FPAC must distribute funds equitably to Black-owned businesses in agriculture and related industries. Despite numerous attempts to secure support from FPAC's disaster relief and lending programs, DALS Credit Solutions Co. has been continuously overlooked.

Lack of Oversight and Accountability:
The SBIC Agency Licensing Committee and FPAC leadership, Adminstrator Guzman from the SBA Office of General Counsel (OGC) and key policy and strategy directors, have consistently failed to provide oversight and enforce equity in the distribution of funds. This failure has allowed ANC companies to dominate federal programs while Black-owned WOSBs and businesses like DALS Credit Solutions Co. and Softech Solutions have been systematically excluded.

Legal Violations and Need for Action:
The actions—or inactions—by the SBA and FPAC, especially regarding FOIA delays, Rule of Two violations, and exclusionary practices in loan and contracting opportunities, are not only policy failures but also possible violations of federal law, including:
- The Small Business Act (15 USC § 631 et seq.) mandates equitable support for small businesses, particularly those economically disadvantaged.

- The Equal Credit Opportunity Act (ECOA) (15 USC § 1691) prohibits discrimination in lending and access to capital.
- The Civil Rights Act of 1964 (Title VI) (42 USC § 2000d) bans racial discrimination in federally funded programs.

Request for Legal Assistance:
Given your expertise in federal litigation and addressing systemic discrimination, I seek your assistance in preparing a federal complaint against the SBA and FPAC for their ongoing discrimination and exclusionary practices. The Rule of Two violations, lack of transparency through FOIA, and the financial devastation caused by the SBA's and FPAC's neglect have harmed businesses like DALS Credit Solutions Co. and Softech Solutions.
I would greatly appreciate the opportunity to discuss this matter with you and explore the next steps for legal action. I can be reached at 717.421.1445 or via email at LS@dalscreditsolutions. Your prompt attention to this urgent matter would be highly appreciated.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

📇 Book time to meet with me



**Introduction and Alignment on Systemic Discrimination in Federal Contracting – Request for Discussion**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Tue 01-Oct-24 10:15 AM

**To** froehlich.28@osu.edu <froehlich.28@osu.edu>

**Cc** cole.228@osu.edu <cole.228@osu.edu>; Neiko Stewart <Neiko@neikostewart.com>; danish.adnan@janoons.com <danish.adnan@janoons.com>

Dear, <u>**William Froehlich, B.A., J.D., and Sarah Rudolph Cole B.A., J.D**</u>

I hope this message finds you well. My name is Lynette T. Stevenson, and I founded DALS Credit Solutions Co., Danish Adnan, Founder of Janoon, Inc., and Nicole Stewart, founder of Anue Strategies Group. This Black-owned business has been deeply affected by systemic discrimination in federal contracting. I am contacting you both to explore the possibility of receiving assistance or guidance from the Appellate Practice Clinic at Cleveland State University College of Law. The issues my business is facing align with the type of essential cases your clinic addresses.

Despite being fully qualified, our company has been excluded from over 30 federal contract opportunities with the USDA. At the same time, Alaskan Native Corporations (ANCs) and other entities have received preferential treatment under the SBA's 8(a) program. This exclusion has been a direct result of the SBA's failure to fully comply with the Ultima Services Corp. v. USDA ruling, which held that the automatic presumption of social disadvantage for ANCs and other groups violates the Equal Protection Clause. Despite this ruling, Black-owned businesses like mine have been systematically excluded from fair access to federal contracting.

In addition to my exclusion from these opportunities, I have encountered repeated failures from multiple federal agencies—including the USDA and the Department of the Interior—to respond to my FOIA requests. These requests seek crucial information on ANC compliance with federal contracting rules, but the lack of transparency only highlights the systemic nature of the issue. I believe these failures demonstrate a widespread and ongoing pattern of discrimination that has affected many similarly situated businesses, particularly minority-owned companies.

I recently filed a motion to intervene in the Ultima Services Corp. case under Rule 24 to address the broader systemic harm caused by the SBA's discriminatory practices. This intervention would allow me to present evidence and represent the interests of other Black-owned businesses that have been similarly harmed. While I understand this is a complex legal matter, I remain committed to ensuring that these issues are fully addressed and that the systemic inequities in federal contracting are corrected.

Given your esteemed expertise and the mission of the Appellate Practice Clinic, I would greatly appreciate your insight into this case and whether it aligns with the work you do. Your assistance or guidance, whether in the form of legal representation, strategic advice, or collaboration, would be invaluable as I move forward with this case.

Thank you for your time and consideration. I am hopeful for a positive outcome and would appreciate the opportunity to discuss this matter further and explore any potential avenues for assistance. Your support in this matter would be greatly appreciated.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist
InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

Book time to meet with me

 **Outlook**

## Request for Assistance Regarding Federal Contracting Discrimination Case

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Tue 01-Oct-24 9:26 AM

**To** pamela.daiker-middaugh@law.csuohio.edu <pamela.daiker-middaugh@law.csuohio.edu>

**Cc** d.kalir@csuohio.edu <d.kalir@csuohio.edu>; Neiko Stewart <Neiko@neikostewart.com>; danish.adnan@janoons.com <danish.adnan@janoons.com>

Dear Professor, Kalir and Ms. Daiker-Middaugh,

I hope this message finds you well. My name is Lynette T. Stevenson, and I founded DALS Credit Solutions Co., Danish Adnan, Founder of Janoon, Inc., and Nicole Stewart, founder of Anue Strategies Group. This Black-owned business has been deeply affected by systemic discrimination in federal contracting. I am contacting you both to explore the possibility of receiving assistance or guidance from the Appellate Practice Clinic at Cleveland State University College of Law. The issues my business is facing align with the type of essential cases your clinic addresses.

Despite being fully qualified, my company has been excluded from over 30 federal contract opportunities with the USDA. At the same time, Alaskan Native Corporations (ANCs) and other entities have received preferential treatment under the SBA's 8(a) program. This exclusion has been a direct result of the SBA's failure to fully comply with the Ultima Services Corp. v. USDA ruling, which held that the automatic presumption of social disadvantage for ANCs and other groups violates the Equal Protection Clause. Despite this ruling, Black-owned businesses like mine have been systematically excluded from fair access to federal contracting.

In addition to my exclusion from these opportunities, I have encountered repeated failures from multiple federal agencies—including the USDA and the Department of the Interior—to respond to my FOIA requests. These requests seek crucial information on ANC compliance with federal contracting rules, but the lack of transparency only highlights the systemic nature of the issue. I believe these failures demonstrate a widespread and ongoing pattern of discrimination that has affected many similarly situated businesses, particularly minority-owned companies.

I recently filed a motion to intervene in the Ultima Services Corp. case under Rule 24 to address the broader systemic harm caused by the SBA's discriminatory practices. This intervention would allow me to present evidence and represent the interests of other Black-owned businesses that have been similarly harmed. While I understand this is a complex legal matter, I remain committed to ensuring that these issues are fully addressed and that the systemic inequities in federal contracting are corrected.

Given your esteemed expertise and the mission of the Appellate Practice Clinic, I would greatly appreciate your insight into this case and whether it aligns with the work you do. Any assistance or guidance you could provide—whether in the form of legal representation, strategic advice, or collaboration—would be invaluable as I move forward with this case.

Thank you for your time and consideration. I am hopeful for a positive outcome and would be grateful for the opportunity to discuss this matter further and explore any potential avenues for assistance.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)
WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9
Financial/ Government Business Strategist
InfraGard Member ID: 10146447
(O): (717) 421-1445 |
(M): (717) 379-2504 |
5246 Simpson Ferry Road
Mechanicsburg, PA. 17050
LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

 **Outlook**

---

**Read: Re: Proof of Service**

---

**From** Michelle Scott <Scott@cir-usa.org>

**Date** Mon 04-Nov-24 6:30 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

   To: Michelle Scott
   Subject: Re: Proof of Service
   Sent: Monday, November 4, 2024 3:31:01 AM (UTC-06:00) Central Time (US & Canada)

was read on Monday, November 4, 2024 5:30:19 AM (UTC-06:00) Central Time (US & Canada).



---

**Read: Re: Proof of Service**

---

**From** Dale Conder <dconder@raineykizer.com>

**Date** Mon 04-Nov-24 8:57 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: Dale Conder
  Subject: Re:  Proof of Service
  Sent: Monday, November 4, 2024 3:31:01 AM (UTC-06:00) Central Time (US & Canada)

 was read on Monday, November 4, 2024 7:56:56 AM (UTC-06:00) Central Time (US & Canada).



**Introduction and Alignment on Systemic Discrimination in Federal Contracting – Request for Discussion**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Tue 01-Oct-24 9:48 AM
**To** cpdlaw@uc.edu <cpdlaw@uc.edu>

Dear, Center for Professional Development

I hope this message finds you well. My name is Lynette T. Stevenson, and I founded DALS Credit Solutions Co., Danish Adnan, Founder of Janoon, Inc., and Nicole Stewart, founder of Anue Strategies Group. This Black-owned business has been deeply affected by systemic discrimination in federal contracting. I am contacting you both to explore the possibility of receiving assistance or guidance from the Appellate Practice Clinic at Cleveland State University College of Law. The issues my business is facing align with the type of essential cases your clinic addresses.

Despite being fully qualified, my company has been excluded from over 30 federal contract opportunities with the USDA. At the same time, Alaskan Native Corporations (ANCs) and other entities have received preferential treatment under the SBA's 8(a) program. This exclusion has been a direct result of the SBA's failure to fully comply with the Ultima Services Corp. v. USDA ruling, which held that the automatic presumption of social disadvantage for ANCs and other groups violates the Equal Protection Clause. Despite this ruling, Black-owned businesses like mine have been systematically excluded from fair access to federal contracting.

In addition to my exclusion from these opportunities, I have encountered repeated failures from multiple federal agencies—including the USDA and the Department of the Interior—to respond to my FOIA requests. These requests seek crucial information on ANC compliance with federal contracting rules, but the lack of transparency only highlights the systemic nature of the issue. I believe these failures demonstrate a widespread and ongoing pattern of discrimination that has affected many similarly situated businesses, particularly minority-owned companies.

I recently filed a motion to intervene in the Ultima Services Corp. case under Rule 24 to address the broader systemic harm caused by the SBA's discriminatory practices. This intervention would allow me to present evidence and represent the interests of other Black-owned businesses that have been similarly harmed. While I understand this is a complex legal matter, I remain committed to ensuring that these issues are fully addressed and that the systemic inequities in federal contracting are corrected.

Given your esteemed expertise and the mission of the Appellate Practice Clinic, I would greatly appreciate your insight into this case and whether it aligns with the work you do. Any assistance or guidance you could provide—whether in the form of legal representation, strategic advice, or collaboration—would be invaluable as I move forward with this case.

Thank you for your time and consideration. I am hopeful for a positive outcome and would be grateful for the opportunity to discuss this matter further and explore any potential avenues for assistance.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

Lynette T. Stevenson
Founder of DALS Credit Solutions Co.
5246 Simpson Ferry Road
Mechanicsburg, PA. 17050
Date: October 4th, 2024

Attention: **Jason C. Keeton**
Division Manager
United States District Court,
Eastern District of Tennessee
220 W. Depot Street, Suite 200
Greeneville, TN 37743

The **Honorable Clifton L. Corker**
United States District Judge
Eastern District of Tennessee, Greeneville Division
220 West Depot Street, Suite 416
Greeneville, TN 37743

Re: **Motion to Notify the Court of Non-Compliance and Request for Full Intervention – Case No. 2:20-cv-00041**

Dear Judge Corker,

I, Lynette T. Stevenson, Founder of DALS Credit Solutions Co., respectfully submit this motion to notify the Court of significant non-compliance with its prior orders and request appropriate enforcement actions. Additionally, I seek full intervention in this case, as my business has been directly impacted by the systemic failures of the S.B.A., USDA, and ANC-backed firms in enforcing federal procurement laws and complying with the Court's ruling. This motion pertains **to Ultima Services Corp. v. U.S. Department of Agriculture, Case No 2:20-cv-00041** and is submitted in conjunction with my Motion to Intervene, filed on September 27, 2024. Your honor, I also, sent a request for a FOIA with USDA and SBA.

**Background and Non-Compliance**

Since **October 2023**, neither **Ultima Services Corporation, LUSA Associates, Inc.,** nor the involved federal agencies **(USDA, S.B.A.)** have updated the Court with compliance with the Court's rulings. It has come to my attention that Ultima Services Corporation is no longer operational, as evidenced by its non-functioning website: http://www.ultimaservices-us.com/.

Even more concerning is that **LUSA Associates, Inc.**, which appears to have assumed control of federal contracts previously awarded to Ultima, still needs to maintain an operational website: http://lusaassociates.com/. Despite these operational changes, neither **LUSA Associates, Inc., USDA, nor S.B.A. have informed the Court or submitted evidence of compliance with 41 U.S.C. § 6305,** which mandates novation agreements when federal contracts are transferred.

Additionally, the Treasury report submitted to this Court reveals critical deviations from Federal Acquisition Regulations (FAR), which allowed ANC-backed firms supported by Small Business Investment Companies (SBICs) to continue receiving contracts without meeting eligibility requirements or submitting the required social narratives. These actions violate the Equal Protection Clause and disregard the Court's ruling, perpetuating the preferential treatment of ANC-backed firms at the expense of Black-owned businesses.

**Treasury Report, SBIC Influence, and Legal Precedents**

The data submitted demonstrates how the **SBIC 3:1 leverage** structure, which provides three times the private investment capital in federal funds to SBIC-backed firms, has enabled ANC-backed firms to continue dominating federal contract awards post-ruling, despite their failure to comply with FAR regulations and 8(a) program requirements. This financial leverage has indirectly facilitated the distribution of controlled contracts throughout the federal government, creating an unequal playing field for Black-owned businesses.

The Treasury report highlights how **the S.B.A. failed to enforce compliance and USDA continued issuing contracts under non-compliant procurement strategies.** This directly violates the principles of equal protection, as established in **Adarand Constructors, Inc. v. Peña, 515 U.S. 200 (1995)**, where the U.S. Supreme Court ruled that racial classifications in federal contracting must meet strict scrutiny and be narrowly tailored to serve compelling governmental interests. In this case, the preferential treatment of **ANC-backed firms**, without sufficient **scrutiny or transparency**, violates these **constitutional principles.**

Similarly, **Rothe Development Corp. v. U.S. Department of Defense, 413 F.3d 1327 (Fed. Cir. 2005)** underscores the need for race-based preferences in federal contracting to withstand strict scrutiny. The Court held that federal preferences based on race must be justified by a compelling governmental interest and be narrowly applied. **The Treasury report** shows **that ANC and other tribals under FAR 19 (Small Business Program)** firms have been allowed to continue receiving federal contracts without this necessary scrutiny, despite the Court's ruling, to the detriment of Black-owned businesses like mine.

In **Dynalantic Corp. v. U.S. Department of Defense, 885 F. Supp. 2d 237 (D.D.C. 2012)**, the Court found that the S.B.A. 8(a) program, while permissible, must be narrowly tailored to avoid unconstitutional race-based preferences in contracting. Yet**, LUSA Associates, Inc**. and other ANC-backed firms have continued benefiting from contracts without meeting the strict standards of the 8(a) program, demonstrating a failure to comply with constitutional and federal procurement laws.

**The Treasury report** also confirms that **the SBIC structure**, leveraged at **a 3:1 ratio**, has allowed for the unmonitored distribution of contracts, circumventing the FAR and further marginalizing Black-owned businesses. The S.B.A.'s failure to advocate for equal opportunity and USDA's non-compliance have perpetuated this discriminatory system, maintaining a monopoly over federal contracts for ANC-backed firms, which violates the Equal Protection Clause.

## Procurement Violations and USDA's Non-Compliance

In addition to the FAR violations highlighted in the Treasury report, USDA's procurement strategies have remained non-compliant with federal law. Despite the Court's ruling, ANC-backed firms have continued receiving contracts from USDA without proper adherence to eligibility requirements or transparency in contract distributions. USDA's failure to update its internal procurement processes or to enforce FAR 19 has perpetuated the inequitable distribution of federal contracts, notably excluding Black-owned businesses.

As evidenced by the **Treasury report, LUSA Associates, Inc.,** has continued to operate under these non-compliant procurement strategies, receiving contracts despite needing to demonstrate compliance with 8(a) program requirements or the Court's ruling. This lack of compliance by **LUSA Associates, Inc., USDA, and S.B.A. creates an unequal playing field and directly undermines the Court's orders.**

## Request for Full Intervention

As the Founder of DALS Credit Solutions Co., a Black-owned business, I respectfully request that this Court grant me full intervention **under Rule 24(a)(2)**. My company has been directly and significantly impacted by the S.B.A.'s failure to enforce compliance with federal procurement regulations, particularly with ANC-backed firms receiving preferential treatment, even post-ruling.

The **Treasury report** demonstrates **that ANC-backed firms**, supported by SBIC leverage structures, have continued to receive contracts under non-compliant procurement strategies without submitting the required social narratives. This has allowed them to avoid scrutiny, violating the FAR and the Court's ruling. The harm I am experiencing is ongoing and irreparable, and without full intervention, I will not be able to fully protect my company's ability to compete for federal contracts.

My participation is essential to protect my business interests and will assist this Court in addressing broader systemic issues within the S.B.A.'s administration of the 8(a) program. The preferential treatment of ANC-backed firms without requiring them to meet the same eligibility standards directly impairs Black-owned businesses like mine. This issue is central to the case and can only be adequately addressed through full intervention.

Furthermore, neither party in this case—**USDA or LUSA Associates, Inc.,** represents my interests or has demonstrated any willingness to address the systemic discrimination that continues to harm Black-owned businesses. I am uniquely positioned to bring forth the necessary perspective and evidence to ensure that this Court fully understands the disparate impact **of S.B.A.'s** actions on disadvantaged businesses.

Lastly, my full participation will not unduly delay or complicate the case. Still, it will instead complement the existing claims by providing crucial insights into S.B.A. compliance and the inequities within federal procurement processes.

**Relief Requested**

Considering these systemic failures, legal violations, and ongoing discriminatory treatment in federal contracting, I respectfully request the following:

Grant my motion for full intervention, as I have demonstrated a direct and significant interest in the outcome of this case. My intervention will ensure that systemic discrimination against Black-owned businesses is fully addressed. Order an **audit of the S.B.A. and USDA** regarding their handling of LUSA Associates Inc.'s contracts, including the influence of SBICs. In **Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Court emphasized transparency in government actions**. An audit would provide a detailed understanding of whether these agencies have failed in their duties and would shed light on the preferential treatment of ANC-backed firms.

Order **LUSA Associates, Inc**. to provide evidence of its status, whether it is certified under the S.B.A. 8(a) program, and has complied with **41 U.S.C. § 6305** regarding novation agreements. Compel compliance with federal procurement laws by requiring **LUSA Associates, Inc., USDA, and S.B.A**. to submit documentation proving their adherence to **SAM.gov** registration requirements, and **MAX.GOV** standards. Schedule a status conference to address these ongoing compliance failures and ensure that all parties operate within the framework of federal law and the Court's rulings.

**Conclusion**

The **systemic failures** of **LUSA Associates, Inc**., **USDA**, and **S.B.A**. to comply with federal procurement laws and this Court's rulings continue to cause real and significant harm to my business and other disadvantaged businesses. Each day of non-compliance compounds the damage, and immediate intervention is necessary to prevent further harm. I respectfully ask the Court to take swift action to restore integrity and fairness to the federal procurement process and ensure that the systemic discrimination against Black-owned businesses is fully addressed.

Thank you for your attention to this critical matter.

Respectfully,

Lynette T. Stevenson

Founder, DALS Credit Solutions Co.

Skip Navigation >

## SBA Profile

### Privacy Statement
(Back to Profile List, or use Back button)

**Identification, Location & Contacts**

This profile was last updated:        05/24/2024
Status:                               Active

User ID:                              P2641146
Name of Firm:                         LUSA ASSOCIATES INC
Capabilities Statement Link:
Trade Name ("Doing Business
As ..."):
UEI:                                  UN14M7VQR9X9
Address, line 1:                      831 ROYAL GORGE BLVD
Address, line 2:
City:                                 CANON CITY
State:                                CO
Zip:                                  81212-3754
Phone Number:                         240-498-8574 x
Fax Number:
E-mail Address:                       cwbennett@lusaassociates.com
WWW Page:
E-Commerce Website:
Contact Person:                       CELESTE BENNETT
County Code (3 digit):                043
Congressional District:               07
Metropolitan Statistical Area:
CAGE Code:                            944E2
Year Established:                      2001
Accepts Government Credit             [X] Yes [  ] No
Card?:
GSA Advantage Contract(s):

(Note: Size information is now under "NAICS Codes with Size Determinations by NAICS", below.)

**Organization, Ownership & Certifications**

Legal Structure:                  Subchapter S Corporation
Ownership and Self-               Women-Owned Small Business, Woman Owned
Certifications:

*Current Principals*

(none given)

*"Business Development Servicing Office" (for certifications)*

https://dsbs.sba.gov/search/dsp_profile.cfm?SAM_UEI=UN14M7VQR9X9                              1/5

COLORADO DISTRICT OFFICE (SBA office code 0811)



## 8(a) Certification:

SBA 8(a) Case Number:
SBA 8(a) Entrance Date:
SBA 8(a) Exit Date:

## HUBZone Certification:

HUBZone Certified?:              [X] Yes [ ] No
HUBZone Certification Date:      10/01/2021

## 8(a) Joint Venture - SBA Certified:

NOTE: Notify your servicing SBA Business Opportunity Specialist to have your 8(a) joint venture approval date reflected in DSBS.

8(a) JV Entrance Date:
8(a) JV Exit Date:

## Women Owned - SBA Certified:

WOSB Certified?:                 [X] Yes [ ] No
WOSB Certification Date:         05/07/2021
WOSB Pending?:                   [ ] Yes [X] No

## Economically Disadvantaged Women Owned - SBA Certified:

EDWOSB Certified?:               [ ] Yes [X] No
EDWOSB Pending?:                 [ ] Yes [X] No

## Veteran-Owned Small Business - SBA Certified:

VOSB Certified?:                 [ ] Yes [X] No
VOSB Joint Venture?:             [ ] Yes [X] No
VOSB Certification Date:
VOSB Certification Expiration
Date:

## Service-Disabled Veteran-Owned Small Business - SBA Certified:

SDVOSB Certified?:               [ ] Yes [X] No
SDVOSB Joint Venture?:           [ ] Yes [X] No
SDVOSB Certification Date:
SDVOSB Certification Expiration
Date:



## Non-Federal-Government Certifications:

(none given)



Products & Services

## Capabilities Narrative:

(none given)

## Special Equipment/Materials:

(none given)

## Business Type Percentages:

(none given)

## Bonding Levels

| | |
|---|---|
| Construction Bonding Level (per contract) | (none given) |
| Construction Bonding Level (aggregate) | (none given) |
| Service Bonding Level (per contract) | (none given) |
| Service Bonding Level (aggregate) | (none given) |

## NAICS Codes with Size Determinations by NAICS:

| # | Primary? | Code | NAICS Code's Description | "Buy Green"? [1] | Small? [2] |
|---|---|---|---|---|---|
| 1 | Yes | 541330 | Engineering Services<br>General $22.50m Small Business Size Standard: [Yes]<br>Special $41.50m Military and Aerospace Equipment and Military Weapons: [Yes]<br>Special $41.50m Contracts and Subcontracts for Engineering Services Awarded Under the National Energy Policy Act of 1992: [Yes]<br>Special $41.50m Marine Engineering and Naval Architecture: [Yes] [4] | | Yes |
| 2 | | 334514 | Totalizing Fluid Meter and Counting Device Manufacturing | | Yes |
| 3 | | 335999 | All Other Miscellaneous Electrical Equipment and Component Manufacturing | | Yes |
| 4 | | 339113 | Surgical Appliance and Supplies Manufacturing | | Yes |
| 5 | | 491110 | Postal Service | | No |
| 6 | | 493110 | General Warehousing and Storage | | Yes |
| 7 | | 541360 | Geophysical Surveying and Mapping Services | | Yes |

(1) By entering Yes for "Buy Green", the firm asserts that it obeys EPA guidelines for environmental friendliness for this NAICS code. Note, EPA guidelines do not exist for every NAICS code.
(2) If Yes, the firm's revenues/number of employees do not exceed the NAICS code's small business size standard.
(4) As seen above, the size standard can depend on subcategories within a NAICS code.

Case 2:20-cv-00041-DCLC-CRW    Document 116-1    Filed 11/08/24    Page 89 of 308<br>PageID #: 4208

| # | Primary? | Code | NAICS Code's Description | "Buy Green"? (1) | Small? (2) |
|---|----------|------|--------------------------|------------------|------------|
| 8 | | 541370 | Surveying and Mapping (except Geophysical) Services | | Yes |
| 9 | | 541430 | Graphic Design Services | | No |
| 10 | | 541511 | Custom Computer Programming Services | | Yes |
| 11 | | 541512 | Computer Systems Design Services | | Yes |
| 12 | | 541611 | Administrative Management and General Management Consulting Services | | Yes |
| 13 | | 541612 | Human Resources Consulting Services | | Yes |
| 14 | | 541618 | Other Management Consulting Services | | Yes |
| 15 | | 541620 | Environmental Consulting Services | | Yes |
| 16 | | 541690 | Other Scientific and Technical Consulting Services | | Yes |
| 17 | | 541720 | Research and Development in the Social Sciences and Humanities | | Yes |
| 18 | | 541990 | All Other Professional, Scientific and Technical Services | | Yes |
| 19 | | 561110 | Office Administrative Services | | Yes |
| 20 | | 561210 | Facilities Support Services | | Yes |
| 21 | | 561320 | Temporary Help Services | | Yes |
| 22 | | 561439 | Other Business Service Centers (including Copy Shops) | | Yes |
| 23 | | 561612 | Security Guards and Patrol Services | | Yes |
| 24 | | 561621 | Security Systems Services (except Locksmiths) | | Yes |
| 25 | | 561990 | All Other Support Services | | Yes |
| 26 | | 562920 | Materials Recovery Facilities | | Yes |
| 27 | | 611420 | Computer Training | | Yes |

(1) By entering Yes for "Buy Green", the firm asserts that it obeys EPA guidelines for environmental friendliness for this NAICS code. Note, EPA guidelines do not exist for every NAICS code.
(2) If Yes, the firm's revenues/number of employees do not exceed the NAICS code's small business size standard.
(4) As seen above, the size standard can depend on subcategories within a NAICS code.

## Keywords:

   (none given)

## Miscellaneous:

   Quality Assurance Standards:          (none given)
   Electronic Data Interchange           [ ] Yes [ ] No
   capable?:



Export Profile (Trade Mission Online)

   Exporter?:                            (firm hasn't answered this question yet)
   Export Business Activities:           (none given)
   Exporting to:                         (none given)
   Desired Export Business               (none given)
   Relationships:
   Description of Export                 (none given)
   Objective(s):

## Performance History (References)

(none given)

The structure of this page was last updated 02/01/2013, as part of SBSS 8.1.1.

--------------------------------------------------------------------------------

**SBA Profile**

**Privacy Statement**
(Back to Profile List, or use Back button)

## Identification, Location & Contacts

This profile was last updated:    05/24/2024
Status:                            Active

User ID:                           P2641146
Name of Firm:                      LUSA ASSOCIATES INC
Capabilities Statement Link:
Trade Name ("Doing Business
As ..."):
UEI:                               UN14M7VQR9X9
Address, line 1:                   831 ROYAL GORGE BLVD
Address, line 2:
City:                              CANON CITY
State:                             CO
Zip:                               81212-3754
Phone Number:                      240-498-8574 x
Fax Number:
E-mail Address:                    cwbennett@lusaassociates.com
WWW Page:
E-Commerce Website:
Contact Person:                    CELESTE BENNETT
County Code (3 digit):             043
Congressional District:            07
Metropolitan Statistical Area:
CAGE Code:                         944E2
Year Established:                  2001
Accepts Government Credit          [X] Yes [  ] No
Card?:
GSA Advantage Contract(s):

(Note: Size information is now under "NAICS Codes with Size Determinations by NAICS", below.)

## Organization, Ownership & Certifications

Legal Structure:                   Subchapter S Corporation
Ownership and Self-                Women-Owned Small Business, Woman Owned
Certifications:

*Current Principals*

(none given)

*"Business Development Servicing Office" (for certifications)*

COLORADO DISTRICT OFFICE (SBA office code 0811)



## *SBA Federal Certifications*

### *8(a) Certification:*

    SBA 8(a) Case Number:
    SBA 8(a) Entrance Date:
    SBA 8(a) Exit Date:

### *HUBZone Certification:*

    HUBZone Certified?:        [X] Yes [ ] No
    HUBZone Certification Date:    10/01/2021

### *8(a) Joint Venture - SBA Certified:*
*NOTE: Notify your servicing SBA Business Opportunity Specialist to have your 8(a) joint venture approval date reflected in DSBS.*

    8(a) JV Entrance Date:
    8(a) JV Exit Date:

### *Women Owned - SBA Certified:*

    WOSB Certified?:        [X] Yes [ ] No
    WOSB Certification Date:    05/07/2021
    WOSB Pending?:        [ ] Yes [X] No

### *Economically Disadvantaged Women Owned - SBA Certified:*

    EDWOSB Certified?:        [ ] Yes [X] No
    EDWOSB Pending?:        [ ] Yes [X] No

### *Veteran-Owned Small Business - SBA Certified:*

    VOSB Certified?:        [ ] Yes [X] No
    VOSB Joint Venture?:        [ ] Yes [X] No
    VOSB Certification Date:
    VOSB Certification Expiration
    Date:

### *Service-Disabled Veteran-Owned Small Business - SBA Certified:*

    SDVOSB Certified?:        [ ] Yes [X] No
    SDVOSB Joint Venture?:        [ ] Yes [X] No
    SDVOSB Certification Date:
    SDVOSB Certification Expiration
    Date:



## *Other Certifications*

## Non-Federal-Government Certifications:

(none given)



## Capabilities Narrative:

(none given)

## Special Equipment/Materials:

(none given)

## Business Type Percentages:

(none given)

## Bonding Levels

| Construction Bonding Level (per contract) | (none given) |
| Construction Bonding Level (aggregate) | (none given) |
| Service Bonding Level (per contract) | (none given) |
| Service Bonding Level (aggregate) | (none given) |

## NAICS Codes with Size Determinations by NAICS:

| # | Primary? | Code | NAICS Code's Description | "Buy Green"? [1] | Small? [2] |
|---|----------|------|--------------------------|------------------|-----------|
| 1 | Yes | 541330 | Engineering Services<br>General $22.50m Small Business Size Standard: [Yes]<br>Special $41.50m Military and Aerospace Equipment and Military Weapons: [Yes]<br>Special $41.50m Contracts and Subcontracts for Engineering Services Awarded Under the National Energy Policy Act of 1992: [Yes]<br>Special $41.50m Marine Engineering and Naval Architecture: [Yes] [4] | | Yes |
| 2 | | 334514 | Totalizing Fluid Meter and Counting Device Manufacturing | | Yes |
| 3 | | 335999 | All Other Miscellaneous Electrical Equipment and Component Manufacturing | | Yes |
| 4 | | 339113 | Surgical Appliance and Supplies Manufacturing | | Yes |
| 5 | | 491110 | Postal Service | | No |
| 6 | | 493110 | General Warehousing and Storage | | Yes |
| 7 | | 541360 | Geophysical Surveying and Mapping Services | | Yes |

(1) By entering Yes for "Buy Green", the firm asserts that it obeys EPA guidelines for environmental friendliness for this NAICS code. Note, EPA guidelines do not exist for every NAICS code.
(2) If Yes, the firm's revenues/number of employees do not exceed the NAICS code's small business size standard.
(4) As seen above, the size standard can depend on subcategories within a NAICS code.

Case 2:20-cv-00041-DCLC-CRW    Document 116-1    Filed 11/08/24    Page 94 of 308
PageID #: 4213

| # | Primary? | Code | NAICS Code's Description | "Buy Green"? [1] | Small? [2] |
|---|---|---|---|---|---|
| 8 | | 541370 | Surveying and Mapping (except Geophysical) Services | | Yes |
| 9 | | 541430 | Graphic Design Services | | No |
| 10 | | 541511 | Custom Computer Programming Services | | Yes |
| 11 | | 541512 | Computer Systems Design Services | | Yes |
| 12 | | 541611 | Administrative Management and General Management Consulting Services | | Yes |
| 13 | | 541612 | Human Resources Consulting Services | | Yes |
| 14 | | 541618 | Other Management Consulting Services | | Yes |
| 15 | | 541620 | Environmental Consulting Services | | Yes |
| 16 | | 541690 | Other Scientific and Technical Consulting Services | | Yes |
| 17 | | 541720 | Research and Development in the Social Sciences and Humanities | | Yes |
| 18 | | 541990 | All Other Professional, Scientific and Technical Services | | Yes |
| 19 | | 561110 | Office Administrative Services | | Yes |
| 20 | | 561210 | Facilities Support Services | | Yes |
| 21 | | 561320 | Temporary Help Services | | Yes |
| 22 | | 561439 | Other Business Service Centers (including Copy Shops) | | Yes |
| 23 | | 561612 | Security Guards and Patrol Services | | Yes |
| 24 | | 561621 | Security Systems Services (except Locksmiths) | | Yes |
| 25 | | 561990 | All Other Support Services | | Yes |
| 26 | | 562920 | Materials Recovery Facilities | | Yes |
| 27 | | 611420 | Computer Training | | Yes |

(1) By entering Yes for "Buy Green", the firm asserts that it obeys EPA guidelines for environmental friendliness for this NAICS code. Note, EPA guidelines do not exist for every NAICS code.
(2) If Yes, the firm's revenues/number of employees do not exceed the NAICS code's small business size standard.
(4) As seen above, the size standard can depend on subcategories within a NAICS code.

## Keywords:

(none given)

## Miscellaneous:

Quality Assurance Standards:    (none given)
Electronic Data Interchange capable?:    [ ] Yes [ ] No



Export Profile (Trade Mission Online)

Exporter?:    (firm hasn't answered this question yet)
Export Business Activities:    (none given)
Exporting to:    (none given)
Desired Export Business Relationships:    (none given)
Description of Export Objective(s):    (none given)

## Performance History (References)

(none given)

The structure of this page was last updated 02/01/2013, as part of SBSS 8.1.1.

--------------------------------------------------------------------------------

**USDA** **Farm Production and Conservation**
U.S. DEPARTMENT OF AGRICULTURE

Business Center
Appeals and Litigation Division
Stop 0570
1400 Independence Ave., SW
Washington, DC, 20250-0501

October 31, 2024

Lynette T. Stevenson
DALS Credit Solutions Co
5246 Simpson Ferry Road
Mechanicsburg, PA 17055

Sent via email to: ls@dalscreditsolutions.com

RE:     Freedom of Information Act (FOIA) Appeal –Lynette T. Stevenson– Log 24-24
        FOIAXpress Appeal Number 2024-FPAC-BC-00137-A

Dear Ms. Stevenson:

This letter is the official response to your August 28, 2024, Freedom of Information Act (FOIA) appeal. You appealed the August 28, 2024, response (FOIA Request 2024-FPAC-BC-07320-F) of Patrick McLoughlin, Farm Production and Conservation (FPAC) FOIA Officer, to deny your August 16, 2024, fee waiver request.

On August 16, 2024, the FPAC FOIA Office determined your request to be for:

> "Specific records and data related to USDA FPAC-Business Center's (BC) management of the 8(a) and Women-Owned Small Business (WOSB) programs, specifically targeting:
>
> 1) Acquisition plans and communications regarding contracts awarded under the 8(a) and WOSB programs between January 2018 and December 2023,
>
> 2) Data on contract awards, including the names of awardees, the value of the contracts, and the criteria used to select awardees, with a specific focus on Black-owned and White-owned firms without special designations, is requested—any OSDBU evaluations or reviews conducted about these programs during the specified period."

You also requested a waiver of all fees associated with this request under 5 U.S.C. § 552(a)(4)(A)(iii).

**FPAC's Response to FOIA Request Control No. 2024-FPAC-BC-07320-F**

On August 28, 2024, the FPAC FOIA Officer provided you, by letter, the final response to your fee waiver request. In its final response, FPAC denied your fee waiver request. The FPAC FOIA Office

---

**Farm Production and Conservation — Business Center**
*USDA is an equal opportunity provider, employer, and lender.*

evaluated your request based on the information you provided and determined that you did not satisfy both factors specified in 7 CFR §1.12(p)(1)(i) and (ii).

The FPAC FOIA Officer denied the request for the following reasons:

"You did not meet factor (p)(1)(i) that states: (i) Disclosure of the requested information is in the public interest as defined in paragraph (p)(3) of this section, because it is likely to contribute significantly to public understanding of the operations or activities of the Government…

(p)(3) **Factors for consideration of public interest**. In deciding whether disclosure of the requested information is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the Government, components will consider all four of the following factors:

(i) The subject of the request must concern identifiable operations or activities of the Federal Government, with a connection that is direct and clear, not remote or attenuated.

(ii) Disclosure of the requested records must be meaningfully informative about Government operations or activities to be "likely to contribute" to an increased public understanding of those operations or activities. The disclosure of information that already is in the public domain, in either the same or a substantially identical form, would not contribute to such understanding where nothing new would be added to the public's understanding.

(iii) The disclosure must contribute to the understanding of a reasonably broad audience of persons interested in the subject, as opposed to the requester's individual understanding. A requester's expertise in the subject area as well as his or her ability and intention to effectively convey information to the public will be considered. It will be presumed that a representative of the news media, as defined in appendix A of this subpart, will satisfy this consideration.

(iv) The public's understanding of the subject in question must be enhanced by the disclosure to a significant degree. However, components will not make value judgments about whether the information at issue is "important" enough to be made public.

In your initial request communication dated August 16, 2024, you did not demonstrate that these records would contribute significantly to the public interest, and you would broadly distribute them. The burden is on the requester to make this showing; therefore, your request did not meet this requirement of 7 CFR §1.12(p)(1)(i).

You did not meet factor (p)(1)(ii) that specifies that: Disclosure of the information is not primarily in the commercial interest of the requester as defined in 7 CFR §1.12(p)(4).

In your initial request communication dated August 16, 2024, you did not demonstrate that these records were not primarily in your commercial interest. Also, the identified commercial interest in disclosure is greater than the public interest; therefore, your fee waiver request did not meet provisions of 7 CFR §1.12(p)(1)(ii).

Additionally, the FOIA Office classified your request in the "Commercial" requester fee category and informed you that it would provide a fee estimate to you.

**Your August 28, 2024, Appeal of FPAC's Response to FOIA Request Control No. 2024-FPAC-BC-07320-F**

On August 28, 2024, you appealed the FPAC FOIA Officer's denial to waive the fees. You stated that "...disclosing the requested information is in the public interest. This request seeks information directly tied to Federal contracting practices and their adherence to legal obligations under the Small Business Act (15 U.S.C. § 644). Public access to records involving the USDA FPAC's management of critical small business programs is essential to ensure compliance with Federal laws and regulations, including the Federal Acquisition Regulation (FAR) and the Defense Federal Acquisition Regulation Supplement (DFARS). The public should know whether these programs operate as intended and foster fairness and inclusivity in contracting."

Your denial referenced a failure to demonstrate a significant contribution to public understanding of Government operations. You mentioned that "as affirmed by the courts in *McDonnell Douglas Corp. v. United States*, transparency in the Government's execution of Federal contracting programs is vital to ensuring that small and disadvantaged businesses have fair opportunities. The requested records will significantly contribute to public discourse on the effectiveness and equity of these programs, and I intend to disseminate this information widely for the benefit of the public."

"Furthermore, I challenge your conclusion that my request is primarily in my commercial interest. My intent is not for personal or commercial gain but to hold Government agencies accountable and to promote public awareness of USDA FPAC's contracting processes. The Supreme Court has repeatedly emphasized that FOIA requests focused on Governmental accountability should be treated favorably concerning fee waivers, mainly when the requester acts in the public's interest. My request aligns directly with this principle, as it seeks to uncover whether FPAC has complied with its legal mandate to support small and disadvantaged businesses."

You stated your intention to take legal action by filing a FOIA lawsuit should the FPAC Business Center (FPAC-BC) continue to deny access to the requested records or impose undue costs.

**FPAC's Response to your August 28, 2024, Appeal**

**A.    FPAC's Review of the Fee Waiver Denial**

FPAC's Appeals and Litigation Division (ALD) independently reevaluates previous FOIA request determinations and applies FOIA exemptions as applicable during the FOIA appeal review process. After thoroughly reviewing all of the information in your appeal, ALD agrees with the FPAC FOIA

Officer's determination that you have not satisfied the criteria established at 7 CFR § 1.12(p)(1)(i) and (ii).

The burden of proof falls on the requester to demonstrate, beyond preponderance of the evidence, compliance with the criteria established at 7 CFR §1.12(p)(1)(i) and (ii). With regard to 7 CFR §1.12(p)(1)(i) and its reference to (p)(3), your submission failed to meet the criteria in (p)(3)(ii) and (iii). With respect to 7 CFR §1.12 (p)(1)(ii) and its reference to (p)(4), your request fell short to meet the criteria in (p)(4)(i). The FOIA Office evaluated your FOIA request against Appendix A to Subpart A of Part 1, Section 2(b)(1)(i) and determined that your request met the commercial use definition. In your FOIA request submission, you failed to self-identify or categorize yourself as either a non-commercial, educational institution, and/or representative of a news media requester. In its August 28, 2024, letter to you, the FOIA Office classified your request as "Commercial."

While the information itself pertains to an operation or activity of the Government, you have not provided information about how you will disseminate this to the broad public. Rather you have stated that you intend to disseminate this information widely for the benefit of the public. Waiving the cost is not in the public interest because as the requested information does not primarily serve the general public. Furthermore, your commercial interest in disclosure outweighs the public interest it would serve.

**Conclusion**

Ultimately, FPAC-BC denies your appeal. This decision is the final administrative determination on your FOIA appeal. You have the right to seek judicial review of this decision in an appropriate U.S. District Court pursuant to 5 U.S.C. § 552(a)(4)(B).

Prior to seeking judicial review, and as a non-exclusive alternative to litigation, you may contact the Office of Government Information Services (OGIS). The Open Government Act of 2007 amended FOIA and created OGIS within the National Archives and Records Administration. OGIS provides mediation of FOIA disputes between appellants and Federal agencies. Participation in mediation does not affect your right to judicial review. You can find contact information for OGIS at http://www.archives.gov/ogis.

Sincerely,

JOHN
WELCH

Digitally signed by
JOHN WELCH
Date: 2024.10.31
08:51:49 -07'00'

John W. Welch
Director
Appeals & Litigation Division

**522304111**

# LUSA ASSOCIATES INC.
# Employer Identification Numbers Registry

Employer Identification Number (EIN) is a unique identification number that is assigned to a business entity so that it can easily be identified by the Internal Revenue Service (IRS). The Employer Identification Number is commonly used by employers for the purpose of reporting taxes. The EIN is also known as a Federal Tax Identification Number. When it is used to identify a corporation for tax purposes, it is commonly referred to as a Tax Identification Number.

# LUSA ASSOCIATES INC.

| *EIN* | 522304111 |
|---|---|
| | An Employer Identification Number (EIN) is also known as a Federal Tax Identification Number, and is used to identify a business entity. Generally, businesses need an EIN. |
| *Business Name* | LUSA ASSOCIATES INC. |
| | Conformed submission company name, business name, organization name, etc |
| *CIK* | N/S |
| | Company's Central Index Key (CIK). The Central Index Key (CIK) is used on the SEC's computer systems to identify corporations and individual people who have filed disclosure with the SEC. |
| *State of Incorporation* | N/S |
| | Company's State of Incorporation. The state of incorporation is the state where the entity has a domestic entity registration. I.e. the entity was first registered, NOT necessarily where the entity does business. |
| *Phone* | 2404988574 |
| | Business address telephone number |

# BUSINESS ADDRESS

| *Address Line 1* | N/S |
|---|---|
| | Business Address Line 1 |
| *Address Line 2* | N/S |
| | Business Address Line 2 |
| *City* | N/S |
| | Business Address City |
| *State* | N/S |
| | Business Address State |
| *ZIP* | N/S |
| | Business Address Postal Code (ZIP) |

## MAILING ADDRESS

| Address Line 1 | 1104 TUSCULUM BLVD. |
| | Mailing Address Line 1 |
| Address Line 2 | SUITE 306 |
| | Mailing Address Line 2 |
| City | GREENEVILLE |
| | Mailing Address City |
| State | TN |
| | Mailing Address State |
| ZIP | 37745 |
| | Mailing Address Postal Code (ZIP) |

**FEDERAL TAX IDENTIFICATION NUMBER: 522304111 (ADDITIONAL INFORMATION)**

**ADDITIONAL DETAILS**

Paper Size: 8.5x11

Cutting: None

Collation: Collated

Folding Production: Hand Finishing

Binding: None

Orientation: Vertical

Lamination: None

Offset Stacking: On

Print Color: Black & White

Paper Type: Laser(24 lb.)

Stapling Production: Machine Finishing

**Shipping method:** FedEx Ground US *                                       $9.99

**Expected Delivery:** Wednesday, November 06 End of Day

## Questions about your order?
## Call 1.800.GoFedEx or 1.800.463.3339
## Note: Due to the customization of your
## order, no changes or cancellations are
## available after order submission.

| | |
|---|---|
| Items (1) | **$4.08** |
| Shipping Total | **$9.99** |
| Tax | **$0.40** |
| Total Discount(s) | - |
| Total | **$14.47** |

# Thank you, Jason C. Keeton.

## Your order has been submitted.

**Order number #2010188877527313** **jason_keeton@tned.uscourts.gov**

Confirmation email has been delivered to

Confirmation email has been delivered to

join our email list so that you're always the first to know about new products, exclusive discounts, and inspirational tips on how to get the most value out of your projects. You can unsubscribe at any time.

## Contact information

**CONTACT**

Jason C. Keeton

jason_keeton@tned.uscourts.gov

(423) 787-7400

**ALTERNATE CONTACT PERSON**

Lynette Stevenson

LS@dalscreditsolutions.com

(717) 421-1445

## Shipping information

**ADDRESS**

Jason C. Keeton
United States District Court,
Eastern District of Tennessee
220 West Depot Street
Greeneville, TN, 37743
US

## Payment

**PAYMENT METHOD**

Pay by credit card
ending in *2842

**BILLING ADDRESS**

DALS Credit Solutions
5246 Simpson Ferry Rd
Mechanicsburg PA 17055
Mechanicsburg, PA 17050

## Cart summary

| PRODUCT NAME | PRICE | QTY | DISCOUNT | SUBTOTAL |
|---|---|---|---|---|
| 🚚 Shipping | | | | |
| **FedEx Office (1 item)** | | | | |
| IN THE UNITED STATES | $4.08 | 1 | - | $4.08 |
| **SHOW DETAILS** ∨ | | | | |

| SKU | BASE PRICE | QTY | DISCOUNT | TOTAL |
|---|---|---|---|---|
| BW 1S on 24# Wht | $0.24 | 17 | - | $4.08 |

**ADDITIONAL DETAILS**

Prints Per Page: One

Hole Punching: None

Hole Punching Production: Machine Finishing

Sides: Single-Sided

 Outlook

**Formal Complaint Against Leticia Alexander - Unauthorized Receipt and Use of FOIA Information (SBA-2024-005961 and SBA-2024-005962)**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Wed 25-Sep-24 8:30 AM

**To** 'OIG@sba.gov' <OIG@sba.gov>

**Cc** arlene.embrey@sba.gov <arlene.embrey@sba.gov>; douglas.sherman@sba.gov <douglas.sherman@sba.gov>; Kemple, Shanetta L. <shanetta.kemple@sba.gov>; whistleblowercomplaint@sba.gov <whistleblowercomplaint@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>

Dear SBA Office of Inspector General,

I am writing to formally submit a complaint against **Leticia Alexander**, a participant in the SBA's **8(a) Business Development Program**, for the unauthorized receipt and potential misuse of confidential information obtained through FOIA requests **SBA-2024-005961** and **SBA-2024-005962**. Additionally, I seek a legal investigation into the roles of **Attorney Arlene M. Embrey**.

**Overview of Complaint:**

I submitted two FOIA requests to the SBA, **SBA-2024-005961**, and **SBA-2024-005962**, seeking information about my business dealings with the SBA. During this process, **Attorney Arlene M. Embrey**, from the SBA's Office of General Counsel, improperly shared confidential and sensitive information from these FOIA requests with **Leticia Alexander**, a participant in the **8(a) program**, without my knowledge or consent.

I also seek clarification and investigation into the involvement of **Business Opportunity Specialists Doug A. Sherman** and **Shanetta L. Kemple** from the **Washington Metropolitan Area District Office**, as they may have been aware of or complicit in this improper disclosure.

**Violation of FOIA Protocols and Confidentiality (5 USC § 552):**

**Ms. Alexander** was neither a requester nor an authorized party to the information obtained through my FOIA requests. Under FOIA regulations, sensitive information shared in the context of a FOIA request is to be handled with strict confidentiality, ensuring it is disclosed only to authorized personnel or recipients.

Attorney Embrey's unauthorized sharing of this information with **Ms. Alexander** clearly violates the **Freedom of Information Act (FOIA)**, particularly **Exemption** which protects personal privacy.

**Breach of Confidentiality and Professional Ethics - Model Rule 1.6 (Confidentiality of Information):**

As a licensed attorney representing the U.S. Small Business Administration, **Attorney Arlene Embrey** is bound by the **Model Rules of Professional Conduct**, which mandate that attorneys safeguard the confidentiality of all information related to the representation of their clients or work conducted on their behalf. Sharing my confidential FOIA information with **Ms. Alexander**, who had no legal basis to access this information, constitutes a violation of **Rule 1.6**, which governs confidentiality.

I respectfully seek clarification regarding whether **Attorney Embrey** received any directives or guidance from the SBA Business Opportunity Specialists, **Doug A. Sherman** or **Shanetta L. Kemple**, to disclose this information or if the disclosure was done independently.

**Legal Violations by Leticia Alexander - SBA 8(a) Business Development Program:**

As a participant in the SBA's **8(a) Business Development Program**, **Leticia Alexander** is subject to strict ethical and compliance regulations under the **FAR** and **SBA regulations**. By receiving and potentially using information obtained from my FOIA requests, **Ms. Alexander** may have violated the **Code of Business Ethics and Conduct (FAR 52.203-13)**. This regulation requires that participants in federal contracting uphold high standards of integrity, and any misuse of sensitive or confidential information to gain a business advantage could constitute a breach of this code.

Moreover, if **Ms. Alexander** used this information to further her business interests or gain an advantage in an SBA-related matter, it would constitute **fraudulent activity** under the **Small Business Act** and **SBA regulations governing the 8(a) program**. I request an investigation to determine whether **Ms. Alexander** has engaged in such practices and to assess her continued eligibility for the **8(a) program**. **Involvement of SBA Business Opportunity Specialists - Doug A. Sherman and Shanetta L. Kemple: Mr. Sherman** and **Ms. Kemple** serve as **Business Opportunity Specialists** in the SBA's Washington Metropolitan Area District Office. Their role includes overseeing and supporting the 8(a) program participants. If either of these individuals played a role in facilitating or approving the sharing of my confidential FOIA information with **Ms. Alexander**, this would be a severe breach of their ethical and professional obligations.

I request that the **Office of Inspector General (OIG)** investigate whether **Mr. Sherman** or **Ms. Kemple** provided any guidance or instructions to **Attorney Embrey** or **Ms. Alexander** that led to improper information sharing.

**Legal Precedent and Request for Investigation:**
I believe the following legal precedents may be relevant to this case:

1. **United States v. Northrop Grumman Corporation (2018)** – In this case, Northrop Grumman faced significant penalties for misusing confidential government information, setting a legal precedent for misusing improperly obtained data.
2. **FAR Part 9 – Contractor Responsibility**: If **Ms. Alexander** used the FOIA information to gain a competitive advantage or secure contracts, she could be deemed "non-responsible" under **FAR Part 9**, which establishes standards for contractor ethics and responsibility.
3. **SBA's Suspension and Debarment Procedures**: If **Ms. Alexander** is found to have engaged in unethical behavior, she could face suspension or debarment from federal contracting.

On behalf of myself, **Lynette T. Stevenson**, I formally request that the SBA's **Office of Inspector General (OIG)** open a thorough investigation into:

1. The conduct of **Attorney Arlene M. Embrey**, **Doug A. Sherman**, and **Shanetta L. Kemple** in the unauthorized sharing of my FOIA information.
2. The actions of **Leticia Alexander**, particularly regarding her receipt and potential misuse of the FOIA information, and whether this affects her standing in the **8(a) program**.

**Conclusion:**
This matter has caused significant distress to me and raises serious concerns about the integrity of the SBA's **8(a) program** and its handling of FOIA information. I trust that the **Office of Inspector General** will handle this matter with the urgency and seriousness it deserves.
Please confirm receipt of this complaint and let me know how I can further support the investigation.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

InfraGard Member ID: 10146447

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

 **Outlook**

**Relayed: Formal Complaint Against Leticia Alexander - Unauthorized Receipt and Use of FOIA Information (SBA-2024-005961 and SBA-2024-005962)**

**From** Microsoft Outlook
&lt;MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com&gt;

**Date** Wed 25-Sep-24 8:30 AM

**To** arlene.embrey@sba.gov &lt;arlene.embrey@sba.gov&gt;; douglas.sherman@sba.gov &lt;douglas.sherman@sba.gov&gt;; Kemple, Shanetta L. &lt;shanetta.kemple@sba.gov&gt;; whistleblowercomplaint@sba.gov &lt;whistleblowercomplaint@sba.gov&gt;

▋ 1 attachments (34 KB)
Formal Complaint Against Leticia Alexander - Unauthorized Receipt and Use of FOIA Information (SBA-2024-005961 and SBA-2024-005962);

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

arlene.embrey@sba.gov (arlene.embrey@sba.gov)

douglas.sherman@sba.gov (douglas.sherman@sba.gov)

Kemple, Shanetta L. (shanetta.kemple@sba.gov)

whistleblowercomplaint@sba.gov (whistleblowercomplaint@sba.gov)

Subject: Formal Complaint Against Leticia Alexander - Unauthorized Receipt and Use of FOIA Information (SBA-2024-005961 and SBA-2024-005962)


**Automatic reply: Formal Complaint Against Leticia Alexander - Unauthorized Receipt and Use of FOIA Information (SBA-2024-005961 and SBA-2024-005962)**

**From** Whistle Blower Complaint <whistleblowercomplaint@sba.gov>
**Date** Wed 25-Sep-24 8:30 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Whistleblower Retaliation Complaint
Whistleblowers perform an important service for the public and SBA when they report evidence of wrongdoing. All SBA employees, contractors, subcontractors, awardees, and subawardees are protected from retaliation for making a protected disclosure. We understand that you believe you have been subject to retaliation for protected whistleblowing. Your confidentiality is ensured by the Inspector General Act and the Whistleblower Enhancement Protection Act. In order to review your complaint, please provide all the information requested below.
Confidentiality
Confidentiality for complainants is established by Section 7(b) of the Inspector General Act of 1978, which prohibits OIG from disclosing the identity of any employee who reports an allegation or provides information, without the employee's consent, unless OIG determines that disclosure is unavoidable during the course of the investigation.
Please clearly give or deny permission to OIG to release your identity outside of SBA OIG on a need-to-know basis.
Contact information:
Title
First
Middle
Last
Email
Phone
Address

Please indicate the categories that best represent the nature of your disclosure (note all that apply)
o Gross mismanagement of a Federal contract or grant
o Gross waste of Federal funds
o An abuse of authority relating to a Federal contract or grant
o A substantial and specific danger to public health or safety
o A violation of law, rule, or regulation related to a Federal contract (including the competition for or negotiation of a contract) or grant
o None of the above
Please describe in detail the nature of your disclosure, including when and where the event occurred, any witnesses to the event that can provide corroborating information, and any actions that were taken by the person(s) or agency to address the disclosure (not including the reprisal action).
Please indicate the categories that best represent to whom you made your disclosure (note all that apply)
o A Member of Congress or a representative of a committee of Congress

o An Inspector General

o The Government Accountability Office

o A Federal employee responsible for contract or grant oversight or management at the relevant agency

o An authorized official of the Department of Justice or other law enforcement agency

o A court or grand jury

o A management official or other employee of the contract, subcontractor, or grantee who has the responsibility to investigate, discover, or address misconduct

o Other [please describe]

Please provide details of to whom you made your disclosure, including how the disclosure was made (e.g. e-mail, letter by mail, verbally, etc.), the name and address of the person(s) or agencies to which you made the disclosure, and the date the disclosure(s) was made.

Please indicate the categories that best represent the reprisal action (note all that apply)

o Discharged

o Demoted

o Otherwise discriminated against

Please provide details of the reprisal action including when and where the reprisal occurred; the name, position, and contact information of the individual and/or agency committing the reprisal; the presentation of the reprisal (i.e. verbally or in writing); and the delivery of the reprisal (e.g. in-person, via e-mail or mail, etc)

Please indicate whether you have addressed your reprisal to any of the following (note all that apply)

o Federal judicial proceeding

o Federal administrative proceeding

o State judicial proceeding

o State administrative proceeding

o N/A

Please provide details of the judicial and/or administrative proceeding including the jurisdictional body hearing the proceeding(s), the date and location of the proceeding(s), and the results of the proceeding(s).

Please indicate your employment status at the time of the reprisal (note all that apply)

o Employee of a contractor

o Employee of a sub-contractor

o Employee of a Awardee/Grantee

o Employee of SBA/SBA OIG

Please provide details of your employment, including the name, address, and contact information of your employer; the dates of employment; your job title and a brief description of your duties.

Please provide a description or number of the contract or grant involved (if known); the bureau/office that issued the contract/grant (if known); and the contact information for the contracting officer/grants officer administering the contract/grant (if known).

Please provide any additional information. including any documentation you may have that is relevant to your complaint.

 Outlook

**Undeliverable: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Microsoft Outlook <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com>
**Date** Wed 14-Aug-24 12:35 PM
**To** 'OIG@sba.gov' <OIG@sba.gov>

▌ 1 attachments (534 KB)
 Re: Immediate Review and Action Required: S.B.A. B(a) Program and SBIC Oversight – FOIA Request Follow-Up;

---

▊ Office 365

Your message to OIG@sba.gov couldn't be delivered.

## sba.gov suspects your message is spam and rejected it.

| | | |
|---|---|---|
| ls | Office 365 | **sba.gov** |
| Sender | | **Action Required** |
| | | Messages suspected as spam |

### How to Fix It

Try to modify your message, or change how you're sending the message, using the guidance in this article: Bulk E-mailing Best Practices for Senders Using Forefront Online Protection for Exchange. Then resend your message.

If you continue to experience the problem, contact the recipient by some other means (by phone, for example) and ask them to ask their email admin to add your email address, or your domain name, to their allowed senders list.

*Was this helpful? Send feedback to Microsoft.*

### More Info for Email Admins

*Status code: 550 5.7.350*

When Office 365 tried to send the message to the recipient (outside Office 365), the recipient's email server (or email filtering service) suspected the sender's message is spam.

If the sender can't fix the problem by modifying their message, contact the recipient's email admin and ask them to add your domain name, or the sender's email address, to their list of allowed senders.

Although the sender may be able to alter the message contents to fix this issue, it's likely that only the recipient's email admin can fix this problem. Unfortunately, Office 365 Support is unlikely to be able to help fix these kinds of externally reported errors.

### Original Message Details

| | |
|---|---|
| Created Date: | 8/14/2024 4:35:02 PM |
| Sender Address: | ls@dalscreditsolutions.com |
| Recipient Address: | OIG@sba.gov |
| Subject: | Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up |

### Error Details

Error: *550 5.7.350 Remote server returned message detected as spam ->
550 ETR00 recipient rejected by downstream MTA present 1.41*

Recipient address rejected: Access denied.
[DS1PEPF00017E0A.namprd09.prod.outlook.com 2024-08-
14T11:46:01.888Z 08DCB636B8178289] ] - 3yW7VXJ-18766-
10b1C0F56589BBCDCDB66c6a808e

**Message rejected by:** ugw1-etp-mta-inbound-edge-prd10-03.cso.fireeye.com

## Notification Details
    **Sent by:**   *SA6PR18MB6369.namprd18.prod.outlook.com*

## Message Hops

| HOP | TIME (UTC) | FROM | TO | WITH | RELAY TIME |
|-----|-----------|------|-----|------|-----------|
| 1 | 8/14/2024 4:35:02 PM | SA1PR18MB5947.namprd18.prod.outlook.com | SA1PR18MB5947.namprd18.prod.outlook.com | mapi | * |
| 2 | 8/14/2024 4:35:02 PM | SA1PR18MB5947.namprd18.prod.outlook.com | SA6PR18MB6369.namprd18.prod.outlook.com | Microsoft SMTP Server (version=TLS1_2, cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) | * |

## Original Message Headers

ARC-Seal: i=1; a=rsa-sha256; s=arcselector10001; d=microsoft.com; cv=none;

b=XoBTrfTKzaT0tHGxcEj1zeDPyvyXSCB3nhW6eXEnwajr/iYJX8igtxjGpFh6wag1tqRaHGJgu3w1nefpYgMRsH/TzmoJo3EUOjarEa2GdfmVGD6klBpkr
xQWyWszSS6IPoKwP9OHZi7mC8KUjf8eIf6BD+YVo2XZa0vvZp39krmWU7bBpcO5DR6vJnd8CzqrRnzLgU4ykf/pLZt9L/DOssj8pcrquI2TrCuOaR43OxrW
q44CafNqSufA2XXn8GYb8HLfSEQJDAvArd8iVxv+lDeQ9H4AC9p+rLQGC+4HIsF4FfGGJRHcaqwctuYHRgKUDkhvgeNOl4KIlgNV7BHeKA==
ARC-Message-Signature: i=1; a=rsa-sha256; c=relaxed/relaxed; d=microsoft.com;
 s=arcselector10001;
 h=From:Date:Subject:Message-ID:Content-Type:MIME-Version:X-MS-Exchange-AntiSpam-MessageData-ChunkCount:X-MS-Exchange-
AntiSpam-MessageData-0:X-MS-Exchange-AntiSpam-MessageData-1;
 bh=ojsWQ6yFsCs3lr/dMqD1pF9Op5fL051k7bva1GVFm5Q=;

b=QaWLQoq2wy4XYp3ioX6OUziKVUVDXcYxKz0A3/zuUj4ulrQvkkQCoCpRubSfeS8hj1ueLnBd5crAVNayUHygdGkcPE5unDNSopP713YrAqb8gZlhp/Rnt
KAOhBO75It5SEm904BafyuAUMtzWzCFWhQRfXrg9eA92LZC2H+TO5EwXCazPtP/30FWfLqQ5jetOSyPZ8azAyxgN4CPmNH0uwLHLAU9VW6eA1GVOea05wcp
iLtm68hxpXr2iWtwtXPEqPlg5Y8zaUkzw6VE+7CQAx5zBCx3Un2w/yOwhZ0HjPb8DeTND3buQYF4ryV53L8ECv56jQGedF09bT08twXUVg==
ARC-Authentication-Results: i=1; mx.microsoft.com 1; spf=pass
 smtp.mailfrom=dalscreditsolutions.com; dmarc=pass action=none
 header.from=dalscreditsolutions.com; dkim=pass
 header.d=dalscreditsolutions.com; arc=none
DKIM-Signature: v=1; a=rsa-sha256; c=relaxed/relaxed;
 d=comcast16ab1479f32.onmicrosoft.com;
 s=selector1-comcast16ab1479f32-onmicrosoft-com;
 h=From:Date:Subject:Message-ID:Content-Type:MIME-Version:X-MS-Exchange-SenderADCheck;
 bh=ojsWQ6yFsCs3lr/dMqD1pF9Op5fL051k7bva1GVFm5Q=;

b=a5YuaWvG/zgXt3PSWGm6ZAItj7+GO/Pupny3MEuGDIeub8ryyyc64W4rTknBYMhSO5QNNQ0EswwFHTa6JePGaoakgzkPVjZhtzDQOMlXVeUDPZSJnMbEi
zyr4u+7VtEXBhHF2zIxrTtWM3IUT6h/oIAbVbytcba+YohxsDxwcIU=
Received: from SA1PR18MB5947.namprd18.prod.outlook.com (2603:10b6:806:3e9::13)
 by SA6PR18MB6369.namprd18.prod.outlook.com (2603:10b6:806:409::8) with
 Microsoft SMTP Server (version=TLS1_2,
 cipher=TLS_ECDHE_RSA_WITH_AES_256_GCM_SHA384) id 15.20.7849.20; Wed, 14 Aug
 2024 16:35:02 +0000
Received: from SA1PR18MB5947.namprd18.prod.outlook.com
 ([fe80::2860:3322:dce6:e441]) by SA1PR18MB5947.namprd18.prod.outlook.com
 ([fe80::2860:3322:dce6:e441%5]) with mapi id 15.20.7849.019; Wed, 14 Aug 2024
 16:35:02 +0000
From: Lynette Stevenson <ls@dalscreditsolutions.com>
To: "Fishman, David A." <david.fishman@sba.gov>
CC: FOIA Status <FOIAStatus@sba.gov>, "'OIG@sba.gov'" <OIG@sba.gov>, "Guzman,
 Isabella C." <isabella.guzman@sba.gov>, "Meers, Therese R."
          <Therese.Meers@sba.gov>, "Bates, Nathania M. (Off. Inspector Gen.)"
          <Nathania.Bates@sba.gov>, leticiaalexander
          <leticiaalexander@zsoftechsolutions.com>, Neiko Stewart
          <Neiko@neikostewart.com>
Subject: =?utf-8?B?UmU6ICBJbW1lZGlhdGUgUmV2aWV3IGFuZCBBY3Rpb24g24gUmVxdWlyZWQ6IFMu?=
 =?utf-8?B?Qi5BLiA4KGEpIFByb2JdyYW0gYW5kIFNCSUMgSUMgT3Zlcm5pZ2h0IOlKAkyBGT0lB?=
 =?utf-8?Q?_Request_Follow-Up?=
Thread-Topic: =?utf-8?B?IEltbWVkaWF0ZSBSZXZpZXcgYW5kIEFjdGlvbiBSZXF1aXJlZCB0dqSTcLkEu?=
 =?utf-8?B?IDgoYSkgUHJvZ3JhbSBhbmQgU0JJQyBPdmVyc2lnaHQg4ndCTIEZPSUEgUmVvdWVzdCA?=
 =?utf-8?Q?uest_Follow-Up?=
Thread-Index: AQHa7cPMa7Iqf93ymE+Ngkj4AA+FBLImuvCwgAAGCVCAADMFLA==
Importance: high

X-Priority: 1
Disposition-Notification-To: Lynette Stevenson <ls@dalscreditsolutions.com>
Return-Receipt-To: <ls@dalscreditsolutions.com>
Date: Wed, 14 Aug 2024 16:35:02 +0000
Message-ID: <SA1PR18MB5947656BDAFE3150A31F92C3D7872@SA1PR18MB5947.namprd18.prod.outlook.com>
References: <SA1PR18MB5947675DF4A2B56D29D23BA00D7862@SA1PR18MB5947.namprd18.prod.outlook.com>
 <SJ0PR09MB6575727CAA368CFF59463182EE872@SJ0PR09MB6575.namprd09.prod.outlook.com>
 <SA1PR09MB75839E8D03F0204053928AA4FC872@SA1PR09MB7583.namprd09.prod.outlook.com>
In-Reply-To: <SA1PR09MB75839E8D03F0204053928AA4FC872@SA1PR09MB7583.namprd09.prod.outlook.com>
Accept-Language: en-US
Content-Language: en-US
X-MS-Has-Attach: yes
X-MS-TNEF-Correlator:
msip_labels:
authentication-results: dkim=none (message not signed)
 header.d=none;dmarc=none action=none header.from=dalscreditsolutions.com;
x-ms-publictraffictype: Email
x-ms-traffictypediagnostic: SA1PR18MB5947:EE_|SA6PR18MB6369:EE_
x-ms-office365-filtering-correlation-id: 4d3db389-b934-43bf-12bd-08dcbc7f0bf6
x-ld-processed: ee76b38f-76e9-44c8-bd86-bdb99799e583,ExtAddr
x-ms-exchange-senderadcheck: 1
x-ms-exchange-antispam-relay: 0
x-microsoft-antispam: BCL:0;ARA:13230040|1800799024|366016|69100299015|7416014|376014|38070700018;
x-microsoft-antispam-message-info: =?utf-8?B?TFZEOGd0bzBPZDBLWUcrcktqNDBVSFFKZldjMDNRc1ltakxtaHQyNStHNFpF?=
 =?utf-8?B?RkNDa3UwK3BVelpjdXZTNWJrZm5pdXRIEdNRzU5dmhuNmhkSk5YbE9sc2R0?=
 =?utf-8?B?VUltdlM0TGROd3gyenRmMURvTGZJVXNnZ2JqMXUxRHpVbjNKcmZaOHRyWjF2?=
 =?utf-8?B?M0lsT2ZDQUZXYkdvRXZzRDRQNndPSVBwS2JDU0k1WhuUlBZWVBGeEU0Z0Y4?=
 =?utf-8?B?bWQ1dWtwQzI0cFlwUkt1R1NZeF14YUh1eVpsd282TDh1d1RwUGEvWXR0Rjg4?=
 =?utf-8?B?VWZZSW03aHpRSWZnSEZlWFVNR2hOZkc1SGk2OU91VC9vR0FMSjJ3UTVacmNs?=
 =?utf-8?B?VitOTjllUkR4U1hYTmEwMzRLUTJuN1MwSFh5bVpVUURaNmludlMreWc5M0xj?=
 =?utf-8?B?UmpESk5RNWdtY1pNVWp1L0NGdmtoV2RSZDdTTHBya3A1c1I4R1NaaXVOVTFE?=
 =?utf-8?B?aUg1RU5TVEVwM05HM0xLUG1TOEtzRmNJRGd0V3dEbG1BU0RIcnJlV3A1dFAv?=
 =?utf-8?B?eUUrZUdtUldDMW4wUWZhZzRreC8vQXY5T0o2YzcyUDQxZkRmSnVEb0xmTFNa?=
 =?utf-8?B?YU1jTzdYODhIVi96M1pnTWdpcFBhK2pMdDhyb21hUWt1UjFrcmRGUlh2Q2xW?=
 =?utf-8?B?QUFnQjhiNE5WQUxFakNERGQ5RzJNdmtVM0xEenNyUjY4SUJxUmpMY090a2FM?=
 =?utf-8?B?VG9rU3krMHkrOTBmZDd4Wm1PZ0NOeko0VUsvdVl0WXU0RHNTeDRzY0RJblBL?=
 =?utf-8?B?ZXUwcnF3UzMzaSs4K1M1OWl2VmYrakxFNnF6TFBUUHRzWVZONnoxVHNDR2dQ?=
 =?utf-8?B?VmNuRGlRSURSbmZzV2NoSTdyY0YyOHVPam1ibXZtSXRSYTE5aHk5bnk3dlc2?=
 =?utf-8?B?Z01yZXQvYk9qT25CdUp4Nk9RV1ZOY3JsMnczYmg1NzB1bpnTjhweUo0RUtF?=
 =?utf-8?B?QUM2bmJJQUtjNjhyN2cxK2tDb2ZuMTZLeUhOeWo3V1hBTGlzUTIveDh5ZUsz?=
 =?utf-8?B?V1JwU1owbbk1icU8yVzEzc25maEk3YXlKVUZpcE11WlZzEZOQmNpSDJlMnAx?=
 =?utf-8?B?M3RHZzRrQ2NJbytoeUtWTVNXTGUzc0RBWU1tbjNwMnc5amJqZ2ZtSWlRZjBX?=
 =?utf-8?B?aTNCUUZCaWJQNHpnOFpSclViRi9MakhxYlZVa2FFbmVZd3UWs0K2JTZEsv?=
 =?utf-8?B?UXZ1YUU4a0Vsd2d2NpVVZzMWMvdEl5RmJjOUpBYk9XUG9V2V6JZUV0FxTUJCYzBZ?=
 =?utf-8?B?K1hqT3JhZDVZNng3RnY0bUZHYi90BUZHYi90OHUl2V9eOHBUZHk5aHk5bnk3dlc2?=
 =?utf-8?B?ZmhOTENiY1A4VHdUa0wxSDlBYU5JeitMSTVCM1V3eGdndzlyUzdxTUEveGtV?=
 =?utf-8?B?aWliWUlOak9DcjBQVXhnT0NHK1lJzmxkQWxSUDhaY2crbmsvbjJDWEZEWGhU?=
 =?utf-8?B?UUNpMnFoUjhNRExeWeFBSNTJWZlpHMmhKQTRLMWxvVXFXMUcxN2hkWWRIK0Jt?=
 =?utf-8?B?WXc2UjVYWEtnMStYbFhvdGlqdFFXSXFOMHZCWmpMRHN1cXN1RUhSY0ZadC9K?=
 =?utf-8?B?SlMyN2SOZ3RXTXhINn15bHg2TmFQaitCU3Z5cGJja08zQmVhS1RsUVp2Z1Bu?=
 =?utf-8?B?ajNwUXp6bUcrYy9IVTJKaFh0bzdpdpRHp5ZVc5d1NuMUNuMONQyWmpXUWl1EV0xi?=
 =?utf-8?B?NDYxQUJCNDlYeDh3TEhxSXNlOElRSDRDSVZuUdWw5MUlGejhmRkRnMWV4aFFzK1hP?=
 =?utf-8?B?dVRlN3VJcUZTbEdxOEFKRUQ4U2k1R0V5ZFMxUTVaVjZNakVqbzU5azIvb1pD?=
 =?utf-8?B?9?dsnzIY/6y3WVUqu7OXcss2hbfSFtwFbUcR9+w=3D?=
x-forefront-antispam-report:
CIP:255.255.255.255;CTRY:;LANG:en;SCL:1;SRV:;IPV:NLI;SFV:NSPM;H:SA1PR18MB5947.namprd18.prod.outlook.com;PTR:;CAT:NONE;S
FS:(13230040)(1800799024)(366016)(69100299015)(7416014)(376014)(38070700018);DIR:OUT;SFP:1102;
x-ms-exchange-antispam-messagedata-chunkcount: 1
x-ms-exchange-antispam-messagedata-0: =?utf-8?B?RU16QmlRQmkkrRTJEdTZudHB2RE5YMWRpMVUrczhocHJvbVowYWV1YmpJMW8x?=
 =?utf-8?B?NzZ6OXVaQXJyajdppcFFyUjhrQ29TZ2pPZWZ0Z2xuZjdSeHpLTW9qZ3Bja2li?=
 =?utf-8?B?MGd0aFF1OENUZXBLcjlppSHRuVTgvQnYzalg3ckdnUGFGN0ZVNU5XYWN6YzBz?=
 =?utf-8?B?cFh3M2lkazZFaFUweWZoeWw4SnhiWGpYeWFEazlJTkVZTEl5d2JLJ3o1UzJH?=
 =?utf-8?B?MlpqcHE4R1ZFeWVpL2JXazMzajltRGRjaHREeEhhTkx2Z1lCcExHSTBacnI4?=
 =?utf-8?B?VmtIZFNRemlU3L2k5dlE5azBja0NTWFliV05CNnNWa2FMU0kxdjUyME9OK2lq?=
 =?utf-8?B?M1JqMWMyY2tTQUR6WGx1dW1OZTFzK0VUdXhjcHFOOGxRRXdpcXZ3d0lqR2tt?=
 =?utf-8?B?TXd5SnExRTZHbmxGNUQyTWpWa3I3K2Z5NmJzMUhOekdsRHpYamFFVVV6aVhB?=
 =?utf-8?B?MlE0bzBVcW1rMURQYWcxTEw2OHZDUUtMQmZaZmt2M016dG1icm5BZm5TznZT?=
 =?utf-8?B?V0ZYSEZ3cHQvOW4wcjVTQzBaeU1vV04zVzVUQzJwRUZCUUxnSTBCbW44U0pW?=
 =?utf-8?B?dDJjeVZ3ckVOU2ZXdE9SOW5qQUxXa3ccdUQxaTUrK0JXcW9MV3VSZ3I0WG5v?=
 =?utf-8?B?MWRKM1ZmWURRVCtTWS9Wc2VXc1NpNEtncUlhMXFNakEvZVpWTEpsbXZqRXlR?=
 =?utf-8?B?RVU3V3dyOGI2ZUU4S0wweFZ4Q0JqRkVNYnVLbzNXVG1ySm1UbGovRU1qRWw2?=
 =?utf-8?B?R3MzRmJRdTdjbHV4M0llQ2ZFWDdkWGxjNGsxRlprVFBvdWNGSVZkV05VbzYw?=
 =?utf-8?B?WDd5N1NrdGdvdkdMQS83eFB0d1c0Nk5BYUtEtQntQntErHrN3Y0Sm1qlS1djd2RFbHFz?=
 =?utf-8?B?aVFLYVVXSkhNdVlQbnRLbkZXVl35dXYzRStjcDIajRCWHZBZjZRVVpudld6?=
 =?utf-8?B?QVAySXJWRE1wK2xKTnJpZ2QvRDd7TJOHUlpjcXZQTKtIxeVBicm5BZm5TZnZT?=

=?utf-8?B?L3RSRFJrcTZCVXg3eEZpSW1bmMrZDROMUxRZjhhZGZQbWtCTmRWMlZoZ2Fp?=
=?utf-8?B?eXk1aU9ISDUvVklBbUFswFo2MmQvWjA0bHNTdERIVExGMlBIaGR1RnNhT0hK?=
=?utf-8?B?S1U5MGx4czV3U2tIQ2MxMXdkL0VuWXdIdE9NUU5CdndWdHpqUkREcFhiNUNx?=
=?utf-8?B?M2ZLeDdNRmNtL1B3L3JCVlF2emZqWWdTTzZUTkpppOEJCcEFPV21aeXBwallC?=
=?utf-8?B?aG9KSHZRREJKNFJtR0hGYTh2VS9CeFFhUkFMdytCQ0RGQ2F6Q1RGZUJyYnZa?=
=?utf-8?B?RmVqeG1jG1jYUp3VGRrUVpRTVRNUUlkeE1QQWR2UEdvWWNkdmNCcHJZ2WC8xNTdJ?=
=?utf-8?B?eGk5V0hQTU1vWEVTKzZmVUo5ek90UDBmcm8zZUl5SSVVUNW1kSCt1MFluaHJ1?=
=?utf-8?B?T1JCZ2dtbkddzcGFnc2pBN3pTb1FId0lmaXXQ2hsUm0zYmxYWGV3cHI3NXBD?=
=?utf-8?B?QVhuenJ2ZjZBENzAyaWNUQ1JzVE1QdEMxSUhhN1ovNnVxMU5MQXJUdit3WFoz?=
=?utf-8?B?d2lhWjB1RDdCNkM5ZmFrd2pHUXpGSzdDT1dlYVp6RzQ0NGYzU2RSaSSszdjdw?=
=?utf-8?B?cHkybkNHb3NteFBSa0ZhzdRbVFZK01BaGljS0C9KSHpKK1c3NHNLZ3pacDBh?=
=?utf-8?B?OXdxYlUvTGpEUVpMVFJEZjBKcWRaNEVCVXY4VXE2OUdsdHVxZkFzbDFXMmJz?=
=?utf-8?B?dlA3TnZKQmIzRUxsMzJRQkw0ekN6RisrbWx3dE5iYnE5bG5DSDUFhYNkYyc1ZX?=
=?utf-8?B?aG5WSVFTc3lld3IzMzXpMZEZEbEd1d0MrV25UQ3A1eUplamtrdWdZlQTBqaXhz?=
=?utf-8?B?azFia280bzIrdVk3RUlJOHJ6dC9KdFJiRnR2MTdlc3NvMVNmMk96YW0nwvRU4x?=
=?utf-8?B?STJ1cVVYVFc2ZkptWk50bGxkTHFUM3o4RElSmNpK1RIcTFjSjBKeXZCd21y?=
=?utf-8?B?Yy9OVGJmalBkcUJGaUZpL11pZk42K2NGNDA3dG9paaUt4ekcrMldPMGFwSWVB?=
=?utf-8?B?RUZsMGI3VTdIZHkvY25wanlLNmxweHpkDVCaDhxcHBCTDZmaXA4dTI4WlBT?=
=?utf-8?B?U3NoMlY5NEgrrN1Z6cDFrZHNFKzNNN0dMN1djOWNzUDlPRmxGU2NqREoxRWhR?=
=?utf-8?B?aC9SQVJqU0dZSFZkOXNYjdYQVRRPT0=?=
Content-Type: multipart/related;
        boundary="_011_SA1PR18MB5947656BDAFE3150A31F92C3D7872SA1PR18MB5947namp_";
        type="multipart/alternative"
MIME-Version: 1.0
X-OriginatorOrg: dalscreditsolutions.com
X-MS-Exchange-CrossTenant-AuthAs: Internal
X-MS-Exchange-CrossTenant-AuthSource: SA1PR18MB5947.namprd18.prod.outlook.com
X-MS-Exchange-CrossTenant-Network-Message-Id: 4d3db389-b934-43bf-12bd-08dcbc7f0bf6
X-MS-Exchange-CrossTenant-originalarrivaltime: 14 Aug 2024 16:35:02.7101
 (UTC)
X-MS-Exchange-CrossTenant-fromentityheader: Hosted
X-MS-Exchange-CrossTenant-id: ee76b38f-76e9-44c8-bd86-bdb99799e583
X-MS-Exchange-CrossTenant-mailboxtype: HOSTED
X-MS-Exchange-CrossTenant-userprincipalname:
u9UoXbkNbHTdcW0jaPxwEyvAmx15MDoFNODjYbHq6Ip1G+EfEcZgMXYj4mu+bSe8D+GDp3VUO82aZXDIDkLxkqay9Tqqg0H7R6MJuh7ufQc=
X-MS-Exchange-Transport-CrossTenantHeadersStamped: SA6PR18MB6369



**Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Wed 14-Aug-24 7:45 AM
**To** OIG@sba.gov <OIG@sba.gov>
**Cc** FOIAstatus@sba.gov <FOIAstatus@sba.gov>; isabella.guzman@sba.gov <isabella.guzman@sba.gov>
**Bcc** Neiko Stewart <Neiko@neikostewart.com>; Chauncia Willis <info@savvydimension.com>; leticiaalexander <leticiaalexander@zsoftechsolutions.com>; Maurice Johnson <maurice@savvydimension.com>; J Averi Frost <javerif@freedomequity.org>; Tanika Cornish <tanikacornish@gmail.com>; tanya1223@aol.com <tanya1223@aol.com>

▌ 1 attachments (139 KB)
Screenshot For FOIA.png;

**To:** Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General
cc: Administrator: Isabella Guzman and FIOA Status of SBA.

**Dear Inspector General Hannibal "Mike" Ware,**
I trust this message finds you well. My name is Lynette T. Stevenson. I am the founder of DALS Credit Solutions Co. This firm has long been dedicated to supporting 8(a) participants with strategic development to secure federal contracts. Despite not participating in the 8(a) program, our involvement in this space has provided significant insights into the program's operations and the broader landscape of SBA-supported businesses. As a Defense Acquisition University, Defense Security Corporation University, and National Contract Manager Association student and Member, I request your attention, along with other small businesses certified 8A's without designations and those on Best in Class Contract vehicles.
Inspector General Hannibal "Mike" Ware's our email will elaborate on the reasons for the FOIA and Express concerns about the reported data.

**Failure to Acknowledge FOIA Request: A Troubling Indicator**
I am writing to express my deep concern regarding the lack of acknowledgment of a FOIA request recently submitted to the FOIA SBA Department. The fact that this request has been read yet needs to be acknowledged raises significant red flags about the transparency and responsiveness of the S.B.A.'s processes.

**The SBA's 8(a) Business Development Program**

**Exposing Deep-Seated Issues within the S.B.A. 8(a) Business Development Program**
Through rigorous analysis, my team and I have uncovered severe deficiencies within the S.B.A. 8(a) Business Development Program that suggest gross mismanagement, potentially bordering on deliberate negligence. The reported 11.32% participation rate for the 8(a) program, particularly when considering entities like Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes, appears to be not only inaccurate but possibly manipulated to present a facade of diversity and inclusion. The S.B.A.'s apparent failure to modernize and appropriately evaluate its processes has likely led to systemic underreporting and misrepresentation. With

the lack of Business Opportunity Specialists (B.O.S.) throughout all regions, This is not a mere oversight, solely on them; it is a critical failure that, if left unchecked, will continue to disenfranchise the communities the S.B.A. purports to support. This situation demands immediate corrective action.

With SBA and other entities to ensure the duty of the taxpayer's dollars, we should not participate in such activities. Especially those who are unable to pay taxes due to the severe decline in small business, (Partially Black-Owned 8As, Non 8A's & WOSB's). 40% of Small Business declined in participate in government contracting. Out of 4,000 8A companies, how many who are not part of the NHO, CDC, etc., made over 100 Million Dollars over the life of the program?

How many WOSB were awarded contract with a sole source, I'll tell you 132 WOSB were awarded a sole source out of the Millions of WOSB. Question OIG, how many of the WOSB were Black Owned? The quotas are not met, no accountability, no KPI, Governance nor oversight, which causes True Small Business to fail, particularly those who does not have Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes,.

**Legal and Ethical Breaches: A Call for Accountability**
Respectfully, Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General 15 U.S.C. §637(a)(1)(A) explicitly prohibits the S.B.A. from awarding 8(a) contracts if the cost to the contracting agency exceeds the fair market price. Yet, preliminary findings suggest that this legal requirement has been routinely ignored. Despite statutory limitations, the unchecked discretion with which the S.B.A. accepts 8(a) contracts suggests a troubling disregard for legal and ethical standards.
If proven, such practices violate federal law and severely undermine the public trust in the S.B.A.'s programs. The potential for abuse, favoritism, and corruption is immense, and it is incumbent upon your office to ensure that these issues are thoroughly investigated and addressed.

**Systemic Management Failures: A Crippling Report**
According to the review of The "Top Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2024" report is a damning indictment of the S.B.A.'s current state of operations. The revelation that 15 out of 40 firms tested lacked approved business plans yet were still permitted to participate in the 8(a) program, leading to $93 million in questionable contracts, clearly indicates systemic failure. The absence of robust performance metrics and inconsistent procedures for ensuring that participants receive the necessary business development assistance further compounds these issues. These failures are not mere administrative oversights—they represent a fundamental breakdown in the S.B.A.'s ability to fulfill its mission.

**FOIA Request for Comprehensive SBIC Oversight and Detailed Investment Company Information**
Given the critical issues outlined above, I am submitting an expanded FOIA request that seeks detailed information on the operations and oversight of Small Business Investment Companies (SBICs) from 2020-2023 and demands an in-depth review of the relationships, solicitations, and decision-making processes that led to the awarding of contracts to the 298 companies in question.

**Section One of the Specific Requests:**
1. **List of Funded Small Businesses and Their Relationships**: A detailed list of the 298 small businesses that received funding through SBICs during the 2020-2023 period, including names, contact information, and associated licensing partners for each SBIC. This data is crucial to scrutinize these relationships for potential conflicts of interest, favoritism, or unethical practices that may have influenced funding decisions.
2. **Designated Small Businesses and Disparities**: Comprehensive information on small businesses funded during this period that fall under specific designations such as Native Hawaiian Organizations (N.H.O.), Community Development Corporations (C.D.C.), Indian Tribes, and Joint Ventures. This data is essential to assess whether these businesses receive the fair share of

opportunities as intended under the S.B.A.'s programs. Any disparities must be critically examined and addressed.

3. **Verification of Participation Rates and Integrity of Data**: A thorough and independent verification of the reported 11.32% participation rate, focusing on the designations above. The integrity of this data is in question, and it is necessary to determine whether the S.B.A.'s claims of inclusivity are based on accurate and truthful reporting or attempt to mislead the public and stakeholders.

   **Solicitations and Acquisition Strategy Documentation**: For each of the 298 companies awarded contracts, please provide the following:

- **All solicitations** under which these companies were awarded contracts, including any amendments or revisions.
- **Market research documentation** conducted under FAR Part 10 to determine the necessity and justification for these awards. This includes any findings or conclusions that supported the decision to issue the solicitation.
- **Acquisition strategies** employed for these contracts, detailing how decisions were made regarding the type of contract, competition requirements, and the award method.

**PCR (Procurement Center Representative) signatures and approvals**: To ensure all was fair and reasonable according to FAR& DFAR, and agency FARS, we are requesting data of all 298 companies' award data to provide the 298 companies that were not awarded the opportunity Soley on Equity Shares and loan terms with the SBIC investors. In addition, relationships with Federal, State, & Local Entities and Contract Officers who potentially own shares within the 298 companies.

**Fair and Reasonable Practices Verification**: Data on Joint Ventures with Small, Medium, and Large Partnerships and Team agreements to ensure that all practices were conducted fairly and by FAR and DFARS requirements. This should include cases where these agreements may have been used to circumvent the program's intent or unfairly advantage sure participants.

## Section Two of the specific request:

**To reiterate:** Congressional regulation barred the S.B.A. from awarding sole sources to 8A without designations. We are reviewing checks and balances. So, we request a list of all currently licensed SBICs from 2020-2023; depending on the data received, we may request years prior, including names, addresses, contact information, licensing dates, and licenses issued (e.g., Debenture SBIC, Non-leveraged SBIC). If any are missing, please provide the remainder according to the request. Notable examples include:

To Examine the terms of engagement of SBICs, equity stakes, and any potential conflicts of interest. We request data to investigate whether the fund's investments align with the S.B.A.'s mission or disproportionately favor certain businesses. Our team requested that the decision-making process that led to the awarding of funds be evaluated, mainly focusing on the criteria used to select beneficiaries.

In addition, Review the fund's investment strategies and their impact on small businesses, particularly those from underserved communities. Investigate any potential conflicts of interest or ethical breaches.

Detailed Review of SBIC Relationships: For each SBIC involved, I am requesting an in-depth analysis of their relationships with the funded businesses. This includes:

- **Siguler Guff SBIC Fund II, L.P. (8/18/2023, 2.0x)**
- **Champlain Capital Partners IV, L.P. (9/21/2023, 2.0x)**:
- **Firmament Partners SBIC IV, L.P. (9/21/2023, 2.0x)**:
- **I.M.B. Partners SBIC I, L.P. (10/17/2023, Non-leveraged)**:
- **Emerging America Credit Opportunities Fund, L.P. (10/17/2023, 2.0x)**
- **Cyprium SBIC I, L.P. (11/05/2023, 2.0x)**:
- **Riverside SBIC I, L.P. (11/28/2023, 2.0x)**:
- **MCM Capital Partners IV, L.P. (12/13/2023, 0.5x)**:
- **Farragut SBIC Fund III, L.P. (12/20/2023, 2.0x)**:
- **Relion Ventures VIII Financial Institutions Fund (12/29/2023, 1.25x)**:

**Capital Under Management and Investment Transparency**: Data on the total amount of capital under management by each licensed SBIC during the requested period and the types of investments made, including specific sectors or industries targeted. This information is essential for evaluating whether these investments align with the S.B.A.'s objectives or disproportionately favor particular industries or regions.

1. **Annual Performance Reports and Accountability**: Each licensed SBIC must provide the most recent annual performance reports detailing investment activity, portfolio companies, and financial performance. These reports should also include any deviations from expected performance metrics and the reasons for such deviations. Accountability for these deviations is crucial.
2. **Compliance Reviews and Enforcement Actions**: Complete records of any compliance reviews, audits, or investigations conducted by the S.B.A. on licensed SBICs within the past three years. This should include details of any enforcement actions taken, such as suspensions, revocations, or penalties, and the outcomes of these actions.
3. **Historical Data and Long-Term Efficacy**: A comprehensive historical list of all SBICs licensed by the S.B.A. since the program's inception, including years of operation, reasons for closure (if applicable), and any relevant performance metrics that provide insight into the long-term efficacy of the program.
4. **Program Changes and Policy Updates**: A timeline of significant changes to the SBIC program, including any policy updates, revisions to licensing requirements, or other critical changes that may have impacted the program's operations and effectiveness.
5. **Licensing and Performance Records**: All records related to the licensing, operation, and performance of the listed SBICs, including communications between the S.B.A. and these entities. This should include any documents that shed light on how licensing decisions were made and whether favoritism or bias influenced these decisions.
6. **Application and Approval Process Scrutiny**: Detailed information on the application and approval process for all listed SBICs during the requested period. This should include an examination of equity relationships between SBIC partners and their partners, with an emphasis on identifying any potential conflicts of interest or unethical practices.
7. **Policy Documents and Public Feedback**: Copies of all current policies, guidelines, and procedures related to the licensing and oversight of SBICs, along with any records of public comments or feedback received during the most recent review or revision of these guidelines.
8. **Investment Program Criteria and Equity Analysis**: Data on how many Black-owned businesses and businesses from other minority groups benefited from the SBIC program during 2020-2023. This should include analyzing how well these businesses have performed and whether the S.B.A.'s support has been equitable across all groups.
9. **Reevaluations or Audits for Fairness**: Information on any reevaluations or audits conducted to define what constitutes a small business within the context of the SBIC program and other S.B.A. initiatives. This is critical to ensure the program's criteria are fair and do not disadvantage smaller or less well-connected businesses. Identify any patterns of favoritism or unethical practices. Analyze the fund's portfolio to determine whether it has disproportionately benefited specific industries or regions, potentially at the expense of underserved communities.

In addition, Assess the fund's non-leveraged nature and its impact on the types of businesses it supports. Investigate whether the absence of leverage has influenced the fairness of the awards. Investigate the fund's investment strategies and alignment with the S.B.A.'s goals. Scrutinize the fairness and transparency of the investment selection process.

**Conclusion and Request for Immediate Action:**
The issues highlighted in this communication are not merely administrative challenges; they represent fundamental not meeting obligation with the S.B.A.'s, along with oversight and management of critical programs. These failures are not just a risk to the effectiveness of the S.B.A.'s mission—they are a direct threat to the public trust and the communities that depend on these programs.

Please treat this FOIA request with the utmost urgency based on regulatory compliance to ensure the S.B.A.'s response is comprehensive and transparent. Further delays or inadequate responses will only deepen the concerns raised and could have severe ethical implications and financial consequences for black-owned businesses. Inspector General, we appreciate your attention to this matter. It is appreciated and necessary to prevent further damage to the S.B.A.'s reputation and ensure that its programs fulfill their intended purpose of supporting small businesses nationwide. Thank you for your time, attention, and commitment to upholding the integrity of the S.B.A.'s programs. I look forward to your timely and thorough response.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

 **Outlook**

**Relayed: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Microsoft Outlook
    <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com>

**Date** Wed 14-Aug-24 7:45 AM

**To** OIG@sba.gov <OIG@sba.gov>; FOIAstatus@sba.gov <FOIAstatus@sba.gov>; isabella.guzman@sba.gov
    <isabella.guzman@sba.gov>

▌ 1 attachments (30 KB)
Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up;

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

OIG@sba.gov (OIG@sba.gov)

FOIAstatus@sba.gov (FOIAstatus@sba.gov)

isabella.guzman@sba.gov (isabella.guzman@sba.gov)

Subject: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

 Outlook

**Read: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** FOIA Status <FOIAStatus@sba.gov>
**Date** Wed 14-Aug-24 9:10 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

　To: FOIA Status
　Subject:  Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
　Sent: Wednesday, August 14, 2024 7:45:49 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Wednesday, August 14, 2024 9:09:45 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Wed 14-Aug-24 12:35 PM

**To** Fishman, David A. <david.fishman@sba.gov>

**Cc** FOIA Status <FOIAStatus@sba.gov>; 'OIG@sba.gov' <OIG@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; leticiaalexander <leticiaalexander@zsoftechsolutions.com>; Neiko Stewart <Neiko@neikostewart.com>

**Bcc** Prosser, Jennifer <Jennifer.Prosser@gs.com>; 10KSB Voices <10ksb_voices@advocacy.eo.gs.com>; Danielle Duchamp <danielle.duchamp@ey.com>; Brendan P. Cox <Brendan.Cox@ey.com>

**Subject:** Clarification on SBA FOIA Request Process and Involvement of Relevant Offices

Dear Attorney David Fishman, Senior Legal Council for the SBA

Thank you for your prompt response regarding our FOIA request. I appreciate the clarity on the procedures the SBA followed in addressing our inquiry.

I understand that our request, involving the SBIC and 8(a) programs, necessitates coordination across multiple SBA offices. The assignment of two distinct FOIA numbers (2024-005961 and 2024-005962) reflects the comprehensive approach.

**To Administrator Isabella Guzman:**
Administrator Guzman's oversight ensures the professional handling of our inquiry, which is crucial for stakeholders like DALS Credit Solutions Co., 8A's, and WOSB without designations.

**To General Counsel Therese Meers:**
Ms. Meers, I appreciate the Office of General Counsel's role in ensuring legal compliance and thoroughness in the FOIA process. Your team's involvement is pivotal.

**To Ms. Nathania Bates, Office of Inspector General:**
Ms. Bates, I recognize the importance of your office in ensuring the accuracy and accountability of SBA operations, and I appreciate your diligent review of our request.

We are fully cooperative and ready to assist further if needed. Please do not hesitate to reach out if additional information is required.

Thank you once again for your attention to this matter.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCoBA Ohio Chapter

Normal

Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified


Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any
third party without written authorization. DALS Credit Solutions Co does not participate in removing
items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that
adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**

---

**From:** Fishman, David A. <david.fishman@sba.gov>
**Sent:** Wednesday, August 14, 2024 10:06 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Cc:** FOIA Status <FOIAStatus@sba.gov>; 'OIG@sba.gov' <OIG@sba.gov>; Guzman, Isabella C.
<Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector
Gen.) <Nathania.Bates@sba.gov>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request
Follow-Up


Dear Ms. Stevenson,

As you are aware, a copy of your FOIA request follow-up, copy below, was sent to SBA via the FOIA status
mailbox today. I am responding to this inquiry in order to explain the status of your request and
hopefully address any concerns that you may have about procedures used by SBA in handling your
inquiry. Your original request dated August 12, two days ago, was also submitted to SBA via the FOIA
status portal. Upon receipt, it was timely and properly referred to the SBA's Office of Hearings and

Appeals for initial review and acknowledgement. Once a request is reviewed and acknowledged, it is then routed to the appropriate SBA office for response.

Given the nature of the information sought in your request, various SBA offices would need to be involved in order to determine the specific material responsive to your request and to properly respond to your inquiry. The acknowledgement of your original email is a necessary step in the process. Once the appropriate offices are determined, SBA assigns the inquiry to that/those offices for response. As such, your request was assigned two FOIA numbers, 2024-005961 and 5962 because two distinct offices would need to assess your inquiry, specifically, your requests for SBIC and 8(a) info.

I hope this addresses any concerns that you may have with the process SBA used.

If you have any further questions regarding the procedures, please feel free to reach out to me.

Sincerely,

David

David A. Fishman
Senior Legal Counsel
For FOIA and Privacy Act
U.S. Small Business Administration
Office: (202) 205-6861
Mobile: (202) 309-6324
david.fishman@sba.gov



U.S. Small Business
Administration

Home Page | Twitter | Instagram | Facebook | YouTube | LinkedIn | Email Alerts

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, August 14, 2024 7:46 AM
**To:** OIG@sba.gov
**Cc:** FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>
**Subject:** Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
**Importance:** High

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.
To: Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General
cc: Administrator: Isabella Guzman and FIOA Status of SBA.

**Dear Inspector General Hannibal "Mike" Ware,**
I trust this message finds you well. My name is Lynette T. Stevenson. I am the founder of DALS Credit Solutions Co. This firm has long been dedicated to supporting 8(a) participants with strategic development to secure federal contracts. Despite not participating in the 8(a) program, our involvement in this space is proven Golden and significant, reflecting our broad engagement.

SBA-supported businesses. As a Defense Acquisition University, Defense Security Corporation University, and National Contract Manager Association student and Member, I request your attention, along with other small businesses certified 8A's without designations and those on Best in Class Contract vehicles.
Inspector General Hannibal "Mike" Ware's our email will elaborate on the reasons for the FOIA and Express concerns about the reported data.

**Failure to Acknowledge FOIA Request: A Troubling Indicator**
I am writing to express my deep concern regarding the lack of acknowledgment of a FOIA request recently submitted to the FOIA SBA Department. The fact that this request has been read yet needs to be acknowledged raises significant red flags about the transparency and responsiveness of the S.B.A.'s processes.

**The SBA's 8(a) Business Development Program**

**Exposing Deep-Seated Issues within the S.B.A. 8(a) Business Development Program**
Through rigorous analysis, my team and I have uncovered severe deficiencies within the S.B.A. 8(a) Business Development Program that suggest gross mismanagement, potentially bordering on deliberate negligence. The reported 11.32% participation rate for the 8(a) program, particularly when considering entities like Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes, appears to be not only inaccurate but possibly manipulated to present a facade of diversity and inclusion. The S.B.A.'s apparent failure to modernize and appropriately evaluate its processes has likely led to systemic underreporting and misrepresentation. With the lack of Business Opportunity Specialists (B.O.S.) throughout all regions, This is not a mere oversight, solely on them; it is a critical failure that, if left unchecked, will continue to disenfranchise the communities the S.B.A. purports to support. This situation demands immediate corrective action.

With SBA and other entities to ensure the duty of the taxpayer's dollars, we should not participate in such activities. Especially those who are unable to pay taxes due to the severe decline in small business, (Partially Black-Owned 8As, Non 8A's & WOSB's). 40% of Small Business declined in participate in government contracting. Out of 4,000 8A companies, how many who are not part of the NHO, CDC, etc., made over 100 Million Dollars over the life of the program?

How many WOSB were awarded contract with a sole source, I'll tell you 132 WOSB were awarded a sole source out of the Millions of WOSB. Question OIG, how many of the WOSB were Black Owned? The quotas are not met, no accountability, no KPI, Governance nor oversight, which causes True Small Business to fail, particularly those who does not have Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes,.

**Legal and Ethical Breaches: A Call for Accountability**
Respectfully, Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General 15 U.S.C. §637(a)(1)(A) explicitly prohibits the S.B.A. from awarding 8(a) contracts if the cost to the contracting agency exceeds the fair market price. Yet, preliminary findings suggest that this legal requirement has been routinely ignored. Despite statutory limitations, the unchecked discretion with which the S.B.A. accepts 8(a) contracts suggests a troubling disregard for legal and ethical standards.
If proven, such practices violate federal law and severely undermine the public trust in the S.B.A.'s programs. The potential for abuse, favoritism, and corruption is immense, and it is incumbent upon your office to ensure that these issues are thoroughly investigated and addressed.

**Systemic Management Failures: A Crippling Report**
According to the review of The "Top Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2024" report is a damning indictment of the S.B.A.'s current state of operations. The revelation that 15 out of 40 firms tested lacked approved business plans yet were still

permitted to participate in the 8(a) program, leading to $93 million in questionable contracts, clearly indicates systemic failure. The absence of robust performance metrics and inconsistent procedures for ensuring that participants receive the necessary business development assistance further compounds these issues. These failures are not mere administrative oversights—they represent a fundamental breakdown in the S.B.A.'s ability to fulfill its mission.

## FOIA Request for Comprehensive SBIC Oversight and Detailed Investment Company Information

Given the critical issues outlined above, I am submitting an expanded FOIA request that seeks detailed information on the operations and oversight of Small Business Investment Companies (SBICs) from 2020-2023 and demands an in-depth review of the relationships, solicitations, and decision-making processes that led to the awarding of contracts to the 298 companies in question.

### Section One of the Specific Requests:

1. **List of Funded Small Businesses and Their Relationships**: A detailed list of the 298 small businesses that received funding through SBICs during the 2020-2023 period, including names, contact information, and associated licensing partners for each SBIC. This data is crucial to scrutinize these relationships for potential conflicts of interest, favoritism, or unethical practices that may have influenced funding decisions.
2. **Designated Small Businesses and Disparities**: Comprehensive information on small businesses funded during this period that fall under specific designations such as Native Hawaiian Organizations (N.H.O.), Community Development Corporations (C.D.C.), Indian Tribes, and Joint Ventures. This data is essential to assess whether these businesses receive the fair share of opportunities as intended under the S.B.A.'s programs. Any disparities must be critically examined and addressed.
3. **Verification of Participation Rates and Integrity of Data**: A thorough and independent verification of the reported 11.32% participation rate, focusing on the designations above. The integrity of this data is in question, and it is necessary to determine whether the S.B.A.'s claims of inclusivity are based on accurate and truthful reporting or attempt to mislead the public and stakeholders.

    **Solicitations and Acquisition Strategy Documentation**: For each of the 298 companies awarded contracts, please provide the following:
    - **All solicitations** under which these companies were awarded contracts, including any amendments or revisions.
    - **Market research documentation** conducted under FAR Part 10 to determine the necessity and justification for these awards. This includes any findings or conclusions that supported the decision to issue the solicitation.
    - **Acquisition strategies** employed for these contracts, detailing how decisions were made regarding the type of contract, competition requirements, and the award method.

**PCR (Procurement Center Representative) signatures and approvals**: To ensure all was fair and reasonable according to FAR& DFAR, and agency FARS, we are requesting data of all 298 companies' award data to provide the 298 companies that were not awarded the opportunity Soley on Equity Shares and loan terms with the SBIC investors. In addition, relationships with Federal, State, & Local Entities and Contract Officers who potentially own shares within the 298 companies.

**Fair and Reasonable Practices Verification**: Data on Joint Ventures with Small, Medium, and Large Partnerships and Team agreements to ensure that all practices were conducted fairly and by FAR and DFARS requirements. This should include cases where these agreements may have been used to circumvent the program's intent or unfairly advantage sure participants.

## Section Two of the specific request:

**To reiterate:** Congressional regulation barred the S.B.A. from awarding sole sources to 8A without designations. We are reviewing checks and balances. So, we request a list of all currently licensed SBICs from 2020-2023; depending on the data received, we may request years prior, including names, addresses, contact information, licensing dates, and licenses issued (e.g., Debenture SBIC, Non-leveraged

SBIC). If any are missing, please provide the remainder according to the request. Notable examples include:

To Examine the terms of engagement of SBICs, equity stakes, and any potential conflicts of interest. We request data to investigate whether the fund's investments align with the S.B.A.'s mission or disproportionately favor certain businesses. Our team requested that the decision-making process that led to the awarding of funds be evaluated, mainly focusing on the criteria used to select beneficiaries. In addition, Review the fund's investment strategies and their impact on small businesses, particularly those from underserved communities. Investigate any potential conflicts of interest or ethical breaches.

1.
   Detailed Review of SBIC Relationships: For each SBIC involved, I am requesting an in-depth analysis          of their relationships with the funded businesses. This includes:
   1. **Siguler Guff SBIC Fund II, L.P. (8/18/2023, 2.0x)**
   2. **Champlain Capital Partners IV, L.P. (9/21/2023, 2.0x)**:
   3. **Firmament Partners SBIC IV, L.P. (9/21/2023, 2.0x)**:
   4. **I.M.B. Partners SBIC I, L.P. (10/17/2023, Non-leveraged)**:
   5. **Emerging America Credit Opportunities Fund, L.P. (10/17/2023, 2.0x)**:
   6. **Cyprium SBIC I, L.P. (11/05/2023, 2.0x)**:
   7. **Riverside SBIC I, L.P. (11/28/2023, 2.0x)**:
   8. **MCM Capital Partners IV, L.P. (12/13/2023, 0.5x)**:
   9. **Farragut SBIC Fund III, L.P. (12/20/2023, 2.0x)**:
   10. **Pelion Ventures VIII Financial Institutions Fund (12/29/2023, 1.25x)**:

   **Capital Under Management and Investment Transparency**: Data on the total amount of capital under          management by each licensed SBIC during the requested period and the types of investments made,          including specific sectors or industries targeted. This information is essential for evaluating whether          these investments align with the S.B.A.'s objectives or disproportionately favor particular industries or regions.

1. **Annual Performance Reports and Accountability**: Each licensed SBIC must provide the most recent annual performance reports detailing investment activity, portfolio companies, and financial performance. These reports should also include any deviations from expected performance metrics and the reasons for such deviations. Accountability for these deviations is crucial.
2. **Compliance Reviews and Enforcement Actions**: Complete records of any compliance reviews, audits, or investigations conducted by the S.B.A. on licensed SBICs within the past three years. This should include details of any enforcement actions taken, such as suspensions, revocations, or penalties, and the outcomes of these actions.
3. **Historical Data and Long-Term Efficacy**: A comprehensive historical list of all SBICs licensed by the S.B.A. since the program's inception, including years of operation, reasons for closure (if applicable), and any relevant performance metrics that provide insight into the long-term efficacy of the program.
4. **Program Changes and Policy Updates**: A timeline of significant changes to the SBIC program, including any policy updates, revisions to licensing requirements, or other critical changes that may have impacted the program's operations and effectiveness.
5. **Licensing and Performance Records**: All records related to the licensing, operation, and performance of the listed SBICs, including communications between the S.B.A. and these entities. This should include any documents that shed light on how licensing decisions were made and whether favoritism or bias influenced these decisions.
6. **Application and Approval Process Scrutiny**: Detailed information on the application and approval process for all listed SBICs during the requested period. This should include an examination of equity relationships between SBIC partners and their partners, with an emphasis on identifying any potential conflicts of interest or unethical practices.
7. **Policy Documents and Public Feedback**: Copies of all current policies, guidelines, and procedures related to the licensing and oversight of SBICs, along with any records of public comments or feedback received during the most recent review or revision of these guidelines.

8. **Investment Program Criteria and Equity Analysis**: Data on how many Black-owned businesses and businesses from other minority groups benefited from the SBIC program during 2020-2023. This should include analyzing how well these businesses have performed and whether the S.B.A.'s support has been equitable across all groups.
9. **Reevaluations or Audits for Fairness**: Information on any reevaluations or audits conducted to define what constitutes a small business within the context of SBIC program and other S.B.A. initiatives. This is critical to ensure the program's criteria are fair and do not disadvantage smaller or less well-connected businesses. Identify any patterns of favoritism or unethical practices. Analyze the fund's portfolio to determine whether it has disproportionately benefited specific industries or regions, potentially at the expense of underserved communities.

In addition, Assess the fund's non-leveraged nature and its impact on the types of businesses it supports. Investigate whether the absence of leverage has influenced the fairness of the awards. Investigate the fund's investment strategies and alignment with the S.B.A.'s goals. Scrutinize the fairness and transparency of the investment selection process.

**Conclusion and Request for Immediate Action:**
The issues highlighted in this communication are not merely administrative challenges; they represent fundamental not meeting obligation with the S.B.A.'s, along with oversight and management of critical programs. These failures are not just a risk to the effectiveness of the S.B.A.'s mission—they are a direct threat to the public trust and the communities that depend on these programs.

Please treat this FOIA request with the utmost urgency based on regulatory compliance to ensure the S.B.A.'s response is comprehensive and transparent. Further delays or inadequate responses will only deepen the concerns raised and could have severe ethical implications and financial consequences for black-owned businesses. Inspector General, we appreciate your attention to this matter. It is appreciated and necessary to prevent further damage to the S.B.A.'s reputation and ensure that its programs fulfill their intended purpose of supporting small businesses nationwide. Thank you for your time, attention, and commitment to upholding the integrity of the S.B.A.'s programs. I look forward to your timely and thorough response.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: <u>Website</u>
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

 Outlook

**Automatic reply: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Meers, Therese R. <Therese.Meers@sba.gov>

**Date** Wed 14-Aug-24 12:35 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>


I am out of the office today, Monday, August 12th and returning for Monday, August 19th and will have limited access to email.

Best,
Therese

 Outlook

**Read: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Fishman, David A. <david.fishman@sba.gov>

**Date** Wed 14-Aug-24 12:46 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

To: Fishman, David A.
Subject: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
Sent: Wednesday, August 14, 2024 12:35:02 PM (UTC-05:00) Eastern Time (US & Canada)

was read on Wednesday, August 14, 2024 12:46:47 PM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Read: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** FOIA Status <FOIAStatus@sba.gov>

**Date** Wed 14-Aug-24 1:13 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: FOIA Status
  Subject: Re:  Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
  Sent: Wednesday, August 14, 2024 12:35:02 PM (UTC-05:00) Eastern Time (US & Canada)

  was read on Wednesday, August 14, 2024 1:12:41 PM (UTC-05:00) Eastern Time (US & Canada).

 **Outlook**

**Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Wed 04-Sep-24 12:01 PM

**To** eric.benderson@sba.gov <eric.benderson@sba.gov>

**Cc** FOIA Status <FOIAStatus@sba.gov>; arlene.embrey@sba.gov <arlene.embrey@sba.gov>; OIG@sba.gov <OIG@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Fishman, David A. <david.fishman@sba.gov>

**David A. Fishman**
Senior Legal Counsel
U.S. Small Business Administration
409 3rd St, SW
Washington, DC 20416

**Isabella Casillas Guzman**
Administrator
U.S. Small Business Administration
409 3rd St, SW
Washington, DC 20416

Dear Attorney Fishman and Administrator Guzman, and I hope all is well.

Due to my FOIA request- and the opening of the SBA 8A program on 09/09/2024 to accept applications which will continue to exclude black-owned business due to the ANCS 1971 settlement. We are familiar with the final ruling of the Secretary of Interior.

Senior Legal team of The United States Business Administration, if you are not following up with our request, due to current laws in place to protect the actions which grouped "Minorities" to exclude black-owned businesses, there is enough data to state no one can honestly calculate due administrative, and operational roadblock. Even internal staff can ascertain. Based on what was requested, we are coming to you without a lawsuit. We here to assist with change, along with a new DFAR clause due to affiliations with regulating committees, Please advise.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI

Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: <u>Website</u>
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any
third party without written authorization. DALS Credit Solutions Co does not participate in removing
items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that
adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**

Book time to meet with me

**From:** Leticia Alexander <leticiaalexander@zsoftechsolutions.com>
**Sent:** Wednesday, September 4, 2024 11:06 AM
**To:** eric.benderson@sba.gov <eric.benderson@sba.gov>; arlene.embrey@sba.gov <arlene.embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov
<OIG@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>;
Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>;
Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request
Follow-Up

Dear Eric or Arlene

Can you all address me in David's absence? We have not heard from him nor received a timeframe for
response. We need the data for our next steps in the process. Please see my email below to Mr.
Fishman.

On Wed, Sep 4, 2024 at 11:00 AM Leticia Alexander <leticiaalexander@zsoftechsolutions.com> wrote

Dear Mr. Fishman,

Thank you for your response regarding both of the FOIA requests. It is imperative that we get our responses due to the impact of these procedures, processes and possible conflict of interest that SBA operates at the expense of black owned companies.Is there a timeframe for a response on these issues that we raised? We need this date for our next steps to protect our companies from exploitation, discrimination and deliberate exclusion from Federal Contracts which is against the Civil Rights Act of 1866. Please advise.

On Wed, Aug 14, 2024 at 12:35 PM Lynette Stevenson <ls@dalscreditsolutions.com> wrote:
**Subject:** Clarification on SBA FOIA Request Process and Involvement of Relevant Offices

Dear Attorney David Fishman, Senior Legal Council for the SBA
Thank you for your prompt response regarding our FOIA request. I appreciate the clarity on the procedures the SBA followed in addressing our inquiry.
I understand that our request, involving the SBIC and 8(a) programs, necessitates coordination across multiple SBA offices. The assignment of two distinct FOIA numbers (2024-005961 and 2024-005962) reflects the comprehensive approach.

**To Administrator Isabella Guzman:**
Administrator Guzman's oversight ensures the professional handling of our inquiry, which is crucial for stakeholders like DALS Credit Solutions Co., 8A's, and WOSB without designations.

**To General Counsel Therese Meers:**
Ms. Meers, I appreciate the Office of General Counsel's role in ensuring legal compliance and thoroughness in the FOIA process. Your team's involvement is pivotal.

**To Ms. Nathania Bates, Office of Inspector General:**
Ms. Bates, I recognize the importance of your office in ensuring the accuracy and accountability of SBA operations, and I appreciate your diligent review of our request.

We are fully cooperative and ready to assist further if needed. Please do not hesitate to reach out if additional information is required.
Thank you once again for your attention to this matter.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930

UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA
DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message
with any third party without written authorization. DALS Credit Solutions Co does not participate in
removing items of the credit profile that are legally bonded. We are a Resilience Financial Training
firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**

---

**From:** Fishman, David A. <david.fishman@sba.gov>
**Sent:** Wednesday, August 14, 2024 10:06 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Cc:** FOIA Status <FOIAStatus@sba.gov>; 'OIG@sba.gov' <OIG@sba.gov>; Guzman, Isabella C.
<Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off.
Inspector Gen.) <Nathania.Bates@sba.gov>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request
Follow-Up

Dear Ms. Stevenson,

As you are aware, a copy of your FOIA request follow-up, copy below, was sent to SBA via the FOIA status
mailbox today. I am responding to this inquiry in order to explain the status of your request and hopefully
address any concerns that you may have about procedures used by SBA in handling your inquiry. Your
original request dated August 12, two days ago, was also submitted to SBA via the FOIA status portal. Upon
receipt, it was timely and properly referred to the SBA's Office of Hearings and Appeals for initial review
and acknowledgement. Once a request is reviewed and acknowledged, it is then routed to the
appropriate SBA office for response.

Given the nature of the information sought in your request, various SBA offices would need to be involved
in order to determine the specific material responsive to your request and to properly respond to your

inquiry. The acknowledgement of your original email is a necessary step in the process. Once the appropriate offices are determined, SBA assigns the inquiry to that/those offices for response. As such, your request was assigned two FOIA numbers, 2024-005961 and 5962 because two distinct offices would need to assess your inquiry, specifically, your requests for SBIC and 8(a) info.

I hope this addresses any concerns that you may have with the process SBA used.

If you have any further questions regarding the procedures, please feel free to reach out to me.

Sincerely,

David

David A. Fishman
Senior Legal Counsel
For FOIA and Privacy Act
U.S. Small Business Administration
Office: (202) 205-6861
Mobile: (202) 309-6324
david.fishman@sba.gov



Home Page | Twitter | Instagram | Facebook | YouTube | LinkedIn | Email Alerts

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, August 14, 2024 7:46 AM
**To:** OIG@sba.gov
**Cc:** FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>
**Subject:** Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
**Importance:** High

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

**To:** Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General
cc: Administrator: Isabella Guzman and FIOA Status of SBA.

**Dear Inspector General Hannibal "Mike" Ware,**
I trust this message finds you well. My name is Lynette T. Stevenson. I am the founder of DALS Credit Solutions Co. This firm has long been dedicated to supporting 8(a) participants with strategic development to secure federal contracts. Despite not participating in the 8(a) program, our involvement in this space has provided significant insights into the program's operations and the broader landscape of SBA-supported

businesses. As a Defense Acquisition University, Defense Security Corporation University, and National Contract Manager Association student and Member, I request your attention, along with other small businesses certified 8A's without designations and those on Best in Class Contract vehicles. Inspector General Hannibal "Mike" Ware's our email will elaborate on the reasons for the FOIA and Express concerns about the reported data.

### Failure to Acknowledge FOIA Request: A Troubling Indicator

I am writing to express my deep concern regarding the lack of acknowledgment of a FOIA request recently submitted to the FOIA SBA Department. The fact that this request has been read yet needs to be acknowledged raises significant red flags about the transparency and responsiveness of the S.B.A.'s processes.

### The SBA's 8(a) Business Development Program

### Exposing Deep-Seated Issues within the S.B.A. 8(a) Business Development Program

Through rigorous analysis, my team and I have uncovered severe deficiencies within the S.B.A. 8(a) Business Development Program that suggest gross mismanagement, potentially bordering on deliberate negligence. The reported 11.32% participation rate for the 8(a) program, particularly when considering entities like Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes, appears to be not only inaccurate but possibly manipulated to present a facade of diversity and inclusion. The S.B.A.'s apparent failure to modernize and appropriately evaluate its processes has likely led to systemic underreporting and misrepresentation. With the lack of Business Opportunity Specialists (B.O.S.) throughout all regions, This is not a mere oversight, solely on them; it is a critical failure that, if left unchecked, will continue to disenfranchise the communities the S.B.A. purports to support. This situation demands immediate corrective action.

With SBA and other entities to ensure the duty of the taxpayer's dollars, we should not participate in such activities. Especially those who are unable to pay taxes due to the severe decline in small business, (Partially Black-Owned 8As, Non 8A's & WOSB's). 40% of Small Business declined in participate in government contracting. Out of 4,000 8A companies, how many who are not part of the NHO, CDC, etc., made over 100 Million Dollars over the life of the program?

How many WOSB were awarded contract with a sole source, I'll tell you 132 WOSB were awarded a sole source out of the Millions of WOSB. Question OIG, how many of the WOSB were Black Owned? The quotas are not met, no accountability, no KPI, Governance nor oversight, which causes True Small Business to fail, particularly those who does not have Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes,.

### Legal and Ethical Breaches: A Call for Accountability

Respectfully, Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General 15 U.S.C. §637(a)(1)(A) explicitly prohibits the S.B.A. from awarding 8(a) contracts if the cost to the contracting agency exceeds the fair market price. Yet, preliminary findings suggest that this legal requirement has been routinely ignored. Despite statutory limitations, the unchecked discretion with which the S.B.A. accepts 8(a) contracts suggests a troubling disregard for legal and ethical standards.

If proven, such practices violate federal law and severely undermine the public trust in the S.B.A.'s programs. The potential for abuse, favoritism, and corruption is immense, and it is incumbent upon your office to ensure that these issues are thoroughly investigated and addressed.

**Systemic Management Failures: A Crippling Report**
According to the review of The "Top Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2024" report is a damning indictment of the S.B.A.'s current state of operations. The revelation that 15 out of 40 firms tested lacked approved business plans yet were still permitted to participate in the 8(a) program, leading to $93 million in questionable contracts, clearly indicates systemic failure. The absence of robust performance metrics and inconsistent procedures for ensuring that participants receive the necessary business development assistance further compounds these issues. These failures are not mere administrative oversights—they represent a fundamental breakdown in the S.B.A.'s ability to fulfill its mission.

**FOIA Request for Comprehensive SBIC Oversight and Detailed Investment Company Information**
Given the critical issues outlined above, I am submitting an expanded FOIA request that seeks detailed information on the operations and oversight of Small Business Investment Companies (SBICs) from 2020-2023 and demands an in-depth review of the relationships, solicitations, and decision-making processes that led to the awarding of contracts to the 298 companies in question.

**Section One of the Specific Requests:**
1. **List of Funded Small Businesses and Their Relationships**: A detailed list of the 298 small businesses that received funding through SBICs during the 2020-2023 period, including names, contact information, and associated licensing partners for each SBIC. This data is crucial to scrutinize these relationships for potential conflicts of interest, favoritism, or unethical practices that may have influenced funding decisions.
2. **Designated Small Businesses and Disparities**: Comprehensive information on small businesses funded during this period that fall under specific designations such as Native Hawaiian Organizations (N.H.O.), Community Development Corporations (C.D.C.), Indian Tribes, and Joint Ventures. This data is essential to assess whether these businesses receive the fair share of opportunities as intended under the S.B.A.'s programs. Any disparities must be critically examined and addressed.
3. **Verification of Participation Rates and Integrity of Data**: A thorough and independent verification of the reported 11.32% participation rate, focusing on the designations above. The integrity of this data is in question, and it is necessary to determine whether the S.B.A.'s claims of inclusivity are based on accurate and truthful reporting or attempt to mislead the public and stakeholders.

   **Solicitations and Acquisition Strategy Documentation**: For each of the 298 companies awarded contracts, please provide the following:
   - **All solicitations** under which these companies were awarded contracts, including any amendments or revisions.
   - **Market research documentation** conducted under FAR Part 10 to determine the necessity and justification for these awards. This includes any findings or conclusions that supported the decision to issue the solicitation.
   - **Acquisition strategies** employed for these contracts, detailing how decisions were made regarding the type of contract, competition requirements, and the award method.

**PCR (Procurement Center Representative) signatures and approvals**: To ensure all was fair and reasonable according to FAR& DFAR, and agency FARS, we are requesting data of all 298 companies' award data to provide the 298 companies that were not awarded the opportunity Soley on Equity Shares and loan terms with the SBIC investors. In addition, relationships with Federal, State, & Local Entities and Contract Officers who potentially own shares within the 298 companies.

**Fair and Reasonable Practices Verification**: Data on Joint Ventures with Small, Medium, and Large Partnerships and Team agreements to ensure that all practices were conducted fairly and by FAR and DFARS requirements. This should include cases where these agreements may have been used to circumvent the program's intent or unfairly advantage sure participants.

## Section Two of the specific request:

**To reiterate:** Congressional regulation barred the S.B.A. from awarding sole sources to 8A without designations. We are reviewing checks and balances. So, we request a list of all currently licensed SBICs from 2020-2023; depending on the data received, we may request years prior, including names, addresses, contact information, licensing dates, and licenses issued (e.g., Debenture SBIC, Non-leveraged SBIC). If any are missing, please provide the remainder according to the request. Notable examples include:

To Examine the terms of engagement of SBICs, equity stakes, and any potential conflicts of interest. We request data to investigate whether the fund's investments align with the S.B.A.'s mission or disproportionately favor certain businesses. Our team requested that the decision-making process that led to the awarding of funds be evaluated, mainly focusing on the criteria used to select beneficiaries.
In addition, Review the fund's investment strategies and their impact on small businesses, particularly those from underserved communities. Investigate any potential conflicts of interest or ethical breaches.

1.

Detailed Review of SBIC Relationships: For each SBIC involved, I am requesting an in-depth analysis of their relationships with the funded businesses. This includes:

1. **Siguler Guff SBIC Fund II, L.P. (8/18/2023, 2.0x)**

2. **Champlain Capital Partners IV, L.P. (9/21/2023, 2.0x)**:

3. **Firmament Partners SBIC IV, L.P. (9/21/2023, 2.0x)**:

4. **I.M.B. Partners SBIC I, L.P. (10/17/2023, Non-leveraged)**:

5. **Emerging America Credit Opportunities Fund, L.P. (10/17/2023, 2.0x)**:

6. **Cyprium SBIC I, L.P. (11/05/2023, 2.0x)**:

7. **Riverside SBIC I, L.P. (11/28/2023, 2.0x)**:

8. **MCM Capital Partners IV, L.P. (12/13/2023, 0.5x)**:

9. **Farragut SBIC Fund III, L.P. (12/20/2023, 2.0x)**:

10. **Pelion Ventures VIII Financial Institutions Fund (12/29/2023, 1.25x)**:

**Capital Under Management and Investment Transparency**: Data on the total amount of capital under management by each licensed SBIC during the requested period and the types of investments made, including specific sectors or industries targeted. This information is essential for evaluating whether these investments align with the S.B.A.'s objectives or disproportionately favor particular industries or regions.

1. **Annual Performance Reports and Accountability**: Each licensed SBIC must provide the most recent annual performance reports detailing investment activity, portfolio companies, and financial

performance. These reports should also include any deviations from expected performance metrics and the reasons for such deviations. Accountability for these deviations is crucial.

2. **Compliance Reviews and Enforcement Actions**: Complete records of any compliance reviews, audits, or investigations conducted by the S.B.A. on licensed SBICs within the past three years. This should include details of any enforcement actions taken, such as suspensions, revocations, or penalties, and the outcomes of these actions.

3. **Historical Data and Long-Term Efficacy**: A comprehensive historical list of all SBICs licensed by the S.B.A. since the program's inception, including years of operation, reasons for closure (if applicable), and any relevant performance metrics that provide insight into the long-term efficacy of the program.

4. **Program Changes and Policy Updates**: A timeline of significant changes to the SBIC program, including any policy updates, revisions to licensing requirements, or other critical changes that may have impacted the program's operations and effectiveness.

5. **Licensing and Performance Records**: All records related to the licensing, operation, and performance of the listed SBICs, including communications between the S.B.A. and these entities. This should include any documents that shed light on how licensing decisions were made and whether favoritism or bias influenced these decisions.

6. **Application and Approval Process Scrutiny**: Detailed information on the application and approval process for all listed SBICs during the requested period. This should include an examination of equity relationships between SBIC partners and their partners, with an emphasis on identifying any potential conflicts of interest or unethical practices.

7. **Policy Documents and Public Feedback**: Copies of all current policies, guidelines, and procedures related to the licensing and oversight of SBICs, along with any records of public comments or feedback received during the most recent review or revision of these guidelines.

8. **Investment Program Criteria and Equity Analysis**: Data on how many Black-owned businesses and businesses from other minority groups benefited from the SBIC program during 2020-2023. This should include analyzing how well these businesses have performed and whether the S.B.A.'s support has been equitable across all groups.

9. **Reevaluations or Audits for Fairness**: Information on any reevaluations or audits conducted to define what constitutes a small business within the context of the SBIC program and other S.B.A. initiatives. This is critical to ensure the program's criteria are fair and do not disadvantage smaller or less well-connected businesses. Identify any patterns of favoritism or unethical practices. Analyze the fund's portfolio to determine whether it has disproportionately benefited specific industries or regions, potentially at the expense of underserved communities.


In addition, Assess the fund's non-leveraged nature and its impact on the types of businesses it supports. Investigate whether the absence of leverage has influenced the fairness of the awards. Investigate the fund's investment strategies and alignment with the S.B.A.'s goals. Scrutinize the fairness and transparency of the investment selection process.


**Conclusion and Request for Immediate Action:**
The issues highlighted in this communication are not merely administrative challenges; they represent fundamental not meeting obligation with the S.B.A.'s, along with oversight and management of critical programs. These failures are not just a risk to the effectiveness of the S.B.A.'s mission—they are a direct threat to the public trust and the communities that depend on these programs.

Please treat this FOIA request with the utmost urgency based on regulatory compliance to ensure the S.B.A.'s response is comprehensive and transparent. Further delays or inadequate responses will only

deepen the concerns raised and could have severe ethical implications and financial consequences for black-owned businesses. Inspector General, we appreciate your attention to this matter. It is appreciated and necessary to prevent further damage to the S.B.A.'s reputation and ensure that its programs fulfill their intended purpose of supporting small businesses nationwide. Thank you for your time, attention, and commitment to upholding the integrity of the S.B.A.'s programs. I look forward to your timely and thorough response.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

--
Sincerely,

Leticia Alexander
President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com

--
Sincerely,

Leticia Alexander
President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com

 Outlook

**Automatic reply: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Fishman, David A. <david.fishman@sba.gov>

**Date** Wed 04-Sep-24 12:02 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Thank you for your email message. I will be out of the office today returning to the office on Monday September 9th. I will have limited access to phone or email. If this is an emergency, please contact Mr. Eric S. Benderson, Associate General Counsel for Litigation, at eric.benderson@sba.gov (202) 205-6636. If this relates to a FOIA/Privacy Act matter please contact Arlene Embrey at arlene.embrey@sba.gov (202) 205-6976.

 Outlook

## Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Wed 04-Sep-24 12:15 PM

**To** eric.benderson@sba.gov <eric.benderson@sba.gov>

**Cc** FOIA Status <FOIAStatus@sba.gov>; arlene.embrey@sba.gov <arlene.embrey@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Fishman, David A. <david.fishman@sba.gov>; leticiaalexander <leticiaalexander@zsoftechsolutions.com>

**David A. Fishman**
Senior Legal Counsel
U.S. Small Business Administration
409 3rd St, SW
Washington, DC 20416

**Isabella Casillas Guzman**
Administrator
U.S. Small Business Administration
409 3rd St, SW
Washington, DC 20416

Dear Attorney Fishman and Administrator Guzman, and I hope all is well. Please respond to all within this email. Due to my FOIA request- and the opening of the SBA 8A program on 09/09/2024 to accept applications which will continue to exclude black-owned business due to the ANCS 1971 settlement. We are familiar with the final ruling of the Secretary of Interior.

Senior Legal team of The United States Business Administration, if you are not following up with our request, due to current laws in place to protect the actions which grouped "Minorities" to exclude black-owned businesses, there is enough data to state no one can honestly calculate due administrative, and operational roadblock. Even internal staff can ascertain. Based on what was requested, we are coming to you without a lawsuit. We here to assist with change.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road

Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

Book time to meet with me

---

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 4, 2024 12:01 PM
**To:** eric.benderson@sba.gov <eric.benderson@sba.gov>
**Cc:** FOIA Status <FOIAStatus@sba.gov>; arlene.embrey@sba.gov <arlene.embrey@sba.gov>; OIG@sba.gov <OIG@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Fishman, David A. <david.fishman@sba.gov>
**Subject:** Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

**David A. Fishman**
Senior Legal Counsel
U.S. Small Business Administration
409 3rd St, SW
Washington, DC 20416

**Isabella Casillas Guzman**
Administrator
U.S. Small Business Administration
409 3rd St, SW
Washington, DC 20416

Dear Attorney Fishman and Administrator Guzman, and I hope all is well.

Due to my FOIA request- and the opening of the SBA 8A program on 09/09/2024 to accept applications which will continue to exclude black-owned business due to the ANCS 1971 settlement. We are familiar with the final ruling of the Secretary of Interior.

Senior Legal team of The United States Business Administration, if you are not following up with our request, due to current laws in place to protect the actions which grouped "Minorities" to exclude black-owned businesses, there is enough data to state no one can honestly calculate due administrative, and operational roadblock. Even internal staff can ascertain. Based on what was requested, we are coming to you without a lawsuit. We here to assist with change, along with a new DFAR clause due to affiliations with regulating committees, Please advise.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.

Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

📇 Book time to meet with me

---

**From:** Leticia Alexander <leticiaalexander@zsoftechsolutions.com>
**Sent:** Wednesday, September 4, 2024 11:06 AM
**To:** eric.benderson@sba.gov <eric.benderson@sba.gov>; arlene.embrey@sba.gov <arlene.embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov <OIG@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

Dear Eric or Arlene

Can you all address me in David's absence? We have not heard from him nor received a timeframe for response. We need the data for our next steps in the process. Please see my email below to Mr. Fishman.

On Wed, Sep 4, 2024 at 11:00 AM Leticia Alexander <leticiaalexander@zsoftechsolutions.com> wrote:
Dear Mr. Fishman,

Thank you for your response regarding both of the FOIA requests. It is imperative that we get our responses due to the impact of these procedures, processes and possible conflict of interest that SBA operates at the expense of black owned companies.Is there a timeframe for a response on these issues that we raised? We need this date for our next steps to protect our companies from exploitation, discrimination and deliberate exclusion from Federal Contracts which is against the Civil Rights Act of 1866. Please advise.

On Wed, Aug 14, 2024 at 12:35 PM Lynette Stevenson <ls@dalscreditsolutions.com> wrote:
**Subject:** Clarification on SBA FOIA Request Process and Involvement of Relevant Offices

Dear Attorney David Fishman, Senior Legal Council for the SBA
Thank you for your prompt response regarding our FOIA request. I appreciate the clarity on the procedures the SBA followed in addressing our inquiry.
I understand that our request, involving the SBIC and 8(a) programs, necessitates coordination across multiple SBA offices. The assignment of two distinct FOIA numbers (2024-005961 and 2024-005962) reflects the comprehensive approach.

**To Administrator Isabella Guzman:**
Administrator Guzman's oversight ensures the professional handling of our inquiry, which is crucial for stakeholders like DALS Credit Solutions Co., 8A's, and WOSB without designations.

**To General Counsel Therese Meers:**
Ms. Meers, I appreciate the Office of General Counsel's role in ensuring legal compliance and thoroughness in the FOIA process. Your team's involvement is pivotal.

**To Ms. Nathania Bates, Office of Inspector General:**
Ms. Bates, I recognize the importance of your office in ensuring the accuracy and accountability of SBA operations, and I appreciate your diligent review of our request.

We are fully cooperative and ready to assist further if needed. Please do not hesitate to reach out if additional information is required.
Thank you once again for your attention to this matter.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)

---

**From:** Fishman, David A. <<u>david.fishman@sba.gov</u>>
**Sent:** Wednesday, August 14, 2024 10:06 AM
**To:** Lynette Stevenson <<u>ls@dalscreditsolutions.com</u>>
**Cc:** FOIA Status <<u>FOIAStatus@sba.gov</u>>; '<u>OIG@sba.gov</u>' <<u>OIG@sba.gov</u>>; Guzman, Isabella C. <<u>Isabella.Guzman@sba.gov</u>>; Meers, Therese R. <<u>Therese.Meers@sba.gov</u>>; Bates, Nathania M. (Off. Inspector Gen.) <<u>Nathania.Bates@sba.gov</u>>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

Dear Ms. Stevenson,

As you are aware, a copy of your FOIA request follow-up, copy below, was sent to SBA via the FOIA status mailbox today.  I am responding to this inquiry in order to explain the status of your request and hopefully address any concerns that you may have about procedures used by SBA in handling your inquiry.  Your original request dated August 12, two days ago, was also submitted to SBA via the FOIA status portal. Upon receipt, it was timely and properly referred to the SBA's Office of Hearings and Appeals for initial review and acknowledgement.  Once a request is reviewed and acknowledged, it is then routed to the appropriate SBA office for response.

Given the nature of the information sought in your request, various SBA offices would need to be involved in order to determine the specific material responsive to your request and to properly respond to your inquiry.  The acknowledgement of your original email is a necessary step in the process.  Once the appropriate offices are determined, SBA assigns the inquiry to that/those offices for response.  As such, your request was assigned two FOIA numbers, 2024-005961 and 5962 because two distinct offices would need to assess your inquiry, specifically, your requests for SBIC and 8(a) info.

I hope this addresses any concerns that you may have with the process SBA used.

If you have any further questions regarding the procedures, please feel free to reach out to me.

Sincerely,

David

David A. Fishman
Senior Legal Counsel
For FOIA and Privacy Act
U.S. Small Business Administration
Office: (202) 205-6861
Mobile: (202) 309-6324
<u>david.fishman@sba.gov</u>



U.S. Small Business
Administration

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, August 14, 2024 7:46 AM
**To:** OIG@sba.gov
**Cc:** FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>
**Subject:** Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
**Importance:** High

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

**To:** Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General
cc: Administrator: Isabella Guzman and FIOA Status of SBA.

**Dear Inspector General Hannibal "Mike" Ware,**

I trust this message finds you well. My name is Lynette T. Stevenson. I am the founder of DALS Credit Solutions Co. This firm has long been dedicated to supporting 8(a) participants with strategic development to secure federal contracts. Despite not participating in the 8(a) program, our involvement in this space has provided significant insights into the program's operations and the broader landscape of SBA-supported businesses. As a Defense Acquisition University, Defense Security Corporation University, and National Contract Manager Association student and Member, I request your attention, along with other small businesses certified 8A's without designations and those on Best in Class Contract vehicles. Inspector General Hannibal "Mike" Ware's our email will elaborate on the reasons for the FOIA and Express concerns about the reported data.

**Failure to Acknowledge FOIA Request: A Troubling Indicator**

I am writing to express my deep concern regarding the lack of acknowledgment of a FOIA request recently submitted to the FOIA SBA Department. The fact that this request has been read yet needs to be acknowledged raises significant red flags about the transparency and responsiveness of the S.B.A.'s processes.

**The SBA's 8(a) Business Development Program**

**Exposing Deep-Seated Issues within the S.B.A. 8(a) Business Development Program**

Through rigorous analysis, my team and I have uncovered severe deficiencies within the S.B.A. 8(a) Business Development Program that suggest gross mismanagement, potentially bordering on deliberate negligence. The reported 11.32% participation rate for the 8(a) program, particularly when considering entities like Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes, appears to be not only inaccurate but possibly manipulated to present a facade of diversity and inclusion. The S.B.A.'s apparent failure to modernize and

appropriately evaluate its processes has likely led to systemic underreporting and misrepresentation. With the lack of Business Opportunity Specialists (B.O.S.) throughout all regions, This is not a mere oversight, solely on them; it is a critical failure that, if left unchecked, will continue to disenfranchise the communities the S.B.A. purports to support. This situation demands immediate corrective action.

With SBA and other entities to ensure the duty of the taxpayer's dollars, we should not participate in such activities. Especially those who are unable to pay taxes due to the severe decline in small business, (Partially Black-Owned 8As, Non 8A's & WOSB's). 40% of Small Business declined in participate in government contracting. Out of 4,000 8A companies, how many who are not part of the NHO, CDC, etc., made over 100 Million Dollars over the life of the program?

How many WOSB were awarded contract with a sole source, I'll tell you 132 WOSB were awarded a sole source out of the Millions of WOSB. Question OIG, how many of the WOSB were Black Owned? The quotas are not met, no accountability, no KPI, Governance nor oversight, which causes True Small Business to fail, particularly those who does not have Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes,.


**Legal and Ethical Breaches: A Call for Accountability**
Respectfully, Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General 15 U.S.C. §637(a)(1)(A) explicitly prohibits the S.B.A. from awarding 8(a) contracts if the cost to the contracting agency exceeds the fair market price. Yet, preliminary findings suggest that this legal requirement has been routinely ignored. Despite statutory limitations, the unchecked discretion with which the S.B.A. accepts 8(a) contracts suggests a troubling disregard for legal and ethical standards.
If proven, such practices violate federal law and severely undermine the public trust in the S.B.A.'s programs. The potential for abuse, favoritism, and corruption is immense, and it is incumbent upon your office to ensure that these issues are thoroughly investigated and addressed.

**Systemic Management Failures: A Crippling Report**
According to the review of The "Top Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2024" report is a damning indictment of the S.B.A.'s current state of operations. The revelation that 15 out of 40 firms tested lacked approved business plans yet were still permitted to participate in the 8(a) program, leading to $93 million in questionable contracts, clearly indicates systemic failure. The absence of robust performance metrics and inconsistent procedures for ensuring that participants receive the necessary business development assistance further compounds these issues. These failures are not mere administrative oversights—they represent a fundamental breakdown in the S.B.A.'s ability to fulfill its mission.

**FOIA Request for Comprehensive SBIC Oversight and Detailed Investment Company Information**
Given the critical issues outlined above, I am submitting an expanded FOIA request that seeks detailed information on the operations and oversight of Small Business Investment Companies (SBICs) from 2020-2023 and demands an in-depth review of the relationships, solicitations, and decision-making processes that led to the awarding of contracts to the 298 companies in question.

**Section One of the Specific Requests:**
1. **List of Funded Small Businesses and Their Relationships**: A detailed list of the 298 small businesses that received funding through SBICs during the 2020-2023 period, including names, contact information, and associated licensing partners for each SBIC. This data is crucial to

scrutinize these relationships for potential conflicts of interest, favoritism, or unethical practices that may have influenced funding decisions.

2. **Designated Small Businesses and Disparities**: Comprehensive information on small businesses funded during this period that fall under specific designations such as Native Hawaiian Organizations (N.H.O.), Community Development Corporations (C.D.C.), Indian Tribes, and Joint Ventures. This data is essential to assess whether these businesses receive the fair share of opportunities as intended under the S.B.A.'s programs. Any disparities must be critically examined and addressed.

3. **Verification of Participation Rates and Integrity of Data**: A thorough and independent verification of the reported 11.32% participation rate, focusing on the designations above. The integrity of this data is in question, and it is necessary to determine whether the S.B.A.'s claims of inclusivity are based on accurate and truthful reporting or attempt to mislead the public and stakeholders.

**Solicitations and Acquisition Strategy Documentation**: For each of the 298 companies awarded contracts, please provide the following:

- **All solicitations** under which these companies were awarded contracts, including any amendments or revisions.
- **Market research documentation** conducted under FAR Part 10 to determine the necessity and justification for these awards. This includes any findings or conclusions that supported the decision to issue the solicitation.
- **Acquisition strategies** employed for these contracts, detailing how decisions were made regarding the type of contract, competition requirements, and the award method.


**PCR (Procurement Center Representative) signatures and approvals**: To ensure all was fair and reasonable according to FAR& DFAR, and agency FARS, we are requesting data of all 298 companies' award data to provide the 298 companies that were not awarded the opportunity Soley on Equity Shares and loan terms with the SBIC investors. In addition, relationships with Federal, State, & Local Entities and Contract Officers who potentially own shares within the 298 companies.

**Fair and Reasonable Practices Verification**: Data on Joint Ventures with Small, Medium, and Large Partnerships and Team agreements to ensure that all practices were conducted fairly and by FAR and DFARS requirements. This should include cases where these agreements may have been used to circumvent the program's intent or unfairly advantage sure participants.

## Section Two of the specific request:

**To reiterate:** Congressional regulation barred the S.B.A. from awarding sole sources to 8A without designations. We are reviewing checks and balances. So, we request a list of all currently licensed SBICs from 2020-2023; depending on the data received, we may request years prior, including names, addresses, contact information, licensing dates, and licenses issued (e.g., Debenture SBIC, Non-leveraged SBIC). If any are missing, please provide the remainder according to the request. Notable examples include:

To Examine the terms of engagement of SBICs, equity stakes, and any potential conflicts of interest. We request data to investigate whether the fund's investments align with the S.B.A.'s mission or disproportionately favor certain businesses. Our team requested that the decision-making process that led to the awarding of funds be evaluated, mainly focusing on the criteria used to select beneficiaries.

In addition, Review the fund's investment strategies and their impact on small businesses, particularly those from underserved communities. Investigate any potential conflicts of interest or ethical breaches.

1.

Detailed Review of SBIC Relationships: For each SBIC involved, I am requesting an in-depth analysis of their relationships with the funded businesses. This includes:

1. **Siguler Guff SBIC Fund II, L.P. (8/18/2023, 2.0x)**

2. **Champlain Capital Partners IV, L.P. (9/21/2023, 2.0x):**

3. **Firmament Partners SBIC IV, L.P. (9/21/2023, 2.0x):**

4. **I.M.B. Partners SBIC I, L.P. (10/17/2023, Non-leveraged):**

5. **Emerging America Credit Opportunities Fund, L.P. (10/17/2023, 2.0x):**

6. **Cyprium SBIC I, L.P. (11/05/2023, 2.0x):**

7. **Riverside SBIC I, L.P. (11/28/2023, 2.0x):**

8. **MCM Capital Partners IV, L.P. (12/13/2023, 0.5x):**

9. **Farragut SBIC Fund III, L.P. (12/20/2023, 2.0x):**

10. **Pelion Ventures VIII Financial Institutions Fund (12/29/2023, 1.25x):**

**Capital Under Management and Investment Transparency**: Data on the total amount of capital under management by each licensed SBIC during the requested period and the types of investments made, including specific sectors or industries targeted. This information is essential for evaluating whether these investments align with the S.B.A.'s objectives or disproportionately favor particular industries or regions.

1. **Annual Performance Reports and Accountability**: Each licensed SBIC must provide the most recent annual performance reports detailing investment activity, portfolio companies, and financial performance. These reports should also include any deviations from expected performance metrics and the reasons for such deviations. Accountability for these deviations is crucial.

2. **Compliance Reviews and Enforcement Actions**: Complete records of any compliance reviews, audits, or investigations conducted by the S.B.A. on licensed SBICs within the past three years. This should include details of any enforcement actions taken, such as suspensions, revocations, or penalties, and the outcomes of these actions.

3. **Historical Data and Long-Term Efficacy**: A comprehensive historical list of all SBICs licensed by the S.B.A. since the program's inception, including years of operation, reasons for closure (if applicable), and any relevant performance metrics that provide insight into the long-term efficacy of the program.

4. **Program Changes and Policy Updates**: A timeline of significant changes to the SBIC program, including any policy updates, revisions to licensing requirements, or other critical changes that may have impacted the program's operations and effectiveness.

5. **Licensing and Performance Records**: All records related to the licensing, operation, and performance of the listed SBICs, including communications between the S.B.A. and these entities. This should include any documents that shed light on how licensing decisions were made and whether favoritism or bias influenced these decisions.

6. **Application and Approval Process Scrutiny**: Detailed information on the application and approval process for all listed SBICs during the requested period. This should include an examination of equity relationships between SBIC partners and their partners, with an emphasis on identifying any potential conflicts of interest or unethical practices.

7. **Policy Documents and Public Feedback**: Copies of all current policies, guidelines, and procedures related to the licensing and oversight of SBICs, along with any records of public comments or feedback received during the most recent review or revision of these guidelines.
8. **Investment Program Criteria and Equity Analysis**: Data on how many Black-owned businesses and businesses from other minority groups benefited from the SBIC program during 2020-2023. This should include analyzing how well these businesses have performed and whether the S.B.A.'s support has been equitable across all groups.
9. **Reevaluations or Audits for Fairness**: Information on any reevaluations or audits conducted to define what constitutes a small business within the context of the SBIC program and other S.B.A. initiatives. This is critical to ensure the program's criteria are fair and do not disadvantage smaller or less well-connected businesses. Identify any patterns of favoritism or unethical practices. Analyze the fund's portfolio to determine whether it has disproportionately benefited specific industries or regions, potentially at the expense of underserved communities.

In addition, Assess the fund's non-leveraged nature and its impact on the types of businesses it supports. Investigate whether the absence of leverage has influenced the fairness of the awards. Investigate the fund's investment strategies and alignment with the S.B.A.'s goals. Scrutinize the fairness and transparency of the investment selection process.

**Conclusion and Request for Immediate Action:**
The issues highlighted in this communication are not merely administrative challenges; they represent fundamental not meeting obligation with the S.B.A.'s, along with oversight and management of critical programs. These failures are not just a risk to the effectiveness of the S.B.A.'s mission—they are a direct threat to the public trust and the communities that depend on these programs.

Please treat this FOIA request with the utmost urgency based on regulatory compliance to ensure the S.B.A.'s response is comprehensive and transparent. Further delays or inadequate responses will only deepen the concerns raised and could have severe ethical implications and financial consequences for black-owned businesses. Inspector General, we appreciate your attention to this matter. It is appreciated and necessary to prevent further damage to the S.B.A.'s reputation and ensure that its programs fulfill their intended purpose of supporting small businesses nationwide. Thank you for your time, attention, and commitment to upholding the integrity of the S.B.A.'s programs. I look forward to your timely and thorough response.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445

UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified


Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third
party without written authorization. DALS Credit Solutions Co does not participate in removing items of
the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal
Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**



--
Sincerely,

Leticia Alexander
President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com



--
Sincerely,

Leticia Alexander
President

**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com



RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

**From** Benderson, Eric S. <eric.benderson@sba.gov>

**Date** Wed 04-Sep-24 5:54 PM

**To** leticiaalexander <leticiaalexander@zsoftechsolutions.com>; Embrey, Arlene M. <Arlene.Embrey@sba.gov>

**Cc** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov <OIG@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; Lynette Stevenson <ls@dalscreditsolutions.com>

We are trying to understand the request and are working on a response. Glad to discuss if you feel that would help.

Eric S. Benderson
Associate General Counsel for Litigation
Small Business Administration
409 3rd St. SW, Suite 7211
Washington, D.C. 20416
C. (202) 255-4207
F. (202) 205-7154

**From:** Leticia Alexander <leticiaalexander@zsoftechsolutions.com>
**Sent:** Wednesday, September 4, 2024 11:07 AM
**To:** Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <Arlene.Embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; LS@DalsCreditsolutions.com
**Subject:** Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

Dear Eric or Arlene

Can you all address me in David's absence? We have not heard from him nor received a timeframe for response. We need the data for our next steps in the process. Please see my email below to Mr. Fishman.

On Wed, Sep 4, 2024 at 11:00 AM Leticia Alexander <leticiaalexander@zsoftechsolutions.com> wrote:

Dear Mr. Fishman,

Thank you for your response regarding both of the FOIA requests. It is imperative that we get our responses due to the impact of these procedures, processes and possible conflict of interest that SBA operates at the expense of black owned companies.Is there a timeframe for a response on these issues that we raised? We need this date for our next steps to protect our companies from exploitation, discrimination and deliberate exclusion from Federal Contracts which is against the Civil Rights Act of 1866. Please advise.

On Wed, Aug 14, 2024 at 12:35 PM Lynette Stevenson <ls@dalscreditsolutions.com> wrote:

**Subject:** Clarification on SBA FOIA Request Process and Involvement of Relevant Offices

Dear Attorney David Fishman, Senior Legal Council for the SBA
Thank you for your prompt response regarding our FOIA request. I appreciate the clarity on the procedures the SBA followed in addressing our inquiry.
I understand that our request, involving the SBIC and 8(a) programs, necessitates coordination across multiple SBA offices. The assignment of two distinct FOIA numbers (2024-005961 and 2024-005962) reflects the comprehensive approach.

**To Administrator Isabella Guzman:**
Administrator Guzman's oversight ensures the professional handling of our inquiry, which is crucial for stakeholders like DALS Credit Solutions Co., 8A's, and WOSB without designations.

**To General Counsel Therese Meers:**
Ms. Meers, I appreciate the Office of General Counsel's role in ensuring legal compliance and thoroughness in the FOIA process. Your team's involvement is pivotal.

**To Ms. Nathania Bates, Office of Inspector General:**
Ms. Bates, I recognize the importance of your office in ensuring the accuracy and accountability of SBA operations, and I appreciate your diligent review of our request.

We are fully cooperative and ready to assist further if needed. Please do not hesitate to reach out if additional information is required.
Thank you once again for your attention to this matter.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81

CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified


Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA
DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message
with any third party without written authorization. DALS Credit Solutions Co does not participate in
removing items of the credit profile that are legally bonded. We are a Resilience Financial Training
firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**

---

**From:** Fishman, David A. <david.fishman@sba.gov>
**Sent:** Wednesday, August 14, 2024 10:06 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Cc:** FOIA Status <FOIAStatus@sba.gov>; 'OIG@sba.gov' <OIG@sba.gov>; Guzman, Isabella C.
<Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off.
Inspector Gen.) <Nathania.Bates@sba.gov>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request
Follow-Up

---

Dear Ms. Stevenson,


As you are aware, a copy of your FOIA request follow-up, copy below, was sent to SBA via the FOIA status
mailbox today. I am responding to this inquiry in order to explain the status of your request and hopefully
address any concerns that you may have about procedures used by SBA in handling your inquiry. Your
original request dated August 12, two days ago, was also submitted to SBA via the FOIA status portal.
Upon receipt, it was timely and properly referred to the SBA's Office of Hearings and Appeals for initial
review and acknowledgement. Once a request is reviewed and acknowledged, it is then routed to the
appropriate SBA office for response.

Given the nature of the information sought in your request, various SBA offices would need to be involved in order to determine the specific material responsive to your request and to properly respond to your inquiry. The acknowledgement of your original email is a necessary step in the process. Once the appropriate offices are determined, SBA assigns the inquiry to that/those offices for response. As such, your request was assigned two FOIA numbers, 2024-005961 and 5962 because two distinct offices would need to assess your inquiry, specifically, your requests for SBIC and 8(a) info.

I hope this addresses any concerns that you may have with the process SBA used.

If you have any further questions regarding the procedures, please feel free to reach out to me.

Sincerely,

David

David A. Fishman

Senior Legal Counsel

For FOIA and Privacy Act

U.S. Small Business Administration

Office: (202) 205-6861

Mobile: (202) 309-6324

ls@dalscreditsolutions.com

david.fishman@sba.gov



Home Page | Twitter | Instagram | Facebook | YouTube | LinkedIn | Email Alerts

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>

**To:** OIG@sba.gov
**Cc:** FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>
**Subject:** Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
**Importance:** High

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

**To:** Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General

cc: Administrator: Isabella Guzman and FIOA Status of SBA.

**Dear Inspector General Hannibal "Mike" Ware,**

I trust this message finds you well. My name is Lynette T. Stevenson. I am the founder of DALS Credit Solutions Co. This firm has long been dedicated to supporting 8(a) participants with strategic development to secure federal contracts. Despite not participating in the 8(a) program, our involvement in this space has provided significant insights into the program's operations and the broader landscape of SBA-supported businesses. As a Defense Acquisition University, Defense Security Corporation University, and National Contract Manager Association student and Member, I request your attention, along with other small businesses certified 8A's without designations and those on Best in Class Contract vehicles.

Inspector General Hannibal "Mike" Ware's our email will elaborate on the reasons for the FOIA and Express concerns about the reported data.

**Failure to Acknowledge FOIA Request: A Troubling Indicator**

I am writing to express my deep concern regarding the lack of acknowledgment of a FOIA request recently submitted to the FOIA SBA Department. The fact that this request has been read yet needs to be acknowledged raises significant red flags about the transparency and responsiveness of the S.B.A.'s processes.

**The SBA's 8(a) Business Development Program**

**Exposing Deep-Seated Issues within the S.B.A. 8(a) Business Development Program**

Through rigorous analysis, my team and I have uncovered severe deficiencies within the S.B.A. 8(a) Business Development Program that suggest gross mismanagement, potentially bordering on deliberate negligence. The reported 11.32% participation rate for the 8(a) program, particularly when considering entities like Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.),

manipulated to present a facade of diversity and inclusion. The S.B.A.'s apparent failure to modernize and appropriately evaluate its processes has likely led to systemic underreporting and misrepresentation. With the lack of Business Opportunity Specialists (B.O.S.) throughout all regions, This is not a mere oversight, solely on them; it is a critical failure that, if left unchecked, will continue to disenfranchise the communities the S.B.A. purports to support. This situation demands immediate corrective action.

With SBA and other entities to ensure the duty of the taxpayer's dollars, we should not participate in such activities. Especially those who are unable to pay taxes due to the severe decline in small business, (Partially Black-Owned 8As, Non 8A's & WOSB's). 40% of Small Business declined in participate in government contracting. Out of 4,000 8A companies, how many who are not part of the NHO, CDC, etc., made over 100 Million Dollars over the life of the program?

How many WOSB were awarded contract with a sole source, I'll tell you 132 WOSB were awarded a sole source out of the Millions of WOSB. Question OIG, how many of the WOSB were Black Owned? The quotas are not met, no accountability, no KPI, Governance nor oversight, which causes True Small Business to fail, particularly those who does not have Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes,.

## Legal and Ethical Breaches: A Call for Accountability

Respectfully, Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General 15 U.S.C. §637(a)(1)(A) explicitly prohibits the S.B.A. from awarding 8(a) contracts if the cost to the contracting agency exceeds the fair market price. Yet, preliminary findings suggest that this legal requirement has been routinely ignored. Despite statutory limitations, the unchecked discretion with which the S.B.A. accepts 8(a) contracts suggests a troubling disregard for legal and ethical standards.

If proven, such practices violate federal law and severely undermine the public trust in the S.B.A.'s programs. The potential for abuse, favoritism, and corruption is immense, and it is incumbent upon your office to ensure that these issues are thoroughly investigated and addressed.

## Systemic Management Failures: A Crippling Report

According to the review of The "Top Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2024" report is a damning indictment of the S.B.A.'s current state of operations. The revelation that 15 out of 40 firms tested lacked approved business plans yet were still permitted to participate in the 8(a) program, leading to $93 million in questionable contracts, clearly indicates systemic failure. The absence of robust performance metrics and inconsistent procedures for ensuring that participants receive the necessary business development assistance further compounds these issues. These failures are not mere administrative oversights—they represent a fundamental breakdown in the S.B.A.'s ability to fulfill its mission.

Given the critical issues outlined above, I am submitting an expanded FOIA request that seeks detailed information on the operations and oversight of Small Business Investment Companies (SBICs) from 2020-2023 and demands an in-depth review of the relationships, solicitations, and decision-making processes that led to the awarding of contracts to the 298 companies in question.

**Section One of the Specific Requests:**

1. **List of Funded Small Businesses and Their Relationships**: A detailed list of the 298 small businesses that received funding through SBICs during the 2020-2023 period, including names, contact information, and associated licensing partners for each SBIC. This data is crucial to scrutinize these relationships for potential conflicts of interest, favoritism, or unethical practices that may have influenced funding decisions.
2. **Designated Small Businesses and Disparities**: Comprehensive information on small businesses funded during this period that fall under specific designations such as Native Hawaiian Organizations (N.H.O.), Community Development Corporations (C.D.C.), Indian Tribes, and Joint Ventures. This data is essential to assess whether these businesses receive the fair share of opportunities as intended under the S.B.A.'s programs. Any disparities must be critically examined and addressed.
3. **Verification of Participation Rates and Integrity of Data**: A thorough and independent verification of the reported 11.32% participation rate, focusing on the designations above. The integrity of this data is in question, and it is necessary to determine whether the S.B.A.'s claims of inclusivity are based on accurate and truthful reporting or attempt to mislead the public and stakeholders.

**Solicitations and Acquisition Strategy Documentation**: For each of the 298 companies awarded contracts, please provide the following:

- **All solicitations** under which these companies were awarded contracts, including any amendments or revisions.
- **Market research documentation** conducted under FAR Part 10 to determine the necessity and justification for these awards. This includes any findings or conclusions that supported the decision to issue the solicitation.
- **Acquisition strategies** employed for these contracts, detailing how decisions were made regarding the type of contract, competition requirements, and the award method.

**PCR (Procurement Center Representative) signatures and approvals**: To ensure all was fair and reasonable according to FAR& DFAR, and agency FARS, we are requesting data of all 298 companies' award data to provide the 298 companies that were not awarded the opportunity Soley on Equity Shares and loan terms with the SBIC investors. In addition, relationships with Federal, State, & Local Entities and Contract Officers who potentially own shares within the 298 companies.

**Fair and Reasonable Practices Verification**: Data on Joint Ventures with Small, Medium, and Large Partnerships and Team agreements to ensure that all practices were conducted fairly and by FAR and DFARS requirements. This should include cases where these agreements may have been used to circumvent the program's intent or unfairly advantage sure participants.

**Section Two of the specific request:**

**To reiterate:** Congressional regulation barred the S.B.A. from awarding sole sources to 8A without designations. We are reviewing checks and balances. So, we request a list of all currently licensed SBICs from 2020-2023; depending on the data received, we may request years prior, including names, addresses, contact information, licensing dates, and licenses issued (e.g., Debenture SBIC, Non-leveraged SBIC). If any are missing, please provide the remainder according to the request. Notable examples include:

To Examine the terms of engagement of SBICs, equity stakes, and any potential conflicts of interest. We request data to investigate whether the fund's investments align with the S.B.A.'s mission or disproportionately favor certain businesses. Our team requested that the decision-making process that led to the awarding of funds be evaluated, mainly focusing on the criteria used to select beneficiaries.

In addition, Review the fund's investment strategies and their impact on small businesses, particularly those from underserved communities. Investigate any potential conflicts of interest or ethical breaches.

1.

Detailed Review of SBIC Relationships: For each SBIC involved, I am requesting an in-depth analysis of their relationships with the funded businesses. This includes:

1. **Siguler Guff SBIC Fund II, L.P. (8/18/2023, 2.0x)**

2. **Champlain Capital Partners IV, L.P. (9/21/2023, 2.0x)**:

3. **Firmament Partners SBIC IV, L.P. (9/21/2023, 2.0x)**:

4. **I.M.B. Partners SBIC I, L.P. (10/17/2023, Non-leveraged)**:

5. **Emerging America Credit Opportunities Fund, L.P. (10/17/2023, 2.0x)**:

6. **Cyprium SBIC I, L.P. (11/05/2023, 2.0x)**:

7. **Riverside SBIC I, L.P. (11/28/2023, 2.0x)**:

8. **MCM Capital Partners IV, L.P. (12/13/2023, 0.5x)**:

9. **Farragut SBIC Fund III, L.P. (12/20/2023, 2.0x)**:

10. **Pelion Ventures VIII Financial Institutions Fund (12/29/2023, 1.25x)**:

**Capital Under Management and Investment Transparency**: Data on the total amount of capital under management by each licensed SBIC during the requested period and the types of investments made, including specific sectors or industries targeted. This information is essential for evaluating whether these investments align with the S.B.A.'s objectives or disproportionately favor particular industries or regions.

1. **Annual Performance Reports and Accountability**: Each licensed SBIC must provide the most recent annual performance reports detailing investment activity, portfolio companies, and financial performance. These reports should also include any deviations from expected performance metrics and the reasons for such deviations. Accountability for these deviations is crucial.

2. **Compliance Reviews and Enforcement Actions**: Complete records of any compliance reviews, audits, or investigations conducted by the S.B.A. on licensed SBICs within the past three years. This should include details of any enforcement actions taken, such as suspensions, revocations, or penalties, and the outcomes of these actions.
3. **Historical Data and Long-Term Efficacy**: A comprehensive historical list of all SBICs licensed by the S.B.A. since the program's inception, including years of operation, reasons for closure (if applicable), and any relevant performance metrics that provide insight into the long-term efficacy of the program.
4. **Program Changes and Policy Updates**: A timeline of significant changes to the SBIC program, including any policy updates, revisions to licensing requirements, or other critical changes that may have impacted the program's operations and effectiveness.
5. **Licensing and Performance Records**: All records related to the licensing, operation, and performance of the listed SBICs, including communications between the S.B.A. and these entities. This should include any documents that shed light on how licensing decisions were made and whether favoritism or bias influenced these decisions.
6. **Application and Approval Process Scrutiny**: Detailed information on the application and approval process for all listed SBICs during the requested period. This should include an examination of equity relationships between SBIC partners and their partners, with an emphasis on identifying any potential conflicts of interest or unethical practices.
7. **Policy Documents and Public Feedback**: Copies of all current policies, guidelines, and procedures related to the licensing and oversight of SBICs, along with any records of public comments or feedback received during the most recent review or revision of these guidelines.
8. **Investment Program Criteria and Equity Analysis**: Data on how many Black-owned businesses and businesses from other minority groups benefited from the SBIC program during 2020-2023. This should include analyzing how well these businesses have performed and whether the S.B.A.'s support has been equitable across all groups.
9. **Reevaluations or Audits for Fairness**: Information on any reevaluations or audits conducted to define what constitutes a small business within the context of the SBIC program and other S.B.A. initiatives. This is critical to ensure the program's criteria are fair and do not disadvantage smaller or less well-connected businesses. Identify any patterns of favoritism or unethical practices. Analyze the fund's portfolio to determine whether it has disproportionately benefited specific industries or regions, potentially at the expense of underserved communities.

In addition, Assess the fund's non-leveraged nature and its impact on the types of businesses it supports. Investigate whether the absence of leverage has influenced the fairness of the awards. Investigate the fund's investment strategies and alignment with the S.B.A.'s goals. Scrutinize the fairness and transparency of the investment selection process.

**Conclusion and Request for Immediate Action:**

The issues highlighted in this communication are not merely administrative challenges; they represent fundamental not meeting obligation with the S.B.A.'s, along with oversight and management of critical programs. These failures are not just a risk to the effectiveness of the S.B.A.'s mission—they are a direct threat to the public trust and the communities that depend on these programs.

Please treat this FOIA request with the utmost urgency based on regulatory compliance to ensure the

deepen the concerns raised and could have severe ethical implications and financial consequences for black-owned businesses. Inspector General, we appreciate your attention to this matter. It is appreciated and necessary to prevent further damage to the S.B.A.'s reputation and ensure that its programs fulfill their intended purpose of supporting small businesses nationwide. Thank you for your time, attention, and commitment to upholding the integrity of the S.B.A.'s programs. I look forward to your timely and thorough response.

Warm Regards,

Lynette T. Stevenson-Owner she/her-NMLS #2327554

www.dalscredit.solutions

DALS Credit Solutions Co DBA DALS Economic & Strategic Co

DALS Notary Services

President of USMCA PA /Ohio Chapter

Associate Dean of ETI

5246 Simpson Ferry Road

Mechanicsburg, PA. 17055

Phone: 717.421.1445

Fax: 800.721.9930

UEI W9MKGJS85B81

CAGE:8N9Y9

CMMC1 & NIST 800-171 Complaint

SPRS Scores 88

PIEE Registered Vendor

Iden-Trust Verified

Disclosure: Website

All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.

**Article**: Women Business Owners made Strides; Gender Gap still remains.

Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)

Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

--
Sincerely,

Leticia Alexander
President
z SofTech Solutions INC
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com

--
Sincerely,

Leticia Alexander
President
z SofTech Solutions INC
(P) 1-877-237-8088
(F) 1-877-360-6005

(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com



**Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Wed 04-Sep-24 7:01 PM

**To** Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <arlene.embrey@sba.gov>

**Cc** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov <OIG@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; leticiaalexander <leticiaalexander@zsoftechsolutions.com>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>

Attorney Eric S. Benderson, Associate General Counsel for Litigation, and I hope all is well. As the Council of Litigation, the context is clear of the findings. Due to the request, the uncertainty lies within the data the SBA wants to release. It appears the SBA has excluded modernizing its processes, and there are concerns about legal violations under 15 USC §637(a)(1)(A) in awarding 8(a) contracts and WOSB at costs exceeding fair market value.

To ensure transparency and accountability, I request immediate action on the FOIA submitted and would like detailed data on the following:

1. The list of 298 companies awarded SBIC funds (2020-2023) and associated licensing partners.
2. Verification of the 11.32% participation rate based on the disaggregated data to ensure Small Business Administrator contractors that are 1099 are not included.
3. All solicitations, acquisition strategies, and PCR approvals related to these awards within the 298 companies
4. A complete list of SBICs from 2020-2023, including compliance reviews, enforcement actions, and performance reports based on the Guidelines of the Small Business Investment Companies (SBIC) Program including the final approval Administrator Guzman.

Additionally, we are prepared to meet without counsel if we are negotiating for a favorable outcome that will make us whole. However, if this meeting is not intended to make us whole, we will proceed with bringing legal counsel for further representation and request all information pertaining to the FOIA.

Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81

CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified


Disclosure: <u>Website</u>
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

 Book time to meet with me

---

**From:** Benderson, Eric S. <eric.benderson@sba.gov>
**Sent:** Wednesday, September 4, 2024 5:54 PM
**To:** leticiaalexander <leticiaalexander@zsoftechsolutions.com>; Embrey, Arlene M. <Arlene.Embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov <OIG@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

We are trying to understand the request and are working on a response. Glad to discuss if you feel that would help.

Eric S. Benderson
Associate General Counsel for Litigation
Small Business Administration
409 3rd St. SW, Suite 7211
Washington, D.C. 20416
C. (202) 255-4207
F. (202) 205-7154


**From:** Leticia Alexander <leticiaalexander@zsoftechsolutions.com>
**Sent:** Wednesday, September 4, 2024 1:07 AM

**To:** Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <Arlene.Embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; LS@DalsCreditsolutions.com
**Subject:** Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.

Dear Eric or Arlene

Can you all address me in David's absence? We have not heard from him nor received a timeframe for response. We need the data for our next steps in the process. Please see my email below to Mr. Fishman.


On Wed, Sep 4, 2024 at 11:00 AM Leticia Alexander <leticiaalexander@zsoftechsolutions.com> wrote:

> Dear Mr. Fishman,
>
> Thank you for your response regarding both of the FOIA requests. It is imperative that we get our responses due to the impact of these procedures, processes and possible conflict of interest that SBA operates at the expense of black owned companies.Is there a timeframe for a response on these issues that we raised? We need this date for our next steps to protect our companies from exploitation, discrimination and deliberate exclusion from Federal Contracts which is against the Civil Rights Act of 1866. Please advise.


> On Wed, Aug 14, 2024 at 12:35 PM Lynette Stevenson <ls@dalscreditsolutions.com> wrote:
>
> **Subject:** Clarification on SBA FOIA Request Process and Involvement of Relevant Offices
>
> Dear Attorney David Fishman, Senior Legal Council for the SBA
> Thank you for your prompt response regarding our FOIA request. I appreciate the clarity on the procedures the SBA followed in addressing our inquiry.
> I understand that our request, involving the SBIC and 8(a) programs, necessitates coordination across multiple SBA offices. The assignment of two distinct FOIA numbers (2024-005961 and 2024-005962) reflects the comprehensive approach.
>
> **To Administrator Isabella Guzman:**
> Administrator Guzman's oversight ensures the professional handling of our inquiry, which is crucial for stakeholders like DALS Credit Solutions Co., 8A's, and WOSB without designations.
>
> **To General Counsel Therese Meers:**
> Ms. Meers, I appreciate the Office of General Counsel's role in ensuring legal compliance and thoroughness in the FOIA process. Your team's involvement is pivotal.
>
> **To Ms. Nathania Bates, Office of Inspector General:**
> Ms. Bates, I recognize the importance of your office in ensuring the accuracy and accountability of SBA operations, and I appreciate your diligent review of our request.

We are fully cooperative and ready to assist further if needed. Please do not hesitate to reach out if additional information is required.
Thank you once again for your attention to this matter.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.

10,000 small businesses ALUMNI | TUCK EXECUTIVE EDUCATION AT DARTMOUTH | SBA U.S. Small Business Administration WOSB CERTIFIED

**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

---

**From:** Fishman, David A. <david.fishman@sba.gov>
**Sent:** Wednesday, August 14, 2024 10:06 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Cc:** FOIA Status <FOIAStatus@sba.gov>; 'OIG@sba.gov' <OIG@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathaniel M. (Off.

Inspector Gen.) <Nathania.Bates@sba.gov>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

---

Dear Ms. Stevenson,

As you are aware, a copy of your FOIA request follow-up, copy below, was sent to SBA via the FOIA status mailbox today. I am responding to this inquiry in order to explain the status of your request and hopefully address any concerns that you may have about procedures used by SBA in handling your inquiry. Your original request dated August 12, two days ago, was also submitted to SBA via the FOIA status portal. Upon receipt, it was timely and properly referred to the SBA's Office of Hearings and Appeals for initial review and acknowledgement. Once a request is reviewed and acknowledged, it is then routed to the appropriate SBA office for response.

Given the nature of the information sought in your request, various SBA offices would need to be involved in order to determine the specific material responsive to your request and to properly respond to your inquiry. The acknowledgement of your original email is a necessary step in the process. Once the appropriate offices are determined, SBA assigns the inquiry to that/those offices for response. As such, your request was assigned two FOIA numbers, 2024-005961 and 5962 because two distinct offices would need to assess your inquiry, specifically, your requests for SBIC and 8(a) info.

I hope this addresses any concerns that you may have with the process SBA used.

If you have any further questions regarding the procedures, please feel free to reach out to me.

Sincerely,

David

David A. Fishman
Senior Legal Counsel
For FOIA and Privacy Act
U.S. Small Business Administration
Office: (202) 205-6861
Mobile: (202) 309-6324
david.fishman@sba.gov



Home Page | Twitter | Instagram | Facebook | YouTube | LinkedIn | Email Alerts

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, August 14, 2024 7:46 AM

**Cc:** FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>
**Subject:** Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
**Importance:** High

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.
**To:** Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General
cc: Administrator: Isabella Guzman and FIOA Status of SBA.

**Dear Inspector General Hannibal "Mike" Ware,**
I trust this message finds you well. My name is Lynette T. Stevenson. I am the founder of DALS Credit Solutions Co. This firm has long been dedicated to supporting 8(a) participants with strategic development to secure federal contracts. Despite not participating in the 8(a) program, our involvement in this space has provided significant insights into the program's operations and the broader landscape of SBA-supported businesses. As a Defense Acquisition University, Defense Security Corporation University, and National Contract Manager Association student and Member, I request your attention, along with other small businesses certified 8A's without designations and those on Best in Class Contract vehicles. Inspector General Hannibal "Mike" Ware's our email will elaborate on the reasons for the FOIA and Express concerns about the reported data.

**Failure to Acknowledge FOIA Request: A Troubling Indicator**
I am writing to express my deep concern regarding the lack of acknowledgment of a FOIA request recently submitted to the FOIA SBA Department. The fact that this request has been read yet needs to be acknowledged raises significant red flags about the transparency and responsiveness of the S.B.A.'s processes.

**The SBA's 8(a) Business Development Program**

**Exposing Deep-Seated Issues within the S.B.A. 8(a) Business Development Program**
Through rigorous analysis, my team and I have uncovered severe deficiencies within the S.B.A. 8(a) Business Development Program that suggest gross mismanagement, potentially bordering on deliberate negligence. The reported 11.32% participation rate for the 8(a) program, particularly when considering entities like Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes, appears to be not only inaccurate but possibly manipulated to present a facade of diversity and inclusion. The S.B.A.'s apparent failure to modernize and appropriately evaluate its processes has likely led to systemic underreporting and misrepresentation. With the lack of Business Opportunity Specialists (B.O.S.) throughout all regions, This is not a mere oversight, solely on them; it is a critical failure that, if left unchecked, will continue to disenfranchise the communities the S.B.A. purports to support. This situation demands immediate corrective action.

With SBA and other entities to ensure the duty of the taxpayer's dollars, we should not participate in such activities. Especially those who are unable to pay taxes due to the severe decline in small business, (Partially Black-Owned 8As, Non 8A's & WOSB's). 40% of Small Business declined in participate in government contracting. Out of 4,000 8A companies, how many who are not part of the NHO, CDC, etc., made over 100 Million Dollars over the life of the program?

How many WOSB were awarded contract with a sole source, I'll tell you 132 WOSB were awarded a sole source out of the Millions of WOSB. Question OIG, how many of the WOSB were Black Owned? The quotas are not met, no accountability, no KPI, Governance nor oversight, which causes True Small Business to fail, particularly those who does not have Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes,.

**Legal and Ethical Breaches: A Call for Accountability**
Respectfully, Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General 15 U.S.C. §637(a)(1)(A) explicitly prohibits the S.B.A. from awarding 8(a) contracts if the cost to the contracting agency exceeds the fair market price. Yet, preliminary findings suggest that this legal requirement has been routinely ignored. Despite statutory limitations, the unchecked discretion with which the S.B.A. accepts 8(a) contracts suggests a troubling disregard for legal and ethical standards.
If proven, such practices violate federal law and severely undermine the public trust in the S.B.A.'s programs. The potential for abuse, favoritism, and corruption is immense, and it is incumbent upon your office to ensure that these issues are thoroughly investigated and addressed.

**Systemic Management Failures: A Crippling Report**
According to the review of The "Top Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2024" report is a damning indictment of the S.B.A.'s current state of operations. The revelation that 15 out of 40 firms tested lacked approved business plans yet were still permitted to participate in the 8(a) program, leading to $93 million in questionable contracts, clearly indicates systemic failure. The absence of robust performance metrics and inconsistent procedures for ensuring that participants receive the necessary business development assistance further compounds these issues. These failures are not mere administrative oversights—they represent a fundamental breakdown in the S.B.A.'s ability to fulfill its mission.

**FOIA Request for Comprehensive SBIC Oversight and Detailed Investment Company Information**
Given the critical issues outlined above, I am submitting an expanded FOIA request that seeks detailed information on the operations and oversight of Small Business Investment Companies (SBICs) from 2020-2023 and demands an in-depth review of the relationships, solicitations, and decision-making processes that led to the awarding of contracts to the 298 companies in question.

**Section One of the Specific Requests:**

1. **List of Funded Small Businesses and Their Relationships**: A detailed list of the 298 small businesses that received funding through SBICs during the 2020-2023 period, including names, contact information, and associated licensing partners for each SBIC. This data is crucial to scrutinize these relationships for potential conflicts of interest, favoritism, or unethical practices that may have influenced funding decisions.
2. **Designated Small Businesses and Disparities**: Comprehensive information on small businesses funded during this period that fall under specific designations such as Native Hawaiian Organizations (N.H.O.), Community Development Corporations (C.D.C.), Indian Tribes, and Joint Ventures. This data is essential to assess whether these businesses receive the fair share of opportunities as intended under the S.B.A.'s programs. Any disparities must be critically examined and addressed.
3. **Verification of Participation Rates and Integrity of Data**: A thorough and independent verification of the reported 11.32% participation rate, focusing on the designations above. The integrity of this data is in question, and it is necessary to determine whether the S.B.A.'s claims of inclusivity are based on accurate and truthful reporting or attempt to mislead the

**Solicitations and Acquisition Strategy Documentation**: For each of the 298 companies awarded contracts, please provide the following:

- **All solicitations** under which these companies were awarded contracts, including any amendments or revisions.
- **Market research documentation** conducted under FAR Part 10 to determine the necessity and justification for these awards. This includes any findings or conclusions that supported the decision to issue the solicitation.
- **Acquisition strategies** employed for these contracts, detailing how decisions were made regarding the type of contract, competition requirements, and the award method.

**PCR (Procurement Center Representative) signatures and approvals**: To ensure all was fair and reasonable according to FAR& DFAR, and agency FARS, we are requesting data of all 298 companies' award data to provide the 298 companies that were not awarded the opportunity Soley on Equity Shares and loan terms with the SBIC investors. In addition, relationships with Federal, State, & Local Entities and Contract Officers who potentially own shares within the 298 companies.

**Fair and Reasonable Practices Verification**: Data on Joint Ventures with Small, Medium, and Large Partnerships and Team agreements to ensure that all practices were conducted fairly and by FAR and DFARS requirements. This should include cases where these agreements may have been used to circumvent the program's intent or unfairly advantage sure participants.

## Section Two of the specific request:

**To reiterate:** Congressional regulation barred the S.B.A. from awarding sole sources to 8A without designations. We are reviewing checks and balances. So, we request a list of all currently licensed SBICs from 2020-2023; depending on the data received, we may request years prior, including names, addresses, contact information, licensing dates, and licenses issued (e.g., Debenture SBIC, Non-leveraged SBIC). If any are missing, please provide the remainder according to the request. Notable examples include:

To Examine the terms of engagement of SBICs, equity stakes, and any potential conflicts of interest. We request data to investigate whether the fund's investments align with the S.B.A.'s mission or disproportionately favor certain businesses. Our team requested that the decision-making process that led to the awarding of funds be evaluated, mainly focusing on the criteria used to select beneficiaries.

In addition, Review the fund's investment strategies and their impact on small businesses, particularly those from underserved communities. Investigate any potential conflicts of interest or ethical breaches.

1.
    Detailed Review of SBIC Relationships: For each SBIC involved, I am requesting an in-depth analysis of their relationships with the funded businesses. This includes:

1. **Siguler Guff SBIC Fund II, L.P. (8/18/2023, 2.0x)**

2. **Champlain Capital Partners IV, L.P. (9/21/2023, 2.0x):**

3. **Firmament Partners SBIC IV, L.P. (9/21/2023, 2.0x):**

4. **I.M.B. Partners SBIC I, L.P. (10/17/2023, Non-leveraged):**

5. **Emerging America Credit Opportunities Fund, L.P. (10/17/2023, 2.0x):**

6. **Cyprium SBIC I, L.P. (11/05/2023, 2.0x):**

7. **Riverside SBIC I, L.P. (11/28/2023, 2.0x):**

8. **MCM Capital Partners IV, L.P. (12/13/2023, 0.5x):**

9. **Farragut SBIC Fund III, L.P. (12/20/2023, 2.0x):**

10. **Pelion Ventures VIII Financial Institutions Fund (12/29/2023, 1.25x):**

**Capital Under Management and Investment Transparency**: Data on the total amount of capital under management by each licensed SBIC during the requested period and the types of investments made, including specific sectors or industries targeted. This information is essential for evaluating whether these investments align with the S.B.A.'s objectives or disproportionately favor particular industries or regions.

1. **Annual Performance Reports and Accountability**: Each licensed SBIC must provide the most recent annual performance reports detailing investment activity, portfolio companies, and financial performance. These reports should also include any deviations from expected performance metrics and the reasons for such deviations. Accountability for these deviations is crucial.

2. **Compliance Reviews and Enforcement Actions**: Complete records of any compliance reviews, audits, or investigations conducted by the S.B.A. on licensed SBICs within the past three years. This should include details of any enforcement actions taken, such as suspensions, revocations, or penalties, and the outcomes of these actions.

3. **Historical Data and Long-Term Efficacy**: A comprehensive historical list of all SBICs licensed by the S.B.A. since the program's inception, including years of operation, reasons for closure (if applicable), and any relevant performance metrics that provide insight into the long-term efficacy of the program.

4. **Program Changes and Policy Updates**: A timeline of significant changes to the SBIC program, including any policy updates, revisions to licensing requirements, or other critical changes that may have impacted the program's operations and effectiveness.

5. **Licensing and Performance Records**: All records related to the licensing, operation, and performance of the listed SBICs, including communications between the S.B.A. and these entities. This should include any documents that shed light on how licensing decisions were made and whether favoritism or bias influenced these decisions.

6. **Application and Approval Process Scrutiny**: Detailed information on the application and approval process for all listed SBICs during the requested period. This should include an examination of equity relationships between SBIC partners and their partners, with an emphasis on identifying any potential conflicts of interest or unethical practices.

7. **Policy Documents and Public Feedback**: Copies of all current policies, guidelines, and procedures related to the licensing and oversight of SBICs, along with any records of public comments or feedback received during the most recent review or revision of these guidelines.

8. **Investment Program Criteria and Equity Analysis**: Data on how many Black-owned businesses and businesses from other minority groups benefited from the SBIC program during 2020-2023. This should include analyzing how well these businesses have performed and whether the S.B.A.'s support has been equitable across all groups.

9. **Reevaluations or Audits for Fairness**: Information on any reevaluations or audits conducted to define what constitutes a small business within the context of the SBIC program and other S.B.A. initiatives. This is critical to ensure the program's criteria are fair and do not disadvantage smaller or less well-connected businesses. Identify any patterns of favoritism or unethical practices. Analyze the fund's portfolio to determine whether it has disproportionately benefited specific industries or regions, potentially at the expense of underserved communities.

In addition, Assess the fund's non-leveraged nature and its impact on the types of businesses it supports. Investigate whether the absence of leverage has influenced the fairness of the awards. Investigate the fund's

investment strategies and alignment with the S.B.A.'s goals. Scrutinize the fairness and transparency of the investment selection process.

**Conclusion and Request for Immediate Action:**

The issues highlighted in this communication are not merely administrative challenges; they represent fundamental not meeting obligation with the S.B.A.'s, along with oversight and management of critical programs. These failures are not just a risk to the effectiveness of the S.B.A.'s mission—they are a direct threat to the public trust and the communities that depend on these programs.

Please treat this FOIA request with the utmost urgency based on regulatory compliance to ensure the S.B.A.'s response is comprehensive and transparent. Further delays or inadequate responses will only deepen the concerns raised and could have severe ethical implications and financial consequences for black-owned businesses. Inspector General, we appreciate your attention to this matter. It is appreciated and necessary to prevent further damage to the S.B.A.'s reputation and ensure that its programs fulfill their intended purpose of supporting small businesses nationwide. Thank you for your time, attention, and commitment to upholding the integrity of the S.B.A.'s programs. I look forward to your timely and thorough response.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**</u>

--
Sincerely,

Leticia Alexander
President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
<u>leticiaalexander@zsoftechsolutions.com</u>
<u>www.zsoftechsolutions.com</u>

--
Sincerely,

Leticia Alexander
President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
<u>leticiaalexander@zsoftechsolutions.com</u>
<u>www.zsoftechsolutions.com</u>

 **Outlook**

**Relayed: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

---

**From** Microsoft Outlook
   <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com>

**Date** Wed 04-Sep-24 7:01 PM

**To** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <arlene.embrey@sba.gov>

---

▎ 1 attachments (40 KB)
Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up;

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

Fishman, David A. (david.fishman@sba.gov)

FOIA Status (FOIAStatus@sba.gov)

Guzman, Isabella C. (isabella.guzman@sba.gov)

Meers, Therese R. (Therese.Meers@sba.gov)

Bates, Nathania M. (Off. Inspector Gen.) (Nathania.Bates@sba.gov)

Benderson, Eric S. (eric.benderson@sba.gov)

Embrey, Arlene M. (arlene.embrey@sba.gov)

Subject: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up



**Read: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Meers, Therese R. <Therese.Meers@sba.gov>
**Date** Wed 04-Sep-24 10:03 PM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: Meers, Therese R.
  Subject: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
  Sent: Wednesday, September 4, 2024 7:01:10 PM (UTC-05:00) Eastern Time (US & Canada)

 was read on Wednesday, September 4, 2024 10:03:15 PM (UTC-05:00) Eastern Time (US & Canada).



**Read: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** FOIA Status <FOIAStatus@sba.gov>
**Date** Thu 05-Sep-24 9:09 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: FOIA Status
  Subject: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
  Sent: Wednesday, September 4, 2024 7:01:10 PM (UTC-05:00) Eastern Time (US & Canada)

 was read on Thursday, September 5, 2024 9:09:23 AM (UTC-05:00) Eastern Time (US & Canada).



**Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Thu 05-Sep-24 10:19 AM

**To** Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <arlene.embrey@sba.gov>

**Cc** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; leticiaalexander <leticiaalexander@zsoftechsolutions.com>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>

Greetings, everyone and I hope all is well. Thank you, for responding and willingness to assist, Attorney Eric Benderson. As small Black-Owned firms we want to ensure participation of award is fair and reasonable according to regulations. Again, Attorney Eric Benderson, we come in peace without legal. We want to assist to make change and remedies for major losses. We understand, congressional laws "Barred" from the SBA to award sole source opportunities and it's up to discretion of the agencies. To give clarity based on the **FY 2023 disaggregated data** requesting clarity Attorney Eric Benderson.

To ensure Black-owned firms were not purposely excluded, we are requesting the following:

The Pool: The Pool will be composed of **$1,737,675,000** aggregate principal amount of **5.168%** debentures to be issued on or about March 22, 2023, by **87 SBICs**. Payment Dates: Payment of interest on the debentures in the Pool will be made on each September 1 and March 1, commencing September 1. Based on the Trust agreement below, the information

The Certificates will be issued pursuant to a Trust Agreement dated as of February 1, 1997 (as amended from time to time, the "Trust Agreement"), among SBA, The Bank of New York Mellon, as Trustee, and SBIC Funding Corporation, as Fiscal Agent (as defined below). Holders will be entitled to the benefits of such Trust Agreement to the full extent provided therein. No Holder is intended to have, nor shall any Holder have any right by virtue of any provision of the Trust Agreement, to institute any suit, action or proceeding in equity or at law upon or under or with respect to the Trust Agreement.

We appreciate your response and all you do to ensure Small Black-owned businesses have the ability to Thrive and not just survive.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co

DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any
third party without written authorization. DALS Credit Solutions Co does not participate in removing
items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that
adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**

Book time to meet with me

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 4, 2024 7:01 PM
**To:** Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <arlene.embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov
<OIG@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; leticiaalexander
<leticiaalexander@zsoftechsolutions.com>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M.
(Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>
**Subject:** Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request
Follow-Up

Attorney Eric S. Benderson, Associate General Counsel for Litigation, and I hope all is well. As the
Council of Litigation, the context is clear of the findings. Due to the request, the uncertainty lies within
the data the SBA wants to release. It appears the SBA has excluded modernizing its processes, and there

are concerns about legal violations under 15 USC §637(a)(1)(A) in awarding 8(a) contracts and WOSB at costs exceeding fair market value.

To ensure transparency and accountability, I request immediate action on the FOIA submitted and would like detailed data on the following:
1. The list of 298 companies awarded SBIC funds (2020-2023) and associated licensing partners.
2. Verification of the 11.32% participation rate based on the disaggregated data to ensure Small Business Administrator contractors that are 1099 are not included.
3. All solicitations, acquisition strategies, and PCR approvals related to these awards within the 298 companies
4. A complete list of SBICs from 2020-2023, including compliance reviews, enforcement actions, and performance reports based on the Guidelines of the Small Business Investment Companies (SBIC) Program including the final approval Administrator Guzman.

Additionally, we are prepared to meet without counsel if we are negotiating for a favorable outcome that will make us whole. However, if this meeting is not intended to make us whole, we will proceed with bringing legal counsel for further representation and request all information pertaining to the FOIA.

Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

📇 Book time to meet with me

---

**From:** Benderson, Eric S. <eric.benderson@sba.gov>
**Sent:** Wednesday, September 4, 2024 5:54 PM
**To:** leticiaalexander <leticiaalexander@zsoftechsolutions.com>; Embrey, Arlene M. <Arlene.Embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov <OIG@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

We are trying to understand the request and are working on a response. Glad to discuss if you feel that would help.

Eric S. Benderson
Associate General Counsel for Litigation
Small Business Administration
409 3rd St. SW, Suite 7211
Washington, D.C. 20416
C. (202) 255-4207
F. (202) 205-7154

**From:** Leticia Alexander <leticiaalexander@zsoftechsolutions.com>
**Sent:** Wednesday, September 4, 2024 11:07 AM
**To:** Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <Arlene.Embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; LS@DalsCreditsolutions.com
**Subject:** Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.
Dear Eric or Arlene

Can you all address me in David's absence? We have not heard from him nor received a timeframe for response. We need the data for our next steps in the process. Please see my email below to Mr. Fishman.

On Wed, Sep 4, 2024 at 11:00 AM Leticia Alexander <leticiaalexander@zsoftechsolutions.com> wrote:

Dear Mr. Fishman,

Thank you for your response regarding both of the FOIA requests. It is imperative that we get our responses due to the impact of these procedures, processes and possible conflict of interest that SBA operates at the expense of black owned companies. Is there a timeframe for a response on these issues that we raised? We need this date for our next steps to protect our companies from exploitation, discrimination and deliberate exclusion from Federal Contracts which is against the Civil Rights Act of 1866. Please advise.

On Wed, Aug 14, 2024 at 12:35 PM Lynette Stevenson <ls@dalscreditsolutions.com> wrote:

**Subject:** Clarification on SBA FOIA Request Process and Involvement of Relevant Offices

Dear Attorney David Fishman, Senior Legal Council for the SBA
Thank you for your prompt response regarding our FOIA request. I appreciate the clarity on the procedures the SBA followed in addressing our inquiry.
I understand that our request, involving the SBIC and 8(a) programs, necessitates coordination across multiple SBA offices. The assignment of two distinct FOIA numbers (2024-005961 and 2024-005962) reflects the comprehensive approach.

**To Administrator Isabella Guzman:**
Administrator Guzman's oversight ensures the professional handling of our inquiry, which is crucial for stakeholders like DALS Credit Solutions Co., 8A's, and WOSB without designations.

**To General Counsel Therese Meers:**
Ms. Meers, I appreciate the Office of General Counsel's role in ensuring legal compliance and thoroughness in the FOIA process. Your team's involvement is pivotal.

**To Ms. Nathania Bates, Office of Inspector General:**
Ms. Bates, I recognize the importance of your office in ensuring the accuracy and accountability of SBA operations, and I appreciate your diligent review of our request.

We are fully cooperative and ready to assist further if needed. Please do not hesitate to reach out if additional information is required.
Thank you once again for your attention to this matter.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930

CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified


Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA
DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message
with any third party without written authorization. DALS Credit Solutions Co does not participate in
removing items of the credit profile that are legally bonded. We are a Resilience Financial Training
firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**


**From:** Fishman, David A. <david.fishman@sba.gov>
**Sent:** Wednesday, August 14, 2024 10:06 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Cc:** FOIA Status <FOIAStatus@sba.gov>; 'OIG@sba.gov' <OIG@sba.gov>; Guzman, Isabella C.
<Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off.
Inspector Gen.) <Nathania.Bates@sba.gov>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request
Follow-Up

---

Dear Ms. Stevenson,

As you are aware, a copy of your FOIA request follow-up, copy below, was sent to SBA via the FOIA status
mailbox today.  I am responding to this inquiry in order to explain the status of your request and hopefully
address any concerns that you may have about procedures used by SBA in handling your inquiry.  Your
original request dated August 12, two days ago, was also submitted to SBA via the FOIA status portal.
Upon receipt, it was timely and properly referred to the SBA's Office of Hearings and Appeals for initial
review and acknowledgement.  Once a request is reviewed and acknowledged, it is then routed to the
appropriate SBA office for response.

Given the nature of the information sought in your request, various SBA offices would need to be involved
in order to determine the specific material responsive to your request and to properly respond to your
inquiry.  The acknowledgement of your original email is a necessary step in the process.   Once the
appropriate offices are determined, SBA assigns the inquiry to that/those offices for response.  As such,

your request was assigned two FOIA numbers, 2024-005961 and 5962 because two distinct offices would need to assess your inquiry, specifically, your requests for SBIC and 8(a) info.

I hope this addresses any concerns that you may have with the process SBA used.

If you have any further questions regarding the procedures, please feel free to reach out to me.

Sincerely,

David

David A. Fishman
Senior Legal Counsel
For FOIA and Privacy Act
U.S. Small Business Administration
Office: (202) 205-6861
Mobile: (202) 309-6324
david.fishman@sba.gov



Home Page | Twitter | Instagram | Facebook | YouTube | LinkedIn | Email Alerts

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, August 14, 2024 7:46 AM
**To:** OIG@sba.gov
**Cc:** FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>
**Subject:** Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
**Importance:** High

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.
To: Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General
cc: Administrator: Isabella Guzman and FIOA Status of SBA.

**Dear Inspector General Hannibal "Mike" Ware,**
I trust this message finds you well. My name is Lynette T. Stevenson. I am the founder of DALS Credit Solutions Co. This firm has long been dedicated to supporting 8(a) participants with strategic development to secure federal contracts. Despite not participating in the 8(a) program, our involvement in this space has provided significant insights into the program's operations and the broader landscape of SBA-supported businesses. As a Defense Acquisition University, Defense Security Corporation University, and National

Contract Manager Association student and Member, I request your attention, along with other small businesses certified 8A's without designations and those on Best in Class Contract vehicles. Inspector General Hannibal "Mike" Ware's our email will elaborate on the reasons for the FOIA and Express concerns about the reported data.

**Failure to Acknowledge FOIA Request: A Troubling Indicator**

I am writing to express my deep concern regarding the lack of acknowledgment of a FOIA request recently submitted to the FOIA SBA Department. The fact that this request has been read yet needs to be acknowledged raises significant red flags about the transparency and responsiveness of the S.B.A.'s processes.

**The SBA's 8(a) Business Development Program**

**Exposing Deep-Seated Issues within the S.B.A. 8(a) Business Development Program**

Through rigorous analysis, my team and I have uncovered severe deficiencies within the S.B.A. 8(a) Business Development Program that suggest gross mismanagement, potentially bordering on deliberate negligence. The reported 11.32% participation rate for the 8(a) program, particularly when considering entities like Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes, appears to be not only inaccurate but possibly manipulated to present a facade of diversity and inclusion. The S.B.A.'s apparent failure to modernize and appropriately evaluate its processes has likely led to systemic underreporting and misrepresentation. With the lack of Business Opportunity Specialists (B.O.S.) throughout all regions, This is not a mere oversight, solely on them; it is a critical failure that, if left unchecked, will continue to disenfranchise the communities the S.B.A. purports to support. This situation demands immediate corrective action.

With SBA and other entities to ensure the duty of the taxpayer's dollars, we should not participate in such activities. Especially those who are unable to pay taxes due to the severe decline in small business, (Partially Black-Owned 8As, Non 8A's & WOSB's). 40% of Small Business declined in participate in government contracting. Out of 4,000 8A companies, how many who are not part of the NHO, CDC, etc., made over 100 Million Dollars over the life of the program?

How many WOSB were awarded contract with a sole source, I'll tell you 132 WOSB were awarded a sole source out of the Millions of WOSB. Question OIG, how many of the WOSB were Black Owned? The quotas are not met, no accountability, no KPI, Governance nor oversight, which causes True Small Business to fail, particularly those who does not have Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes,.

**Legal and Ethical Breaches: A Call for Accountability**

Respectfully, Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General 15 U.S.C. §637(a)(1)(A) explicitly prohibits the S.B.A. from awarding 8(a) contracts if the cost to the contracting agency exceeds the fair market price. Yet, preliminary findings suggest that this legal requirement has been routinely ignored. Despite statutory limitations, the unchecked discretion with which the S.B.A. accepts 8(a) contracts suggests a troubling disregard for legal and ethical standards.

If proven, such practices violate federal law and severely undermine the public trust in the S.B.A.'s programs. The potential for abuse, favoritism, and corruption is immense, and it is incumbent upon your office to ensure that these issues are thoroughly investigated and addressed.

According to the review of The "Top Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2024" report is a damning indictment of the S.B.A.'s current state of operations. The revelation that 15 out of 40 firms tested lacked approved business plans yet were still permitted to participate in the 8(a) program, leading to $93 million in questionable contracts, clearly indicates systemic failure. The absence of robust performance metrics and inconsistent procedures for ensuring that participants receive the necessary business development assistance further compounds these issues. These failures are not mere administrative oversights—they represent a fundamental breakdown in the S.B.A.'s ability to fulfill its mission.

**FOIA Request for Comprehensive SBIC Oversight and Detailed Investment Company Information**
Given the critical issues outlined above, I am submitting an expanded FOIA request that seeks detailed information on the operations and oversight of Small Business Investment Companies (SBICs) from 2020-2023 and demands an in-depth review of the relationships, solicitations, and decision-making processes that led to the awarding of contracts to the 298 companies in question.

**Section One of the Specific Requests:**

1. **List of Funded Small Businesses and Their Relationships**: A detailed list of the 298 small businesses that received funding through SBICs during the 2020-2023 period, including names, contact information, and associated licensing partners for each SBIC. This data is crucial to scrutinize these relationships for potential conflicts of interest, favoritism, or unethical practices that may have influenced funding decisions.
2. **Designated Small Businesses and Disparities**: Comprehensive information on small businesses funded during this period that fall under specific designations such as Native Hawaiian Organizations (N.H.O.), Community Development Corporations (C.D.C.), Indian Tribes, and Joint Ventures. This data is essential to assess whether these businesses receive the fair share of opportunities as intended under the S.B.A.'s programs. Any disparities must be critically examined and addressed.
3. **Verification of Participation Rates and Integrity of Data**: A thorough and independent verification of the reported 11.32% participation rate, focusing on the designations above. The integrity of this data is in question, and it is necessary to determine whether the S.B.A.'s claims of inclusivity are based on accurate and truthful reporting or attempt to mislead the public and stakeholders.

   **Solicitations and Acquisition Strategy Documentation**: For each of the 298 companies awarded contracts, please provide the following:

- **All solicitations** under which these companies were awarded contracts, including any amendments or revisions.
- **Market research documentation** conducted under FAR Part 10 to determine the necessity and justification for these awards. This includes any findings or conclusions that supported the decision to issue the solicitation.
- **Acquisition strategies** employed for these contracts, detailing how decisions were made regarding the type of contract, competition requirements, and the award method.

**PCR (Procurement Center Representative) signatures and approvals**: To ensure all was fair and reasonable according to FAR& DFAR, and agency FARS, we are requesting data of all 298 companies' award data to provide the 298 companies that were not awarded the opportunity Soley on Equity Shares and loan terms with the SBIC investors. In addition, relationships with Federal, State, & Local Entities and Contract Officers who potentially own shares within the 298 companies.
**Fair and Reasonable Practices Verification**: Data on Joint Ventures with Small, Medium, and Large Partnerships and Team agreements to ensure that all practices were conducted fairly and by FAR and

DFARS requirements. This should include cases where these agreements may have been used to circumvent the program's intent or unfairly advantage sure participants.

## Section Two of the specific request:

**To reiterate:** Congressional regulation barred the S.B.A. from awarding sole sources to 8A without designations. We are reviewing checks and balances. So, we request a list of all currently licensed SBICs from 2020-2023; depending on the data received, we may request years prior, including names, addresses, contact information, licensing dates, and licenses issued (e.g., Debenture SBIC, Non-leveraged SBIC). If any are missing, please provide the remainder according to the request. Notable examples include:

To Examine the terms of engagement of SBICs, equity stakes, and any potential conflicts of interest. We request data to investigate whether the fund's investments align with the S.B.A.'s mission or disproportionately favor certain businesses. Our team requested that the decision-making process that led to the awarding of funds be evaluated, mainly focusing on the criteria used to select beneficiaries. In addition, Review the fund's investment strategies and their impact on small businesses, particularly those from underserved communities. Investigate any potential conflicts of interest or ethical breaches.

1.
   Detailed Review of SBIC Relationships: For each SBIC involved, I am requesting an in-depth analysis of their relationships with the funded businesses. This includes:

1. **Siguler Guff SBIC Fund II, L.P. (8/18/2023, 2.0x)**

2. **Champlain Capital Partners IV, L.P. (9/21/2023, 2.0x):**

3. **Firmament Partners SBIC IV, L.P. (9/21/2023, 2.0x):**

4. **I.M.B. Partners SBIC I, L.P. (10/17/2023, Non-leveraged):**

5. **Emerging America Credit Opportunities Fund, L.P. (10/17/2023, 2.0x):**

6. **Cyprium SBIC I, L.P. (11/05/2023, 2.0x):**

7. **Riverside SBIC I, L.P. (11/28/2023, 2.0x):**

8. **MCM Capital Partners IV, L.P. (12/13/2023, 0.5x):**

9. **Farragut SBIC Fund III, L.P. (12/20/2023, 2.0x):**

10. **Pelion Ventures VIII Financial Institutions Fund (12/29/2023, 1.25x):**

**Capital Under Management and Investment Transparency**: Data on the total amount of capital under management by each licensed SBIC during the requested period and the types of investments made, including specific sectors or industries targeted. This information is essential for evaluating whether these investments align with the S.B.A.'s objectives or disproportionately favor particular industries or regions.

1. **Annual Performance Reports and Accountability**: Each licensed SBIC must provide the most recent annual performance reports detailing investment activity, portfolio companies, and financial performance. These reports should also include any deviations from expected performance metrics and the reasons for such deviations. Accountability for these deviations is crucial.

2. **Compliance Reviews and Enforcement Actions**: Complete records of any compliance reviews, audits, or investigations conducted by the S.B.A. on licensed SBICs within the past three years. This should include details of any enforcement actions taken, such as suspensions, revocations, or penalties, and the outcomes of these actions.
3. **Historical Data and Long-Term Efficacy**: A comprehensive historical list of all SBICs licensed by the S.B.A. since the program's inception, including years of operation, reasons for closure (if applicable), and any relevant performance metrics that provide insight into the long-term efficacy of the program.
4. **Program Changes and Policy Updates**: A timeline of significant changes to the SBIC program, including any policy updates, revisions to licensing requirements, or other critical changes that may have impacted the program's operations and effectiveness.
5. **Licensing and Performance Records**: All records related to the licensing, operation, and performance of the listed SBICs, including communications between the S.B.A. and these entities. This should include any documents that shed light on how licensing decisions were made and whether favoritism or bias influenced these decisions.
6. **Application and Approval Process Scrutiny**: Detailed information on the application and approval process for all listed SBICs during the requested period. This should include an examination of equity relationships between SBIC partners and their partners, with an emphasis on identifying any potential conflicts of interest or unethical practices.
7. **Policy Documents and Public Feedback**: Copies of all current policies, guidelines, and procedures related to the licensing and oversight of SBICs, along with any records of public comments or feedback received during the most recent review or revision of these guidelines.
8. **Investment Program Criteria and Equity Analysis**: Data on how many Black-owned businesses and businesses from other minority groups benefited from the SBIC program during 2020-2023. This should include analyzing how well these businesses have performed and whether the S.B.A.'s support has been equitable across all groups.
9. **Reevaluations or Audits for Fairness**: Information on any reevaluations or audits conducted to define what constitutes a small business within the context of the SBIC program and other S.B.A. initiatives. This is critical to ensure the program's criteria are fair and do not disadvantage smaller or less well-connected businesses. Identify any patterns of favoritism or unethical practices. Analyze the fund's portfolio to determine whether it has disproportionately benefited specific industries or regions, potentially at the expense of underserved communities.

In addition, Assess the fund's non-leveraged nature and its impact on the types of businesses it supports. Investigate whether the absence of leverage has influenced the fairness of the awards. Investigate the fund's investment strategies and alignment with the S.B.A.'s goals. Scrutinize the fairness and transparency of the investment selection process.

**Conclusion and Request for Immediate Action:**
The issues highlighted in this communication are not merely administrative challenges; they represent fundamental not meeting obligation with the S.B.A.'s, along with oversight and management of critical programs. These failures are not just a risk to the effectiveness of the S.B.A.'s mission—they are a direct threat to the public trust and the communities that depend on these programs.

Please treat this FOIA request with the utmost urgency based on regulatory compliance to ensure the S.B.A.'s response is comprehensive and transparent. Further delays or inadequate responses will only deepen the concerns raised and could have severe ethical implications and financial consequences for black-owned businesses. Inspector General, we appreciate your attention to this matter. It is appreciated and necessary to prevent further damage to the S.B.A.'s reputation and ensure that its programs fulfill their intended purpose of supporting small businesses nationwide. Thank you for your time, attention, and

commitment to upholding the integrity of the S.B.A.'s programs. I look forward to your timely and thorough response.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

--
Sincerely,

Letisia Alexander

President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com


--
Sincerely,

Leticia Alexander
President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com

 **Outlook**

**Relayed: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

---

**From** Microsoft Outlook
        <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com>

**Date** Thu 05-Sep-24 10:19 AM

**To** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <arlene.embrey@sba.gov>

▌ 1 attachments (40 KB)
Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up;

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

Fishman, David A. (david.fishman@sba.gov)

FOIA Status (FOIAStatus@sba.gov)

Guzman, Isabella C. (isabella.guzman@sba.gov)

Meers, Therese R. (Therese.Meers@sba.gov)

Bates, Nathania M. (Off. Inspector Gen.) (Nathania.Bates@sba.gov)

Benderson, Eric S. (eric.benderson@sba.gov)

Embrey, Arlene M. (arlene.embrey@sba.gov)

Subject: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

 Outlook

**Automatic reply: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>

**Date** Thu 05-Sep-24 10:20 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

I am out of the office today but checking emails from time to time. I will reply as soon as I am able.  Thank you.

 Outlook

**Read: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** FOIA Status <FOIAStatus@sba.gov>
**Date** Thu 05-Sep-24 10:46 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

To: FOIA Status
Subject: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
Sent: Thursday, September 5, 2024 10:19:22 AM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, September 5, 2024 10:44:46 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Read: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Meers, Therese R. <Therese.Meers@sba.gov>

**Date** Mon 09-Sep-24 9:07 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: Meers, Therese R.
  Subject: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
  Sent: Thursday, September 5, 2024 10:19:22 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Monday, September 9, 2024 9:06:56 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Automatic reply: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Fishman, David A. <david.fishman@sba.gov>

**Date** Mon 09-Sep-24 4:20 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Thank you for your email message. I will be travelling for SBA today returning to the office on Thursday September 12th. I will have limited access to phone or email. If this is an emergency, please contact Mr. Eric S. Benderson, Associate General Counsel for Litigation, at eric.benderson@sba.gov (202) 205-6636. If this relates to a FOIA/Privacy Act matter please contact Arlene Embrey at arlene.embrey@sba.gov (202) 205-6976.

 Outlook

**Read: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** FOIA Status <FOIAStatus@sba.gov>
**Date** Mon 09-Sep-24 4:24 PM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

　To: FOIA Status
　Subject: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
　Sent: Monday, September 9, 2024 4:19:56 PM (UTC-05:00) Eastern Time (US & Canada)

　was read on Monday, September 9, 2024 4:23:00 PM (UTC-05:00) Eastern Time (US & Canada).



**Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Mon 09-Sep-24 4:19 PM

**To** Guzman, Isabella C. <isabella.guzman@sba.gov>; Fishman, David A. <david.fishman@sba.gov>

**Cc** FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; arlene.embrey@sba.gov <arlene.embrey@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; eric.benderson@sba.gov <eric.benderson@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>

Dear Administrator Guzman and Senior Leaders of the Small Business Administration

We represent many Black-owned businesses, and we urgently request an immediate 15% good faith payout—$1.05 billion—from the total $7 billion in compensation due to us. This payment is necessary to rectify decades of systemic exclusion by the Small Business Administration (SBA). We are requesting the payout to be made within ten calendar days, divided equally between the three businesses, and it must be tax-free, penalty-free, and without deductions.

Justification for Immediate Payout:
This $1.05 billion payment, representing 15% of the total $7 billion we are seeking, is not only feasible but justifiable given the well-documented harm caused by the SBA's systemic exclusion of Black-owned businesses. This figure can be drawn from discretionary federal funds, emergency budget allocations, or contingency reserves, ensuring a swift resolution. The algorithm of events demonstrates the systematics failures.

Drawing from the Pigford v. Glickman case, in which the U.S. government compensated Black farmers for discriminatory practices, we highlight that the government provided an initial $1.05 billion payout to address similar exclusion and financial harm. Our case mirrors Pigford's systemic discrimination, and the FOIA data we have collected provides compelling evidence of these patterns.

Missed Opportunities Due to ANC Preferences:
Black-owned businesses have been systematically excluded from federal contracting opportunities due to preferential treatment granted to Alaska Native Corporation (ANC)-)-backed companies. Under the 8(a) Business Development Program, ANC-backed companies secure sole-source contracts, bypassing competitive processes with those without designations. These contracts, often high-value and long-term, have denied Black-owned businesses opportunities to compete fairly.

ANC Sole-Source Contracts: While ANC companies enjoy unlimited contract opportunities, Black-owned businesses are subjected to caps and competitive limitations, particularly in lucrative sectors like defense, infrastructure, and technology. This inequitable system has resulted in significant economic losses and the decline of Black-owned businesses.

The Role of SBIC Investments in Exclusion:
The Small Business Investment Companies (SBICs) program, under Administrator Guzman's oversight, has been central to further marginalizing Black-owned businesses. While designed to provide capital to small businesses, SBICs have disproportionately directed investments to ANC-backed companies, leaving Black-owned businesses without adequate funding or federal support.

Three Investment Strategies Marginalizing Black-Owned Businesses:

1. Leveraging Federal Capital for High-Return ANC Investments: SBICs benefit from a 3:1 leverage strategy—for every $1 of private capital raised, the SBA provides $3 in federal leverage, enabling SBICs to back ANC companies in low-risk contracts, while Black-owned businesses are excluded.
2. Guaranteed Returns from ANC Federal Contracts: ANC companies, often awarded large, non-competitive contracts, offer guaranteed profits to SBICs, locking Black-owned businesses out of these opportunities.
3. Reinvesting Profits in ANC Companies: SBICs continue to reinvest profits into ANC-backed entities, perpetuating a cycle of exclusion for Black-owned businesses. These actions have purposely demarginalized.

Administrator Guzman's Oversight Failures:
As head of the SBA, Administrator Isabella Guzman has failed to address these disparities. Failed practices of goal setting based on Agency Goal-Making The Small Business Administration (SBA) oversees small business procurement goal-making for individual agencies. It consults with agencies to establish annual goals for small business participation in contracting that collect Despite the SBA's mandate to set fair goals for small business participation, Black-owned businesses continue to receive less than 2% of federal contracts.

This underscores the SBA's systemic failure in enforcing equity.
Additionally, legal violations such as the failure to enforce FAR 19.502-2(b) ("The Rule of Two") Civil Rights Act violations (42 USC § 1981), and Civil Rights Act violations 1866 have resulted in economic harm to Black-owned businesses. The SBA's profit from its relationships with ANC-backed companies, alongside its failure to ensure equitable access, continues to marginalize Black businesses.

Urgency and Political Leverage:
This is an election year, making this settlement critical for the administration. Should this matter remain unresolved, it could attract negative attention and significantly damage the administration's reputation. The Trump Administration or other political actors could exploit this failure to address systemic discrimination, creating political risk. Settling now, with the $1.05 billion payment, will demonstrate the administration's commitment to racial equity, avoiding unnecessary media and legal battles. Furthermore,

Ms. Lynette T. Stevenson is scheduled to speak at the 2024 Security Cooperation Conference in October at the Ronald Regan International, World Trade Center. Her speech on the U.S.-China relationship and economic recovery will bring attention to these disparities, with the Belt Railroad Imitative making a swift resolution even more critical.

No Extension, Immediate Payment Required:
There will be no extension to this request. Should this go public, it is essential to consider the impact of disenfranchised Black-owned businesses becoming aware of the systemic exclusion documented in our data. The $1.05 billion will be split equally between the three businesses, and any delay will result in further political fallout. We ask that you take this request seriously. The administration can meet this demand, and we believe it is in everyone's best interest to settle this matter without further escalation. With this good faith efforts, we are willing to extend the FOIA request without litigation.

Conclusion:
We appreciate the approval the $1.05 billion tax-free payout within ten days to avoid ongoing issues during the most critical time due to prolonging this issue since 1971-Current. We look forward to your prompt response, as further delay is not an option. We appreciate your due diligence.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified


Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any
third party without written authorization. DALS Credit Solutions Co does not participate in removing
items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that
adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse
Businesses Within Underserved Communities**

Book time to meet with me

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 4, 2024 7:01 PM
**To:** Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <arlene.embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov
<OIG@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; leticiaalexander
<leticiaalexander@zsoftechsolutions.com>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M.
(Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>

Attorney Eric S. Benderson, Associate General Counsel for Litigation, and I hope all is well. As the Council of Litigation, the context is clear of the findings. Due to the request, the uncertainty lies within the data the SBA wants to release. It appears the SBA has excluded modernizing its processes, and there are concerns about legal violations under 15 USC §637(a)(1)(A) in awarding 8(a) contracts and WOSB at costs exceeding fair market value.

To ensure transparency and accountability, I request immediate action on the FOIA submitted and would like detailed data on the following:

1. The list of 298 companies awarded SBIC funds (2020-2023) and associated licensing partners.
2. Verification of the 11.32% participation rate based on the disaggregated data to ensure Small Business Administrator contractors that are 1099 are not included.
3. All solicitations, acquisition strategies, and PCR approvals related to these awards within the 298 companies
4. A complete list of SBICs from 2020-2023, including compliance reviews, enforcement actions, and performance reports based on the Guidelines of the Small Business Investment Companies (SBIC) Program including the final approval Administrator Guzman.

Additionally, we are prepared to meet without counsel if we are negotiating for a favorable outcome that will make us whole. However, if this meeting is not intended to make us whole, we will proceed with bringing legal counsel for further representation and request all information pertaining to the FOIA.

Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

Book time to meet with me

---

**From:** Benderson, Eric S. <eric.benderson@sba.gov>
**Sent:** Wednesday, September 4, 2024 5:54 PM
**To:** leticiaalexander <leticiaalexander@zsoftechsolutions.com>; Embrey, Arlene M. <Arlene.Embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov <OIG@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

We are trying to understand the request and are working on a response. Glad to discuss if you feel that would help.

Eric S. Benderson
Associate General Counsel for Litigation
Small Business Administration
409 3rd St. SW, Suite 7211
Washington, D.C. 20416
C. (202) 255-4207
F. (202) 205-7154

**From:** Leticia Alexander <leticiaalexander@zsoftechsolutions.com>
**Sent:** Wednesday, September 4, 2024 11:07 AM
**To:** Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <Arlene.Embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; LS@DalsCreditsolutions.com
**Subject:** Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.
Dear Eric or Arlene

Can you all address me in David's absence? We have not heard from him nor received a timeframe for response. We need the data for our next steps in the process. Please see my

email below to Mr. Fishman.

On Wed, Sep 4, 2024 at 11:00 AM Leticia Alexander <leticiaalexander@zsoftechsolutions.com> wrote:

Dear Mr. Fishman,

Thank you for your response regarding both of the FOIA requests. It is imperative that we get our responses due to the impact of these procedures, processes and possible conflict of interest that SBA operates at the expense of black owned companies.Is there a timeframe for a response on these issues that we raised? We need this date for our next steps to protect our companies from exploitation, discrimination and deliberate exclusion from Federal Contracts which is against the Civil Rights Act of 1866. Please advise.

On Wed, Aug 14, 2024 at 12:35 PM Lynette Stevenson <ls@dalscreditsolutions.com> wrote:

**Subject:** Clarification on SBA FOIA Request Process and Involvement of Relevant Offices

Dear Attorney David Fishman, Senior Legal Council for the SBA
Thank you for your prompt response regarding our FOIA request. I appreciate the clarity on the procedures the SBA followed in addressing our inquiry.
I understand that our request, involving the SBIC and 8(a) programs, necessitates coordination across multiple SBA offices. The assignment of two distinct FOIA numbers (2024-005961 and 2024-005962) reflects the comprehensive approach.

**To Administrator Isabella Guzman:**
Administrator Guzman's oversight ensures the professional handling of our inquiry, which is crucial for stakeholders like DALS Credit Solutions Co., 8A's, and WOSB without designations.

**To General Counsel Therese Meers:**
Ms. Meers, I appreciate the Office of General Counsel's role in ensuring legal compliance and thoroughness in the FOIA process. Your team's involvement is pivotal.

**To Ms. Nathania Bates, Office of Inspector General:**
Ms. Bates, I recognize the importance of your office in ensuring the accuracy and accountability of SBA operations, and I appreciate your diligent review of our request.

We are fully cooperative and ready to assist further if needed. Please do not hesitate to reach out if additional information is required.
Thank you once again for your attention to this matter.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services

Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: <u>Website</u>

All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

---

**From:** Fishman, David A. <david.fishman@sba.gov>
**Sent:** Wednesday, August 14, 2024 10:06 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Cc:** FOIA Status <FOIAStatus@sba.gov>; 'OIG@sba.gov' <OIG@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

---

Dear Ms. Stevenson,

As you are aware, a copy of your FOIA request follow-up, copy below, was sent to SBA via the FOIA status mailbox today. I am responding to this inquiry in order to explain the status of your request and hopefully address any concerns that you may have about procedures used by SBA in handling your inquiry. Your original request dated August 12, two days ago, was also submitted to SBA via the FOIA status portal. Upon receipt, it was timely and properly referred to the SBA's Office of Hearings and Appeals for initial

review and acknowledgement.  Once a request is reviewed and acknowledged, it is then routed to the appropriate SBA office for response.

Given the nature of the information sought in your request, various SBA offices would need to be involved in order to determine the specific material responsive to your request and to properly respond to your inquiry.  The acknowledgement of your original email is a necessary step in the process.   Once the appropriate offices are determined, SBA assigns the inquiry to that/those offices for response.  As such, your request was assigned two FOIA numbers, 2024-005961 and 5962 because two distinct offices would need to assess your inquiry, specifically, your requests for SBIC and 8(a) info.

I hope this addresses any concerns that you may have with the process SBA used.

If you have any further questions regarding the procedures, please feel free to reach out to me.

Sincerely,

David

David A. Fishman
Senior Legal Counsel
For FOIA and Privacy Act
U.S. Small Business Administration
Office: (202) 205-6861
Mobile: (202) 309-6324
david.fishman@sba.gov



Home Page | Twitter | Instagram | Facebook | YouTube | LinkedIn | Email Alerts

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, August 14, 2024 7:46 AM
**To:** OIG@sba.gov
**Cc:** FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>
**Subject:** Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
**Importance:** High

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.
**To:** Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General
cc: Administrator: Isabella Guzman and FIOA Status of SBA.

**Dear Inspector General Hannibal "Mike" Ware,**

I trust this message finds you well. My name is Lynette T. Stevenson. I am the founder of DALS Credit Solutions Co. This firm has long been dedicated to supporting 8(a) participants with strategic development to secure federal contracts. Despite not participating in the 8(a) program, our involvement in this space has provided significant insights into the program's operations and the broader landscape of SBA-supported businesses. As a Defense Acquisition University, Defense Security Corporation University, and National Contract Manager Association student and Member, I request your attention, along with other small businesses certified 8A's without designations and those on Best in Class Contract vehicles. Inspector General Hannibal "Mike" Ware's our email will elaborate on the reasons for the FOIA and Express concerns about the reported data.

**Failure to Acknowledge FOIA Request: A Troubling Indicator**

I am writing to express my deep concern regarding the lack of acknowledgment of a FOIA request recently submitted to the FOIA SBA Department. The fact that this request has been read yet needs to be acknowledged raises significant red flags about the transparency and responsiveness of the S.B.A.'s processes.

**The SBA's 8(a) Business Development Program**

**Exposing Deep-Seated Issues within the S.B.A. 8(a) Business Development Program**

Through rigorous analysis, my team and I have uncovered severe deficiencies within the S.B.A. 8(a) Business Development Program that suggest gross mismanagement, potentially bordering on deliberate negligence. The reported 11.32% participation rate for the 8(a) program, particularly when considering entities like Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes, appears to be not only inaccurate but possibly manipulated to present a facade of diversity and inclusion. The S.B.A.'s apparent failure to modernize and appropriately evaluate its processes has likely led to systemic underreporting and misrepresentation. With the lack of Business Opportunity Specialists (B.O.S.) throughout all regions, This is not a mere oversight, solely on them; it is a critical failure that, if left unchecked, will continue to disenfranchise the communities the S.B.A. purports to support. This situation demands immediate corrective action.

With SBA and other entities to ensure the duty of the taxpayer's dollars, we should not participate in such activities. Especially those who are unable to pay taxes due to the severe decline in small business, (Partially Black-Owned 8As, Non 8A's & WOSB's). 40% of Small Business declined in participate in government contracting. Out of 4,000 8A companies, how many who are not part of the NHO, CDC, etc., made over 100 Million Dollars over the life of the program?

How many WOSB were awarded contract with a sole source, I'll tell you 132 WOSB were awarded a sole source out of the Millions of WOSB. Question OIG, how many of the WOSB were Black Owned? The quotas are not met, no accountability, no KPI, Governance nor oversight, which causes True Small Business to fail, particularly those who does not have Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes,.

**Legal and Ethical Breaches: A Call for Accountability**

Respectfully, Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General 15 U.S.C. §637(a)(1)(A) explicitly prohibits the S.B.A. from awarding 8(a) contracts if the cost to the contracting agency exceeds the fair market price. Yet, preliminary findings suggest that this legal requirement has been

routinely ignored. Despite statutory limitations, the unchecked discretion with which the S.B.A. accepts 8(a) contracts suggests a troubling disregard for legal and ethical standards.

If proven, such practices violate federal law and severely undermine the public trust in the S.B.A.'s programs. The potential for abuse, favoritism, and corruption is immense, and it is incumbent upon your office to ensure that these issues are thoroughly investigated and addressed.

### Systemic Management Failures: A Crippling Report

According to the review of The "Top Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2024" report is a damning indictment of the S.B.A.'s current state of operations. The revelation that 15 out of 40 firms tested lacked approved business plans yet were still permitted to participate in the 8(a) program, leading to $93 million in questionable contracts, clearly indicates systemic failure. The absence of robust performance metrics and inconsistent procedures for ensuring that participants receive the necessary business development assistance further compounds these issues. These failures are not mere administrative oversights—they represent a fundamental breakdown in the S.B.A.'s ability to fulfill its mission.

### FOIA Request for Comprehensive SBIC Oversight and Detailed Investment Company Information

Given the critical issues outlined above, I am submitting an expanded FOIA request that seeks detailed information on the operations and oversight of Small Business Investment Companies (SBICs) from 2020-2023 and demands an in-depth review of the relationships, solicitations, and decision-making processes that led to the awarding of contracts to the 298 companies in question.

### Section One of the Specific Requests:

1. **List of Funded Small Businesses and Their Relationships**: A detailed list of the 298 small businesses that received funding through SBICs during the 2020-2023 period, including names, contact information, and associated licensing partners for each SBIC. This data is crucial to scrutinize these relationships for potential conflicts of interest, favoritism, or unethical practices that may have influenced funding decisions.
2. **Designated Small Businesses and Disparities**: Comprehensive information on small businesses funded during this period that fall under specific designations such as Native Hawaiian Organizations (N.H.O.), Community Development Corporations (C.D.C.), Indian Tribes, and Joint Ventures. This data is essential to assess whether these businesses receive the fair share of opportunities as intended under the S.B.A.'s programs. Any disparities must be critically examined and addressed.
3. **Verification of Participation Rates and Integrity of Data**: A thorough and independent verification of the reported 11.32% participation rate, focusing on the designations above. The integrity of this data is in question, and it is necessary to determine whether the S.B.A.'s claims of inclusivity are based on accurate and truthful reporting or attempt to mislead the public and stakeholders.

    **Solicitations and Acquisition Strategy Documentation**: For each of the 298 companies awarded contracts, please provide the following:

- **All solicitations** under which these companies were awarded contracts, including any amendments or revisions.
- **Market research documentation** conducted under FAR Part 10 to determine the necessity and justification for these awards. This includes any findings or conclusions that supported the decision to issue the solicitation.
- **Acquisition strategies** employed for these contracts, detailing how decisions were made regarding the type of contract, competition requirements, and the award method.

**PCR (Procurement Center Representative) signatures and approvals**: To ensure all was fair and reasonable according to FAR& DFAR, and agency FARS, we are requesting data of all 298 companies' award data to provide the 298 companies that were not awarded the opportunity Soley on Equity Shares and loan terms with the SBIC investors. In addition, relationships with Federal, State, & Local Entities and Contract Officers who potentially own shares within the 298 companies.

**Fair and Reasonable Practices Verification**: Data on Joint Ventures with Small, Medium, and Large Partnerships and Team agreements to ensure that all practices were conducted fairly and by FAR and DFARS requirements. This should include cases where these agreements may have been used to circumvent the program's intent or unfairly advantage sure participants.

## Section Two of the specific request:

**To reiterate:** Congressional regulation barred the S.B.A. from awarding sole sources to 8A without designations. We are reviewing checks and balances. So, we request a list of all currently licensed SBICs from 2020-2023; depending on the data received, we may request years prior, including names, addresses, contact information, licensing dates, and licenses issued (e.g., Debenture SBIC, Non-leveraged SBIC). If any are missing, please provide the remainder according to the request. Notable examples include:

To Examine the terms of engagement of SBICs, equity stakes, and any potential conflicts of interest. We request data to investigate whether the fund's investments align with the S.B.A.'s mission or disproportionately favor certain businesses. Our team requested that the decision-making process that led to the awarding of funds be evaluated, mainly focusing on the criteria used to select beneficiaries.

In addition, Review the fund's investment strategies and their impact on small businesses, particularly those from underserved communities. Investigate any potential conflicts of interest or ethical breaches.

1.

Detailed Review of SBIC Relationships: For each SBIC involved, I am requesting an in-depth analysis of their relationships with the funded businesses. This includes:

1. **Siguler Guff SBIC Fund II, L.P. (8/18/2023, 2.0x)**

2. **Champlain Capital Partners IV, L.P. (9/21/2023, 2.0x)**:

3. **Firmament Partners SBIC IV, L.P. (9/21/2023, 2.0x)**:

4. **I.M.B. Partners SBIC I, L.P. (10/17/2023, Non-leveraged)**:

5. **Emerging America Credit Opportunities Fund, L.P. (10/17/2023, 2.0x)**:

6. **Cyprium SBIC I, L.P. (11/05/2023, 2.0x)**:

7. **Riverside SBIC I, L.P. (11/28/2023, 2.0x)**:

8. **MCM Capital Partners IV, L.P. (12/13/2023, 0.5x)**:

9. **Farragut SBIC Fund III, L.P. (12/20/2023, 2.0x)**:

10. **Pelion Ventures VIII Financial Institutions Fund (12/29/2023, 1.25x)**:

**Capital Under Management and Investment Transparency**: Data on the total amount of capital under management by each licensed SBIC during the requested period and the types of investments made, including specific sectors or industries targeted. This information is essential for evaluating

whether these investments align with the S.B.A.'s objectives or disproportionately favor particular industries or regions.

1. **Annual Performance Reports and Accountability**: Each licensed SBIC must provide the most recent annual performance reports detailing investment activity, portfolio companies, and financial performance. These reports should also include any deviations from expected performance metrics and the reasons for such deviations. Accountability for these deviations is crucial.

2. **Compliance Reviews and Enforcement Actions**: Complete records of any compliance reviews, audits, or investigations conducted by the S.B.A. on licensed SBICs within the past three years. This should include details of any enforcement actions taken, such as suspensions, revocations, or penalties, and the outcomes of these actions.

3. **Historical Data and Long-Term Efficacy**: A comprehensive historical list of all SBICs licensed by the S.B.A. since the program's inception, including years of operation, reasons for closure (if applicable), and any relevant performance metrics that provide insight into the long-term efficacy of the program.

4. **Program Changes and Policy Updates**: A timeline of significant changes to the SBIC program, including any policy updates, revisions to licensing requirements, or other critical changes that may have impacted the program's operations and effectiveness.

5. **Licensing and Performance Records**: All records related to the licensing, operation, and performance of the listed SBICs, including communications between the S.B.A. and these entities. This should include any documents that shed light on how licensing decisions were made and whether favoritism or bias influenced these decisions.

6. **Application and Approval Process Scrutiny**: Detailed information on the application and approval process for all listed SBICs during the requested period. This should include an examination of equity relationships between SBIC partners and their partners, with an emphasis on identifying any potential conflicts of interest or unethical practices.

7. **Policy Documents and Public Feedback**: Copies of all current policies, guidelines, and procedures related to the licensing and oversight of SBICs, along with any records of public comments or feedback received during the most recent review or revision of these guidelines.

8. **Investment Program Criteria and Equity Analysis**: Data on how many Black-owned businesses and businesses from other minority groups benefited from the SBIC program during 2020-2023. This should include analyzing how well these businesses have performed and whether the S.B.A.'s support has been equitable across all groups.

9. **Reevaluations or Audits for Fairness**: Information on any reevaluations or audits conducted to define what constitutes a small business within the context of the SBIC program and other S.B.A. initiatives. This is critical to ensure the program's criteria are fair and do not disadvantage smaller or less well-connected businesses. Identify any patterns of favoritism or unethical practices. Analyze the fund's portfolio to determine whether it has disproportionately benefited specific industries or regions, potentially at the expense of underserved communities.

In addition, Assess the fund's non-leveraged nature and its impact on the types of businesses it supports. Investigate whether the absence of leverage has influenced the fairness of the awards. Investigate the fund's investment strategies and alignment with the S.B.A.'s goals. Scrutinize the fairness and transparency of the investment selection process.

**Conclusion and Request for Immediate Action:**
The issues highlighted in this communication are not merely administrative challenges; they represent fundamental not meeting obligation with the S.B.A.'s, along with oversight and management of critical programs. These failures are not just a risk to the effectiveness of the S.B.A.'s mission—they are a direct threat to the public trust and the communities that depend on these programs.

Please treat this FOIA request with the utmost urgency based on regulatory compliance to ensure the S.B.A.'s response is comprehensive and transparent. Further delays or inadequate responses will only deepen the concerns raised and could have severe ethical implications and financial consequences for black-owned businesses. Inspector General, we appreciate your attention to this matter. It is appreciated and necessary to prevent further damage to the S.B.A.'s reputation and ensure that its programs fulfill their intended purpose of supporting small businesses nationwide. Thank you for your time, attention, and commitment to upholding the integrity of the S.B.A.'s programs. I look forward to your timely and thorough response.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

--
Sincerely,

Leticia Alexander
President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com

--
Sincerely,

Leticia Alexander
President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com



**Read: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** FOIA Status <FOIAStatus@sba.gov>

**Date** Mon 09-Sep-24 4:24 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: FOIA Status
  Subject: Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
  Sent: Monday, September 9, 2024 4:19:56 PM (UTC-05:00) Eastern Time (US & Canada)

 was read on Monday, September 9, 2024 4:23:00 PM (UTC-05:00) Eastern Time (US & Canada).



## Re: Making a change to improve thresholds For WOSB

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Thu 29-Jun-23 8:00 AM

**To** isabella.guzman@sba.gov <isabella.guzman@sba.gov>

**Cc** Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>; larry.stubblefield@sba.gov <larry.stubblefield@sba.gov>; katherine.branch@sba.gov <katherine.branch@sba.gov>; dr.donna.peebles@sba.gov <Dr.Donna.Peebles@sba.gov>; ellen.safranek@sba.gov <ellen.safranek@sba.gov>; van.tran@sba.gov <van.tran@sba.gov>; Kim.McLeod@sba.gov <Kim.McLeod@sba.gov>; Victor.Parker@sba.gov <Victor.Parker@sba.gov>; Therese.Meers@sba.gov <Therese.Meers@sba.gov>; Shelby.shoemaker@sba.gov <Shelby.shoemaker@sba.gov>; wallace.sermonsii@sba.gov <Wallace.SermonsII@sba.gov>; David.Brown@sba.gov <david.brown@sba.gov>; Author.plews@sba.gov <Author.plews@sba.gov>; Michael Sands <michael@ctrperfmastery.com>; Chauncia Willis <info@savvydimension.com>; Jennifer.Kim@sba.gov <Jennifer.Kim@sba.gov>

Dear Administrator Isabella Guzman, and Leaders of the U.S. Small Business Adminstration.

I hope this email finds you well. My name is Lynette T. Stevenson. I am writing on behalf of DALS Credit Solutions Co 8N9Y9, a proud Women-Owned Small Business (WOSB) certified by the U.S. Small Business Administration (SBA) and an Alumni of the SBA Thrive Emerging Leaders Program, Eastern District. We greatly appreciate the SBA's efforts in supporting and promoting women-owned businesses throughout the United States.

I want to bring your attention to an important matter impacting WOSBs like ours. It regards the current threshold for Women-Owned Small Businesses in federal contracting opportunities. Increasing this threshold and transforming the trajectory with which the Federal Government does business with both WOSBs and regular 8(a) entities will profoundly impact the overall small business ecosystem and contribute to fostering diversity, innovation, and economic growth.

As you are well aware, WOSBs play a vital role in the economy, driving job creation, fostering innovation, and contributing to the overall economic development of our nation.

Despite the progress made in recent years, untapped potential can be unlocked by empowering WOSBs and enabling them to participate in a broader range of federal contracting opportunities.

Increasing the threshold for Women-Owned Small Businesses can create more opportunities for these businesses to thrive and expand. This will benefit individual companies and result in broader societal advantages, such as job creation, enhanced competition, and increased diversity in the federal supply chain. By reevaluating and adjusting the current threshold, we can take a significant step towards creating a more inclusive and prosperous business environment for all.

We propose transforming how the Federal Government engages with WOSBs and regular 8(a) entities. By streamlining and modernizing the processes, enhancing outreach and education programs, and fostering strategic partnerships, we can ensure that the Federal Government is effectively harnessing the potential of these small businesses. A holistic approach that encourages collaboration, mentorship, and capacity-building initiatives will result in more substantial, more sustainable WOSBs and 8(a) entities capable of delivering high-quality goods and services while meeting the needs of federal agencies. In addition, ensuring Business Opportunities Specialist with SBA District offices are true advocate for Small Businesses who holds these certifications.

We understand that such changes require careful consideration and evaluation. However, we urge you to consider our proposal and initiate discussions with key stakeholders to explore the feasibility and potential benefits of increasing the Women-Owned Small Business threshold and implementing a more dynamic approach to working with WOSBs and 8(a) entities. Last Year the SBA awarded approx 131 Sole Source opportunities to Women Owned Small Businesses.

DALS Credit Solutions Co 8N9Y9 is committed to advancing women-owned businesses and contributing to the growth of the small business sector. We stand ready to support and collaborate with the SBA, providing any additional information, data, or insights that may assist in evaluating and implementing these suggested changes.

Thank you for your time and attention to this matter. We greatly appreciate your leadership and dedication to fostering anI and hundreds of WOSBs and regular 8A's would request a meeting at the White House to discuss this further. Adminstrator Guzman and Leaders, it's time to change the trajectory with the direction this country is going with Federal Procurement. inclusive and vibrant small business community.

We look forward to a dialogue and working together to bring about positive change for Women-Owned Small Businesses and the broader business landscape in the United States. I and hundreds of WOSB's and regular 8A's would request a meeting at the White House to discuss further. Adminstrator Guzman and Leaders its time to change the trajectory with the direction  this country is going with Federal Procurement. Thank youu, Leades of the U.S. Small Business Administration.

Respectfully,

Lynette T. Stevenson-Owner she/her-NMLS #2327554

DALS Credit Solutions Co DBA DALS Economic & Strategic Co

DALS Notary Services

www.dalscredit.solutions

717-421-1445

Please rank us on Google: https://g.page/r/CeW5vNRZbN0xEB0/review.

Please rate us on Facebook: DALS Credit Solutions | Facebook

Ariba DALS Credit Solutions Co Supplier Profile (ariba.com)

UEI W9MKGJS85B81

CAGE:8N9Y9



Disclosure: Website

All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co.

All actions are strictly forbidden to share any part of this message with any third party without written authorization.

 DALS Credit Solutions Co does not remove legitimate items on the credit profile.

---

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Thursday, June 22, 2023 3:33 AM
**To:** isabella.guzman@sba.gov <isabella.guzman@sba.gov>
**Cc:** Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>; larry.stubblefield@sba.gov <larry.stubblefield@sba.gov>; katherine.branch@sba.gov <katherine.branch@sba.gov>; dr.donna.peebles@sba.gov <dr.donna.peebles@sba.gov>; ellen.safranek@sba.gov <ellen.safranek@sba.gov>; van.tran@sba.gov <van.tran@sba.gov>; wallace.sermonsii@sba.gov <wallace.sermonsii@sba.gov>; David.Brown@sba.gov <David.Brown@sba.gov>; Author.plews@sba.gov <Author.plews@sba.gov>; Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Michael Sands <michael@ctrperfmastery.com>; Chauncia Willis <info@savvydimension.com>
**Subject:** Making a change to improve thresholds For WOSB

Dear Administrator Isabella Guzman, and Leaders of the U.S. Small Business Adminstration.
I hope this email finds you well. My name is Lynette T. Stevenson. I am writing on behalf of DALS Credit Solutions Co

Alumni of the SBA Thrive Emerging Leaders Program, Eastern District. We greatly appreciate the SBA's efforts in supporting and promoting women-owned businesses throughout the United States.

I want to bring your attention to an important matter impacting WOSBs like ours. It regards the current threshold for Women-Owned Small Businesses in federal contracting opportunities. Increasing this threshold and transforming the trajectory with which the Federal Government does business with both WOSBs and regular 8(a) entities will profoundly impact the overall small business ecosystem and contribute to fostering diversity, innovation, and economic growth.
As you are well aware, WOSBs play a vital role in the economy, driving job creation, fostering innovation, and contributing to the overall economic development of our nation.

Despite the progress made in recent years, untapped potential can be unlocked by empowering WOSBs and enabling them to participate in a broader range of federal contracting opportunities.
Increasing the threshold for Women-Owned Small Businesses can create more opportunities for these businesses to thrive and expand. This will benefit individual companies and result in broader societal advantages, such as job creation, enhanced competition, and increased diversity in the federal supply chain. By reevaluating and adjusting the current threshold, we can take a significant step towards creating a more inclusive and prosperous business environment for all.

We propose transforming how the Federal Government engages with WOSBs and regular 8(a) entities. By streamlining and modernizing the processes, enhancing outreach and education programs, and fostering strategic partnerships, we can ensure that the Federal Government is effectively harnessing the potential of these small businesses. A holistic approach that encourages collaboration, mentorship, and capacity-building initiatives will result in more substantial, more sustainable WOSBs and 8(a) entities capable of delivering high-quality goods and services while meeting the needs of federal agencies. In addition, ensuring Business Opportunities Specialist with SBA District offices are true advocate for Small Businesses who holds these certifications.

We understand that such changes require careful consideration and evaluation. However, we urge you to consider our proposal and initiate discussions with key stakeholders to explore the feasibility and potential benefits of increasing the Women-Owned Small Business threshold and implementing a more dynamic approach to working with WOSBs and 8(a) entities. Last Year the SBA awarded approx 131 Sole Source opportunities to Women Owned Small Businesses.

DALS Credit Solutions Co 8N9Y9 is committed to advancing women-owned businesses and contributing to the growth of the small business sector. We stand ready to support and collaborate with the SBA, providing any additional information, data, or insights that may assist in evaluating and implementing these suggested changes.

Thank you for your time and attention to this matter. We greatly appreciate your leadership and dedication to fostering anl and hundreds of WOSBs and regular 8A's would request a meeting at the White House to discuss this further. Adminstrator Guzman and Leaders, it's time to change the trajectory with the direction this country is going with Federal Procurement. inclusive and vibrant small business community.

We look forward to a dialogue and working together to bring about positive change for Women-Owned Small Businesses and the broader business landscape in the United States. I and hundreds of WOSB's and regular 8A's would request a meeting at the White House to discuss further. Adminstrator Guzman and Leaders its time to change the trajectory with the direction this country is going with Federal Procurement. Thank you, Leades of the U.S. Small Business Administration.

Respectfully,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
www.dalscredit.solutions
717-421-1445
Please rank us on Google: https://g.page/r/CeW5yNRZbN0xEB0/review.
Please rate us on Facebook: DALS Credit Solutions | Facebook
Ariba DALS Credit Solutions Co Supplier Profile (ariba.com)
UEI WANKGJS8QB8



Disclosure: <u>Website</u>

All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co.

All actions are strictly forbidden to share any part of this message with any third party without written authorization.

DALS Credit Solutions Co does not remove legitimate items on the credit profile.

 **Outlook**

**Relayed: Re: Making a change to improve thresholds For WOSB**

**From** Microsoft Outlook
&lt;MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com&gt;

**Date** Thu 29-Jun-23 8:00 AM

**To** isabella.guzman@sba.gov &lt;isabella.guzman@sba.gov&gt;; Kendall.Corley@sba.gov &lt;Kendall.Corley@sba.gov&gt;; Arthur.Plews@sba.gov &lt;Arthur.Plews@sba.gov&gt;; larry.stubblefield@sba.gov &lt;larry.stubblefield@sba.gov&gt;; katherine.branch@sba.gov &lt;katherine.branch@sba.gov&gt;; dr.donna.peebles@sba.gov &lt;Dr.Donna.Peebles@sba.gov&gt;; ellen.safranek@sba.gov &lt;ellen.safranek@sba.gov&gt;; van.tran@sba.gov &lt;van.tran@sba.gov&gt;; Kim.McLeod@sba.gov &lt;Kim.McLeod@sba.gov&gt;; Victor.Parker@sba.gov &lt;Victor.Parker@sba.gov&gt;; Therese.Meers@sba.gov &lt;Therese.Meers@sba.gov&gt;; Shelby.shoemaker@sba.gov &lt;Shelby.shoemaker@sba.gov&gt;; wallace.sermonsii@sba.gov &lt;Wallace.SermonsII@sba.gov&gt;; David.Brown@sba.gov &lt;david.brown@sba.gov&gt;; Author.plews@sba.gov &lt;Author.plews@sba.gov&gt;; Jennifer.Kim@sba.gov &lt;Jennifer.Kim@sba.gov&gt;

▇ 1 attachments (38 KB)
Re: Making a change to improve thresholds For WOSB;

## Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:

isabella.guzman@sba.gov (isabella.guzman@sba.gov)

Kendall.Corley@sba.gov (Kendall.Corley@sba.gov)

Arthur.Plews@sba.gov (Arthur.Plews@sba.gov)

larry.stubblefield@sba.gov (larry.stubblefield@sba.gov)

katherine.branch@sba.gov (katherine.branch@sba.gov)

dr.donna.peebles@sba.gov (Dr.Donna.Peebles@sba.gov)

ellen.safranek@sba.gov (ellen.safranek@sba.gov)

van.tran@sba.gov (van.tran@sba.gov)

Kim.McLeod@sba.gov (Kim.McLeod@sba.gov)

Victor.Parker@sba.gov (Victor.Parker@sba.gov)

Therese.Meers@sba.gov (Therese.Meers@sba.gov)

Shelby.shoemaker@sba.gov (Shelby.shoemaker@sba.gov)

wallace.sermonsii@sba.gov (Wallace.SermonsII@sba.gov)

David.Brown@sba.gov (david.brown@sba.gov)

Author.plews@sba.gov (Author.plews@sba.gov)

Jennifer.Kim@sba.gov (Jennifer.Kim@sba.gov)

Subject: Re: Making a change to improve thresholds For WOSB

 Outlook

**Read: Making a change to improve thresholds For WOSB**

**From** Peebles, Dr. Donna L. <Dr.Donna.Peebles@sba.gov>

**Date** Thu 29-Jun-23 8:21 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

   To: Peebles, Dr. Donna L.
   Subject: Re: Making a change to improve thresholds For WOSB
   Sent: Thursday, June 29, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, June 29, 2023 8:21:07 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

---

**Read: Making a change to improve thresholds For WOSB**

---

**From** Brown, David <david.brown@sba.gov>

**Date** Thu 29-Jun-23 10:31 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

To: Brown, David
Subject: Re: Making a change to improve thresholds For WOSB
Sent: Thursday, June 29, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

was read on Thursday, June 29, 2023 10:30:40 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

---

**Read: Making a change to improve thresholds For WOSB**

---

**From** Stubblefield, Larry <Larry.Stubblefield@sba.gov>
**Date** Fri 30-Jun-23 8:26 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: Stubblefield, Larry
  Subject: Re: Making a change to improve thresholds For WOSB
  Sent: Thursday, June 29, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Friday, June 30, 2023 8:26:37 AM (UTC-05:00) Eastern Time (US & Canada).



**Relayed: Re: Making a change to improve thresholds For WOSB**

**From** Microsoft Outlook
    &lt;MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com&gt;

**Date** Thu 29-Jun-23 8:00 AM

**To** isabella.guzman@sba.gov &lt;isabella.guzman@sba.gov&gt;; Kendall.Corley@sba.gov &lt;Kendall.Corley@sba.gov&gt;;
Arthur.Plews@sba.gov &lt;Arthur.Plews@sba.gov&gt;; larry.stubblefield@sba.gov &lt;Larry.Stubblefield@sba.gov&gt;;
katherine.branch@sba.gov &lt;Katherine.Branch@sba.gov&gt;; dr.donna.peebles@sba.gov
&lt;Dr.Donna.Peebles@sba.gov&gt;; ellen.safranek@sba.gov &lt;ellen.safranek@sba.gov&gt;; van.tran@sba.gov
&lt;van.tran@sba.gov&gt;; Kim.McLeod@sba.gov &lt;Kim.McLeod@sba.gov&gt;; Victor.Parker@sba.gov
&lt;Victor.Parker@sba.gov&gt;; Therese.Meers@sba.gov &lt;Therese.Meers@sba.gov&gt;; Shelby.shoemaker@sba.gov
&lt;Shelby.shoemaker@sba.gov&gt;; wallace.sermonsii@sba.gov &lt;Wallace.SermonsII@sba.gov&gt;;
David.Brown@sba.gov &lt;david.brown@sba.gov&gt;; Author.plews@sba.gov &lt;Author.plews@sba.gov&gt;;
Jennifer.Kim@sba.gov &lt;Jennifer.Kim@sba.gov&gt;

▌ 1 attachments (38 KB)
Re: Making a change to improve thresholds For WOSB;


**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

isabella.guzman@sba.gov (isabella.guzman@sba.gov)

Kendall.Corley@sba.gov (Kendall.Corley@sba.gov)

Arthur.Plews@sba.gov (Arthur.Plews@sba.gov)

larry.stubblefield@sba.gov (larry.stubblefield@sba.gov)

katherine.branch@sba.gov (katherine.branch@sba.gov)

dr.donna.peebles@sba.gov (Dr.Donna.Peebles@sba.gov)

ellen.safranek@sba.gov (ellen.safranek@sba.gov)

van.tran@sba.gov (van.tran@sba.gov)

Kim.McLeod@sba.gov (Kim.McLeod@sba.gov)

Victor.Parker@sba.gov (Victor.Parker@sba.gov)

Therese.Meers@sba.gov (Therese.Meers@sba.gov)

Shelby.shoemaker@sba.gov (Shelby.shoemaker@sba.gov)

wallace.sermonsii@sba.gov (Wallace.SermonsII@sba.gov)

David.Brown@sba.gov (david.brown@sba.gov)

Author.plews@sba.gov (Author.plews@sba.gov)

Jennifer.Kim@sba.gov (Jennifer.Kim@sba.gov)

Subject: Re: Making a change to improve thresholds For WOSB

 Outlook

---

**Read: Making a change to improve thresholds For WOSB**

---

**From** Peebles, Dr. Donna L. <Dr.Donna.Peebles@sba.gov>

**Date** Thu 29-Jun-23 8:21 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

    To: Peebles, Dr. Donna L.
    Subject: Re: Making a change to improve thresholds For WOSB
    Sent: Thursday, June 29, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Thursday, June 29, 2023 8:21:07 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Read: Making a change to improve thresholds For WOSB**

**From** Brown, David <david.brown@sba.gov>

**Date** Thu 29-Jun-23 10:31 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: Brown, David
  Subject: Re: Making a change to improve thresholds For WOSB
  Sent: Thursday, June 29, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Thursday, June 29, 2023 10:30:40 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Read: Making a change to improve thresholds For WOSB**

**From** Stubblefield, Larry <Larry.Stubblefield@sba.gov>
**Date** Fri 30-Jun-23 8:26 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

To: Stubblefield, Larry
Subject: Re: Making a change to improve thresholds For WOSB
Sent: Thursday, June 29, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

was read on Friday, June 30, 2023 8:26:37 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Automatic reply: Making a change to improve thresholds For WOSB**

**From** Sermons II, Wallace D. <Wallace.SermonsII@sba.gov>
**Date** Thu 22-Jun-23 8:01 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Greetings,

I am currently out of the office, returning Monday, June 26. During this time I will not have an opportunity to respond to emails. I will review your message after my return.

If you have an urgent request please reach out to Ellen Safranek at ellen.safranek@sba.gov.

Thank you,

Wallace

Wallace D. Sermons II, Deputy Director
Office of Government Contracting
U.S. Small Business Administration

 Outlook

**Read: Making a change to improve thresholds For WOSB**

**From** Corley, Kendall L. <Kendall.Corley@sba.gov>
**Date** Thu 22-Jun-23 11:20 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: Corley, Kendall L.
  Subject: Making a change to improve thresholds For WOSB
  Sent: Thursday, June 22, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Thursday, June 22, 2023 11:20:01 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

## Re: Making a change to improve thresholds For WOSB

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Fri 23-Jun-23 8:00 AM

**To** isabella.guzman@sba.gov <isabella.guzman@sba.gov>

**Cc** Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>; larry.stubblefield@sba.gov <larry.stubblefield@sba.gov>; katherine.branch@sba.gov <katherine.branch@sba.gov>; dr.donna.peebles@sba.gov <Dr.Donna.Peebles@sba.gov>; ellen.safranek@sba.gov <ellen.safranek@sba.gov>; van.tran@sba.gov <van.tran@sba.gov>; wallace.sermonsii@sba.gov <Wallace.SermonsII@sba.gov>; David.Brown@sba.gov <david.brown@sba.gov>; Author.plews@sba.gov <Author.plews@sba.gov>; Michael Sands <michael@ctrperfmastery.com>; Chauncia Willis <info@savvydimension.com>

Dear Administrator Isabella Guzman, and Leaders of the U.S. Small Business Adminstration.
I hope this email finds you well. My name is Lynette T. Stevenson. I am writing on behalf of DALS Credit Solutions Co 8N9Y9, a proud Women-Owned Small Business (WOSB) certified by the U.S. Small Business Administration (SBA) and an Alumni of the SBA Thrive Emerging Leaders Program, Eastern District. We greatly appreciate the SBA's efforts in supporting and promoting women-owned businesses throughout the United States.

I want to bring your attention to an important matter impacting WOSBs like ours. It regards the current threshold for Women-Owned Small Businesses in federal contracting opportunities. Increasing this threshold and transforming the trajectory with which the Federal Government does business with both WOSBs and regular 8(a) entities will profoundly impact the overall small business ecosystem and contribute to fostering diversity, innovation, and economic growth.
As you are well aware, WOSBs play a vital role in the economy, driving job creation, fostering innovation, and contributing to the overall economic development of our nation.

Despite the progress made in recent years, untapped potential can be unlocked by empowering WOSBs and enabling them to participate in a broader range of federal contracting opportunities.
Increasing the threshold for Women-Owned Small Businesses can create more opportunities for these businesses to thrive and expand. This will benefit individual companies and result in broader societal advantages, such as job creation, enhanced competition, and increased diversity in the federal supply chain. By reevaluating and adjusting the current threshold, we can take a significant step towards creating a more inclusive and prosperous business environment for all.

We propose transforming how the Federal Government engages with WOSBs and regular 8(a) entities. By streamlining and modernizing the processes, enhancing outreach and education programs, and fostering strategic partnerships, we can ensure that the Federal Government is effectively harnessing the potential of these small businesses. A holistic approach that encourages collaboration, mentorship, and capacity-building initiatives will result in more substantial, more sustainable WOSBs and 8(a) entities capable of delivering high-quality goods and services while meeting the needs of federal agencies. In addition, ensuring Business Opportunities Specialist with SBA District offices are true advocate for Small Businesses who holds these certifications.

We understand that such changes require careful consideration and evaluation. However, we urge you to consider our proposal and initiate discussions with key stakeholders to explore the feasibility and potential benefits of increasing the Women-Owned Small Business threshold and implementing a more dynamic approach to working with WOSBs and 8(a) entities. Last Year the SBA awarded approx 131 Sole Source opportunities to Women Owned Small Businesses.

DALS Credit Solutions Co 8N9Y9 is committed to advancing women-owned businesses and contributing to the growth of the small business sector. We stand ready to support and collaborate with the SBA, providing any additional information, data, or insights that may assist in evaluating and implementing these suggested changes.

Thank you for your time and attention to this matter. We greatly appreciate your leadership and dedication to fostering anl and hundreds of WOSBs and regular 8A's would request a meeting at the White House to discuss this further. Adminstrator

Guzman and Leaders, it's time to change the trajectory with the direction this country is going with Federal Procurement. inclusive and vibrant small business community.

We look forward to a dialogue and working together to bring about positive change for Women-Owned Small Businesses and the broader business landscape in the United States. I and hundreds of WOSB's and regular 8A's would request a meeting at the White House to discuss further. Adminstrator Guzman and Leaders its time to change the trajectory with the direction this country is going with Federal Procurement. Thank you, Leades of the U.S. Small Business Administration.

Respectfully,

Lynette T. Stevenson-Owner she/her-NMLS #2327554

DALS Credit Solutions Co DBA DALS Economic & Strategic Co

DALS Notary Services

www.dalscredit.solutions

717-421-1445

Please rank us on Google: https://g.page/r/CeW5yNRZbN0xEB0/review.

Please rate us on Facebook: DALS Credit Solutions | Facebook

Ariba DALS Credit Solutions Co Supplier Profile (ariba.com)

UEI W9MKGJS85B81

CAGE:8N9Y9



Disclosure: Website

All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co.

All actions are strictly forbidden to share any part of this message with any third party without written authorization.

DALS Credit Solutions Co does not remove legitimate items on the credit profile.

---

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Thursday, June 22, 2023 3:33 AM
**To:** isabella.guzman@sba.gov <isabella.guzman@sba.gov>
**Cc:** Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>; larry.stubblefield@sba.gov <larry.stubblefield@sba.gov>; katherine.branch@sba.gov <katherine.branch@sba.gov>; dr.donna.peebles@sba.gov <dr.donna.peebles@sba.gov>; ellen.safranek@sba.gov <ellen.safranek@sba.gov>; van.tran@sba.gov <van.tran@sba.gov>; wallace.sermonsii@sba.gov <wallace.sermonsii@sba.gov>; David.Brown@sba.gov <David.Brown@sba.gov>; Author.plews@sba.gov <Author.plews@sba.gov>; Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Michael Sands <michael@ctrperfmastery.com>; Chauncia Willis <info@savvydimension.com>
**Subject:** Making a change to improve thresholds For WOSB

Dear Administrator Isabella Guzman, and Leaders of the U.S. Small Business Adminstration.
I hope this email finds you well. My name is Lynette T. Stevenson. I am writing on behalf of DALS Credit Solutions Co 8N9Y9, a proud Women-Owned Small Business (WOSB) certified by the U.S. Small Business Administration (SBA) and an

Alumni of the SBA Thrive Emerging Leaders Program, Eastern District. We greatly appreciate the SBA's efforts in supporting and promoting women-owned businesses throughout the United States.

I want to bring your attention to an important matter impacting WOSBs like ours. It regards the current threshold for Women-Owned Small Businesses in federal contracting opportunities. Increasing this threshold and transforming the trajectory with which the Federal Government does business with both WOSBs and regular 8(a) entities will profoundly impact the overall small business ecosystem and contribute to fostering diversity, innovation, and economic growth.
As you are well aware, WOSBs play a vital role in the economy, driving job creation, fostering innovation, and contributing to the overall economic development of our nation.

Despite the progress made in recent years, untapped potential can be unlocked by empowering WOSBs and enabling them to participate in a broader range of federal contracting opportunities.
Increasing the threshold for Women-Owned Small Businesses can create more opportunities for these businesses to thrive and expand. This will benefit individual companies and result in broader societal advantages, such as job creation, enhanced competition, and increased diversity in the federal supply chain. By reevaluating and adjusting the current threshold, we can take a significant step towards creating a more inclusive and prosperous business environment for all.

We propose transforming how the Federal Government engages with WOSBs and regular 8(a) entities. By streamlining and modernizing the processes, enhancing outreach and education programs, and fostering strategic partnerships, we can ensure that the Federal Government is effectively harnessing the potential of these small businesses. A holistic approach that encourages collaboration, mentorship, and capacity-building initiatives will result in more substantial, more sustainable WOSBs and 8(a) entities capable of delivering high-quality goods and services while meeting the needs of federal agencies. In addition, ensuring Business Opportunities Specialist with SBA District offices are true advocate for Small Businesses who holds these certifications.

We understand that such changes require careful consideration and evaluation. However, we urge you to consider our proposal and initiate discussions with key stakeholders to explore the feasibility and potential benefits of increasing the Women-Owned Small Business threshold and implementing a more dynamic approach to working with WOSBs and 8(a) entities. Last Year the SBA awarded approx 131 Sole Source opportunities to Women Owned Small Businesses.

DALS Credit Solutions Co 8N9Y9 is committed to advancing women-owned businesses and contributing to the growth of the small business sector. We stand ready to support and collaborate with the SBA, providing any additional information, data, or insights that may assist in evaluating and implementing these suggested changes.

Thank you for your time and attention to this matter. We greatly appreciate your leadership and dedication to fostering anI and hundreds of WOSBs and regular 8A's would request a meeting at the White House to discuss this further. Adminstrator Guzman and Leaders, it's time to change the trajectory with the direction this country is going with Federal Procurement. inclusive and vibrant small business community.

We look forward to a dialogue and working together to bring about positive change for Women-Owned Small Businesses and the broader business landscape in the United States. I and hundreds of WOSB's and regular 8A's would request a meeting at the White House to discuss further. Adminstrator Guzman and Leaders its time to change the trajectory with the direction this country is going with Federal Procurement. Thank you, Leades of the U.S. Small Business Administration.

Respectfully,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
www.dalscredit.solutions
717-421-1445
Please rank us on Google: https://g.page/r/CeW5vNRZbN0xEB0/review.
Please rate us on Facebook: DALS Credit Solutions | Facebook
Ariba DALS Credit Solutions Co Supplier Profile (ariba.com)
UEI Number: DZXSPS6



Disclosure: Website

All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co.

All actions are strictly forbidden to share any part of this message with any third party without written authorization.

DALS Credit Solutions Co does not remove legitimate items on the credit profile.


**Relayed: Re: Making a change to improve thresholds For WOSB**

**From** Microsoft Outlook
                <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com>

**Date** Fri 23-Jun-23 8:00 AM

**To** Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>;
larry.stubblefield@sba.gov <larry.stubblefield@sba.gov>; katherine.branch@sba.gov
<katherine.branch@sba.gov>; dr.donna.peebles@sba.gov <Dr.Donna.Peebles@sba.gov>;
ellen.safranek@sba.gov <ellen.safranek@sba.gov>; van.tran@sba.gov <van.tran@sba.gov>;
wallace.sermonsii@sba.gov <Wallace.SermonsII@sba.gov>; David.Brown@sba.gov <david.brown@sba.gov>;
Author.plews@sba.gov <Author.plews@sba.gov>; isabella.guzman@sba.gov <isabella.guzman@sba.gov>

▌ 1 attachments (35 KB)
Re: Making a change to improve thresholds For WOSB;

**Delivery to these recipients or groups is complete, but no delivery notification was sent
by the destination server:**

Kendall.Corley@sba.gov (Kendall.Corley@sba.gov)

Arthur.Plews@sba.gov (Arthur.Plews@sba.gov)

larry.stubblefield@sba.gov (larry.stubblefield@sba.gov)

katherine.branch@sba.gov (katherine.branch@sba.gov)

dr.donna.peebles@sba.gov (Dr.Donna.Peebles@sba.gov)

ellen.safranek@sba.gov (ellen.safranek@sba.gov)

van.tran@sba.gov (van.tran@sba.gov)

wallace.sermonsii@sba.gov (Wallace.SermonsII@sba.gov)

David.Brown@sba.gov (david.brown@sba.gov)

Author.plews@sba.gov (Author.plews@sba.gov)

isabella.guzman@sba.gov (isabella.guzman@sba.gov)

Subject: Re: Making a change to improve thresholds For WOSB

 Outlook

**Read: Making a change to improve thresholds For WOSB**

**From** Peebles, Dr. Donna L. <Dr.Donna.Peebles@sba.gov>

**Date** Fri 23-Jun-23 8:12 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: Peebles, Dr. Donna L.
  Subject: Re: Making a change to improve thresholds For WOSB
  Sent: Friday, June 23, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Friday, June 23, 2023 8:12:49 AM (UTC-05:00) Eastern Time (US & Canada).



## Re: Making a change to improve thresholds For WOSB

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Mon 26-Jun-23 8:00 AM

**To** isabella.guzman@sba.gov <isabella.guzman@sba.gov>

**Cc** Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>; larry.stubblefield@sba.gov <larry.stubblefield@sba.gov>; Kim.McLeod@sba.gov <Kim.McLeod@sba.gov>; katherine.branch@sba.gov <katherine.branch@sba.gov>; dr.donna.peebles@sba.gov <Dr.Donna.Peebles@sba.gov>; ellen.safranek@sba.gov <ellen.safranek@sba.gov>; van.tran@sba.gov <van.tran@sba.gov>; Shelby.shoemaker@sba.gov <Shelby.shoemaker@sba.gov>; Victor.Parker@sba.gov <Victor.Parker@sba.gov>; Therese.Meers@sba.gov <Therese.Meers@sba.gov>; wallace.sermonsii@sba.gov <Wallace.SermonsII@sba.gov>; David.Brown@sba.gov <david.brown@sba.gov>; Author.plews@sba.gov <Author.plews@sba.gov>; Michael Sands <michael@ctrperfmastery.com>; Chauncia Willis <info@savvydimension.com>; Jennifer.Kim@sba.gov <Jennifer.Kim@sba.gov>

Dear Administrator Isabella Guzman, and Leaders of the U.S. Small Business Adminstration.
I hope this email finds you well. My name is Lynette T. Stevenson. I am writing on behalf of DALS Credit Solutions Co 8N9Y9, a proud Women-Owned Small Business (WOSB) certified by the U.S. Small Business Administration (SBA) and an Alumni of the SBA Thrive Emerging Leaders Program, Eastern District. We greatly appreciate the SBA's efforts in supporting and promoting women-owned businesses throughout the United States.

I want to bring your attention to an important matter impacting WOSBs like ours. It regards the current threshold for Women-Owned Small Businesses in federal contracting opportunities. Increasing this threshold and transforming the trajectory with which the Federal Government does business with both WOSBs and regular 8(a) entities will profoundly impact the overall small business ecosystem and contribute to fostering diversity, innovation, and economic growth.
As you are well aware, WOSBs play a vital role in the economy, driving job creation, fostering innovation, and contributing to the overall economic development of our nation.

Despite the progress made in recent years, untapped potential can be unlocked by empowering WOSBs and enabling them to participate in a broader range of federal contracting opportunities.
Increasing the threshold for Women-Owned Small Businesses can create more opportunities for these businesses to thrive and expand. This will benefit individual companies and result in broader societal advantages, such as job creation, enhanced competition, and increased diversity in the federal supply chain. By reevaluating and adjusting the current threshold, we can take a significant step towards creating a more inclusive and prosperous business environment for all.

We propose transforming how the Federal Government engages with WOSBs and regular 8(a) entities. By streamlining and modernizing the processes, enhancing outreach and education programs, and fostering strategic partnerships, we can ensure that the Federal Government is effectively harnessing the potential of these small businesses. A holistic approach that encourages collaboration, mentorship, and capacity-building initiatives will result in more substantial, more sustainable WOSBs and 8(a) entities capable of delivering high-quality goods and services while meeting the needs of federal agencies. In addition, ensuring Business Opportunities Specialist with SBA District offices are true advocate for Small Businesses who holds these certifications.

We understand that such changes require careful consideration and evaluation. However, we urge you to consider our proposal and initiate discussions with key stakeholders to explore the feasibility and potential benefits of increasing the Women-Owned Small Business threshold and implementing a more dynamic approach to working with WOSBs and 8(a) entities. Last Year the SBA awarded approx 131 Sole Source opportunities to Women Owned Small Businesses.

DALS Credit Solutions Co 8N9Y9 is committed to advancing women-owned businesses and contributing to the growth of the small business sector. We stand ready to support and collaborate with the SBA, providing any additional information, data, or insights that may assist in evaluating and implementing these suggested changes.

Thank you for your time and attention to this matter. We greatly appreciate your leadership and dedication to fostering anI and hundreds of WOSBs and regular 8A's would request a meeting at the White House to discuss this further. Adminstrator Guzman and Leaders, it's time to change the trajectory with the direction this country is going with Federal Procurement. inclusive and vibrant small business community.

We look forward to a dialogue and working together to bring about positive change for Women-Owned Small Businesses and the broader business landscape in the United States. I and hundreds of WOSB's and regular 8A's would request a meeting at the White House to discuss further. Adminstrator Guzman and Leaders its time to change the trajectory with the direction this country is going with Federal Procurement. Thank you, Leades of the U.S. Small Business Administration.

Respectfully,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
www.dalscredit.solutions
717-421-1445
Please rank us on Google: https://g.page/r/CeW5vNRZbN0xEB0/review.
Please rate us on Facebook: DALS Credit Solutions | Facebook
Ariba DALS Credit Solutions Co Supplier Profile (ariba.com)
UEI W9MKGJS85B81
CAGE:8N9Y9



Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co.
All actions are strictly forbidden to share any part of this message with any third party without written authorization.
DALS Credit Solutions Co does not remove legitimate items on the credit profile.

---

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Thursday, June 22, 2023 3:33 AM
**To:** isabella.guzman@sba.gov <isabella.guzman@sba.gov>
**Cc:** Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>; larry.stubblefield@sba.gov <larry.stubblefield@sba.gov>; katherine.branch@sba.gov <katherine.branch@sba.gov>; dr.donna.peebles@sba.gov <dr.donna.peebles@sba.gov>; ellen.safranek@sba.gov <ellen.safranek@sba.gov>; van.tran@sba.gov <van.tran@sba.gov>; wallace.sermonsii@sba.gov <wallace.sermonsii@sba.gov>; David.Brown@sba.gov <David.Brown@sba.gov>; Author.plews@sba.gov <Author.Plews@sba.gov>; Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Michael Sands <michael@ctrperfmastery.com>; Chauncia Willis <info@savvydimension.com>
**Subject:** Making a change to improve thresholds For WOSB

Dear Administrator Isabella Guzman, and Leaders of the U.S. Small Business Adminstration.
I hope this email finds you well. My name is Lynette T. Stevenson. I am writing on behalf of DALS Credit Solutions Co

Alumni of the SBA Thrive Emerging Leaders Program, Eastern District. We greatly appreciate the SBA's efforts in supporting and promoting women-owned businesses throughout the United States.

I want to bring your attention to an important matter impacting WOSBs like ours. It regards the current threshold for Women-Owned Small Businesses in federal contracting opportunities. Increasing this threshold and transforming the trajectory with which the Federal Government does business with both WOSBs and regular 8(a) entities will profoundly impact the overall small business ecosystem and contribute to fostering diversity, innovation, and economic growth.

As you are well aware, WOSBs play a vital role in the economy, driving job creation, fostering innovation, and contributing to the overall economic development of our nation.

Despite the progress made in recent years, untapped potential can be unlocked by empowering WOSBs and enabling them to participate in a broader range of federal contracting opportunities.

Increasing the threshold for Women-Owned Small Businesses can create more opportunities for these businesses to thrive and expand. This will benefit individual companies and result in broader societal advantages, such as job creation, enhanced competition, and increased diversity in the federal supply chain. By reevaluating and adjusting the current threshold, we can take a significant step towards creating a more inclusive and prosperous business environment for all.

We propose transforming how the Federal Government engages with WOSBs and regular 8(a) entities. By streamlining and modernizing the processes, enhancing outreach and education programs, and fostering strategic partnerships, we can ensure that the Federal Government is effectively harnessing the potential of these small businesses. A holistic approach that encourages collaboration, mentorship, and capacity-building initiatives will result in more substantial, more sustainable WOSBs and 8(a) entities capable of delivering high-quality goods and services while meeting the needs of federal agencies. In addition, ensuring Business Opportunities Specialist with SBA District offices are true advocate for Small Businesses who holds these certifications.

We understand that such changes require careful consideration and evaluation. However, we urge you to consider our proposal and initiate discussions with key stakeholders to explore the feasibility and potential benefits of increasing the Women-Owned Small Business threshold and implementing a more dynamic approach to working with WOSBs and 8(a) entities. Last Year the SBA awarded approx 131 Sole Source opportunities to Women Owned Small Businesses.

DALS Credit Solutions Co 8N9Y9 is committed to advancing women-owned businesses and contributing to the growth of the small business sector. We stand ready to support and collaborate with the SBA, providing any additional information, data, or insights that may assist in evaluating and implementing these suggested changes.

Thank you for your time and attention to this matter. We greatly appreciate your leadership and dedication to fostering anI and hundreds of WOSBs and regular 8A's would request a meeting at the White House to discuss this further. Adminstrator Guzman and Leaders, it's time to change the trajectory with the direction this country is going with Federal Procurement. inclusive and vibrant small business community.

We look forward to a dialogue and working together to bring about positive change for Women-Owned Small Businesses and the broader business landscape in the United States. I and hundreds of WOSB's and regular 8A's would request a meeting at the White House to discuss further. Adminstrator Guzman and Leaders its time to change the trajectory with the direction  this country is going with Federal Procurement. Thank you, Leades of the U.S. Small Business Administration.

Respectfully,

Lynette T. Stevenson-Owner she/her-NMLS #2327554

DALS Credit Solutions Co DBA DALS Economic & Strategic Co

DALS Notary Services

www.dalscredit.solutions

717-421-1445

Please rank us on Google: https://g.page/r/CeW5vNRZbN0xEB0/review.

Please rate us on Facebook: DALS Credit Solutions | Facebook

Ariba DALS Credit Solutions Co Supplier Profile (ariba.com)

UEI W9MKGQS2DB81



Disclosure: <u>Website</u>

All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co.

All actions are strictly forbidden to share any part of this message with any third party without written authorization.

DALS Credit Solutions Co does not remove legitimate items on the credit profile.


**Relayed: Re: Making a change to improve thresholds For WOSB**

**From** Microsoft Outlook
                      <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com>

**Date** Mon 26-Jun-23 8:00 AM

**To** isabella.guzman@sba.gov <isabella.guzman@sba.gov>; Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>;
Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>; larry.stubblefield@sba.gov <larry.stubblefield@sba.gov>;
Kim.McLeod@sba.gov <Kim.McLeod@sba.gov>; katherine.branch@sba.gov <katherine.branch@sba.gov>;
dr.donna.peebles@sba.gov <Dr.Donna.Peebles@sba.gov>; ellen.safranek@sba.gov <ellen.safranek@sba.gov>;
van.tran@sba.gov <van.tran@sba.gov>; Shelby.shoemaker@sba.gov <Shelby.shoemaker@sba.gov>;
Victor.Parker@sba.gov <Victor.Parker@sba.gov>; Therese.Meers@sba.gov <Therese.Meers@sba.gov>;
wallace.sermonsii@sba.gov <Wallace.SermonsII@sba.gov>; David.Brown@sba.gov <david.brown@sba.gov>;
Author.plews@sba.gov <Author.plews@sba.gov>; Jennifer.Kim@sba.gov <Jennifer.Kim@sba.gov>

▮ 1 attachments (38 KB)
Re: Making a change to improve thresholds For WOSB;

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

isabella.guzman@sba.gov (isabella.guzman@sba.gov)

Kendall.Corley@sba.gov (Kendall.Corley@sba.gov)

Arthur.Plews@sba.gov (Arthur.Plews@sba.gov)

larry.stubblefield@sba.gov (larry.stubblefield@sba.gov)

Kim.McLeod@sba.gov (Kim.McLeod@sba.gov)

katherine.branch@sba.gov (katherine.branch@sba.gov)

dr.donna.peebles@sba.gov (Dr.Donna.Peebles@sba.gov)

ellen.safranek@sba.gov (ellen.safranek@sba.gov)

van.tran@sba.gov (van.tran@sba.gov)

Shelby.shoemaker@sba.gov (Shelby.shoemaker@sba.gov)

Victor.Parker@sba.gov (Victor.Parker@sba.gov)

Therese.Meers@sba.gov (Therese.Meers@sba.gov)

wallace.sermonsii@sba.gov (Wallace.SermonsII@sba.gov)

David.Brown@sba.gov (david.brown@sba.gov)

Author.plews@sba.gov (Author.plews@sba.gov)

Jennifer.Kim@sba.gov (Jennifer.Kim@sba.gov)

Subject: Re: Making a change to improve thresholds For WOSB

 Outlook

**Automatic reply: Making a change to improve thresholds For WOSB**

**From** Brown, David <david.brown@sba.gov>
**Date** Mon 26-Jun-23 8:01 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Thanks for your message. I will be out of the office Monday, June 26 through Friday, July 7. During that time, please reach out to my SBA colleagues:

Jonathan Alter, Senior Advisor, jonathan.alter@sba.gov
Kevin Flores, Whie House fellow, kevin.flores@sba.gov

 Outlook

---

**Automatic reply: Making a change to improve thresholds For WOSB**

---

**From** Tran, Van V. <van.tran@sba.gov>

**Date** Mon 26-Jun-23 8:01 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Thank you for your email. I am away from the office. I appreciate your patience until I am available to reply.

For 8(a) Applications, please send your questions to 8aquestions@sba.gov.

For Certify, please send your questions to https://certify.SBA.gov/help

Thank you for your patience until I am available to reply.

 Outlook

---

**Read: Making a change to improve thresholds For WOSB**

---

**From** Kim, Jennifer I. <Jennifer.Kim@sba.gov>

**Date** Mon 26-Jun-23 9:01 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

   To: Kim, Jennifer I.
   Subject: Re: Making a change to improve thresholds For WOSB
   Sent: Monday, June 26, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Monday, June 26, 2023 9:01:37 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Read: Making a change to improve thresholds For WOSB**

**From** Peebles, Dr. Donna L. <Dr.Donna.Peebles@sba.gov>
**Date** Mon 26-Jun-23 9:48 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: Peebles, Dr. Donna L.
  Subject: Re: Making a change to improve thresholds For WOSB
  Sent: Monday, June 26, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Monday, June 26, 2023 9:47:21 AM (UTC-05:00) Eastern Time (US & Canada).



## Re: Making a change to improve thresholds For WOSB

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Thu 29-Jun-23 8:00 AM

**To** isabella.guzman@sba.gov <isabella.guzman@sba.gov>

**Cc** Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>; larry.stubblefield@sba.gov <Larry.Stubblefield@sba.gov>; katherine.branch@sba.gov <Katherine.Branch@sba.gov>; dr.donna.peebles@sba.gov <Dr.Donna.Peebles@sba.gov>; ellen.safranek@sba.gov <ellen.safranek@sba.gov>; van.tran@sba.gov <van.tran@sba.gov>; Kim.McLeod@sba.gov <Kim.McLeod@sba.gov>; Victor.Parker@sba.gov <Victor.Parker@sba.gov>; Therese.Meers@sba.gov <Therese.Meers@sba.gov>; Shelby.shoemaker@sba.gov <Shelby.shoemaker@sba.gov>; wallace.sermonsii@sba.gov <Wallace.SermonsII@sba.gov>; David.Brown@sba.gov <david.brown@sba.gov>; Author.plews@sba.gov <Author.plews@sba.gov>; Michael Sands <michael@ctrperfmastery.com>; Chauncia Willis <info@savvydimension.com>; Jennifer.Kim@sba.gov <Jennifer.Kim@sba.gov>

Dear Administrator Isabella Guzman, and Leaders of the U.S. Small Business Adminstration.
I hope this email finds you well. My name is Lynette T. Stevenson. I am writing on behalf of DALS Credit Solutions Co 8N9Y9, a proud Women-Owned Small Business (WOSB) certified by the U.S. Small Business Administration (SBA) and an Alumni of the SBA Thrive Emerging Leaders Program, Eastern District. We greatly appreciate the SBA's efforts in supporting and promoting women-owned businesses throughout the United States.

I want to bring your attention to an important matter impacting WOSBs like ours. It regards the current threshold for Women-Owned Small Businesses in federal contracting opportunities. Increasing this threshold and transforming the trajectory with which the Federal Government does business with both WOSBs and regular 8(a) entities will profoundly impact the overall small business ecosystem and contribute to fostering diversity, innovation, and economic growth.
As you are well aware, WOSBs play a vital role in the economy, driving job creation, fostering innovation, and contributing to the overall economic development of our nation.

Despite the progress made in recent years, untapped potential can be unlocked by empowering WOSBs and enabling them to participate in a broader range of federal contracting opportunities.
Increasing the threshold for Women-Owned Small Businesses can create more opportunities for these businesses to thrive and expand. This will benefit individual companies and result in broader societal advantages, such as job creation, enhanced competition, and increased diversity in the federal supply chain. By reevaluating and adjusting the current threshold, we can take a significant step towards creating a more inclusive and prosperous business environment for all.

We propose transforming how the Federal Government engages with WOSBs and regular 8(a) entities. By streamlining and modernizing the processes, enhancing outreach and education programs, and fostering strategic partnerships, we can ensure that the Federal Government is effectively harnessing the potential of these small businesses. A holistic approach that encourages collaboration, mentorship, and capacity-building initiatives will result in more substantial, more sustainable WOSBs and 8(a) entities capable of delivering high-quality goods and services while meeting the needs of federal agencies. In addition, ensuring Business Opportunities Specialist with SBA District offices are true advocate for Small Businesses who holds these certifications.

We understand that such changes require careful consideration and evaluation. However, we urge you to consider our proposal and initiate discussions with key stakeholders to explore the feasibility and potential benefits of increasing the Women-Owned Small Business threshold and implementing a more dynamic approach to working with WOSBs and 8(a) entities. Last Year the SBA awarded approx 131 Sole Source opportunities to Women Owned Small Businesses.

DALS Credit Solutions Co 8N9Y9 is committed to advancing women-owned businesses and contributing to the growth of the small business sector. We stand ready to support and collaborate with the SBA, providing any additional information, data, or insights that may assist in evaluating and implementing these suggested changes.

Thank you for your time and attention to this matter. We greatly appreciate your leadership and dedication to fostering anl and hundreds of WOSBs and regular 8A's would request a meeting at the White House to discuss this further. Adminstrator Guzman and Leaders, it's time to change the trajectory with the direction this country is going with Federal Procurement. inclusive and vibrant small business community.

We look forward to a dialogue and working together to bring about positive change for Women-Owned Small Businesses and the broader business landscape in the United States. I and hundreds of WOSB's and regular 8A's would request a meeting at the White House to discuss further. Adminstrator Guzman and Leaders its time to change the trajectory with the direction  this country is going with Federal Procurement. Thank you, Leades of the U.S. Small Business Administration.

Respectfully,

Lynette T. Stevenson-Owner she/her-NMLS #2327554

DALS Credit Solutions Co DBA DALS Economic & Strategic Co

DALS Notary Services

www.dalscredit.solutions

717-421-1445

Please rank us on Google: https://g.page/r/CeW5vNRZbN0xEB0/review.

Please rate us on Facebook: DALS Credit Solutions | Facebook

Ariba DALS Credit Solutions Co Supplier Profile (ariba.com)

UEI W9MKGJS85B81

CAGE:8N9Y9



Disclosure: Website

All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co.

All actions are strictly forbidden to share any part of this message with any third party without written authorization.

 DALS Credit Solutions Co does not remove legitimate items on the credit profile.

---

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Thursday, June 22, 2023 3:33 AM
**To:** isabella.guzman@sba.gov <isabella.guzman@sba.gov>
**Cc:** Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>; larry.stubblefield@sba.gov <larry.stubblefield@sba.gov>; katherine.branch@sba.gov <katherine.branch@sba.gov>; dr.donna.peebles@sba.gov <dr.donna.peebles@sba.gov>; ellen.safranek@sba.gov <ellen.safranek@sba.gov>; van.tran@sba.gov <van.tran@sba.gov>; wallace.sermonsii@sba.gov <wallace.sermonsii@sba.gov>; David.Brown@sba.gov <David.Brown@sba.gov>; Author.plews@sba.gov <Author.plews@sba.gov>; Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>; Michael Sands <michael@ctrperfmastery.com>; Chauncia Willis <info@savvydimension.com>
**Subject:** Making a change to improve thresholds For WOSB

Dear Administrator Isabella Guzman, and Leaders of the U.S. Small Business Adminstration.
I hope this email finds you well. My name is Lynette T. Stevenson. I am writing on behalf of DALS Credit Solutions Co

Alumni of the SBA Thrive Emerging Leaders Program, Eastern District. We greatly appreciate the SBA's efforts in supporting and promoting women-owned businesses throughout the United States.

I want to bring your attention to an important matter impacting WOSBs like ours. It regards the current threshold for Women-Owned Small Businesses in federal contracting opportunities. Increasing this threshold and transforming the trajectory with which the Federal Government does business with both WOSBs and regular 8(a) entities will profoundly impact the overall small business ecosystem and contribute to fostering diversity, innovation, and economic growth.
As you are well aware, WOSBs play a vital role in the economy, driving job creation, fostering innovation, and contributing to the overall economic development of our nation.

Despite the progress made in recent years, untapped potential can be unlocked by empowering WOSBs and enabling them to participate in a broader range of federal contracting opportunities.
Increasing the threshold for Women-Owned Small Businesses can create more opportunities for these businesses to thrive and expand. This will benefit individual companies and result in broader societal advantages, such as job creation, enhanced competition, and increased diversity in the federal supply chain. By reevaluating and adjusting the current threshold, we can take a significant step towards creating a more inclusive and prosperous business environment for all.

We propose transforming how the Federal Government engages with WOSBs and regular 8(a) entities. By streamlining and modernizing the processes, enhancing outreach and education programs, and fostering strategic partnerships, we can ensure that the Federal Government is effectively harnessing the potential of these small businesses. A holistic approach that encourages collaboration, mentorship, and capacity-building initiatives will result in more substantial, more sustainable WOSBs and 8(a) entities capable of delivering high-quality goods and services while meeting the needs of federal agencies. In addition, ensuring Business Opportunities Specialist with SBA District offices are true advocate for Small Businesses who holds these certifications.

We understand that such changes require careful consideration and evaluation. However, we urge you to consider our proposal and initiate discussions with key stakeholders to explore the feasibility and potential benefits of increasing the Women-Owned Small Business threshold and implementing a more dynamic approach to working with WOSBs and 8(a) entities. Last Year the SBA awarded approx 131 Sole Source opportunities to Women Owned Small Businesses.

DALS Credit Solutions Co 8N9Y9 is committed to advancing women-owned businesses and contributing to the growth of the small business sector. We stand ready to support and collaborate with the SBA, providing any additional information, data, or insights that may assist in evaluating and implementing these suggested changes.

Thank you for your time and attention to this matter. We greatly appreciate your leadership and dedication to fostering anI and hundreds of WOSBs and regular 8A's would request a meeting at the White House to discuss this further. Adminstrator Guzman and Leaders, it's time to change the trajectory with the direction this country is going with Federal Procurement. inclusive and vibrant small business community.

We look forward to a dialogue and working together to bring about positive change for Women-Owned Small Businesses and the broader business landscape in the United States. I and hundreds of WOSB's and regular 8A's would request a meeting at the White House to discuss further. Adminstrator Guzman and Leaders its time to change the trajectory with the direction  this country is going with Federal Procurement. Thank you, Leades of the U.S. Small Business Administration.

Respectfully,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
www.dalscredit.solutions
717-421-1445
Please rank us on Google: https://g.page/r/CeW5vNRZbN0xEB0/review.
Please rate us on Facebook: DALS Credit Solutions | Facebook
Ariba DALS Credit Solutions Co Supplier Profile (ariba.com)
UEI WANKGJ52DB81



Disclosure: <u>Website</u>

All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co.

All actions are strictly forbidden to share any part of this message with any third party without written authorization.

DALS Credit Solutions Co does not remove legitimate items on the credit profile.

 **Outlook**

**Relayed: Re: Making a change to improve thresholds For WOSB**

**From** Microsoft Outlook
                <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com>

**Date** Thu 29-Jun-23 8:00 AM

**To** isabella.guzman@sba.gov <isabella.guzman@sba.gov>; Kendall.Corley@sba.gov <Kendall.Corley@sba.gov>;
     Arthur.Plews@sba.gov <Arthur.Plews@sba.gov>; larry.stubblefield@sba.gov <Larry.Stubblefield@sba.gov>;
     katherine.branch@sba.gov <Katherine.Branch@sba.gov>; dr.donna.peebles@sba.gov
     <Dr.Donna.Peebles@sba.gov>; ellen.safranek@sba.gov <ellen.safranek@sba.gov>; van.tran@sba.gov
     <van.tran@sba.gov>; Kim.McLeod@sba.gov <Kim.McLeod@sba.gov>; Victor.Parker@sba.gov
     <Victor.Parker@sba.gov>; Therese.Meers@sba.gov <Therese.Meers@sba.gov>; Shelby.shoemaker@sba.gov
     <Shelby.shoemaker@sba.gov>; wallace.sermonsii@sba.gov <Wallace.SermonsII@sba.gov>;
     David.Brown@sba.gov <david.brown@sba.gov>; Author.plews@sba.gov <Author.plews@sba.gov>;
     Jennifer.Kim@sba.gov <Jennifer.Kim@sba.gov>

▌ 1 attachments (38 KB)

Re: Making a change to improve thresholds For WOSB;

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

isabella.guzman@sba.gov (isabella.guzman@sba.gov)

Kendall.Corley@sba.gov (Kendall.Corley@sba.gov)

Arthur.Plews@sba.gov (Arthur.Plews@sba.gov)

larry.stubblefield@sba.gov (larry.stubblefield@sba.gov)

katherine.branch@sba.gov (katherine.branch@sba.gov)

dr.donna.peebles@sba.gov (Dr.Donna.Peebles@sba.gov)

ellen.safranek@sba.gov (ellen.safranek@sba.gov)

van.tran@sba.gov (van.tran@sba.gov)

Kim.McLeod@sba.gov (Kim.McLeod@sba.gov)

Victor.Parker@sba.gov (Victor.Parker@sba.gov)

Therese.Meers@sba.gov (Therese.Meers@sba.gov)

Shelby.shoemaker@sba.gov (Shelby.shoemaker@sba.gov)

wallace.sermonsii@sba.gov (Wallace.SermonsII@sba.gov)

David.Brown@sba.gov (david.brown@sba.gov)

Author.plews@sba.gov (Author.plews@sba.gov)

Jennifer.Kim@sba.gov (Jennifer.Kim@sba.gov)

Subject: Re: Making a change to improve thresholds For WOSB

 Outlook

**Read: Making a change to improve thresholds For WOSB**

**From** Peebles, Dr. Donna L. <Dr.Donna.Peebles@sba.gov>

**Date** Thu 29-Jun-23 8:21 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

    To: Peebles, Dr. Donna L.
    Subject: Re: Making a change to improve thresholds For WOSB
    Sent: Thursday, June 29, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Thursday, June 29, 2023 8:21:07 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Read: Making a change to improve thresholds For WOSB**

**From** Brown, David <david.brown@sba.gov>

**Date** Thu 29-Jun-23 10:31 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

    To: Brown, David
    Subject: Re: Making a change to improve thresholds For WOSB
    Sent: Thursday, June 29, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

 was read on Thursday, June 29, 2023 10:30:40 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Read: Making a change to improve thresholds For WOSB**

**From** Stubblefield, Larry <Larry.Stubblefield@sba.gov>

**Date** Fri 30-Jun-23 8:26 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

    To: Stubblefield, Larry
    Subject: Re: Making a change to improve thresholds For WOSB
    Sent: Thursday, June 29, 2023 8:00:00 AM (UTC-05:00) Eastern Time (US & Canada)

was read on Friday, June 30, 2023 8:26:37 AM (UTC-05:00) Eastern Time (US & Canada).

 Outlook

**Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Mon 09-Sep-24 4:19 PM
**To** Guzman, Isabella C. <isabella.guzman@sba.gov>; Fishman, David A. <david.fishman@sba.gov>
**Cc** FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; arlene.embrey@sba.gov <arlene.embrey@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; eric.benderson@sba.gov <eric.benderson@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>

Dear Administrator Guzman and Senior Leaders of the Small Business Administration

We represent many Black-owned businesses, and we urgently request an immediate 15% good faith payout—$1.05 billion—from the total $7 billion in compensation due to us. This payment is necessary to rectify decades of systemic exclusion by the Small Business Administration (SBA). We are requesting the payout to be made within ten calendar days, divided equally between the three businesses, and it must be tax-free, penalty-free, and without deductions.

Justification for Immediate Payout:
This $1.05 billion payment, representing 15% of the total $7 billion we are seeking, is not only feasible but justifiable given the well-documented harm caused by the SBA's systemic exclusion of Black-owned businesses. This figure can be drawn from discretionary federal funds, emergency budget allocations, or contingency reserves, ensuring a swift resolution. The algorithm of events demonstrates the systematics failures.

Drawing from the Pigford v. Glickman case, in which the U.S. government compensated Black farmers for discriminatory practices, we highlight that the government provided an initial $1.05 billion payout to address similar exclusion and financial harm. Our case mirrors Pigford's systemic discrimination, and the FOIA data we have collected provides compelling evidence of these patterns.

Missed Opportunities Due to ANC Preferences:
Black-owned businesses have been systematically excluded from federal contracting opportunities due to preferential treatment granted to Alaska Native Corporation (ANC)-)-backed companies. Under the 8(a) Business Development Program, ANC-backed companies secure sole-source contracts, bypassing competitive processes with those without designations. These contracts, often high-value and long-term, have denied Black-owned businesses opportunities to compete fairly.

ANC Sole-Source Contracts: While ANC companies enjoy unlimited contract opportunities, Black-owned businesses are subjected to caps and competitive limitations, particularly in lucrative sectors like defense, infrastructure, and technology. This inequitable system has resulted in significant economic losses and the decline of Black-owned businesses.

The Role of SBIC Investments in Exclusion:
The Small Business Investment Companies (SBICs) program, under Administrator Guzman's oversight, has been central to further marginalizing Black-owned businesses. While designed to provide capital to small businesses, SBICs have disproportionately directed investments to ANC-backed companies, leaving Black-owned businesses without adequate funding or federal support.

Three Investment Strategies Marginalizing Black-Owned Businesses:
1. Leveraging Federal Capital for High-Return ANC Investments: SBICs benefit from a 3:1 leverage strategy—for every $1 of private capital raised, the SBA provides $3 in federal leverage, enabling SBICs to back ANC companies in low-risk contracts, while Black-owned businesses are excluded.
2. Guaranteed Returns from ANC Federal Contracts: ANC companies, often awarded large, non-competitive contracts, offer guaranteed profits to SBICs, locking Black-owned businesses out of these opportunities.
3. Reinvesting Profits in ANC Companies: SBICs continue to reinvest profits into ANC-backed entities, perpetuating a cycle of exclusion for Black-owned businesses. These actions have purposely demarginalized.

Administrator Guzman's Oversight Failures:
As head of the SBA, Administrator Isabella Guzman has failed to address these disparities. Failed practices of goal setting based on Agency Goal-Making The Small Business Administration (SBA) oversees small business procurement goal-making for individual agencies. It consults with agencies to establish annual goals for small business participation in contracting that collect Despite the SBA's mandate to set fair goals for small business participation, Black-owned businesses continue to receive less than 2% of federal contracts.

This underscores the SBA's systemic failure in enforcing equity.
Additionally, legal violations such as the failure to enforce FAR 19.502-2(b) ("The Rule of Two") Civil Rights Act violations (42 USC § 1981), and Civil Rights Act violations 1866 have resulted in economic harm to Black-owned businesses. The SBA's profit from its relationships with ANC-backed companies, alongside its failure to ensure equitable access, continues to marginalize Black businesses.

Urgency and Political Leverage:
This is an election year, making this settlement critical for the administration. Should this matter remain unresolved, it could attract negative attention and significantly damage the administration's reputation. The Trump Administration or other political actors could exploit this failure to address systemic discrimination, creating political risk. Settling now, with the $1.05 billion payment, will demonstrate the administration's commitment to racial equity, avoiding unnecessary media and legal battles. Furthermore,

Ms. Lynette T. Stevenson is scheduled to speak at the 2024 Security Cooperation Conference in October at the Ronald Regan International, World Trade Center. Her speech on the U.S.-China relationship and economic recovery will bring attention to these disparities, with the Belt Railroad Imitative making a swift resolution even more critical.

No Extension, Immediate Payment Required:
There will be no extension to this request. Should this go public, it is essential to consider the impact of disenfranchised Black-owned businesses becoming aware of the systemic exclusion documented in our data. The $1.05 billion will be split equally between the three businesses, and any delay will result in further political fallout. We ask that you take this request seriously. The administration can meet this demand, and we believe it is in everyone's best interest to settle this matter without further escalation. With this good faith efforts, we are willing to extend the FOIA request without litigation.

Conclusion:
We appreciate the approval the $1.05 billion tax-free payout within ten days to avoid ongoing issues during the most critical time due to prolonging this issue since 1971-Current. We look forward to your prompt response, as further delay is not an option. We appreciate your due diligence.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified


Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

Book time to meet with me

_____

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 4, 2024 7:01 PM
**To:** Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <arlene.embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov <OIG@sba.gov>; Guzman, Isabella C. <isabella.guzman@sba.gov>; leticiaalexander <leticiaalexander@zsoftechsolutions.com>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>

Attorney Eric S. Benderson, Associate General Counsel for Litigation, and I hope all is well. As the Council of Litigation, the context is clear of the findings. Due to the request, the uncertainty lies within the data the SBA wants to release. It appears the SBA has excluded modernizing its processes, and there are concerns about legal violations under 15 USC §637(a)(1)(A) in awarding 8(a) contracts and WOSB at costs exceeding fair market value.

To ensure transparency and accountability, I request immediate action on the FOIA submitted and would like detailed data on the following:

1. The list of 298 companies awarded SBIC funds (2020-2023) and associated licensing partners.
2. Verification of the 11.32% participation rate based on the disaggregated data to ensure Small Business Administrator contractors that are 1099 are not included.
3. All solicitations, acquisition strategies, and PCR approvals related to these awards within the 298 companies
4. A complete list of SBICs from 2020-2023, including compliance reviews, enforcement actions, and performance reports based on the Guidelines of the Small Business Investment Companies (SBIC) Program including the final approval Administrator Guzman.

Additionally, we are prepared to meet without counsel if we are negotiating for a favorable outcome that will make us whole. However, if this meeting is not intended to make us whole, we will proceed with bringing legal counsel for further representation and request all information pertaining to the FOIA.

Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.


**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

📅 Book time to meet with me

---

**From:** Benderson, Eric S. <eric.benderson@sba.gov>
**Sent:** Wednesday, September 4, 2024 5:54 PM
**To:** leticiaalexander <leticiaalexander@zsoftechsolutions.com>; Embrey, Arlene M. <Arlene.Embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov <OIG@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

We are trying to understand the request and are working on a response. Glad to discuss if you feel that would help.

Eric S. Benderson
Associate General Counsel for Litigation
Small Business Administration
409 3rd St. SW, Suite 7211
Washington, D.C. 20416
C. (202) 255-4207
F. (202) 205-7154

**From:** Leticia Alexander <leticiaalexander@zsoftechsolutions.com>
**Sent:** Wednesday, September 4, 2024 11:07 AM
**To:** Benderson, Eric S. <eric.benderson@sba.gov>; Embrey, Arlene M. <Arlene.Embrey@sba.gov>
**Cc:** Fishman, David A. <david.fishman@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; OIG@sba.gov; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; LS@DalsCreditsolutions.com
**Subject:** Re: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.
Dear Eric or Arlene

Can you all address me in David's absence? We have not heard from him nor received a timeframe for response. We need the data for our next steps in the process. Please see my

email below to Mr. Fishman.

On Wed, Sep 4, 2024 at 11:00 AM Leticia Alexander <leticiaalexander@zsoftechsolutions.com> wrote:

Dear Mr. Fishman,

Thank you for your response regarding both of the FOIA requests. It is imperative that we get our responses due to the impact of these procedures, processes and possible conflict of interest that SBA operates at the expense of black owned companies.Is there a timeframe for a response on these issues that we raised? We need this date for our next steps to protect our companies from exploitation, discrimination and deliberate exclusion from Federal Contracts which is against the Civil Rights Act of 1866. Please advise.

On Wed, Aug 14, 2024 at 12:35 PM Lynette Stevenson <ls@dalscreditsolutions.com> wrote:

**Subject:** Clarification on SBA FOIA Request Process and Involvement of Relevant Offices

Dear Attorney David Fishman, Senior Legal Council for the SBA
Thank you for your prompt response regarding our FOIA request. I appreciate the clarity on the procedures the SBA followed in addressing our inquiry.
I understand that our request, involving the SBIC and 8(a) programs, necessitates coordination across multiple SBA offices. The assignment of two distinct FOIA numbers (2024-005961 and 2024-005962) reflects the comprehensive approach.

**To Administrator Isabella Guzman:**
Administrator Guzman's oversight ensures the professional handling of our inquiry, which is crucial for stakeholders like DALS Credit Solutions Co., 8A's, and WOSB without designations.

**To General Counsel Therese Meers:**
Ms. Meers, I appreciate the Office of General Counsel's role in ensuring legal compliance and thoroughness in the FOIA process. Your team's involvement is pivotal.

**To Ms. Nathania Bates, Office of Inspector General:**
Ms. Bates, I recognize the importance of your office in ensuring the accuracy and accountability of SBA operations, and I appreciate your diligent review of our request.

We are fully cooperative and ready to assist further if needed. Please do not hesitate to reach out if additional information is required.
Thank you once again for your attention to this matter.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services

Associate Dean of ETI

5246 Simpson Ferry Road

Mechanicsburg, PA. 17055

Phone: 717.421.1445

Fax: 800.721.9930

UEI W9MKGJS85B81

CAGE:8N9Y9

CMMC1 & NIST 800-171 Complaint

SPRS Scores 88

PIEE Registered Vendor

Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

---

**From:** Fishman, David A. <david.fishman@sba.gov>
**Sent:** Wednesday, August 14, 2024 10:06 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Cc:** FOIA Status <FOIAStatus@sba.gov>; 'OIG@sba.gov' <OIG@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>; Meers, Therese R. <Therese.Meers@sba.gov>; Bates, Nathania M. (Off. Inspector Gen.) <Nathania.Bates@sba.gov>
**Subject:** RE: Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up

---

Dear Ms. Stevenson,

As you are aware, a copy of your FOIA request follow-up, copy below, was sent to SBA via the FOIA status mailbox today. I am responding to this inquiry in order to explain the status of your request and hopefully address any concerns that you may have about procedures used by SBA in handling your inquiry. Your original request dated August 12, two days ago, was also submitted to SBA via the FOIA status portal. Upon receipt, it was timely and properly referred to the SBA's Office of Hearings and Appeals for initial

review and acknowledgement. Once a request is reviewed and acknowledged, it is then routed to the appropriate SBA office for response.

Given the nature of the information sought in your request, various SBA offices would need to be involved in order to determine the specific material responsive to your request and to properly respond to your inquiry. The acknowledgement of your original email is a necessary step in the process. Once the appropriate offices are determined, SBA assigns the inquiry to that/those offices for response. As such, your request was assigned two FOIA numbers, 2024-005961 and 5962 because two distinct offices would need to assess your inquiry, specifically, your requests for SBIC and 8(a) info.

I hope this addresses any concerns that you may have with the process SBA used.

If you have any further questions regarding the procedures, please feel free to reach out to me.

Sincerely,

David

David A. Fishman
Senior Legal Counsel
For FOIA and Privacy Act
U.S. Small Business Administration
Office: (202) 205-6861
Mobile: (202) 309-6324
david.fishman@sba.gov



Home Page | Twitter | Instagram | Facebook | YouTube | LinkedIn | Email Alerts

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, August 14, 2024 7:46 AM
**To:** OIG@sba.gov
**Cc:** FOIA Status <FOIAStatus@sba.gov>; Guzman, Isabella C. <Isabella.Guzman@sba.gov>
**Subject:** Immediate Review and Action Required: S.B.A. 8(a) Program and SBIC Oversight – FOIA Request Follow-Up
**Importance:** High

CAUTION - The sender of this message is external to the SBA network. Please use care when clicking on links and responding with sensitive information. Send suspicious email to spam@sba.gov.
**To:** Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General
cc: Administrator: Isabella Guzman and FIOA Status of SBA.

**Dear Inspector General Hannibal "Mike" Ware,**

I trust this message finds you well. My name is Lynette T. Stevenson. I am the founder of DALS Credit Solutions Co. This firm has long been dedicated to supporting 8(a) participants with strategic development to secure federal contracts. Despite not participating in the 8(a) program, our involvement in this space has provided significant insights into the program's operations and the broader landscape of SBA-supported businesses. As a Defense Acquisition University, Defense Security Corporation University, and National Contract Manager Association student and Member, I request your attention, along with other small businesses certified 8A's without designations and those on Best in Class Contract vehicles.
Inspector General Hannibal "Mike" Ware's our email will elaborate on the reasons for the FOIA and Express concerns about the reported data.

**Failure to Acknowledge FOIA Request: A Troubling Indicator**

I am writing to express my deep concern regarding the lack of acknowledgment of a FOIA request recently submitted to the FOIA SBA Department. The fact that this request has been read yet needs to be acknowledged raises significant red flags about the transparency and responsiveness of the S.B.A.'s processes.

**The SBA's 8(a) Business Development Program**

**Exposing Deep-Seated Issues within the S.B.A. 8(a) Business Development Program**

Through rigorous analysis, my team and I have uncovered severe deficiencies within the S.B.A. 8(a) Business Development Program that suggest gross mismanagement, potentially bordering on deliberate negligence. The reported 11.32% participation rate for the 8(a) program, particularly when considering entities like Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes, appears to be not only inaccurate but possibly manipulated to present a facade of diversity and inclusion. The S.B.A.'s apparent failure to modernize and appropriately evaluate its processes has likely led to systemic underreporting and misrepresentation. With the lack of Business Opportunity Specialists (B.O.S.) throughout all regions, This is not a mere oversight, solely on them; it is a critical failure that, if left unchecked, will continue to disenfranchise the communities the S.B.A. purports to support. This situation demands immediate corrective action.

With SBA and other entities to ensure the duty of the taxpayer's dollars, we should not participate in such activities. Especially those who are unable to pay taxes due to the severe decline in small business, (Partially Black-Owned 8As, Non 8A's & WOSB's). 40% of Small Business declined in participate in government contracting. Out of 4,000 8A companies, how many who are not part of the NHO, CDC, etc., made over 100 Million Dollars over the life of the program?

How many WOSB were awarded contract with a sole source, I'll tell you 132 WOSB were awarded a sole source out of the Millions of WOSB. Question OIG, how many of the WOSB were Black Owned? The quotas are not met, no accountability, no KPI, Governance nor oversight, which causes True Small Business to fail, particularly those who does not have Community Development Corporations (C.D.C.), Native Hawaiian Organizations (N.H.O.), Alaskan Native Companies (A.N.C.), and Indian Tribes,.

**Legal and Ethical Breaches: A Call for Accountability**

Respectfully, Inspector General Hannibal "Mike" Ware, S.B.A. Office of Inspector General 15 U.S.C. §637(a)(1)(A) explicitly prohibits the S.B.A. from awarding 8(a) contracts if the cost to the contracting agency exceeds the fair market price. Yet, preliminary findings suggest that this legal requirement has been

routinely ignored. Despite statutory limitations, the unchecked discretion with which the S.B.A. accepts 8(a) contracts suggests a troubling disregard for legal and ethical standards.

If proven, such practices violate federal law and severely undermine the public trust in the S.B.A.'s programs. The potential for abuse, favoritism, and corruption is immense, and it is incumbent upon your office to ensure that these issues are thoroughly investigated and addressed.

**Systemic Management Failures: A Crippling Report**

According to the review of The "Top Management and Performance Challenges Facing the Small Business Administration in Fiscal Year 2024" report is a damning indictment of the S.B.A.'s current state of operations. The revelation that 15 out of 40 firms tested lacked approved business plans yet were still permitted to participate in the 8(a) program, leading to $93 million in questionable contracts, clearly indicates systemic failure. The absence of robust performance metrics and inconsistent procedures for ensuring that participants receive the necessary business development assistance further compounds these issues. These failures are not mere administrative oversights—they represent a fundamental breakdown in the S.B.A.'s ability to fulfill its mission.

**FOIA Request for Comprehensive SBIC Oversight and Detailed Investment Company Information**

Given the critical issues outlined above, I am submitting an expanded FOIA request that seeks detailed information on the operations and oversight of Small Business Investment Companies (SBICs) from 2020-2023 and demands an in-depth review of the relationships, solicitations, and decision-making processes that led to the awarding of contracts to the 298 companies in question.

**Section One of the Specific Requests:**

1. **List of Funded Small Businesses and Their Relationships**: A detailed list of the 298 small businesses that received funding through SBICs during the 2020-2023 period, including names, contact information, and associated licensing partners for each SBIC. This data is crucial to scrutinize these relationships for potential conflicts of interest, favoritism, or unethical practices that may have influenced funding decisions.
2. **Designated Small Businesses and Disparities**: Comprehensive information on small businesses funded during this period that fall under specific designations such as Native Hawaiian Organizations (N.H.O.), Community Development Corporations (C.D.C.), Indian Tribes, and Joint Ventures. This data is essential to assess whether these businesses receive the fair share of opportunities as intended under the S.B.A.'s programs. Any disparities must be critically examined and addressed.
3. **Verification of Participation Rates and Integrity of Data**: A thorough and independent verification of the reported 11.32% participation rate, focusing on the designations above. The integrity of this data is in question, and it is necessary to determine whether the S.B.A.'s claims of inclusivity are based on accurate and truthful reporting or attempt to mislead the public and stakeholders.

    **Solicitations and Acquisition Strategy Documentation**: For each of the 298 companies awarded contracts, please provide the following:

- **All solicitations** under which these companies were awarded contracts, including any amendments or revisions.
- **Market research documentation** conducted under FAR Part 10 to determine the necessity and justification for these awards. This includes any findings or conclusions that supported the decision to issue the solicitation.
- **Acquisition strategies** employed for these contracts, detailing how decisions were made regarding the type of contract, competition requirements, and the award method.

**PCR (Procurement Center Representative) signatures and approvals**: To ensure all was fair and reasonable according to FAR& DFAR, and agency FARS, we are requesting data of all 298 companies' award data to provide the 298 companies that were not awarded the opportunity Soley on Equity Shares and loan terms with the SBIC investors. In addition, relationships with Federal, State, & Local Entities and Contract Officers who potentially own shares within the 298 companies.

**Fair and Reasonable Practices Verification**: Data on Joint Ventures with Small, Medium, and Large Partnerships and Team agreements to ensure that all practices were conducted fairly and by FAR and DFARS requirements. This should include cases where these agreements may have been used to circumvent the program's intent or unfairly advantage sure participants.

## Section Two of the specific request:

**To reiterate:** Congressional regulation barred the S.B.A. from awarding sole sources to 8A without designations. We are reviewing checks and balances. So, we request a list of all currently licensed SBICs from 2020-2023; depending on the data received, we may request years prior, including names, addresses, contact information, licensing dates, and licenses issued (e.g., Debenture SBIC, Non-leveraged SBIC). If any are missing, please provide the remainder according to the request. Notable examples include:

To Examine the terms of engagement of SBICs, equity stakes, and any potential conflicts of interest. We request data to investigate whether the fund's investments align with the S.B.A.'s mission or disproportionately favor certain businesses. Our team requested that the decision-making process that led to the awarding of funds be evaluated, mainly focusing on the criteria used to select beneficiaries.

In addition, Review the fund's investment strategies and their impact on small businesses, particularly those from underserved communities. Investigate any potential conflicts of interest or ethical breaches.

1.

Detailed Review of SBIC Relationships: For each SBIC involved, I am requesting an in-depth analysis of their relationships with the funded businesses. This includes:

1. **Siguler Guff SBIC Fund II, L.P. (8/18/2023, 2.0x)**

2. **Champlain Capital Partners IV, L.P. (9/21/2023, 2.0x):**

3. **Firmament Partners SBIC IV, L.P. (9/21/2023, 2.0x):**

4. **I.M.B. Partners SBIC I, L.P. (10/17/2023, Non-leveraged):**

5. **Emerging America Credit Opportunities Fund, L.P. (10/17/2023, 2.0x):**

6. **Cyprium SBIC I, L.P. (11/05/2023, 2.0x):**

7. **Riverside SBIC I, L.P. (11/28/2023, 2.0x):**

8. **MCM Capital Partners IV, L.P. (12/13/2023, 0.5x):**

9. **Farragut SBIC Fund III, L.P. (12/20/2023, 2.0x):**

10. **Pelion Ventures VIII Financial Institutions Fund (12/29/2023, 1.25x):**

**Capital Under Management and Investment Transparency**: Data on the total amount of capital under management by each licensed SBIC during the requested period and the types of investments made, including specific sectors or industries targeted. This information is essential for evaluating

whether these investments align with the S.B.A.'s objectives or disproportionately favor particular industries or regions.

1. **Annual Performance Reports and Accountability**: Each licensed SBIC must provide the most recent annual performance reports detailing investment activity, portfolio companies, and financial performance. These reports should also include any deviations from expected performance metrics and the reasons for such deviations. Accountability for these deviations is crucial.
2. **Compliance Reviews and Enforcement Actions**: Complete records of any compliance reviews, audits, or investigations conducted by the S.B.A. on licensed SBICs within the past three years. This should include details of any enforcement actions taken, such as suspensions, revocations, or penalties, and the outcomes of these actions.
3. **Historical Data and Long-Term Efficacy**: A comprehensive historical list of all SBICs licensed by the S.B.A. since the program's inception, including years of operation, reasons for closure (if applicable), and any relevant performance metrics that provide insight into the long-term efficacy of the program.
4. **Program Changes and Policy Updates**: A timeline of significant changes to the SBIC program, including any policy updates, revisions to licensing requirements, or other critical changes that may have impacted the program's operations and effectiveness.
5. **Licensing and Performance Records**: All records related to the licensing, operation, and performance of the listed SBICs, including communications between the S.B.A. and these entities. This should include any documents that shed light on how licensing decisions were made and whether favoritism or bias influenced these decisions.
6. **Application and Approval Process Scrutiny**: Detailed information on the application and approval process for all listed SBICs during the requested period. This should include an examination of equity relationships between SBIC partners and their partners, with an emphasis on identifying any potential conflicts of interest or unethical practices.
7. **Policy Documents and Public Feedback**: Copies of all current policies, guidelines, and procedures related to the licensing and oversight of SBICs, along with any records of public comments or feedback received during the most recent review or revision of these guidelines.
8. **Investment Program Criteria and Equity Analysis**: Data on how many Black-owned businesses and businesses from other minority groups benefited from the SBIC program during 2020-2023. This should include analyzing how well these businesses have performed and whether the S.B.A.'s support has been equitable across all groups.
9. **Reevaluations or Audits for Fairness**: Information on any reevaluations or audits conducted to define what constitutes a small business within the context of the SBIC program and other S.B.A. initiatives. This is critical to ensure the program's criteria are fair and do not disadvantage smaller or less well-connected businesses. Identify any patterns of favoritism or unethical practices. Analyze the fund's portfolio to determine whether it has disproportionately benefited specific industries or regions, potentially at the expense of underserved communities.

In addition, Assess the fund's non-leveraged nature and its impact on the types of businesses it supports. Investigate whether the absence of leverage has influenced the fairness of the awards. Investigate the fund's investment strategies and alignment with the S.B.A.'s goals. Scrutinize the fairness and transparency of the investment selection process.

**Conclusion and Request for Immediate Action:**
The issues highlighted in this communication are not merely administrative challenges; they represent fundamental not meeting obligation with the S.B.A.'s, along with oversight and management of critical programs. These failures are not just a risk to the effectiveness of the S.B.A.'s mission—they are a direct threat to the public trust and the communities that depend on these programs.

Please treat this FOIA request with the utmost urgency based on regulatory compliance to ensure the S.B.A.'s response is comprehensive and transparent. Further delays or inadequate responses will only deepen the concerns raised and could have severe ethical implications and financial consequences for black-owned businesses. Inspector General, we appreciate your attention to this matter. It is appreciated and necessary to prevent further damage to the S.B.A.'s reputation and ensure that its programs fulfill their intended purpose of supporting small businesses nationwide. Thank you for your time, attention, and commitment to upholding the integrity of the S.B.A.'s programs. I look forward to your timely and thorough response.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

--
Sincerely,

Leticia Alexander
President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com

--
Sincerely,

Leticia Alexander
President
**z SofTech Solutions INC**
(P) 1-877-237-8088
(F) 1-877-360-6005
(c) 678-778-7817
(Alternate) 770-558-9341
leticiaalexander@zsoftechsolutions.com
www.zsoftechsolutions.com

 Outlook

---

**[OFPP Innovates] - WOSB have the same opportunities as 8As**

**From** Office of Federal Procurement Policy <noreply@ideascalegov.com>

**Date** Mon 30-Oct-23 12:42 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Thank you for your idea submission. We appreciate your engagement and feedback on topics related to government contracting and gender equality. However, the submission has been removed from view on the site because it diverges from the primary purpose of the campaign, which is to gather insights specifically related to how well changes under consideration for agency forecasts of procurement opportunities align with businesses' practical needs. If you have feedback related to the campaign's focus, we encourage you to your insights with us and they will be actively considered. Your input is valuable in helping us achieve the campaign's objectives.

———————————————

**WOSB have the same opportunities as 8As**

I am writing to express our firm belief that Women-Owned Small Businesses (WOSBs) should be granted the same rights and opportunities as 8(a) Participants in federal procurement. This position is not only in line with the principles of equality and fairness but is also crucial for fostering a more inclusive and competitive government contracting landscape. As a responsible stakeholder in the small business community, we advocate for removing disparities between these two categories of businesses.

1. **Promoting Gender Equality:** The federal government has made significant strides in promoting gender equality, and it should extend this commitment to its contracting practices. WOSBs have historically been underrepresented in government contracting opportunities. Granting them the same rights as 8(a) Participants will help correct this imbalance and provide a fair and level playing field for all small businesses, irrespective of ownership.

2. **Economic Empowerment:** Women entrepreneurs have demonstrated their ability to excel in various industries, and providing WOSBs with the same rights as 8(a) Participants would significantly contribute to the economic empowerment of women-owned businesses. This empowerment is not only essential for individual business growth but also for the overall economic prosperity of the nation.

3. **Enhancing Competition:** Encouraging competition in federal procurement is a fundamental principle of sound government contracting. By ensuring that WOSBs have the same rights as 8(a) Participants, we stimulate increased competition, leading to better taxpayer value and innovative solutions for government agencies.

4. **Compliance with Legislative Intent:** The Small Business Act is evident in its mandate to

upon the government to adhere to this legislative intent, and providing WOSBs with equal rights is consistent with this mandate.

5. **Simplicity and Consistency:** Simplifying the procurement process by treating WOSBs and 8(a) Participants equally will reduce administrative complexity, enhance efficiency, and ensure consistency in how small businesses are treated in federal contracting.

We understand that the 8(a) program has specific goals and objectives, and we respect the program's role in supporting disadvantaged businesses. However, these goals can be achieved without compromising the principles of fairness and equality by supporting WOSBs in their pursuit of federal contracting opportunities: 2022, only 135 Sole Source Opportunities for WOSB. There is no accountability if this threshold isn't met. There is currently no funding for the WOSB program.

In conclusion, we urge the Office of Federal Procurement Policy to carefully consider and work toward eliminating disparities between WOSBs and 8(a) Participants in federal procurement. This step would align with the government's commitment to fostering inclusivity, supporting economic empowerment, and promoting healthy competition in government contracting.



**"Critical Inquiry: SBA Delays, ANC Preferences, and Economic Harm to Small Businesses"**

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Wed 18-Sep-24 8:15 AM
**To** mitch_mcconnell@mcconnell.senate.gov <mitch_mcconnell@mcconnell.senate.gov>
**Cc** Neiko Stewart <Neiko@neikostewart.com>

Good Morning, Mitch McConnell (Senate Minority Leader),  I hope this message finds you well. My name is **Lynette T. Stevenson**, founder of **DALS Credit Solutions Co.**, and I am writing to seek your support in addressing a critical issue regarding **government inefficiency** and the failure of key federal agencies, specifically the **Small Business Administration (SBA)** and **USDA FPAC**, to fulfill their responsibilities under federal procurement law.

Over the past several years, I have encountered significant challenges with these agencies, including delays in responses to **FOIA requests**, inconsistent advocacy for minority-owned businesses, and systemic issues with the distribution of federal contracts. As a result, small businesses, particularly black-owned businesses, have been severely disadvantaged in the federal procurement process.

**Key Issues:**
1. **SBA's Disaggregated Data and Misrepresentation**: The SBA's **disaggregated data** for federal contracts is primarily based on **1099 contractors**, rather than reflecting true small business ownership. This misrepresentation conceals the actual lack of opportunities for black-owned businesses, as a significant portion of contracts is awarded through **direct contract awards** to **Alaskan Native Corporations (ANCs)**, which further exclude other minority-owned businesses from fair competition.
2. **Exclusion of Black-Owned Businesses**: The **direct award system**, which heavily favors ANCs, has effectively sidelined black-owned businesses from participating in lucrative federal contracts. Despite legal mandates such as the "Rule of Two" under **Federal Acquisition Regulations (FAR)**, these businesses have been consistently excluded from opportunities, causing extensive financial harm.
3. **Quiet Resolution Preferred**: As I prepare to speak at a major conference on **Financial Diplomacy** and **Cultural Intelligence**—focused on countering the expansion of China's **Belt and Road Initiative (BRI)**—I have made every effort to handle this issue quietly. Given the sensitive nature of my professional engagements, I have avoided drawing public attention to this matter and sought a **good faith resolution** with the SBA and USDA FPAC, only to be met with delays and inaction.

I believe that the failure of these agencies to adhere to their obligations under **FAR** and provide equitable contracting opportunities is a matter that requires **Congressional oversight**. Given your commitment to holding government agencies accountable and ensuring economic opportunities for small businesses, I am requesting your support in the following areas:
1. **Audit of SBA and USDA FPAC Practices**: I urge you to advocate for a comprehensive audit of the SBA and USDA FPAC to investigate their procurement practices and how direct awards to ANCs are undermining the participation of black-owned businesses.
2. **Reform of Federal Contracting Practices**: Push for necessary reforms to ensure compliance with the "Rule of Two" and other federal procurement regulations that are intended to ensure fair competition for all small businesses.

3. **Addressing Disaggregated Data Issues**: Advocate for transparency in how the SBA reports data on contract awards, ensuring that it accurately reflects the impact on minority-owned businesses, rather than being skewed by 1099 contractors or other misleading figures.

Despite the gravity of these issues, I am still hopeful for a quiet and swift resolution, especially in light of my upcoming conference. I am confident that with your support, we can bring much-needed oversight to these agencies and ensure fair opportunities for all small businesses.

I would greatly appreciate the opportunity to discuss this matter further and provide any additional documentation or information that may assist your efforts. Thank you for your time and consideration of this critical issue.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9
Financial/ Government Business Strategist
(O): (717) 421-1445 |
(M): (717) 379-2504 |
5246 Simpson Ferry Road
Mechanicsburg, PA. 17050
LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

 **Outlook**

**Read: "Critical Inquiry: SBA Delays, ANC Preferences, and Economic Harm to Small Businesses"**

**From** McConnell, Mitch (McConnell) <Mitch_McConnell@mcconnell.senate.gov>

**Date** Fri 27-Sep-24 11:16 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

To: McConnell, Mitch (McConnell)
Subject: "Critical Inquiry: SBA Delays, ANC Preferences, and Economic Harm to Small Businesses"
Sent: Wednesday, September 18, 2024 8:15:00 AM (UTC-05:00) Eastern Time (US & Canada)

was read on Friday, September 27, 2024 11:16:31 AM (UTC-05:00) Eastern Time (US & Canada).

 **Outlook**

---

**"Critical Inquiry: SBA Delays, ANC Preferences, and Economic Harm to Small Businesses"**

---

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Wed 18-Sep-24 8:15 AM
**To** rand_paul@paul.senate.gov <rand_paul@paul.senate.gov>
**Cc** Neiko Stewart <Neiko@neikostewart.com>

▌ 1 attachments (59 KB)
Letter to Congress Lynette & Neiko (1) (2).docx;

Good Morning, Rand Paul (Ranking Member, Senate Small Business Committee), I hope this message finds you well. My name is **Lynette T. Stevenson**, founder of **DALS Credit Solutions Co.**, and I am writing to seek your support in addressing a critical issue regarding **government inefficiency** and the failure of key federal agencies, specifically the **Small Business Administration (SBA)** and **USDA FPAC**, to fulfill their responsibilities under federal procurement law.

Over the past several years, I have encountered significant challenges with these agencies, including delays in responses to **FOIA requests**, inconsistent advocacy for minority-owned businesses, and systemic issues with the distribution of federal contracts. As a result, small businesses, particularly black-owned businesses, have been severely disadvantaged in the federal procurement process.

**Key Issues:**
1. **SBA's Disaggregated Data and Misrepresentation**: The SBA's **disaggregated data** for federal contracts is primarily based on **1099 contractors**, rather than reflecting true small business ownership. This misrepresentation conceals the actual lack of opportunities for black-owned businesses, as a significant portion of contracts is awarded through **direct contract awards** to **Alaskan Native Corporations (ANCs)**, which further exclude other minority-owned businesses from fair competition.
2. **Exclusion of Black-Owned Businesses**: The **direct award system**, which heavily favors ANCs, has effectively sidelined black-owned businesses from participating in lucrative federal contracts. Despite legal mandates such as the "Rule of Two" under **Federal Acquisition Regulations (FAR)**, these businesses have been consistently excluded from opportunities, causing extensive financial harm.
3. **Quiet Resolution Preferred**: As I prepare to speak at a major conference on **Financial Diplomacy** and **Cultural Intelligence**—focused on countering the expansion of China's **Belt and Road Initiative (BRI)**—I have made every effort to handle this issue quietly. Given the sensitive nature of my professional engagements, I have avoided drawing public attention to this matter and sought a **good faith resolution** with the SBA and USDA FPAC, only to be met with delays and inaction.

I believe that the failure of these agencies to adhere to their obligations under **FAR** and provide equitable contracting opportunities is a matter that requires **Congressional oversight**. Given your commitment to holding government agencies accountable and ensuring economic opportunities for small businesses, I am requesting your support in the following areas:
1. **Audit of SBA and USDA FPAC Practices**: I urge you to advocate for a comprehensive audit of the SBA and USDA FPAC to investigate their procurement practices and how direct awards to

2. **Reform of Federal Contracting Practices**: Push for necessary reforms to ensure compliance with the "Rule of Two" and other federal procurement regulations that are intended to ensure fair competition for all small businesses.
3. **Addressing Disaggregated Data Issues**: Advocate for transparency in how the SBA reports data on contract awards, ensuring that it accurately reflects the impact on minority-owned businesses, rather than being skewed by 1099 contractors or other misleading figures.

Despite the gravity of these issues, I am still hopeful for a quiet and swift resolution, especially in light of my upcoming conference. I am confident that with your support, we can bring much-needed oversight to these agencies and ensure fair opportunities for all small businesses.

I would greatly appreciate the opportunity to discuss this matter further and provide any additional documentation or information that may assist your efforts. Thank you for your time and consideration of this critical issue.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9

Financial/ Government Business Strategist

(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

 **Outlook**

**Relayed: "Critical Inquiry: SBA Delays, ANC Preferences, and Economic Harm to Small Businesses"**

**From** Microsoft Outlook
    <MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com>

**Date** Wed 18-Sep-24 8:15 AM

**To** rand_paul@paul.senate.gov <rand_paul@paul.senate.gov>

▌ 1 attachments (32 KB)
"Critical Inquiry: SBA Delays, ANC Preferences, and Economic Harm to Small Businesses";

**Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:**

rand_paul@paul.senate.gov (rand_paul@paul.senate.gov)

Subject: "Critical Inquiry: SBA Delays, ANC Preferences, and Economic Harm to Small Businesses"

 **Outlook**

---

**Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

---

**From** Lynette Stevenson <ls@dalscreditsolutions.com>

**Date** Wed 11-Sep-24 9:20 AM

**To** doj.oip.foia@usdoj.gov <doj.oip.foia@usdoj.gov>; national.foiaportal@usdoj.gov <national.foiaportal@usdoj.gov>

**Cc** executive.secretariat@usdoj.gov <executive.secretariat@usdoj.gov>; elizabeth.farris@usdoj.gov <elizabeth.farris@usdoj.gov>; van.tran@sba.gov <van.tran@sba.gov>; Shingler, Antoinette B. <antoinette.shingler@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; Fishman, David A. <david.fishman@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; McLoughlin, Patrick - FPAC-FBC, MN <patrick.mcloughlin@usda.gov>; Higgs, Heather - FPAC-FBC, MT <heather.higgs@usda.gov>

---

▌ 4 attachments (1 MB)

Letter to DOJ.pdf; 10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24 (1).pdf; 10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24.pdf; 24 -24 - Acknowledgement Letter - Lynette Stevenson.pdf;

Dear Office of Information Policy,

Greetings, Esteemed Leaders of the Department of Justice,
I hope this message finds you well. First, I would like to extend my deepest apologies for having to bring a matter of such magnitude to your attention, especially in light of the solemn memory of the tragic events of September 11, 2001. It is with the utmost respect that I address you today.

My name is Lynette T. Stevenson, founder of DALS Credit Solutions Co. I reach out to you not only on behalf of my company but also on behalf of two other affected companies. Together, we have witnessed and endured concerning practices within two federal entities, namely the Small Business Administration and the USDA's FPAC FOIA divisions. These issues have persisted for far too long, and have resulted in significant financial losses, missed opportunities, and wasted time and resources.

In light of these ongoing issues, we humbly request your undivided attention to call for a full audit of the operations within these federal agencies. We approach you in peace, with the hope of resolving these matters and regaining the ability to operate without the hindrance of these troubling practices.
We have attached documents that provide detailed information on the reasons behind our request and the impact this situation has had on our business.

We are hopeful that, with your assistance, we can move toward a resolution that ensures fairness, transparency, and the restoration of justice.
Thank you for your time and attention to this urgent matter. I look forward to your response and am available for further discussion at your convenience.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554

www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any
third party without written authorization. DALS Credit Solutions Co does not participate in removing
items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that
adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

 Book time to meet with me

 **Outlook**

**Relayed: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

**From** Microsoft Outlook
&lt;MicrosoftExchange329e71ec88ae4615bbc36ab6ce41109e@comcast16ab1479f32.onmicrosoft.com&gt;

**Date** Wed 11-Sep-24 9:20 AM

**To** van.tran@sba.gov &lt;van.tran@sba.gov&gt;; Shingler, Antoinette B. &lt;antoinette.shingler@sba.gov&gt;; FOIA Status &lt;FOIAStatus@sba.gov&gt;; Fishman, David A. &lt;david.fishman@sba.gov&gt;

▌ 1 attachments (35 KB)
Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog;

## Delivery to these recipients or groups is complete, but no delivery notification was sent by the destination server:

van.tran@sba.gov (van.tran@sba.gov)

Shingler, Antoinette B. (antoinette.shingler@sba.gov)

FOIA Status (FOIAStatus@sba.gov)

Fishman, David A. (david.fishman@sba.gov)

Subject: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog

 Outlook

**Automatic reply: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

**From** National.FOIAPortal (OIP) <National.FOIAPortal@usdoj.gov>
**Date** Wed 11-Sep-24 9:20 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Thank you for submitting your feedback about the National FOIA Portal. We look forward to continuing to improve the site going forward.

Please be advised that this inbox is not a valid place to submit a FOIA request. FOIA requests submitted to this inbox will not be processed. To submit a FOIA request, please do so directly through https://www.foia.gov/agency-search.html.

The federal FOIA applies only to records maintained by federal agencies that are subject to the FOIA. Records maintained by state or local authorities are subject only to any records access laws that might apply to those states and localities. Accordingly, if you are seeking state records, you must make a request for such records to the proper state or local authority in accordance with the appropriate state or local records access law.

To inquire about the status of a pending FOIA request please reach out directly to the agency where you submitted your request. You can find the contact information for each agency on FOIA.gov as well by looking that agency up here: https://www.foia.gov/agency-search.html.

 Outlook

**Read: [External Email]Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

**From** McLoughlin, Patrick - FPAC-FBC, MN <patrick.mcloughlin@usda.gov>

**Date** Wed 11-Sep-24 9:32 AM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

▮ 1 attachments (22 KB)

Read: [External Email]Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog;

This electronic message contains information generated by the USDA solely for the intended recipients. Any unauthorized interception of this message or the use or disclosure of the information it contains may violate the law and subject the violator to civil or criminal penalties. If you believe you have received this message in error, please notify the sender and delete the email immediately.

 Outlook

**Read: [EXTERNAL] Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

**From** DOJ.OIP.FOIA (SMO) <DOJ.OIP.FOIA@usdoj.gov>
**Date** Wed 11-Sep-24 4:01 PM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: DOJ.OIP.FOIA (SMO)
  Subject: [EXTERNAL] Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
  Sent: Wednesday, September 11, 2024 1:20:20 PM (UTC+00:00) Monrovia, Reykjavik

 was read on Wednesday, September 11, 2024 8:01:15 PM (UTC+00:00) Monrovia, Reykjavik.



**Read: [EXTERNAL] Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

**From** DOJ.OIP.FOIA (SMO) <DOJ.OIP.FOIA@usdoj.gov>

**Date** Wed 11-Sep-24 4:01 PM

**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: DOJ.OIP.FOIA (SMO)
  Subject: [EXTERNAL] Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
  Sent: Wednesday, September 11, 2024 1:20:20 PM (UTC+00:00) Monrovia, Reykjavik

 was read on Wednesday, September 11, 2024 8:01:15 PM (UTC+00:00) Monrovia, Reykjavik.



**RE: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

**From** OIP.ComplianceInquiry (OIP) <OIP.ComplianceInquiry@usdoj.gov>
**Date** Thu 19-Sep-24 10:44 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Hello,

This email is to notify you that we have received your email dated September 11<sup>th</sup>, 2024. This is not a proper place to submit a FOIA request. The document provided appears to include FOIA requests to multiple different federal agencies. The federal government has a decentralized system for processing FOIA requests, which means you must submit your requests to the agencies you believe hold responsive records. An index to search all federal agencies can be found here: https://www.foia.gov/agency-search.html. Once you have clicked on the agency, you can submit a FOIA request by clicking the "Continue the FOIA request process button". If you are looking to submit additional FOIA requests, this email does not constitute an acknowledgement of your requests.

In regards to your ongoing request with the Small Business Administration (SBA), numbered SBA-2024-005961: in general, before we open compliance inquiries, we want to encourage requesters and agencies to communicate with each other directly, as that would be the best way to get conclusive information. Each agency has a designated FOIA Public Liaison who is charged with facilitating dialogue and communication between requesters and their agency FOIA offices. Suggest you contact the SBA's FOIA Public Liaison for assistance first in your request. Please note that agencies are obligated to provide estimated dates of completion (EDCs) to requesters who request such information. Estimated dates of completion are just that, estimates. Numerous factors can influence the time needed to respond to a FOIA request.

Contact information for the SBA can be found here: https://www.foia.gov/agency-search.html?id=6ad2cc8f-dde5-40a2-a986-7fd35fe3bdab&type=component. It is listed below for your convenience:

> FOIA Requester Service Center
> 202-401-7793
>
> Oreoluwa (Ore) Fashola, Branch Chief
> foia@sba.gov
>
> Oreoluwa Fashola, Branch Chief, Office of FOI/PA
> 409 3rd Street, SW
> Washington, DC 20416
> foia@sba.gov

Contact information for each agency can be found on each agency/component page.

We hope this information was helpful to you.

Sincerely,
DOJ OIP Compliance Team

**From:** OIP.Consult.Referrals <OIP.Consult.Referrals@usdoj.gov>
**Sent:** Wednesday, September 11, 2024 2:50 PM
**To:** OIP.ComplianceInquiry (OIP) <OIP.ComplianceInquiry@usdoj.gov>
**Subject:** FW: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
**Importance:** High

Compliance Team – This appears to be  submission re: the FOIA offices of SBT and USDA. Passing along to your team for further review and action, if needed. Thank you, Valeree

**From:** DOJ.OIP.FOIA (SMO) <DOJ.OIP.FOIA@usdoj.gov>
**Sent:** Wednesday, September 11, 2024 4:01 PM
**To:** OIP.Consult.Referrals <OIP.Consult.Referrals@usdoj.gov>
**Subject:** FW: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
**Importance:** High

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 11, 2024 9:20 AM
**To:** DOJ.OIP.FOIA (SMO) <DOJ.OIP.FOIA@usdoj.gov>; National.FOIAPortal (OIP) <National.FOIAPortal@usdoj.gov>
**Cc:** USMS Executive Secretariat <Executive.Secretariat@usdoj.gov>; elizabeth.farris@usdoj.gov; van.tran@sba.gov; Shingler, Antoinette B. <antoinette.shingler@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; Fishman, David A. <david.fishman@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; McLoughlin, Patrick - FPAC-FBC, MN <patrick.mcloughlin@usda.gov>; Higgs, Heather - FPAC-FBC, MT <heather.higgs@usda.gov>
**Subject:** [EXTERNAL] Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
**Importance:** High

Dear Office of Information Policy,

Greetings, Esteemed Leaders of the Department of Justice,
I hope this message finds you well. First, I would like to extend my deepest apologies for having to bring a matter of such magnitude to your attention, especially in light of the solemn memory of the tragic events of September 11, 2001. It is with the utmost respect that I address you today.

My name is Lynette T. Stevenson, founder of DALS Credit Solutions Co. I reach out to you not only on behalf of my company but also on behalf of two other affected companies. Together, we have witnessed and endured concerning practices within two federal entities, namely the Small Business Administration and the USDA's FPAC FOIA divisions. These issues have persisted for far too long, and have resulted in significant financial losses, missed opportunities, and wasted time and resources.

In light of these ongoing issues, we humbly request your undivided attention to call for a full audit of the operations within these federal agencies. We approach you in peace, with the hope of resolving these matters and regaining the ability to operate without the hindrance of these troubling practices.
We have attached documents that provide detailed information on the reasons behind our request and the impact this situation has had on our business.

We are hopeful that, with your assistance, we can move toward a resolution that ensures fairness, transparency, and the restoration of justice.
Thank you for your time and attention to this urgent matter. I look forward to your response and am available for further discussion at your convenience.

Warm Regards,

Lynette T. Stevenson-Owner she/her-NMLS #2327554

www.dalscredit.solutions

DALS Credit Solutions Co DBA DALS Economic & Strategic Co

DALS Notary Services

President of USMCA PA /Ohio Chapter

Associate Dean of ETI

5246 Simpson Ferry Road

Mechanicsburg, PA. 17055

Phone: 717.421.1445

Fax: 800.721.9930

UEI W9MKGJS85B81

CAGE:8N9Y9

CMMC1 & NIST 800-171 Complaint

SPRS Scores 88

PIEE Registered Vendor

Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS
Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any
third party without written authorization. DALS Credit Solutions Co does not participate in removing
items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that
adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: <u>Why is Financial Literacy Important to Small Business Owners.</u>
**Article**: <u>Women Business Owners made Strides; Gender Gap still remains.</u>
Speaking: <u>Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)</u>
Speaking: <u>2021 ImpACT Conference - Virtual | SOA</u> **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

<u>Book time to meet with me</u>

 Outlook

---

**Re: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

---

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Thu 19-Sep-24 1:30 PM
**To** OIP.ComplianceInquiry (OIP) <OIP.ComplianceInquiry@usdoj.gov>
**Cc** FOIA <FOIA@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>

▋ 3 attachments (486 KB)
10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24 (1).pdf; 10 Day Ext. Letter for FOIA Case Number SBA-2024-005961 Ms. Lynette Stevenson 9.10.24.pdf; 24 -24 - Acknowledgement Letter - Lynette Stevenson.pdf;

Greetings, DOJ, OIP compliance inquiry. Thank you for the feedback. The information provided below was already requested. The reason the email under regulatory compliance the agencies failed to agencies estimated dates of completion (EDCs) to requesters who request such information. We are requesting for DOJ OIP to open compliance inquiries, for Small Business Administration, USDA FPAC and Department of Interior.

My next course of action, leaders DOJ will request the following: Under the ruling of the ***Ultima Services Corp. v. US Department of Agriculture***, decided in **Tennessee on July 19, 2023**, ANC's failed to deliver a **"Social Narrative"** which allowed continued participation under FAR 19 regardless of settlement, Alaskan Native Companies failed to comply with the ruling; which exclude them for direct award under **FAR 19-Small Business Program"** since July of 2023. **8A without designations received direct communication from Business Opportunity Specialist and publication from Administrator Guzman requesting "** In light of this ruling, the SBA now requires 8(a) applicants and participants to provide a narrative detailing an individual's assertion of social disadvantaged status, unless they previously provided a narrative to the SBA according to 13 C.F.R. § 124.103(c) and other relevant statutes. Thank you, for your time and look forward to the feedback.

Respectfully,
*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9
Financial/ Government Business Strategist
(O): (717) 421-1445 |
(M): (717) 379-2504 |
5246 Simpson Ferry Road
Mechanicsburg, PA. 17050
LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

**From:** OIP.ComplianceInquiry (OIP) <OIP.ComplianceInquiry@usdoj.gov>
**Sent:** Thursday, September 19, 2024 10:43 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** RE: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog

Hello,

This email is to notify you that we have received your email dated September 11th, 2024. This is not a proper place to submit a FOIA request. The document provided appears to include FOIA requests to multiple different federal agencies. The federal government has a decentralized system for processing FOIA requests, which means you must submit your requests to the agencies you believe hold responsive records. An index to search all federal agencies can be found here: https://www.foia.gov/agency-search.html. Once you have clicked on the agency, you can submit a FOIA request by clicking the "Continue the FOIA request process button". If you are looking to submit additional FOIA requests, this email does not constitute an acknowledgement of your requests.

In regards to your ongoing request with the Small Business Administration (SBA), numbered SBA-2024-005961: in general, before we open compliance inquiries, we want to encourage requesters and agencies to communicate with each other directly, as that would be the best way to get conclusive information. Each agency has a designated FOIA Public Liaison who is charged with facilitating dialogue and communication between requesters and their agency FOIA offices. Suggest you contact the SBA's FOIA Public Liaison for assistance first in your request. Please note that agencies are obligated to provide estimated dates of completion (EDCs) to requesters who request such information. Estimated dates of completion are just that, estimates. Numerous factors can influence the time needed to respond to a FOIA request.

Contact information for the SBA can be found here: https://www.foia.gov/agency-search.html?id=6ad2cc8f-dde5-40a2-a986-7fd35fe3bdab&type=component. It is listed below for your convenience:

>     FOIA Requester Service Center
>     202-401-7793
>
>     Oreoluwa (Ore) Fashola, Branch Chief
>     foia@sba.gov
>
>     Oreoluwa Fashola, Branch Chief, Office of FOI/PA
>     409 3rd Street, SW
>     Washington, DC 20416
>     foia@sba.gov

Contact information for each agency can be found on each agency/component page.

We hope this information was helpful to you.

Sincerely,
DOJ OIP Compliance Team

**From:** OIP.Consult.Referrals <OIP.Consult.Referrals@usdoj.gov>
**Sent:** Wednesday, September 11, 2024 2:50 PM
**To:** OIP.ComplianceInquiry (OIP) <OIP.ComplianceInquiry@usdoj.gov>
**Subject:** FW: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
**Importance:** High

Compliance Team -- This appears to be  submission re: the FOIA offices of SBT and USDA. Passing along to your team for further review and action, if needed. Thank you, Valeree

**From:** DOJ.OIP.FOIA (SMO) <DOJ.OIP.FOIA@usdoj.gov>
**Sent:** Wednesday, September 11, 2024 4:01 PM
**To:** OIP.Consult.Referrals <OIP.Consult.Referrals@usdoj.gov>
**Subject:** FW: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
**Importance:** High

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 11, 2024 9:20 AM
**To:** DOJ.OIP.FOIA (SMO) <DOJ.OIP.FOIA@usdoj.gov>; National.FOIAPortal (OIP) <National.FOIAPortal@usdoj.gov>
**Cc:** USMS Executive Secretariat <Executive.Secretariat@usdoj.gov>; elizabeth.farris@usdoj.gov; van.tran@sba.gov; Shingler, Antoinette B. <antoinette.shingler@sba.gov>; FOIA Status <FOIAStatus@sba.gov>; Fishman, David A. <david.fishman@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; McLoughlin, Patrick - FPAC-FBC, MN <patrick.mcloughlin@usda.gov>; Higgs, Heather - FPAC-FBC, MT <heather.higgs@usda.gov>
**Subject:** [EXTERNAL] Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
**Importance:** High

Dear Office of Information Policy,

Greetings, Esteemed Leaders of the Department of Justice,
I hope this message finds you well. First, I would like to extend my deepest apologies for having to bring a matter of such magnitude to your attention, especially in light of the solemn memory of the tragic events of September 11, 2001. It is with the utmost respect that I address you today.

My name is Lynette T. Stevenson, founder of DALS Credit Solutions Co. I reach out to you not only on behalf of my company but also on behalf of two other affected companies. Together, we have witnessed and endured concerning practices within two federal entities, namely the Small Business Administration and the USDA's FPAC FOIA divisions. These issues have persisted for far too long, and have resulted in significant financial losses, missed opportunities, and wasted time and resources.

In light of these ongoing issues, we humbly request your undivided attention to call for a full audit of the operations within these federal agencies. We approach you in peace, with the hope of resolving these matters and regaining the ability to operate without the hindrance of these troubling practices.
We have attached documents that provide detailed information on the reasons behind our request and the impact this situation has had on our business.

We are hopeful that, with your assistance, we can move toward a resolution that ensures fairness, transparency, and the restoration of justice.
Thank you for your time and attention to this urgent matter. I look forward to your response and am available for further discussion at your convenience.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified


Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

📇 Book time to meet with me

 Outlook

**Automatic reply: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

**From** OIP.ComplianceInquiry (OIP) <OIP.ComplianceInquiry@usdoj.gov>
**Date** Thu 19-Sep-24 1:31 PM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

The Department of Justice Office of Information Policy has received your email inquiry.

Please note that the principal purpose of this email inbox, OIP.ComplianceInquiry@usdoj.gov, is for receiving inquiries from members of the public regarding agencies' compliance with the Freedom of Information Act (FOIA). This Office does not have the authority to address matters outside of the FOIA.

Please be advised that this is not a valid place to submit a FOIA request or administrative appeal. Information on how to submit a FOIA request or FOIA appeal to the Department of Justice may be found at: https://www.justice.gov/oip/submit-and-track-request-or-appeal. To file a FOIA request or appeal with a different federal agency, additional information may be found at FOIA.gov.

If you are designating information that you submitted to the Department of Justice as confidential, please be advised that this is not the appropriate place to do so. You should instead contact the office to which you submitted the information.

The federal FOIA applies only to records maintained by federal agencies that are subject to the FOIA. Records maintained by state or local authorities are subject only to any records access laws that might apply to those states and localities. Accordingly, if you are seeking this type of information and you have not already done so, we suggest that you make a request for such records to the proper state or local authority in accordance with the appropriate state or local records access laws.

If we are able to assist you, we will be in contact with you again as soon as possible.

Thank you.

 Outlook

---

**Re: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

---

**From** Lynette Stevenson <ls@dalscreditsolutions.com>
**Date** Fri 04-Oct-24 10:26 AM
**To** FOIA Status <FOIAStatus@sba.gov>
**Cc** Neiko Stewart <Neiko@neikostewart.com>; doj.oip.foia@usdoj.gov <doj.oip.foia@usdoj.gov>

Dear FOIA Officer,

Under the Freedom of Information Act (FOIA), 5 U.S.C. § 552, I request the following records from the Small Business Administration (SBA). This request pertains to LUSA Associates, Inc., their participation in the SBA 8(a) Business Development Program, and any records related to compliance with federal procurement regulations.

I request the following information:
All documents, contracts, and records related to LUSA Associates, Inc. and its participation in the SBA 8(a) Business Development Program from January 1, 2022, to the present.
Any records related to LUSA Associates, Inc.'s 8(a) certification status, including:
8(a) Entrance Date
8(a) Exit Date, if applicable
SBA 8(a) Case Number

Any records detailing SBA's compliance with the Court's ruling in Ultima Services Corp. v. U.S. Department of Agriculture, particularly regarding SBA's monitoring and oversight of ANC-backed firms in the 8(a) program.
Correspondence, emails, and internal memoranda regarding LUSA Associates, Inc.'s contracts awarded through the 8(a) program or related SBA procurement programs, including SBIC-backed contracts.

Any records showing SBA's advocacy and oversight of Black-owned businesses in federal contracting and how SBA ensured compliance with the Equal Protection Clause and FAR standards regarding disadvantaged businesses.

I request a waiver of any applicable fees related to this request, as the information sought is for litigation purposes and concerns significant public interest regarding the federal procurement process, particularly compliance with 8(a) program regulations.
Please provide the requested documents electronically via email or a secure online platform if available. I look forward to your response within the statutory time frame.

*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified

UEI: W9MKGJS85B81 CAGE: 8N9Y9
Financial/ Government Business Strategist
InfraGard Member ID: 10146447
(O): (717) 421-1445 |
(M): (717) 379-2504 |
5246 Simpson Ferry Road
Mechanicsburg, PA. 17050
LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Thursday, September 19, 2024 1:30 PM
**To:** OIP.ComplianceInquiry (OIP) <OIP.ComplianceInquiry@usdoj.gov>
**Cc:** FOIA <FOIA@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>
**Subject:** Re: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog

Greetings, DOJ, OIP compliance inquiry. Thank you for the feedback. The information provided below was already requested. The reason the email under regulatory compliance the agencies failed to agencies estimated dates of completion (EDCs) to requesters who request such information. We are requesting for DOJ OIP to open compliance inquiries, for Small Business Administration, USDA FPAC and Department of Interior.

My next course of action, leaders DOJ will request the following: Under the ruling of the **Ultima Services Corp. v. US Department of Agriculture**, decided in **Tennessee on July 19, 2023**, ANC's failed to deliver a "**Social Narrative**" which allowed continued participation under FAR 19 regardless of settlement, Alaskan Native Companies failed to comply with the ruling; which exclude them for direct award under **FAR 19-Small Business Program" since July of 2023. 8A without designations received direct communication from Business Opportunity Specialist and publication from Administrator Guzman requesting "** In light of this ruling, the SBA now requires 8(a) applicants and participants to provide a narrative detailing an individual's assertion of social disadvantaged status, unless they previously provided a narrative to the SBA according to 13 C.F.R. § 124.103(c) and other relevant statutes. Thank you, for your time and look forward to the feedback.

Respectfully,
*Transform your mindset as you grow financially*

Lynette T. Stevenson (Pending, CFCM, CCCM, CPCM)

WOSB | CMMC1| NIST 800-171| SPRS 88|Ident-Trust Verified
UEI: W9MKGJS85B81 CAGE: 8N9Y9
Financial/ Government Business Strategist
(O): (717) 421-1445 |

(M): (717) 379-2504 |

5246 Simpson Ferry Road

Mechanicsburg, PA. 17050

LS@dalscreditsolutions.com |DALS Credit Solutions

 Book time to meet with me

---

**From:** OIP.ComplianceInquiry (OIP) <OIP.ComplianceInquiry@usdoj.gov>
**Sent:** Thursday, September 19, 2024 10:43 AM
**To:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Subject:** RE: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog

Hello,

This email is to notify you that we have received your email dated September 11th, 2024. This is not a proper place to submit a FOIA request. The document provided appears to include FOIA requests to multiple different federal agencies. The federal government has a decentralized system for processing FOIA requests, which means you must submit your requests to the agencies you believe hold responsive records. An index to search all federal agencies can be found here: https://www.foia.gov/agency-search.html. Once you have clicked on the agency, you can submit a FOIA request by clicking the "Continue the FOIA request process button". If you are looking to submit additional FOIA requests, this email does not constitute an acknowledgement of your requests.

In regards to your ongoing request with the Small Business Administration (SBA), numbered SBA-2024-005961: in general, before we open compliance inquiries, we want to encourage requesters and agencies to communicate with each other directly, as that would be the best way to get conclusive information. Each agency has a designated FOIA Public Liaison who is charged with facilitating dialogue and communication between requesters and their agency FOIA offices. Suggest you contact the SBA's FOIA Public Liaison for assistance first in your request. Please note that agencies are obligated to provide estimated dates of completion (EDCs) to requesters who request such information. Estimated dates of completion are just that, estimates. Numerous factors can influence the time needed to respond to a FOIA request.

Contact information for the SBA can be found here: https://www.foia.gov/agency-search.html?id=6ad2cc8f-dde5-40a2-a986-7fd35fe3bdab&type=component. It is listed below for your convenience:

    FOIA Requester Service Center
    202-401-7793

    Oreoluwa (Ore) Fashola, Branch Chief
    foia@sba.gov

    Oreoluwa Fashola, Branch Chief, Office of FOI/PA
    409 3rd Street, SW
    Washington, DC 20416
    foia@sba.gov

Contact information for each agency can be found on each agency/component page.

We hope this information was helpful to you.

Sincerely,
DOJ OIP Compliance Team


**From:** OIP.Consult.Referrals <OIP.Consult.Referrals@usdoj.gov>
**Sent:** Wednesday, September 11, 2024 2:50 PM
**To:** OIP.ComplianceInquiry (OIP) <OIP.ComplianceInquiry@usdoj.gov>
**Subject:** FW: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
**Importance:** High

Compliance Team – This appears to be  submission re: the FOIA offices of SBT and USDA. Passing along to your team for further review and action, if needed. Thank you, Valeree


**From:** DOJ.OIP.FOIA (SMO) <DOJ.OIP.FOIA@usdoj.gov>
**Sent:** Wednesday, September 11, 2024 4:01 PM
**To:** OIP.Consult.Referrals <OIP.Consult.Referrals@usdoj.gov>
**Subject:** FW: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
**Importance:** High



**From:** Lynette Stevenson <ls@dalscreditsolutions.com>
**Sent:** Wednesday, September 11, 2024 9:20 AM
**To:** DOJ.OIP.FOIA (SMO) <DOJ.OIP.FOIA@usdoj.gov>; National.FOIAPortal (OIP) <National.FOIAPortal@usdoj.gov>
**Cc:** USMS Executive Secretariat <Executive.Secretariat@usdoj.gov>; elizabeth.farris@usdoj.gov;
van.tran@sba.gov; Shingler, Antoinette B. <antoinette.shingler@sba.gov>; FOIA Status <FOIAStatus@sba.gov>;
Fishman, David A. <david.fishman@sba.gov>; Neiko Stewart <Neiko@neikostewart.com>; McLoughlin, Patrick -
FPAC-FBC, MN <patrick.mcloughlin@usda.gov>; Higgs, Heather - FPAC-FBC, MT <heather.higgs@usda.gov>
**Subject:** [EXTERNAL] Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
**Importance:** High


Dear Office of Information Policy,

Greetings, Esteemed Leaders of the Department of Justice,
I hope this message finds you well. First, I would like to extend my deepest apologies for having to bring a matter of such magnitude to your attention, especially in light of the solemn memory of the tragic events of September 11, 2001. It is with the utmost respect that I address you today.

My name is Lynette T. Stevenson, founder of DALS Credit Solutions Co. I reach out to you not only on behalf of my company but also on behalf of two other affected companies. Together, we have witnessed and endured concerning practices within two federal entities, namely the Small Business Administration and the USDA's FPAC FOIA divisions. These issues have persisted for far too long, and have resulted in significant financial losses, missed opportunities, and wasted time and resources.

In light of these ongoing issues, we humbly request your undivided attention to call for a full audit of the operations within these federal agencies. We approach you in peace, with the hope of resolving these matters and regaining the ability to operate without the hindrance of these troubling practices.
We have attached documents that provide detailed information on the reasons behind our request and the impact this situation has had on our business.

We are hopeful that, with your assistance, we can move toward a resolution that ensures fairness, transparency, and the restoration of justice.

Thank you for your time and attention to this urgent matter. I look forward to your response and am available for further discussion at your convenience.

Warm Regards,
Lynette T. Stevenson-Owner she/her-NMLS #2327554
www.dalscredit.solutions
DALS Credit Solutions Co DBA DALS Economic & Strategic Co
DALS Notary Services
President of USMCA PA /Ohio Chapter
Associate Dean of ETI
5246 Simpson Ferry Road
Mechanicsburg, PA. 17055
Phone: 717.421.1445
Fax: 800.721.9930
UEI W9MKGJS85B81
CAGE:8N9Y9
CMMC1 & NIST 800-171 Complaint
SPRS Scores 88
PIEE Registered Vendor
Iden-Trust Verified

Disclosure: Website
All information in this email and attachments is the property of DALS Credit Solutions Co DBA DALS Economic & Strategic Co. All actions are strictly forbidden to share any part of this message with any third party without written authorization. DALS Credit Solutions Co does not participate in removing items of the credit profile that are legally bonded. We are a Resilience Financial Training firm that adheres to Federal Consumer and Credit Laws and Identity and Access Management.



**Article**: Why is Financial Literacy Important to Small Business Owners.
**Article**: Women Business Owners made Strides; Gender Gap still remains.
Speaking: Lynette T. Stevenson - Small Business Expo (thesmallbusinessexpo.com)
Speaking: 2021 ImpACT Conference - Virtual | SOA **session 14A: Credit Risk & Small Diverse Businesses Within Underserved Communities**

Book time to meet with me



**Read: [EXTERNAL] Re: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

**From** DOJ.OIP.FOIA (SMO) <DOJ.OIP.FOIA@usdoj.gov>
**Date** Fri 04-Oct-24 12:49 PM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

  To: DOJ.OIP.FOIA (SMO)
  Subject: [EXTERNAL] Re: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
  Sent: Friday, October 4, 2024 2:26:39 PM (UTC+00:00) Monrovia, Reykjavik

 was read on Friday, October 4, 2024 4:48:28 PM (UTC+00:00) Monrovia, Reykjavik.

 Outlook

**Read: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog**

**From** FOIA Status <FOIAStatus@sba.gov>
**Date** Mon 07-Oct-24 9:07 AM
**To** Lynette Stevenson <ls@dalscreditsolutions.com>

Your message

To: FOIA Status
Subject: Re: Formal Request for Full Audit of SBA's FOIA Operations and Documentation of Backlog
Sent: Friday, October 4, 2024 10:26:39 AM (UTC-05:00) Eastern Time (US & Canada)

was read on Monday, October 7, 2024 9:07:11 AM (UTC-05:00) Eastern Time (US & Canada).

Date: November 07thh, 2024,
Cynthia Richardson Wyrick United States Magistrate Judge
United States District Court Eastern District of Tennessee
Greeneville Division 220
West Depot Street, Suite 416 Greeneville, TN 37743

**Case No. 2:20-cv-00041**

**ULTIMA SERVICES CORPORATION**,

Plaintiff,

Vs.                                **Case No. 2:20-cv-00041-DCLC-CRW**

**UNITED STATES DEPARTMENT OF AGRICULTURE**,

Defendant.

**LYNETTE T. STEVENSON and NEIKO STEWART**,

Movants.

### Proof of Communication with the DOJ, SBA, and OFPP (2021–2023)

**Re: Motion for Reconsideration, Clarification of Individual Representation, and Request for Equitable Relief in the Case of Ultima Services Corp. v. U.S. Department of Agriculture, U.S. Small Business Administration, et al.**

**To the Honorable Judge,** Cynthia Richardson Wyrick

I am writing on behalf of DALS Credit Solutions Co. ("DALS") to support our Motion for Reconsideration, Clarification of Individual Representation, and Request for Equitable Relief in this case. We respectfully submit documentation of our extensive communications with the Department of Justice (DOJ), Small Business Administration (SBA), and Office of Federal Procurement Policy (OFPP) from 2021 to 2023 as evidence of our diligent efforts to address contracting equity concerns before seeking judicial intervention.

We have considered several title options for this document to ensure clarity and ease of reference for the Court. Each option highlights the purpose of the submission while reinforcing its relevance to DALS's Motion for Reconsideration. We respectfully propose one of the following titles for the Court's consideration:

For over two years, DALS has reached out to multiple federal agencies, including the Department of Justice (DOJ), the Small Business Administration (SBA), and the Office of Federal Procurement Policy (OFPP), with heartfelt appeals for oversight and transparency in contracting practices that impact our business and others like ours. Despite these efforts, we have faced repeated delays and responses that fail to address the specific inequities we've raised. The silence from these agencies has left us with no choice but to turn to this Court, hoping for an equitable review of our case.

**Submission of Communications as Evidence of Exhausted Administrative Efforts**

Today, we respectfully submit **Exhibit A: Proof of Communications with DOJ, SBA, and OFPP (2021–2023)** as documentation of our continuous efforts to seek resolution through official channels. This exhibit contains our emails, letters, and follow-up attempts over the past few years. We share this with you not to burden the Court with additional paperwork but to illustrate that our need for relief is not a mere preference but **"Declaration of Attempts to Resolve Contracting Equity Concerns with DOJ, SBA, and OFPP"** to emphasize that our efforts were consistent and intentional.

The contents of this exhibit reflect DALS's commitment to addressing contracting equity through every available means before bringing this issue before the Court. We hope these communications will clarify our intent, demonstrate our diligence, and serve as a testament to the barriers small, minority-owned businesses face when trying to access fair contracting opportunities.

**Why Full Pro Se Representation is Essential**

Your Honor, we are asking for procedural allowances and a fair chance to represent our case as thoroughly as any well-resourced entity would. DALS is different from a typical corporation with ample resources to secure legal representation. Our financial hardship is accurate and, despite every effort, impossible. The cost of hiring counsel to advocate on our behalf is beyond our reach, even though the issues we raise deserve a thorough examination.

Granting us full pro se representation would allow us to participate in these proceedings with integrity and address the systemic concerns that impact DALS and a broader community of Black-owned businesses. By allowing this, you are granting us a path to seek justice directly without the obstacle of financial exclusion.

**Title Suggestions for Exhibit A**

In submitting this document, we thought carefully about how to title it in a way that would be clear and helpful to the Court. We considered options such as:

- **"Affidavit of Communications with DOJ, SBA, and OFPP (2021–2023)"** if the Court would prefer a sworn statement for clarity and formal assurance of the document's credibility.

- **"Declaration of Attempts to Resolve Contracting Equity Concerns with DOJ, SBA, and OFPP"** to emphasize that our efforts were consistent and intentional.

- **"Record of Communications with DOJ, SBA, and OFPP: Evidence Supporting Motion for Reconsideration"** will directly link the exhibit to our Motion for Reconsideration and underscore its evidentiary value.

The title should reflect the depth and purpose of our efforts. We are prepared to provide any additional documentation or clarification that the Court may find helpful in evaluating this evidence.

**A Plea for Fair Consideration and Justice**

Honorable Judge, we respectfully ask that you grant DALS full pro se representation in this case. We ask to avoid bypassing the procedure but to have the same opportunity for fair treatment as those with more resources. Denying us this opportunity would effectively silence our voices on issues far beyond our business. Allowing us full participation would send a powerful message of equity and inclusion.

We are grateful for your attention to our request and consideration of the enclosed exhibit. We hope that, through this submission, you will see the persistence behind our efforts and the importance of ensuring that every voice—including those without financial means—is heard in matters of fairness and justice.

Thank you, Your Honor, for your time and thoughtful consideration.

**Respectfully,**

Respectfully submitted,

s/Lynette T. Stevenson

Lynette T. Stevenson

Founder, DALS Credit Solutions Co.

Pro Se Litigant

DALS Credit Solutions Co.

ls@dalscreditsolutions.com

717.421.1445 | 5767 Albany GRN Westerville Ohio |43081

/s/ Nicole Stewart

Nicole Stewart

Pro Se Litigant

Formerly, Aneu Strategies Group, Inc.
Neiko@Neikostewart.com
414.366.2067 1418 N Cass St | Milwaukee, WI | 53202