Date: November 07thh, 2024,
Cynthia Richardson Wyrick United States Magistrate Judge
United States District Court Eastern District of Tennessee
Greeneville Division 220
West Depot Street, Suite 416 Greeneville, TN 37743

**Case No. 2:20-cv-00041**

**ULTIMA SERVICES CORPORATION,**
Plaintiff,

Vs.  **Case No. 2:20-cv-00041-DCLC-CRW**

**UNITED STATES DEPARTMENT OF AGRICULTURE,**
Defendant.

**LYNETTE T. STEVENSON and NEIKO STEWART,**
Movants

---

*Motion for Reconsideration, Urgent Motion for Realignment and Full Pro Se Intervention to Ensure Fair Representation and Justice*

Filed by: Lynette T. Stevenson, Founder of DALS Credit Solutions Co. and Neiko Stewart

## *Argument*

**DALS Credit Solutions Co. ("DALS"), represented by its founder Lynette T. Stevenson, as Intervenor Plaintiff. Nicole Stewart, as Intervenor,**

respectfully submits this Motion for Realignment and Full Pro Se Intervention. Considering DALS's pivotal role in developing and advancing this case, significant financial hardship, and pressing public interest considerations, we at this moment seek:

**Realignment to Designate DALS as Lead Party:** Acknowledging DALS's instrumental role in preparing, presenting, and advancing this case, we respectfully request the Court to recognize DALS as the lead party, accurately reflecting its vested interests and central role in the litigation.

**Authorization for Full Pro Se Intervention:** We seek authorization for Full Pro Se Intervention to ensure DALS can directly and effectively represent its vital business and public interests. This measure is essential to upholding DALS's right to fair representation and meaningful participation in the claims it has brought forward.

## Clarification of Role and Justification for Realignment

### Realignment to Recognize DALS as Principal Party:

Under the leadership of its founder, Lynette T. Stevenson, DALS has shouldered the full responsibility of shaping, filing, and substantiating the primary arguments and evidentiary materials critical to this case. DALS has consistently demonstrated its active and significant role in pursuing this litigation, making meaningful contributions in formulating legal strategies, presenting essential claims, and furthering substantive legal and procedural groundwork. This track record of engagement, commitment, and leadership in advancing the case merits formal recognition. The realignment that identifies DALS as the lead party honors its substantial, direct, and continuing interest in the litigation's outcome and accurately aligns the parties by their roles and contributions.

### Financial Hardship Justification for Pro Se Intervention:

Under *Rowland v. California Men's Colony*, 506 U.S. 194 (1993), corporate entities are generally required to retain licensed counsel. However, *Rowland* does not preclude an exception where extreme financial hardship impedes a corporation's access to justice. DALS has pursued all reasonable avenues to secure representation, yet prohibitive costs have rendered professional legal services unattainable. Supporting documents submitted to the Court attest to DALS's exhaustive attempts to secure counsel, including numerous consultations and requests for reduced fees, which were ultimately rejected or financially unfeasible. Without pro se intervention, DALS faces the untenable position of having its claims effectively silenced due to its financial status. This outcome runs counter to fundamental justice and fairness principles.

## Public Interest and Equal Protection Grounds

### Systemic Discrimination Claims Addressing Barriers to Federal Contracting for Black-Owned Businesses:

The claims are put forward by DALS center on deeply rooted issues of systemic discrimination within federal contracting processes. Black-owned businesses, like DALS, face longstanding barriers to equitable access in federal procurement, disproportionately affecting their ability to compete on a fair basis. The current federal contracting framework, as evidenced in DALS's claims, perpetuates a disparity that requires immediate and robust judicial examination. Given these broader implications, this case is not only about DALS but also represents a broader fight for fair access to federal contracts for other Black-owned businesses and similarly marginalized entities. This public interest aspect aligns with equity-focused policies and constitutional mandates for fair and equal treatment.

### Equal Protection Concerns within Federal Contracting:

DALS's allegations highlight a troubling disparity in contracting opportunities, raising equal severe protection issues. The fundamental principles of fairness and due process are compromised when minority-owned businesses encounter procedural and systemic barriers to participation in federal contracting. Allowing DALS to address these equal protection issues reinforces the Court's role in ensuring that federal contracting remains accessible, equitable, and inclusive, as mandated by

constitutional protections. Recognizing these principles as a part of DALS's pro se participation allows the Court to address issues of significant public and constitutional importance.

