UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
Case No. 2:20-cv-00041-DCLC-CRW
**ULTIMA SERVICES CORPORATION,**

*Plaintiff,*

vs.

**UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,**

*Defendants.*

**LYNETTE T. STEVENSON**
and
**NICOLE STEWART,**
**Pro Se Movants**

___

## MOTION FOR DECLARATORY JUDGMENT

**To the Honorable Court:**

Movants Lynette T. Stevenson and Nicole Stewart, appearing pro se, respectfully submit this Motion for Declaratory Judgment under 28 U.S.C. § 2201. Movants seek a declaration affirming their roles and rights, addressing systemic inequities in federal contracting practices, and requesting full intervention and emergency financial assistance to mitigate the substantial harm caused to their businesses, DALS Credit Solutions Co. ("DALS") and Aneu Strategies Group, Inc. ("ASG").

### Background

1. **Lynette T. Stevenson's Role:**
    a. Lynette T. Stevenson is the principal of DALS, a Black-owned business directly harmed by the failure of federal agencies to enforce the **Rule of Two** in federal contracting.
2. **Nicole Stewart's Role:**
    a. Nicole Stewart, as the former owner of ASG, subcontracted with DALS to provide IT services for federal contracts. Despite ASG's qualifications and

readiness to perform, systemic failures in federal procurement practices caused significant financial harm.

3. **Financial Losses and Impact:**
    a. Together, DALS and ASG lost over **40 contracts** for which they were fully qualified. These losses resulted in severe financial distress, forcing ASG to cease operations and jeopardizing DALS's ability to sustain employees and maintain operations.
    b. If the **Rule of Two** had been properly applied, ASG and DALS would have overcome financial barriers, secured essential contracts, and achieved economic stability.
4. **Systemic Discrimination and Negligence:**
    a. The U.S. Department of Agriculture (USDA) and the Small Business Administration (SBA) systematically failed to enforce the Rule of Two, disproportionately disadvantaging minority-owned businesses like DALS and ASG. This failure contravenes the SBA's statutory mandate and undermines the principles of fair competition.

---

*Legal Basis*

This motion is brought under the Declaratory Judgment Act, 28 U.S.C. § 2201, which empowers this Court to declare the rights and legal relations of the parties in an actual controversy. The following statutes, regulations, and case law support Movants' claims:

1. **Small Business Act (15 U.S.C. § 637):**
    a. Mandates the SBA to maximize small-business participation in federal procurement, including businesses owned by socially and economically disadvantaged individuals.
2. **Federal Acquisition Regulation (FAR) Part 19.502-2(b):**
    a. Requires contracting officers to set aside procurements for small businesses when the Rule of Two is satisfied.
3. **Kingdomware Technologies, Inc. v. United States**, 579 U.S. 162 (2016):
    a. Reaffirmed the mandatory nature of the Rule of Two in federal contracting to ensure small businesses receive fair access to opportunities.
4. **Adarand Constructors, Inc. v. Peña**, 515 U.S. 200 (1995):

a. Established strict scrutiny for federal programs involving racial classifications, requiring them to remedy discrimination rather than perpetuate it.
5. **Equal Protection Clause of the Fifth Amendment**:
   a. The disparate impact on Black-owned businesses like DALS and ASG violates constitutional equal protection principles.
6. **Economic Harm and Financial Barriers**:
   a. The Supreme Court in *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982), emphasized that procedural barriers depriving parties of economic opportunities violate due process rights.

---

## *Request for Declaratory Judgment*

Movants respectfully request the Court to declare the following:

1. **Recognition of the Rule of Two**:
   a. Rule of Two applies to the federal contracts in question and must be enforced to ensure fair competition for small businesses, including those owned by minority entrepreneurs.
2. **Affirmation of Roles and Standing**:
   a. Recognize Lynette T. Stevenson as the primary Intervenor Plaintiff due to DALS's direct involvement in the contracts and systemic inequities.
   b. Recognize Nicole Stewart's subcontracting role under ASG as qualifying her for limited intervention to protect her business's interests.
3. **Acknowledgment of Systemic Discrimination**:
   a. Declare that the SBA's and USDA's failure to enforce the Rule of Two disproportionately affected minority-owned businesses, including DALS and ASG, resulting in substantial financial harm.
4. **Restitution and Equity**:
   a. Declare that the financial losses suffered by DALS and ASG, including the loss of over 40 contracts, are attributable to systemic negligence by the defendants.
5. **Full Intervention and Emergency Financial Assistance**:
   a. Grant **full intervention** to DALS and ASG to pursue their claims fully and equitably as pro se litigants.
   b. Direct the SBA and USDA to provide **emergency financial assistance** to DALS and ASG to mitigate the ongoing harm and stabilize their operations.

6. **Corrective Action**:
    a. Order the SBA and USDA to adopt measures ensuring full compliance with the Rule of Two and other small-business set-aside provisions to prevent further harm to disadvantaged businesses.

---

## *Relief Requested*

Movants respectfully request this Court to:

1. Grant declaratory relief as outlined above.
2. Order full intervention for DALS and ASG to allow for equitable participation in this case.
3. Direct emergency financial assistance to DALS and ASG to address the substantial harm caused by systemic failures.
4. Mandate corrective measures to enforce Rule of Two and other small-business protections in federal contracting.

Respectfully submitted,

*/s/ Stewart*

**Nicole Stewart**
Pro Se Litigant
1418 N. Cass St.
Milwaukee, WI 53202
Email: neiko@neikostewart.com

**Signature:** N/A

**Lynette T. Stevenson**
Pro Se Litigant
(O): 5246 Simpson Ferry Road #355
(H): 5767 Albany GRN
Westerville, OH 43081
Email: ls@dalscreditsolutions.com

**Clerk of Court**
United States District Court
Eastern District of Tennessee
Attention: Jason C. Keeton, Division Manager
220 W. Depot Street, Suite 416
Greeneville, TN 37743

**Re:** Case No. 2:20-cv-00041-DCLC-CRW

**Filing of Motion for Declaratory Judgment and Supporting Documents**

Dear Clerk of Court,

Enclosed please find the following documents for filing in the above-referenced case:

1. **Motion for Declaratory Judgment**
2. **Memorandum of Law in Support of Motion for Declaratory Judgment**
3. **Certificate of Service**

These documents are being filed on behalf of Movants Lynette T. Stevenson and Nicole Stewart, appearing pro se. Please process this filing and enter it into the docket for review by the Court.

If you have any questions or require additional information, please do not hesitate to contact me at (414) 366-2067 or neiko@neikostewart.com

Thank you for your attention to this matter.

Respectfully,

*(signature)*

**Nicole Stewart**
1418 N. Cass St.
Milwaukee, WI 53202
Pro Se Litigant

**Enclosures:**

1. Amended Motion for Declaratory Judgment
2. Memorandum of Law
3. Certificate of Service