**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**Case No. 2:20-cv-00041-DCLC-CRW**
**ULTIMA SERVICES CORPORATION,**

*Plaintiff,*

vs.

**UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,**

*Defendants.*

**LYNETTE T. STEVENSON**
and **NICOLE STEWART,**
**Pro Se Movants**

FILED

JAN 0 8 2025

Clerk, U. S. District Court
...rn District of Tennessee
At Greeneville

## MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR DECLARATORY JUDGMENT

### Introduction

Movants Lynette T. Stevenson and Nicole Stewart submit this Memorandum of Law in support of their Motion for Declaratory Judgment pursuant to 28 U.S.C. § 2201. Movants request a declaration of their rights and roles regarding federal contracting opportunities and systemic inequities resulting from the defendants' failure to enforce the Rule of Two, which caused substantial financial harm to their businesses, DALS Credit Solutions Co. ("DALS") and Aneu Strategies Group, Inc. ("ASG").

### Factual Background

Movants have lost over 40 contracts due to the failure of the U.S. Department of Agriculture (USDA) and the Small Business Administration (SBA) to enforce the Rule of Two. This failure disproportionately harmed Black-owned businesses, including DALS and ASG, depriving them of critical opportunities and causing substantial financial losses. Movants seek declaratory relief to affirm their rights, ensure compliance with federal procurement laws, and request full intervention and emergency financial assistance.

## Legal Framework

### *I. The Declaratory Judgment Act (28 U.S.C. § 2201)*

The Declaratory Judgment Act empowers federal courts to "declare the rights and other legal relations of any interested party seeking such declaration." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 126-27 (2007). Declaratory relief is appropriate where there is a substantial controversy between parties with adverse legal interests, which is immediate and real.

Here, the controversy is immediate and real, as the failure to enforce the Rule of Two continues to harm DALS and ASG financially and operationally. Declaratory relief will clarify the rights and obligations of the parties and provide a pathway to equitable resolution.

### *II. Enforcement of the Rule of Two is Mandatory in Federal Procurement*

The **Rule of Two**, codified in **13 C.F.R. § 124.503** and **FAR Part 19.502-2(b)**, requires federal contracting officers to reserve contracts for small businesses when there is a reasonable expectation that:

1. Offers will be received from at least two responsible small businesses, and
2. The award will be made at a fair market price.

The Supreme Court in *Kingdomware Technologies, Inc. v. United States*, 579 U.S. 162 (2016), confirmed the mandatory nature of the Rule of Two in federal contracting, holding that "shall" indicates an unequivocal requirement. The failure to apply the Rule of Two deprived Movants of access to contracts, causing irreparable harm.

### *III. Systemic Inequities in Federal Procurement Violate Constitutional and Statutory Protections*

1. **Equal Protection Clause**:
   a. The Fifth Amendment's Equal Protection Clause prohibits federal programs from discriminating against minority-owned businesses. The SBA and USDA's failure to apply the Rule of Two disproportionately harmed Black-owned businesses like DALS and ASG, violating constitutional protections. See *Adarand Constructors, Inc. v. Peña*, 515 U.S. 200 (1995).
2. **Small Business Act (15 U.S.C. § 637)**:

a. The Small Business Act mandates federal agencies to maximize opportunities for socially and economically disadvantaged businesses. The agencies' failure to enforce procurement regulations contravenes their statutory duty and perpetuates systemic discrimination.

3. **Due Process Clause:**
   a. Procedural barriers preventing minority-owned businesses from accessing federal contracts violate due process. See *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 430 (1982) (denial of access to justice due to procedural barriers constitutes a due process violation).

### *IV. Financial Harm Warrants Emergency Relief*

Movants have demonstrated that the loss of over 40 contracts due to systemic negligence caused severe financial distress, forcing ASG to cease operations and impairing DALS's ability to function. Courts have recognized that financial harm, coupled with systemic inequities, justifies equitable intervention. See *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (courts must show flexibility when pro se litigants face barriers to justice).

## Relief Requested

Movants request the following declaratory relief:

1. **Affirmation of the Rule of Two**: Declare that the Rule of Two applies to the federal contracts in question and that its enforcement is mandatory.
2. **Acknowledgment of Roles**: Recognize Lynette T. Stevenson as the primary Intervenor Plaintiff and Nicole Stewart as a subcontractor with a qualifying interest.
3. **Systemic Discrimination**: Declare that the defendants' failure to enforce the Rule of Two caused systemic harm to minority-owned businesses, including DALS and ASG.
4. **Emergency Financial Assistance**: Direct the SBA and USDA to provide emergency financial relief to address the substantial harm caused by their systemic failures.
5. **Corrective Action**: Order the defendants to implement measures ensuring full compliance with the Rule of Two to prevent further harm to disadvantaged businesses.

## Conclusion

Declaratory relief is essential to address the systemic barriers faced by Movants and other minority-owned businesses. By granting the requested relief, this Court can reaffirm its commitment to fairness, equity, and justice.

Respectfully submitted,

**Nicole Stewart**
Pro Se Litigant, former owner Aneu Strategies Group, Inc.
1418 N. Cass St.
Milwaukee, WI 53202
Email: neiko@neikostewart.com

**Signature:**
**Lynette T. Stevenson**
**Pro Se Litigant, DALS Credit Solutions Co.**
(O): 5246 Simpson Ferry Road #355
(H): 5767 Albany GRN
Westerville, OH 43081