UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
Case No. 2:20-cv-00041-DCLC-CRW
**ULTIMA SERVICES CORPORATION,**

*Plaintiff,*

vs.

**UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,**

*Defendants.*

**LYNETTE T. STEVENSON**
and **NICOLE STEWART,**
**Pro Se Movants**



FILED
JAN 08 2025
Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

---

# MOTION IN LIMINE TO EXCLUDE REFERENCES TO PRIOR CRIMINAL RECORD AND TAX ISSUES

**To the Honorable Cynthia Richardson Wyrick, United States Magistrate Judge:**

Movant Nicole Stewart, appearing pro se, respectfully submits this Motion in Limine requesting that the Court exclude any evidence, testimony, or argument referencing her prior criminal record and tax issues. Such evidence is irrelevant to the claims presented, lacks probative value, and poses a significant risk of unfair prejudice. Furthermore, Movant's tax debt is directly attributable to the systemic harm caused by the defendants' failure to enforce the **Rule of Two**, making it improper to use this issue as a basis for discrediting her position in this case.

## I. Background

Movant Nicole Stewart, as the former owner of Aneu Strategies Group, Inc. (ASG), participated as a subcontractor supporting federal contracts procured by DALS Credit Solutions Co. (DALS), owned by Lynette T. Stevenson. Movant Stewart has been named as the Intervenor Plaintiff in the instant case, which centers on systemic inequities in federal contracting, including the defendants' failure to enforce the Rule of Two.

Movant's tax debt arose as a direct consequence of the financial harm caused by the SBA and USDA's failure to enforce the Rule of Two. This failure resulted in ASG and DALS losing out on contracts they were qualified to perform, forcing ASG into severe financial distress and default. Introducing evidence of this tax debt without recognizing its connection to the systemic barriers created by the defendants would unfairly prejudice Movant Stewart and misrepresent the underlying facts.

Movant's prior criminal record is similarly irrelevant to the claims at issue and would only serve to distract from the substantive matters before the Court.

## II. Legal Basis

### A. *Irrelevance Under Federal Rule of Evidence 402*

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." The primary issue in this case concerns the defendants' systemic failure to enforce the Rule of Two and its disproportionate harm to Black-owned businesses, including DALS and ASG. Neither Movant's tax issues nor her prior criminal record bear on:

1. The Rule of Two's application to federal contracting;
2. The systemic discrimination experienced by minority-owned businesses; or
3. Movant Stewart's qualifications and ability to perform as a subcontractor.

### B. *Prejudice and Confusion Under Federal Rule of Evidence 403*

Federal Rule of Evidence 403 allows the exclusion of relevant evidence if its probative value is substantially outweighed by the risk of unfair prejudice, confusing the issues, or misleading the Court. Introducing evidence of Movant's criminal record or tax debt would:

1. Create bias against Movant Stewart by painting her in an unfavorable light unrelated to her role as a subcontractor.
2. Mislead the Court into associating systemic harm caused by the SBA and USDA with personal failings of the Movant.
3. Divert attention from the Rule of Two and systemic barriers central to this case.

In *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court emphasized that courts must balance the risk of unfair prejudice against the probative value of evidence, particularly where the evidence may bias the factfinder.

### C. Bar on Character Evidence Under Federal Rule of Evidence 404(b)

Federal Rule of Evidence 404(b) prohibits evidence of past acts to prove character or propensity. Movant's prior criminal record and tax issues cannot be used to infer her qualifications or credibility. Courts routinely exclude such evidence to prevent unfair attacks on a party's character. See *Michelson v. United States*, 335 U.S. 469, 475-76 (1948).

### D. Tax Debt Directly Related to Defendants' Failures

The defendants' failure to enforce the Rule of Two directly caused ASG and DALS to lose opportunities for over 40 federal contracts for which they were qualified. These contracts were instead improperly awarded to entities that did not meet the criteria under the Rule of Two. This systemic failure led to:

1. Financial distress and operational instability for ASG and DALS.
2. Movant Stewart's inability to sustain payroll and operational costs, culminating in tax defaults.

Movant's tax issues are not a reflection of personal or business negligence but a consequence of the systemic barriers created by the defendants' noncompliance with procurement regulations. To allow such evidence would unfairly obscure the true causes of harm and improperly penalize Movant Stewart for circumstances outside her control.

