

FILED

JAN 0 8 2025

Clerk, U. S. District Court
Eastern District of Tennessee
At Greeneville

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
Case No. 2:20-cv-00041-DCLC-CRW
ULTIMA SERVICES CORPORATION,**

*Plaintiff,*

vs.

**UNITED STATES DEPARTMENT OF AGRICULTURE, et al.,**

*Defendants.*

**LYNETTE T. STEVENSON
and NICOLE STEWART,
Pro Se Movants**

---

# MEMORANDUM OF LAW IN SUPPORT OF MOTION IN LIMINE

**To the Honorable Cynthia Richardson Wyrick, United States Magistrate Judge:**

Movant Nicole Stewart, appearing pro se, respectfully submits this Memorandum of Law in support of her Motion in Limine to exclude references to her prior criminal record and tax issues. The exclusion is warranted under Federal Rules of Evidence 402, 403, and 404(b), as such references are irrelevant to the claims, unduly prejudicial, and inadmissible as character evidence. Additionally, Movant's tax debt is directly tied to the systemic harm caused by the defendants' failure to enforce the Rule of Two, making its inclusion improper and misleading.

## I. Legal Standards Governing Evidence Exclusion

### A. Relevance Under Rule 402

Federal Rule of Evidence 402 provides that "[i]rrelevant evidence is not admissible." Evidence is relevant only if it has a tendency to make a fact more or less probable than it would be without the evidence and the fact is of consequence to the determination of the action.

In this case, the central issue is the defendants' failure to enforce the Rule of Two in federal contracting and its disproportionate harm to minority-owned businesses, including DALS Credit Solutions Co. (DALS) and Aneu Strategies Group, Inc. (ASG). References to Movant's prior criminal record and tax debt are unrelated to:

1. The Rule of Two's application or enforcement;
2. The systemic discrimination experienced by Black-owned businesses; or
3. Movant Stewart's professional qualifications as a subcontractor.

### B. Exclusion for Unfair Prejudice Under Rule 403

Even if the Court finds that Movant's tax or criminal history is marginally relevant, Rule 403 requires exclusion if the probative value of such evidence is substantially outweighed by the risk of:

1. **Unfair Prejudice**: The evidence would paint Movant Stewart in a negative light, overshadowing the substantive claims.
2. **Confusion of the Issues**: It would shift the Court's focus from the systemic failures of the SBA and USDA to irrelevant personal matters.
3. **Misleading the Court**: Presenting the tax debt without context could suggest personal negligence, rather than recognizing its systemic causes.

In *Old Chief v. United States*, 519 U.S. 172 (1997), the Supreme Court emphasized that courts must balance relevance against prejudice, particularly where evidence risks unfairly biasing the factfinder.

### C. Character Evidence is Prohibited Under Rule 404(b)

Rule 404(b) prohibits evidence of prior acts to prove a person's character or suggest action in conformity with that character. Movant's prior criminal record and tax debt constitute impermissible character evidence, which cannot be used to discredit her qualifications or undermine her claims. The Supreme Court in *Michelson v. United States*, 335 U.S. 469, 475-76 (1948), recognized the dangers of allowing character evidence to unfairly prejudice the court against a party.

## II. Tax Debt is Directly Attributable to Defendants' Failures

Movant's tax debt is a direct result of the systemic barriers created by the defendants' failure to enforce the Rule of Two, as required under **13 C.F.R. § 124.503** and **FAR 19.502-2(b)**. This systemic failure led to:

1. Loss of over 40 federal contracts for which DALS and ASG were qualified.
2. Financial distress hindered ASG's ability to meet payroll and operational costs.
3. Defaulted payroll taxes caused by the lack of revenue opportunities, directly traceable to the defendants' actions.

Allowing references to this tax debt without acknowledging its root cause risks misleading the Court and unfairly penalizing Movant Stewart for harm caused by the defendants. This connection must be recognized to avoid distorting the facts.

## III. Supporting Case Law

1. **Michelson v. United States**, 335 U.S. 469 (1948): The Supreme Court excluded irrelevant character evidence, emphasizing its prejudicial impact.
2. **Old Chief v. United States**, 519 U.S. 172 (1997): Courts must carefully weigh the probative value of evidence against the risk of prejudice.
3. **Daubert v. Merrell Dow Pharmaceuticals, Inc.**, 509 U.S. 579 (1993): Evidence must be both relevant and reliable to be admissible.
4. **United States v. Robinson**, 560 F.2d 507 (2d Cir. 1977): Personal circumstances irrelevant to the claims must be excluded to prevent unfair prejudice.

## IV. Anticipating Counterarguments

The defendants may argue that Movant's tax issues or criminal record reflect on her credibility or qualifications as Intervenor Plaintiff. These arguments fail because:

1. **Credibility is Not at Issue**: The claims focus on systemic inequities in federal contracting, not personal credibility or financial history.
2. **Systemic Causes of Tax Debt**: The tax debt arose from the defendants' failure to enforce procurement regulations, not from personal negligence.
3. **Rule 404(b) Prohibits Character Evidence**: Using this evidence to discredit Movant Stewart is an impermissible attack on character and does not address the claims at issue.

## V. Conclusion

Movant Nicole Stewart respectfully requests that this Court grant her Motion in Limine and:

1. Exclude all references to her prior criminal record, including arrests, convictions, and probationary matters.
2. Exclude all references to her tax situation, recognizing its direct connection to the systemic barriers created by the defendants' failure to enforce the Rule of Two.
3. Instruct opposing counsel and parties to refrain from introducing or referencing such evidence during proceedings.

Respectfully submitted,

*Nicole Stewart*

**Nicole Stewart**

Pro Se Litigant
1418 N. Cass St.
Milwaukee, WI 53202
Email: neiko@neikostewart.com