UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| ULTIMA SERVICES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | 2:20-CV-41 |
| | ) | |
| vs. | ) | |
| | ) | |
| U.S. DEPARTMENT OF AGRICULTURE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Lynette T. Stevenson ("Stevenson") and Nicole Stewart ("Stewart") (collectively "proposed intervenors") previously filed a Motion to Intervene [Doc. 105] and a Motion for Full Intervention [Doc. 107] which were denied [Doc. 113]. Stevenson and Stewart subsequently filed a Motion to Notify the Court of Noncompliance and Request for Full Intervention [Doc. 115] and two Motions for Reconsideration [Docs. 116, 118] of the order denying their initial request for intervention. Defendants filed a Response in opposition to the Motions for Reconsideration [Doc. 120] to which Stevenson and Stewart filed a Reply [Doc. 121]. These motions are before the undersigned pursuant to 28 U.S.C. § 636(b) and are now ripe for resolution.

I.  **INTRODUCTION**[1]

In their original motions to intervene [Docs. 105, 107], proposed intervenors Stevenson and Stewart appeared to request intervention on behalf of DALS Credit Solutions ("DALS"), a

---

[1] A full background of this litigation is included in the Memorandum Opinion and Order on summary judgment [Doc. 86].

business owned by Stevenson.[2] The Court denied these motions due to the long-standing principle that corporations, partnerships, and associations can only appear in federal court through licensed legal counsel.[3] [Doc. 113] (citing *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993)). Stevenson and Stewart now ask the Court to reconsider its ruling, arguing that they have additional evidence to demonstrate that denial of their request to intervene would result in manifest injustice. They also ask that the court consider appointing a guardian ad litem ("GAL") to represent DALS's interests. In support, Stevenson and Stewart appear to assert that, in addition to intervening on behalf of their businesses, they also wish to intervene individually so they would represent their personal interests while a GAL could represent the interests of the business. They further argue that failure to reconsider the issue of pro se intervention would result in manifest injustice because they have been unable to secure counsel despite diligent attempts. [Doc. 116, p. 10]. Defendants oppose reconsideration, arguing that Stevenson and Stewart are asking for an exception to the rule that is not supported by any legal authority and have not met the burden of showing clear error of law, newly discovered evidence, an intervening change in controlling law, or that intervention is necessary to prevent manifest injustice. [Doc. 120]. Defendants also argue that the request for appointment of a guardian ad litem should also be denied because such advocates may only be appointed to act on behalf of a minor or incompetent person. *Id.* (citing Fed. R. Civ. P. 17(c)).

---

[2] Stewart listed herself as being associated with another business, Aneu Strategy Group ("Aneu"), but no formal request for that business to intervene was made. Stewart subsequently filed a Notice of Clarification [Doc. 122] advising that she is the owner of Aneu Strategies Group, Inc., a subcontractor engaged by DALS. The Notice further stated that Stewart only wishes to intervene as a "supporting party" and "does not seek to act as the primary intervenor Plaintiff." The Court notes that the law permits non-parties to intervene in legal actions upon meeting certain requirements, but there are no subcategories of intervenor, a party is either an intervenor or not. *See* Fed. R. Civ. P. 24. Accordingly, the Court will treat Stewart and her company, Aneu, as proposed intervenors for purposes of addressing the motions pending before the Court.

[3] Shortly after these motions were denied and before filing their motions for reconsideration, Stevenson and Stewart filed another motion to intervene in conjunction with a notice to the court of non-compliance with the preliminary injunction entered in this matter, alleging that Defendants are not complying with the District Court's orders. [Doc. 115].

