# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

*Nicole Stewart, Pro Se*
*Plaintiff,*
*Lynette T. Stevenson, Pro Se*
*Intervenor,*

v.

**U.S. Department of Agriculture, Small Business Administration, et al.,**
**Defendants.**
**Case No.:** 2:20-cv-00041-DCLC-CRW
**Judge:** Clifton L. Corker
**Referral:** Magistrate Judge Cynthia R. Wyrick

## PLAINTIFFS' MOTION TO REQUEST REASSIGNMENT OF JUDGE AND EXPEDITED STATUS CONFERENCE

**To the Honorable Magistrate Judge Cynthia R. Wyrick:**

Nicole Stewart, Pro Se, and Lynette T. Stevenson, Pro Se, respectfully submit this motion requesting:

1. **Reassignment of judicial oversight** to the presiding District Judge, the Honorable Clifton L. Corker, due to the complexity, systemic importance, and constitutional dimensions of this case; and
2. **Scheduling of an expedited status conference** within seven (7) days, or at the Court's earliest availability, to address unresolved motions, procedural delays, and the urgent need for judicial action to mitigate further harm.

This motion is made to ensure the fair and timely resolution of significant legal and procedural issues in this matter and to prevent further irreparable harm to Plaintiffs' businesses.

# 1. Introduction

Plaintiffs Nicole Stewart and Lynette T. Stevenson initiated this action to address systemic inequities in federal procurement, including violations of federal acquisition laws, constitutional protections, and administrative procedures.

- Plaintiff Nicole Stewart is the former owner of **Aneu Strategies Group, Inc.**, a small business specializing in project management and procurement consulting.
- Intervenor Lynette T. Stevenson is the owner of **DALS Credit Solutions Co.**, a Black-owned financial consulting and IT firm.

Defendants' ongoing failure to enforce the **Rule of Two** under FAR 19.502-2(b), improper allocation of set-aside contracts to non-mandatory Alaskan Native Corporations (ANCs), and arbitrary denials of critical certifications and funding have caused over **$40 million in financial harm** to Plaintiffs. Despite filing multiple motions and providing substantial evidence, procedural delays and the complexity of this case have hindered its resolution.

Reassignment of judicial oversight to the Honorable Clifton L. Corker and an expedited status conference are necessary to address the procedural posture of this case and provide relief from ongoing harm.

# 2. The Roles of Magistrate and District Judges and Why Reassignment Is Warranted

### A. Magistrate Judge's Limited Role and Authority

Under **28 U.S.C. § 636**, Magistrate Judges are appointed to assist District Judges by handling preliminary matters such as discovery disputes, pretrial motions, and scheduling orders. Magistrate Judges may also make recommendations on dispositive motions (e.g., motions to dismiss or summary judgment) but do **not have the authority to issue final rulings on such motions** unless all parties consent.

In this case, Magistrate Judge Cynthia R. Wyrick has presided over certain procedural matters but does not have the authority to:

1. **Issue final rulings on dispositive motions**: Plaintiffs' motions for declaratory judgment, intervention, and injunctive relief require final adjudication by the presiding District Judge.
2. **Resolve systemic legal and constitutional issues**: The complexity and importance of Plaintiffs' claims—alleging violations of procurement laws and constitutional protections—require the authority and expertise of the presiding District Judge.

*B. District Judge's Broader Authority and Familiarity with the Case*

1. **Authority to Rule on Complex and Dispositive Issues**:

The Honorable Clifton L. Corker, as the presiding District Judge, has the authority to issue final rulings on all motions and claims in this case. His oversight is particularly necessary for:

   a. Plaintiffs' **Motion for Declaratory Judgment**, which requires interpretation and application of federal procurement laws and constitutional protections,
   b. Plaintiffs' **Motion for Injunctive Relief**, which involves balancing equitable principles and systemic considerations, and
   c. Any dispositive motions filed by Defendants.
2. **Familiarity with the Case**:

As the presiding District Judge, Judge Corker is familiar with the procedural history, legal issues, and broader context of this case. His familiarity ensures that he is best positioned to efficiently address the unresolved motions and prevent further delays.

