# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO REQUEST REASSIGNMENT OF JUDGE AND EXPEDITED STATUS CONFERENCE

*1. Introduction*

Plaintiffs Nicole Stewart and Lynette T. Stevenson submit this Memorandum of Law in support of their **Motion to Request Reassignment of Judge and Expedited Status Conference**. Plaintiffs request reassignment of judicial oversight to the Honorable Clifton L. Corker, the presiding District Judge, and an expedited status conference to address unresolved motions, procedural delays, and systemic harm caused by Defendants' actions.

This Memorandum establishes that reassignment is warranted due to the complexity, systemic importance, and constitutional dimensions of this case, which require the authority and expertise of the presiding District Judge. Further, Plaintiffs demonstrate that an expedited status conference is necessary under **Rule 16(a)** of the Federal Rules of Civil Procedure to address procedural delays and the urgent need for judicial intervention to mitigate ongoing financial harm.

*2. Legal Framework*

*A. Judicial Reassignment to the District Judge*

Under **28 U.S.C. § 636** and **Rule 72(b)** of the Federal Rules of Civil Procedure, Magistrate Judges may preside over pretrial matters, issue orders on non-dispositive motions, and make recommendations on dispositive motions. However, **final adjudication of dispositive motions is reserved for District Judges**, unless all parties consent to the Magistrate Judge's authority. (*See 28 U.S.C. § 636(b)(1)(B)-(C); Fed. R. Civ. P. 72(b)(1).*)

Judicial reassignment is appropriate in cases involving:

1. **Dispositive Motions**: Dispositive motions, such as motions for declaratory judgment and injunctive relief, require the authority of a District Judge for final adjudication.
2. **Complex and Systemic Legal Issues**: Cases involving constitutional claims, statutory violations, and systemic harm warrant oversight by a District Judge due to the need for authoritative resolution.
3. **Procedural Delays**: Reassignment may be necessary where procedural inefficiencies, including delays in recommendations or rulings, threaten the fair and timely resolution of the case.

*B. Expedited Status Conferences*

Under **Rule 16(a) of the Federal Rules of Civil Procedure**, the Court may schedule status conferences to:

1. Expedite the disposition of the action,
2. Improve the quality of the trial through early and continuing judicial management, and
3. Facilitate the fair and efficient resolution of issues.

An expedited status conference is warranted where ongoing harm, unresolved motions, or procedural delays require immediate judicial attention to ensure fairness and prevent further prejudice to the parties. (*See Overstreet v. Lexington-Fayette Urban Cty. Gov't*, 305 F.3d 566, 578 (6th Cir. 2002).)

## 3. Argument
*A. Judicial Reassignment Is Necessary*
### 1. The District Judge Has Authority to Rule on Dispositive Motions

Plaintiffs have filed multiple dispositive motions requiring final adjudication by the presiding District Judge, including:

- A **Motion for Declaratory Judgment,** which seeks a determination that Defendants violated federal procurement laws, including FAR 19.502-2(b) (*Rule of Two*), and constitutional protections,
- A **Motion for Injunctive Relief**, which requests equitable remedies to prevent ongoing harm and enforce compliance with procurement laws, and

- A **Motion for Reconsideration**, addressing systemic inequities and procedural delays in the denial of Plaintiffs' intervention motion.

Under **28 U.S.C. § 636(b)(1)**, the Magistrate Judge lacks the authority to issue final rulings on these motions. Instead, the Magistrate Judge may only issue recommendations, which would further delay resolution and compound Plaintiffs' harm. Reassignment to the Honorable Clifton L. Corker is necessary to ensure the efficient and authoritative resolution of Plaintiffs' claims.

### 2. The District Judge Is Better Positioned to Address Complex and Systemic Issues

This case involves significant legal and constitutional issues, including:

- **Violations of the Rule of Two**: Defendants failed to enforce FAR 19.502-2(b), as mandated by the Supreme Court in *Kingdomware Technologies, Inc. v. United States*, 136 S. Ct. 1969 (2016), excluding Plaintiffs from set-aside contracts despite their qualifications.
- **Arbitrary Denials of Certifications and Funding**: Plaintiffs' applications for SBA 8(a) certification, CDFI certification, and GSA Schedule inclusion were arbitrarily denied or delayed, violating the **Administrative Procedure Act (APA)**, 5 U.S.C. § 706(2)(A), and procedural due process rights.
- **Constitutional Violations**: Plaintiffs, as Black-owned businesses, allege systemic racial discrimination in federal contracting, implicating equal protection principles under *Adarand Constructors, Inc. v. Peña*, 515 U.S. 200 (1995).

The complexity and broader policy implications of these issues necessitate oversight by the presiding District Judge, who has the authority and expertise to issue authoritative rulings.

### 3. Procedural Delays Have Prevented Resolution

Plaintiffs' claims remain unresolved due to delays in procedural rulings and the Magistrate Judge's limited authority to adjudicate dispositive motions. For example:

- Plaintiffs' **Motion for Declaratory Judgment**, filed [insert date], remains pending with no substantive ruling.
- Plaintiffs' **Motion to Intervene** was denied on procedural grounds, rather than on the merits, further delaying adjudication of their systemic claims.

- Misdeliveries, scheduling delays, and procedural inefficiencies have compounded Plaintiffs' harm, preventing timely relief.

Reassignment to the Honorable Clifton L. Corker will prevent further delays and ensure that Plaintiffs' claims are addressed comprehensively and efficiently.

*B. An Expedited Status Conference Is Warranted*

### 1. Plaintiffs Face Ongoing Financial Harm

Plaintiffs have suffered over **$40 million in documented financial losses**, including:

- A **$5 million USDA FPAC contract**, improperly awarded as a sole-source contract to a non-mandatory Alaskan Native Corporation in violation of the Rule of Two,
- Denials of **SBA 8(a) certification** and **CDFI certification**, which excluded Plaintiffs from critical funding and contracting opportunities, and
- Diversion of set-aside contracts to ANCs and larger entities, perpetuating systemic inequities in federal procurement.

Without expedited judicial intervention, Plaintiffs face continued harm, including:

- Loss of competitive standing and business opportunities,
- Permanent damage to their businesses' reputation, and
- Operational disruptions threaten their survival.

### 2. Expedited Status Conferences Are Authorized by Rule 16(a)

Under **Rule 16(a)**, status conferences may be scheduled to address the procedural posture of the case, resolve pending motions, and establish a timeline for resolution. Here, an expedited status conference is necessary to:

- Clarify the status of unresolved motions, including Plaintiffs' Motion for Declaratory Judgment and Motion for Injunctive Relief,
- Ensure procedural delays are addressed, and
- Provide guidance on the Court's anticipated timeline for adjudicating Plaintiffs' claims.

## 4. Relief Requested

For the foregoing reasons, Plaintiffs respectfully request that this Court:

1. **Reassign Judicial Oversight**: Transfer primary oversight of this case to the Honorable Clifton L. Corker, the presiding District Judge, to ensure efficient and comprehensive adjudication of Plaintiffs' claims.
2. **Schedule for an Expedited Status Conference**: Convene a status conference within seven (7) days, or at the Court's earliest availability, to:
    a. Address the procedural posture of the case,
    b. Resolve pending motions, and
    c. Establish a timeline for resolving Plaintiffs' claims and mitigating further harm.

## 5. Conclusion

Plaintiffs appreciate the Court's attention to this matter and urge prompt action to ensure a fair and efficient resolution of their claims.

