# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

Nicole Stewart, Pro Se

Plaintiff,

Lynette T. Stevenson, Pro Se

Intervenor,

v.

# U.S. Department of Agriculture, Small Business Administration, et al., Defendants.

**Case No.:** 2:20-cv-00041-DCLC-CRW
**Referral:** Magistrate Judge Cynthia R. Wyrick
**Judge:** Clifton L. Corker

# PLAINTIFFS' MOTION FOR IMMEDIATE FINANCIAL REPARATIONS AND INJUNCTIVE RELIEF

**To the Honorable Magistrate Judge Cynthia R. Wyrick:**

Lynette T. Stevenson, Pro Se, and Nicole Stewart, Pro Se, respectfully move this Court to grant immediate financial reparations and injunctive relief under **Rule 65 of the Federal Rules of Civil Procedure** to address Defendants' systemic violations of procurement laws, constitutional protections, and administrative procedures. Plaintiffs seek to halt ongoing harm and obtain compensation for the documented financial losses caused by Defendants' actions.

Plaintiffs request that this Court:

1. **Order Immediate Financial Reparations** in the amount of $20 million to compensate for financial losses caused by Defendants' noncompliance with federal laws and constitutional obligations.
2. **Enjoin Defendants** from continuing to award contracts and allocate funds in violation of the **Rule of Two**, as required by FAR 19.502-2(b) and affirmed in *Kingdomware Technologies, Inc. v. United States*, 136 S. Ct. 1969 (2016).
3. **Order Corrective Action** requires Defendants to reevaluate Plaintiffs' eligibility for missed opportunities, including but not limited to the SBA 8(a) program and CDFI

certification, and provide expedited access to set-aside contracts and financial assistance programs for which Plaintiffs are qualified.

4. Schedule an **emergency hearing** to address this motion and the urgent financial harm suffered by Plaintiffs.

This motion is supported by the attached **Memorandum of Law**, declarations, and documentary evidence detailing the harm suffered by Plaintiffs and the legal and factual basis for the requested relief.

# MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR IMMEDIATE FINANCIAL REPARATIONS AND INJUNCTIVE RELIEF

*1. Introduction*

Plaintiffs Lynette T. Stevenson and Nicole Stewart bring this motion seeking immediate financial reparations and injunctive relief to address Defendants' systemic violations of procurement laws, constitutional protections, and administrative procedures.

- **Lynette T. Stevenson**, owner of **DALS Credit Solutions Co.**, and
- **Nicole Stewart**, former owner of **Aneu Strategies Group, Inc.**,

have been directly harmed by Defendants' failure to enforce the **Rule of Two**, improper diversion of set-aside contracts, and arbitrary denials of certifications and funding.

Defendants' actions have caused Plaintiffs to lose over **$40 million in documented financial opportunities**, including:

- Missed federal contract opportunities under FAR 19.502-2(b),
- Denials of critical certifications (e.g., SBA 8(a) and CDFI programs), and
- Diversion of set-aside contracts to non-mandatory Alaskan Native Corporations (ANCs) in violation of procurement laws.

Without immediate financial reparations, Plaintiffs face irreparable harm, including the collapse of their businesses, loss of livelihood, and ongoing exclusion from federal contracting opportunities.

*2. Factual Background – The Clear Narrative*

Plaintiffs submit the following timeline and details to demonstrate the systemic harm caused by Defendants' actions.

