UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | | |
|---|---|---|
| ULTIMA SERVICES CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF AGRICULTURE, et al.,<br><br>Defendants. | ) | 2:20-CV-00041-DCLC-CRW |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Plaintiff Ultima Services Corporation's Motion for Additional Equitable Relief [Doc. 93]. Defendants responded in opposition [Doc. 94], and briefing closed on September 29, 2023. Since the close of briefing, the Small Business Administration has repealed by regulation the rebuttable presumption this Court enjoined, and the administrative processes the motion sought to constrain no longer exist. The Court reserved ruling on any further remedy [Doc. 86 at 41] and ordered briefing on the question [Doc. 92]. Having considered the parties' submissions and the intervening repeal of the rebuttable presumption, the Court concludes that no further remedy is necessary. The violation the Court identified has been fully remedied, and the reserved question requires no further ruling. Therefore, the motion is **DENIED AS MOOT**.

**BACKGROUND**

On July 19, 2023, the Court held that Defendants' use of the rebuttable presumption of social disadvantage in the SBA's 8(a) Business Development Program violated Plaintiff's right to equal protection under the Fifth Amendment, and enjoined Defendants from "using the rebuttable

presumption of social disadvantage in administering Defendant SBA's 8(a) program" [Doc. 86 at 41]. *Ultima Servs. Corp. v. U.S. Dep't of Agric.*, 683 F. Supp. 3d 745, 774 (E.D. Tenn. 2023). Defendants filed a Notice of Compliance on August 29, 2023 [Doc. 88]. After a hearing, the Court ordered briefing on any further equitable relief [Doc. 92].

Plaintiff's motion seeks four categories of relief: (1) a declaration that the existing injunction (a) bars Defendants from exercising options or making similar modifications on 8(a) contracts held by participants admitted under the presumption, and (b) bars the SBA from applying a shortened or less rigorous review to narratives of social disadvantage submitted by such participants; (2) an injunction barring use of the 8(a) Program in the administrative and technical support industry; (3) appointment of a monitor or public disclosure of the social disadvantage narratives; and (4) an interim halt to contract approvals and to the SBA's review of narratives pending resolution of the motion [Doc. 93-1 at 13].

**INTERVENING EVENTS**

The Court takes judicial notice of the following, each of which is a matter of public record not subject to reasonable dispute. Fed. R. Evid. 201(b)(2); 44 U.S.C. § 1507.

On November 25, 2025, the Department of Justice notified the Speaker of the House, pursuant to 28 U.S.C. § 530D, that it had concluded the rebuttable presumption is unconstitutional and would no longer defend it in court.

On June 11, 2026, the SBA published a notice of proposed rulemaking to remove the presumption from its regulations. 91 Fed. Reg. 35433 (June 11, 2026). Following a comment period, the SBA published a final rule on August 11, 2026. *Reforms to 13 CFR 124.103 To Remove*

*SBA's 8(a) Program's Rebuttable Presumption of Social Disadvantage for Individually Owned Firms Only; Reforms Do Not Impact Entity-Owned Firms*, 91 Fed. Reg. 51568 (Aug. 11, 2026).

The rule took effect September 10, 2026. The SBA identified this litigation as the occasion for the rule. The preamble recounts that a small business not entitled to the presumption challenged it in this District, that the Court held the presumption violated the right to equal protection, and that the Court enjoined SBA from continuing to use it in administering the program, citing this Court's decision by name. *Id.* (citing *Ultima Servs. Corp. v. U.S. Dep't of Agric.*, 683 F. Supp. 3d 745, 774 (E.D. Tenn. 2023)). SBA described the rule as amending its regulations "to align the Section 8(a) Business Development Program . . . with constitutional requirements and the law," and stated that it agrees that the rebuttable presumption is unconstitutional.

The rule removes 13 C.F.R. § 124.103(b) in its entirety, along with § 124.103(d), the mechanism by which groups could be added to its coverage. In their place, the SBA adopted a standard available to any individual American citizen regardless of race, ethnicity, or sex. The rule also supersedes the individualized narrative process formerly set out at § 124.103(c), which was the process whose application to formerly presumed participants is the subject of Plaintiff's motion. The rule does not alter the eligibility of entity-owned participants, which the parties have agreed were unaffected by the July 19, 2023, injunction.