**Procedural Fairness and Suggested Alternatives**

**Narrowly Focused Pro Se Representation as a Just and Equitable Alternative:**

To respect procedural norms and mitigate concerns related to broader procedural precedent, DALS proposes a narrowly tailored pro se intervention, strictly confined to matters of procedural fairness, equal protection, and systemic discrimination in federal contracting. This carefully limited pro se participation would grant DALS a pathway to advocate for its essential rights and interests while adhering to procedural boundaries. By allowing this intervention, the Court upholds DALS's right to address specific legal issues central to its claims without opening a precedent for unrestricted pro se corporate representation.

**Alternative Request for Appointment of Guardian Ad Litem or Advocate:**

If the Court determines pro se intervention inappropriate, DALS respectfully requests consideration for appointing a guardian ad litem or a designated advocate to represent its interests. Federal Rule of Civil Procedure 17(c) empowers the Court to appoint such a representation where unique procedural fairness concerns exist, particularly in cases involving marginalized or financially disadvantaged parties. Precedents, including ***Schweiker v. Hansen*, 450 U.S. 785 (1981)**, affirm that courts may employ equitable solutions, such as appointing an advocate, to ensure fair treatment when conventional rules would otherwise obstruct justice.

**Legal Basis and Precedents Supporting Equitable Relief:**

**Flexible Application of Procedural Requirements in Light of Financial Hardship and Public Policy:**

***Rowland v. California Men's Colony*** and ***Ginger v. Cohn*** underscore the general requirement for corporate counsel. Still, they need to eliminate the Court's authority to apply equitable discretion where strict adherence would unduly obstruct justice. Given DALS's demonstrated financial hardship and the case's compelling public interest aspects, DALS's request for narrowly tailored pro se representation is well within the Court's equitable powers.

**Recognition of Financial Hardship as a Valid Barrier to Access to Justice:**

***Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296 (1989),** provides persuasive support for the premise that financial hardship can justify a flexible approach to procedural requirements. When unique challenges and financial limitations prevent access to traditional legal representation, the Court can adjust its procedural stance to uphold justice.

**Equitable Flexibility in Systemic and Public Interest Cases:**

**The Supreme Court's decision in *Swann v. Charlotte-Mecklenburg Board of Education*, 402 U.S. 1 (1971)** demonstrates the Court's capacity to adopt flexible remedies to ensure fairness in cases with systemic implications. Permitting DALS to participate fully aligns with this principle, enabling the Court to consider critical evidence of federal contracting inequities that impact the broader public interest.

**Closing**

**Request for Realignment and Full Pro Se Intervention**

Given DALS's substantial contributions and primary role, we request a realignment to designate DALS as the Intervenor Plaintiff. We also seek authorization for full pro se intervention to allow DALS to present its essential claims and advocate for equitable access to federal contracting processes. This measure ensures DALS's meaningful participation in issues with broad implications for justice and fairness.

**Alternative Request for Appointment of Guardian Ad Litem or Advocate**

Alternatively, DALS requests the Court appoint a guardian ad litem or advocate to safeguard its interests, should full pro se representation be deemed inappropriate. This appointment would facilitate DALS's participation in matters central to its claims and the public interest, thus balancing procedural integrity with fairness.

DALS appreciates the Court's consideration of this motion and remains committed to ensuring a fair and equitable resolution that reflects the gravity and significance of the issues at stake. By granting this motion, the Court would reinforce its commitment to procedural fairness, justice, and the constitutional imperative for equitable treatment within federal contracting practices.

Respectfully submitted,

/s/Lynette T. Stevenson

Pro Se Litigant

DALS Credit Solutions Co.

5767 Albany GRN Westerville, Ohio 43081

717.421.1445 ls@dalscreditsolutions.com

/s/ Nicole Stewart

Nicole Stewart

Pro Se Litigant

11220 W Burleigh St. Ste 222, Wauwatosa, WI 53222