## III. Supporting Case Law

1. **Michelson v. United States**, 335 U.S. 469 (1948): Excludes irrelevant character evidence intended to attack credibility unfairly.
2. **Old Chief v. United States**, 519 U.S. 172 (1997): Highlights the importance of excluding evidence with minimal probative value when it risks creating prejudice.
3. **Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 509 U.S. 579 (1993): Stresses the need for evidence to be both relevant and reliable.
4. **United States v. Robinson**, 560 F.2d 507 (2d Cir. 1977): Courts should exclude irrelevant personal circumstances that do not address the issues in dispute.

## IV. Anticipating Counterarguments

Opposing parties may argue that Movant's credibility or financial condition is relevant to her role as Intervenor Plaintiff. These arguments fail because:

1. Movant's tax issues arose from the systemic failures of the SBA and USDA, not from personal negligence or misconduct.
2. Credibility is not at issue in this case, which centers on systemic inequities in federal contracting.
3. Rule 404(b) prohibits using character evidence to argue that Movant Stewart's personal circumstances reflect her qualifications or reliability.

## V. Relief Requested

Movant Nicole Stewart respectfully requests that the Court:

1. Exclude all references to her prior criminal record, including arrests, convictions, and probationary matters.
2. Exclude all references to her tax situation, including any defaults or related issues, recognizing their direct connection to the systemic barriers caused by the defendants' actions.
3. Instruct opposing counsel and parties to refrain from introducing or referencing such evidence during proceedings.

Respectfully submitted,

*Nicole Stewart*

**Nicole Stewart**

Pro Se Litigant
1418 N. Cass St.
Milwaukee, WI 53202
Email: neiko@nejkostewart.com

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**Case No. 2:20-cv-00041-DCLC-CRW**

**ULTIMA SERVICES CORPORATION,**
*Plaintiff,*
vs.
**UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,**
*Defendants.*
**LYNETTE T. STEVENSON**
**and NICOLE STEWART,**
**Pro Se Movants**

---

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2025, I served a true and correct copy of the following documents:

1. **Motion in Limine to Exclude References to Prior Criminal Record and Tax Issues**
2. **Memorandum of Law in Support of Motion in Limine**

by the following methods to the parties listed below:

---

**Served via Email:**

1. **David Fishman**
   U.S. Small Business Administration
   **Email:** david.fishman@sba.gov

2. **Kacie Candela**
   U.S. Department of Justice
   **Email:** kacie.candela@usdoj.gov

3. **Aryn Null**
   U.S. Department of Justice
   **Email:** aryn.null@usdoj.gov

4. **Carlotta Wells**
   U.S. Department of Justice
   **Email:** carlotta.wells@usdoj.gov

5. **Lynette T. Stevenson**
   Pro Se Litigant, DALS Credit Solutions Co.
   **Email:** ls@dalscreditsolutions.com

**Method of Service:**
☑ **Email** (via the provided email addresses)

Dated: January 6, 2025

**Respectfully submitted,**

**Nicole Stewart**
Pro Se Litigant
1418 N. Cass St.
Milwaukee, WI 53202
Email: neiko@neikostewart.com

January 6, 2025

**Clerk of Court**
United States District Court
Eastern District of Tennessee
Attention: Jason C. Keeton, Division Manager
220 W. Depot Street, Suite 416
Greeneville, TN 37743

**Re:** Case No. 2:20-cv-00041-DCLC-CRW
Filing of Motion in Limine and Memorandum of Law

**To the Clerk of Court and Honorable United States Magistrate Judge Cynthia Richardson Wyrick:**

Please find enclosed the following documents submitted for filing in the above-referenced matter:

1. **Motion in Limine to Exclude References to Prior Criminal Record and Tax Issues**
2. **Memorandum of Law in Support of Motion in Limine**
3. **Certificate of Service**

These documents are submitted on behalf of Nicole Stewart, appearing pro se.

**For Judge Cynthia Richardson Wyrick:**

Please note that this filing is addressed to you for consideration as the assigned Magistrate Judge for this matter.

If there are any questions or further requirements, I may be contacted at [neiko@neikostewart.com](mailto:neiko@neikostewart.com) or (414) 366-2067.

Thank you for your attention to this filing.

Respectfully,


**Nicole Stewart**

Pro Se Litigant
1418 N. Cass St.
Milwaukee, WI 53202
(414) 366-2067

**Enclosures:**

1. Motion in Limine
2. Memorandum of Law
3. Certificate of Service