## II. ANALYSIS

### a. Motion for Reconsideration

While the Federal Rules of Civil Procedure do not expressly provide for motions to reconsider, "[d]istrict courts have the authority both under common law and [Federal Rule of Civil Procedure] 54(b) to reconsider interlocutory orders and to reopen any part of a case before entry of a final judgment." *Northeast Ohio Coal. for the Homeless v. Brunner*, 652 F. Supp. 2d 871, 877 (S.D. Ohio 2009) (quoting *Rodriguez v. Tennessee Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). "Generally, a motion for reconsideration is only warranted when there is: (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* Further, motions for reconsideration should not be used to "re-litigate issues previously considered by the Court or to present evidence that could have been raised earlier." *Id.*

Stevenson and Stewart argue that manifest injustice would result is their request for reconsideration is denied because "[d]enying reconsideration would silence DALS—a Black-owned business—due to financial hardship, perpetuating systemic inequities in federal contracting." [Doc. 121, p. 2]. They further argue that evidence of "their exhaustive attempts to secure counsel" was not previously before the court and should be considered in determining whether they should be permitted to intervene. *Id.* Further, the Court notes that Stevenson and Stewart have filed their motions pro se and documents filed pro se should be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, given this liberal construction directive and to ensure that the position of the pro se proposed intervenors is fully addressed, the Court will **GRANT** Stevenson and Stewart's Motions to Reconsider [Docs. 116, 118] and will fully consider all arguments for intervention the proposed intervenors have presented.

### b. Notice of Non-Compliance

Before addressing the issue of intervention, the Court must first address the allegations of non-compliance with the court's previous orders made by Stevenson and Stewart. *See* [Doc. 115]. On July 19, 2023, the District Court issued an Order [Doc. 86] declaring Defendants' use of the rebuttable presumption of social disadvantage when setting aside federal services contracts for participants in the 8(a) Business Development Program ("the 8(a) program) outlined in 13 C.F.R. § 124.1 violates equal protection and enjoined Defendants from using it in administering the 8(a) program. [Doc. 86]. The District Court reserved ruling on any further remedy subject to a hearing. *Id.* Notably, the order did not require that any compliance reports or other status reports be submitted to the court. *Id.*[4]

In their Motion to Notify the Court of Non-Compliance and Request for Full Intervention [Doc. 115], Stevenson and Stewart assert that none of the parties to this matter have provided updates to the court regarding compliance with the court's ruling. However, as noted above, the District Court did not include any reporting requirements in its Order [Doc. 86]. Stevenson and Stewart also allege that Defendants continue to award contracts in violation of the Equal Protection Clause but provide no evidence to support these claims.[5] Still, the Court will take notice that proposed intervenors assert Defendants are non-compliant for the purpose of fully considering their overall arguments in support of intervention, as it appears this alleged non-

---

[4] During an August 31, 2023 hearing, the Court found that the only remaining issues in this matter are: (1) Plaintiff's request for an injunction precluding Defendants from reserving National Resources Conservation Service ("NCRS") contracts for administrative and technical support and (2) Defendant's compliance with the injunction prohibiting use of the rebuttable presumption of social disadvantage set forth in the previous Order. [Doc. 92]. The parties agreed to a final round of briefing to address these issues and have complied with the briefing schedule.

[5] Stevenson and Stewart reference a treasury report that was purportedly submitted to this court that demonstrates equal protection violations, but they have not provided a copy of this report to the Court or cited to any portion of the record where it may be found, so the Court is unable to review the report. Regardless, Stevenson and Stewart do not explain how the violations allegedly revealed in this report violate the specific rulings of the court in this litigation.

compliance forms at least part of the basis for the decision by Stevenson and Stewart to move to intervene in this litigation at this juncture.

    c. **Intervention**

The Court now turns to the issue of intervention. As an initial matter, the Court will revisit its prior ruling denying DALS permission to intervene because the law does not permit an officer or owner of a business to represent a business entity before the court but instead requires that such business entity be represented by legal counsel. Stevenson and Stewart acknowledge the general principle requiring corporate entities to be represented by counsel in federal court but argue that an exception to that rule should exist where "a corporation faces insurmountable financial barriers," or in "cases involving claims of public interest or systemic inequity." [Doc. 116, p. 1-2]. However, they do not cite any legal authority that supports the existence of such an exception. Instead, they merely make a variety of unsupported arguments as to why the long-standing principle that corporate entities must be represented by legal counsel in federal court should not apply to them.

As noted in the Court's prior order, corporations, partnerships, and associations can only appear in federal court through a licensed attorney and a non-attorney officer of a corporation may not make a federal court appearance on behalf of the corporation. *Rowland v. California Men's Colony*, 506 U.S. 194, 202 (1993) (citing to a line of cases dating back to 1824 in support of this legal principle); *Ginger v. Cohn*, 426 F.2d 1385, 1386 (6th Cir. 1970). Federal courts have continued to address the issue and have not deviated from this rule. *See Cousino v. Nowicki*, 165 F.3d 26, at *1 (6th Cir. 1998) (table) (reiterating that corporations, partnerships, or associations can only appear in federal court through a licensed attorney and an officer or owner who is not a licensed attorney is not authorized to appear in federal court on behalf of the corporation or

entity); *Dimercurio v. C.I.R.*, 103 A.F.T.R. 2d 2009-1288 (6th Cir. 2008) (holding that "[a]rtificial entities can appear in federal courts only through licensed counsel."); *Equal Emp't Opportunity Comm'n v. FPM Grp., Ltd.*, No. 3:08-CV-380, 2010 WL 11636291, at *1 (E.D. Tenn. Feb. 1, 2010) (holding that "as the United States Supreme Court has noted, 'a corporation may appear in the federal courts only through licensed counsel…As the courts have recognized, the rationale for that rule applies equally to all artificial entities. Thus…the lower courts have uniformly held that 28 U.S.C. § 1654…does not allow corporation, partnerships, or associations to appear in federal court or otherwise than through a licensed attorney.'" (quoting *Rowland*, 506 U.S. at 202-03)). The proposed intervenors have not pointed to, and the Court is unable to locate, any authority supporting a deviation from this rule. As such, the Court re-affirms its ruling that Stevenson and Stewart may not intervene in this matter on behalf of any business entity. Additionally, it is inappropriate for the Court to appoint a guardian ad litem to represent the interests of DALS and/or Aneu because appointment of a guardian ad litem is reserved only for instances in which a minor or incompetent person does not have a duly appointed representative to protect their interests in an action. Fed. R. Civ. P. 17(c)(2). Accordingly, their request that DALS and/or Aneu be permitted to intervene is **DENIED**.

The Court now turns to the request by Stevenson and Stewart to intervene individually. Federal Rule of Civil Procedure 24(a)(2) provides that a non-party may intervene as of right if, on timely motion, the movant "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Additionally, "permissive" intervention is appropriate if the movant "has a claim or defense that shares with the main action a common question of law or fact." Fed. R.

Civ. P. 24(b)(1)(B). Essentially, "Rule 24 allows an absentee party to petition for intervention when it 'stands to have its interests harmed.'" *Invesco Institutional (N.A.), Inc. v. Paas*, No. 3:07-CV-0175-R, 2008 WL 4858210, at *3 (W.D. Ky. Nov. 7, 2008) (quoting *Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 670 n. 13 (6th Cir. 2004)). The Sixth Circuit has held that "Rule 24 should be 'broadly construed in favor of potential intervenors.'" *Coalition to Defend Affirmative Action v. Granholm*, 501 F.3d 775, 779 (6th Cir. 2007) (quoting *Purnell v. City of Akron*, 925 F.2d 941, 950 (6th Cir. 1991)).

Still, a motion to intervene must be made timely regardless of whether intervention as of right or permissive intervention is sought.[6] Fed. R. Civ. P. 24. Timeliness of the motion "should be evaluated in the context of all relevant circumstances." *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472-73 (6th Cir. 2000) (quoting *Jansen v. City of Cincinnati*, 904 F.2d 336, 340 (6th Cir. 1990)). The Sixth Circuit has held the following five factors should be considered when evaluating timeliness:

> (1) The point to which the suit has progressed; (2) the purpose for which intervention is sought; (3) the length of time preceding the application during which the proposed intervenors knew or should have known of their interest in the case; (4) the prejudice to the original parties due to the proposed intervenors' failure to promptly intervene after they knew or reasonably should have known of their interest in the case; and (5) the existence of unusual circumstances militating against or in favor of intervention.

*Stupak-Thrall*, 226 F.3d at 473 (quoting *Jansen*, 904 F.2d at 340). The Court will address each of these factors in turn.

---

[6] There are four factors that must be satisfied before a movant may intervene as of right: 1) the motion to intervene must be timely; 2) the movant must have a substantial legal interest in the subject matter of the case; 3) the movant must demonstrate an impairment of the ability to protect its interests absent intervention; and 4) the movant must show that the parties already before the court cannot protect the movant's interests. *Grainger v. Ottawa Cnty., Mich.*, 90 F.4th 507, 513 (6th Cir. 2024) (citing *Granholm*, 501 F.3d at 779). Failure to establish any of these factors will result in the denial of the motion to intervene as of right. *United States v. Mich.*, 424 F.3d 438, 443 (6th Cir. 2005). Because the Court finds the first factor to be dispositive it is unnecessary to address the other three.

First, the Court notes that this suit has been pending for nearly four years and has progressed well past the discovery and dispositive motion stages. Additionally, the preliminary injunction which the proposed intervenors contend Defendants are not in compliance with was issued more than a year before intervention was sought. Turning to the reason intervention is sought, Stevenson and Stewart assert that non-compliance with the preliminary injunction is what triggered their need to intervene, effectively arguing that they could not have intervened earlier, but that argument simply does not hold water. Stevenson and Stewart argue that it is "ongoing discriminatory treatment" and "systemic failure" by Defendants to comply with federal procurement laws that have resulted in their harm. [Doc. 115]. In doing so, they fail to explain how they were unaware of or not impacted by such issues before the issuance of the preliminary injunction in this matter, which is especially true given that the injunction was quite narrow in scope and addressed only the application of the presumption of social disadvantage in the administration of the 8(a) program. It stands to reason that if non-compliance with the preliminary injunction is what impacted the interests of the proposed intervenors, Defendants' actions and policies prior to entry of the preliminary injunction would have also negatively impacted those interests and Stevenson and Stewart could have moved to intervene far earlier. Thus, Stevenson and Stewart knew or should have known of their interest in this case since it was initiated.

Moreover, the Court finds that permitting Stevenson and Stewart to intervene at this juncture would cause significant prejudice to the original parties as they have already expended significant time and expense in litigating this case. To permit intervention now would require additional discovery and pretrial motions, and the original parties have already completed those rather labor-intensive and expensive tasks relative to the original claims raised in this case. To force them to engage in additional discovery and litigation at this stage would be unduly

burdensome, particularly given that intervention could have been sought at a much earlier stage. Finally, the Court does not find any unusual circumstance militating in favor of intervention. Despite the proposed intervenor's claims that manifest injustice will result if they are not permitted to intervene, intervention in this matter is not the only option available to Stevenson and Stewart to address their perceived harms. For example, they may initiate their own civil action in either federal or state court or file a non-compliance complaint with the Small Business Association, just to name a few.[7] In sum, when considering all relevant circumstances, the Court must conclude that the proposed intervenor's motion to intervene individually is not timely and must be **DENIED**. *See Stupak-Thrall*, 226 F.3d at 472-73.[8]

### III. CONCLUSION

While the Court found it appropriate to reconsider its prior ruling based upon the pro se status of proposed intervenors, the Court has now provided proposed intervenors with a full and fair opportunity to present their arguments supporting intervention which they set forth in numerous filings with the Court. After very carefully considering those arguments, for the reasons stated above, the Court finds that the Motions to Intervene [Docs. 105, 107, 115] filed by Stevenson and Stewart are not well-taken and must be **DENIED**. As such, the Court would not be inclined to entertain any further motions to reconsider as to the issue of intervention.

Further the Court notes that after filing their Motions to Reconsider, Stevenson and Stewart filed two Motions for Declaratory Judgment, a Motion in Limine, and supporting memoranda [Docs. 123-127]. Because Stevenson and Stewart are not parties to this action and their request

---

[7] It appears that Stevenson and Stewart were advised of such options during their unsuccessful search for legal counsel to represent them in this matter. [Doc. 116-1, p. 11, 24].

[8] The Court notes that even if it were permissible for DALS and/or Aneu to proceed in federal court without the representation of licensed counsel, intervention by those businesses would also be untimely.

to intervene has been denied, they do not have standing to file motions or other documents in this case. Accordingly, these pleadings [Docs. 123-127] shall be **STRICKEN** from the record.

SO ORDERED:

/s/Cynthia Richardson Wyrick
United States Magistrate Judge