3. **Judicial Economy and Fair Adjudication**:

Reassignment to the District Judge will promote judicial economy by ensuring that pending motions are resolved efficiently and comprehensively by the judge with the final authority to adjudicate the case. This will avoid duplicative efforts and additional delays caused by requiring the Magistrate Judge to issue recommendations that must later be reviewed by the District Judge.

## 3. Factual Background

### A. *The Systemic Violations*

1. **Failure to Enforce the Rule of Two**:
    a. Defendants awarded federal contracts to ANCs and larger entities without applying the mandatory **Rule of Two** under FAR 19.502-2(b).
    b. Plaintiffs were excluded from set-aside opportunities, including a **$5 million USDA Farm Production and Conservation (FPAC) contract** in 2021.
2. **Arbitrary Denials of Certifications**:
    a. Plaintiffs submitted applications for the SBA 8(a) program, CDFI certification, and GSA Schedule inclusion, all of which were either arbitrarily denied or delayed.
    b. These denials violated Plaintiffs' procedural due process rights under the Fifth Amendment.
3. **Diversion of Opportunities to ANCs**:
    a. Contracts and funding were improperly diverted to ANCs without justification, exacerbating racial and systemic disparities.

### B. Procedural History and Delays

1. **Declaratory Judgment Request:**
    a. Plaintiffs filed a motion for declaratory judgment highlighting systemic violations of procurement laws. The motion remains unresolved.
2. **Denied Motion to Intervene:**
    a. Plaintiffs' motion to intervene was denied on procedural grounds, preventing the Court from fully addressing their systemic claims.
3. **Multiple Procedural Delays:**
    a. Misdeliveries, delays in rulings, and the lack of judicial oversight have compounded Plaintiffs' harm.

### C. Financial Harm to Plaintiffs

- Plaintiffs have suffered over **$40 million in financial losses**, including $5 million from a missed USDA FPAC contract and $20 million in missed SBA 8(a) program direct awards.
- Plaintiffs' exclusion from federal opportunities has caused irreparable harm to their businesses' reputation, operations, and competitive standing.

## 4. Legal Grounds for Reassignment

- **Procedural Delays Due to Magistrate Judge's Limited Authority:**

The reassignment is necessary because Magistrate Judge Cynthia R. Wyrick lacks the authority to issue final rulings on dispositive motions, which are critical to the resolution of Plaintiffs' claims. Plaintiffs cannot afford further delays caused by the need for the Magistrate Judge to make recommendations that must then be reviewed by the District Judge.

## 5. Relief Requested

Plaintiffs respectfully request that this Court:

1. **Reassign Judicial Oversight**: Transfer primary oversight of this case to the Honorable Clifton L. Corker to ensure comprehensive adjudication of Plaintiffs' claims.
2. **Schedule an Expedited Status Conference**: Convene a status conference within seven (7) days, or at the Court's earliest availability, to:
    a. Address procedural delays and pending motions,
    b. Establish a timeline for resolving Plaintiffs' claims, and
    c. Mitigate further harm to Plaintiffs' businesses.

## 6. Conclusion

Plaintiffs appreciate the Court's attention to this matter and urge prompt action to ensure a fair and efficient resolution of their claims.

Respectfully submitted,

/s/ Lynette T. Stevenson, Pro Se

5767 Albany Green
Westerville, Ohio 43081
(717) 421-1445
LS@dalscreditsolutions.com


/s/ Nicole Stewart, Pro Se

1418 N. Cass St.
Milwaukee, WI 53202
(414) 366-2067
Neiko@neikostewart.com

**Certificate of Service**

I hereby certify that on 01/15/2025, I served the foregoing **Motion to Request Reassignment of Judge and Expedited Status Conference** on all parties via email, in compliance with Rule 5 of the Federal Rules of Civil Procedure.


/s/ Lynette T. Stevenson

5767 Albany Green

Westerville, Ohio 43081

(717) 421-1445

LS@dalscreditsolutions.com


/s/ Nicole Stewart

1418 N. Cass St.

Milwaukee, WI 53202

(414) 366-2067

Neiko@neikostewart.com