Respectfully submitted,

/s/ Lynette T. Stevenson, Pro Se

5767 Albany Green
Westerville, Ohio 43081
(717) 421-1445
LS@dalscreditsolutions.com

/s/ Nicole Stewart, Pro Se

1418 N. Cass St.
Milwaukee, WI 53202
(414) 366-2067
neiko@neikostewart.com



remaining in this Administration, the Department is focused on several critical child support priorities, including the recently passed H.R. 9076 Supporting America's Children and Families Act, the recently published Final Rule on Employment and Training Services, recently issued sub-regulatory guidance on Systems Modernization, and other sub-regulatory guidance documents. The Department's reasons for withdrawing this NPRM are independently sufficient.

Importantly, the Department continues to believe that the NPRM is authorized by the Secretary's longstanding and existing authority under the Act, as explained in the NPRM.

Dated: January 8, 2025.

**Xavier Becerra,**
*Secretary, Department of Health and Human Services.*

[FR Doc. 2025–00638 Filed 1–14–25; 8:45 am]
**BILLING CODE 4184–41–P**

---

## DEPARTMENT OF DEFENSE

## GENERAL SERVICES ADMINISTRATION

## NATIONAL AERONAUTICS AND SPACE ADMINISTRATION

### 48 CFR Parts 1, 7, 12, 16, 19, and 52

[FAR Case 2023–011, Docket No. FAR–2023–0011, Sequence No. 1]

**RIN 9000–AO59**

### Federal Acquisition Regulation: Small Business Participation on Certain Multiple-Award Contracts

**AGENCY:** Department of Defense (DoD), General Services Administration (GSA), and National Aeronautics and Space Administration (NASA).

**ACTION:** Proposed rule.

**SUMMARY:** DoD, GSA, and NASA are proposing to amend the Federal Acquisition Regulation (FAR) to issue policy on small business participation on certain multiple-award contracts.

**DATES:** Interested parties should submit written comments to the Regulatory Secretariat Division at the address shown below on or before March 17, 2025, to be considered in the formation of the final rule.

**ADDRESSES:** Submit comments in response to FAR Case 2023–011 to the Federal eRulemaking portal at *https://www.regulations.gov* by searching for "FAR Case 2023–011". Select the link "Comment Now" that corresponds with "FAR Case 2023–011". Follow the instructions provided on the "Comment Now" screen. Please include your name, company name (if any), and "FAR Case 2023–011" on your attached document. If your comment cannot be submitted using *https://www.regulations.gov*, call or email the points of contact in the **FOR FURTHER INFORMATION CONTACT** section of this document for alternate instructions.

*Instructions:* Please submit comments only and cite "FAR Case 2023–011" in all correspondence related to this case. Comments received generally will be posted without change to *https://www.regulations.gov*, including any personal and/or business confidential information provided. Public comments may be submitted as an individual, as an organization, or anonymously (see frequently asked questions at *https://www.regulations.gov/faq*). To confirm receipt of your comment(s), please check *https://www.regulations.gov*, approximately two to three days after submission to verify posting.

**FOR FURTHER INFORMATION CONTACT:** For clarification of content, contact Ms. Carrie Moore, Procurement Analyst, at 571–300–5917 or by email at *carrie.moore@gsa.gov*. For information pertaining to status, publication schedules, or alternate instructions for submitting comments if *https://www.regulations.gov* cannot be used, contact the Regulatory Secretariat Division at 202–501–4755 or *GSARegSec@gsa.gov*. Please cite FAR Case 2023–011.

**SUPPLEMENTARY INFORMATION:**

### I. Background

DoD, GSA, and NASA are proposing to revise the FAR to issue policy to update market research, acquisition planning, small business specialist coordination, and the use of set-asides during the award of, and placement of orders against, certain multiple-award contracts. This proposed rule implements recommendations of the Office of Federal Procurement Policy (OFPP) in its memorandum entitled, Increasing Small Business Participation on Multiple Award Contracts, dated January 25, 2024.

This policy would expand the use of small business set-asides for orders against multiple-award contracts; increase coordination with the cognizant small business specialist and the Small Business Administration (SBA) procurement center representative (PCR) during acquisition planning for multiple-award contracts and when placing orders against multiple-award contracts, and provide additional criteria to consider or address in documentation provided to the cognizant small business specialist and PCR. This proposed rule is being published in conjunction with an SBA proposed rule regarding, "Assuring a Fair Proportion of Government Purchases are Awarded to Small Business Concerns," to help the public and the acquisition workforce better understand how the two rules will implement the policy. This proposed rule would impact both acquisition planning and order placement, as discussed below.

*A. Acquisition Planning*

To increase small business opportunities when developing acquisition strategies for multiple-award contracts, this proposed rule would increase and enhance small business documentation requirements and facilitate greater coordination and communication between agencies and their cognizant small business specialists during the acquisition planning process. Currently, agencies coordinate acquisitions with their respective Office of Small and Disadvantaged Business Utilization (OSDBU), or the Office of Small Business Programs (OSBP), for recommendations as to whether the acquisition should be set aside or reserved for small business concerns, in accordance with agency procedures. This proposed rule is intended to increase OSDBU and OSBP insight into acquisition planning for multiple-award contracts by requiring agencies, when contemplating the issuance of such a contract, to consider totally or partially setting aside the acquisition for small business or including a small business reserve. If a set-aside or reserve for small business is not planned, the agency would be required to document the reason, including any pertinent market research, for this decision in its acquisition strategy or plan, and coordinate the reason with the agency's cognizant small business specialist. (See FAR 7.105(b)(1)(iii)(A)).

In addition, when an acquisition is anticipated to meet or exceed the dollar threshold for substantial bundling at FAR 7.107–4(a)(1), the acquisition planner is currently required at FAR 7.104(d) to coordinate the acquisition with the agency's cognizant small business specialist. This coordination provides the specialist with insight into any decision to not set aside the acquisition for small business concerns, as well as an opportunity to ensure the acquisition is structured to maximize small business competition and award opportunities. This proposed rule would incorporate a higher level of

coordination into the current process by requiring the agency's cognizant small business specialist to notify the PCR, if the acquisition plan involves a multiple-award contract that meets or exceeds the agency's respective threshold for substantial bundling and the number of small business contract awardees is anticipated to be less than 30 percent of all contract awardees. This higher-level coordination is proposed to reinforce careful consideration of small business equities on multiple-award contracts and increase the probability of participation by small business.

Finally, this proposed rule would also require agencies to consider the use of on-ramps when planning for the award of a long-term, multiple-award contract. On-ramps are a tool used with multiple-award contracts to permit large and small businesses to be added as awardees during the period of performance of the contract. To encourage the continued participation of small business concerns on long-term (*i.e.*, more than five years in duration, including options, see 19.301–2(a)) multiple-award contracts, this proposed rule would require acquisition planners to discuss the use of on-ramps for these contracts in the acquisition plan. (See 7.105 (b)(1)(iii)(B)). If no on-ramps are planned for the contract but small businesses are expected to enter the market after the award of the contract, and the work anticipated under the contract is sufficient to provide meaningful opportunities for additional contract awardees, the planner would be required to explain in the acquisition plan why on-ramps will not be included in the contract.

*B. Orders Against Multiple-Award Contracts*

In accordance with 15 U.S.C. 644(r), contracting officers have the discretion to decide whether to set aside an order against a multiple-award contract. To increase small business opportunities and maximize their participation under multiple-award contracts, this proposed rule would require contracting officers to exercise their discretion to set aside an order for small business if the contracting officer determines that, under an applicable multiple-award contract, there is a reasonable expectation of obtaining offers from two or more responsible small business contract awardees that are competitive in terms of fair market price, quality, capability, ability to comply with the delivery or performance schedule, and past performance. (See FAR 16.505(b)(1)(i)(C).) This set-aside requirement for the contracting officer to exercise their discretion would not apply to orders against the Federal Supply Schedule (FSS), or when an exception to fair opportunity or an agency-specific exception applies to the order (See FAR 16.505(a)(14)).

This proposed rule would permit agencies to establish procedures for contracting officers to exercise agency-specific exceptions. However, agencies must coordinate their procedures for granting those exceptions with their OSDBU or OSBP, as well as SBA, and make the procedures publicly available. The establishment of these procedures and their coordination with SBA and the agency OSDU or OSBP is not a requirement for their review and approval, as approval remains entirely within the discretion of the agency establishing the procedures. This proposed rule would also clarify that the set-aside requirement applies to existing contracts only to the extent that doing so is consistent with the ordering procedures of the contract and there is adequate time remaining on the contract to permit a small business concern to fully perform or deliver under the contract (See FAR 16.505(b)(1)(i)(C)(*2*)).

If an order is not set aside when there is a reasonable expectation of obtaining competitive offers from two or more responsible small business contract awardees under the multiple-award contract, the contracting officer would be required to document the reason for that decision and coordinate it with the agency's cognizant small business specialist. This proposed rule would require the small business specialist to coordinate the decision with the PCR when the order exceeds a dollar value threshold negotiated between SBA and the agency.

Alternatively, when an order is to be placed against a multiple-award contract with only one or no small business contract awardees, this proposed rule at FAR 16.505(a)(13) would require contracting officers to document the reason for choosing the contract, coordinate it with the agency's cognizant small business specialist, and provide the specialist with a reasonable opportunity to respond. This would not be a requirement for approval from the cognizant small business specialist. The documentation would need to discuss the following: how the market research of small business contract awardees, including small businesses that are not contract awardees, on the multiple-award contract against which the order will be placed, and how mission needs informed the agency's reason for selecting the multiple-award contract to fulfill its needs; and the market research the agency conducted within the past 18 months to support the decision, which may include the market research supporting the strategy to establish a multiple-award contract or deciding to use another agency's multiple-award contract on a repetitive basis. This documentation and coordination requirement will would not apply when placing an order against the FSS, an exception to fair opportunity applies, or to repetitive orders, including orders placed using automated procedures, issued by that agency (*i.e.*, when an order was issued by that agency under the same contract and that order was documented in accordance with FAR 16.505(a)(13) and coordinated within the prior 18 months).

**II. Discussion and Analysis**

The proposed changes to the FAR and the rationale are summarized as follows:

• Revise part 1 to emphasize that the small business community is part of the acquisition team;

• Revise part 7 to: require agencies to document and coordinate the decision to not include a set-aside or reserve for small business when planning for the award of multiple-award contract; identify the agency cognizant small business specialist's responsibility for coordination when reviewing acquisition plans or strategies for certain multiple-award contracts; and specify the additional considerations the agency acquisition planner must make and document in an acquisition plan or strategy when contemplating the award of a long-term, multiple-award contract.

• Revise part 12 to focus text that refers to the contracting officer's discretion to set aside orders.

• Revise part 16 to: require contracting officers to use their discretionary authority to set aside orders against certain multiple-award contracts and to incorporate set-asides in the ordering procedures of any new multiple-award contracts; specify the criteria to be considered when making a set-aside determination and when the set-aside requirement may not apply; identify the documentation and coordination requirements when the order is not set aside, and when placing an order against certain multiple-award contracts that have only one or no small business contract awardees; discuss how the set-aside requirement will apply to existing contracts; and remove the contracting officer's discretion to set aside an order from the list of exceptions to fair opportunity.

• Revise part 19 to: reiterate the requirement to set aside orders for small business contract awardees against certain multiple-award contracts; remove the discretionary authority for set-asides from the list of exclusions to

fair opportunity; clarify that the contracting officer may provide the PCR with a proposed acquisition package more than 30 days in advance of the solicitation, upon agreement between the PCR and the agency; and revise the prescriptions for applicable clauses to ensure proper incorporation into contracts as a result of this rule.

### III. Applicability to Contracts at or Below the Simplified Acquisition Threshold (SAT) and for Commercial Products (Including Commercially Available Off-the-Shelf (COTS) Items) or for Commercial Services

This rule proposes to amend the prescriptions at FAR 19.507(c), 19.507(e)(1), 19.507(h)(1), 19.1309(a), 19.1408(a), and 19.1508(a) and (b). This rule also proposes to amend the following clauses: 52.212–5, Contract Terms and Conditions Required To Implement Statutes or Executive Orders—Commercial Products and Commercial Services; 52.219–3, Notice of HUBZone Set-Aside or Sole-Source Award; 52.219–6, Notice of Total Small Business Set-Aside; 52.219–14, Limitations on Subcontracting; 52.219–27, Notice of Set-Aside for, or Sole-Source Award to, Service-Disabled Veteran-Owned Small Business (SDVOSB) Concerns Eligible Under the SDVOSB Program; 52.219–29, Notice of Set-Aside for, or Sole-Source Award to, Economically Disadvantaged Women-Owned Small Business Concerns; 52.219–30, Notice of Set-Aside for, or Sole-Source Award to, Women-Owned Small Business Concerns Eligible Under the Women-Owned Small Business Program; and 52.219–33, Nonmanufacturer Rule.

However, this rule would not impose any new requirements on contracts at or below the SAT, for commercial products (including COTS items), or for commercial services. The clauses would continue to apply to acquisitions at or below the SAT, acquisitions for commercial products (including COTS items), and commercial services.

### IV. Expected Impact of the Rule

This proposed rule supports Governmentwide efforts to leverage the small business growth occurring in the nation's supply chains that support agency missions, reverse the decline of small business participation in the Federal supplier base, and increase contracting opportunities for small business concerns. In its January 25, 2024 memo, OFPP identified several actions to strengthen small business participation on multiple-award contracts, including: earlier involvement of SBA PCRs and the agency small business specialists in the development of multiple-award contracts; express consideration during acquisition planning of on-ramps and the relative proportion of anticipated small business contract awardees on multiple-award contracts; and new requirements for order set-asides against multiple-award contracts.

#### A. Benefits

Competitive small businesses that can participate on multiple-award contracts may find it easier to compete for work under the reduced administrative burden and simpler evaluation procedures used to support order competitions rather than pursuing competitions on the open market. Additionally, this proposed rule may result in an increased number of multiple-award contracts being set aside exclusively for small business concerns, and since small business concerns often grow to become large businesses, this rule may result in an increase in competition in unrestricted multiple-award contracts and further build the economic strength of the country.

#### B. Estimated Costs

1. Public Costs

This rule affects the internal operating procedures of the Government when performing acquisition planning. This rule does not directly impose any burden on the public. This proposed rule may result in a greater percentage of orders being awarded to small business contract awardees under certain multiple-award contracts. The costs and benefits of this rule have not been realized yet; therefore, there is no data with which to quantify these impacts. Instead, this proposed rule has the potential to impact existing and future contract awardees under certain multiple-award contracts, depending on several factors, including the following: the primary industry of the entity; the Government's future needs for supplies and services; the entity's submission of proposals and offers for multiple-award contracts and the orders to be placed under those contracts; and agency budget.

2. Government Costs

The total estimated Government costs associated with this FAR proposed rule, if finalized, in millions, over a ten-year period, are as follows:

| Government cost | Undiscounted | 2 Percent |
|---|---|---|
| Present Value | $117 | $105 |
| Annualized .... | 11.7 | 10.5 |

Undiscounted Government costs (in millions) by year over a ten-year period are summarized as follows:

| Year 1 | Year 2 | Year 3 | Year 4 | Year 5 | Year 6 | Year 7 | Year 8 | Year 9 | Year 10 |
|---|---|---|---|---|---|---|---|---|---|
| $11.7 | $11.7 | $11.7 | $11.7 | $11.7 | $11.7 | $11.7 | $11.7 | $11.7 | $11.7 |

*i. Acquisition Planning.* First, this rule proposes to require agencies to document the reason a set-aside or reserve for small business is not planned for in the solicitation of a new multiple-award contract at any dollar value. Agencies would also be required to coordinate the documentation with the agency's cognizant small business specialist. The cost accounts for the time it takes an acquisition planner to document the reason for not including a set-aside or reserve for small business in the solicitation and the results of small business market research to support that decision and discuss the documentation with the agency's cognizant small business specialist. According to data from the Federal Procurement Data System (FPDS) for Fiscal Years (FYs) 2021 to 2023, the Government awards an average of approximately 3,700 multiple-award contracts that do not contain a set-aside or reserve for small business concerns annually. The Government does not collect data on each solicitation issued and, therefore, assumes that an average of 3 contracts are awarded from a solicitation for a multiple-award contract. This accounts for an average of 1,233 solicitations (3,700 contracts/3 contracts awarded per solicitation) for multiple-award contracts issued by the Government each year. It is estimated that it will take one GS–14, step 5, Government employee, on average, 1.5 hours to document and coordinate the rationale. Based on the Office of Personnel Management (OPM) 2024 General Schedule (GS) 14/step 5 salary for the rest of the United States ($66.36 per hour), a fringe rate of 36.25 percent (OMB memorandum M–08–13 for use in public-private competition), and an overhead rate of 12% (A–76 revised supplemental handbook), the average loaded wage rate for a GS–14, step 5

employee is $101 (rounded to the nearest dollar). As a result, the total annual estimated cost for the Government to document and coordinate the reason for not including a set-aside or reserve for small business in a multiple-award contract is $186,800 (1,233 solicitations * 1.5 hours * $101). The Government acknowledges that this cost could be slightly increased by those solicitations that are issued but cancelled prior to award, or slightly decreased when more than 3 contracts are awarded from a single solicitation.

Second, this rule proposes to require the cognizant small business specialist to coordinate with the PCR, if an acquisition plan or strategy involves a multiple-award contract that meets or exceeds the thresholds for substantial bundling and the number of small business contract awardees is anticipated to be less than 30 percent of all contract awardees. The cost accounts for the time it takes the agency's cognizant small business specialist to contact and discuss the acquisition with the SBA PCR. According to data from FPDS for FYs 2021 to 2023, the Government awards an average of approximately 2,900 multiple-award contracts that exceed an agency's respective substantial bundling threshold, and do not contain a set-aside or reserve for small business concerns. The Government estimates that approximately 50 percent, or 1,450 (2,900 * .50), of these contracts anticipate the number of small business contract awardees to be less than 30 percent of all contract awardees. The Government further assumes that one solicitation yielded two multiple-award contracts meeting the respective substantial bundling threshold. This accounts for an average of 725 solicitations (1,450 contracts/2 contracts awarded per solicitation) for multiple-award contracts valued over the substantial bundling threshold issued by the Government each year. It is estimated that it would take one GS–14, step 5, Government employee, on average, 0.5 hour to coordinate and discuss the acquisition plan or strategy with the SBA PCR. Using the average loaded wage rate for a GS–14, step 5, employee, the total annual estimated cost for the Government to coordinate the acquisition plan or strategy with the PCR is $36,613 (725 solicitations * .5 hour * $101).

Finally, this rule proposes to require acquisition planners to document the use of on-ramps in long-term, multiple-award contracts, or the rationale for not including on-ramps in such contracts when small businesses are expected to enter the market after the award of the contract and the work anticipated under the contract is sufficient to provide meaningful opportunities for additional contract awardees. The cost accounts for the time it takes an acquisition planner to research and document the rationale behind including or not including on-ramps in the acquisition. Based on the discussion above, the Government issues an average of 1,233 solicitations for multiple-award contracts each year. The Government estimates that approximately 5 percent, or 62, of those solicitations are for long-term contracts. It is estimated that it would take one GS–14, step 5, Government employee, on average, 1 hour to research and document the rationale. Using the average loaded wage rate for a GS–14, step 5, employee, the total annual estimated cost for the Government to document and coordinate the reason for not including an on-ramp in a multiple-award contract is $6,262 (62 solicitations * 1 hour * $101). The Government acknowledges that this cost could be slightly increased by those solicitations that are issued but cancelled prior to award, or slightly decreased when more than 3 contracts are awarded from a single solicitation.

*ii. Orders against multiple-award contracts.* First, this rule proposes to require contracting officers to set aside an order for small business if they determine that, under an applicable multiple-award contract, there is a reasonable expectation of obtaining offers from two or more responsible small business contract awardees that are competitive in terms of fair market price, quality, capability, ability to comply with the delivery or performance schedule, and past performance. The cost accounts for the time it takes a contracting officer to research the specific criteria for each small business contract awardee under the selected contract. According to data from FPDS for FYs 2021 to 2023, the Government awards an average of 63,700 task orders or delivery orders against multiple-award contracts, excluding FSS, that are awarded to two or more small businesses annually. It is estimated that it would take one GS–14, step 5, Government employee, on average, 1 hour to research and document the criteria for each small business contract awardee. Using the average loaded wage rate for a GS–14, step 5, employee, the total annual estimated cost for the Government to research and document the criteria for each small business contract awardee is $6,433,700 (63,700 orders * 1 hour * $101).

Second, when an order is not set aside, this rule proposes to require the contracting officer to document the reason for such a decision and coordinate it with the agency's cognizant small business specialist. The cost accounts for the time it takes a contracting officer to document and coordinate the reason for not setting aside an order. Based on the discussion above, the Government awards approximately 63,700 task orders or delivery orders against multiple-award contracts, excluding FSS, awarded to two or more small businesses annually. Of those 63,700 task orders and delivery orders, approximately 14,900 of them are awarded to large businesses each year. It is estimated that approximately half, or 7,450 (14,900 task orders and delivery orders * .5), of these orders were competed amongst all contract awardees, although a set-aside may have been available. It is estimated that it will take one GS–14, step 5, Government employee, on average, 1.5 hours to document and coordinate the reason for not setting aside the order. Using the average loaded wage rate for a GS–14, step 5, employee, the total annual estimated cost for the Government to document and coordinate the reason for not setting aside an order is $1,128,675 (7,450 orders * 1.5 hours * $101).

This proposed rule would also require that the small business specialist coordinate the decision with the PCR when the order exceeds a dollar value threshold negotiated between SBA and the agency. While these thresholds have not been negotiated, the Government assumes that 30 percent, or 2,235 (7,450 * .3), of the orders not set aside when a set-aside is available may need to be coordinated with the PCR. The cost accounts for the time it takes a small business specialist to coordinate and discuss the reason for not setting aside an order, when doing so is possible. It is estimated that it would take one GS–14, step 5, Government employee, on average, .5 hour to coordinate with the SBA PCR the reason for not setting aside the order. Using the average loaded wage rate for a GS–14, step 5, employee, the total annual estimated cost for the Government to coordinate the reason with the SBA PCR is $112,868 (2,235 orders * .5 hour * $101).

Finally, when an order is to be placed against a multiple-award contract with only one or no small business contract awardees, this rule proposes to require contracting officers to document the reason for choosing the contract, coordinate it with the agency's cognizant small business specialist, and provide the specialist with a reasonable opportunity to respond. The cost accounts for the time it takes a contracting officer to research and

document the rationale behind choosing the contract and reach out and discuss the reason with the specialist. According to data from FPDS for FYs 2021 to 2023, the Government awards an average of 15,000 task orders or delivery orders against multiple-award contracts that were awarded to one or no small business awardees annually. It is estimated that it would take one GS–14, step 5, Government employee, on average, 2.5 hours to research, document, and coordinate the rationale. Using the average loaded wage rate for a GS–14, step 5, employee, the total annual estimated cost for the Government to document and coordinate the reason for choosing a multiple-award contract with only one or no small business contract awardees is $3,787,500 (15,000 solicitations * 2.5 hours * $101).

*C. Alternatives*

Several alternatives were considered in the drafting of this proposed rule, including requiring set-asides for small business prior to selecting a contract vehicle, requiring set-asides for agencies that do not meet their annual small business contracting goals, and maintaining contracting officer discretion to set aside an order for a small business contract awardee. However, each of these alternatives misses some portion of the small business community that may be able to compete for such requirements and therefore, do not provide the maximum opportunity for small business participation under certain multiple-award contracts.

### V. Executive Orders 12866 and 13563

Executive Orders (E.O.s) 12866 (as amended by E.O. 14094) and 13563 direct agencies to assess the costs and benefits of available regulatory alternatives and, if regulation is necessary, to select regulatory approaches that maximize net benefits (including potential economic, environmental, public health and safety effects, distributive impacts, and equity). E.O. 13563 emphasizes the importance of quantifying both costs and benefits, of reducing costs, of harmonizing rules, and of promoting flexibility. This is a significant regulatory action under section 3(f)(1) of E.O. 12866 and, therefore, was subject to review under Section 6(b) of E.O. 12866, Regulatory Planning and Review, dated September 30, 1993.

### VI. Regulatory Flexibility Act

DoD, GSA, and NASA do not expect this proposed rule, if finalized, to have a significant economic impact on a substantial number of small entities within the meaning of the Regulatory Flexibility Act, 5 U.S.C. 601–612. This rule only revises the internal operating procedures of the Government. However, an Initial Regulatory Flexibility Analysis (IRFA) has been performed and is summarized as follows:

DoD, GSA, and NASA are proposing to amend the Federal Acquisition Regulation (FAR) to update and clarify policy on market research, acquisition planning, small business specialist coordination, and the use of set asides during the award of and orders placed against certain multiple-award contracts.

The objective of this rule is to support Governmentwide efforts to leverage the small business growth occurring in the nation's supply chains that support agency missions, reverse the decline of small business participation in the Federal supplier base, and increase contracting opportunities for small business concerns. Promulgation of FAR regulations is authorized by 40 U.S.C. 121(c); 10 U.S.C. chapter 4 and 10 U.S.C. chapter 137 legacy provisions (see 10 U.S.C. 3016); and 51 U.S.C. 20113.

This proposed rule would impact small business contract awardees under certain existing multiple-award contracts, as well as small business concerns that anticipate becoming a contract awardee under certain multiple-award contracts. The impacts of this rule have not been realized yet; therefore, there is no data with which to accurately reflect the number of small entities to which this rule would apply. Instead, this rule has the potential to benefit any small entity looking to do business with the Government under certain multiple-award contracts. According to data from the System for Award Management (SAM), there are approximately 384,100 small entities currently registered in SAM to do business with the Government. This proposed rule has the potential to impact any number of these small entities, depending on several factors, including the following: the primary industry of the entity, the Government's future needs for products and services, and the entity's submission of proposals and offers for multiple-award contracts and the orders to be placed against those contracts.

The proposed rule would not impose any new reporting, recordkeeping, or other compliance requirements for small entities. The proposed rule does not duplicate, overlap, or conflict with any other Federal rules.

There are no known significant alternative approaches to the proposed rule that would accomplish the stated objectives of the rule and further minimize any significant economic impact of this proposed rule on small entities, as the economic impact is not anticipated to be significant.

The Regulatory Secretariat Division has submitted a copy of the IRFA to the Chief Counsel for Advocacy of the Small Business Administration. A copy of the IRFA may be obtained from the Regulatory Secretariat Division. DoD, GSA, and NASA invite comments from small business concerns and other interested parties on the expected impact of this proposed rule on small entities.

DoD, GSA, and NASA will also consider comments from small entities concerning the existing regulations in subparts affected by the rule in accordance with 5 U.S.C. 610. Interested parties must submit such comments separately and should cite 5 U.S.C. 610 (FAR Case 2023–011), in correspondence.

### VII. Paperwork Reduction Act

This rule does not contain any information collection requirements that require the approval of the Office of Management and Budget under the Paperwork Reduction Act (44 U.S.C. 3501–3521).

### List of Subjects in 48 CFR Parts 1, 7, 12, 16, 19, and 52

Government procurement.

**William F. Clark,**

*Director, Office of Government-wide Acquisition Policy, Office of Acquisition Policy, Office of Government-wide Policy.*

Therefore, DoD, GSA, and NASA propose amending 48 CFR parts 1, 7, 12, 16, 19, and 52 as set forth below:

■ 1. The authority citation for 48 CFR parts 1, 7, 12, 16, 19, and 52 continues to read as follows:

**Authority:** 40 U.S.C. 121(c); 10 U.S.C. chapter 4 and 10 U.S.C. chapter 137 legacy provisions (see 10 U.S.C. 3016); and 51 U.S.C. 20113.

### PART 1—FEDERAL ACQUISITION REGULATIONS SYSTEM

**1.102 [Amended]**

■ 2. Amend section 1.102 in paragraph (c) by removing "and procurement" and adding "procurement, and small business" in its place.

### PART 7—ACQUISITION PLANNING

■ 3. Amend section 7.104 by revising paragraph (d) to read as follows:

**7.104 General procedures.**

\* \* \* \* \*

(d)(1) The planner shall coordinate the acquisition plan or strategy with the cognizant small business specialist when the strategy contemplates an acquisition meeting the thresholds in 7.107–4 for substantial bundling unless the contract or task order or delivery order is totally set aside for small business under part 19.

(2) The small business specialist shall notify—

(i) The agency Office of Small and Disadvantaged Business Utilization or

the Office of Small Business Programs if the strategy involves—

(A) Bundling that is unnecessary or unjustified; or

(B) Bundled or consolidated requirements not identified as such by the agency (see 7.107); and

(ii) The Small Business Administration (SBA) procurement center representative (or if one is not assigned, see 19.402(a)), early in the acquisition process, if the strategy involves a multiple-award contract that meets the thresholds in 7.107–4 for substantial bundling, and the number of small business contract awardees is anticipated to be under 30 percent of all contract awardees.

* * * * *

■ 4. Amend section 7.105 by adding paragraphs (b)(1)(iii)(A) and (B) to read as follows:

### 7.105 Contents of written acquisition plans.

* * * * *

(b) * * *

(1) * * *

(iii) * * *

(A) When a multiple-award contract will not be totally or partially set aside for small business concerns or will not include a small business reserve (see 19.501(a)), the agency shall document the reason for this decision, including a description of the market research conducted. The agency shall coordinate the acquisition plan or strategy with the cognizant small business specialist.

(B) When contemplating the award of a multiple-award contract that is a long-term contract, as defined at 19.301–2(a), discuss the use of on-ramps during the period of performance of the contract (i.e., permitting small and large business concerns to become contract holders during the period of performance of the contract). If small businesses are expected to enter the market after the award of the contract, and the work anticipated to be performed under the contract is sufficient to provide meaningful opportunities for additional contract holders, the plan or strategy shall explain why on-ramps will not be included in the contract. If on-ramps are included in the contract, agencies are discouraged from using off-ramps to remove a contract awardee from a contract that was set aside for small business concerns because of a change in the awardee's size status, except where the awardee's size status changes because of a merger or acquisition.

* * * * *

### PART 12—ACQUISITION OF COMMERCIAL PRODUCTS AND COMMERCIAL SERVICES

■ 5. Amend section 12.207 by revising paragraph (b)(1)(i)(C) to read as follows:

### 12.207 Contract type.

* * * * *

(b)(1) * * *

(i) * * *

(C) The fair opportunity procedures in 16.505 (including small business set-asides under 16.505(b)(1)(i)(C)), if placing an order under a multiple-award delivery-order contract; and

* * * * *

### PART 16—TYPES OF CONTRACTS

■ 6. Amend section 16.505 by—

■ a. Adding paragraphs (a)(13) and (14);

■ b. In paragraph (b)(1)(i)(A), removing "or";

■ c. In paragraph (b)(1)(i)(B), removing the period at the end of the sentence and adding "; or" in its place;

■ d. Adding paragraph (b)(1)(i)(C);

■ e. Revising paragraph (b)(1)(ii)(A);

■ f. Removing paragraph (b)(2)(i)(F), and redesignating paragraph (b)(2)(i)(G) as paragraph (b)(2)(i)(F);

■ g. Revising paragraphs (b)(2)(ii) introductory text and (b)(2)(ii)(D)(5).

The additions and revisions read as follows:

### 16.505 Ordering.

(a) * * *

(13)(i) When placing an order against a multiple-award contract that has no or only one small business contract awardee, the contracting officer shall document—

(A) How the market research of small business contract awardees and small businesses, that are not contract holders on the multiple-award contract against which the order would be placed, and mission needs (e.g., price, schedule, technical and/or past performance of potential sources) informed the agency's basis for selecting the multiple-award contract to fulfill its needs; and

(B) The market research the agency conducted within the past 18 months, which may include the market research supporting the acquisition plan or strategy to establish a multiple-award contract or deciding to use another agency's multiple-award contract on a repetitive basis.

(ii) Contracting officers shall provide a copy of the documentation (see paragraph (a)(13)(i) of this section) to the cognizant small business specialist, in accordance with agency procedures, and ensure the specialist has a reasonable opportunity to respond.

(iii) The requirements of paragraph (a)(13) of this section do not apply—

(A) To orders under the Federal Supply Schedule;

(B) When an exception to fair opportunity applies;

(C) When an agency exception applies; or

(D) To repetitive orders, including orders placed using automated procedures, issued by an agency (i.e., when an order was issued by that agency under the same contract and that order was documented and coordinated within the prior 18 months in accordance with paragraph (a)(13) of this section).

(14) Agencies may establish procedures to allow contracting officers to exercise exceptions to paragraph (a)(13) or (b)(1)(i)(C) of this section. Agencies shall coordinate their procedures for granting exceptions with the Office of Small and Disadvantaged Business Utilization, or for the Department of Defense, the Director of the Office of Small Business Programs, and the Small Business Administration and make the procedures publicly available.

* * * * *

(b) * * *

(1) * * *

(i) * * *

(C) In accordance with section 1331 of Public Law 111–240 (15 U.S.C. 644(r)), contracting officers may, at their discretion, set aside an order for any of the small business concerns identified in 19.000(a)(3). When exercising this discretion, the contracting officer shall determine if there is a reasonable expectation of obtaining offers from two or more responsible small business contract awardees under the multiple-award contract that are competitive in terms of fair market price, quality, capability, ability to comply with the delivery or performance schedule, and past performance. If the contracting officer determines at least two small business contract awardees meet the criteria in this paragraph, the contracting officer shall set aside the order, unless the contracting officer determines that an exception applies (see paragraphs (a)(14) and (b)(2)(i) of this section).

(1) Unless an exception applies, contracting officers shall document the reason for not setting aside an order and provide it to the cognizant small business specialist in accordance with agency procedures. The small business specialist shall notify the SBA procurement center representative (PCR) (or if one is not assigned, see 19.402(a)) when the value of the order exceeds the dollar threshold negotiated between the agency and the PCR and reflected in agency procedures.

(2) Paragraph (b)(1)(i)(C) of this section shall also apply to existing multiple-award contracts awarded before [EFFECTIVE DATE OF FINAL RULE], to the extent that setting aside an order is consistent with the order placement procedures of the multiple-award contract and there is adequate time remaining on the multiple-award contract to permit small business contract awardees to fully perform or deliver under the contract.

(ii) * * *

(A) Develop placement procedures that will—

(1) Provide each awardee a fair opportunity to be considered for each order and that reflect the requirement and other aspects of the contracting environment; and

(2) Except for FSS contracts, allow for orders to be set aside for small business awardees when the conditions of paragraph (b)(1)(i)(C) of this section are met, (unless an exception applies in accordance with paragraph (a)(14) or (b)(2)(i) of this section).

* * * * *

(2) * * *

(ii) The justification for an exception to fair opportunity shall be in writing as specified in paragraph (b)(2)(ii)(A) or (B) of this section.

* * * * *

(D) * * *

(5) The posting requirement of this section does not apply when disclosure would compromise the national security (e.g., would result in disclosure of classified information) or create other security risks.

* * * * *

## PART 19—SMALL BUSINESS PROGRAMS

■ 7. Amend section 19.202–1 by revising paragraph (e)(1) introductory text to read as follows:

### 19.202–1 Encouraging small business participation in acquisitions.

* * * * *

(e)(1) Provide a copy of the proposed acquisition package and other reasonably obtainable information related to the acquisition to the SBA PCR (or, if a PCR is not assigned, see 19.402(a)) at least 30 days (or earlier as agreed upon by the agency and the SBA PCR) prior to the issuance of the solicitation if—

* * * * *

■ 8. Amend section 19.504 by revising paragraphs (a) introductory text and (a)(1) to read as follows:

### 19.504 Orders under multiple-award contracts.

(a) *General.* Contracting officers shall use their discretion under 15 U.S.C. 644(r) to set aside orders under multiple-award contracts for any of the small business concerns identified in 19.000(a)(3) when the circumstances at 16.505(b)(1)(i)(C) are met, except as provided in 8.405–5, when placing an order outside the United States and its outlying areas (19.000(b)(1)(ii)), or where an exception applies in accordance with 16.505(a)(14) or (b)(2)(i). In accordance with section 1331 of the Small Business Jobs Act of 2010 (15 U.S.C. 644(r)(2)), contracting officers may, at their discretion, set aside orders under the Federal Supply Schedule (see subpart 8.4) for any of the small business concerns identified in 19.000(a)(3).

(1) The contracting officer shall state in the solicitation and resulting contract that order set-asides will be mandatory when the conditions in 19.502–2 and 16.505(b)(1)(i)(C) are met at the time of order set-aside, and the specific program eligibility requirements, as applicable, are also then met.

* * * * *

### 19.505 [Amended]

■ 9. Amend section 19.505 in paragraph (a)(2)(iii) by removing "and 16.505(b)(2)(i)(F)" and adding "and 16.505(b)(1)(i)(C)" in its place.

### 19.506 [Amended]

■ 10. Amend section 19.506 in paragraph (a)(2) by removing "been used" and adding "been used (see 7.105(b)(1)(iii)(A))" in its place.

■ 11. Amend section 19.507 by revising paragraphs (c) and (e)(1) and paragraph (h)(1) introductory text to read as follows:

### 19.507 Solicitation provisions and contract clauses.

* * * * *

(c) The contracting officer shall insert the clause at 52.219–6, Notice of Total Small Business Set-Aside, in solicitations and contracts involving total small business set-asides. This includes multiple-award contracts when orders will be set aside for contract awardees that are any of the small business concerns identified in 19.000(a)(3), as described in 16.505(b)(1)(i)(C), and when orders may be set aside as described in 8.405–5. Use the clause at 52.219–6 with its Alternate I when including FPI in the competition in accordance with 19.502–7.

* * * * *

(e) * * *

(1) For supplies, services, and construction, if any portion of the requirement is to be set aside for small business and the contract amount is expected to exceed the simplified acquisition threshold, and in any solicitations and contracts that are set aside or awarded on a sole-source basis in accordance with subpart 19.8, 19.13, 19.14, or 19.15, regardless of dollar value. This includes multiple-award contracts when orders will be set aside for small business contract awardees, as described in 16.505(b)(1)(i)(C), and when orders may be set aside as described in 8.405–5, and when orders may be issued directly to a small business concern as described in 19.504(c)(1)(ii). For contracts that are set aside, the contracting officer shall indicate in paragraph (f) of the clause whether compliance with the limitations on subcontracting is required at the contract or order level;

* * * * *

(h)(1) The contracting officer shall insert the clause at 52.219–33, Nonmanufacturer Rule, in solicitations and contracts, including multiple-award contracts, when orders will be set aside for small business contract awardees as described in 16.505(b)(1)(i)(C), and when orders may be set aside as described in 8.405–5, and when orders may be issued directly to a small business concern as described in 19.504(c)(1)(ii), when—

* * * * *

### 19.1304 [Amended]

■ 12. Amend section 19.1304 in paragraph (b) by removing "16.505(b)(2)(i)(F) for discretionary" and adding "16.505(b)(1)(i)(C) for" in its place.

■ 13. Amend section 19.1309 by revising paragraph (a) to read as follows:

### 19.1309 Contract clauses.

(a) The contracting officer shall insert the clause at 52.219–3, Notice of HUBZone Set-Aside or Sole-Source Award, in solicitations and contracts for acquisitions that are set aside or awarded on a sole-source basis to, HUBZone small business concerns under 19.1305 or 19.1306. This includes multiple-award contracts when orders will be set aside for contract awardees that are HUBZone small business concerns as described in 16.505(b)(1)(i)(C), when orders may be set aside as described in 8.405–5, or when orders may be issued directly to one HUBZone small business concern in accordance with 19.504(c)(1)(ii).

* * * * *

**19.1404 [Amended]**

■ 14. Amend section 19.1404 in paragraph (b) by removing "16.505(b)(2)(i)(F) for discretionary" and adding "16.505(b)(1)(i)(C) for" in its place.

■ 15. Amend section 19.1408 by revising paragraph (a) to read as follows:

**19.1408 Contract clauses.**

(a) The contracting officer shall insert the clause at 52.219–27, Notice of Set-Aside for, or Sole-Source Award to, Service-Disabled Veteran-Owned Small Business (SDVOSB) Concerns Eligible Under the SDVOSB Program, in solicitations and contracts for acquisitions that are set aside or awarded on a sole-source basis to, service-disabled veteran-owned small business concerns under 19.1405 and 19.1406. This includes multiple-award contracts when orders will be set aside for contract awardees that are service-disabled veteran-owned small business concerns as described in 16.505(b)(1)(i)(C), when orders may be set aside as described in 8.405–5, or when orders may be issued directly to one service-disabled veteran-owned small business contractor in accordance with 19.504(c)(1)(ii).

\* \* \* \* \*

**19.1504 [Amended]**

■ 16. Amend section 19.1504 in paragraph (c) by removing "16.505(b)(2)(i)(F) for discretionary" and adding "16.505(b)(1)(i)(C) for" in its place.

■ 17. Amend section 19.1508 by revising paragraphs (a) and (b) to read as follows:

**19.1508 Contract clauses.**

(a) The contracting officer shall insert the clause at 52.219–29, Notice of Set-Aside for, or Sole-Source Award to, Economically Disadvantaged Women-owned Small Business Concerns, in solicitations and contracts for acquisitions that are set aside or awarded on a sole-source basis to, EDWOSB concerns under 19.1505(b) or 19.1506(a). This includes multiple-award contracts when orders will be set aside for contract awardees that are EDWOSB concerns as described in 16.505(b)(1)(i)(C), when orders may be set aside as described in 8.405–5, or when orders may be issued directly to one EDWOSB contractor in accordance with 19.504(c)(1)(ii).

(b) The contracting officer shall insert the clause at 52.219–30, Notice of Set-Aside for, or Sole-Source Award to, Women-Owned Small Business Concerns Eligible Under the Women-Owned Small Business Program, in solicitations and contracts for acquisitions that are set aside or awarded on a sole-source basis to WOSB concerns under 19.1505(c) or 19.1506(b). This includes multiple-award contracts when orders will be set aside for contract awardees that are WOSB concerns eligible under the WOSB Program as described in 16.505(b)(1)(i)(C), when orders may be set aside as described in 8.405–5, or when orders may be issued directly to one WOSB contractor in accordance with 19.504(c)(1)(ii).

\* \* \* \* \*

**PART 52—SOLICITATION PROVISIONS AND CONTRACT CLAUSES**

■ 18. Amend section 52.212–5 by—
■ a. Revising the date of the clause;
■ b. Removing from paragraph (b)(15) "OCT 2022" and adding "DATE" in its place;
■ c. Removing from paragraph (b)(18)(i) "NOV 2020" and adding "DATE" in its place;
■ d. Removing from paragraph (b)(23) "OCT 2022" and adding "DATE" in its place;
■ e. Removing from paragraph (b)(25) "FEB 2024" and adding "DATE" in its place;
■ f. Removing from paragraphs (b)(27) and (28) "OCT 2022" and adding "DATE" in their places, respectively; and
■ g. Removing from paragraph (b)(30) "SEP 2021" and adding "DATE" in its place.

The revision reads as follows:

**52.212–5 Contract Terms and Conditions Required To Implement Statutes or Executive Orders—Commercial Products and Commercial Services.**

\* \* \* \* \*

Contract Terms and Conditions Required To Implement Statutes or Executive Orders— Commercial Products and Commercial Services (DATE)

\* \* \* \* \*

■ 19. Amend section 52.219–3 by revising the date of the clause and paragraph (b)(3) to read as follows:

**52.219–3 Notice of HUBZone Set-Aside or Sole-Source Award.**

\* \* \* \* \*

Notice of HUBZone Set-Aside or Sole-Source Award (DATE)

\* \* \* \* \*

(b) \* \* \*

(3) Orders set aside for contract awardees that are HUBZone small business concerns under multiple-award contracts as described in 8.405–5 and 16.505(b)(1)(i)(C); and

\* \* \* \* \*

■ 20. Amend section 52.219–6 by revising the date of the clause and paragraph (b)(2) to read as follows:

**52.219–6 Notice of Total Small Business Set-Aside.**

\* \* \* \* \*

Notice of Total Small Business Set-Aside (DATE)

\* \* \* \* \*

(b) \* \* \*

(2) Orders set aside for contract awardees that are small business concerns under multiple-award contracts as described in 8.405–5 and 16.505(b)(1)(i)(C).

\* \* \* \* \*

■ 21. Amend section 52.219–14 by—
■ a. Revising the date of the clause and paragraph (c)(4)(i); and
■ b. In paragraph (c)(5)(i) removing "16.505(b)(2)(i)(F)" and adding "16.505(b)(1)(i)(C)" in its place.

The revisions read as follows:

**52.219–14 Limitations on Subcontracting.**

\* \* \* \* \*

Limitations on Subcontracting (DATE)

\* \* \* \* \*

(c) \* \* \*
(4) \* \* \*

(i) Set aside for contract awardees that are small business concerns under multiple-award contracts, as described in 8.405–5 and 16.505(b)(1)(i)(C); or

\* \* \* \* \*

■ 22. Amend section 52.219–27 by revising the date of clause and paragraph (b)(3) to read as follows:

**52.219–27 Notice of Set-Aside for, or Sole-Source Award to, Service-Disabled Veteran-Owned Small Business (SDVOSB) Concerns Eligible Under the SDVOSB Program.**

\* \* \* \* \*

Notice of Set-Aside for, or Sole-Source Award to, Service-Disabled Veteran-Owned Small Business (SDVOSB) Concerns Eligible Under the SDVOSB Program (DATE)

\* \* \* \* \*

(b) \* \* \*

(3) Orders set aside for contract awardees that are SDVOSB concerns eligible under the SDVOSB Program, under multiple-award contracts as described in 8.405–5 and 16.505(b)(1)(i)(C); and

\* \* \* \* \*

■ 23. Amend section 52.219–29 by revising the date of clause and paragraph (b)(3) to read as follows:

**52.219–29 Notice of Set-Aside for, or Sole-Source Award to, Economically Disadvantaged Women-Owned Small Business Concerns.**

\* \* \* \* \*

Notice of Set-Aside for, or Sole-Source Award to, Economically Disadvantaged Women-Owned Small Business Concerns (DATE)

\* \* \* \* \*

(b) * * *

(3) Orders set aside for contract awardees that are EDWOSB concerns under multiple-award contracts as described in 8.405–5 and 16.505(b)(1)(i)(C); and

\* \* \* \* \*

■ 24. Amend section 52.219–30 by revising the date of clause and paragraph (b)(3) to read as follows:

**52.219–30 Notice of Set-Aside for, or Sole-Source Award to, Women-Owned Small Business Concerns Eligible Under the Women-Owned Small Business Program.**

\* \* \* \* \*

Notice of Set-Aside for, or Sole-Source Award to, Women-Owned Small Business Concerns Eligible Under the Women-Owned Small Business Program (DATE)

\* \* \* \* \*

(b) * * *

(3) Orders set aside for contract awardees that are WOSB concerns eligible under the WOSB Program, under multiple-award contracts as described in 8.405–5 and 16.505(b)(1)(i)(C); and

\* \* \* \* \*

■ 25. Amend section 52.219–33 by—
■ a. Revising the date of the clause and paragraph (b)(2)(iii)(A); and
■ b. In paragraph (b)(2)(iv)(A) removing "16.505(b)(2)(i)(F)" and adding "16.505(b)(1)(i)(C)" in its place.

The revisions read as follows:

**52.219–33 Nonmanufacturer Rule.**

\* \* \* \* \*

Nonmanufacturer Rule (DATE)

\* \* \* \* \*

(b) * * *
(2) * * *
(iii) * * *

(A) Set aside for contract awardees that are small business concerns under multiple-award contracts, as described in 8.405–5 and 16.505(b)(1)(i)(C); or

\* \* \* \* \*

[FR Doc. 2025–00615 Filed 1–14–25; 8:45 am]
**BILLING CODE 6820–EP–P**

**DEPARTMENT OF DEFENSE**

**GENERAL SERVICES ADMINISTRATION**

**NATIONAL AERONAUTICS AND SPACE ADMINISTRATION**

**48 CFR Part 16**

[FAR Case 2024–007, Docket No. FAR–2024–0007, Sequence No. 1]

**RIN 9000–AO76**

**Federal Acquisition Regulation: Protests of Orders Under Certain Multiple-Award Contracts**

**AGENCY:** Department of Defense (DoD), General Services Administration (GSA), and National Aeronautics and Space Administration (NASA).
**ACTION:** Proposed rule.

**SUMMARY:** DoD, GSA, and NASA are proposing to amend the Federal Acquisition Regulation (FAR) to clarify protest rights for orders set aside under certain multiple-award contracts.
**DATES:** Interested parties should submit written comments to the Regulatory Secretariat Division at the address shown below on or before March 17, 2025, to be considered in the formation of the final rule.
**ADDRESSES:** Submit comments in response to FAR Case 2024–007 to the Federal eRulemaking portal at *https://www.regulations.gov* by searching for "FAR Case 2024–007". Select the link "Comment Now" that corresponds with "FAR Case 2024–007". Follow the instructions provided on the "Comment Now" screen. Please include your name, company name (if any), and "FAR Case 2024–007" on your attached document. If your comment cannot be submitted using *https://www.regulations.gov*, call or email the points of contact in the **FOR FURTHER INFORMATION CONTACT** section of this document for alternate instructions.

*Instructions:* Please submit comments only and cite "FAR Case 2024–007" in all correspondence related to this case. Comments received generally will be posted without change to *https://www.regulations.gov*, including any personal and/or business confidential information provided. Public comments may be submitted as an individual, as an organization, or anonymously (see frequently asked questions at *https://www.regulations.gov/faq*). To confirm receipt of your comment(s), please check *https://www.regulations.gov*, approximately two to three days after submission to verify posting.
**FOR FURTHER INFORMATION CONTACT:** For clarification of content, contact Ms. Carrie Moore, Procurement Analyst, at 571–300–5917 or by email at *carrie.moore@gsa.gov*. For information pertaining to status, publication schedules, or alternate instructions for submitting comments if *https://www.regulations.gov* cannot be used, contact the Regulatory Secretariat Division at 202–501–4755 or *GSARegSec@gsa.gov*. Please cite FAR Case 2024–007.
**SUPPLEMENTARY INFORMATION:**

**I. Background**

DoD, GSA, and NASA are proposing to revise the FAR to clarify protest rights, in accordance with existing statute and regulations, when an order is or is not set aside. This includes whether the action was taken in accordance with the policy proposed in FAR Case 2023–011, Small Business Participation on Certain Multiple-Award Contracts, published at XX FR XXX, on January XX, 2025.

To increase small business opportunities and maximize their participation on multiple-award contracts, FAR Case 2023–011 proposes guidance for contracting officers regarding how to exercise the statutory grant of discretion to set aside an order for a small business under a multiple-award contract. Under that proposed rule, if the contracting officer determines that there is a reasonable expectation of obtaining offers from two or more responsible small business awardees that are competitive in terms of various criteria under the applicable multiple-award contract, then the order should be set aside for small business. This proposed rule for FAR Case 2024–007 clarifies that the proposed rule for FAR Case 2023–011 does not alter the existing statutory grant of discretion to agencies as to whether or not to set aside an order. The proposed rule for FAR Case 2023–011, if finalized, cannot alter the existing protest rights in connection with the issuance or proposed issuance of an order under a multiple-award contract. (See FAR 16.505(a)(10), 41 U.S.C. 4106, and 10 U.S.C. 3406.)

**II. Discussion and Analysis**

This proposed rule adds clarifying text to FAR part 16 to specify that a contracting officer's decision to set aside or not set aside an order under a multiple-award contract is not grounds for protest.

Specifically, under 15 U.S.C. 644(r), Federal agencies, and contracting officers acting on behalf of those agencies, are granted discretion as to whether to set aside an order under a multiple-award contract for small