*Timeline of Key Events*

1. **January 2021 – USDA Farm Production and Conservation Contract (FPAC):**
   a. Plaintiffs applied for a **$5 million set-aside contract** under FAR 19.502-2(b).
   b. The contract was improperly awarded as a sole-source contract to a non-mandatory Alaskan Native Corporation, bypassing the mandatory application of the Rule of Two.
   c. Plaintiffs submitted correspondence to the USDA's contracting officer requesting clarification but received no substantive response.
2. **February 2021 – Email from Sandra Zwiener (USCIS Contracting Officer):**
   a. Lynette T. Stevenson emailed the contracting officer to request fair consideration for the IV/V contract, citing compliance with FAR 19.502-2(b) and Plaintiffs' technical and financial capacity to fulfil the contract.
   b. The contract was ultimately awarded to a larger entity, excluding Plaintiffs.
3. **April 2022 – GSA Schedule Contract Denial:**
   a. Plaintiffs applied for inclusion on the GSA Schedule but were denied without explanation, even though their application met all requirements.
4. **May 2023 – Denial of CDFI Certification:**
   a. Plaintiff, Lynette T. Stevenson submitted her CDFI certification application to the Department of Treasury.
   b. Despite submitting all required documents and meeting eligibility standards, The Plaintiff was denied certification, preventing her from accessing critical funding.
5. **November 2024 – Motion for Intervention Denied:**
   a. Plaintiffs filed a motion to intervene in this case to address ongoing systemic inequities but were denied due to procedural grounds (lack of representation), despite providing extensive evidence of harm.

*Harm to Plaintiffs*

- **Financial Losses**: Plaintiffs' exclusion from these opportunities has resulted in documented financial harm exceeding $40 million, including $5 million from the USDA FPAC contract alone.
- **Damage to Reputation**: Plaintiffs' inability to secure federal contracts has negatively impacted on their credibility in the marketplace.
- **Irreparable Harm**: Plaintiffs face operational disruptions, loss of competitive standing, and diminished access to future opportunities.

### 3. Legal Grounds for Relief

## How Plaintiffs Meet the Rule of Two

### A. Plaintiffs' Businesses Are Qualified Small Businesses

Both Lynette T. Stevenson's **DALS Credit Solutions Co.** and Nicole Stewart's **Aneu Strategies Group, Inc.** meet the SBA's definition of a small business under the relevant North American Industry Classification System (NAICS) codes applicable to their industries. Specifically:

- **DALS Credit Solutions Co.** specializes in financial consulting and IT services and has consistently met SBA's size standards under NAICS codes 541219 (Other Accounting Services) and 541512 (Computer Systems Design Services).
- **Aneu Strategies Group, Inc.** was a small business specializing in project management and government procurement consulting under NAICS code 541611 (Administrative Management and General Management Consulting Services), 541512 (Computer Systems Design Services), 541519 (Other profession, technical consulting).

Both businesses have consistently certified their eligibility as small businesses for federal contracting opportunities.

### B. Plaintiffs Have the Technical and Financial Capacity to Perform Federal Contracts

1. **Technical Capabilities**:
    a. **DALS Credit Solutions Co.** holds **CMMC Level 1 certification** and a **SPRS score of 88**, demonstrating its compliance with cybersecurity and technical standards required for federal contractors. Additionally, the company has a proven track record of delivering financial solutions and IT services in a secure, efficient, and compliant manner.
    b. **Aneu Strategies Group, Inc., held several IT certifications.** ASG's breadth of expertise in enterprise system integration, application development, IT support, compliance audits, and technology consulting made it a highly capable partner for federal contracts. Its focus on innovation, compliance, and client satisfaction ensured ASG was well-equipped to meet the needs of complex government projects.

2. **Financial Capacity:**
   a. Both businesses have established financial stability, including access to necessary resources, credit, and staff to execute federal contracts successfully. **DALS Credit Solutions Co.**, for example, has managed contracts valued at up to $5 million and continues to demonstrate financial health despite ongoing exclusionary practices.

## *C. Plaintiffs Are Competitive on Pricing*

Both businesses are committed to offering services and solutions at **fair market prices**, ensuring compliance with FAR standards and achieving cost savings for federal agencies. Plaintiffs' pricing structures are competitive with or superior to those of other small business contractors, including **Alaskan Native Corporations (ANCs)** that have historically been favored in similar procurement scenarios.

## *D. Plaintiffs Have Demonstrated Interest and Readiness to Compete*

Both Plaintiffs have actively participated in federal procurement opportunities, submitting bids and applications on a range of contracts, including but not limited to:

1. **USDA's Farm Production and Conservation Contract (FPAC):** Plaintiffs were denied a $5 million set-aside contract despite meeting all qualifications under FAR 19.502-2(b).
2. **SBA 8(a) Program Direct Awards:** Multiple opportunities were diverted to ANCs in violation of the Rule of Two, causing measurable financial harm.
3. **Treasury Department CDFI Certification:** Plaintiffs submitted all required documentation to qualify for financial assistance, but their applications were arbitrarily denied or delayed.

In each instance, Plaintiffs demonstrated their readiness and ability to fulfill the contract requirements, further proving that the Rule of Two should have applied.

## *E. Federal Agencies Ignored the Rule of Two*

Despite meeting all criteria under FAR 19.502-2(b), Plaintiffs were excluded from set-aside opportunities. For example:

- The **USDA awarded contracts as sole-source awards to non-mandatory Alaskan Native Corporations** without first applying the Rule of Two. This violated FAR

standards and the Supreme Court's decision in *Kingdomware Technologies, Inc. v. United States*.
- Plaintiffs were excluded from competitive consideration in small business procurements, including the Treasury Department's **CDFI program**, despite meeting eligibility requirements and providing all necessary documentation.

### *Plaintiffs Meet the Rule of Two and Were Improperly Excluded*

Under FAR 19.502-2(b), federal contracting opportunities must be set aside for small businesses if there is a reasonable expectation that two or more responsible small businesses will submit offers, and the award can be made at a fair market price. Plaintiffs meet this standard because:

1. Plaintiffs' businesses qualify as small businesses under the relevant NAICS codes.
2. Both businesses possess the technical capabilities, financial resources, and proven track records to perform federal contracts.
3. Plaintiffs have actively sought federal contracting opportunities and submitted competitive bids, demonstrating their readiness and interest in participating.
4. Plaintiffs' pricing structures meet or exceed FAR standards for fair market pricing.

Despite these qualifications, Defendants improperly awarded contracts as sole-source awards to non-mandatory Alaskan Native Corporations, bypassing the mandatory application of the Rule of Two. This exclusion has caused significant financial harm to Plaintiffs, including the loss of over $40 million in documented contract opportunities.

### *4. Hearing Request*

Under **Rule 16 of the Federal Rules of Civil Procedure**, Plaintiffs request an expedited hearing to address this motion. An expedited hearing is necessary because Plaintiffs face **immediate and irreparable harm** to their businesses, including ongoing financial losses, exclusion from federal opportunities, and operational instability.

Plaintiffs respectfully request that the Court schedule a hearing within **seven (7) days** or at the earliest practicable date to ensure that this matter is addressed promptly.

### *5. Relief Requested*

Plaintiffs respectfully request that this Court:

1. **Order Immediate Financial Reparations** in the amount of $20 million to compensate for documented financial damage caused by Defendants' violations.
2. **Enjoin Defendants** from awarding contracts in violation of the Rule of Two and diverting set-aside contracts to ANCs without proper justification.
3. **Order Corrective Action** to:
    a. Expedite Plaintiffs' SBA 8(a) and CDFI applications,
    b. Re-evaluate missed contracting opportunities, and
    c. Provide Plaintiffs with access to federal programs.
4. **Schedule an Emergency Hearing** within seven (7) days.

## Supporting Evidence and Exhibits

Plaintiffs will submit the following supporting documents as exhibits:

- Emails and correspondence with contracting officers (e.g., USDA and USCIS),
- Evidence of contract bids and denials,

## 6. Conclusion

Plaintiffs appreciate the Court's attention to this matter and urge prompt action to address the systemic inequities and financial harm detailed herein.

Respectfully submitted,

/s/ Lynette T. Stevenson, Pro Se

*[signature]*

5767 Albany Green
Westerville, Ohio 43081
(717) 421-1445
LS@dalscreditsolutions.com


/s/ Nicole Stewart, Pro Se

*[signature]*

1418 N. Cass St.
Milwaukee, WI 53202
(414) 366-2067
neiko@neikostewart.com