## ANALYSIS

### A. Mootness

Article III confines the judicial power to live cases and controversies. *Buchholz v. Meyer Njus Tanick, PA*, 946 F.3d 855, 860 (6th Cir. 2020) (quoting U.S. CONST. ART. III, § 2). A matter

becomes moot when it is impossible for a court to grant effectual relief to the party invoking its jurisdiction. *Church of Scientology v. United States*, 506 U.S. 9, 12 (1992). Mootness is jurisdictional, and the Court is required to address it whether or not a party raises it.

**B. Each request for relief is moot**

Plaintiff's first request asks the Court to construe the July 19, 2023, injunction. The contracts at issue were awarded before July 19, 2023. Three years have elapsed, and any option exercised today would arise under a regulatory framework that no longer contains the presumption. As to the rigor of the SBA's review of social disadvantage narratives, the narrative process under former § 124.103(c) has been superseded, and the one-time review of participants admitted under the presumption is complete. There is no ongoing conduct for the Court's construction to govern.

Plaintiff's second request seeks an injunction barring use of the 8(a) Program in the administrative and technical support industry. That is prospective relief, and prospective relief requires a likelihood of future injury. The injury the Court identified was the imposition of a race-based barrier at the application stage [Doc. 86 at 15-17]. That barrier has now been definitively removed: first by this Court's injunction, and now by repeal of the regulation that created it. That conclusion follows from the authority on which the Court relied at the outset, as under *Vitolo v. Guzman*, 999 F.3d 353, 359 (6th Cir. 2021), an equal protection plaintiff is afforded relief when "the playing field in qualifying for the [program] would be 'leveled.'" The playing field is now definitively level, as Plaintiff may now apply to the 8(a) Program on the same terms as any other applicant, and the Court has identified no constitutional defect in the program apart from the presumption.

Plaintiff's third request seeks a monitor to review the SBA's certification of formerly presumed participants, or public disclosure of their narratives. Neither is available: the certifications at issue were completed years ago, and the narratives Plaintiff would have disclosed are no longer required under the current regulation.

Plaintiff's fourth request, for an interim halt, was by its own terms limited to the pendency of this motion.

### C. Voluntary cessation does not preserve the controversy

A defendant's voluntary cessation of challenged conduct moots a claim only if it is "absolutely clear the allegedly wrongful behavior could not reasonably be expected to recur." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). Repeal of a challenged enactment ordinarily satisfies that standard absent a reasonable expectation of reenactment. *Brandywine, Inc. v. City of Richmond*, 359 F.3d 830, 836 (6th Cir. 2004). That standard is satisfied here. The SBA did not merely decline to enforce the presumption; it repealed the regulation, through notice-and-comment rulemaking, after publishing a proposed rule and receiving comment. The Department of Justice has advised Congress that the presumption is unconstitutional and that it will not be defended. The SBA has stated that it agrees. Meanwhile, the presumption has gone unused for three years, and this Court's injunction remains in force. Any attempt to revive the presumption would not merely invite a new lawsuit, but would violate the existing order of this Court. An agency that has stated in the Federal Register that it removed a regulation because a federal court held it unconstitutional, and that it agrees with that holding, has done more than cease the challenged conduct. The SBA has foreclosed, on its own public record,

any reasonable expectation that the conduct will resume. The Court is satisfied that the conduct at issue cannot reasonably be expected to recur.

### D. The July 19, 2023, injunction remains in effect

Nothing in this Order disturbs the injunction entered on July 19, 2023, which remains in full force. Neither party has moved to dissolve or modify it, and the Court declines to do so on its own. *Cf.* Fed. R. Civ. P. 60(b)(5).

## CONCLUSION

Plaintiff's Motion for Additional Equitable Relief [Doc. 93] is **DENIED AS MOOT**, and the Court's reservation of ruling on any further remedy [Doc. 86 at 41] is **DISCHARGED**, as no further remedy is warranted. As this resolves all pending matters, the Clerk is **DIRECTED** to close the case.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge